David A. Riggi, Esq.
7900 W. Sahara Ave. Suite 100
Las Vegas, NV 89117
Ph.:     1-702-463-7777
Fax.:    1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No. 25-10341-NMC |
| | ) |
| NUMALE CORPORATION, | ) Chapter 11 |
| | ) |
| Debtor in Possession. | ) DATE:  OST |
| | ) |
| | ) TIME:  OST |

### MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B)

NuMale Corporation ("NM Corp" or "Debtor"), by and through Riggi Law Firm, hereby respectfully submits this motion ("Motion") for entry of an order directing joint administration of the Debtor's above-captioned Chapter 11 case (the "Chapter 11 Case"), and the cases of its six affiliates – Feliciano MuMale Nevada PLLC ("Feliciano Nevada"), NuMedical SC ("NuMedical"), NuMale Colorado ("NuMale Colorado"), NuMale Florida PLLC ("NuMale Florida"), NuMale Nebraska LLC ("NuMale Nebraska") and NuMale New Mexico SC ("NuMale New Mexico") -- (together with this Chapter 11 Case, the "Chapter 11 Cases"), under Bankruptcy Rules 1015(b) and Local Rule 1015(g). Debtor further requests that the Court maintain one file and one docket for Chapter 11 Cases under case number 25-10341-NMC assigned to the Chapter 11 Case of Debtor NuMale Corporation ("Lead Case"). A substantially similar motion has been filed in each of the other Chapter 11 Cases.

This Motion is made and based upon the following Memorandum of Points and Authorities, the *Declaration of Brad Palubicki in Support of Motion for Order Directing Joint Administration of*

*Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(B)* ("*Palubicki Decl.*") filed concurrently herewith, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor continues to manage its property as debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108.

3. Pursuant to Local Rule 9014.2, Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

4. The authoritative basis for the Motion is Bankruptcy Rule 1015(b) and Local Rule 1015(g).

## II. BACKGROUND

5. On January 22, 2025 ("Petition Date"), a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by MuMale Corporation, thereby commencing Case 25-10341-NMC. It is proposed that the NuMale Corporation's chapter 11 shall be the Lead Case.

6. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by Feliciano Nevada, thereby commencing Case No. 25-10342-NMC.

7. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMedical, thereby commencing Case No. 25-10343-NMC.

8. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMale Colorado, thereby commencing Case No. 25-10344-NMC.

9. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMale Florida, thereby commencing Case No. 25-10345-NMC.

10. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMale Nebraska, thereby commencing Case No. 25-10346-NMC.

11. Also on the Petition Date but after NuMale Corporation's filing, a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMale New Mexico, thereby commencing Case No. 25-10347-NMC.

12. The Debtors in the Chapter 11 Cases are affiliates. The term "affiliate" means—

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. . .

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor….

11 U.S.C. 101(2)

Feliciano Nevada's 100% owner, Dr. Carlos Feliciano, owns 38.37 percent of NuMale Corporation, thus exceeding the 20 percent threshold necessary for Feliciano Nevada to indirectly own or control to be an affiliate of NuMale Corporation. Dr. Carlos Feliciano is 100% of the five other entities that are part of the proposed affiliation, thus fulfilling the definition of bankruptcy affiliate for these. *See Palubicki*

3

*Decl*. ¶ 3. Of course, although some of the affiliates are not doing in business in Nevada and are not Nevada registered companies, because they were affiliated with NuMale Corporation, a Nevada company doing business in Nevada, at the time of their filing, there is jurisdiction by this court over all seven entities. 28 U.S.C. 1408.

13. Accordingly, Debtor and its affiliates anticipate that most motions, applications, and hearings will affect each Debtor affiliate, and joint administration will promote the economical and efficient administration of the cases. Accordingly, joint administration will significantly reduce the cost of administration of the Chapter 11 Cases, including the costs of serving notices. *See Palubicki Decl*., ¶ 4.

14. Debtors are only seeking joint administration for procedural purposes and are not presently requesting that the Chapter 11 Cases be substantively consolidated. Therefore, joint administration will not impair creditors' rights to recovery from the assets of any particular Debtor, and will not otherwise adversely affect any creditor or other party in interest. *See id*., ¶ 5.

15. Joint administration of the Chapter 11 Cases is in the best interest of the Debtors, their creditors, this Bankruptcy Court, and all other interested parties. Accordingly, Debtors requests that the Bankruptcy Court jointly-administer the Chapter 11 Cases, maintain one file and one docket for the Chapter 11 Cases under the Lead Case, NuMale Corporation. *See id*., ¶ 6.

### III. REQUESTED RELIEF

16. Joint administration of the Chapter 11 Cases is in the best interest of Debtors, their creditors, this Court, and all other interested parties. Accordingly, Debtors request that the Court jointly-administer the Chapter 11 Cases, maintain one file and one docket for the Chapter 11 Cases under the Lead Case.

## IV. **LEGAL ARGUMENT**

17. Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of estates when two or more petitions are pending in the same court by a debtor and an affiliate. See Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ("If a joint petition or two or more petitions are pending in the same court by or against ... (4) a debtor and an affiliate, the court may order a joint administration of the estates.").

18. A bankruptcy court can avoid any potential prejudice to creditors created by joint administration of affiliated cases by entering orders as may tend to avoid unnecessary costs and delay. See Bankruptcy Rule 1015(c). "Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *In re McKenzie Energy Corp*. 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) (citing *Unsecured Creditors Committee v. Leavitt Structural Tubing Co*., 55 B.R. 710 (N.D. 111. 1985), aff'd, 796 F.2d 477 (7th Cir. 1986)). The efficiency and utility of permitting joint administration of related cases is widely recognized. See, e.g., *In re American Wagering, Inc*., 493 F.3d 1067, 1070 (9th Cir. 2007); In re Reider, 31 F.3d 1102, 1109 (11th Cir. 1994); *In re Geneva Steel, LLC*, 389 B.R. 231, 236 (Bankr. D. Utah 2008); *In re PL Liquidation Corp*., 305 B.R. 629, 632 (Bankr. D. Del. 2004). The relief requested herein is also commonly granted in this district. See *In re Jerry's Nugget, Inc*., Case No.l2-19387-mkn, ECF No. 48 (Bankr. D. Nev. August 17, 2012); *In re 155 East Tropicana, LLC*, 11-22216-bam, ECF No. 56 (Bankr. D. Nev. August 8, 2011); *In re Black Gaming, LLC*, Case No. 10-13301-bam, ECF No. 70 (Bankr. D. Nev. March 5, 2010); *In re Zante, Inc*., Case No. 09-50746-gwz, ECF No. 34 (Bankr. D. Nev. March 23,2009).

19. Joint administration of these Chapter 11 Cases will also provide significant administrative convenience. Specifically, the joint administration of these Chapter 11 Cases will benefit the Debtors' estates by obviating the necessity of filing duplicate motions and applications, entering duplicate orders, and preparing and providing duplicate notices to creditors and parties-in-interest, thus

5

avoiding unnecessary time and expense. To be sure, with four affiliated Debtors, each with its own case docket, the failure to administer these Chapter 11 Cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists. Such duplication of substantially identical documents would be extremely wasteful and unnecessarily overburden Debtors, including through increased service costs to a large creditor constituency, the Clerk of the Court, creditors, and other parties in interest in these Chapter 11 Cases.

20. The rights of the Debtors' respective creditors will not be adversely affected by joint administration of these Chapter 11 Cases because the relief sought herein is purely procedural and is not intended to affect substantive rights. Thus, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration. Likewise, Debtors will avoid the unnecessary duplication and expense of serving documents that have been filed in each of the two cases on creditors two separate times. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

21. Although conflict between the estates is not anticipated, the Court can avoid any prejudice to creditors created by joint administration of Debtors' Chapter 11 Cases by limiting joint administration to the extent necessary pursuant to Bankruptcy Rule 1015(c). Therefore, if creditors are later adversely affected by joint administration, the Court has a mechanism available to protect such creditors. However, there is no reason why the Court should not authorize joint administration at this time.

22. Therefore, joint administration of the Chapter 11 Cases is in the best interest of Debtors, their creditors, this Court, and all other interested parties. Accordingly, Debtor requests that the Court jointly-administer the Chapter 11 Cases, maintain one file and one docket for the Chapter 11 Cases under the Lead Case, NuMale Corporation, with the case styling in the form set forth in the attached **Exhibit "A"**.

## V. CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order providing for the joint administration of Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b), and granting Debtors such other and further relief as is just and proper.

DATED this 5th day of February, 2025.

*/s/ David A. Riggi*
David A. Riggi, Esq.
7900 W Sahara Ave. Suite 100
Las Vegas, NV 89117
**Attorney for Debtor in Possession**

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: <br><br> NUMALE CORPORATION, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10341-NMC <br> Chapter 11 <br><br> **LEAD CASE** <br> Jointly Administered with: |
| In re: <br><br> FELICIANO NUMALE NEVADA PLLC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10342-NMC <br> Chapter 11 |
| In re: <br><br> NUMEDICAL SC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10343-NMC <br> Chapter 11 |
| In re: <br><br> NUMALE COLORADO SC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10344-NMC <br> Chapter 11 |
| In re: <br><br> NUMALE FLORIDA PLLC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10345-NMC <br> Chapter 11 |
| In re: <br><br> NUMALE NEBRASKA LLC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10346-NMC <br> Chapter 11 |
| In re: <br><br> NUMALE NEW MEXICO SC, <br><br> Debtor in Possession. | ) ) ) ) ) ) ) | Case No. 25-10347-NMC <br> Chapter 11 |