Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: Alyssa.Rogan@usdoj.gov

Attorneys for TRACY HOPE DAVIS,
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>           Debtor. | Case No. BK-25-10341-NMC<br>Chapter 11<br><br>Hearing Date: March 27, 2025<br>Hearing Time: 9:30 a.m.<br>Telephone Conference Line: (833) 435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**DECLARATION OF BRYAN G. COLEMAN IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE FOR APPOINTMENT OF A PATIENT CARE OMBUDSMAN UNDER 11 U.S.C. § 333 AND RESERVATION OF RIGHTS**

I, Bryan G. Coleman, declare as follows:

1. I am employed as a Bankruptcy Auditor in the Office of the United States Trustee, United States Trustee, Region 17 (the "U.S. Trustee").

2. I am the Bankruptcy Auditor assigned to the above-captioned Chapter 11 case.

3. I have personal knowledge of the facts set forth herein and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge. To the

1

extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

4. In the course and scope of my regular duties, I reviewed the bankruptcy docket in the above-captioned debtor's ("Debtor") case.

5. In the course and scope of my regular duties, I reviewed the bankruptcy docket in the above-captioned Debtor's affiliates' cases ("Affiliates") (collectively, with the Debtor, the "Debtors").[1] The Affiliates include: *In re Feliciano NuMale Nevada PLLC*, Case No. 25-10342-NMC; *In re NuMedical SC*, Case No. 25-10343-NMC; *In re NuMale Colorado SC*, Case No. 25-10344-NMC, *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC, *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC, *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

6. I make this declaration in support of the *Motion of the United States Trustee for Appointment of a Patient Care Ombudsman Under 11 U.S.C. § 333 and Reservation of Rights* ("Motion").

7. Based on my review of the official docket report in this case, on January 22, 2025, the Debtor filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. [ECF No. 1].

8. On January 23, 2025, the Office of the U.S. Trustee contacted the Debtor's proposed counsel and scheduled a call for the following day.

9. On January 24, 2025, I attended the call with the Debtor's proposed counsel and learned that the Debtor is a management company while the Affiliates operate the clinics that provide services to the public.

---

[1] The U.S. Trustee filed her Motion, which applies to all the Debtors, in the "lead" case only for convenience.

2

10. On January 28, 2025, the Office of the U.S. Trustee emailed Debtor's proposed counsel a letter scheduling the Initial Debtor Interview ("IDI") for February 20, 2025, and requested documents in preparation of the IDI ("IDI Documents") by February 13, 2025.

11. The Debtor's proposed counsel did not timely submit the IDI Documents to the Office of the U.S. Trustee.

12. On February 12, 2025, the Office of the U.S. Trustee emailed Debtor's proposed counsel requesting that he file a notice of hearing and certificate of service regarding the *Motion to Extend Time to File Schedules & Statements* by the end of the day. [*See* ECF No. 13].

13. As of the writing of this declaration, the Debtor has not filed them. [*See generally* ECF docket].

14. That same day, the Office of the U.S. Trustee emailed Debtor's proposed counsel requesting that he file a notice of hearing and certificate of service regarding the *Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(B)* by the end of the day. [*See* ECF No. 14].

15. As of the writing of this declaration, the Debtor has not filed them. [*See generally* ECF docket].

16. On February 14, 2025, I emailed the Debtor's proposed counsel a follow-up regarding the delinquent IDI Documents. On February 19, 2025, the Debtor's proposed counsel began sending over various emails containing presumably IDI Documents less than 24 hours before the IDI. As of the filing of this declaration, I have not had an opportunity to fully review the emails and their attachments. The U.S. Trustee intends to proceed with the IDI as scheduled but is unable to conclude the IDI due to the lack of information available and the Debtor's delay.

17.     On February 19, 2025, I accessed and reviewed the Debtor's public facing website at https://numalemedical.com/numale-medical-center-about-us/.

18.     Based on my review of the Debtor's website, it claims specialize in "improving the health and wellness of men" offering "specialized treatments for erectile dysfunction, low testosterone, weight management, hair restoration, and overall sexual health." The Debtor's services include various types of therapies, medications, treatment plans, penile and medical injections, and on-site blood testing. The Debtor uses the latest medical advancements to conduct detailed health assessments, diagnose, and treat an individual's needs. The Debtor provides onsite and off-site treatment depending on the patient's health goals and tailored treatment plan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 20, 2025          /s/ *Bryan G. Coleman*
                                  Bryan G. Coleman
                                  Bankruptcy Auditor for the U.S. Trustee, Region 17