Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: Alyssa.Rogan@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtor. | Case No. BK-25-10341-NMC<br>Chapter 11<br><br>Hearing Date: March 11, 2025<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: 833-435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**THE U.S. TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION TO EXTEND TIME TO FILE SCHEDULES & STATEMENTS [ECF NO. 13]**

To the Honorable NATALIE M. COX, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby presents her objection and reservation of rights (the "Objection") to the debtor's, NuMale Corporation ("Debtor"), *Motion to Extend Time to File Schedules & Statements* ("Extension Motion") [ECF No. 13].[1]

---

[1] The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

**STATEMENT OF FACTS**

1. On January 22, 2025, the debtor, NuMale Corporation ("Debtor"), filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code.[2] [ECF No. 1].

2. The Debtor did not check the box self-selecting itself as a "Health Care Business" as defined under 11 U.S.C. § 101(27A).[3] [*Id.* at 2].

3. The U.S. Trustee is set to conduct the Section 341 Meeting of Creditors ("341 Meeting") on February 27, 2025, at 9:00 a.m. [ECF No. 3].

4. As of this Objection, the Court has not set a status conference. [*See* ECF docket].

5. On January 23, 2025, the Court issued a *Notice of Incomplete and/or Deficient Filing* and required the Debtor file the incomplete documents by February 5, 2025. [*See* ECF Nos. 4, 5].

6. On February 25, 2025, the Debtor filed an amended Verification of Creditor Matrix and a List of Creditors Who Have the 20 Largest Unsecured Claims. [ECF No. 25].

7. As of this filing, the Debtor has not filed a copy of the corporation's board of directors authorizing the filing, the Summary of Assets and Liabilities for Non-Individuals,

---

[2] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "L.R." or "Local Rules" refer to the local rules for the United States Bankruptcy Court District of Nevada, and "ECF No." refers to the main bankruptcy docket for case number BK-25-10341-NMC.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in the Debtor's case, pursuant to FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

[3] On February 20, 2025, the U.S. Trustee filed a *Motion of the United States Trustee for Appointment of a Patient Care Ombudsman Under 11 U.S.C. § 333 and Reservation of Rights* and the hearing is set for March 27, 2025, at 9:30 a.m. [ECF Nos. 16, 17, 18].

Schedules A/B, D, E/F, G, H ("Schedules"), the Declaration Under Penalty of Perjury for Non-Individual Debtors, the Statement of Financial Affairs ("SOFA"), a List of Creditors or Equity Security Holders, the Disclosure of Compensation for Attorney for Debtors, and the Declaration under penalty of perjury regarding Electronic Filing pursuant to L.R. 5005 (collectively, the "Required Documents"). [*See* ECF Nos. 4, 5]. The Debtor failed to enter the names and addresses of all its creditors into the court's electronic case filing system. [*See* ECF No. 5].

8. The Extension Motion requests an additional 21 days to file the Required Documents by February 26, 2025. [*See* ECF No. 13].

9. The Extension Motion did not include a notice of hearing or supporting declaration. [*See* ECF No. 13; *see generally* ECF docket].

10. As of this filing, the U.S. Trustee is unable to review the Debtor's Required Documents before the 341 Meeting. [*See generally* ECF Docket].

**ARGUMENT**

11. Pursuant to 28 U.S.C. § 586(c)(3), the U.S. Trustee is charged with responsibility for supervising the administration of cases under Chapter 7, 11, 12 and 13 of the United States Bankruptcy Code. The U.S. Trustee has standing to raise and be heard on any issues in any case or proceeding. *See* 11 U.S.C. § 307.

12. Fed. R. Bankr. P. 1007 requires debtors to file Schedules and a SOFA with the voluntary petition or within 14 days of filing the petition. *See* Fed. R. Bankr. P. 1007(c).

13. "Extensions of time under Rule 1007(c) are not handed out as a matter of course, but only upon a showing of *cause*." *Tillman v. Danielson (In re Tillman)*, 2008 WL 8462961, at *4 (B.A.P. 9th Cir. July 17, 2008) (emphasis added). It is the movant's burden to "demonstrate that good cause exist[s] for an extension." *Id*.

14. L.R. 9014(a)(1) requires that all motions be set for hearing with at least twenty-eight (28) days' notice. *See* L.R. 9014(a)(1). Subsection (a)(2) indicates that "[a]ny motion . . . that is not set for hearing will not be considered by the court until properly set for hearing and served." *See* L.R. 9014(a)(2).

15. L.R. 9014(b)(1) provides that a movant must obtain a hearing date, and the *notice of hearing must be filed concurrently with the motion* and must include, *inter alia*, the date, time, and place of hearing and a brief description regarding the relief sought. *See* L.R. 9014(b)(1).

16. L.R. 9014(c) requires the movant to submit admissible evidence in support of the relief requested, and a declaration, if any, must be filed separately. *See* LR 9014(c).

17. The Debtor has failed to carry its burden, by the mere fact that it has not complied with the above-cited sections of the Bankruptcy Code and Local Rules.

18. Although the Extension Motion indicates that the hearing is on March 11, 2025, which would make February 25, 2025, the objection deadline, the Court has not calendared the matter because the Debtor never properly set it for hearing. [*See generally* ECF docket].

19. As of this writing, the Debtor has not concurrently filed a notice of hearing with the Extension Motion or a certificate of service. [*Id.*]. Even if the Debtor filed a notice of hearing today, the Court cannot conduct a hearing on March 11, 2025, because the Debtor failed to provide 28 days' notice. *See* L.R. 9014(a)(1).

20. The Debtor failed to include specific statutory authority and a legal analysis that would allow the Court to grant the requested relief. [*See* ECF No. 13]. The Debtor failed to demonstrate "cause" is present to extend the time period. The Debtor indicates that it is "still compiling information necessary to specifically schedule all assets and liabilities, [and] complete responses relating to financial affairs," and requests an extension through February 26, 2025. [*Id.*]. The extended date is 35 days post-petition and the day immediately before the 341 Meeting. [ECF

4

No. 3]. This is also 5 days before the latest date that the U.S. Trustee could call the 341 Meeting. *See* FRBP 2003(a)(1)(A).

21. Although the Debtor indicates that creditors would not be prejudiced if the Court granted the extension, it fails to acknowledge that the U.S. Trustee cannot complete her statutory duties because the Debtor has failed to be forthcoming with information. [*See* ECF No. 13]. The Debtor has failed to timely file the Required Documents, while enjoying the protections afforded under the Bankruptcy Code, including protection of the automatic stay. [*See generally* ECF docket].

22. Therefore, based on the foregoing, the Debtor failed to comply with the Local Rules and has not demonstrated why there is cause to extend the deadlines.

23. Finally, the Debtor does not appear to be fulfilling its fiduciary duties incumbent on all debtors-in-possession. *See* 11 U.S.C. §§ 521 and 1107; Fed. R. Bankr. P. 1007, 1007-1, 2015, and 4002. Stakeholders, including the U.S. Trustee, creditors, and parties-in-interest, will be prejudiced due to the Debtor's unsubstantiated delay. This may impede the Debtor's examination under oath at the 341 Meeting because the Debtor has failed to timely file its Required Documents.

24. If the Court granted the Extension Motion and provided the Debtor any opportunity to file Schedules and SOFA beyond February 26, 2025, this would effectively reduce the time for a creditor to accurately complete and file a proof of claim. Accordingly, the Extension Motion should be denied.

25. To the extent the Court grants the Extension Motion, February 26, 2025, should be the final deadline for Debtor to file its Schedules, SOFA, and any other documents as is required by Section 1116(1).

//

//

**RESERVATION OF RIGHTS**

26.     The U.S. Trustee expressly reserves her rights to object to any amendments made to the Extension Motion, or any other additional relief requested in any subsequently filed pleading.

**PRAYER FOR RELIEF**

**WHEREFORE**, the U.S. Trustee requests to Court to sustain her Objection; enter an order denying the Extension Motion; and grant such other relief as is just and equitable under the circumstances.

Dated: February 26, 2025              Respectfully Submitted,

                                            TRACY HOPE DAVIS
                                            UNITED STATES TRUSTEE

                                            By: /s/ *Alyssa A. Rogan*
                                                  Alyssa A. Rogan, Esq.
                                                  Trial Attorney for United States Trustee