Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: Alyssa.Rogan@usdoj.gov

Attorney for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. BK-25-10341-NMC |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: March 11, 2025<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: 833-435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**THE U.S. TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES UNDER <u>FEDERAL RULE OF BANKRUPTY PROCEDURE 1015(B)</u>**

To the Honorable NATALIE M. COX, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby presents her objection and reservation of rights (the "Objection") to the debtor's, NuMale Corporation ("Debtor"), *Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(B)* ("Motion") and supporting declaration. [ECF Nos. 14, 15]. The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit at the hearing.

//

//

# INTRODUCTION

The U.S. Trustee asserts that the Debtor has failed to meet its burden for the relief requested. There are several administrative and procedural matters that have not been resolved, including the Debtor's failure to file a copy of the corporation's board of directors authorizing the filing, a List of Creditors or Equity Security Holders, and the Declaration under penalty of perjury regarding Electronic Filing pursuant to L.R. 5005.

The U.S. Trustee reserves her rights to take any action and object to any amendments made to the Motion, or any other additional relief requested in any subsequently filed motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

A. **Background Facts and Procedural Posture.**

1. On January 22, 2025, the debtor, NuMale Corporation ("Debtor"), filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code.[1] [ECF No. 1].

2. The Debtor's President, Brad Palubicki ("Debtor's Representative"), signed the petition. [*Id.* at 4].

3. That same day, after the Debtor filed its petition, six debtor-affiliates ("Affiliates") (collectively, with the Debtor, the "Debtors") filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code. The Affiliates include *In re Feliciano NuMale Nevada PLLC*, Case No. 25-

---

[1] Unless otherwise noted: "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "L.R." refers to the local rules for the United States Bankruptcy Court District of Nevada, and "ECF No." refers to the main bankruptcy docket for case number BK-25-10341-NMC.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in the Debtor's case, pursuant to FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

10342-NMC; *In re NuMedical SC*, Case No. 25-10343-NMC; *In re NuMale Colorado SC*, Case No. 25-10344-NMC, *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC, *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC, *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

4. David A. Riggi of the Riggi Law Firm is the proposed counsel of record for the Debtor ("Proposed Counsel"). [*See generally* ECF docket].

5. As of the date of filing this Objection, Proposed Counsel has not filed an employment application. [*Id.*].

6. The U.S. Trustee is scheduled to conduct the Section 341 Meeting of Creditors ("341 Meeting") on February 27, 2025, at 9:00 a.m. [*See* ECF No. 3].

7. On January 23, 2025, the Court issued a *Notice of Incomplete and/or Deficient Filing* and required the Debtor file the documents by February 5, 2025. [*See* ECF Nos. 4, 5].

8. On February 5, 2025, the Debtor filed a *Motion to Extend Time to File Schedules & Statements* ("Extension Motion"). [ECF No. 13].

9. On February 21, 2025, 9 days after the Debtor filed the Motion, it filed an *ex parte* application for an order shortening time for a hearing on the Motion ("OST"). [ECF Nos. 20, 21, 22].

10. Shortly thereafter, the Court granted the OST and set the Motion for hearing on March 11, 2025, at 9:30 a.m. ("OST Order"). [ECF No. 24]. The Court further ordered that any objections or oppositions may be presented during the hearing and that the Court may treat the hearing on the Motion as a status conference. [*Id.* at 2].

11. On February 25, 2025, the Debtor filed an amended Verification of Creditor Matrix, a List of Creditors Who Have the 20 Largest Unsecured Claims, and the Declaration Under Penalty of Perjury for Non-Individual Debtors [ECF No. 25].

12. On February 26, 2025, the Debtor filed its Statement of Financial Affairs ("SOFA"), the Summary of Assets and Liabilities for Non-Individuals, Schedules A/B, D, E/F, G, H ("Schedules"), the Declaration Under Penalty of Perjury for Non-Individual Debtors, and the Disclosure of Compensation for Attorney for Debtors. [ECF Nos. 30, 31, 32].

13. As of the date of filing this Objection, the Debtor has not filed a copy of the corporation's board of directors authorizing the filing, a List of Creditors or Equity Security Holders, and the Declaration under penalty of perjury regarding Electronic Filing pursuant to L.R. 5005 (collectively, the "Required Documents"). [*See* ECF Nos. 4, 5]. The Debtor failed to enter the names and addresses of all its creditors into the court's electronic case filing system. [*See* ECF No. 5].

14. As of the date of filing this Objection, the U.S. Trustee has not appointed a trustee or a committee. [*See generally* ECF Docket].

15. As of the date of filing this Objection, it appears the Debtor has not served interested parties with the OST Order and the Motion.

**ARGUMENT**

16. The Motion requests that the Court enter an order directing the joint administration of the Debtor and its Affiliates with the Debtor's case as the lead case. [ECF No. 14 at 6].

17. L.R. 1015(g)(2) provides that "[t]he party that obtained the order for joint administration must, within fourteen (14) days of the entry of the order, file with the court a combined matrix, without duplication, constituting a total mailing list of all interested parties in all the jointly administered cases."

18. L.R. 9006(e) provides, "[i]f the motion is granted, the notice of the entry of the order and a copy of the motion to be heard *must be served in the most expeditious manner possible*

4

(e.g., email, facsimile, or hand delivery) *within one (1) business day after the order is entered*, unless the court orders otherwise." (Emphasis added).

19. L.R. 9004(e), which governs the form and retention requirements for papers filed with the bankruptcy court, indicates that "[i]f exhibits are electronically file, they must be separated by pages inserted and *labeled with the exhibit numbers for movants* and exhibit letters for respondents." (Emphasis added).

20. Here, the Debtor included Exhibit A, not Exhibit 1, and provided a proposed combined caption. [*See* ECF No. 14, Exhibit A]. The problem for the Debtor is that neither the Motion nor exhibit address the Debtor filing a combined matrix, constituting a total mailing list of all interested parties, without duplication, within fourteen (14) days of the entry of the order, pursuant to L.R. 1015(g)(2). For the avoidance of doubt and in the pursuit of clarity, the proposed order should clearly indicate that the Debtor will comply with L.R. 1015(g)(2).

21. Further, it appears the Debtor failed to serve a copy of the OST Order and the Motion in the most expeditious manner and within 1 business day from entry of the OST Order as required.[2]

22. As of the date of filing this Objection, the Debtor has not filed a certificate of service regarding the Motion and OST Order. [*See generally* ECF docket].

23. Therefore, the Motion should be denied unless the Debtor complies with the above-mentioned local rules.

//

---

[2] The U.S. Trustee asserts that even if the Debtor were to cure the deficiencies after the filing of this Objection, the Debtor should avoid making this its practice moving forward. For example, the U.S. Trustee filed an objection to the Debtor's extension motion and argued, *inter alia*, that the Debtor failed to file a notice of hearing or certificate of service. [ECF Nos. 13, 27]. Subsequently, after being informed about the deficiencies, the Debtor filed the notice of hearing and certificate of service. [*See* ECF Nos. 28, 29]. These filings, however, do not resolve the fact that the Debtor did not comply with its obligations in the first instance.

**RESERVATION OF RIGHTS**

24. The U.S. Trustee reserves all rights to take any appropriate action under Chapter 11 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada should the Motion be amended or supplemented.

**PRAYER FOR RELIEF**

**WHEREFORE**, the U.S. Trustee requests to Court to sustain her Objection and grant such other relief as is just under the circumstances.

Dated: February 27, 2025

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Alyssa A. Rogan*
Alyssa A. Rogan, Esq.
Trial Attorney for United States Trustee