David A. Riggi, Esq.
7900 W Sahara Ave., Suite 100
Las Vegas, NV 89117
Ph.:    1-702-463-7777
Fax.:   1-888-306-7157
E-mail: riggilaw@gmail.com
*Attorney for the Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 25-10341-NMC |
| NUMALE CORPORATION, | Chapter 11 |
| Debtor in Possession. | DATE:  OST |
| | TIME:  OST |

**MOTION FOR AN ORDER
AUTHORIZING CONTINUED MAINTENANCE AND REDESIGNATION
OF EXISTING BANK ACCOUNTS AND
<u>A WAIVER OF CERTAIN GUIDELINES RELATING TO BANK ACCOUNTS</u>**

The Debtor in Possession ("Debtor"), through undersigned counsel, hereby moves for entry of an order pursuant to sections 105(a), 345, 363, 503(b)(1) and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing: the continued maintenance of the Debtor's existing bank account and a waiver of certain operating guidelines relating to bank accounts. In support of the Motion, the Debtor represents as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and rule 1001(b)(1) of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Local Rule 9014.2, to entry of a final order by the Court in connection with

this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of this case and its application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 105(a), 345, 363, 503(b)(1) and 507(a)(2), and 1184 of the Bankruptcy Code. Background

5. On January 22, 2025 ("Petition Date"), Debtor filed its voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with this court.

6. Debtor continued to manage and operate their business as debtor in possession pursuant to section 1184 of the Bankruptcy Code. The Debtor has been in operations for over 10 years and, with its affiliates, employs 36 non-insiders.

**Relief Requested**

7. By this Motion, Debtor seeks entry of an order pursuant to sections 105(a), 345, 363, 503(b)(1) and 507(a)(2) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004: (a) authorizing the maintenance and continued use of their existing bank account(s) (b) allowing the redesignation of existing account as debtor in possession account(s); (c) authorizing intercompany transfers among affiliated accounts; and (d) granting related relief. The relief requested herein will help facilitate the Debtor's orderly continued prosecution of this chapter 11 case and will help avoid disruptions and distractions that could divert the Debtor's attention from more pressing matters during the administration of this case - namely, stabilizing its business and working on an expedited basis to confirm a Chapter 11 plan, without disrupting the critical account connections that Debtor has set up with several third parties, including Finix, Split-it USA, Hub International Insurance Services, Credit Line Advantage, Equity Financing, Premier and Concora.

**Basis for Relief**

8. Debtor maintains a business checking bank account with JPMorgan Chase Bank, National Association, with account number -----9865.

9. The United States Trustee ("US Trustee") has adopted certain guidelines to assist the US Trustee in supervising the administration of chapter 11 cases. The U.S. Trustee Guidelines require chapter 11 debtors to, among other things: (i) close all existing bank accounts and open new account which must be designated debtor in possession bank accounts; (ii) establish and maintain separate debtor in possession accounts for the payment of taxes and separate debtor in possession accounts for cash collateral; and (iii) obtain and utilize new checks for all debtor in possession accounts which bear the designation "Debtor in Possession" and contain certain other information related to the chapter 11 case.

10. Notwithstanding the US Trustee Guidelines, Debtor believe that continued use of their prepetition bank account is essential to a smooth and orderly continuation of operations through this chapter 11. By the preservation of continuity and avoidance of the disruption and delay to the Debtor's collection and disbursement procedures that would necessarily result from closing the bank accounts and opening new accounts, all parties in interest (including customers and vendors) will be best served by allowing the continued use of the bank accounts in their current form. Accordingly, the Debtor seeks a waiver of the requirement to close their bank account and open new post-petition accounts.

11. In addition, Debtor hereby seeks a waiver of the requirement to establish specific bank accounts for tax payments. The Debtor utilizes a payroll service, Paylocity and the US Trustee and others can adequately monitor the flow of funds into, between, and out of the bank account by review of the statements attached to the monthly operating reports that will indicate transfers to Paylocity. Accordingly, the creation of a new debtor in possession accounts designated solely for tax obligation would be unnecessary and inefficient.

12. Section 345 of the Bankruptcy Code governs a debtor's deposit and investment of cash during a chapter 11 case and authorizes deposits or investment of money as "will yield the maximum

3

reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) of the Bankruptcy Code requires the estate to obtain from the entity with which the money is deposited, or invested, a bond in favor of the United States that is secured by the undertaking of an adequate corporate surety, unless the Court for cause orders otherwise. 11 U.S.C. § 345(b). The Debtor believes that any funds that are deposited into its account are secure and that the Debtor is in compliance with section 345 of the Bankruptcy Code. It should be noted that JPMorgan Chase accounts are insured by the United States government through the FDIC general deposit insurance rule for deposits in amounts less than or equal to $250,000.00. The Debtor has not had, will not have, any such deposits.

13. Courts have routinely recognized that the strict enforcement of bank account closing requirements doesn't serve the rehabilitative purposes of Chapter 11. Accordingly, courts have waived such requirements and replaced them with alternative procedures that provide the same protections. See *In Re Washington Group Int'l, Inc.*, Case No. 01-31627 (Bankr. D. Nev. May 15, 2001); *In re Nat'l Airlines, Inc., Case* Nos. 00-0447-ECF-CGC and 00-0448-ECF-CGC (Bankr. D. Ariz. Apr. 28, 2000); *In re Pegasus Gold Corp.*, Case no. 98-30088-GWZ (Bankr. D. Nev. Jan. 16, 1998); *In re Taro Properties Arizona I, LLC et al.*, Case No. 08-10427, Docket No. 33 9 Bankr. D. Ariz. Aug 20, 2008); *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. July 23, 2002); and *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 3, 2001).

14. Bankruptcy Rule 6003 empowers this Court to grant relief regarding the use of property of the Debtor's estate if the it might be necessary to avoid immediate and irreparable harm. Fed. R. Bankr. P. 6003. Immediate and irreparable harm exists where the absence of relief would impair the debtor's ability to reorganize or threaten the debtor's future as a going concern. *In re Ames Dep't Stores*

*Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

15. The Debtor's successful Chapter 11 process will require it to continue operating its business, and paying its creditors and vendors for the necessary expenses for the business. The Debtor will be unable to maintain its business operations and the income stream generated therefrom if it is denied the ability to use their income. This would, in turn, lead to an adverse effect on the Debtor and reduce the value of their assets. Accordingly, Debtor submits that they have satisfied the requirements of Bankruptcy Rule 6003 to justify the immediate entry of an order granting the relief sought herein.

16. Nothing contained in this Motion is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtor; (ii) a waiver of the Debtor's or any party in interest's rights to dispute any claim' or (iii) an approval or assumption of any agreement under section 365 of the Bankruptcy Code; (iv) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; (v) a concession by the Debtor that any purported liens (contractual, common law, statutory or otherwise) paid pursuant to this Motion are valid, and the Debtor's expressly reserve their right to contest the extent, validity, or perfection or seek avoidance of all such liens. Likewise, if this Court grants the relief sought in this Motion, any payment made pursuant to the Order is not intended and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's Rights to dispute such a claim at a later date.

17. No prior request for relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests granting the relief requested herein in an order substantially similar to the proposed order attached hereto as **Exhibit "A"** and such other and further relief as may be just and proper.

DATED this 2nd day of March, 2025.

/s/ David A. Riggi
David A. Riggi, Esq.
***Attorney for the Debtor in Possession***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT "A"

24
25
26
27
28

David A. Riggi, Esq.
Nevada Bar No. 4727
7900 W. Sahara Ave., Suite 100
Las Vegas, NV 89149
Phone: (702) 463-7777
Fax: (888) 306-7157
E-mail: RiggiLaw@gmail.com
Attorney for the Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | |
|---|---|
| NUMALE CORPORATION., | Case No.: 25- 10341-NMC |
| Debtor in Possession. | Chapter 11 |
| | Date: |
| | Time: |

**ORDER GRANTING: MOTION FOR AN ORDER
AUTHORIZING CONTINUED MAINTENANCE AND
REDESIGNATION OF EXISTING BANK ACCOUNTS AND
A WAIVER OF CERTAIN GUIDELINES RELATING TO BANK ACCOUNTS**

Upon the motion of the Debtor for an order authorizing continued maintenance of existing bank accounts ("Motion," **ECF No.**   ) and good cause appearing, thereof, after a hearing, heard on shortened time:

1

it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. This Motion is **GRANTED**, and it is further;

2. **ORDERED** that Debtor is authorized to maintain and continue use of the bank accounts referenced in the Motion which were in existence on the date of the filing of the petition, , and it is further;

3. **ORDERED** that JPMorgan Chase Bank shall redesignate the existing Wells Fargo account by modifying the name on the accounts as Debtor in Possession accounts in compliance with 11 U.S.C. §345 and the U.S. Trustee guidelines, and that Debtor shall supply proof of such redesignation to the Office of the United States Trustee;

4. **ORDERED** that should it become necessary for the Debtor in its sole discretion to open new accounts, said accounts must be as Debtor in Possession accounts at banks that are authorized depositories, and it is further;

**IT IS SO ORDERED.**

Submitted by:
/s/ *David A. Riggi*
David A. Riggi, Esq. Nevada Bar No. 4727
7900 W. Sahara Ave., Suite 100
Las Vegas, NV 89117
*Attorney for the Debtor in Possession*

**CERTIFICATION RE: RULE 9021:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement of approval under LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this processed order to all counsel who appeared at the hearing, and each has approved the order, or failed to respond, as indicated below:

| Party | Approved | Disapproved | No Response |
|---|---|---|---|