Gregory S. Powell, Assistant United States Trustee
State Bar No. CA 182199
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: Alyssa.Rogan@usdoj.gov

Attorney for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtor. | Case No. BK-25-10341-NMC<br>Chapter 11<br><br>Hearing Date: March 11, 2025<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: 833-435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**U.S. TRUSTEE'S RESPONSE, OBJECTION, AND RESERVATION OF RIGHTS TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING CONTINUED MAINTENANCE AND REDESIGNATION OF EXISTING BANK ACCOUNTS AND A WAIVER OF CERTAIN GUIDELINES RELATING TO BANK ACCOUNTS**

To the Honorable NATALIE M. COX, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby presents her response, objection, and reservation of rights (the "Objection") to the debtor's, NuMale Corporation ("Debtor"), *Motion for an Order Authorizing Continued Maintenance and Redesignation Of Existing Bank Accounts and a*

*Waiver of Certain Guidelines Relating to Bank Accounts* (the "Motion") [ECF No. 42], seeking to alter the requirements of Section 345.[1]

## INTRODUCTION

The U.S. Trustee objects to the Motion to the extent the Debtor seeks a waiver of Section 345. The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit at the hearing.

The U.S. Trustee reserves all rights with respect to the Motion, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court should the Motion be amended or supplemented.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.    **Background Facts and Procedural Posture**

1.    On January 22, 2025, the Debtor filed a voluntary chapter 11 petition. [ECF No. 1].

2.    The Debtor's President, Brad Palubicki ("Debtor's Representative"), signed the petition. [*Id.* at 4].

3.    That same day, after the Debtor filed its petition, six debtor-affiliates ("Affiliates") (collectively, with the Debtor, the "Debtors") filed voluntary petitions under

---

[1] Unless otherwise noted: "Section" refers to a section of Title 11 of the U.S. Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "ECF No." refers to the main bankruptcy docket in the above-captioned case; and "L.R." refers to the local rules for the United States Bankruptcy Court District of Nevada.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to FRBP 9017 and FRE 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

Chapter 11 of the U.S. Bankruptcy Code. The Affiliates include *In re Feliciano NuMale Nevada PLLC*, Case No. 25-10342-NMC; *In re NuMedical SC*, Case No. 25-10343-NMC; *In re NuMale Colorado SC*, Case No. 25-10344-NMC; *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC; *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC; *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

4. David A. Riggi of the Riggi Law Firm is the proposed counsel of record for the Debtor ("Proposed Counsel"). [*See generally* ECF docket].

5. As of the date of filing this Objection, Proposed Counsel has not filed an employment application. [*Id.*].

6. On January 23, 2025, the Court issued a *Notice of Incomplete and/or Deficient Filing* and required the Debtor file the incomplete documents by February 5, 2025. [*See* ECF Nos. 4, 5].

7. On February 5, 2025, the Debtor filed a *Motion to Extend Time to File Schedules & Statements* ("Extension Motion"). [ECF No. 13].

8. On February 12, 2025, the Debtor filed a *Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(B)* ("Joint Administration Motion") requesting joint administration of the Debtors' cases. [ECF No. 14].

9. The Court is set to hear the Extension Motion and Joint Administration Motion on Mach 11, 2025, at 9:30 a.m. [*See* ECF Nos. 24, 34].

10. The U.S. Trustee conducted the initial Section 341 Meeting of Creditors ("341 Meeting") on February 27, 2025, and continued it to March 12, 2025. [ECF Nos. 3, 33].

11. As of the date of filing of this Objection, the U.S. Trustee has not appointed a trustee or a committee of unsecured creditors. [*See generally* ECF docket].

## ARGUMENT

12. The Motion seeks an order (1) authorizing the maintenance and continued use of the Debtor's "bank account(s)," (2) allowing the redesignation of an existing account as debtor in possession "accounts," (3) authorizing intercompany transfers among affiliated accounts; and 4) granting related relief. [ECF No. 42 at 2].

13. As a preliminary matter, the Motion is inconsistent regarding whether the Debtor has one or multiple bank accounts. The initial relief requested in the Motion refers to bank accounts in the plural form but later indicates "Debtor maintains a business checking bank account with JP Morgan Chase Bank, National Association [("Chase Bank")] . . ." [ECF No. 42 at 2–3]. Further, the proposed order, which is attached as Exhibit A, references another account providing that, "[Chase Bank] shall redesignate the existing *Wells Fargo account* by modifying the names on the accounts as Debtor in Possession accounts . . ." [*Id.* at 8 (emphasis added)]. The Debtor's Schedule A/B listed two checking accounts – one at Chase Bank and one at FortifiBank.[2] [*See* ECF No. 31 at 1]. Schedule A/B does not provide for a Wells Fargo account. [*See id.*]. Accordingly, it is unclear if the Motion only applies to the Chase Bank account, or the FortifiBank and/or Wells Fargo account.

14. Chase Bank and Wells Fargo agreed to be an authorized depository in the District of Nevada. *See* https://www.justice.gov/ust/ust-regions-r17/region-17-general-information#nvlv at "District of Nevada Authorized Depositories."

---

[2] The Office of the U.S. Trustee received documents from Proposed Counsel indicating the Debtor closed the FortifiBank account. As of the date of filing this Objection, the Debtor has not filed an amended Schedule A/B to reflect this change. [*See generally* ECF docket].

4

15. Regarding Chase Bank, the Region 17 list of authorized depositories provides Chase Bank's existing customers with an alternative indicating "if an existing JPMC customer has a relationship banker at JPMC, the customer may contact that relationship banker to assist with Chapter 11 debtor-in-possession accounts, or requirements under a Cash Management Order entered by the Bankruptcy Court." *Id.*

16. Section 345(a) of the Bankruptcy Code requires the trustee or a debtor in possession to deposit or invest money of the estate so that it will result in the "maximum reasonable net return. . . [while] taking into account the safety of such deposit or investment." *See* 11 U.S.C. § 345 (emphasis added). Section 345(b) requires that estate funds be deposited or invested to ensure that the funds are protected for the benefit of creditors. *See* 11 U.S.C. § 345(b). A court may waive the requirements of Section 345 upon a showing of "cause." *Id.*

17. Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security. To ensure that trustees and debtors-in-possession meet their responsibilities to safeguard funds in accordance with Section 345, the U.S. Trustee monitors fiduciaries and depositories. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1–2, at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download (last visited March 6, 2025).[3]

---

[3] The U.S. Trustee is mindful that some courts have concluded that the guidelines do not have the force and effect of law. *See, e.g., In re Young*, 205 B.R. 894, 897 (Bankr. W.D. Tenn. 1997); *In re Lani Bird, Inc.*, 113 B.R. 672, 673 (Bankr. D. Hawaii 1990); *In re Gold Standard Baking, Inc.*, 179 B.R. 98, 105–06 (Bankr. N.D. Ill. 1995); *In re Johnson*, 106 B.R. 623, 624–25 (Bankr. D. Neb. 1989). As a result, "if the court is to require debtors to comply with particular provisions

18. The Uniform Depository Agreement ("UDA") between the depository and the U.S. Trustee requires all depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. *See* Manual, §§ 7-1.2.1, pp. 2 and 7-1.3, pp. 4–6.

19. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7-1.3.2, pp. 5–6.

20. Compliance with the U.S. Trustee Guidelines will ensure that banks can identify bank accounts for debtors-in-possession ("DIP"), ensure compliance with the requirements of 11 U.S.C. § 345(b), and that all post-petition monies received by a debtor will be readily identifiable and easily accounted for during the pendency of this case.

21. The U.S. Trustee objects to the Motion because the Debtor failed to include any evidence, and it is based solely on argument. [*See* ECF No. 42; *see* L.R. 9014(c) (L.R. governing the contents of motions and outlining the requirements for affidavits and declarations)].

22. The Debtor seeks authorization to deviate from the practices designed to protect the Debtor and its creditors, but it fails to demonstrate that cause is present warranting such relief. The Debtor indicates that the relief requested would "facilitate the Debtor's orderly continued prosecution of this chapter 11 case and will help avoid disruptions and distractions that could divert the Debtor's attention from more pressing matters during the administration of this case . . ." [ECF No. 42 at 2].

---

of the U.S.T.'s Guidelines, it must be for a reason independent of the [g]uidelines themselves." *Johnson*, 106 B.R. at 624.

6

23.     Although the Debtor seeks a smooth transition into bankruptcy and does not want to disrupt its operations and connections, the Debtor voluntarily placed itself in bankruptcy and is required to comply with the duties and obligations expected of all debtors. [*Id.* at 3 (Debtor's belief that the "continued use of [its] prepetition bank account is essential to smooth and orderly continuation through this chapter 11."). The Debtor is enjoying the protections afforded to it under the Code. Section 345 and the U.S. Trustee Guidelines are designed to ensure that creditors' interests are also protected. Accordingly, the Debtor has not demonstrated cause to deviate from the practices that are designed for a reason.

24.     Further, in one sentence, the Debtor indicates that "[c]ourts have routinely recognized that the strict enforcement of bank account closing requirements doesn't serve the rehabilitative purposes of Chapter 11." [ECF No. 42 at 4]. The Debtor failed to provide a citation demonstrating support or similar findings by other courts who share the same sentiment. [*Id.*].

25.     The Debtor provided six string cites of where "courts have waived such requirements and replaced them with alternative procedures . . ." but the Motion lacks any legal analysis regarding why the current case is either similar or dissimilar to the cases. [*Id.*]. There is no discussion of what a court may consider as an alternative procedure. [*Id.*].

26.     The U.S. Trustee objects to the Debtor's request "authorizing intercompany transfers among affiliated accounts." [*Id.* at 2]. At this stage, there is insufficient information to determine if the Debtor and its affiliates have any intercompany claims against each other. The U.S. Trustee has not concluded the 341 Meeting, which may disclose potential conflicts, but due to the Debtor's delay in filing its schedules and statement of financial affairs, she continued the 341 Meeting to March 12, 2025. [*See* ECF No. 33]. At this stage, it is premature to grant a

blanket authorization allowing intercompany transfers due to the Debtor's delay in providing and filing information.[4]

27. The U.S. Trustee further objects to the Motion because the Debtor improperly disclosed the full Chase Bank account number which is personally identifiable information ("PII").[5] [ECF Nos. 37, 42].

28. The Motion indicates:

> In addition, Debtor hereby seeks a waiver of the requirement to establish specific bank accounts for tax payments. The Debtor utilizes a payroll service, Paylocity and the US Trustee and others can adequately monitor the flow of funds into, between, and out of the bank account by review of the statements attached to the monthly operating reports that will indicate transfers to Paylocity. Accordingly, the creation of a new debtor in possession accounts designated solely for tax obligation would be unnecessary and inefficient.

[ECF No. 42 at 3].

29. It is unclear how a separate tax bank account would interfere with a payroll account because they encompass different payments.

30. The Motion indicates that the Debtor has met FRBP 6003's "immediate and irreparable harm" standard. [*Id.* at 4–5]. FRBP 6003 applies to the prohibition of courts granting certain applications and motions filed within 21 days of the petition date. The Debtor filed this case 44 days ago resulting in FRBP 6003's inapplicability.

31. Finally, L.R. 9004 governs the form and retention requirements for papers filed with the bankruptcy court. It indicates that if exhibits are filed then the movant must use an

---

[4] As of the filing of this Objection, the Debtor has not filed a motion authorizing the use of cash collateral, a motion to pay wages, and the monthly operating report which was due February 21, 2025. [*See generally* ECF docket]. Thus, it is unclear whether the Debtor is making post-petition payments.

[5] The Office of the U.S. Trustee alerted Proposed Counsel about the disclosed PII and indicated that the Debtor needed to immediately file a notice of redaction and an amended motion. [*See* ECF Nos. 37, 42].

exhibit number whereas the respondent must use a letter. Here, the Motion includes Exhibit A, not Exhibit 1, demonstrating noncompliance with the L.R.s. [*See* ECF No. 42 at 6].

32. Alternatively, if the Court is inclined to grant the Motion, the U.S. Trustee requests that the Court grant it on an interim basis and continue the matter for a final hearing to ensure compliance. To comply with the U.S. Trustee Guidelines, the Debtor should be required to open DIP accounts at an Authorized Depository or confirm with the Court that the Chase Bank account has been redesignated by a date certain, no later than the final hearing, and close the pre-petition Chase Bank account immediately. The Court should also require Debtor to provide proof to the U.S. Trustee that the accounts have been closed or converted to DIP accounts before the final hearing on the Motion.

33. Additionally, any new accounts opened should be DIP accounts at authorized depositories.

### Reservation of Rights

34. The U.S. Trustee reserves her rights to object to any amendments made to the Motion.

**WHEREFORE**, the U.S. Trustee requests the Court sustain her Objection; or, in the alternative, grant the relief requested in the Motion on an interim basis and continue the matter for a final hearing; and, grant such other relief as is just under the circumstances.

Dated: March 7, 2025           Respectfully submitted,

                                         TRACY HOPE DAVIS
                                         UNITED STATES TRUSTEE

                                         By: */s/ Alyssa A. Rogan*
                                               Alyssa A. Rogan, Esq.,
                                               Trial Attorney for the U.S. Trustee