Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: Alyssa.Rogan@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. BK-25-10341-NMC |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
|  | Hearing Date: *OST Requested* |
| Debtor. | Hearing Time: *OST Requested* |
|  | Location: *OST Requested* |
|  | Est. Time: 30 minutes |

**DECLARATION OF BRYAN G. COLEMAN IN SUPPORT OF
UNITED STATES TRUSTEE'S MOTION TO APPOINT A CHAPTER 11
TRUSTEE UNDER 11 U.S.C. § 1104(a), OR, IN THE ALTERNATIVE,
TO CONVERT OR DISMISS THIS CASE PURSUANT TO 11 U.S.C. § 1112(b),
<u>AND RESERVATION OF RIGHTS</u>**

I, Bryan G. Coleman, declare as follows:

1.    I am employed as a Bankruptcy Auditor in the Las Vegas, Nevada Office of the United States Trustee, Region 17 (the "OUST").

2.    I am the Bankruptcy Auditor assigned to the above-captioned chapter 11 case, and I make this declaration in support of the *United States Trustee's Motion to Appoint a Chapter 11*

1

*Trustee Under 11 U.S.C. § 1104(a), or, in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights* ("Motion").[1]

3. I am over the age of 18 and I have personal knowledge of the facts set forth herein, and I assert that all such facts are true and correct to the best of my knowledge based on my personal knowledge. To the extent I base my testimony upon information and belief or upon admissible evidence other than my personal knowledge, I will specifically so state.

4. The OUST is an official of the United States Department of Justice, charged by statute with the duty to oversee and supervise the administration of bankruptcy cases and take action to ensure that all reports, schedules, and fees required under Title 11 are properly and timely filed pursuant to 28 U.S.C. § 586.

5. This declaration is based upon facts of which I have personal knowledge, as well as facts subject to judicial notice, such as filing dates, apparent from the court's records in this proceeding. This declaration is made in my official capacity as a representative of the United States Trustee (the "UST"), without waiving the attorney-client privilege or the work-product privilege.

6. As part of my duties as a Bankruptcy Auditor, I am responsible for the supervision of chapter 11 cases in the OUST, Region 17. This supervision includes: monitoring chapter 11 cases; reviewing petitions, schedules, statements and related documents, and pleadings filed by a chapter 11 debtor and other parties in interest; conducting the Initial Debtor Interview ("IDI") and requesting documents related to the IDI; reviewing pre-confirmation monthly operating reports ("MORs"); reviewing post-confirmation quarterly operating reports

---

[1] Capitalized terms in this declaration shall have the same meaning ascribed to them in the Motion.

2

("PCRs"); monitoring plans and disclosure statements; monitoring final decree motions; reviewing the Chapter 11 Quarterly Fee Information and Collection System (FICS); monitoring compliance with the UST's rule entitled *Uniform Periodic Reports in Cases Filed Under Chapter 11 of Title 11*, published at 28 C.F.R. § 58.8, and the UST's information posted on its public facing website regarding the new Chapter 11 Operating Reports; and other such other actions as the UST deems appropriate.

7. In the course and scope of my regular duties, I reviewed the bankruptcy docket for the above-captioned case, including, but not limited to the Debtor's voluntary petition, schedules, statement of financial affairs ("SOFA"), and various filed pleadings.

8. Based upon my review of the Court's official bankruptcy docket, the above-captioned Debtor's President, Brad Palubicki ("Debtor's Representative"), signed the voluntary petition.

9. Based upon my review of the Court's official bankruptcy docket and the schedules and SOFA, the Debtor's Schedule A/B indicates that its assets have a value of $137,168.47 consisting of: (a) $5,403.47 in cash; (b) $23,765.00 in deposits and prepayments; (c) $73,000.00 in accounts receivable; (d) $35,000.00 in office furniture, fixtures, and equipment; and (e) real property and all other assets for unknown values. [*See* ECF No. 31]. Further, the Debtor indicated that its lists or records do not include personally identifiable information ("PII") of its customers. [*Id.* at 7].

10. Based upon my review of the Court's official bankruptcy docket, the Debtor has not formally retained counsel as there is no motion or order on file seeking or allowing the employment of bankruptcy counsel for the Debtor under 11 U.S.C. § 327. [*See generally* ECF docket.].

3

11. Shortly after the petition date, on January 24, 2025, the OUST contacted the Debtor's proposed counsel, David A. Riggi of the Riggi Law Firm ("Proposed Counsel"), for an initial call regarding the case. During the call, Proposed Counsel indicated that there were roughly 20 entities, inclusive of all the clinics and management companies, but only seven had filed bankruptcy.

12. On January 28, 2025, the OUST emailed Debtor's Proposed Counsel, information regarding the Initial Debtor Interview ("IDI") which was scheduled for February 20, 2025. The OUST requested IDI documents by February 13, 2025, to provide sufficient time to prepare for the IDI, which the Debtor failed to timely provide.

13. On February 19, 2025, I received an email from Proposed Counsel indicating that he was in receipt of some documents and would review and submit them in due course. Later that day, I received documents from the Debtor's Proposed Counsel, but because they were sent hours before the scheduled IDI, I did not have sufficient time to thoroughly review the documents sent. Accordingly, due to the Debtor's delay in providing the IDI documents and filing schedules, the OUST continued the IDI to March 6, 2025.

14. During the first IDI on February 20, 2025, the OUST advised the Debtor's Representative of the requirement to timely file monthly operating reports ("MORs") with the January MOR due the following day, February 21, 2025. During the continued IDI, the OUST again advised the Debtor's Representative of this requirement.

15. Based upon my review of the Court's official bankruptcy docket, the Debtor has failed to timely file the January MOR, which was due February 21, 2025. The February 2025 MOR will become due March 21, 2025.

16. Based upon my review of the documents that the OUST received, the Debtor's Proposed Counsel provided the OUST with a copy of its privacy policy.

17. Based upon my review of the documents that the OUST received, the Debtor's Proposed Counsel provided the OUST with a screenshot of its online banking portal page indicating it closed its business account at Fortifi Bank.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed in Las Vegas, Nevada on March 17, 2025.

<u>/s/ Bryan G. Coleman</u><br>
Bryan G. Coleman<br>
Bankruptcy Auditor for United States Trustee

5