NVB 4001 (Rev. 09/20)

## * * § 362 INFORMATION SHEET * *

Numale Corporation  
**DEBTOR**  
PROSPECT RAINBOW, LLC  
**MOVANT**

25-10341-nmc  
BK-  
CHAPTER: 11

MOTION #: 67

### Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 03/18/2025     Signature: Russell G. Gubler  
  Attorney for Movant

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website: https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: 6590 S. Rainbow Blvd, Las Vegas, Nevada, 89  
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ✓ ;  
DATE OF SERVICE: 03/18/2025

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st _____ | 1st _____ |
| 2nd _____ | 2nd _____ |
| 3rd _____ | 3rd _____ |
| 4th _____ | 4th _____ |
| Other: _____ | Other: _____ |
| Total Encumbrances: _____ | Total Encumbrances: _____ |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: Lease | . |
| Interest Rate: 0 | . |
| Duration: March 2032 | . |
| Payment per Month: 23,020.77 | . |
| Date of Default: 01/05/2025 | . |
| Amount in Arrears: 76365.43 | . |
| Date of Notice of Default: 01/09/2025 | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| Phone call on 2/11/25; 365 letter on 02/20/25; email on 3/11/25; mess. 3/17/25 | |
| SUBMITTED BY: Russell G. Gubler | SUBMITTED BY: _____ |
| Atty for Prospect Rainbow, LLC | SIGNATURE: _____ |

Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone (702) 471-0065
Facsimile (702) 471-0075
rgubler@mjohnsonlaw.com
*Attorneys for Prospect Rainbow, LLC*

E-Filed: March 18, 2025

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtor in Possession | Case No. 25-10341-NMC<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY OR FOR ADEQUATE PROTECTION AND TO COMPEL ASSUMPTION OR REJECTION OF LEASE**<br><br>**Time: OST Pending**<br>**Date: OST Pending** |

**NOW COMES** PROSPECT RAINBOW, LLC through its attorneys of the law firm of JOHNSON & GUBLER, P.C., and respectfully moves this Court, pursuant to 11 U.S.C. Section 362 and Bankruptcy Rules 6006 and 4001, for relief from the automatic stay, or alternatively, for adequate protection, and to compel assumption or rejection of the lease of the property located at 6590 S. Rainbow Blvd, Las Vegas, Nevada, 89118 as follows:

1. Debtor filed a Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code on January 22, 2025. ECF 1.

2. Creditor, PROSPECT RAINBOW, LLC ("PR") is the holder of a certain lease agreement regarding the property at which Debtor operates its business, located at 6590 S. Rainbow

Blvd, Las Vegas, Nevada, 89118, in Las Vegas, Nevada. The Debtor entered into the lease agreement on April 5, 2019, and amended on September 3, 2020, agreeing to pay PR base rent and property operating costs in the amount of $21,770.77 per month, plus $550.00 per month in Parking rent, and $700.00 per month in Signage Rent. Copies of the lease agreement, amendment, and personal guarantee at issue in this matter are attached as "Exhibit A" to the Declaration in Support of Motion for Relief from Automatic Stay or For Adequate Protection and to Compel Assumption or Rejection of the Lease [ECF 68, Exhibit A].

3. Debtor's principal, Brad Palubicki personally guaranteed payment of the lease. *Id.*

4. Pursuant to LR 4001(a)(2), a §362 information sheet is attached. Pursuant to LR 4001(5), Russell G. Gubler certifies that he has attempted to confer with Debtor's counsel no later than two (2) business days prior to the filing of the motion, and that after sincere effort to do so, he has been unable to resolve this matter without court action.

5. Under paragraph 21.9.1 of the lease agreement, PR is entitled, in addition to payment of the foregoing rents, for interest and administrative charges in the amount of 5% for each delayed payment. ECF 68, Exhibit A.

6. In addition, PR is entitled to attorney's fees under paragraph 36 of the lease agreement. ECF 68, Exhibit A.

7. The last payment that the Debtor made on its account with PR was on December 10, 2024. No payments have been made since that time. Prepetition, the Debtor owes $24,171.81 for unpaid rents. Post-Petition, the Debtor owes $47,643.62 for unpaid rents. The tenant ledger is attached as "Exhibit B" to the Declaration in Support of Motion for Relief from Automatic Stay or For Adequate Protection and to Compel Assumption or Rejection of the Lease [ECF 68, Exhibit B].

8. As of the date of filing this motion, the Debtor owes PR the sum of $73,140.43, plus fees and costs, under the terms of the lease agreement. *Id.*

9. In the event that Debtor desires to accept this lease and make payments, it would require a payment, as of March 18, 2025, of $76,365.43, to bring this account current. This includes

the amount owing for foregoing rents through March 18, 2025, plus $3,225 in attorney's fees, which are allowed under the lease agreement. *Id*; ECF 68, Exhibit C.

10. PR's interest are not being adequately protected. The Debtor is utilizing the leased premises in the operation of its business. However, the Debtor has failed to make any payments since December 10, 2024. Debtor has not made any payments post-petition and owes $76,365.43 to bring the lease current.

11. In a telephone call on February 11, 2025, with Debtor's counsel, Debtor indicated its intention to retain PR's property and to assume the lease. However, despite these and other communications to Debtor's counsel, the Debtor has failed to make any payments to PR that would allow such retention that were incurred as a result of the Debtor's actions, and has failed to promptly cure or provide adequate assurance that it will promptly cure the default of the lease. Communications to Debtor's counsel are attached hereto as Exhibit D.

12. Although the Debtor may accept the lease under 11 U.S.C. §365, in order for the Debtor to do so, it must cure, or provide adequate insurance that it will promptly cure any default, as well as provide adequate assurance of future performance. *See* 11 U.S.C. §365(b)(1).

13. The Court should lift the automatic stay pursuant to 11 U.S.C. Section 362(d)(2) because:

    A. The Debtor does not have equity in the property as the property is leased;

    B. The Debtor has failed to make any post-petition payments; and

    C. The Debtor cannot cure the default or provide adequate protection that would allow acceptance of the lease by the Debtor as set forth in 11 U.S.C. §365(d).

14. Alternatively, the Court should require the Debtor to make adequate protection payments to PR, and require the Debtor to accept the lease and promptly cure the default by paying PR $76,365.43 for the amount due and owing as of February 18, 2025, as well as provide to PR adequate assurance that it will continue future performance under the lease, as required under 11 U.S.C. §365(b)(1).

For all of these reasons, PR respectfully requests that this Court enter an Order Vacating the Automatic Stay, allowing Movant to enforce its state law remedies and obtain possession of the leased premises, or alternatively, that the Court order the Debtor to make adequate protection payments to PR, including cure or adequate assurance that the Debtor will promptly cure the default of the lease as well as compensate or provide adequate assurance that the Debtor will promptly compensate Movant for its pecuniary losses from the default and provide the Movant with adequate assurance of future performance under the Lease Agreement as expressly set forth under 11 U.S.C. §365, and that the Court waive the 14-day stay due to the Debtor's failure to cure or provide adequate assurances that it will promptly cure the lease payments.

DATED this 18th day of March, 2025.

JOHNSON & GUBLER, P.C.

/s/ Russell G. Gubler
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
831 West Sahara Avenue
Las Vegas, NV  89117
Telephone (702) 388-1996
Facsimile (702) 471-0075
rgubler@mjohnsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Johnson & Gubler, P.C. and that on March 18, 2025, I caused to be served a true and correct copy of the MOTION FOR RELIEF FROM AUTOMATIC STAY OR FOR ADEQUATE PROTECTION AND TO COMPEL ASSUMPTION OR REJECTION OF LEASE in the following manner:

[X]  a.  **Electronic Service**

Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

[ ]  b.  **United States Mail**

By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

[ ]  c.  **Facsimile Transmission**

By facsimile to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written. No error was reported by the facsimile machine that I used.

[ ]  d.  **Personal Service**

[ ] For a party represented by an attorney, delivery was made by handing the documents to the attorney or by leaving the documents at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the documents in a conspicuous place in the office, on the date written above.

[ ] For a party, delivery was made by handing the documents to the party or by leaving the documents at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there, on the date written above.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: March 18, 2025.

/s/ Kathra Davis                .
An Employee of Johnson & Gubler, P.C.

5