Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
8831 West Sahara Avenue
Las Vegas, NV 89117
Telephone (702) 471-0065
Facsimile (702) 471-0075
rgubler@mjohnsonlaw.com
*Attorneys for Prospect Rainbow, LLC*

E-Filed: March 18, 2025

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtor in Possession | Case No. 25-10341-NMC<br><br>Chapter 11<br><br>**DECLARATION OF TARIQ ZEIADEH IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY OR FOR ADEQUATE PROTECTION AND TO COMPEL ASSUMPTION OR REJECTION OF LEASE**<br><br>**Time: OST Pending**<br>**Date: OST Pending** |

I, Tariq Zeiadeh, hereby declare under the penalty of perjury as follows:

1. I am the manager of the creditor Prospect Rainbow, LLC (the "Creditor" or "PR").

2. I make this Declaration in support of the Motion for Relief From Automatic Stay or For Adequate Protection and to Compel Assumption or Rejection of Lease (the "Motion"), and this Declaration is based on my personal knowledge.

3. Debtor, NUMALE CORPORATION ("Debtor"), filed a Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code on January 22, 2025. ECF 1.

1

4. Creditor is the holder of a certain lease agreement regarding the property at which Debtor operates its business, located at 6590 S. Rainbow Blvd, Las Vegas, Nevada, 89118, in Las Vegas, Nevada. The Debtor entered into the lease agreement on April 5, 2019, and amended on September 3, 2020, agreeing to pay PR base rent and property operating costs in the amount of $21,770.77 per month, plus $550.00 per month in Parking rent, and $700.00 per month in Signage Rent. Copies of the lease agreement, amendment, and personal guarantee at issue in this matter are attached hereto as "Exhibit A".

5. Debtor's principal, Brad Palubicki personally guaranteed payment of the lease. *Id.*

6. Under paragraph 21.9.1 of the lease agreement, PR is entitled, in addition to payment of the foregoing rents, for interest and administrative charges in the amount of 5% for each delayed payment. Exhibit A.

7. In addition, PR is entitled to attorney's fees under paragraph 36 of the lease agreement. Exhibit A.

8. The last payment that the Debtor made on its account with PR was on December 10, 2024. No payments have been made since that time. The tenant ledger is attached hereto as "Exhibit B".

9. As of the date of filing this motion, the Debtor owes PR the sum of $73,140.43, plus fees and costs, under the terms of the lease agreement. *Id.*

10. In the event that Debtor desires to accept this lease and make payments, it would require a payment, as of March 18, 2025, of $76,365.43, to bring this account current. This includes the amount owing for foregoing rents through March 18, 2025, plus $3,225 in attorney's fees, which are allowed under the lease agreement. *Id*; Exhibit C[1].

---

[1] The fees are true and correct, and are reasonably incurred.

11. PR's interests are not being adequately protected. The Debtor is utilizing the leased premises in the operation of its business. However, the Debtor has failed to make any payments since December 10, 2024. Debtor has not made any payments post-petition and owes $76,365.43 to bring the lease current. The payments from Debtor are PR's only income.

12. On information and belief, in a telephone call on February 11, 2025, with Debtor's counsel, Debtor indicated its intention to retain PR's property. However, despite these and other communications to Debtor's counsel, the Debtor has failed to make any payments to PR that would allow such retention of the property. Further, Debtor has failed to communicate to PR. Communications to Debtor's counsel are attached hereto as Exhibit D.

13. PR requests that the Court lift the automatic stay pursuant to 11 U.S.C. Section 362(d)(2) because:

    a. The Debtor does not have equity in the property as the property is leased;

    b. The Debtor has failed to make any post-petition payments; and

    c. The Debtor cannot cure the default or provide adequate protection that would allow acceptance of the lease by the Debtor as set forth in 11 U.S.C. §365(d).

14. Alternatively, PR requests that the Court should require the Debtor to make adequate protection payments to PR, and require the Debtor to accept the lease and promptly cure the default by paying PR $76,365.43 for the amount due and owing as of February 18, 2025, as well as provide to PR adequate assurance that it will continue future performance under the lease, as required under 11 U.S.C. §365(b)(1).

For all of these reasons, PR respectfully requests that this Court enter an Order Vacating the Automatic Stay, allowing Movant to enforce its state law remedies and obtain possession of the

3

leased premises, or alternatively, that the Court order the Debtor to make adequate protection payments to PR, including cure or adequate assurance that the Debtor will promptly cure the default of the lease as well as compensate or provide adequate assurance that the Debtor will promptly compensate Movant for its pecuniary losses from the default and provide the Movant with adequate assurance of future performance under the Lease Agreement as expressly set forth under 11 U.S.C. §365.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 18th day of March, 2025.

_____
Tariq Zeiadeh

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of JOHNSON & GUBLER, P.C. and that on the 18th day of March, 2025, I caused to be served a true and correct copy of the *DECLARATION OF TARIQ ZEIADEH IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY OR FOR ADEQUATE PROTECTION AND TO COMPEL ASSUMPTION OR REJECTION OF LEASE* in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Kathra Davis
An employee of JOHNSON & GUBLER, P.C.

5