Ryan J. Works, Esq. (NSBN 9224)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rworks@mcdonaldcarano.com

Bryce Friedman, Esq. (*pro hac vice pending*)
David Zylberberg, Esq. (*pro hac vice pending*)
Summer Craig, Esq. (*pro hac vice pending*)
Zach Weiner, Esq. (*pro hac vice pending*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2235
bfriedman@stblaw.com
David.Zylberberg@stblaw.com
scraig@stblaw.com
Zachary.Weiner@stblaw.com

*Attorneys for Certain Underwriters at Lloyd's London Syndicates 623/2623*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>NUMALE CORPORATION,<br><br>Debtor. | Case No.: 25-10341-nmc<br>Chapter 11<br><br>***EX PARTE* MOTION TO RECONSIDER ORDER APPROVING STIPULATION FOR ENTRY OF ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362 AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS [ECF NO. 76]** |

Certain Underwriters at Lloyd's London Syndicates 623/2623 ("**Beazley**") by and through counsel, hereby files their *Ex Parte* Motion to Reconsider (this "**Motion**") for reconsideration of the entry of the *Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings to Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-debtors* (ECF No. 76), and respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 105(a) and 362(d) of title 11 of the United States Code (11 U.S.C. §§ 101-1330) (the "*Bankruptcy Code")*, Rules 4001(d), 9014, and 9023 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 59(e) of the Federal Rules of Civil Procedure (the "*Federal Rules*") and Rule 4001 of the Local Rules of Bankruptcy Practice for the United State Bankruptcy Court of the District of Nevada (the "*Local Rules*").

## BACKGROUND

2. At approximately 4:00PM (PT) on March 18, 2025, creditor Michael E. Sanchez ("*Sanchez*") filed a purported stipulation (the "*Stipulation*")[1] with debtor Numale New Mexico, SC (the "*New Mexico Debtor*") pursuant to which the New Mexico Debtor agreed to lift the automatic stay to permit the prosecution of the New Mexico Case against the New Mexico Debtor and the Parent Debtor. At approximately 8:00AM (PT) the following morning, an order approving the stipulation (the "*Stipulation Order*") was filed in the Chapter 11 case of Numale Corporation (the "*Parent Debtor*"). Beazley, a party in interest in the Chapter 11 cases of both the Parent Debtor and the New Mexico Debtor,[2] was provided no notice or opportunity to object to the Stipulation or the Stipulation Order, even though Beazley is explicitly identified as a party-in-interest in the Stipulation. *Compare* Stipulation ¶ 18 ("the Parties attended a mediation with the Debtor and its insurance company, Beazley Insurance/Syndicates…") *with* the Certificate of Service[3] (certifying that the Stipulation was served only on persons identified on the New Mexico Debtor's creditor

---

[1] Capitalized terms not defined in this Motion shall have the meanings given to such terms in the Stipulation.

[2] The Chapter 11 cases of the Parent Debtor and the New Mexico Debtor are not jointly administered.

[3] The *"Certificate of Service"* means the *Amended Supplemental Certificate of Service re Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings to Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Nondebtors* (ECF No. 79).

matrix, which does not include Beazley as insurer). Indeed, neither the New Mexico Debtor nor the Parent Debtor even filed a motion explaining the basis for lifting the automatic stay for the benefit of Sanchez.

3. For these reasons alone, Beazley submits that the Stipulation Order should be reconsidered and withdrawn, and only heard by the Court after the New Mexico Debtor and the Parent Debtor comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and fundamental due process.

4. Beazley also has grave concerns regarding the negotiation and execution of the Stipulation.

- As the Court knows, there is a pending motion by the United States Trustee (the "***US Trustee***") to appoint a Chapter 11 trustee in the Chapter 11 case of the Parent Debtor (ECF No. 59)[4] (the "***Trustee Motion***"), which is scheduled to be heard on March 27, 2025. The Trustee Motion alleges, among other things, that the Parent Debtor "has failed to . . . comply with its duties as the debtor in possession" and "continues to act in its own interests." Trustee Motion pg. 2. With the Parent Debtor's and the New Mexico Debtor's motivations and behavior under open challenge, it is inappropriate to permit them to unilaterally lift the stay—especially since the debtors-in-possession may be displaced by an independent Chapter 11 or Chapter 7 trustee **in merely seven days**.

- The Stipulation also appears to not be duly authorized or executed by the New Mexico Debtor. It is signed by David A. Riggi as "proposed attorney" for the New Mexico Debtor, neither the Parent Debtor nor the New Mexico Debtor has filed a copy of corporate resolutions authorizing their respective bankruptcy filings or the retention of Mr. Riggi as counsel. *See* Trustee Motion pgs. 6-7. Furthermore, Mr. Riggi did not file an application to be retained by the New Mexico Debtor until after filing the Stipulation, and his purported engagement letter is undated. *See Application to Employ Law Firm as Attorney for Debtor in Possession* (ECF No. 81). In short, the Court cannot be certain, based on the record of this case, that the New Mexico Debtor has actually agreed to the Stipulation, and if it has agreed, whether the persons authorizing entry into the Stipulation were conflicted or otherwise acting in a manner inconsistent with their fiduciary duties.[5]

---

[4] Docket references throughout this motion refer to the Parent Debtor Chapter 11 case.

[5] As the Court is aware, the Honorable Andrew P. Gordon, Chief Judge of the United States District Court for the District of Nevada, issued an Order of Suspension against Riggi. A notice of this suspension was docketed in this case (ECF No. 45) and subsequently rescinded a few days later (ECF No. 55). Beazley understands that this suspension related to a six-month suspension of Mr. Riggi's license by the State of Nevada, which has been stayed during a two-year probationary period during which Mr. Riggi is permitted to continue to practice law subject to certain conditions. This

5. Finally, the substance of the Stipulation and Stipulation Order is problematic. In particular, they contain a litany of errors and make incorrect stipulations/findings, including:

- The Stipulation was executed solely by purported counsel to the New Mexico Debtor, but the Stipulation Order purports to lift the stay with respect to the "Debtors". *See* Stipulation Order pg. 2 ("[T]he automatic stay shall be terminated as to the **Debtors**") [emphasis added].

- The Stipulation was executed solely by purported counsel to the New Mexico Debtor and filed in the Chapter 11 case of the New Mexico Debtor, but the Stipulation Order was entered in the Chapter 11 case of the Parent Debtor, who is not a party to the Stipulation.

- The Stipulation asserts, and the Stipulation Order finds, that certain non-debtors were found "jointly and severally liable" by the New Mexico Case jury verdict. *See* Stipulation ¶¶ 3-4; Stipulation Order pg. 2. This is incorrect. Punitive damages were only assessed against the Parent Debtor (and not the New Mexico Debtor or any non-debtor defendant) in the New Mexico Case. *See* Question 10 of the verdict form attached as Exhibit A to the Stipulation, which is reattached to this Motion as **Exhibit A** (awarding "punitive damages against Defendant Numale Corporation").

- The Stipulation Order includes a scrivener's error in the key operative provision, as it provides that "the automatic stay shall be as to judgment only, not enforcement" [sic]. Stipulation Order pg. 2. Beazley assumes the parties intended to insert the word "terminated" into that sentence, reversing its meaning. *See* Stipulation ¶ 19.

6. In short, the Stipulation and the Stipulation Order are the product of an absence of due process and a willful disregard for the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and the result is an error-filled order that appears to have been rushed ahead of the hearing to consider the Trustee Motion. Beazley respectfully submits that the Stipulation Order should be reconsidered and withdrawn, and only heard after (i) a motion is filed by the applicable debtors, (ii) an independent trustee can assess the merits of the Stipulation and determine whether they wish to proceed with it, and (iii) all parties-in-interest are provided an opportunity to object.

**RELIEF REQUESTED**

7. By this Motion, Beazley requests that the Court reconsider and withdraw the Stipulation Order.

---

suspension is a *prima facie* basis to closely examine the motivations and practices of Mr. Riggi and both debtors.

**BASIS FOR RELIEF**

**A.     Lift-Stay Stipulations May Only Be Entered After a Motion and Opportunity to Object**

8.    It is black-letter law that a stipulation lifting the stay with respect to any creditor may only be approved after the filing of a motion and an opportunity for parties-in-interest to object. *See* 11 U.S.C. § 362(d) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay. . . ."). Bankruptcy Rule 4001(d)(1) expands upon the requirements of Section 362(d), setting forth express requirements for the form of a motion to approve a lift-stay stipulation, necessary service parties, and providing affected parties with 14 days to object to entry of the stipulation. *See* FED. R. BANKR. P. 4001(d)(1)(A)-(C). Bankruptcy Rule 4001(d)(2) requires a hearing to be held on "no less than seven days' notice" if a party-in-interest objects to the proposed stipulation, and Bankruptcy Rule 4001(d)(4) provides that these due process procedures may only be modified if the court finds that parties-in-interest received "reasonable notice of the material provisions of the agreement and opportunity for a hearing." *See* FED. R. BANKR. P. 4001(d)(2),(4). Finally, in this jurisdiction, the Local Rules require a 14-day notice period prior to entry of a stipulation for stay relief:

> (2)  As to all other agreements or stipulations under Fed. R. Bankr. P. 4001(d), upon the filing of a declaration attesting that no objections have been timely filed within fourteen (14) days of the filing and service of the agreement or stipulation and notice thereof, the court may enter an order approving the agreement or stipulation. Nothing contained herein precludes the court from sua sponte setting a hearing with regarding to such an agreement or stipulation.

Local Rule 4001(c)(2).

9.    As set forth above, and as certified by the movant, Beazley was not provided with notice or an opportunity to object to the Stipulation or the Stipulation Order. As such, the requirements of Section 362, Bankruptcy Rule 4001(d), and Local Rule 4001(c)(2) have not been satisfied.

**B.     The Stipulation and Stipulation Order Contain Material Inaccuracies**

10.    The Stipulation and Stipulation Order are rife with errors. Most significantly, the

Stipulation Order includes a finding that non-debtor defendants were found jointly and severally liable for the verdict in the New Mexico Case, a finding squarely inconsistent with the evidence provided to the Court by the stipulating parties.

11. Even if the Court had intended to make such a finding, it has been provided with no basis to do so. The parties have provided no basis under 28 U.S.C. § 157(b) for the Court to have jurisdiction over the liability of non-debtors in the New Mexico Case: *i.e.*, over state law claims between two non-debtors. The parties provided no evidence regarding liability in the New Mexico Case other than the verdict form, which plainly states the non-debtors are not liable for punitive damages. And the New Mexico Debtor has no authority to stipulate as to the liability of parties other than the New Mexico Debtor. The inclusion of the "joint and several" finding in the Stipulation Order was clear error.

**C.  Reconsideration is Appropriate under the Facts of This Case**

12. Under the extraordinary facts of this case, Beazley respectfully submits that reconsideration of the Stipulation Order pursuant to Bankruptcy Rule 9023, Federal Rule 59(e), and Local Rule 4001 is appropriate. "Reconsideration is appropriate if the … court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

13. In this case: the Stipulation was not duly executed; the attorney that executed the Stipulation is mere days away from potential removal and replacement by a Chapter 11 Trustee; the Stipulation Order includes material errors; and Beazley and other parties-in-interest were not served prior to entry of the Stipulation Order; indeed, the Stipulation was publicly filed just **one business hour** before the Stipulation Order was entered. It is hard to imagine a more concerning scenario. Consequently, the entry of the Stipulation Order constituted clear error and manifest injustice under Federal Rule 59(e).

**CONCLUSION**

WHEREFORE, Beazley respectfully requests reconsideration and withdrawal of the Stipulated Order and such other and further relief to which Beazley may be entitled.

DATED this 20th day of March, 2025.

          McDONALD CARANO LLP

By: */s/ Ryan J. Works*
    Ryan J. Works, Esq. (NSBN 9224)
    2300 West Sahara Avenue, Suite 1200
    Las Vegas, Nevada 89102
    rworks@mcdonaldcarano.com

    Bryce Friedman, Esq. (*pro hac vice pending*)
    David Zylberberg, Esq. (*pro hac vice pending*)
    Summer Craig, Esq. (*pro hac vice pending*)
    Zach Weiner, Esq. (*pro hac vice pending*)
    SIMPSON THACHER & BARTLETT LLP
    425 Lexington Avenue
    New York, NY 10017
    bfriedman@stblaw.com
    David.Zylberberg@stblaw.com
    scraig@stblaw.com
    Zachary.Weiner@stblaw.com

*Attorneys for Certain Underwriters at Lloyd's London Syndicates 623/2623*

# EXHIBIT A

# EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/26/2024 2:24 PM
KATINA WATSON
CLERK OF THE COURT
Jennie L Sotelo

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

MICHAEL E. SANCHEZ,

    Plaintiff,

    v.                                                                                    No: D-202-CV-2020-06336

NUMALE CORPORATION (a Nevada Corp.), NUMALE
ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center
(a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP.
d/b/a NuMale Medical Center (a Wisconsin Corp.),
CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D.,
BRAD PALUBICKI, JUSTIN PULLIAM,
STEVEN G. CHAPMAN P.A.-C and MIKE RIVERA

    Defendants.

## SPECIAL VERDICT FORM

On the questions submitted, the jury finds as follows:

### I.  Fraud Claim

**QUESTION 1**:     Was any conduct by any Numale Defendant fraudulent?

    Answer: Yes __X__          No_____

*If your answer to this question is "Yes" you are to answer Question 2.*
*If your answer to this question is "No", proceed to Question 3.*

**QUESTION 2**:     Was any fraudulent conduct by Numale a cause of Plaintiff's damages?

    Answer: Yes __X__          No_____

*Proceed to Question 3.*

## II. Negligence Claims

**QUESTION 3**: Was any conduct by any Numale Defendant negligent?

Answer: Yes  X       No _____

*If your answer to this question is "Yes" you are to answer Question 4.*
*If your answer to this question is "No", proceed to Question 5.*

**QUESTION 4**: Was any negligent conduct by Numale a cause of Plaintiff's damages?

Answer: Yes  X       No _____

*Proceed to Question 5.*

## III. Claim for Unconscionable Conduct in Violation of the Unfair Practices Act

**QUESTION 5**: Was any conduct by any Numale Defendant an unconscionable trade practice in violation of the Unfair Practices Act?

Answer: Yes  X       No _____

*If your answer to this question is "Yes" you are to answer Question 6.*
*If your answer to this question is "No", proceed to Question 7.*

**QUESTION 6**: Was any unconscionable conduct under the Unfair Practices Act a cause of Plaintiff's damages?

Answer: Yes  X       No _____

*Proceed to Question 7.*

## IV. Claim for Unfair or Deceptive Conduct in Violation of the Unfair Practices Act

**QUESTION 7**: Was any conduct by any Numale Defendant an unfair or deceptive trade practice in violation of the Unfair Practices Act?

Answer: Yes  X       No _____

*If your answers to Questions 1, 2, 3, 4, 5, 6 and 7 are all "No", you are not to answer further questions. Your foreperson must sign this special verdict, which will be your verdict for Defendants and against Plaintiff, and you will all return to open court.*

*If you answered "Yes" to both Questions 1 and 2 and/ or to both Questions 3 and 4 and/ or to both Questions 5 and 6, and /or Question 7 you are to proceed to Question 8.*

### V. **Damages**

**QUESTION 8:** In accordance with the damages instruction given by the Court, we find the total amount of compensatory damages suffered by Plaintiff to be:

$ **37,005,149.00**

*Proceed to Question 9.*

**QUESTION 9:** Compare the responsibility of the following parties and find a percentage for each. The total of the percentages must equal 100%, but the percentages for any one of the parties named may be zero if you found that party was not responsible.

| | |
|---|---|
| Numale Defendants | **100%** |
| Michael E. Sanchez | **0%** |
| | 100% TOTAL |

*The court will multiply the percentages of the Numale Defendants times Plaintiff's total damages as found by the jury under Question 8. The Court will then enter judgment for Plaintiffs against the Numale Defendants in the proportion of damages found as to the Defendants. If the percentage found by the court for the Numale Defendants is zero, then the court will enter judgment in favor of the Numale Defendants and against the Plaintiff.*

*If you assigned a numerical percentage of fault to the Numale Defendants in response to Question 9, you are to answer Question 10 below.*

## VI. Punitive Damages

**QUESTION 10:** Was the cumulative conduct of Numale Corporation acting through its agents and subsidiary corporations either willful, wanton or reckless?

Answer: Yes __X__    No_____

If "Yes" enter the amount of punitive damages against Defendant Numale Corporation:

$ __375,000,000.00__

*Proceed to Question 11.*

**QUESTION 11:** Was any wrongful conduct by two or more of the Numale Defendants a cause of harm to Michael E. Sanchez? Specifically did two or more of the Numale Defendants act together to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means?

Answer: Yes __X__    No_____

If your answer is "yes", place an "X" next to each of the Numale Defendants who acted together to accomplish an unlawful purpose or a lawful purpose by unlawful means:

__X__ Numale Corporation
__X__ Numale New Mexico S. C. Corp.
__X__ Numale Albuquerque LLC
__X__ Christopher Asandra MD
__X__ Carlos Feliciano MD
__X__ Brad Palubicki
__X__ Justin Pulliam

_____
Foreperson

__Nov 25, 2024__
Date