NVB 4001 (Rev. 09/20)

# * * § 362 INFORMATION SHEET * *

**DEBTOR:** Numale Corporation
**BK-:** 25-10341-nmc
**MOTION #:**

**MOVANT:** Michael E. Sanchez
**CHAPTER:** 11

---

**_Certification of Attempt to Resolve the Matter Without Court Action:_**
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*
*Date:* March 25, 2025   *Signature:* /s/ Ogonna M. Brown
                                      *Attorney for Movant*

---

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website: https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

---

PROPERTY INVOLVED IN THIS MOTION: _____
NOTICE SERVED ON: Debtor(s) [✓]; Debtor's counsel [✓]; Trustee [✓];
DATE OF SERVICE: March 25, 2025

---

**MOVING PARTY'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:

1st  Stay termination to obtain post-trial
2nd  rulings and final judgment on jury
3rd  verdict in New Mexico state court
4th  _____
Other: _____
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

**DEBTOR'S CONTENTIONS:**
The EXTENT and PRIORITY of LIENS:

1st  _____
2nd  _____
3rd  _____
4th  _____
Other: _____
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

---

**TERMS of MOVANT'S CONTRACT with the DEBTOR(S):**

Amount of Note: _____
Interest Rate: _____
Duration: _____
Payment per Month: _____
Date of Default: _____
Amount in Arrears: _____
Date of Notice of Default: _____
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: Ogonna M. Brown

**DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:**

.
.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: _____
SIGNATURE: _____

Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel:    702.949.8200
Fax:    702.949.8398

*Attorneys for Creditor Michael E. Sanchez*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>            Debtor. | Case No. 25-10341-nmc<br>Chapter 11<br><br>**MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(A)(3)**<br><br>**REMOTE: (833) 435-1820**<br>**MEETING ID: 161 166 2815**<br>**Passcode: 115788#**<br><br>Hearing Date: OST REQUESTED<br>Hearing Time: OST REQUESTED<br><br>Judge: Hon. Natalie M. Cox |

Michael E. Sanchez ("Mr. Sanchez", or alternatively, "Movant"), creditor, by and through his counsel, Ogonna M. Brown, Esq. of the law firm of Womble Bond Dickinson (US), LLP, hereby files this Motion to Terminate Automatic Stay Under 11 U.S.C. §362(d)(1) as to New Mexico State Court Post-Trial Proceedings, to Judgment Only, Not Enforcement, as to Numale Corporation ("Debtor") and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) (the "Motion").

127838060.1

This Motion is based upon the following grounds and the following reasons: (1) the Debtor and Numale New Mexico S.C. Corporation (hereinafter "Numale NM SC") filed for bankruptcy after a jury verdict in the amount of $412 million was entered against them, jointly and severally with other non-debtor defendants, but before orders on post-trial motions or a final appealable judgment was entered by the New Mexico trial court (*See* ECF No. 1)[1]; (2) cause exists to terminate the automatic stay to allow the post-trial motions to be adjudicated and for a final appealable judgment to be entered against the Debtor to judgment only, not enforcement; (3) Mr. Sanchez also seeks a comfort order from this Court to proceed against the non-debtors to enforce the imminent final appealable judgment, and to avoid piecemeal post-trial motions and appeals; (4) the Debtor has previously stipulated to the relief requested in the Stipulation filed with this Court on March 18, 2025 (ECF No. 70); (5) cause exists to terminate the stay under the *Curtis* factors, given that the Debtor has previously stipulated to terminate the automatic stay (ECF No. 70), and judicial efficiency will be fostered by allowing the New Mexico State Court to decide post-trial motions as to all Defendants and to reduce the jury verdict to a final appealable judgment. The interests of other parties would not be prejudiced by terminating the stay to allow the New Mexico State Court to reduce the jury verdict to a judgment, which will avoid piecemeal post-trial motion practice and appeals; (6) after convincing Mr. Sanchez to voluntarily stay post-trial motions until March 15, 2025, to attempt settlement, Debtor filed for bankruptcy and then Beazley Insurance sued Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., along with nondebtor Defendants Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, in the New Mexico Case, seeking declaratory relief from Beazley's duties owed to each of them under the policies that insured them in the New Mexico Case brought by Mr. Sanchez. Beazley's declaratory relief action directly impacts the Debtor's rights and interests, further militating in favor of immediate stay termination to avoid piecemeal litigation, which judicial efficiency will benefit

---

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-25-10341-nmc as it relates to Debtor's Chapter 11 case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure.

all parties, including interested parties such as Beazley; and (7) Movant seeks a comfort order terminating the stay as to the Non-Debtors (defined below) to proceed in state court.

Mr. Sanchez requests that pursuant to FRE 201(b), this Court take judicial notice of all materials appearing on the docket in the above-captioned Chapter 11 proceeding and in the New Mexico State Court matters currently pending.[2]

This Motion is supported by the Declaration of Lori Bencoe, Esq. ("Bencoe Decl."), state court counsel for Mr. Sanchez, filed separately and concurrently herewith pursuant to Rule 9014(c) of the Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada. This Motion is also supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument this Court may entertain regarding the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **JURISDICTION**

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), 11 U.S.C. § 1112, 11 U.S.C. § 362, 11 U.S.C. § 305(a)(1), and LR 1001(b)(1). Venue is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.2(b), Creditor consents to the entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[2] This Court may take judicial notice pursuant to FRE 201(b), of all materials appearing on the New Mexico Case court docket. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar claims); *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015), *aff'd sub nom. OMS, LLC v. Bank of America, N.A.*, 2015 WL 1271307 (C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

## II. FACTUAL BACKGROUND

Movant incorporates by reference the Bencoe Declaration, filed concurrently herewith.

SANCHEZ V. NUMALE LITIGATION IN NEW MEXICO

### A. LITIGATION AND TRIAL OF THE NEW MEXICO CASE:

1. In 2020, Mr. Sanchez commenced litigation against debtors-in-possession Numale Corporation, Numale N.M. S.C. Corp., Numale Corporation's wholly owned subsidiary Numale Albuquerque LLC, and their owners and officers, including Numale Corp. President Brad Palubicki, in state court in New Mexico for ordinary and medical negligence, battery, unfair and unconscionable trade practices, fraud and civil conspiracy, in the civil case of *Michael E. Sanchez v. Numale Corporation, Numale Albuquerque LLC d/b/a Numale Medical Center, Numale New Mexico S. C. Corp., Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam*, No. D-202-CV-2020-06336 (Hon. Beatrice Brickhouse) in the Second Judicial District Court in Bernalillo County, Albuquerque New Mexico (hereinafter "New Mexico Case"). *See* Bencoe Decl.

2. The Defendants in the New Mexico Case were insured and provided a legal defense by Certain Underwriters at Lloyd's, London Syndicates 2623/623 (hereinafter "Beazley"). *See* Bencoe Decl.

3. On November 25, 2024, Mr. Sanchez obtained a jury verdict against debtors-in-possession Numale Corporation (hereinafter "Numale Corp.") and Numale New Mexico S.C. Corporation (hereinafter "Numale NM SC") and its owners and officer co-defendants totaling $412,005,149.00 before applicable statutory interest and costs. A true and correct copy of the *Stipulated Special Verdict Form* returned by the jury (filed November 26, 2024) is attached to the Bencoe Decl. as **Exhibit "1"**.

4. Pursuant to the jury's verdict, Debtors Numale Corp. and Numale NM SC, along with non-debtors Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam (hereinafter "Non-Debtors") are jointly and severally liable as co-conspirators for

127838060.1                                          - 4 -

the entire verdict arising from fraud, unfair and unconscionable trade practices and negligence as a matter of New Mexico law. *See* Jury Verdict, p. 4, **Exhibit "1"** to Bencoe Decl.

### B. POST-TRIAL PROCEEDINGS IN THE NEW MEXICO CASE:

5. After the jury verdict, Mr. Sanchez filed his *Motion for Prejudgment Interest* on December 9, 2024, seeking 10% simple interest per annum on the verdict, accruing at $112,878.12 per day, since December 31, 2020, through entry of a Judgment, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "10"**.

6. Mr. Sanchez filed his *Cost Bill and Motion for Award of Costs In the Court's Discretion* on December 23, 2024, seeking statutory taxable costs totaling $151,862.37 (or alternatively, for double costs pursuant to Rule 1-068 NMRA (Offer of Judgment) totaling an additional $124,074.06), a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "11"**.

7. After Mr. Sanchez initiated post-trial motions in the New Mexico Case that included but were not limited to **Exhibit "10"** and **Exhibit "11"**, at the request of counsel for Beazley Insurance, on December 23, 2024, the parties to the New Mexico Case notified the trial court that they were in discussion regarding resolution and asked the court to refrain from setting hearings or entering anything to prevent "the distractions or deadlines created by pending or expected post-trial proceedings." They memorialized this in a *Joint Stipulated Motion for Stay of Posttrial Proceedings* on January 6, 2025, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "12"**.

8. On January 10, 2025, the court in the New Mexico Case entered a *Stipulated Order Staying Post-Trial Proceedings until January 31, 2025*, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "13"**.

9. Next, and also at the request of counsel for Beazley Insurance, on January 30, 2025, the parties in the New Mexico Case submitted a *Joint Stipulated Motion to Extend Stay of Post-Trial Proceedings to March 15, 2025* ("State Court Stay Stipulation"), a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "14"**.

1    10.    The *Joint Stipulated Motion to Extend Stay* cited the need for additional time "to continue their good faith discussions regarding resolution" and to "focus efforts on resolution", **Exhibit "14"** to the Bencoe Decl.

11.    On February 12, 2025, the Court in the New Mexico Case entered a *Stipulated Order Extending Stay of Posttrial Proceedings until March 15, 2025*, a true and correct copy of which is attached hereto as **Exhibit "15"**.

12.    Counsel for Mr. Sanchez had no idea that while posttrial proceedings were paused by the stay agreement entered into with Beazley Insurance purportedly to resolve the case, Numale Corp. and Numale NM SC were instituting bankruptcy proceedings in Nevada. *See infra* at ¶¶ 28-29 *and see* **Exhibit "16"** to Bencoe Decl. (Notice of Bankruptcy filed in New Mexico Case on 2/20/2025).

**BANKRUPTCY IN NEVADA**

13.    On January 22, 2025, the debtor, Numale Corporation ("Debtor"), filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code (ECF No. 1).

14.    That same day, after the Debtor filed its petition, six debtor-affiliates ("Affiliates") (collectively, with the Debtor, the "Debtors") filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code, which Affiliates include:

   (a)    *In re Feliciano NuMale Nevada PLLC*, Case No. 25-10342-NMC;
   (b)    *In re NuMedical SC*, Case No. 25-10343-NMC;
   (c)    *In re NuMale Colorado SC*, Case No. 25-10344-NMC;
   (d)    *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC;
   (e)    *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC; and
   (f)    *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

15.    Nearly a month later, on February 20, 2025, Numale Corp. and Numale NM SC filed the *Notice of Bankruptcy Proceedings in the New Mexico Case*, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "16"**.

16.    Debtor Numale Corp.'s Statements only disclosed the New Mexico Case as "Sanchez v. Numale etc.", a legal action "on appeal." *See* SOFA, Part 3, item 7.2 at p. 4 of 17 (Numale Corp. ECF No. 30).

127838060.1                                    - 6 -

17. Debtor-Affiliate Numale NM SC's Statements do not disclose the New Mexico Case as a legal action involving Numale NM SC at all. *See* Numale NM SC SOFA, Part 3, at p. 3 of 15 (Numale NM SC ECF No. 25).

18. Debtor Numale Corp.'s Schedule E/F identifies Mr. Sanchez merely as an unsecured creditor with a contingent, unliquidated and disputed claim with an "unknown" amount. *See* Numale Corp. Schedule E/F, Item 3.8 at p. 13 of 22 (Numale Corp. ECF No. 31).

19. Debtor-Affiliate Numale NM SC's Schedule E/F does not disclose Mr. Sanchez as a Creditor at all. *See* Numale NM SC Schedule E/F, Parts 1-2 at pages 11-13 of 20 (Numale NM SC ECF Doc. No. 26).

20. However, Debtor Numale Corp. and Debtor-Affiliate Numale NM SC's Schedules A/B both identify a "claim for bad faith insurance and malpractice re Sanchez case" as an asset with an unknown value. *See* Numale Corp. Schedule A/B, Part 11, Item, 74, p. 8 of 22 (Numale Corp. ECF No. 31) *and see* Numale NM SC Schedule A/B, Part 11, Item 74, p. 8 of 20 (Numale NM SC ECF No. 26).

21. On Friday March 14, 2025, Beazley Insurance took a position clearly adverse to that of its insureds, including Debtor Numale Corp., by filing a *Civil Complaint for Declaratory Judgment* action against Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., and the nondebtor Defendants in the New Mexico Case, Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "17"**.

22. The Civil Complaint that Beazley filed generally seeks judgment relief from Beazley's duties owed under the policies that insured the Numale Defendants in the New Mexico Case brought by Mr. Sanchez, and thus clearly affects the rights and interests of Debtors Numale Corp and Numale NM SC as well as Beazley's other insureds named in the Civil Complaint. *See* **Exhibit "17"** to Bencoe Decl.

**OUST'S MOTION TO DISMISS/CONVERT OR APPOINT TRUSTEE**

23.  On March 17, 2025, the Office of the United States Trustee filed a Motion to Dismiss or Convert, or Appoint a Chapter 11 Trustee (ECF No. 58), which matter is currently set on shortened time on March 27, 2025.

**DEBTOR AGREES TO STIPULATION TO TERMINATE AUTOMATIC STAY**

24.  On March 18, 2025, the Debtor and Movant entered into the Stipulation to Terminate the Automatic Stay (ECF No. 70).

25.  On March 19, 2025, this Court entered an Order Granting the Stipulation to terminate the automatic stay (ECF No. 76).

26.  On March 20, 2025, Beazley[3] filed its *Ex Parte Motion to Reconsider Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings To Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 76] ("Beazley's Motion to Reconsider") (ECF No. 82).

27.  On March 21, 2025, this Court entered an Order Granting Beazley's Motion to Reconsider and set aside the Order Terminating Stay (ECF No. 86).

### III.   LEGAL ARGUMENT

#### A.  Cause Exists to Terminate the Stay Under Sections 362(d)(1)

Section 362(d)(1) requires a bankruptcy court to grant stay relief "for cause," stating in pertinent part as follows:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

---

[3] Beazley is a nonparty who did not participate in the New Mexico Case, was not present at trial, did not read the Trial Transcript or Stipulated Final Jury Instructions, and may not appreciate the precedent in New Mexico for holding civil co-conspirators jointly and severally liable for damages. *See, e.g., Seeds v. Lucero*, 2005-NMCA-067 at ¶ 21; *Silva v. Town of Springer*, 1996-NMCA-022 at ¶ 25 (cited by Sanchez in *Plaintiff's Praecipe, Stock Stipulated and Plaintiff Requested Instructions* filed 11/8/2024 in the New Mexico Case).

127838060.1                                            - 8 -

**(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

1. **Cause Exists to Terminate the Stay for the Jury Verdict to be Reduced to a Judgment.**

"Cause" is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). The Ninth Circuit has recognized that "the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). The "Curtis factors," are as follows:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and
12. The impact of the stay and the "balance of hurt."

*In re Roger*, 539 B.R. 837, 844–45 (C.D. Cal. 2015) (citation omitted).

Here, the "Curtis Factors" weigh towards granting relief from the automatic stay to allow full and final trial court determination of post-trial matters so that the jury verdict can be reduced to a final judgment in the New Mexico State Court Action. **Under the first factor**, granting relief from stay and permitting Movant reduce the jury verdict to judgment only as to the Debtor, and enforcement as to the non-debtors only. A complete resolution of the State Court trial would be effectuated by reducing the jury verdict to a judgment. This is effectively a two-party dispute and

127838060.1                                      - 9 -

Movant is effectively the only creditor. Immediate stay termination will prevent further delay or piecemeal litigation of matters as to all Defendants in the New Mexico Case, since either piecemeal litigation or further delay in fully and finally determining all post-trial matters up to entry of a judgment would be contrary to the interests of judicial economy, and detrimental to the interests of all parties in the New Mexico Case, including Debtors who are represented by the same attorneys as the nondebtor Defendants in the New Mexico Case, and will require a final, appealable Judgment in order to finalize any Chapter 11 Reorganization Plan anyway.

**Under the second factor**, there would be no interference with bankruptcy proceedings, because the New Mexico State Court is prepared to rule on the post-trial motions, which will inure to the benefit of the Debtor for administration of the bankruptcy case through a plan of reorganization.

Stay termination is also served by the **fourth factor**, as the New Mexico State Court is well-versed in the remaining post-trial legal questions, including (1) entry of orders on pre-judgment interest and taxable costs that must be determined prior to entry of a final judgment; (2) whether and to what extent New Mexico permits joint and several liability against the Numale Defendants the jury found were civil co-conspirators; (3) whether and to what extent the jury's finding of civil conspiracy by each and all of the *Sanchez v. Numale* codefendants will render them jointly and severally liable as a matter of New Mexico law, and for what damages; (4) whether Defendants in the New Mexico Case have a viable basis to obtain relief from the Verdict based on error in matters like the jury instructions, though they failed to preserve any objection to them; and (5) whether and when Plaintiff may elect alternate remedies such as trebled damages and attorney's fees consistent with the jury's verdict on unconscionable trade practices under New Mexico's Unfair Practices Act, §§57-12-1 et seq. NMSA 1978 ("UPA"). These are all post-trial legal questions for the trial court in the New Mexico Case to determine, not for the U.S. Bankruptcy Court presiding over

Debtor Numale Corp. and Debtor Affiliates' bankruptcy proceedings to decide here. *See* Bencoe Decl. No further delay in the entry of final orders on the very matters Beazley now complains their insureds should not be bound to by the jury's verdict. *See* Beazley Declaratory Complaint, **Exhibit "17"** to Bencoe Decl. Movant is seeking prompt relief from the Stay for the New Mexico State Court that presided over the jury trial, to obtain final post-trial Orders and a final, appealable judgment as expeditiously as possible.

**Under the seventh factor,** litigation in another forum (before the New Mexico State Court) would *not* prejudice the interests of other creditors, the creditor's committee and other interested parties, because the jury trial has concluded, a jury verdict has been issued, and the state court is positioned to rule on the post-trial motions and for appeals to proceed after the judgment is entered. If the stay is not terminated for this purpose, all parties would be prejudiced by the delay and increased costs attendant with piecemeal litigation and inability to reduce the jury verdict to a final appealable judgment.

**The tenth factor**—the interests of judicial economy and the expeditious and economical determination of litigation for the parties—also militates towards relief from stay. The State Court Action has been pending for five (5) years since 2020, and the only procedural hurdle toward a final judgment is the adjudication of the post-trial motions. Interests in judicial economy support allowing the New Mexico State Court to reduce the jury verdict to a final appealable judgment. *In re Tucson Ests., Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990).

Relatedly, under **the eleventh factor**, the State Court Action had progressed to the point where the parties had concluded a jury trial and the jury had issued a verdict, leaving only the entry of a final appealable judgment after the post-trial motions are heard. "[C]ourts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for

trial." *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004) (citing *Tucson Estates*, 912 F.2d at 1166); *see also In re Curtis,* 40 B.R. 795, 805 (Bankr. D. Utah 1984) ("[A] desire to permit an action to proceed to completion in another tribunal. . . contemplates the situation in which the debtor is a party to a prepetition action that has progressed to the point where it would be a waste of the parties' and the court's resources to begin anew in the bankruptcy court."). The post-trial motions should be heard at the same time before the New Mexico State Court familiar with all of the issues relating to the case for the last five years for the Debtor and non-debtors, not the in Bankruptcy Court.

Finally, under **the twelfth factor**, Movant stands to suffer more should relief from stay be denied.  Movant would be unfairly prejudiced by delay in obtaining a final appealable judgment enforceable against the non-debtors. Mr. Sanchez's post-trial efforts to resolve the New Mexico Case failed after a mediation held on March 4, 2025, with Debtors' insurer, Beazley. *See* Bencoe Decl. Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case proceedings as to the Numale Debtors for the purpose of post-trial motions and entry of judgment only, not enforcement against the Numale Debtors.  *See* Bencoe Decl.  Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case in order to prevent further delay in proceeding to obtain post-trial rulings from the New Mexico trial court that are necessary for entry of a final, appealable Judgment as to all Defendants, including the Numale Debtors. *See* Bencoe Decl. In order to avoid piecemeal determination of post-trial matters and/or piecemeal appeals, Mr. Sanchez seeks a comfort order from the Bankruptcy Court to provide assurance that the New Mexico Court may proceed without further delay to adjudicate all post-trial matters as to all defendants, including the Debtors. This will facilitate entry of final orders applicable to all defendants and entry of a final appealable Judgment. *See* Bencoe Decl.



On Friday March 14, 2025, one day before the Stipulated Stay between the parties to the New Mexico Case was to expire, Debtor agreed to stipulate to stay termination to obtain post-trial rulings up to entry of a Judgment, and Mr. Sanchez agreed not to seek enforcement of any Judgment entered against Debtors in the New Mexico Case, and that the adjudicated final Judgment would be included in the Debtors' Plan of Reorganization. *See* Bencoe Decl.; *see also* Stipulation to terminate the stay (ECF No. 70). This last factor, which considers the impact of the stay and the "balance of hurt," tips in favor of stay termination, given that the Debtor has already agreed to terminate the automatic stay. Thus, all of the applicable *Curtis* factors weigh heavily in favor of granting relief from stay.

2. **Comfort Order to Terminate the Stay as to Non-Debtors.**

Movant also seeks a comfort order terminating the stay as to the non-debtors, Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam ("Non-Debtors"), who are jointly and severally liable as co-conspirators for the entire verdict arising from fraud, unfair and unconscionable trade practices and negligence as a matter of New Mexico law. *See* Jury Verdict, **Exhibit "1"** to Bencoe Decl. *and see* Bencoe Decl. The Non-Debtors are not subject to the protections of the automatic stay under Section 362 of the Bankruptcy Code. None of the Non-Debtors have obtained an order from this Court extending the automatic stay under Section 105 of the Bankruptcy Code. To provide assurances to the New Mexico State Court as to the limited scope of the automatic stay, Movant seeks a comfort order from the Bankruptcy Court that Mr. Sanchez may proceed against the Non-Debtors in connection with the post-trial motions and the entry of a final appealable judgment, to be enforced by Movant pursuant to all applicable New Mexico state law rights and remedies.



127838060.1

- 13 -

**3. Waiver of 14-Day Stay Pursuant to FRBP 4001(a)(3) is Appropriate.**

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders, and provides as follows: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(l) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

Here, if the Court were to conclude that stay relief is appropriate, Movant further requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) to allow it to pursue its contractual and state law rights and remedies without further order of the Court. Any delay to the effectiveness of the stay order could be detrimental to Movant, as the State Court Action jury trial has concluded, leaving only post-trial motions and the entry of a final judgment. The waiver of the 14-day stay will eliminate further unnecessary delay, as the Debtor requires a final judgment in the New Mexico Case to complete any Plan of Reorganization. Every party in the New Mexico Case will require the same before any appeal or execution of judgment may be taken. Absent expedient stay termination, the parties will only suffer further expense, piecemeal litigation of post-trial matters already pending, and delay of post-trial proceedings in the New Mexico Case. Delay is detrimental, because the longer there is no final, appealable Judgment entered against all Defendants in the New Mexico Case, the longer it will be before Mr. Sanchez may claim pre-judgment statutory interest and costs, among other damages. Further delay before Mr. Sanchez may seek execution of a judgment will only further delay Mr. Sanchez's ability to start asserting 15% mandatory post-judgment interest of $169,361.94 per day if the Verdict is upheld and undisputed costs are taxed. *See* Bencoe Decl.

Delay in enforcement of the stay termination order will unnecessarily create a wider procedural gap between the Debtors and the non-debtors in the New Mexico Case, and it is in everyone's best interest to avoid piecemeal litigation and for the expeditious entry of a final

appealable Judgment, which will be included in Debtors' bankruptcy case and ultimately the Plan of Reorganization.

Under the circumstances presented above, and the Debtor's agreement to stipulate to stay termination, there is no reason to enforce the 14-day stay provision under Rule 4001, as it will only result in unwarranted delay. Therefore, waiver of the 14-day stay of the Order Terminating the Stay is appropriate in this case.

### IV.   CONCLUSION

Based upon the foregoing, cause exists to terminate the automatic stay under Section 362(d)(1), and cause exists to waive the 14-day stay of the order terminating the stay. Movant also seeks a comfort order terminating the stay as to the non-debtors.

DATED this 25th day of March, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna M. Brown*
Ogonna M. Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel.: 702.949.8200
Fax: 702.949.8398

*Attorneys for Creditor Michael E. Sanchez*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 25th day of March, 2025, I caused to be served a true and correct copy of the **MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)** in the following manner:

☒ (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☒ (UNITED STATES MAIL)  By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached Court's Creditors Matrix, with addition, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP

- 16 -

127838060.1

```
Label Matrix for local noticing         CHAPTER 11 - LV                         Ford Motor Credit Company, LLC, c/o AIS Port
0978-2                                  300 LAS VEGAS BLVD., SO. #4300          4515 N Santa Fe Ave. Dept. APS
Case 25-10341-nmc                       LAS VEGAS, NV 89101-5803                Oklahoma City, OK 73118-7901
District of Nevada
Las Vegas
Tue Mar 18 12:35:26 PDT 2025

NEWTEK SMALL BUSINESS FINANCE, LLC      NUMALE CORPORATION                      Prospect Rainbow, LLC
STEPHENS LAW OFFICES                    6590 S RAINBOW BLVD                     c/o JOHNSON & GUBLER, P.C.
C/O DAVID A. STEPHENS                   LAS VEGAS, NV 89118-3327                Attn: Russell G. Gubler, Esq.
P.O. BOX 33130                                                                  8831 W. Sahara Ave
LAS VEGAS, NV 89133-3130                                                        Las Vegas, NV 89117-5865


United States Bankruptcy Court          ARIZONA DEPARTMENT OF REVENUE           Clark Co Assessor c/o Bankruptcy Clerk
300 Las Vegas Blvd., South              Office of the Arizona Attorney General - 500 S Grand Central Pkwy
Las Vegas, NV 89101-5833                c/o Tax, Bankruptcy and Collection Sct  Po Box 551401
                                        2005 N Central Ave, Suite 100           Las Vegas, NV 89155-1401
                                        Phoenix, AZ 85004-1546


Clark Co Treasurer c/o Bankruptcy Clerk Clark Co Treasurer c/o Bankruptcy Clerk DLP Funding LLC
500 S Grand Central Pksy                500 S Grand Central Pkwy                c/o/ Law Office of Jacob Z Weinstein
Po Box 1220                             Po Box 1220                             420 Central Ave Ste 301
Las Vegas, NV 89125-1220                Las Vegas, NV 89125-1220                Cedarhurst, NY 11516-1000


ELAVON                                  FOX FUNDING GROUP LLC                   Ford Motor Credit Company, LLC c/o AIS Portf
c/o TIMOTHY F. FROST, ESQ.              c/o JOE LIEBERMAN, ESQ.                 4515 N. Santa Fe Ave. Dept. APS
7300 CHAPMAN HIGHWAY                    LIEBERMAN AND KLESTZICK                 Oklahoma City, OK 73118-7901
Knoxville, TN 37920-6612                POB 356
                                        Cedarhurst, NY 11516-0356


Franchise Tax Board                     INNOVATIVE REAL ESTATE STRATEGIES       Internal Revenue Service
Bankruptcy Section MS A340              2975 S RAINBOW BLVD STE J               ATTN: BANKRUPTCY DEPT
PO BOX 2952                             Las Vegas, NV 89146-6598                PO Box 7346
Sacramento, CA 95812-2952                                                       PHILADELPHIA, PA 19101-7346


KALAMATA CAPITAL GROUP, LLC             KRAVIT HOVEL & KRAWCZYK                 MICHAEL E SANCHEZ
c/o STEVEN BERKOVITCH                   825 N JEFFERSON ST                      C/O NICHOLAS ROWLEY, ESQ
BERKOVITCH & BOUSKILA, PLLC             Milwaukee, WI 53202-3737                421 W Water St
1545 US 202 SUITE 101                                                           Decorah, IA 52101-1731
Pomona, NY 10970-2951


NEWTEK LENDING                          NV Dept of Taxation                     Nevada Dept of Empl Security
1981 MARCUS AVENUE STE 130              Bankruptcy Section                      500 E 3rd St
Lake Success, NY 11042-1046             500 E Washington Ave Ste 13000          Carson City, NV 89713-0001
                                        Las Vegas, NV 89101-1000


Social Security Administration          State of NV DMV                         THE LCF GROUP
Attn: Bankr Desk                        Attn: Legal Division                    LEGAL DEPARTMENT
Po Box 33021                            555 Wright Way                          3000 MARCUS AVE SUITE 2W15
Baltimore, MD 21290-3021                Carson City, NV 89711-0001              New Hyde Park, NY 11042-1005


U.S. TRUSTEE - LV - 11                  WFNZ-FM                                 Wyoming Office Park, LLC
300 LAS VEGAS BOULEVARD S.              c/o Szabo Associates, Inc               P.O. Box 20718
SUITE 4300                              3355 Lenox Road NE, Suite 945           P.O. Box 20718
LAS VEGAS, NV 89101-5803                Atlanta, GA 30326-1357                  Albuquerque, NM 87154-0718
```

```
DAVID A RIGGI                        Michael E. Sanchez                  Ryan J. Works
RIGGI LAW FIRM                       WOMBLE BOND DICKINSON (US) LLP      McDonald Carano LLP
7900 W SAHARA AVE                    C/O OGONNA M. BROWN, ESQ.           2300 W Sahara Avenue, Suite 1200
SUITE 100                            3993 HOWARD HUGHES PKWY             Las Vegas, NV 89102
LAS VEGAS, NV 89117-7921             SUITE 600
                                     LAS VEGAS, NV 89169-5996
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
 (d)Prospect Rainbow, LLC            End of Label Matrix
 c/o JOHNSON & GUBLER, P.C.          Mailable recipients    31
 Attn: Russell G. Gubler, Esq.       Bypassed recipients     1
 8831 W. Sahara Ave                  Total                  32
 Las Vegas, NV 89117-5865
```