

|   |   |
|---|---|
| 1 | Ogonna Brown, Bar No. 7589 |
|   | Ogonna.Brown@wbd-us.com |
| 2 | WOMBLE BOND DICKINSON (US) LLP |
|   | 3993 Howard Hughes Parkway, Suite 600 |
| 3 | Las Vegas, NV  89169 |
|   | Tel:     702.949.8200 |
| 4 | Fax:     702.949.8398 |

*Attorneys for Creditor Michael E. Sanchez*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

NUMALE CORPORATION,

   Debtor.

Case No. 25-10341-nmc
Chapter 11

**APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS, AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)**

**REMOTE: (833) 435-1820**
**MEETING ID: 161 166 2815**
**Passcode: 115788#**

Hearing Date:
Hearing Time:

Judge: Natalie M. Cox

Michael E. Sanchez ("Sanchez" or "Creditor"), in the above-referenced bankruptcy proceeding, by and through his counsel, Ogonna M. Brown of the law firm of Womble Bond Dickinson (US) LLP, hereby respectfully submits this *ex parte* application (the "Ex Parte Application") seeking entry of a notice of hearing and order shortening time, substantially in the form attached hereto as **Exhibit 1**, to hear Sanchez's Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings to Judgment Only as

127821929.1

to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors (the "<u>Motion</u>"),[1] (ECF #98) filed on March 25, 2025.

This Ex Parte Application is made and based upon Fed. R. Bankr. P. 9006[2]; the Memorandum of Points and Authorities herein; the declaration of Ogonna M. Brown in support of the Ex Parte Application; the Attorney Information Sheet filed concurrently herewith; and the papers and pleadings on file in the above-captioned case, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b).

WHEREFORE, Sanchez respectfully requests that this Honorable Court grant this Ex Parte Application and issue an order shortening time to hear the Motion as soon as the Court's calendar permits, and for such other and further relief as the Court deems just and proper.

## **MEMORANDUM OF POINTS AND AUTHORITIES**
### **I.      DECLARATION OF OGONNA M. BROWN**

I, Ogonna M. Brown, hereby declare under penalty of perjury under the laws of the State of Nevada and the United States of America, as follows:

1. I am over the age of 18 and am mentally competent. I am counsel to Sanchez.

2. I make this declaration in support of the Ex Parte Application to hear the Motion. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge or information learned from my review of relevant documents. If called upon to testify as to the content of this Declaration, I could and would do so.

3. In the Motion, Sanchez seeks an Order for relief from the automatic stay with regard to the Debtor, to Judgment only, not enforcement, a comfort order as to the Non-Debtors Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, and waiver of the 14-day stay under FRBP 4001(a)(3).

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed them in the Motion.
[2] Unless otherwise stated, all references to "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

127821929.1                                         - 2 -

4.     On March 18, 2025, the Debtor and Movant entered into the Stipulation to Terminate the Automatic Stay (ECF No. 70).

5.     On March 19, 2025, this Court entered an Order Granting the Stipulation to terminate the automatic stay (ECF No. 76).

6.     On March 20, 2025, Beazley[3] filed its *Ex Parte Motion to Reconsider Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings To Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 76] ("Beazley's Motion to Reconsider") (ECF No. 82).

7.     On March 21, 2025, this Court entered an Order Granting Beazley's Motion to Reconsider and set aside the Order Terminating Stay (ECF No. 86).

8.     All creditors and interested parties were served with the Stipulation to Terminate Stay, as reflected in the Certificate of Service filed with this Court on March 18, 2025 (ECF No. 64) and the Amended Certificate of Service filed on March 19, 2025 (ECF No. 68).

9.     An expedited hearing is requested to prevent any further delay to obtain a final appealable Judgment as to the Debtor, to judgment only, not enforcement.

10.    Sanchez requests that this Court set the hearing on shortened time on the Motion to Terminate Stay at its earliest convenience, but no later than the April 8, 2025, at 9:30 a.m., hearing date set for the landlord Prospect Rainbow, LLC's Motion to Terminate Stay (Numale Corporation ECF No. 91), as all creditors and interested parties were served with the Stipulation to Terminate Stay, and the substance of the Motion to Terminate Stay is the same.

11.    On November 25, 2024, Mr. Sanchez obtained a jury verdict against debtors-in-possession Numale Corporation (hereinafter "Numale Corp.") and Numale New Mexico S.C.

---

[3] Beazley is a nonparty who did not participate in the New Mexico Case, was not present at trial, did not read the Trial Transcript or Stipulated Final Jury Instructions, and may not appreciate the precedent in New Mexico for holding civil co-conspirators jointly and severally liable for damages. *See Seeds v. Lucero*, 2005-NMCA-067 at ¶ 21; *Silva v. Town of Springer*, 1996-NMCA-022 at ¶ 25 (cited by Sanchez in *Plaintiff's Praecipe, Stock Stipulated and Plaintiff Requested Instructions* filed 11/8/2024 in the New Mexico Case).

127821929.1         - 3 -

Corporation (hereinafter "Numale NM SC") and its owners and officer co-defendants totaling $412,005,149.00 before applicable statutory interest and costs.

12. After the jury verdict, Mr. Sanchez filed his Motion for Prejudgment Interest before the New Mexico State Court on December 9, 2024, and also filed his Cost Bill and Motion for Award of Costs In the Court's Discretion on December 23, 2024.

13. After Mr. Sanchez initiated post-trial motions in the New Mexico Case, at the request of Beazley Insurance, on December 23, 2024, the parties to the New Mexico Case notified the New Mexico trial court that they were in discussion regarding resolution and asked the court to refrain from setting hearings or entering anything to foster settlement discussions.

14. At the request of Beazley, Debtor's insurance company, the parties stipulated to a stay of the New Mexico State Court proceedings to allow the parties an opportunity to explore settlement options.

15. The State Court stay expired on March 15, 2025.

16. One day before the New Mexico State Court stay expired, on March 14, 2025, Beazley Insurance commenced a Civil Complaint for Declaratory Judgment action against Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., and the nondebtor Defendants in the New Mexico Case, Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, seeking relief from Beazley's duties owed under the policies that insured the Numale Defendants in the New Mexico Case brought by Mr. Sanchez, directing impacting the rights and interests of Debtors Numale Corp and Numale NM SC as well as Beazley's other insureds named in the Civil Complaint.

17. An expedited hearing is necessary because only post-trial motions and the entry of a final appealable judgment are left to be accomplished in the New Mexico State Court.

18. Absent an expedited hearing on the Motion to Terminate Stay, the parties will only suffer further expense, piecemeal litigation of post-trial matters already pending since December 2024, which are now ripe for adjudication before the New Mexico State Court now that the State Court Stay expired on March 15, 2025.



127821929.1

- 4 -

19. There is no reason for any further delay of post-trial proceedings in the New Mexico Case, because the Debtor stipulated to stay termination on March 18, 2025 (ECF No. 64), and an expedited hearing on the Motion to Terminate Stay is warranted under the circumstances.

20. Delay is detrimental, because the longer there is no final, appealable Judgment entered against all Defendants in the New Mexico Case, the longer it will be before Mr. Sanchez may claim pre-judgment statutory interest and costs, among other damages.

21. Further delay before Mr. Sanchez may seek execution of a judgment will only further delay Mr. Sanchez's ability to start asserting 15% mandatory post-judgment interest of $169,361.94 per day if the Verdict is upheld and undisputed costs are taxed.

22. Delay in enforcement of the stay termination order will unnecessarily create a wider procedural gap between the Debtors and the non-debtors in the New Mexico Case, and it is in everyone's best interest to avoid piecemeal litigation and for the expeditious entry of a final appealable judgment, which will be included in Debtors' bankruptcy case and ultimately the Plan of Reorganization.

23. This request is brought in good faith and is not brought for delay.

I declare under penalty of perjury of the laws of the State of Nevada and the United States of America that these facts are true to the best of my knowledge and belief.

Dated this 25th day of March, 2025.

/s/ *Ogonna M. Brown*
Ogonna M. Brown

## II. LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Fed. R. Bankr. P. 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:



127821929.1

- 5 -

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet has been filed contemporaneously with this Ex Parte Application.

Through this Ex Parte Application, Sanchez respectfully proffers that cause exists to grant the shortening of time on the Motion. Sanchez respectfully proffers that the circumstances set forth in this Ex Parte Application, and the papers and pleadings on file in this matter, judicial notice of which is respectfully requested, warrant a finding that cause exists to shorten the time for a hearing on Sanchez's Motion.

### III.  CONCLUSION

WHEREFORE, Sanchez respectfully requests that the Court grant this Ex Parte Application and issue an order shortening time to hear the Motion as soon as the Court's calendar permits. Sanchez requests such other and further relief as the Court deems just and proper.

DATED this 25th day of March, 2025.

                WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna M. Brown*
    Ogonna M. Brown, Bar No. 7589
    Ogonna.Brown@wbd-us.com
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV  89169
    Tel.: 702.949.8200
    Fax: 702.949.8398

*Attorneys for Creditor Michael E. Sanchez*



127821929.1

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 25th day of March, 2025, I caused to be served a true and correct copy of in the following **APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362 AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS** manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP