Richard F. Holley, Esq.
Nevada Bar No. 3077
R. McKay Holley, Esq.
Nevada Bar No. 15934
SPENCER FANE, LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone (702) 408-3400
Facsimile  (702) 408-3401
Email: rholley@spencerfane.com
       mholley@spencerfane.com

Bryce Friedman, Esq. (Admitted *Pro Hac Vice*)
David Zylberberg, Esq. (Admitted *Pro Hac Vice*)
Summer Craig, Esq. (Admitted *Pro Hac Vice*)
Zach Weiner, Esq. (Admitted *Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2235
Email: bfriedman@stblaw.com
       David.Zylberberg@stblaw.com
       scraig@stblaw.com
       Zachary.Weiner@stblaw.com

*Attorneys for Certain Underwriters at Lloyd's London Syndicates 623/2623*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| ☒ NUMALE CORPORATION,<br>☒ FELICIANO NUMALE NEVADA PLLC,<br>☒ NUMEDICAL SC,<br>☒ NUMALE COLORADO SC,<br>☒ NUMALE FLORIDA TB PLLC.<br>☒ NUMALE NEBRASKA LLC,<br>☒ NUMALE NEW MEXICO SC,<br><br>Debtors. | Chapter 11<br>Jointly Administered with:<br>Case No.: 25-10342-nmc<br>Case No.: 25-10343-nmc<br>Case No.: 25-10344-nmc<br>Case No.: 25-10345-nmc<br>Case No.: 25-10346-nmc<br>Case No.: 25-10347-nmc<br><br>Hearing Date:   April 24, 2025<br>Hearing Time:  9:30 a.m.<br><br>Judge: Hon. Natalie M. Cox |

**SUPPLEMENTAL OBJECTION TO MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3) [ECF NO. 98]**

Certain Underwriters at Lloyd's London Syndicates 623/2623 (*"Beazley"*), by and through counsel, hereby file their Supplemental Objection (this *"Objection"*) to the *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(d)(1) as to New Mexico State Court Post-Trial Proceedings, to Judgment Only, Not Enforcement, as to NuMale Corporation and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(a)(3)* (ECF No. 98) (the "*Lift-Stay Motion*"),[1] and respectfully state as follows:

## BACKGROUND

1. On November 16, 2020, Michael Sanchez filed suit against Debtors NuMale Corporation and NuMale New Mexico S.C. Corp. (the "***Debtor Defendants***"), non-debtor NuMale Albuquerque LLC, and certain of their owners, officers, and/or employees, including Christopher Asandra, Carlos Feliciano, Brad Palubicki, and Justin Pulliam, in the 2nd Judicial District Court, County of Bernalillo, New Mexico (the "***New Mexico Case***").

2. Beazley subscribed to two insurance policies issued to NuMale Chicago LLC for the policy period January 23, 2019 to January 23, 2020—a $1 million Miscellaneous Medical Professional Liability Claims Made and Reported Insurance and a $5 million Excess Insurance (the "***Policies***"). The Policies provide defense costs and indemnity for, among other things, covered claims for bodily injury arising out of any negligent act, error or omission of an insured in rendering or failing to render professional services.

3. Beazley has provided a legal defense subject to a reservation of rights and met all other potential obligations to the insured defendants in the New Mexico Case.

4. On November 25, 2024, a New Mexico jury returned a verdict in favor of Mr. Sanchez and against the defendants with respect to Mr. Sanchez's claims for negligence, fraud, and New Mexico Unfair Trade Practices Act violations. The jury awarded Mr. Sanchez $412,005,149, comprised of $37,005,149 in compensatory damages joint and severally against NuMale Corporation, NuMale New Mexico S.C. Corp., NuMale Albuquerque LLC, Christopher Asandra, Carlos Feliciano, Brad Palubicki, and Justin Pulliam, and $375,000,000 in punitive

---

[1] Capitalized terms not defined in this Objection shall have the meanings given to such terms in the Lift-Stay Motion.

damages solely against NuMale Corporation.  *See* Question 10 of the verdict form attached as Exhibit 1 to the Declaration of Lori Bencoe in Support of Motion for Order Terminating Automatic Stay ("**Bencoe Declaration**")  (ECF No. 100).

5. On March 14, 2025, Beazley filed a declaratory judgment complaint against the non-debtor defendants in the New Mexico Case, including NuMale Albuquerque LLC, Christopher Asandra, Carlos Feliciano, Brad Palubicki, and Justin Pulliam, in the 9th Judicial District Court, County of Curry, New Mexico (the "***Coverage Case***").  The Coverage Case seeks the following forms of relief: (1) rescission of the Insurance Policies based on non-disclosure of the Sanchez incident in the policy applications, and reimbursement of past defense costs; (2) a declaration that Beazley has no duty to indemnify for any losses stemming from the New Mexico Case; and (3) a declaration that Beazley did not act in bad faith with respect to the New Mexico Case.

6. Beazley has informed the defendants in the New Mexico Case that it will continue to defend them subject to a reservation of rights.

## **OBJECTION**

7. The Lift-Stay Motion is the fruit of the poisonous tree.  Prior to the appointment of the Trustee, Mr. Sanchez procured a lift-stay stipulation (ECF No. 70) (the "***Stipulation***") from a conflicted and self-dealing Debtor who, as Beazley will demonstrate,[2] failed to satisfy its duty to minimize claims against its estate.  That Debtor has been removed from this case for cause. Yet Mr. Sanchez seeks to enforce the Stipulation against a Trustee who did not sign it, to

---

[2] On March 26, 2005, Beazley served document requests on Mr. Sanchez and the Debtor Defendants (the "***Requests***"). Beazley also noticed the deposition of Brad Palubicki, the principal of the Debtor.  The Requests seek documents and communications between counsel to Mr. Sanchez, on the one hand, and Debtor Defendants, Brad Palubicki, or their respective counsel, on the other hand concerning the Stipulation and the efforts to terminate the stay with respect to the New Mexico Case.

In response, Mr. Sanchez purported to produce only "documents and communications exchanged between his attorneys and the personal and bankruptcy attorneys for Debtors," but not Mr. Palubicki.  Additionally, despite evidence that counsel for Mr. Sanchez emailed the Debtor Defendants concerning the Stipulation, Mr. Sanchez has failed to produce a single email concerning his efforts to terminate the stay as to the New Mexico case.

Mr. Sanchez's failure to respond to legitimate discovery into the Stipulation raises further suspicion as to his conduct vis-à-vis the Debtors in the earlier stages of these Chapter 11 cases.  In any event, the inadequate response to Beazley's Requests must be remedied prior to an evidentiary hearing on the Lift-Stay Motion.

prematurely force the Trustee into litigation that it has not had time to prepare for and cannot fairly defend.

8. Mr. Sanchez should not be rewarded for inducing the Debtor's misconduct, and the Trustee and the estates he administers must be provided the breathing room to assess and prepare to defend the New Mexico Case and the claims arising therefrom (the "**Sanchez Claim**"). Accordingly, the Lift-Stay Motion should be denied.

9. To be clear, the appropriate future path to liquidation of the Sanchez Claim is not yet before the Court, and Beazley is engaging with the Trustee in an effort to reach consensus on that path. Rather, the Court is presented today with a premature and one-sided Lift-Stay Motion which would provide Mr. Sanchez with a tactical litigation advantage against the Debtor Defendants and Beazley. It is to <u>this</u> Lift-Stay Motion that Beazley objects.

10. *First*, Mr. Sanchez's main motivation for the Lift-Stay Motion appears to be to increase the amount of the Sanchez Claim by triggering post-judgment interest as soon as possible. Bencoe Declaration ¶ 46(e). Mr. Sanchez's intent to use the lifting of the automatic stay to impose significant costs and to increase his claim against the Debtor Defendants is reason alone to deny the Lift-Stay Motion. *See*, *e.g.*, *In re Adv. Med. Spa Inc.*, 2016 WL 6958130 at *4 (Bankr. App. 9th Cir. Nov. 28, 2016) ("In weighing the relevant factors, the bankruptcy court is not required to give equal weight to all factors. In fact, the balancing of potential harm to the creditor on the one hand and to the debtor and the bankruptcy estate on the other hand frequently is dispositive."); *In re Curtis*, 40 B.R. 795, 806 (Bankr. D. Utah 1984) ("Financial hardship to the movants must, of course, be balanced against financial hardship to the debtors . . . In the absence of some other justification, the court will not shift the financial burden from another party to the debtors. To do so would contravene the fundamental policy in favor of economic administration of debtors' estates.").

11. *Second*, the Lift-Stay Motion would permit proceedings to move forward immediately in New Mexico, even though the Trustee has not yet retained litigation counsel to defend the Debtor Defendants in those proceedings and subsequent appeals. This is entirely the fault of Mr. Sanchez and the prior Debtor. Beazley reached out to the Debtor several weeks ago

1 to, among other things, discuss retention of counsel in accordance with the Policies. But co-opted
2 by Mr. Sanchez and unwilling to defend its own estate, the prior Debtor generally would not
3 engage with Beazley and, to the knowledge of Beazley, made no efforts to retain counsel in New
4 Mexico.

5     12.    Beazley, in accordance with the Policies, has a right and a duty to provide counsel
6 to the Debtor Defendants at Beazley's expense, and is prepared to do so. Now that the Trustee is
7 in place, this process is progressing. Beazley has discussed retention of litigation counsel with
8 the Trustee and believes that counsel will be retained and prepared to proceed within the next
9 few weeks. To the extent proceedings in New Mexico are delayed as a result, it is the fair
10 consequence of Mr. Sanchez's litigation tactics in the earlier stages of these Chapter 11 cases.

11     13.    *Third*, Beazley objects to the waiver of the 14-day stay of orders lifting the
12 automatic stay pursuant to FRBP 4001(a)(3), as requested by Mr. Sanchez. A lift-stay order is
13 an appealable order, and the unusual circumstances surrounding these Chapter 11 cases clearly
14 give rise to appealable issues. *See*, *e.g.*, *In re Am. Mariner Industries, Inc.*, 734 F.2d 426, 429
15 (9th Cir. 1984) ("decisions of the bankruptcy courts granting or denying relief from the
16 automatic stay under section 362(d) are final decisions reviewable by [the Ninth Circuit]"); *In re*
17 *Kemble*, 776 F.2d 802 (9th Cir. 1985). As such, Beazley should be provided a fair opportunity to
18 assess whether to appeal, before any order approving the Lift-Stay Motion becomes effective.

19     14.    Finally, Beazley notes that at hearings in these Chapter 11 cases, counsel to Mr.
20 Sanchez has repeatedly asserted that Beazley does not have standing to be heard with respect to
21 the Lift-Stay Motion. This is incorrect. The Supreme Court has explicitly held that that insurers
22 are parties in interest within the meaning of Section 1109(b) of the Bankruptcy Code, with
23 standing to be heard on any issue in a Chapter 11 proceeding. *See Truck Ins. Exch.* v. *Kaiser*
24 *Gypsum Co.*, 602 U.S. 268, 272 (2024) ("An insurer with financial responsibility for bankruptcy
25 claims can be directly and adversely affected by the reorganization proceedings . . . making it a
26 "party in interest" in those proceedings."). Furthermore, Beazley has reserved the right to assert
27 a restitution claim against the Debtor Defendants for reimbursement of past defense costs. It is
28 black-letter law that a creditor of a debtor is a party in interest under Section 1109(b) of the

SPENCER FANE LLP
Attorneys at Law
Las Vegas

- 5 -

LV 6863606.1

Bankruptcy Code.  As such, Beazley's standing to be heard with respect to the Lift-Stay Motion, and in these Chapter 11 cases generally, is unassailable.

## **CONCLUSION**

WHEREFORE, Beazley respectfully requests that the Court deny the Lift-Stay Motion.

Dated this 17th day of April 2025.

SPENCER FANE LLP

/s/ Richard F. Holley
Richard F. Holley, Esq. (NBN 3077)
R. McKay Holley, Esq. (NBN 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Phone: (702) 408-3400 | Fax: (702) 408-3401
Email: rholley@spencerfane.com
           mholley@spencerfane.com
-and-
Bryce Friedman, Esq. (Admitted *Pro Hac Vice*)
David Zylberberg, Esq. (Admitted *Pro Hac Vice*)
Summer Craig, Esq. (Admitted *Pro Hac Vice*)
Zach Weiner, Esq. (Admitted *Pro Hac Vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2235
Email: bfriedman@stblaw.com
           David.Zylberberg@stblaw.com
           scraig@stblaw.com
           Zachary.Weiner@stblaw.com

*Attorneys for Certain Underwriters at Lloyd's London Syndicates 623/2623*

SPENCER FANE LLP
Attorneys at Law
Las Vegas

- 6 -

LV 6863606.1

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 17th day of April 2025, I caused to be served a true and correct copy of SUPPLEMENTAL OBJECTION TO MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3) [ECF NO. 98] in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Spencer Fane LLP