GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtor. | Date: April 24, 2025 Time: 9:30 a.m. |

**MICHAEL CARMEL, CHAPTER 11 TRUSTEE'S INITIAL STATUS REPORT AND OMNIBUS STATEMENT CONCERNING ALL MOTIONS**

1

Michael Carmel, Chapter 11 Trustee over the estates of the Jointly Administered Debtors (the "Trustee"), in the above-captioned Chapter 11 Cases, hereby files his *Initial Status Report and Omnibus Statement Concerning All Motions*, advising the Court and parties-in-interest as follows:

1. On January 22, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 7, 2025, this Court entered its *Order Approving Appointment of Chapter 11 Trustee* directing the appointment of a Chapter 11 trustee for the Debtors' estates; on April 7, 2025, Tracy Hope Davis selected Michael W. Carmel as the Chapter 11 Trustee; and on April 7, 2025, the Trustee was appointed as the Chapter 11 trustee for Debtors' estates. *See* ECF Nos. 155, 156, 157.

4. The Trustee submits this Initial Status Report to the Court, reporting on what the Trustee has accomplished and undertaken in the ten days since his appointment in these Chapter 11 Cases, what he is currently focused on, the issues he is currently investigating, and his preliminary thoughts on the contested matters currently pending before the Court. The Trustee's investigations are in all regards in their preliminary stages, and they are ongoing.

## I.<br>CASE ADMINISTRATION

**A.  Investigation During the First Ten Days of the Trustee's Appointment**

 **1.  The Trustee.**

In the ten days since the Trustee's appointment the Trustee has begun investigations into the Debtors' operations, management, and financial affairs, including:

- Direct conversations with Debtors' principals, as well as with counsel to the debtors-out-of-possession ("DOPs"), including lengthy interviews, of the Debtors' principals Brad Palubicki, Justin Pulliam (Vice President), Gabby de la Torre (Director of

Operations), and Dr. Carlos Feliciano, as well as Holly Triplett (Chief Financial Officer) regarding the Debtors' operations, accounting systems, structure, operating facilities, management, and financial affairs. From that conversation the Trustee requested a number of follow-ups.

- The Trustee has reviewed the Debtors' Schedules and Statements, reviewed information provided by DOPs' counsel, Debtors' principal(s), and other parties in interest, and reviewed relevant filings in the Debtors' Chapter 11 Cases.

- Begin the process of working with Debtors' principals regarding a variety of matters concerning estate and bankruptcy case administration.

2. **Trustee's General Bankruptcy Counsel.**

The Trustee and his proposed bankruptcy counsel, the law firm Garman Turner Gordon LLP ("GTG"), are finalizing the terms of GTG's retention and anticipate GTG filing its application to be employed in the coming days. In the meantime, GTG has:

- Met via zoom with counsel to Certain Underwriters at Lloyd's London Syndicates 623/2623 ("Beazley"), as well as and counsel to Michael Sanchez respecting the pending Sanchez Motion.

- Issued a formal and preliminary objection to, and also met and conferred regarding, discovery Beazley had issued prior to the Trustee's appointment and for which Beazley had continued to seek enforcement through this week.

- Attempted to negotiate with counsel to Prospect Rainbow respecting the pending PR Motion. (As of this filing, Prospect Rainbow has not returned calls.)

- Attended the Trustee's initial interview of the Debtors' principals and DOPs' counsel on April 14, 2025.

- Reviewed the Debtors' Schedules and Statements, reviewed numerous emails and other information provided by DOPs' counsel, Debtors' principal(s), and other parties in interest, and reviewed relevant filings in the Debtors' bankruptcy cases.

3

- Assisted and advised the Trustee as necessary, including but not limited to regarding the Trustee's investigation, case administration considerations, dialogue with stakeholders including Debtors' principals and DOPs' counsel, and other matters.

B. **General Status: Results of the Trustee's Investigations to Date.**

1. **Based on the foregoing, the Trustee is able to report the following:**

**Accounts**. The Trustee requested full account numbers from the DOPs for each account subject of the DOPs' *Motion for an Order Authorizing Continued Maintenance and Redesignation of Existing Bank Accounts and a Waiver of Certain Guidelines Relating to Bank Accounts* [*e.g.*, ECF No. 37]. The Trustee visited Chase Bank and was initially advised that by April 17, 2025, for reasons internal to Chase Bank and its processes and procedures, the Trustee would be named an authorized signatory on the seven accounts of the Debtors identified in the Accounts Motions.[1] On April 17, 2025, the Trustee communicated with the Office of the United States Trustee, and understands an order is required authorizing the Debtors' accounts to be converted to Debtor-in-possession accounts with Trustee Carmel the authorized signer. The Trustee has determined it is in the best interests of the debtors' operations to maintain the current accounts for a variety of reasons. These include, and are not limited to, (1) avoiding the need to establish new merchant accounts for credit card charges; and (2) debit cards for used for immediate payment (s) to vendors.

The Trustee requested visibility to all accounts through which Debtor funds flow, including the related accounts of non-debtors, as the Trustee is evaluating how the flow of funds works. To date this access has not been provided.

The Trustee also formally demanded a detailed accounting from the DOPs and the Debtors' principals of all estate monies since January 22, 2025. The Trustee has not yet received this accounting.

---

[1] As of April 15, 2025, the Trustee received confirmation from both the Debtors' CFO and DOPs' counsel that there are no Debtors' accounts at Fortify Bank.

4

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

- **Expenses**. As of this filing no payables are paid without the Trustee's express prior authorization. The Trustee has developed a protocol for approval of the Debtors' ongoing expenses and on April 14, 2025, communicated that protocol to all of the Debtors' principals as well as DOPs' counsel. Trustee Carmel continues to have daily communications with the Debtors' principals and CFO regarding implementation of this protocol.

- **Operations**. The Trustee continues to learn about the Debtors' operations including the extent of remote or telemedicine operations being conducted, the extent of in-person patient treatment, and the handling of property, records, or other assets at closed or closing locations. The Trustee is also evaluating the Debtors' use of and expenses for digital advertising and whether retention of all existing employees will be necessary for the prosecution of the Debtors' Chapter 11 Cases, as well as the extent to which non-debtors are involved with and/or affect the Debtors' operations. The Trustee has also fielded requests that payment of salaries to Mr. Pulliam, Mr. Palubicki, and/or Dr. Feliciano be reinstated.

  In all respects, the Trustee's investigation of the Debtors' operations is ongoing, and he has made no decisions yet respecting employees or the requested reinstatement of payments to principals.

- **Monthly Operating Reports**. The Trustee confirmed with Debtors' principals and DOPs' counsel that the Debtors will prepare and timely file monthly operating reports for the period ending March 31, 2025 (the time period preceding his appointment). For monthly operating reports thereafter, CFO Holly Triplett will generate draft monthly operating reports and provide them to the Trustee five days prior to the filing deadline, for Trustee Carmel's review and final approval.

- **Nevada State Court Litigation**. The Trustee is aware of ongoing litigation in Nevada State Court against Howard & Howard. The Trustee's counsel anticipates appearing

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

in this litigation and thereafter reaching out to defendants' counsel to request a stay of the action to allow the Trustee to evaluate steps going forward.

2. **Information Received, and Further Information Still Needed, from the DOPs, Their Counsel, and/or the Debtors' Principals:**

- **IDI Packet**. The Trustee received from DOPs' counsel certain information identified as the Debtors' IDI packet, which DOPs counsel advised had previously transmitted to the Office of the United States Trustee for Region 17 ("US Trustee"). Trustee Carmel is in the process of reviewing these materials.

- **Leases**. Trustee Carmel requested from the Debtors' representatives and DOPs' counsel a copy of every lease to which any of the Debtors is a party or a guarantor. To date, Trustee Carmel has not received all these documents.

- **Insurance**. The Trustee has received proofs of insurance for the Debtors' malpractice and negligence policies. In review the Trustee noted these policies terminate June 5, 2025. The Trustee was thereafter advised by Brad Palubicki that Mr. Palubicki has renewal paperwork in hand and anticipated submitting the renewal paperwork for these policies by April 15, 2025. As of this filing the Trustee has not been provided with copies of these policy renewals or a further status.

- **Schedules**. Based on multiple written and oral representations made by DOPs' counsel, the Trustee anticipates the Debtors will be amending their Schedules and Statements. However, despite these conversations it remains unclear what Schedules and/or Statements will be amended. The Trustee awaits this information and will review the amendments once they are filed with the Court.

- **Resolutions Authorizing Bankruptcy Filings**. Trustee Carmel has identified that resolutions authorizing the bankruptcy filings of debtors *Feliciano NuMale Nevada PLLC* and *NuMale Nebraska LLC* were not filed. The Trustee requested DOPs' counsel file these authorizations. To date, these authorizations have not been provided to the Trustee, nor do they appear to have been filed.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

- **Additionally**, the Trustee has been copied on certain communications from the U.S. Trustee to DOPs' counsel respecting various matters including the DOPs' noticing of the § 341 meetings. The Trustee is monitoring these communications and will take appropriate action as needed and/or as directed by the US Trustee on such matters.

## II.
## CONTESTED MATTERS

A. **Joint Administration Motion.**

The Trustee supports the joint administration of the Debtors' Chapter 11 Cases and requests the Court enter a final order authorizing and ordering the Debtors' Chapter 11 Cases to be jointly administered under the current lead case *In re Numale Corporation*, lead case no. 25-10341-NMC. In line with the US Trustee's comments regarding the corporate authority for the Debtors' bankruptcy filings, Trustee Carmel identified that corporate resolutions for two Debtors have still not been filed and has requested these be filed by the Debtors. *See also supra*.

On April 15, 2025, in conformity with the Court's *Interim Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 130], the Trustee, by and through proposed general bankruptcy counsel GTG, filed his *Notice of Combined Mailing Matrix* [ECF No. 175]. Pursuant to comments received thereafter the Trustee filed an *Amended Notice of Combined Mailing Matrix* [ECF No. 176] on April 17, 2025.

B. **Bank Accounts Motions.**

Regarding the Debtors' *Motion[s] for an Order Authorizing Continued Maintenance and Redesignation of Existing Bank accounts and a Waiver of Certain guidelines Relating to Bank Accounts* [*e.g.*, ECF No. 42]: The Trustee visited Chase Bank regarding the Debtors' accounts identified in the Accounts Motions[2]:

| Entity Name | EIN | Account No. | Case No. |
|---|---|---|---|
| NuMale Corporation | 46-3562156 | -----9865 | 25-10341 |
| Feliciano NuMale Nevada PLLC | 46-5384735 | -----6567 | 25-10342 |
| NuMedical SC | 47-5052576 | -----3675 | 25-10343 |
| NuMale Colorado SC | 47-1485845 | -----8879 | 25-10344 |

---

[2] As of April 15, 2025, the Trustee received confirmation from both the Debtors' CFO and DOPs' counsel that there are no Debtors' accounts at Fortify Bank.

| | | | |
|---|---|---|---|
| NuMale Florida TB PLLC | 47-2206138 | -----2370 | 25-10345 |
| NuMale Nebraska LLC | 46-5711146 | -----8977 | 25-10346 |
| NuMale New Mexico SC | 47-1171581 | -----5253 | 25-10347 |

. For the reasons set forth in Section I(B)(1), Trustee Carmel respectfully requests that the Debtors' Accounts Motions be granted as follows: The Court authorizes Chase Bank to convert the Debtors' accounts (listed above) to be converted to Debtor-in-possession accounts, with Trustee Michael W. Carmel named as the authorized signer on all accounts.

C.    **Prospect Rainbow: Stay Relief Motion.**

The Trustee is evaluating the *Motion for Relief from Automatic Stay or for Adequate Protection and to Compel Assumption or Rejection of Lease* [ECF No. 67] ("PR Motion") filed by Prospect Rainbow, LLC ("Prospect Rainbow").

1.    **Adequate Protection May Be Appropriate, But the Trustee Needs Time to Evaluate the Debtors' Finances and Identify Available Cash to Make Adequate Protection Payments and Negotiate an Adequate Protection Stipulation With Prospect Rainbow.**

The Trustee requests a continuance of this Motion for forty-five (45) days to allow him to evaluate and determine the appropriate course of action for all or part of this leased space and to investigate any appetite Prospect Rainbow may have for consensual resolution of the issues raised by the PR Motion.[3] The requested continuance covers the remainder of this current month, plus one additional month (May 2025) and will allow sufficient breathing space for the Trustee to further his investigations and meaningfully dialogue with Prospect Rainbow to the extent the estates seek to maintain the location for the remaining duration of the Chapter 11 Cases.

Additionally, the Motion asks for adequate assurance, but the amount requested is actually a full "cure" including attorney fees and late fees. Paying a complete "cure" amount is premature at this juncture and is more than the Bankruptcy Code requires. *See* 11 U.S.C. § 361(1).[4] Further,

---

[3] Trustee's counsel has reached out to Prospect Rainbow's counsel to meet and confer on these issues but, as of this filing, has not received a call back.

[4] Which provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity,

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

of the amount requested in the PR Motion to be paid as "adequate protection" ($76,365.43), only $46,041.54 is for postpetition rent.[5] The rest is prepetition rent, late fees, and attorney fees.

**2.    Stay Relief Is Not Warranted at This Time.**

Based on the Trustee's investigations to date, the Debtor operations taking place at Prospect Rainbow's premises generate cash and may even be a profitable location—however the Trustee requires time to more fully assess the usefulness of these premises for the Debtors' ongoing Chapter 11 Cases. Moreover, the Trustee had requested from Debtors' principals a report on revenue for each entity and, as of this filing, has not been provided same. Assessing revenue generated by the Debtor operating from the Prospect Rainbow space is critical to evaluating how the Trustee addresses stay relief, assumption, and rejection considerations regarding the Prospect Rainbow premises.

While rent has apparently not been paid post-petition, the Trustee does not contest that Prospect Rainbow *has an administrative claim for unpaid postpetition rent*[6] for the Debtors' use and occupation of its premises post-petition, including the "stub" portion of January.[7] However to grant stay relief at this time will effectively close down the Debtor operations taking place at this location, cutting off any potential for the premises to generate cash that could otherwise be put

---

> to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property[.]

11 U.S.C. § 361(1). At present, Prospect Rainbow has not shown that the amounts requested in the Motion (late fees, attorney fees, prepetition rent) are appropriate adequate protection for its interests in the Prospect Rainbow premises, particularly given that the Bankruptcy Code already provides Prospect Rainbow with an administrative claim for postpetition rent.

[5] The Motion identifies $73,140.43 in delinquent rent as of March 18th, of which $24,171.81 is prepetition amounts. Of the remaining $48,968.62, only $46,041.54 in rent is a true postpetition delinquency (as of the Motion's filing date). The Trustee acknowledges that since the PR Motion was filed one more month has passed; as such the Trustee estimates the current postpetition rent delinquency at $69,062.31 given Prospect Rainbow's representations that base rent plus parking and signage totals $23,020.77 per month. *See generally* Motion ECF No. 67 at p. 4 of 6. *See also* Exhibit B to the Declaration of Tariq Zeiadeh [ECF No. 69] (Exhibit B to which is a ledger).

[6] The Trustee reserves rights to oppose an administrative claim advanced by Prospect Rainbow on any other basis.

[7] Prospect Rainbow asserts that January 2025 rent was not paid. *See* Declaration of Tariq Zeiadeh [ECF No. 69]. The Petition Date was January 22, 2025. *See, e.g.*, ECF No. 1.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

to use to move these cases forward (and, make adequate protection payments).[8] Granting stay relief for operational premises at a time when the Trustee is onboarding will harm the opportunity for the estate operating at Prospect Rainbow to generate cash. As such, stay relief should be denied at this time.

### 3. It is too early in these cases to compel assumption or rejection of the Prospect Rainbow lease.

The PR Motion identifies that, nearly two months prior to the Trustee's appointment, the then-debtors-in-possession had indicated an interest in assuming the Prospect Rainbow lease. However the Trustee—appointed ten days ago—has not yet made this determination. The Trustee's investigations to date indicate that the Prospect Rainbow premises appear to be generating cash flow, although the extent of cash generated, the regularity of cash flow, and the extent of profitability to the estate are at this time unclear. The Trustee is also investigating and evaluating the necessity of maintaining this location for purposes of supporting the Debtors' reorganization efforts. These considerations all tie in to the Trustee's evaluations of the Debtors' available funds that could be used to make payment(s) to Prospect Rainbow. It is, however, simply too early in the Trustee's appointment to make a final determination regarding the assumption or rejection of the Prospect Rainbow lease. The Bankruptcy Code provides breathing room at the onset of cases by setting an initial period of 120 days within which a lease of nonresidential real property may be assumed or rejected; this period may be extended for cause. *See* 11 U.S.C. § 365(d)(4). Prospect Rainbow essentially seeks to ***shorten*** this time period, without any meaningful basis for seeking such relief, which is outside the contours of the Bankruptcy Code. As such, this aspect of the Motion must also be denied.

### D. Michael Sanchez: Stay Relief Motion.

The Trustee is evaluating the *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(d)(1) as to New Mexico State Court Post-Trial Proceedings, to Judgment Only, Not Enforcement, as to NuMale Corporation and Comfort Order for Stay Termination as to Non-*

---

[8] For these reasons a waiver of the 14-day stay on any order granting any part of the Motion is also not warranted.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*Debtors and Waiver of the 14-day Stay Under FRBP 4001(A)(3)* [ECF No. 98] ("Sanchez Motion") filed on behalf of Michael E. Sanchez ("Mr. Sanchez") regarding New Mexico state court case No. D-202-CV-202006336 ("Sanchez State Court Litigation").

The Trustee has agreed with Mr. Sanchez's counsel to a continuance of the April 24, 2025, hearing on the Sanchez Motion, provided that the continued hearing on the Sanchez Motion takes place before May 22, 2025.

Additionally, the Trustee understands that a mediation occurred in connection with the Sanchez State Court Litigation (and potentially other related actions) on or about February 2025, but despite requesting, from the parties that he understands were involved in that mediation, he has **not** been provided by any party to that mediation the complete history of the mediation including the details of the last offer(s) exchanged. The Trustee needs this information to further evaluate, *inter alia*, his position as the estates' representative, regarding the Sanchez Motion.

E. **DOPs' Counsel's Employment Application.**

The Trustee is monitoring the employment applications filed by proposed counsel to the then-debtors-in-possession (now DOPs) [*e.g.*, ECF No. 81], presently set for hearing May 20, 2025, with a current objection deadline of May 13, 2025 [ECF Nos. 164, 173] pursuant to a Court-approved stipulation between DOPs' counsel and the US Trustee. Trustee Carmel notes the US Trustee's involvement in monitoring and evaluating these applications for employment and at this time does not therefore anticipate taking a position on the motions.

F. **Debtors' Motions to Extend Deadlines to File Schedules and Statements.**

The Debtors need to file accurate Schedules and Statements. To the extent the Debtors require some additional time to do that, the Trustee does not oppose a limited extension, but a shorter extension is preferable to a longer one. The focus should be on Debtors providing accurate schedules and statements. Further, as noted herein *supra*, it appears that corporate resolutions for two Debtors (*Feliciano NuMale Nevada PLLC* and *NuMale Nebraska LLC*) have not been filed.

Dated this 17th day of April, 2025.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

11

|   |   |
|---|---|
| 1 | GARMAN TURNER GORDON LLP |
| 2 | By: */s/ Gregory E. Garman* |
| 3 | GREGORY E. GARMAN, ESQ.<br>TALITHA GRAY KOZLOWSKI, ESQ. |
| 4 | MARY LANGSNER, Ph.D.<br>7251 Amigo Street, Suite 210 |
| 5 | Las Vegas, Nevada 89119<br>[Proposed Counsel] *Attorneys for Michael* |
| 6 | *Carmel, Chapter 11 Trustee* |