Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:      702.949.8200
Fax:     702.949.8398

Lori M. Bencoe (*Admitted Pro Hac Vice*)
NM State Bar 7525
BENCOE & LaCOUR LAW PC
9201 Montgomery Blvd NE, Suite 404
Albuquerque NM 87111
Tel: 505.247.8800
Fax: 505.247.8801
lori@bencoelaw.com

*Attorneys for Creditor Michael E. Sanchez*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br> ■ NUMALE CORPORATION, | Lead Case No. 25-10341-NMC <br> Chapter 11 |
| ☐ FELICIANO NUMALE NEVADA PLLC, <br> ☐ NUMEDICAL SC, <br> ☐ NUMALE COLORADO SC, <br> ☐ NUMALE FLORIDA TB PLLC, <br> ☐ NUMALE NEBRASKA LLC, <br> ■ NUMALE NEW MEXICO SC, <br><br>                     Debtors. | Jointly administered with: <br> Case No. 25-10342-NMC <br> Case No. 25-10343-NMC <br> Case No. 25-10344-NMC <br> Case No. 25-10345-NMC <br> Case No. 25-10346-NMC <br> Case No. 25-10347-NMC <br><br> **DECLARATION OF LORI BENCOE IN SUPPORT OF REPLY TO CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623 OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)** |

127935201.1

**REMOTE: (833) 435-1820**
**MEETING ID: 161 166 2815**
**Passcode: 115788#**

Hearing Date: April 24, 2025
Hearing Time: 9:30 a.m.

Chief Judge: Hon. Natalie M. Cox

I, LORI BENCOE, declare the following under penalty of perjury of the laws of the United States:

1. I am over the age of 18 and mentally competent. Except where stated on information and belief, I have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am the founding and a principal partner in the law firm Bencoe & LaCour Law PC in Albuquerque, New Mexico.

1. I represent Michael E. Sanchez ("Mr. Sanchez") in the above-captioned bankruptcy proceeding, and also in *Michael E. Sanchez v. Numale Corporation, Numale Albuquerque LLC d/b/a Numale Medical Center, Numale New Mexico S. C. Corp., Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam*, No. D-202-CV-2020-06336 (Hon. Beatrice Brickhouse) in the Second Judicial District Court in Bernalillo County, Albuquerque New Mexico (hereinafter "New Mexico Case" or "Sanchez I").

2. I make this declaration in support of the Reply to Certain Underwriters at Lloyd's London Syndicates 623/2623 Objection and Reservation of Rights with Respect to Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(d)(1) as to New Mexico State Court Post-Trial Proceedings, to Judgment Only, Not Enforcement, as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) ("Motion")[1].

3. This Declaration supplements the first declaration I filed in this matter on March 25, 2025, titled Declaration of Lori Bencoe In Support Of Motion for Order Terminating Lift Stay Under

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the Motion.

127935201.1                                                        - 2 -

11 U.S.C. § 362 As To New Mexico Proceedings To Judgment Only As to Numale Corporation And Comfort Order For Stay Termination As To Non-Debtors ("First Bencoe Declaration" or "First Bencoe Decl."). *See*, ECF No. 100 with Exhibits 100-1 to 100-19).[2] I hereby incorporate the content and Exhibits to my First Bencoe Declaration by reference as if set forth fully herein.

4. On April 16, 2025, following a telephonic meet and confer, I emailed Greg Garman, counsel for the Trustee, to respond to his request and provide a list and attachments consisting of all pending post-trial motions filed between my client Mr. Sanchez and the two separate law firms of record for Defendants NuMale Corporation, NuMale Albuquerque L.L.C. d/b/a NuMale Medical Center, NuMale New Mexico S.C. Corp d/b/a NuMale Medical Center, Christopher Asandra M.D., Carlos Feliciano M.D., Brad Palubicki, and Justin Pulliam ("<u>Defendants</u>") in the New Mexico Case or Sanchez I. A true and correct copy of my April 16, 2025, email to Mr. Garman is attached hereto as **Exhibit "1"**.

5. On April 17, 2025, I emailed Trustee's counsel Greg Garman to respond to his request that I provide him with the two Beazley insurance policies which purported to insure and provide a defense and indemnity to all Defendants in Sanchez I, and also to attempt to respond to Mr. Garman's inquiry regarding any "conflicts" I could identify pertaining to post-trial matters. A true and correct copy of my April 17, 2025 email to Mr. Garman is attached hereto as **Exhibit "2"**.

**POST-TRIAL FILINGS IN NEW MEXICO COURT IN SANCHEZ I:**

6. On March 25, 2025, in my First Bencoe Declaration, I informed the court and parties in this matter of the following post-trial motions that had been filed in Sanchez I for the New Mexico trial court to decide after the jury verdict in Sanchez I was entered on November 25, 2024:

    a. Plaintiff's Motion for Prejudgment Interest, filed on December 9, 2024, attached to First Bencoe Decl. as ECF No. 100, Ex 100-10;

    b. Plaintiff's Cost Bill and Motion for Award of Costs in the Court's Discretion, filed on December 23, 2024, attached to First Bencoe Decl. as ECF No. 100, Ex. 100-11; and

---

[2] *See also*, duplicate First Bencoe Declaration filed in *In re Numale New Mexico SC Corp.*, Case 25-10347-nmc as ECF Doc. 79).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

      c.  Plaintiff's Motion to Preserve Statutory Remedies Under the Unfair Practices Act, §§57-12-1 et seq. NMSA 1978 and for Time to Elect Remedies Before Entry of the Final Judgment filed on December 23, 2024, attached to First Bencoe Decl. as ECF No. 100, Ex. 100-19.

7.  In my First Bencoe Declaration I also informed the Court and parties in this matter of the events leading to the stay of the Sanchez I post-trial proceedings, first by stipulation with counsel for Defendants at request of Beazley Insurance until March 15, 2025 then pursuant to the Notice of Bankruptcy filed by counsel for all Defendants in Sanchez 1. *See* Bencoe First Decl., ECF No. 100, at Exs.100 to 100-16.

8.  In my April 16 email to Mr. Garman, attached as **Exhibit 1** hereto, I informed the Trustee that the first two post-trial motions filed in Sanchez I had been fully briefed by the parties' lawyers in Sanchez I and set for hearing by the New Mexico Trial Court on May 22, and provided him with attachments consisting of the full briefing packets for those two Motions:

      a.  Plaintiff's Motion for Prejudgment Interest

      b.  Plaintiff's Cost Bill and Motion for Award of Costs in the Court's Discretion

*See* **Exhibit 1**.

9.  In my April 16 email to Mr. Garman attached as **Exhibit 1**, I also informed the Trustee and provided the following additional post-trial motions filed by the parties through their respective counsel in Sanchez I that are and were still pending completion of briefing/hearing:

      a.  Further briefing on Plaintiff's Motion to Preserve Statutory Remedies Under the Unfair Practices Act, §§57-12-1 et seq. NMSA 1978 and for Time to Elect Remedies Before Entry of the Final Judgment consisting of Defendants' Response;

      b.  Defendants' Motion to Stay Execution of the Judgment Without Bond During the Pendency of the Post-Trial Motion Proceedings filed on 3/20/2025 and Plaintiff's Response in Opposition Thereto filed on to 4/4/2025, both containing Notices to the Court that such filings applied to all Defendants but Numale Corp. and Numale NM SC due to their bankruptcy and the pending Motion to Lift Stay;

c. Plaintiff's Cross-Motion to (Nondebtor) Defendants' Motion to Stay Execution of Judgment Without Bond During the Pendency of the Post-Trial Motion Proceedings (filed March 20, 2025), filed on April 9, 2025, also containing a Notice to the court that such filing applied to all Defendants but Numale Corp and Numale NM SC due to their bankruptcy and the pending Motion to Lift Stay.

d. Out of abundance of caution, I included the following footnote in all of Plaintiff's post-trial filings in Sanchez I that are enumerated above:

> Plaintiff submits this filing as to all Defendants **except for** Numale Corp. and Numale N.M. S.C. Corp., as to whom an automatic stay under 11 U.S.C. § 362 is currently in place due to their status as Debtors in Chapter 11 voluntary bankruptcy cases filed on January 22, 2025 and pending in the U.S. Bankruptcy Court, District of Nevada, before the Honorable Natalie Cox, Cases No. 25-10341 and 25-10347. Out of abundance of caution, Plaintiff also does not submit this filing against Numale Albuquerque LLC d/b/a Numale Medical Center, which was determined by the Court in equity at trial to be a wholly owned subsidiary of Debtor Numale Corp. based on evidence and testimony including but not limited to Stipulated Trial Ex. 182 (Numale Abq. LLC Operating Agreement), *and see*, *Plaintiff's Trial Brief on Numale Corp.'s Liability for Conduct of Numale Albq. LLC and Numale NM SC Corp.* (filed 11/25/2024), *and see* **Exhibit 1 to Ntcs. of Completion** (Trial TS excerpt from 11/22/2024 at P95:L9-19 granting Plaintiff's Motion) and **Exhibit 2 to Ntcs. Of Completion** (*Stipulated Final Jury Inst. No. 17*; Numale Abq LLC and Numale NM SC subsidiaries of Numale Corp).
>
> Plaintiff further states that on March 18, 2025 a *Stipulation for Entry of Order Terminating Automatic Stay as to New Mexico State Court Post-Trial Proceedings to Judgment Only and Comfort Order As to Non-Debtors* was filed in both Debtors' Bankruptcy Cases [Numale Corp. ECF No. 70; Numale NM SC ECF Doc. No. 64], on March 20, 2025, nonparty Beazley Insurance filed an *Ex Parte Motion* Objecting to same [Numale Corp. ECF No. 82], and on March 25, 2025 Sanchez filed a Motion in U.S. Bankruptcy Court to lift the Stay in light of Debtors' stipulation. Plaintiff has filed notices of these matters. There is no reason to further delay post-trial proceedings as to Non-Debtors at this time.

10. Finally, in my April 16 email to Mr. Garman attached as **Exhibit 1**, I also informed the Trustee and provided copies of the following Notices that I filed in New Mexico State Court in Sanchez I on March 26, 2025, to explicitly notify the trial judge in Sanchez I of the pendency of relevant court filings in other jurisdictions since trial that could have bearing on her ability to conduct a full hearing and determination of pending post-trial motions as to all parties until or unless an Order Terminating Stay was entered by the Nevada U.S. Bankruptcy Court:

a. Plaintiff's Notice of Relevant Bankruptcy Filings: Stipulations for Entry of Order Terminating Automatic Stay as to N.M. State Court Posttrial Proceedings to Judgment Only, Not Enforcement, as to Numale Corp. & Numale NM SC, and Comfort Order as to Non-Debtors filed in U.S. Bankruptcy Court, District of Nevada on March 18, 2025; and



127935201.1

- 5 -

b. Plaintiff's Notice of Relevant Bankruptcy Filings: Motions for Order Terminating Automatic Stay as to N.M. State Court Posttrial Proceedings to Judgment Only, Not Enforcement, as to Numale Corp. & Numale NM SC, and Comfort Order as to Non-Debtors filed in U.S. Bankruptcy Court, District of Nevada on March 25, 2025; and

c. Plaintiff's Notice of Relevant Bankruptcy Filing: Declarations of Lori Bencoe in Support of Motion for Order Terminating Automatic Stay as to N.M. State Court Posttrial Proceedings to Judgment Only, Not Enforcement, as to Numale Corp. & Numale NM SC, and Comfort Order as to Non-Debtors filed in U.S. Bankruptcy Court, District of Nevada on March 25, 2025; and

d. Plaintiff's Notice of Relevant State Court Filing: Civil Complaint for Declaratory Judgment Filed on March 14, 2025, in Curry County, Ninth Judicial District Court, New Mexico (by Certain Underwriters at Lloyd's London, Syndicates 2623 and 623 ("Beazley") v. Numale Albuquerque LLC, Christopher Asandra, Carlos Feliciano, Brad Palubicki and Justin Pulliam.

11. By providing copies of the above Notices I filed in Sanchez I with **Exhibit 1**, I informed the Trustee that I had alerted the New Mexico Trial Court of key relevant events since trial that formed the basis for Sanchez's continued delay in proceeding with post-trial motions he filed in December after entry of the jury verdict in late November 2024, and why such delays continued after the Stipulated Order to Stay expired after March 15, 2025, and also to advise the Trustee that the New Mexico Trial Court was on notice of Sanchez's pending Motion to Lift Stay filed in U.S. Bankruptcy Court in the District of Nevada in March with the stipulation of Sanchez I Defendants who had filed for bankruptcy (prior to appointment of the Trustee).

12. I also provided these with **Exhibit 1** so the Trustee would be aware we had informed the New Mexico Trial Court that though there was no reason for further delay of post-trial proceedings as to the non-debtor Defendants in Sanchez I, the Motion to Lift Stay as to Debtor-defendants Numale Corp. and Numale NM SC was still pending, creating either continued delay for Plaintiff Sanchez there, or risk of potentially duplicative or piecemeal motion practice and the added judicial resources, expense and potential for inconsistent results resulting from those in

Sanchez I, should the New Mexico Trial Court decide post-trial matters as to fewer than all of the Sanchez I Defendants – including Trustee for Numale Corp. and Numale NM SC.

**RESPONSE TO TRUSTEE'S INQUIRY REGARDING INSURANCE AND "CONFLICTS" IN SANCHEZ I:**

13. Upon my information and belief, copies of the two Beazley policies insuring Defendants in Sanchez I were made a part of the Nevada District Bankruptcy Court's record in this matter on or about March 25, 2025. *See*, First Bencoe Decl., ECF No. 100, at Exhibit 100-17 (Beazley 3/14/2025 Complaint for Declaratory Judgment with Beazley primary and excess insurance policies attached thereto as Exhibits A and B).

14. In response to Mr. Garman's request on April 16, 2025, and in a good faith effort to assist him, I provided the policies to him separately for his ease of reference. *See*, **Exhibit 2**.

15. At our meet and confer on April 16, Mr. Garman inquired about the Beazley insurance policies insuring Defendants in Sanchez I in the context of raising questions about the potential need for time to retain entirely new lawyers to represent the interests of Sanchez I codefendants Numale Corp. and/or Numale NM SC that might be separate and different from those of the three lawyers who represented them during the litigation and through trial, along with representing the individual nondebtor Defendants Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam.

16. During our meet and confer, I informed Mr. Garman that I was unaware of any post-trial issues the Defendants in Sanchez I were not all aligned in opposing on their merits. In response to Mr. Garman's suggestion that the defendants might differ regarding their liability for the $375 million punitive damage award in Sanchez I, I explained that I believed all seven codefendants (including Debtors and Nondebtors alike) were all aligned in opposing it, based on the jury's finding that all seven defendants were jointly and severally liable for conduct after determining punitive damages on the Special Verdict Form, and based on specific stipulations and rulings in the Record Proper in Sanchez I relating to the meaning of "Numale Defendants", piercing of the corporate veil to hold Numale Corporation liable in equity as a matter of law for the conduct of its subsidiary corporations Numale NM SC and Numale Abq. LLC, and stipulated jury instructions on acts of a

corporation by its agents/subsidiaries, punitive damages, and civil conspiracy. *See*, First Bencoe Decl., ECF No. 100, at ¶¶ 5-15 *and see* First Bencoe Decl. Exs. 100-1 to 100-9.

17. During our meet and confer, I informed Mr. Garman that the question of joint and several liability for the punitive damages verdict was a question of fact for the court in New Mexico to determine, but to my mind it did not create a conflict in that all Defendants were likely to oppose Plaintiff's position.

18. In my April 17, 2025, email providing the Trustee with the insurance policies Mr. Garman asked me to provide again, I informed him of the only conflict of interest I was aware of, which arose out of the fact that in their initial Bankruptcy Schedules, the Trustee's Debtors out of possession (DOP) Numale Corp. and Numale NM SC had disclosed as an asset a potential legal malpractice case against the lawyers who had defended them in Sanchez I, the Quintairos, Prieto Wood & Boyer law firm. *See* **Exhibit 2.**

19. I informed Mr. Garman for the Trustee that to my mind, any need for any Defendants to have new or different lawyers to represent them in post-trial matters upon the report that Trustee's Estate might possess an asset in the form of a legal malpractice claim against the Qjuintairos firm, should have been resolved by the Rodey Law Firm's entry of appearance to handle post-trial matters on behalf of Defendants in Sanchez I. *See* **Exhibit 2.**

20. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: April 23, 2025

*/s/ Lori M. Bencoe*
LORI BENCOE
NM Bar ID No. 7525

lori@bencoelaw.com
Bencoe & LaCour Law P.C.
9201 Montgomery Blvd. NE, Suite 404
Albuquerque NM 87111
Phone: (505) 247-8800
Fax: (505) 247-8801

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 23rd day of April, 2025, I caused to be served a true and correct copy of the **DECLARATION OF LORI BENCOE IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)** in the following manner:

☒ (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☒ (UNITED STATES MAIL)  By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, on April 24, 2025, to the parties listed on the attached Court's Creditors Matrix, with addition, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

                                                */s/ Renee L. Creswell*
                                                An employee of Womble Bond Dickinson (US) LLP

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 25-10341-nmc<br>District of Nevada<br>Las Vegas<br>Tue Mar 18 12:35:26 PDT 2025 | CHAPTER 11 - LV<br>300 LAS VEGAS BLVD., SO. #4300<br>LAS VEGAS, NV 89101-5803 | Ford Motor Credit Company, LLC, c/o AIS Port<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| NEWTEK SMALL BUSINESS FINANCE, LLC<br>STEPHENS LAW OFFICES<br>C/O DAVID A. STEPHENS<br>P.O. BOX 33130<br>LAS VEGAS, NV 89133-3130 | NUMALE CORPORATION<br>6590 S RAINBOW BLVD<br>LAS VEGAS, NV 89118-3327 | Prospect Rainbow, LLC<br>c/o JOHNSON & GUBLER, P.C.<br>Attn: Russell G. Gubler, Esq.<br>8831 W. Sahara Ave<br>Las Vegas, NV 89117-5865 |
| United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 | ARIZONA DEPARTMENT OF REVENUE<br>Office of the Arizona Attorney General -<br>c/o Tax, Bankruptcy and Collection Sct<br>2005 N Central Ave, Suite 100<br>Phoenix, AZ 85004-1546 | Clark Co Assessor c/o Bankruptcy Clerk<br>500 S Grand Central Pkwy<br>Po Box 551401<br>Las Vegas, NV 89155-1401 |
| Clark Co Treasurer c/o Bankruptcy Clerk<br>500 S Grand Central Pksy<br>Po Box 1220<br>Las Vegas, NV 89125-1220 | Clark Co Treasurer c/o Bankruptcy Clerk<br>500 S Grand Central Pkwy<br>Po Box 1220<br>Las Vegas, NV 89125-1220 | DLP Funding LLC<br>c/o/ Law Office of Jacob Z Weinstein<br>420 Central Ave Ste 301<br>Cedarhurst, NY 11516-1000 |
| ELAVON<br>c/o TIMOTHY F. FROST, ESQ.<br>7300 CHAPMAN HIGHWAY<br>Knoxville, TN 37920-6612 | FOX FUNDING GROUP LLC<br>c/o JOE LIEBERMAN, ESQ.<br>LIEBERMAN AND KLESTZICK<br>POB 356<br>Cedarhurst, NY 11516-0356 | Ford Motor Credit Company, LLC c/o AIS Portf<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO BOX 2952<br>Sacramento, CA 95812-2952 | INNOVATIVE REAL ESTATE STRATEGIES<br>2975 S RAINBOW BLVD STE J<br>Las Vegas, NV 89146-6598 | Internal Revenue Service<br>ATTN: BANKRUPTCY DEPT<br>PO Box 7346<br>PHILADELPHIA, PA 19101-7346 |
| KALAMATA CAPITAL GROUP, LLC<br>c/o STEVEN BERKOVITCH<br>BERKOVITCH & BOUSKILA, PLLC<br>1545 US 202 SUITE 101<br>Pomona, NY 10970-2951 | KRAVIT HOVEL & KRAWCZYK<br>825 N JEFFERSON ST<br>Milwaukee, WI 53202-3737 | MICHAEL E SANCHEZ<br>C/O NICHOLAS ROWLEY, ESQ<br>421 W Water St<br>Decorah, IA 52101-1731 |
| NEWTEK LENDING<br>1981 MARCUS AVENUE STE 130<br>Lake Success, NY 11042-1046 | NV Dept of Taxation<br>Bankruptcy Section<br>500 E Washington Ave Ste 13000<br>Las Vegas, NV 89101-1000 | Nevada Dept of Empl Security<br>500 E 3rd St<br>Carson City, NV 89713-0001 |
| Social Security Administration<br>Attn: Bankr Desk<br>Po Box 33021<br>Baltimore, MD 21290-3021 | State of NV DMV<br>Attn: Legal Division<br>555 Wright Way<br>Carson City, NV 89711-0001 | THE LCF GROUP<br>LEGAL DEPARTMENT<br>3000 MARCUS AVE SUITE 2W15<br>New Hyde Park, NY 11042-1005 |
| U.S. TRUSTEE - LV - 11<br>300 LAS VEGAS BOULEVARD S.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | WFNZ-FM<br>c/o Szabo Associates, Inc<br>3355 Lenox Road NE, Suite 945<br>Atlanta, GA 30326-1357 | Wyoming Office Park, LLC<br>P.O. Box 20718<br>P.O. Box 20718<br>Albuquerque, NM 87154-0718 |

```
DAVID A RIGGI                      Michael E. Sanchez                 Ryan J. Works
RIGGI LAW FIRM                     WOMBLE BOND DICKINSON (US) LLP     McDonald Carano LLP
7900 W SAHARA AVE                  C/O OGONNA M. BROWN, ESQ.          2300 W Sahara Avenue, Suite 1200
SUITE 100                          3993 HOWARD HUGHES PKWY            Las Vegas, NV 89102
LAS VEGAS, NV 89117-7921           SUITE 600
                                   LAS VEGAS, NV 89169-5996
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Prospect Rainbow, LLC           End of Label Matrix
c/o JOHNSON & GUBLER, P.C.         Mailable recipients    31
Attn: Russell G. Gubler, Esq.      Bypassed recipients     1
8831 W. Sahara Ave                 Total                  32
Las Vegas, NV 89117-5865
```