GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>    Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

**APPLICATION FOR ORDER APPROVING EMPLOYMENT OF**
**GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL,**
<u>**CHAPTER 11 TRUSTEE**</u>

Michael Carmel, as the Chapter 11 trustee ("<u>Trustee</u>") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "<u>Debtors</u>"), hereby applies to this Court for entry of an order approving the employment of Garman Turner Gordon LLP ("<u>GTG</u>") as attorneys for the Trustee. This application (the "<u>Application</u>") is made and based upon the points and authorities provided herein, the declarations of Michael Carmel (the "<u>Carmel Decl.</u>") and Gregory E. Garman, Esq. (the "<u>Garman Decl.</u>"), both of which are filed herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

**I.**
<u>**INTRODUCTION**</u>

The Trustee has been appointed in these Chapter 11 Cases because the estates and their administration were in chaos. At this time, there appears to be few, if any, liquid assets. The Chapter 11 Cases, to the extent they succeed, will involve prosecuting claims that belong to the estates.

GTG is taking a great risk in stepping in as the Trustee's general bankruptcy counsel, in complex jointly administered chapter 11 cases with little liquidity, numerous litigation issues, and numerous operating clinics (some of which appear to suffer from associated management issues) that produce little if any positive cash flow. GTG will be advancing costs in connection with representing the Trustee and his administration of these estates. In short, there is significant risk of non-payment to GTG.

In light of these concerns and considerations, GTG is seeking a hybrid fee arrangement that is expressly contemplated and permitted under 11 U.S.C. §§ 327 and 328. The hybrid fee arrangement is as follows[1]:

- GTG will discount its standard hourly rates by 50% based upon the amount of time spent on the Matter by various lawyers and paraprofessionals at GTG. The same 50% hourly rate discount will be applied to all members of GTG. GTG's current rates for attorneys range from $375 per hour to $995 per hour. Thus, the discounted rates charged on the Matter will range from $187.50 to $497.50 per hour. Time devoted by law clerks, paralegals, paraprofessionals, and project assistants are charged at the same 50% hourly rate discount, which discounted billing rates range from $50 to $187.50 per hour.

- GTG shall be entitled to, subject to Court approval, reimbursement of reasonable costs and expenses.

- GTG's contingency fee shall be calculated based on all gross recoveries by the estates, excluding revenue generated from the estates' existing business operations. By way of example, GTG's contingency fee will apply to, and be calculated based on, all funds generated by the estates through litigation, sales of assets, or any other mechanism that generates a recovery for the estates that is the result of GTG's and Trustee's services and not solely comprised of the estates' normal revenue from operations. Specifically, GTG shall earn legal fees on a contingency basis of 17.5% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates from the first $10,000,000. If GTG is successful obtaining recoveries in excess of $10,000,000, GTG's fees on any amount recovered in excess of $10,000,000 shall be reduced to 8.75% of the cash value of any such recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the

---

[1] For the avoidance of doubt, to the extent this Application summarizes any aspects of GTG's Retention Agreement, such descriptions are summaries only, and in all respects the terms of GTG's Retention Agreement control.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

estates.  For the avoidance of doubt, the reduction to 8.75% only applies to amounts in excess of $10,000,000, with GTG recovering 17.5% of any amounts less than $10,000,000.  By way of example, if the estates recovered $20,000,000 in cash and cash equivalents, GTG's contingency fee would equal $2,625,000 ($1,750,000 on the first $10,000,000 and $875,000 on the next $10,000,000), plus the discounted hourly rates.

GTG's employment is requested to be approved under 11 U.S.C. § 327(a).  The hourly fees of GTG and its expense reimbursements in connection with GTG's representation will be reviewable under 11 U.S.C. § 330.  The *contingency* portion of GTG's hybrid fee arrangement, is requested to be approved in this Application under 11 U.S.C. § 328.

**II.**
**RELEVANT BACKGROUND FACTS**

1.      On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned  bankruptcy cases (collectively, the "Chapter 11 Cases").  *See* ECF No. 1.

2.      On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases* directing that "the Chapter 11 case of NUMALE CORPORATION (Case No. 25-10341-nmc), shall be jointly administered with the Chapter 11 cases of FELICIANO NUMALE NEVADA PLLC (Case No. 25-10342-nmc), NUMEDICAL SC (Case No. 25-10343-nmc), NUMALE COLORADO SC (Case No. 25-10344-nmc), NUMALE FLORIDA TB PLLC (Case No. 25-10345-nmc), NUMALE NEBRASKA LLC (Case No. 25-10346-nmc), and NUMALE NEW MEXICO SC (Case No. 25-10347-nmc, with NUMALE CORPORATION designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 25-10341-nmc)."  *See* ECF No. 130.

3.      On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or*

*Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

4.    On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17, appointed the Trustee ("US Trustee") as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

5.    On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6.    Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 trustee for the Debtors' estates. *See* ECF No. 157.

**III.**
**JURISDICTION AND VENUE**

7.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the court has jurisdiction to decide pursuant to pursuant to 28 U.S.C. § 157(b)(2)(A).

8.    The statutory bases for the relief sought herein arise from Sections 327, 328, 1107, and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014.

9.    Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

**IV.**
**RELIEF REQUESTED**

10.    The Trustee seeks Court approval pursuant to Sections 327(a), 328, 330, and 331 of the Bankruptcy Code to employ and retain GTG as his attorneys in connection with the Chapter 11 Cases. Employment is requested under Section 327(a). The Trustee also expressly seeks herein

approval of the hybrid fee arrangement set forth in its Retention Agreement, as well as the *contingency* compensation component of GTG's compensation, under Section 328.

11.    The Trustee requests that the Court approve this retention and compensation of GTG as his attorneys, to perform the legal services that will be necessary during the Chapter 11 Cases. *See* Carmel Decl. ¶ 4.

12.    As to the hourly compensation and expense reimbursement portions of GTG's retention, and separate from the proposed contingency portion of the proposed hybrid fee agreement as noted in ¶ 8 of the Carmel Decl., the Trustee requests that the Court approve the retention of GTG as his attorneys in accordance with GTG's normal hourly rates in effect when the services are rendered (at a 50% discount of the hourly rates, as noted therein) and reimbursement of actual, necessary and reasonable expenses. *See* Carmel Decl. ¶ 5.

## V.
## SCOPE OF SERVICES

13.    It is proposed that GTG be employed to render the following non-exclusive professional services:

a.    advise the Trustee with respect to the rights, powers, and duties as trustee;

b.    commencing litigation, which may include a bad faith claim against the carrier and claims against insiders;

c.    prepare on behalf of the Trustee all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

d.    advise and assist the Trustee with all actions he may take to collect and recover property for the benefit of the Debtors' estates;

e.    to take all necessary or appropriate actions in connection with any sale, plan, disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

f.    take all necessary actions to protect and preserve the Debtors' estates,

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

including the prosecution of actions on Debtors' behalf, the defense of any actions commenced against Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

g.      perform all other necessary legal services in connection with the prosecution and administration of the Debtors' Chapter 11 Cases.

*See* Garman Decl. ¶ 3.

14.     Because of the unique nature of these cases, it is appropriate for the Trustee to employ attorneys under a hybrid fee arrangement to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as the Trustee's general bankruptcy counsel to perform the services described herein.  *See* Garman Decl. ¶ 4.

## VI.
## RETENTION AND COMPENSATION

15.     The Trustee has selected GTG as his attorneys because of the firm's extensive experience in cases under Chapter 11 of the Bankruptcy Code and significant experience representing Chapter 11 trustees (including previously representing Trustee Carmel in this District).  Members of GTG have been actively involved in many of the most complex bankruptcy cases filed in this District during the last several decades.  GTG's attorneys have represented debtors, trustees, committees, and other parties-in-interest in bankruptcy cases of national significance, and are well-qualified to represent the Trustee in these Chapter 11 Cases.  The attorneys employed by GTG are duly admitted to practice before this Court.  *See* Garman Decl. ¶ 5; *see also* Carmel Decl. ¶ 6.

16.     The terms of GTG's retention are set forth in the Legal Retention Agreement (the "Retention Agreement") attached to the Garman Decl. as **Exhibit "1"**.  The Retention Agreement provides for compensation as a combination of hourly rates, contingency compensation, and expense charges, as follows:

- GTG will discount its standard hourly rates by 50% based upon the amount of time spent on the Matter by various lawyers and paraprofessionals at GTG.  The same 50%

hourly rate discount will be applied to all members of GTG. GTG's current rates for attorneys range from $375 per hour to $995 per hour. Thus, the discounted rates charged on the Matter will range from $187.50 to $497.50 per hour. Time devoted by law clerks, paralegals, paraprofessionals, and project assistants are charged at the same 50% hourly rate discount, which discounted billing rates range from $50 to $187.50 per hour. The applicable hourly rates (before discount) are GTG's prevailing rates for attorneys, law clerks, paraprofessionals, paralegals, project assistants, and non-professional assistants then in effect.

- GTG's contingency fee shall be calculated based on all gross recoveries by the estates, solely excluding revenue generated from the estates' existing business operations. By way of example, GTG's contingency fee will apply to, and be calculated based on, all funds generated by the estates through litigation, sales of assets, or any other mechanism that generates a recovery for the estates that is the result of GTG's and Trustee's services and not solely comprised of the estates' normal revenue from operations. Specifically, GTG shall earn legal fees on a contingency basis of 17.5% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates from the first $10,000,000. If GTG is successful obtaining recoveries in excess of $10,000,000, GTG's fees on any amount recovered in excess of $10,000,000 shall be reduced to 8.75% of the cash value of any such recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates. For the avoidance of doubt, the reduction to 8.75% only applies to amounts in excess of $10,000,000, with GTG recovering 17.5% of any amounts less than $10,000,000. By way of example, if the estates recovered $20,000,000 in cash and cash equivalents, GTG's contingency fee would equal $2,625,000 ($1,750,000 on the first $10,000,000 and $875,000 on the next $10,000,000), plus the discounted hourly rates.

*See* Garman Decl. ¶ 6.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

17.    The hourly compensation and expense reimbursement components of GTG's fee arrangement are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code.  GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided.   Additionally, GTG's rates are consistent with the market, and, under the hybrid compensation structure, GTG's rates are discounted by 50%.  In the normal course of business, and as reflected in the Retention Agreement, GTG adjusts its hourly rates on an annual basis.  GTG will also seek reimbursement of its expenses pursuant to 11 U.S.C. § 330.  *See* Garman Decl. ¶ 7.

18.    The contingency compensation component of GTG's hybrid fee arrangement is the subject of Section 328 approval through this Application.  GTG respectfully submits that its compensation structure fairly and adequately compensates GTG based on the nature of the services to be provided and the risks involved in GTG undertaking representation of the Trustee in these Chapter 11 Cases.  The contingency compensation structure is reasonable because GTG seeks *one-half* the standard and customary contingency fee, by seeking a 17.5% contingency fee on all gross recoveries by the estates, excluding revenue generated from the estates' existing business operations, from the first $10,000,000 recovered, and, if GTG succeeds in recovering in excess of $10,000,000, its contingency fee on any amounts recovered above $10,000,000 reduces in half again and is 8.75% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates.  8.75% represents a reduction of 75% from the standard contingency fee of thirty-five percent (35%).  *See* Garman Decl. ¶ 8.

19.    The hybrid fee structure is also reasonable under the circumstances present in these Chapter 11 Cases, where the bankruptcy estates have little liquid assets available to pay creditors or administrative expenses, and the largest asset of the estate is its litigation claims (which are, by their nature, speculative).  Further, GTG will be advancing costs in connection with administration of these estates.  Thus GTG respectfully submits that the contingency fee component is reasonable and should be approved under Section 328 of the Bankruptcy Code.  *See* Garman Decl. ¶ 9.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

20. No payments have been made or promised to GTG for services rendered in connection with these Chapter 11 Cases. *See* Garman Decl. ¶ 10.

21. There is no agreement between GTG and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases. *See* Garman Decl. ¶ 11.

22. In connection with any applications for compensation submitted by GTG in connection with its representation of the Trustee in these Chapter 11 Cases, GTG intends that such applications are submitted in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the date of the Trustee's appointment on April 7, 2025. It is further contemplated that GTG may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. GTG understands that compensation is subject to prior Court approval. *See* Garman Decl. ¶ 12.

**VII.**
**LEGAL ANALYSIS**

23. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ professionals that "do not hold or represent and interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as:

> (1) a person that is not a creditor, an equity security holder, or an insider;
>
> (2) a person that is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (3) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of a direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

11 U.S.C. § 101(14).  GTG satisfies each of the three prongs of Section 101(14) of the Bankruptcy Code and is therefore "disinterested" within the meaning of the Bankruptcy Code.

24.    The Trustee also expressly seeks approval of the hybrid fee arrangement set forth in the Retention Agreement, and approval of the contingency compensation portion of GTG's hybrid fee arrangement, pursuant to Section 328 of the Bankruptcy Code.  11 U.S.C. § 328(a) provides in pertinent part:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis….

11 U.S.C. § 328 (emphases added).  Therefore, Section 328 expressly permits the compensation of professionals, including counsel, on more flexible terms that reflect the nature of their services, risks, and market conditions.

25.    The Trustee believes the hybrid fee structure set forth in the Retention Agreement is reasonable under the circumstances of this case and should be approved.  Additionally, the Trustee believes the contingency portion of the hybrid fee arrangement set forth in the Retention Agreement is reasonable under the circumstances of these cases and should be approved under Section 328.  The compensation structure fairly and adequately compensates GTG based on the nature of the services to be provided and the risks involved in GTG undertaking representation of the Trustee here.  These bankruptcy estates have few liquid assets available to pay creditors or administrative expenses, and the largest assets of the estate are its litigation claims, which are, by their very nature, speculative.  GTG will be advancing costs in connection with representing the Trustee in connection with his administration of these estates.  *See* Carmel Decl. ¶ 7.

26.    Additionally, GTG's requested contingency compensation structure is reasonable because it is one-half the standard contingency fee of thirty-five (35%) percent, as GTG's contingency fee of 17.5% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates from the first $10,000,000, and is

calculated based on all gross recoveries by the estates, excluding revenue generated from the estates' existing business operations.  Furthermore, if GTG is successful in obtaining recoveries in excess of $10,000,000, GTG's contingency fees on any such amount recovered in excess of $10,000,000 shall be *reduced to* 8.75% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates[2]; this is a seventy-five percent (75%) reduction of the standard contingency fee of thirty-five percent (35%).  In other words, GTG has created a tiered contingency fee structure that is reasonable under the circumstances of these Chapter 11 Cases.  And, as to all contingency compensation, GTG will only receive compensation based upon the success of its efforts.  *See* Carmel Decl. ¶ 8.

27.    The Trustee further seeks GTG's retention effective to the date of the Trustee's appointment (April 7, 2025), to include the services it has provided and will provide before this Application is heard.  GTG has provided services to the Trustee in advance of approval of this Application in the form of appearing at court hearings; more than a dozen meetings with parties in interest; issued a formal and preliminary objection to, and also met and conferred regarding, discovery Beazley had issued prior to the Trustee's appointment and for which Beazley had continued to seek enforcement; attempted to negotiate with counsel to Prospect Rainbow respecting its pending stay relief motion concerning operational premises in Las Vegas; attended the Trustee's initial interview of the Debtors' principals and DOPs' counsel; reviewed the Debtors' Schedules and Statements, reviewed numerous emails and other information provided by DOPs' counsel, Debtors' principal(s), and other parties in interest, and reviewed relevant filings in the Debtors' bankruptcy cases.  Additionally, this application is being filed within the first three weeks of the Trustee's appointment.  Retroactive approval is warranted under the circumstances, as this evaluation was necessary for GTG to determine whether it would represent the Trustee.  *See Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996)

---

[2] For the avoidance of doubt, the reduction to 8.75% only applies to amounts in excess of $10,000,000, with GTG recovering 17.5% of any amounts less than $10,000,000.  By way of example, if the estates recovered $20,000,000 in cash and cash equivalents, GTG's contingency fee would equal $2,625,000 ($1,750,000 on the first $10,000,000 and $875,000 on the next $10,000,000), plus the discounted hourly rates.

(ultimate decision to authorize *nunc pro tunc* approval rests with the bankruptcy court); *Atkins v. Wain, Samuel & Co. (In re Atkins)*, 69 F.3d 970, 975-76 (9th Cir. 1995) (explaining factors to consider in determining whether *nunc pro tunc* approval is appropriate, including whether employment benefited the estate).

## VIII.
## DISINTERESTEDNESS

28.     To the best of GTG's knowledge, neither GTG, nor any of its partners or associates, have any present or prior connection with Debtors, Debtors' creditors, or other parties-in-interest, except as set forth herein.  To the best of GTG's knowledge, GTG and its partners and associates do not hold or represent any interest adverse to Debtors' estates and GTG and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b).  Additionally, GTG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee.  GTG's representation of Trustee will not be adverse to Debtors' estates. *See* Garman Decl. ¶ 14.

29.     Prior to commencing representation of the Trustee, GTG reviewed the Debtors' schedules and statements, proofs of claim, and matrices.  From such initial review, up to and including the preparation of this Application, GTG has continued to review the information provided by Trustee and debtors-out-of-possession to determine any previous or present representations of creditors or parties-in-interest. *See* Garman Decl. ¶ 15.

30.     Pursuant to Bankruptcy Rule 2014, GTG makes the following disclosures, none of which render GTG not disinterested or are adverse to Debtors' estates:

a)   GTG's attorneys have worked alongside and/or been opposed to the following counsel appearing in these Chapter 11 Cases: Ogonna M. Brown, Esq. and other lawyers at her current and former firms; Richard F. Holley, Esq. and other lawyers at his current and former firms; Ryan J. Works, Esq. and other lawyers at his firm; Matthew L. Johnson, Esq. and other lawyers at his firm; David Riggi, David A. Stephens, and potentially other

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

attorneys that have or may appear in these Chapter 11 Cases. GTG does not believe these professional relationships affect its qualification to serve as counsel to the Trustee.

b) GTG's attorneys have represented debtors, trustees, and creditors in unrelated bankruptcy and litigation cases in which such representation was adverse to creditors in these Chapter 11 Cases. GTG has specifically identified the Internal Revenue Service, American Express, Celtic Bank, Clark Hill, Kalamata Capital Group, Nevada Department of Taxation, US Small Business Administration, Yelp Inc., Elavon, Ford Motor Credit, Social Security Administration, Nevada Dept. of Employment Training & Rehab, and Arizona Department of Revenue.

c) GTG previously represented Clark Hill PLLC in a matter providing assistance with local counsel real estate issues.

d) GTG previously represented David Riggi in connection with preparing an opinion letter unrelated to these bankruptcy cases; this representation is concluded and the matter is closed.

e) GTG previously represented parties adverse to Celtic Bank Corporation in Case No. 22-01007.

f) GTG has also represented other parties in unrelated bankruptcy cases in which the Trustee was a trustee or mediator.

g) GTG previously represented the Trustee as a chapter 11 trustee in this District in the jointly administered Chapter 11 Cases of debtors *In re Silver State Broadcasting, LLC* (Case No. 21-14978-ABL), *In re Golden State Broadcasting, LLC* (Case No. 21-14979-ABL), and *In re Major Market Radio, LLC* (21-14980-ABL), in which plans were confirmed in all cases, and creditors were paid in all cases, and creditors were paid in full with a distribution on account of equity in two of the three jointly administered cases.

h) Before joining GTG, attorney Mary Langsner, Ph.D. was previously employed at the law firm most recently known as Holley Driggs and thus has previously worked with Richard F. Holley, Esq., Ogonna M. Brown, Esq., and F. Thomas Edwards, Esq.

*See* Garman Decl. ¶ 16.

31.    Greg Garman has known the Trustee on a professional basis for more than twenty years.  *See* Garman Decl. ¶ 17.

32.    From time to time, members of GTG have used Trustee Carmel as a mediator in bankruptcy cases.  However, no such cases are ongoing at this time.  *See* Garman Decl. ¶ 18.

33.    GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court.  *See* Garman Decl. ¶ 19.

## IX.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order in substantially the form attached hereto as **Exhibit "1"** authorizing the employment of GTG as the Trustee's attorneys to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 328, 330 and 331 of the Bankruptcy Code.

Dated this 25th day of April, 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*