GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: OST Requested  Hearing Time: OST Requested |

**DECLARATION OF GREGORY E. GARMAN, ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL, CHAPTER 11 TRUSTEE**

1

I, Gregory E. Garman, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* (the "Application").[1]

2. I am an attorney licensed to practice law in the State of Nevada, Nevada Bar No. 6654. I am a partner with the law firm of Garman Turner Gordon ("GTG"). GTG maintains offices in Nevada at 7151 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court.

3. It is proposed that GTG be employed to render the following non-exclusive professional services:

    a. advise the Trustee with respect to the rights, powers, and duties as trustee;

    b. commencing litigation, which may include a bad faith claim against the carrier and claims against insiders;

    c. prepare on behalf of the Trustee all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

    d. advise and assist the Trustee with all actions he may take to collect and recover property for the benefit of the Debtors' estates;

    e. to take all necessary or appropriate actions in connection with any sale, plan, disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

    f. take all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on Debtors' behalf, the defense of any actions commenced against Debtors, the negotiation of disputes in which the Debtors are involved,

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

and the preparation of objections to claims filed against the Debtors' estates; and

g. perform all other necessary legal services in connection with the prosecution and administration of the Debtors' Chapter 11 Cases.

4. Because of the unique nature of these cases, it is appropriate for the Trustee to employ attorneys under a hybrid fee arrangement to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as the Trustee's general bankruptcy counsel to perform the services described herein.

5. The Trustee has selected GTG as his attorneys because of the firm's extensive experience in cases under Chapter 11 of the Bankruptcy Code and significant experience representing Chapter 11 trustees (including previously representing Trustee Carmel). Members of GTG have been actively involved in many of the most complex bankruptcy cases filed in this District during the last several decades. GTG's attorneys have represented debtors, trustees, committees, and other parties-in-interest in bankruptcy cases of national significance, and are well-qualified to represent the Trustee in these Chapter 11 Cases. The attorneys employed by GTG are duly admitted to practice before this Court.

6. The terms of GTG's retention are set forth in the Legal Retention Agreement (the "Retention Agreement") attached hereto as **Exhibit "1"**.

7. The hourly compensation and expense reimbursement components of GTG's fee arrangement are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market, and, under the hybrid compensation structure, GTG's rates are discounted by 50%. In the normal course of business, and as reflected in the Retention Agreement, GTG adjusts its hourly rates on an annual basis. GTG will also seek reimbursement of its expenses pursuant to 11 U.S.C. § 330.

8. The contingency compensation component of GTG's hybrid fee arrangement is the subject of Section 328 approval through this Application. GTG respectfully submits that its

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

compensation structure fairly and adequately compensates GTG based on the nature of the services to be provided and the risks involved in GTG undertaking representation of the Trustee in these Chapter 11 Cases. The contingency compensation structure is reasonable because GTG seeks *one-half* the standard and customary contingency fee, by seeking a 17.5% contingency fee on all gross recoveries by the estates, excluding revenue generated from the estates' existing business operations, from the first $10,000,000 recovered, and, if GTG succeeds in recovering in excess of $10,000,000, its contingency fee on any amounts recovered above $10,000,000 reduces in half again and is 8.75% of the cash value of any recoveries and the cash equivalent value of any non-monetary recoveries that accrue to the benefit of the estates. 8.75% represents a reduction of 75% from the standard contingency fee of thirty-five percent (35%).

9.  The hybrid fee structure is also reasonable under the circumstances present in these Chapter 11 Cases, where the bankruptcy estates have little liquid assets available to pay creditors or administrative expenses, and the largest asset of the estate is its litigation claims (which are, by their nature, speculative). Further, GTG will be advancing costs in connection with administration of these estates. Thus GTG respectfully submits that the contingency fee component is reasonable and should be approved under Section 328 of the Bankruptcy Code.

10. No payments have been made or promised to GTG for services rendered in connection with these Chapter 11 Cases.

11. There is no agreement between GTG and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases.

12. In connection with any applications for compensation submitted by GTG in connection with its representation of the Trustee in these Chapter 11 Cases, GTG intends that such applications are submitted in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the date of the Trustee's appointment on April 7, 2025. It is further contemplated

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1  that GTG may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. GTG understands that compensation is subject to prior Court approval.

13. The hybrid fee structure set forth in the Retention Agreement is reasonable under the circumstances of this case and should be approved. Additionally, the contingency portion of the hybrid fee arrangement set forth in the Retention Agreement is reasonable under the circumstances of these cases and should be approved under Section 328. The compensation structure fairly and adequately compensates GTG based on the nature of the services to be provided and the risks involved in GTG undertaking representation of the Trustee here. These bankruptcy estates have few liquid assets available to pay creditors or administrative expenses, and the largest asset of the estate is its litigation claims, which are, by their very nature, speculative. And, GTG will be advancing costs in connection with representing the Trustee in connection with his administration of these estates.

14. To the best of my knowledge, neither GTG, nor any of its partners or associates, have any present or prior connection with Debtors, Debtors' creditors, or other parties-in-interest, except as set forth herein. To the best of my knowledge, GTG and its partners and associates do not hold or represent any interest adverse to Debtors' estates and GTG and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). Additionally, GTG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. GTG's representation of Trustee will not be adverse to Debtors' estates.

15. Prior to commencing representation of the Trustee, GTG reviewed the Debtors' schedules and statements, proofs of claim, and matrices. From such initial review, up to and including the preparation of this Application, GTG has continued to review the information provided by Trustee and debtors-out-of-possession to determine any previous or present representations of creditors or parties-in-interest.

5

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

16. Pursuant to Bankruptcy Rule 2014, GTG makes the following disclosures, none of which render GTG not disinterested or are adverse to Debtors' estates:

a) GTG's attorneys have worked alongside and/or been opposed to the following counsel appearing in these Chapter 11 Cases: Ogonna M. Brown, Esq. and other lawyers at her current and former firms; Richard F. Holley, Esq. and other lawyers at his current and former firms; Ryan J. Works, Esq. and other lawyers at his firm; Matthew L. Johnson, Esq. and other lawyers at his firm; David Riggi, David A. Stephens, and potentially other attorneys that have or may appear in these Chapter 11 Cases. GTG does not believe these professional relationships affect its qualification to serve as counsel to the Trustee.

b) GTG's attorneys have represented debtors, trustees, and creditors in unrelated bankruptcy and litigation cases in which such representation was adverse to creditors in these Chapter 11 Cases. GTG has specifically identified the Internal Revenue Service, American Express, Celtic Bank, Clark Hill, Kalamata Capital Group, Nevada Department of Taxation, US Small Business Administration, Yelp Inc., Elavon, Ford Motor Credit, Social Security Administration, Nevada Dept. of Employment Training & Rehab, and Arizona Department of Revenue.

c) GTG previously represented Clark Hill PLLC in a matter providing assistance with local counsel real estate issues.

d) GTG previously represented David Riggi in connection with preparing an opinion letter unrelated to these bankruptcy cases; this representation is concluded and the matter is closed.

e) GTG previously represented parties adverse to Celtic Bank Corporation in Case No. 22-01007.

f) GTG has also represented other parties in unrelated bankruptcy cases in which the Trustee was a trustee or mediator.

g) GTG previously represented the Trustee as a chapter 11 trustee in this District in the jointly administered Chapter 11 Cases of debtors *In re Silver State Broadcasting, LLC* (Case No.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

21-14978-ABL), *In re Golden State Broadcasting, LLC* (Case No. 21-14979-ABL), and *In re Major Market Radio, LLC* (21-14980-ABL), in which plans were confirmed in all cases, and creditors were paid in all cases, and creditors were paid in full with a distribution on account of equity in two of the three jointly administered cases.

h) Before joining GTG, attorney Mary Langsner, Ph.D. was previously employed at the law firm most recently known as Holley Driggs and thus has previously worked with Richard F. Holley, Esq., Ogonna M. Brown, Esq., and F. Thomas Edwards, Esq.

17. I have known the Trustee on a professional basis for more than twenty years.

18. From time to time, members of GTG have used Trustee Carmel as a mediator in bankruptcy cases. However, no such cases are ongoing at this time.

19. GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 25th day of April, 2025.

          */s/ Gregory E. Garman*
          GREGORY E. GARMAN, ESQ.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000