GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | *Jointly administered with:* |
| ☐ AFFECTS THIS DEBTOR, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMEDICAL SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE NEW MEXICO SC, | |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL, <u>CHAPTER 11 TRUSTEE</u>**

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") filed his *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* (the "Motion").[1]

Trustee submits this *ex parte* application (the "Ex Parte Application") requesting this Court issue an Order Shortening Time to hear the Motion on May 20, 2025, at 9:30 a.m. or at the Court's earliest convenience. This Ex Parte Application is made and based upon Section[2] 105(a) of the Bankruptcy Code, Bankruptcy Rules 4001 and 9006, and Local Rules 4001 and 9006, the following memorandum of points and authorities inclusive of the Declaration of Mary Langsner, Ph.D. (the "Langsner Declaration") incorporated herein, the Attorney Information Sheet filed concurrently herewith, and the papers and pleading on file with the Court, judicial notice of which is respectfully requested.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
DECLARATION OF MARY LANGSNER, PH.D.**

I, Mary Langsner, Ph.D., declare as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney at the law firm of Garman Turner Gordon LLP, proposed counsel to the Trustee in the above-captioned matter, and am duly licensed to practice law in the State of Nevada (Nevada Bar No. 13707).

3. Good cause exists for this Court to hear the Motion on shortened time as requested herein. Presently, there are hearings set in these jointly administered cases for May 20, 2025, at

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Application.

[2] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

2

9:30 a.m.

4. When my staff inquired of a hearing date in the ordinary course for the Motion, I was advised that the first available date they were provided for a hearing in the ordinary course was June 24, 2025. That is approximately seventy-eight days after the Trustee's appointment on April 7, 2025. In other words, GTG would be working as proposed counsel to the Trustee for the better part of a calendar quarter before having obtained an order authorizing its employment.

5. By contrast, although it is less than twenty-eight days from the filing of the Ex Parte Application, the proposed May 20, 2025, hearing date is forty-three (43) days after the Trustee's appointment.

6. Having the Motion heard on May 20, 2025, commensurate with other matters on the Court's calendar will also facilitate efficiency and may also save parties in interest the costs attendant to a separate Court hearing on the Motion.

7. I personally contacted the counsel listed on the Attorney Information Sheet, and the responses I received from them (or non-responses) are accurately represented.

8. Good cause exists to have the hearing on shortened time because a May 20, 2025, provides an opportunity for GTG's employment to be adjudicated within the first forty-five days of the Trustee's appointment in these Chapter 11 Cases.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 25th day of April, 2025.

*/s/ Mary Langsner*
MARY LANGSNER, Ph.D.

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Relevantly, Bankruptcy Rule 9006(c)(1) provides as follows:

3

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the Langsner Decl., May 20, 2025, provides an opportunity for GTG's employment to be adjudicated within the first forty-five days of the Trustee's appointment in these Chapter 11 Cases.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet has been filed contemporaneously with this Ex Parte Application.

Through this Ex Parte Application, the Trustee respectfully proffers that cause exists to grant the shortening of time on the Motion, to allow a hearing on the Motion to take place commensurate with the presently scheduled hearings on other matters in these cases: May 20, 2025, at 9:30 a.m. prevailing Pacific Time.

The Trustee respectfully proffers that the circumstances set forth in this Ex Parte Application, the Langsner Decl., and papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, warrant a finding that cause exists to shorten the time for a hearing on the Motion, as permitted by the Rule.

### III.
### CONCLUSION

WHEREFORE, the Trustee respectfully requests this Court grant this Ex Parte Application and issue an Order Shortening Time to hear the Motion on May 20, 2025, at 9:30 a.m. or at the Court's earliest convenience, and grant such other and further relief as the Court deems just and proper.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1  Dated this 25th day of April, 2025.

2                                       GARMAN TURNER GORDON LLP

3  By: */s/ Mary Langnser*
      GREGORY E. GARMAN, ESQ.
4        TALITHA GRAY KOZLOWSKI, ESQ.
      MARY LANGSNER, Ph.D.
5        7251 Amigo Street, Suite 210
      Las Vegas, Nevada 89119
6        [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*