Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ AFFECTS ALL DEBTORS,<br><br>Debtors. | Lead Case No. 25-10341-NMC<br>Chapter 11<br><br>*Jointly administered with*:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-NMC,<br><br>NuMedical SC,<br>Case No. 25-10343-NMC,<br><br>NuMale Colorado SC,<br>Case No. 25-10344-NMC,<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-NMC,<br><br>NuMale Nebraska LLC,<br>Case No. 25-10346-NMC,<br><br>NuMale New Mexico SC,<br>Case No. 25-10347-NMC. |

# NOTICE OF APPOINTMENT OF JACOB NATHAN RUBIN, M.D., F.A.C.C. AS THE PATIENT CARE OMBUDSMAN

Pursuant to 11 U.S.C. § 333 and Fed. R. Bankr. P. 2007.2(c) and this Court's Order directing the appointment of a Patient Care Ombudsman ("PCO") [ECF No. 172] entered on April 10, 2025, the United States Trustee hereby appoints Jacob Nathan Rubin, M.D., F.A.C.C. as the PCO in the above-captioned jointly administered bankruptcy cases. Jacob Nathan Rubin, M.D., F.A.C.C.'s contact information is:

> Jacob Nathan Rubin, M.D., F.A.C.C.
> 4940 Van Nuys Blvd. #200
> Sherman Oaks, CA 91403
> Bus. Tel.: (818) 501-1455

Section 333 of the Bankruptcy Code provides that Jacob Nathan Rubin, M.D., F.A.C.C., as the PCO shall:

1. Monitor the quality of patient care provided to patients of the Debtors, to the extent necessary under the circumstances, including interviewing patients and physicians;

2. Not later than 60 days after the date of appointment, and not less frequently than at 60-day intervals thereafter, report to the Court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the Debtors; and

3. In the event the PCO determines the quality of patient care provided to patients of the Debtors is declining significantly or is otherwise being materially compromised, file with the Court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

4. Shall maintain any information obtained by such ombudsman under section 333 of the Bankruptcy Code that relates to patients (including information related to patient records)

as confidential information. Such ombudsman may not review confidential patient records unless the Court approves such review in advance and imposes restrictions on such ombudsman to protect the confidentiality of such records.

5. Fed. R. Bankr. P. 2015.1 provides that the PCO shall file Reports:

(a) Notice of the Report. Unless the court orders otherwise, a patient-care ombudsman must give at least 14 days' notice before making a report under § 333(b)(2).
    (1) Recipients of the Notice. The notice must be sent to the United States trustee, posted conspicuously at the health-care facility that is the report's subject, and served on:
        • the debtor;
        • the trustee;
        • all patients;
        • any committee elected under § 705 or appointed under § 1102 or its authorized agent;
        • in a Chapter 9 or 11 case, the creditors on the list filed under Rule 1007(d) if no committee of unsecured creditors has been appointed under § 1102; and
        • any other entity as the court orders.
    (2) Content of the Notice. The notice must state:
        (A) the date and time when the report will be made;
        (B) the manner in which it will be made; and
        (C) if it will be in writing, the name, address, telephone number, email address, and any website of the person from whom a copy may be obtained at the debtor's expense.

6. Upon the conclusion of the PCO's involvement in the above-captioned jointly administered cases, the United States Trustee will move for an order of this Court that formally terminates the responsibility and the reporting requirement under 11 U.S.C. §333(b) of the PCO.

7. Attached hereto as Exhibit A is the Verified Statement of connections of the Patient Care Ombudsman, Jacob Nathan Rubin, M.D., F.A.C.C.

//

//

//

3

| | |
|---|---|
| Dated: April 24, 2025 | Respectfully submitted, |
| | TRACY HOPE DAVIS<br>UNITED STATES TRUSTEE |
| | By: /s/ *Terri H. Didion*<br>    Terri H. Didion<br>    Assistant United States Trustee |