GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

**MOTION FOR ENTRY OF AN ORDER (A) SETTING A BAR DATE FOR FILING PROOFS OF CLAIM AND (B) APPROVING NOTICE THEREOF**

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") respectfully submits this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit "1"** (the "Bar Date Order"), thereby establishing **June 30, 2025, at 11:59 p.m. prevailing Pacific Time** as the last date and time to file Proofs of Claim against any or all of the Debtors for non-governmental claimants. The Motion does not propose to alter the existing July 21, 2025, at 11:59 p.m. prevailing Pacific Time deadline as the last date and time to file Proofs of Claim against any or all of the Debtors for governmental claimants. The Trustee further requests that the Court approve the related notice and filing procedures.

This Motion is made and based upon the points and authorities provided herein, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion.

# I.
# INTRODUCTION

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. Each of the notices of bankruptcy filed in the Debtors' Chapter 11 Cases identify May 28, 2025, as the deadline for filing a proof of claim for all creditors who are not a governmental unit ("Current POC Deadline"), and July 21, 2025, as the deadline for governmental units to file a proof of claim. *See* ECF No. 3.[1]

3. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases* directing that "the Chapter 11 case of NUMALE

---

[1] *See also In re Feliciano NuMale Nevada PLLC*, case 25-10432-nmc ECF No. 3; *In re NuMedical SC*, case 25-10343-nmc ECF No. 3; *In re NuMale Colorado SC*, case 25-10344-nmc ECF No. 3; *In re NuMale Florida TB PLLC*, case 25-10345-nmc ECF No. 2; *In re Numale Nebraska LLC*, case 25-10346-nmc ECF No. 2; *In re NuMale New Mexico SC*, 25-10347-nmc ECF No. 5.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

CORPORATION (Case No. 25-10341-nmc), shall be jointly administered with the Chapter 11 cases of FELICIANO NUMALE NEVADA PLLC (Case No. 25-10342-nmc), NUMEDICAL SC (Case No. 25-10343-nmc), NUMALE COLORADO SC (Case No. 25-10344-nmc), NUMALE FLORIDA TB PLLC (Case No. 25-10345-nmc), NUMALE NEBRASKA LLC (Case No. 25-10346-nmc), and NUMALE NEW MEXICO SC (Case No. 25-10347-nmc, with NUMALE CORPORATION designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 25-10341-nmc)." *See* ECF No. 130.

4. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5. On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

7. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

8. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

## II.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

10. The statutory bases for the relief sought herein arise from Sections 105, 501, and 502 of the Bankruptcy Code and Bankruptcy Rules 3002(c)(4), 3003, and 2002.

11. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### III.
### RELIEF REQUESTED

13. By this Motion, the Trustee requests that the Court:

   (a) establish June 30, 2025 at 11:59 p.m. prevailing Pacific Time as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim (as defined in Section 101(5) of the Bankruptcy Code including, for the avoidance of doubt, secured claims and priority claims against any of the Debtors (the "General Bar Date");

   (b) maintain July 21, 2025, at 11:59 p.m. prevailing Pacific Time as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) ("Governmental Units") to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "Governmental Bar Date"; together with the General Bar Date, the "Bar Dates");

   (c) approve the proposed procedures for filing Proofs of Claim; and

   (d) approve the proposed procedures for notice of the Bar Dates, including, among other things, the form of notice substantially in the form attached hereto as **Exhibit "2"** (the "Bar Date Notice").

### IV.
### BASIS FOR RELIEF REQUESTED

14. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which claimants must file a Proof of Claim in a Chapter 11 case pursuant to Section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against Debtors that (a) is not scheduled in Debtors' schedules of assets and liabilities (the "Schedules") or (b) is listed on the Schedules as disputed, contingent, or unliquidated must file a

4

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Proof of Claim by a bar date fixed by the Court.

15. Section 502(b)(9)(A) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide[.]" 11 U.S.C. § 502(b)(9)(A).

16. Establishing a bar date for filing proofs of claim will benefit all interested parties by establishing the universe of claims to be paid and will assist the Trustee in administering these Chapter 11 Cases.

17. Unless the Court directs otherwise, Bankruptcy Rule 2002(a)(7) requires a 21-day notice of a bar date for proof of claim. Here the Trustee is requesting June 30, 2025, which is forty-one (41) days from the *requested* date of the hearing on the Motion of May 20, 2025, to allow time for giving notice. As the Bar Date Notice is expected to be mailed in compliance with the 21-day time frame required by the Rule, the Trustee expects that the proposed General Bar Date will provide adequate time for all creditors and holders of equity security interests to file their proofs of claim or interests.

18. Traditional exceptions to the bar date are made for administrative claims and future lease and executory contract rejection claims as provided for in the Notice and Order.

19. Upon entry of an order approving this Motion, the Trustee will mail the Notice in substantially the form attached hereto as **Exhibit "2"** to all parties on the master mailing matrix as well as upon all parties who have filed notices of appearance in this matter.

20. For the foregoing reasons, the Trustee respectfully requests that this Court establish the General Bar Date for creditors to file proofs of claim or interests to be **11:59 p.m. prevailing Pacific Time on June 30, 2025**, which is more than 21 days from the date of the hearing on this Motion, and that the Governmental Bar Date for Governmental Units to file Proofs of Claim be maintained as **July 21, 2025, at 11:59 p.m. prevailing Pacific Time.**

. . .

. . .

# V.
# **PROPOSED PROCEDURES**

21. The Trustee proposes the following procedures for filing Proofs of Claim:

    (a) Unless otherwise provided herein, the General Bar Date shall be June 30, 2025, at 11:59 p.m. prevailing Pacific Time.

    (b) Unless otherwise provided herein, the Governmental Bar Date shall be July 21, 2025, at 11:59 p.m. prevailing Pacific Time. For the avoidance of doubt, the occurrence of the Governmental Bar Date on July 21, 2025, at 11:59 p.m. prevailing Pacific Time shall not preclude or interfere with the Trustee's ability to close the Chapter 11 Cases prior to July 21, 2025, or the Bankruptcy Court's retention of jurisdiction pursuant to any confirmed plan of reorganization.

    (c) Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 410 ("Official Form"); (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

    (d) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are actually received by Court on or before the applicable Bar Date at—

    i. If by hand delivery, overnight courier, or first class mail:

    > Bankruptcy Court's Clerk's Office
    > Foley Federal Building
    > 300s Vegas Blvd., South
    > Las Vegas, Nevada, 89101

    > **Please note: The Bankruptcy Court Clerk's Office intake hours are posted on the Court's website https://www.nvb.uscourts.gov/ and presently are Monday – Friday, 9:00 a.m. - 4:00 p.m. prevailing Pacific Time. Please note the Clerk's office is closed Federal Holidays.

    ii. If by ECF:

    > https://ecf.nvb.uscourts.gov/

    iii. If electronically via the Court's website:

    > https://ecf.nvb.uscourts.gov/cgi-bin/autoFilingClaims.pl

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

(e) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty days following the entry of the order approving such rejection, or be forever barred from doing so.

(f) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (h) below applies.

(g) In the event that Debtors amend their Schedules to (a) designate, re-designate, or un-designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, **Debtors shall immediately notify the claimant of the amendment in writing within one (1) business day of the filing of the amended Schedules and shall simultaneously provide proof of such writing to the Chapter 11 Trustee and his counsel**. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim shall be the later of (a) the applicable Bar Date, and (b) the date that is twenty (20) days after Debtors provide notice of the amendment.

(h) The following persons or entities are ***not*** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

  i. any person or entity whose claim is listed on the Schedules and (i) whose claim is not described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

  ii. any person or entity whose claim has been paid in full;

  iii. any person or entity that holds an interest in Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance,

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

iv. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a 503(b)(9) claim);

v. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

vi. any holder of a claim for which a separate deadline is fixed by an order of this Court;

vii. any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court against Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 410; and

viii. any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

## VI.
## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

22. Bankruptcy Rule 3003(c)(2) states that any creditor that is required to file a Proof of Claim before the applicable Bar Date but fails to do so "will not be treated as a creditor for that claim for voting and distribution."

23. Pursuant to Bankruptcy Rule 3003(c)(2), the Trustee requests that any holder of a claim against Debtors that is required to file a Proof of Claim for such claim in accordance with the Bar Date Order, but fails to do so on or before the applicable Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against Debtors and their estates (or filing a Proof of Claim with respect thereto), and Debtors and their estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such claim.

24. Moreover, the holder of such claim shall not be permitted to participate in any distribution in the Chapter 11 Cases on account of such claim or receive further notices with respect to the Chapter 11 Cases.

. . .

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## VII.
## NOTICE OF THE BAR DATES

25. Pursuant to Bankruptcy Rule 2002(a)(7), (f), and (l), the Trustee proposes to provide notice of the Bar Dates in accordance with the following procedures:

(a) Within one day of entry of an order granting the relief requested herein, the Trustee shall cause to be mailed the Bar Date Notice to the following parties:

1. the Office of the United States Trustee for Region 17 ("US Trustee");

2. all known holders of claims listed on the Schedules at the addresses stated therein;

3. all parties the Debtors have disclosed in Schedules as having potential claims against any of Debtors' estates;

4. all counterparties to any of Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

5. the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney's Office for the District of Nevada, and all applicable government entities listed in the Bankruptcy Court's Register of Mailing Addresses of Federal and State Governmental Units; and

6. all parties who have requested notice pursuant to Bankruptcy Rule 2002 (1-6, collectively, the "Notice Parties").

## VIII.
## RESERVATION OF RIGHTS FOR OBJECTIONS TO CLAIMS

26. The Trustee reserves all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds.

27. The Trustee also reserves all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.

28. The Trustee reserves the right to seek a further order of this Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against Debtors or be forever barred from doing so.

9

29. Based on the foregoing, Trustee submits that the relief requested herein is necessary and appropriate, is in the best interests of the estates and their creditors, and should be granted in all respects.

## IV.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter the Bar Date Order attached hereto as **Exhibit "1"**, thereby establishing the Bar Dates for creditors to file a Proof of Claim as set forth in this Motion.

Dated this 5th day of May 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*