GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|---|
| NUMALE CORPORATION, | | | *Jointly administered with:* |
| | AFFECTS THIS DEBTOR, | ☒ | |
| | AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| | NUMEDICAL SC, | ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
| | NUMALE COLORADO SC, | ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| | NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| | NUMALE NEBRASKA LLC, | ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| | NUMALE NEW MEXICO SC, | ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| | NUMALE ALL DEBTORS, | ☐ | |
| Debtors. | | | Hearing Date: OST Requested<br>Hearing Time: OST Requested |

**MOTION TO EXTEND DEADLINE PURSUANT TO 11 U.S.C. § 365(d)(4) TO ASSUME**
<u>**OR REJECT UNEXPIRED LEASES**</u>

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit "1"**, extending for 90 days the time period within which the Trustee must assume or reject the unexpired leases of nonresidential real property of any of the Debtors under Section[1] 365(d)(4)(B)(i) of the Bankruptcy Code, without prejudice to the Trustee's right to seek additional extensions of time as permitted under Section 365(d)(4) of the Bankruptcy Code (the "Motion").

This Motion is made and based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Michael Carmel ("Carmel Decl."), the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory basis for the relief sought is 11 U.S.C. § 365(d)(4).

3. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] Unless otherwise stated, all references to "Chapter" and "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to "LR" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II. BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. The 120th day following the Petition Date in each of the Chapter 11 Cases is May 22, 2025.

3. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases* directing that "the Chapter 11 case of NUMALE CORPORATION (Case No. 25-10341-nmc), shall be jointly administered with the Chapter 11 cases of FELICIANO NUMALE NEVADA PLLC (Case No. 25-10342-nmc), NUMEDICAL SC (Case No. 25-10343-nmc), NUMALE COLORADO SC (Case No. 25-10344-nmc), NUMALE FLORIDA TB PLLC (Case No. 25-10345-nmc), NUMALE NEBRASKA LLC (Case No. 25-10346-nmc), and NUMALE NEW MEXICO SC (Case No. 25-10347-nmc, with NUMALE CORPORATION designated as the Lead Case ("Lead Case"), and all papers relating to the above referenced Debtors shall be docketed in the Lead Case (Case No. 25-10341-nmc)." *See* ECF No. 130.

4. On April 2, 2025, this Court entered its Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5. On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

8. On April 28, 2025, the Court entered its Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b). *See, e.g.*, ECF No. 209.

### III. LEGAL AUTHORITY

11 U.S.C. § 365(d)(4) provides in pertinent part that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

11 U.S.C. § 365(d)(4). Thus the unexpired nonresidential real property leases to which any of the Debtors are a party will be deemed rejected pursuant to 11 U.S.C. § 365(d)(4) if not assumed or rejected by May 22, 2025, absent an order from this Court extending the deadline for "cause" prior to May 22, 2025.

Section 365(d)(4) of the Bankruptcy Code grants courts substantial discretion to extend the time for a Chapter 11 trustee to assume or reject unexpired nonresidential real property leases for "cause." Courts consider various factors in determining whether such "cause" exists, including, but not limited to:

> (A) whether the lease is the debtors' primary asset;
>
> (B) whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

    (C) whether the lessor continues to receive rent for the use of the property;

    (D) whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

    (E) whether the case is exceptionally complex and involves a large number of leases;

    (F) whether the debtors have failed or are unable to formulate a plan when they have had sufficient time to do so; and

    (G) any other factors bearing on whether the debtors have had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g.*, *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997) (enumerating nine non-exclusive factors for determining whether cause exists to grant extension) (citations omitted). *See also In re Panaco, Inc.*, 2002 WL 31990368, *5 (Bankr. S.D. Tex. 2002) (similar factors) (citation omitted); *In re Beautyco, Inc.*, 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (similar factors); *In re Adelphia Comm'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (collecting cases); *In re Svc. Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (similar factors) (citations omitted). These factors are not exclusive, "nor should a Court be required to consider particular factors that have no application to the request for extension at issue." *In re Ernst Home Ctr., Inc.*, 209 B.R. at 980-81 (footnote omitted). The bankruptcy court has broad discretion to weigh all factors relevant to a requested extension under Section 365(d)(4). *Id.* at 981.

  Ample cause exists to grant an extension of the deadline for ninety (90) days under Section 365(d)(4)(B)(i). Here, the Trustee was appointed on April 7, 2025, which was seventy-five (75) days into these Chapter 11 Cases. The most recent Section 341 meeting of creditors (the only one conducted since the Trustee's appointment) was held on Friday May 2, 2025 [ECF No. 150], the 100th day of these Chapter 11 Cases. The Trustee has worked diligently to evaluate the Debtors' and estates' financial conditions and continues to evaluate which leases are critical to the Debtors' ongoing reorganization. Because many of the Debtors operate clinics, allowing any of the nonresidential real property leases to be rejected automatically as of the 120th day in these Chapter

5

11 Cases will effectively prematurely terminate those Debtors' ability to generate revenue during the pendency of the Chapter 11 Cases. Though it is possible that eventually the Trustee will determine certain leases must be rejected, because of the timing of the Trustee's appointment only six weeks prior to the impending 120-day deadline of May 22, 2025, the Trustee simply needs additional time to further evaluate which unexpired leases of nonresidential real property will be necessary for a successful reorganization effort in these Chapter 11 Cases. And as such, proffers that good cause exists for the extension requested herein. Carmel Decl. ¶ 3.

Additionally, as to Prospect Rainbow, LLC ("Prospect Rainbow"), the Las Vegas landlord regarding premises located at 6590 S. Rainbow Boulevard in Las Vegas, Nevada 89118, a rental payment of $23,020.77 was made on April 30, 2025, via wire, according to wire instructions provided by Prospect Rainbow's counsel. This is the full amount of rent which was due for May 2025 for Prospect Rainbow's premises. Carmel Decl. ¶ 4. Furthermore, under the terms of the Court's ruling conditionally granting Prospect Rainbow's *Motion for Relief From Automatic Stay or for Adequate Protection and to Compel Assumption or Rejection of Lease* [ECF No. 76], the estates are incentivized to continue making monthly rent payments for Prospect Rainbow's premises going forward, and, as noted in the Trustee's *Status Report and Omnibus Statement Concerning All Motions* [ECF No. 180], to the extent rent was not paid postpetition Prospect Rainbow has an administrative claim for unpaid postpetition rent[2] for the Debtors' use and occupation of its premises post-petition, including the "stub" portion of January, and is therefore adequately protected.

Further, as to all unexpired leases of nonresidential real property:

   (A) whether the lease is the debtors' primary asset—because many of the Debtors operate in-person clinics, the leases at present appear critical to preserving the Debtors' ongoing operations while the Trustee evaluates next steps and makes a more fulsome determination regarding the estates' operations going forward.

   (B) whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization—here, in the four (4) weeks since his appointment the Trustee has worked

---

[2] The Trustee reserves rights to oppose an administrative claim advanced by Prospect Rainbow on any other basis.

6

diligently to become apprised of the value(s) of the Debtors continuing operations in their various locations, including evaluating revenue generated at each leased location.

(C) <u>whether the lessor continues to receive rent for the use of the property</u>—as set forth herein *supra*, the Trustee has resumed payment of rent to Prospect Rainbow as of the rent payment due May 1, 2025.  To date no other landlord has advised the Trustee that rent is not paid.

(D) <u>whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code</u>—no, because the landlords will not be subjected to additional risk, as rent continues to be paid and in the event rent were not to be paid (a situation the Trustee does not at this time foresee) the affected landlord would hold an administrative claim for unpaid postpetition rent for the Debtors' use and occupation of its premises post-petition.

(E) <u>whether the case is exceptionally complex and involves a large number of leases</u>—not particularly, but these Chapter 11 Cases involve several leases because many of the Debtors operate or operated clinics in a variety of locations throughout the United States.  As such, analyzing the benefit of maintaining these leases to ongoing operations during these Chapter 11 Cases involves many factors, and is more complex because of the parties and locations involved.

(F) <u>whether the debtors have failed or are unable to formulate a plan when they have had sufficient time to do so</u>—here, the Trustee has been in place for four (4) weeks, and there is no indication on the record before the Court that the Trustee will be unable to formulate a plan.

(G) <u>any other factors bearing on whether the debtors have had a reasonable amount of time in which to decide whether to assume or reject the lease</u>—here, it is the *Trustee* and not the Debtors deciding whether to assume or reject these leases, and as the Trustee was recently appointed he requires additional time to make a fully informed decision about whether to assume or reject the unexpired nonresidential real property leases at issue.

Further, extending the time for the Trustee to assume or reject the leases will not subject the landlords to any additional risk because the Debtor's obligations under the terms of the leases will remain in status quo.  *See, e.g.*, *Matter of Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("'an order extending the time for a debtor to assume or reject a lease merely preserves the status quo, and . . . is entered in the routine administration of the court.'") (citation and quotation omitted), *subsequently distinguished on other grounds as discussed in In re Froiland*, 589 B.R. 309, 312-313 (Bankr. W.D. Tex. 2018).

Accordingly, the Trustee respectfully submits that "cause" exists to grant an extension for a period of ninety (90) days pursuant to Section 365(d)(4)(B)(i), for the Trustee to assume or reject the Debtors' nonresidential real property leases, as the proposed extension of time is necessary, appropriate, and in the best interest of the estates and, as such, the Motion should be granted.

## IV.
## RESERVATION OF RIGHTS

The Trustee expressly reserves the right to seek further extensions to assume or reject the unexpired leases of nonresidential real property to which any of the Debtors is a party, to the extent permitted by the Bankruptcy Code.

## V.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit "1"** extending the time within which to assume or reject the unexpired leases of nonresidential real property by ninety (90) days, through **August 20, 2025**, and granting such other and further relief which is just and proper.

Dated this 6th day of May 2025.

          GARMAN TURNER GORDON LLP

          By: */s/ Mary Langsner*
              GREGORY E. GARMAN, ESQ.
              TALITHA GRAY KOZLOWSKI, ESQ.
              MARY LANGSNER, Ph.D.
              7251 Amigo Street, Suite 210
              Las Vegas, Nevada 89119
              [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*