Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: *Alyssa.Rogan@usdoj.gov*

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ AFFECTS ALL DEBTORS,<br><br>Debtors. | Lead Case No. 25-10341-NMC<br>Chapter 11<br><br>*Jointly administered with*:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-NMC,<br><br>NuMedical SC,<br>Case No. 25-10343-NMC,<br><br>NuMale Colorado SC,<br>Case No. 25-10344-NMC,<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-NMC,<br><br>NuMale Nebraska LLC,<br>Case No. 25-10346-NMC,<br><br>NuMale New Mexico SC,<br>Case No. 25-10347-NMC. |

**THE U.S. TRUSTEE'S RESPONSE, OBJECTION AND
RESERVATION OF RIGHTS TO APPLICATION TO EMPLOY
LAW FIRM AS ATTORNEY FOR DEBTOR IN POSSESSION**

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby presents her response, objection, and reservation of rights (the "Objection") to the above-named jointly administered debtors' *Application to Employ Law Firm as Attorney for Debtor in Possession* ("Application").[1]  [ECF No. 81].  The Objection is supported by the following memorandum of points and authorities and any oral argument the Court may permit at the hearing.

## INTRODUCTION

The Court should deny the retention of David A. Riggi of the Riggi Law Firm ("Former Proposed Counsel").  After filing the Application, the Court approved the U.S. Trustee's application to appoint Michael W. Carmel as the chapter 11 trustee ("Trustee").  [ECF No. 155].  Accordingly, the Debtors are now out-of-possession.  The Application contains various deficiencies including: 1) whether Former Proposed Counsel has any connections with the U.S. Trustee or anyone employed with the Office of the U.S. Trustee ("OUST"); 2) inconsistencies regarding who primarily worked on the cases and their corresponding rates; 3) an improper

---

[1] Unless otherwise noted: "Section" refers to a section of Title 11 of the U.S. Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "ECF No." refers to the main bankruptcy docket in the above-named jointly administered cases; and "L.R." refers to the local rules for the United States Bankruptcy Court District of Nevada.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to FRBP 9017 and FRE 201.  To the extent that this Objection contains factual assertions predicated upon statements made by the Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

2

request for *nunc pro tunc* relief; and 4) a lack of clarity regarding what period the applicant is seeking approval for considering a Trustee has been appointed in the above-named cases.

The U.S. Trustee reserves her rights to take any action and object to any amendments made to the Application, or any other additional relief requested in any subsequently filed papers.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.  **Background Facts and Procedural Posture**

1. On January 22, 2025, the Debtors each filed voluntary chapter 11 petitions under the U.S. Bankruptcy Code. [ECF Nos. 1].[2]

2. The Debtors' President, Brad Palubicki ("Debtors' Representative"), signed all of the voluntary chapter 11 petitions. [ECF No. 1 at 4].

3. The court entered a final order directing the joint administration of the Debtors' cases on April 28, 2025. [ECF No. 209].

4. The OUST held the Section 341 meetings on February 27, 2025, March 12, 2025, April 7, 2025, and concluded it on May 2, 2025. [ECF Nos. 3, 33, 54, 149, 150, 236].

5. David A. Riggi of the Riggi Law Firm was the proposed counsel of record for the Debtors on the petition date through the Trustee's appointment on April 7, 2025. [*See generally* ECF docket; *see also* ECF Nos. 155, 156].

6. On March 19, 2025, the Debtors filed the Application(s) seeking an order authorizing the employment of Former Proposed Counsel under 11 U.S.C. §§ 327 and 329, Federal Rules of Bankruptcy Procedure 2014 and 2016, and the *Guidelines of the U.S. Department of Justice, Office of the United States Trustee – Region 17*. [*See, e.g.*, ECF No. 81 at

---

[2] The remaining six Debtors' cases are named in the caption, above.

1].³  The Application includes Exhibit A, which is the retention agreement, and Exhibit B, a supporting declaration by David A. Riggi.  [*Id.*]

7.  The Application provides for the following rates: 1) not exceeding $500 per hour for partners, and 2) not exceeding $195 per hour for associates.  [*Id.* at 3].  The retention agreement indicates the $500 hourly rate for Mr. Riggi only.  [*Id.* Exhibit A at 6].

8.  On March 25, 2025, the Debtors filed a *Notice of Hearing* ("NOH") regarding the Application and the matter was calendared for April 22, 2025.  [ECF Nos. 94, 105].

9.  As indicated above, on April 7, 2025, the U.S. Trustee appointed, and the Court approved, the Trustee's appointment.  [ECF Nos. 155, 156, 157].

10.  The following day, the U.S. Trustee and Former Proposed Counsel stipulated to continue the hearing on the Application from April 22, 2025, to May 20, 2025 ("Stipulation").  [ECF No. 164].

11.  Thereafter, the Court approved the Stipulation and indicated that any objections to the Application are due May 13, 2025, and replies by May 16, 2025.  [ECF No. 173].

## **OBJECTION**

**A.  The Application Fails to Satisfy 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014.**

12.  Section 327(a) provides, in pertinent part, that a trustee "with the court's approval, may employ one or more attorneys . . . or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11 U.S.C. § 327(a).

---

³ Note that separate Applications were filed in each of the above-named cases.  [*See, e.g.,* Case No. 25-10342-nmc at ECF No. 66; Case No. 25-10343-nmc at ECF No. 65; Case No. 25-10344-nmc at ECF No. 71; Case No. 25-10345-nmc at ECF No. 68; Case No. 25-10346-nmc at ECF No. 68; and, Case No. 25-10346-nmc at ECF No. 69].

13. An application to employ an estate professional must provide specific facts demonstrating:

    (A) the need for the employment;
    (B) the name of the person to be employed;
    (C) the reasons for the selection;
    (D) the professional services to be rendered;
    (E) any proposed arrangement for compensation; and
    (F) to the best of the applicant's knowledge, all the person's connections with:
- the debtor;
- creditors;
- any other party in interest;
- their respective attorneys and accountants;
- the United States trustee; and
- any person employed in the United States trustee's office.

Fed. R. Bankr. P. 2014(a).

14. To properly discharge their judicial functions, bankruptcy courts rely exclusively on a lawyer's voluntary, complete, and truthful compliance with Fed. R. Bankr. P. 2014 as they seek approval of their retention as counsel for debtors. "Though [Rule 2014] allows the fox to guard the proverbial hen house, counsel who fail to disclose timely and completely their connections proceed at their own risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation." *West Delta Oil Co.*, 432 F.3d 347, 355 (5th Cir. 2005); *see also Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994) ("[a]bsent the spontaneous, timely and complete disclosure required by section 327(a) and Fed. R. Bankr. P. 2014(a), court-appointed counsel proceed at their own risk.") (emphasis in original).

15. The Ninth Circuit applies the disclosure requirements of Fed. R. Bankr. P. 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). "The disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996).

16. Under Fed. R. Bankr. P. 2014, proper disclosures are necessary to enable the court to make an informed decision as to whether the applicant meets the statutory requirements for employment under Section 327(a), *i.e.*, that such person does not "hold or represent an adverse interest to the estate" and is a "disinterested person." 11 U.S.C. § 327(a); *Park-Helena Corp.*, 63 F.3d at 881. "All facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (citation omitted).

17. Failure to disclose is alone a sufficient basis for denying employment. *See In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988).

18. The burden of proof to establish the terms and conditions of employment is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (including the imposition of Section 328(a)). To meet the burden, the professional must provide specific evidence to establish "that the terms and conditions are in the interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

19. Here, Mr. Riggi failed to meet his burden demonstrating that he properly disclosed all Former Proposed Counsel's connections to the case. The Application provides no insight as to whether Former Proposed Counsel and his firm have any connections to the U.S. Trustee, or anyone employed by the Office of the U.S. Trustee, as required under FRBP 2014. [ECF 81 at 4].

20. The Application also contains inconsistencies, making it unclear who exactly worked on the Debtors' cases. The Application discloses rates for unnamed partners and associates, but the retention agreement references only Mr. Riggi. [*Compare* ECF No. 81 at 3 *with* ECF No. 81 Exhibit A at 6]. To the extent there are additional professionals or paraprofessionals other than Mr. Riggi, the Debtors should disclose their names, titles, and billing rates.

**B. The Application Appears to Improperly Seek Nunc Pro Tunc Relief.**

21. The Debtors filed bankruptcy on January 22, 2025, and Mr. Riggi did not file the Application until March 19, 2025, nearly two months later. [ECF Nos. 1, 81]. It appears the Debtors seek to employ Former Proposed Counsel on a *nunc pro tunc* basis considering the delay in them filing the Application.

22. To the extent the Debtors are requesting nunc pro tunc relief, then the request is unreasonable because it appears to conflict with binding case law. *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S. Ct. 696 (2020).

23. Further, it is unclear what period the Debtors are seeking approval for employment considering the U.S. Trustee appointed, and the Court approved, the Trustee *after* the Application was filed but *before* the Court ruled on it. [ECF Nos. 81, 140, 155, 156].

**C. The Application Fails to Comply with Local Rules 9004 and 9014.**

24. L.R. 9004(e)(1) provides that movants must file exhibits using numbers whereas respondents use letters.

25. Here, Mr. Riggi incorrectly used exhibit letters, not numbers. [ECF No. 81 at 5, 11].

26. L.R. 9014(b), a motion and notice of the hearing "must be filed concurrently."

27. Here, Mr. Riggi failed to concurrently file the NOH with the Application but filed it six days later. [*See* ECF Nos. 81, 94].

28. The U.S. Trustee reserves all her rights under the Bankruptcy Code and FRBP, including to object to any amendments or supplements to the Application, or to any fee applications filed by or on behalf of Former Proposed Counsel, if the Application is granted.[4]

## CONCLUSION

**WHEREFORE**, the U.S. Trustee requests the Court sustain her Objection and deny the Motion; and, grant such other relief as is just under the circumstances.

Dated: May 12, 2025                Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Alyssa A. Rogan*
    Alyssa A. Rogan
    Trial Attorney for United States Trustee

---

[4] OUST has been discussing potential resolutions with Former Proposed Counsel regarding the U.S. Trustee's concerns in advance of the hearing on May 20, 2025, which include, but are not limited to: (1) the total amount of fees received in all of the cases; (2) when those fees were received and if they are held in trust; and, (3) the proposed dates of employment. *Lamie v. United States Trustee*, 540 U.S. 526 (2004).