# EXHIBIT 1

EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒ | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc<br><br>NuMedical SC Case No. 25-10343-nmc<br><br>NuMale Colorado SC, Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC, Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC Case No. 25-10346-nmc<br><br>NuMale New Mexico SC |

| | |
|---|---|
| Debtors. | Case No. 25-10347-nmc<br><br>Hearing Date: May 20, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL, CHAPTER 11 TRUSTEE**

Michael Carmel, Chapter 11 trustee ("Trustee"), filed his *Application For Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* (the "Application"),[1] which came on for hearing before the above-captioned Court on May 20, 2025, at 9:30 a.m. All appearances were duly noted on the record at the hearing on the Application.

The Court, having reviewed the Application, the supporting declarations of Michael Carmel and Gregory E. Garman, and all matters submitted therewith as well as all responsive papers; notice of the Application having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. The Application is GRANTED.

2. The Trustee is hereby authorized to employ GTG pursuant to 11 U.S.C. §§ 327(a) and 328 and Fed. R. Bankr. P. 2014 as his general counsel to perform the services set forth in the Application and Retention Agreement.

3. The discounted hourly compensation and expense reimbursement components of GTG's compensation set forth in the Retention Agreement is approved under 11 U.S.C. §§ 327(a), which upon the filing of an application is subject to review under 11 U.S.C §§ 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016(a), the Local Rules for the Bankruptcy Court for the District of Nevada (the "Local Rules"), and the Guidelines for Professional Compensation (the

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Application.



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

"Guidelines") established by the Office of the United States Trustee ("OUST"), and further orders of this Court.

4. The contingency fee component of GTG's compensation set forth in the Retention Agreement is approved under 11 U.S.C. §§ 327(a) and is subject to review under 11 U.S.C. § 328(a); provided however, that only the United States Trustee for Region 17 ("United States Trustee"), and her staff employed by the OUST, upon the filing of an application by GTG, will review the contingency fee component of GTG's compensation under 11 U.S.C §§ 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016(a), the Local Rules, and the Guidelines established by the OUST, and further orders of this Court.

5. As to the contingency compensation component, GTG's contingency fee shall be calculated based on all gross recoveries by and to the estates, excluding revenue generated from the estates' existing business operations or any matters that do not produce recoveries to the estates. By way of example, GTG's contingency fee will apply to, and be calculated based on, all funds generated by the estates through litigation, sales of assets, or any other mechanism that generates a recovery for the estates that is the result of GTG's and Trustee's services and not solely comprised of the estates' normal revenue. Specifically, GTG shall earn legal fees on a contingency basis of 17.5% of the cash value of recoveries set forth herein, and of the cash equivalent value of any non-monetary recoveries that GTG and the Trustee obtain that accrue to the benefit of the estates from the first $10,000,000. If GTG is successful obtaining such recovery that exceeds $10,000,000, GTG's fees on any amount recovered in excess of such $10,000,000 shall be reduced to 8.75% of the cash value of such recoveries and of the cash equivalent value of any non-monetary recoveries that GTG and Trustee obtain that accrue to the benefit of the estates.

6. As to the contingency compensation component of GTG's contingency fee, at the time any recovery is obtained for the estates by GTG and Trustee, GTG will file a disclosure of such recovery obtained for the estates that calculates its compensation and contingency fee earned on that recovery, consistent with the Retention Agreement and this Order, and shall disclose the manner in which the fee was calculated, and provide the disclosure to the United States Trustee



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

and to all creditors and parties-in-interest, who shall have opportunity to object pursuant to the standard set forth in 11 U.S.C. § 328, notwithstanding the United States Trustee and OUST will be able to review pursuant to the terms of this Order described in paragraphs 3 and 4, *supra*.

7. Under all circumstances related to any application pursuant to the hourly compensation and/or contingency compensation components described in this Order, a hearing shall take place upon 28 days' notice pursuant to the Local Rules.

8. The United States Trustee reserves her rights to challenge the hourly compensation and/or contingency compensation components of GTG's compensation in connection with any applications for compensation filed by GTG. This reservation includes the United States Trustee's ability to challenge the contingency fee arrangement on any basis, including but not limited to, her assertion that it is a fee enhancement.

9. GTG and the Trustee are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application and Retention Agreement.

10. This Order shall govern in the event of any inconsistency between the Application, Retention Agreement, and this Order.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

///

Prepared and Submitted by:
GARMAN TURNER GORDON LLP

By: ______________________________
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**LR 9021 CERTIFICATION:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000