GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>NUMALE CORPORATION,<br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: May 20, 2025<br>Hearing Time: 9:30 a.m. |

**REPLY TO LIMITED OPPOSITION TO MOTION TO EXTEND DEADLINE PURSUANT TO 11 U.S.C. § 365(d)(4) TO ASSUME OR REJECT UNEXPIRED LEASES**

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits his reply ("Reply") to the *Limited Opposition to Motion to Extend Deadline Pursuant to U.S.C. § 365(d)(4) to Assume or Reject Unexpired Leases* [ECF No. 259] (the "Opposition") filed by Prospect Rainbow, LLC ("Prospect Rainbow").

This Reply is supported by the following Memorandum of Points and Authorities; the docket and record in the above-captioned Chapter 11 Cases, judicial notice of which is hereby requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument or evidence the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### ANALYSIS

Prospect Rainbow is adequately protected and receiving postpetition rent from the estate. Although the Opposition might leave the reader with a different impression, one month's rent has come due to Prospect Rainbow since the Trustee was appointed, and ***that rent was timely paid in full***. *See* Declaration of Trustee Carmel[1] [ECF No. 242] at ¶ 4. And although the Opposition contends that Prospect Rainbow is not adequately protected, Prospect Rainbow is the only landlord in these Chapter 11 Cases[2] who has obtained a conditional grant of the automatic stay ensuring it can obtain stay relief from this Court in the event postpetition rent is not timely paid.[3] Nothing in the Motion affects the provisions of the Conditional Stay Order, and Prospect Rainbow is unaffected by the proposed extension requested in the Trustee's Motion because the Motion only seeks additional time for the Trustee to make a decision whether to assume or reject leases

---

[1] Filed in support of the *Motion to Extend Deadline Pursuant to 11 U.S.C. § 365(d)(4) to Assume or Reject Unexpired Leases* [ECF No. 241] ("Motion").

[2] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them

[3] *See* the Court's *Order Conditionally Granting Prospect Rainbow, LLC's Motion for Relief From Automatic Stay or For Adequate Protection and to Compel Assumption or Rejection of Lease* [ECF No. 247] ("Conditional Stay Order").

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

including Prospect Rainbow's—during which period Prospect Rainbow will continue to be paid rent (or else, per the order, stay relief will be granted). Additionally, Prospect Rainbow holds an administrative claim for unpaid postpetition rent[4] for the Debtors' use and occupation of its premises post-petition, including the "stub" portion of January. Therefore Prospect Rainbow is, without question, adequately protected, and its arguments to the contrary are insufficient to warrant denying the Motion.

Second, the shorter extension of thirty (30) days requested in the Opposition is simply an insufficient amount of time. The Trustee was appointed less than two months ago. He is working diligently to formulate a plan of reorganization that successfully moves these seven jointly administered Chapter 11 Cases forward in a meaningful fashion and is, in furtherance of that, actively at this time negotiating with stakeholders to push these Chapter 11 Cases forward. While the Trustee will ultimately need to make a decision whether it is appropriate to assume or reject the Debtors' unexpired nonresidential real property leases in connection with a plan of reorganization, he needs time to evaluate the estates' circumstances meaningfully and thoughtfully, and in the context of formulating his plan. The purpose of the Motion is to provide the Trustee with sufficient time to do that. As such, the Motion requests ninety (90) days. Without supporting evidence and with no meaningful justification, the Opposition asks that *as to Prospect Rainbow alone* the extension be solely for thirty (30) days, but this extremely short and limited extension will impede the Trustee's ability to carry out his duties. Prospect Rainbow's request is impractical given the current posture of these Chapter 11 Cases, and such a short extension would essentially require the Trustee to file yet another Section 365(d)(4) motion, solely as to Prospect Rainbow, and have that motion heard before June 21, 2025—which would also cost the estates in the form of additional attorney fees to prosecute that second motion.

Last, the Opposition is complaining about lack of prepetition rent[5] and lack of postpetition

---

[4] As made clear in the Trustee's *Status Report and Omnibus Statement Concerning All Motions* [ECF No. 180], the Trustee reserves rights to oppose an administrative claim advanced by Prospect Rainbow on any other basis.

[5] However the amount of prepetition rent not paid is only relevant to the calculation of a cure *in the event* the Trustee

3

pre-Trustee rent. That was already solved by the Conditional Stay Order. Where, as here, Prospect Rainbow is receiving rent in full and has obtained conditional stay relief such that the stay will be terminated if rent payments are not timely made going forward, merely extending the Trustee's deadline to decide whether to assume or reject Prospect Rainbow's lease is an extension of the status quo. Moreover, because the Opposition does not meaningfully contend that the Trustee has failed to establish that "cause" exists to grant the relief requested, the Motion should be granted in the entirety.

## II.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests the Court overrule the Opposition and deny the relief requested therein, and grant the Motion in its entirety.

Dated this 16th day of May 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

---

decides to assume Prospect Rainbow's lease, not whether to grant the extension of time requested in the Motion.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000