David A. Riggi, Esq.
Nevada Bar No. 4727
7900 w Sahara Ave Suite 100
Las Vegas, NV 89117
Phone: (702) 463-7777
Fax:   (888) 306-7157
E-mail: RiggiLaw@gmail.com

# UNITED STATES BANKRUPTCY COURT DISTRICT OF NEVADA

| | |
|---|---|
| In re: **X APPLICABLE TO ALL** | Case No. 25-10341-NMC<br>Chapter 11 |
| NUMALE CORPORATION, | **LEAD CASE** |
| Debtor in Possession. | Jointly Administered with: |
| In re:<br>FELICIANO NUMALE NEVADA PLLC,<br>Debtor in Possession. | Case No. 25-10342-NMC<br>Chapter 11 |
| In re:<br>NUMEDICAL SC,<br>Debtor in Possession. | Case No. 25-10343-NMC<br>Chapter 11 |
| In re:<br>NUMALE COLORADO SC,<br>Debtor in Possession. | Case No. 25-10344-NMC<br>Chapter 11 |
| In re:<br>NUMALE FLORIDA PLLC,<br>Debtor in Possession. | Case No. 25-10345-NMC<br>Chapter 11 |
| In re:<br>NUMALE NEBRASKA LLC,<br>Debtor in Possession. | Case No. 25-10346-NMC<br>Chapter 11 |
| In re:<br>NUMALE NEW MEXICO SC,<br>Debtor in Possession. | Case No. 25-10347-NMC<br>Chapter 11 |

## STATUS REPORT RE APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTOR IN POSSESSION

The Riggi Law Firm ("Firm") will ask the court for a continuance of the hearings on its applications to employ in the seven affiliated NuMale cases. Said applications are: NUMALE CORPORATION, **ECF No 81;** FELICIANO NUMALE NEVADA PLLC, **ECF No. 66**; NUMEDICAL SC, **ECF No 65;** NUMALE COLORADO SC, **ECF No. 71;** NUMALE FLORIDA PLLC, **ECF No 68;** NUMALE NEBRASKA LLC, **ECF**, **No. 68;** and NUMALE NEW MEXICO SC, **ECF No 69.** The Firm and the Office of the /United States Trustee ("UST") have been in discussions and it is believed that a short continuance may allow the resolution of all issues. The UST has agreed to the continuances.

Specifically, the Firm will amend and/or file new declarations to address issues that have been identified by the UST. Moreover, a continuance would allow, as necessary, a short briefing on relevant caselaw such as the S Ct case of *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020) regarding retroactive or, in contrast, *nunc pro tunc* employment. This case involves a court entering an order without jurisdiction and, seemingly, limiting *nunc pro tunc* situations to when a court does not enter an order despite having made a determination.

After *Acevedo.,* a California bankruptcy court focused on the distinction between "retroactive" orders of employment as opposed to *nunc pro tunc* orders and noted "[u]nlike many sections of the Bankruptcy Code, neither section [327 nor 330] has a temporal requirement for when the application should be filed. Fed. Bankr. R. 2014(a) also has no deadline for filing the employment application." *In Re Hunanyan*, 631 BR 904, 908 (Bankr. C.D.CA. 2021). The Firm is not seeking Code section 328 employment and neither is the Firm seeking approval of fees or of the retainer agreement.

                                        */s/ David A. Riggi*
                                        David A. Riggi, Esq.