GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☒ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE ALL DEBTORS, | NuMale New Mexico SC Case No. 25-10347-nmc |
| Debtors. | Hearing Date: *OST Requested* Hearing Time: *OST Requested* |

**APPLICATION TO EMPLOY PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC,

NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby applies to this Court for entry of an order approving of the employment of counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") as special litigation counsel to the estates in connection with the New Mexico State Court Case No. D-202-CV-202006336 and any appeal(s) therefrom or related thereto (the "Sanchez State Court Litigation").

This Application (the "Application") is made and based upon the points and authorities provided herein; the declarations of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") and Kannon K. Shanmugam of Paul, Weiss ("Shanmugam Decl."), filed contemporaneously herewith pursuant to Local Rule[1] 9014(c); the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327 and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and Paul, Weiss consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## RELIEF REQUESTED

By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the estates' retention and employment of Paul, Weiss as special litigation counsel on the terms and conditions set forth in the Engagement Agreement attached as **Exhibit "A"** to the Shanmugam Decl. ("Engagement Agreement"), to provide advice and representation in connection with the NuMale Corporation and NuMale New Mexico SC estates' participation in the Sanchez State Court Litigation currently pending as New Mexico State Court Case No. D-202-CV-202006336, as well as any appeal(s) therefrom or related thereto (the "Special Litigation Services").

## III.
## PERTINENT FACTS

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5. On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

7. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

8. On April 28, 2025, the Court entered its Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b). *See, e.g.*, ECF No. 209.

9. Presently, the *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* [ECF No. 199], seeking to employ Garman Turner Gordon LLP as Trustee's general counsel, is set for a hearing May 20, 2025, at 9:30 a.m. *See* ECF No. 210.

10. In the course of his investigations, the Trustee became aware of the nine-figure jury verdict rendered in the Sanchez State Court Litigation, which verdict has not yet been reduced to a judgment; became aware that the pending Sanchez State Court Litigation is active, with significant post-trial motion practice pending and potential appeals practice anticipated; and became aware that two of the Debtors—NuMale Corporation, and NuMale New Mexico, S.C. (collectively, the "Debtor Defendants")—are defendants in the Sanchez State Court Litigation. As such, the Trustee needs to secure special litigation counsel to represent the estates' interest in the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 4.

11. Additionally, the Trustee is aware that hearings are presenting pending in the Sanchez State Court Litigation and set for May 22, 2025. As such, the estates are in immediate need of representation in the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 5.

12. After his appointment, the Trustee (through general counsel) reached out to counsel for insurer Certain Underwriters at Lloyd's London Syndicates 623/2623 ("Beazley") regarding, *inter alia*, the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 6.

13. From this dialogue, the Trustee understands that Beazley is willing to pay the costs of Paul, Weiss representing the estates in connection with the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 7.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

14. Thus, although the costs and expenses of Paul, Weiss's work on behalf of the estates will not be borne directly by the estates themselves, Mr. Carmel determined it is appropriate to seek the employment of special counsel Paul, Weiss, as the firm will be representing the estates in non-bankruptcy litigation. *See* Carmel Decl. ¶ 8.

15. The Trustee, through this Application, therefore seeks authorization and approval to employ Paul, Weiss as the estates' special litigation counsel in connection with these Chapter 11 Cases.

## IV.
## RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of Paul, Weiss under the Engagement Agreement are appropriate and necessary to enable the Trustee to execute his duties faithfully as the administrator of the estates. The Trustee's investigations are ongoing but consistently indicate that the estates' largest potential creditor is Mr. Sanchez, the party who secured a nine-figure jury verdict against the Debtor Defendants (and other codefendants of theirs) in the Sanchez State Court Litigation; Mr. Sanchez is likely the largest creditor by an order, if not orders, of magnitude. *See* Carmel Decl. ¶ 9. Mr. Sanchez's jury verdict has not yet been reduced to judgment; however, in order for the estates to meaningfully participate in all post-trial motion practice concerning the verdict, and any related appeals including the appeals of any judgment that may be entered thereon, the Trustee must ensure that the estates have adequate representation in the Sanchez State Court Litigation. And because Mr. Sanchez's counsel have already filed certain post-trial motions in that case, the estates must act quickly in order to preserve their rights and be adequately represented in connection with all ongoing matters. *See* Carmel Decl. ¶ 10. Employing Paul, Weiss will ensure the estates are represented in these matters, including Mr. Sanchez's post-trial motions, and will ensure the estates meaningfully participate in *all* matters pertinent to the Sanchez State Court Litigation.

The Application therefore seeks approval and authorization of the estates' employment of Paul, Weiss to represent NuMale Corporation in the Sanchez State Court Litigation, to ensure the estates and their rights, remedies, and defenses are adequately represented in connection with

this ongoing, highly significant litigation regarding what is ultimately likely to be the largest claim of these bankruptcy cases. Post-verdict motion practice, the entry of judgment, and appeal(s) therefrom are all matters that require a specialized expertise in litigation and appellate practice, and, therefore, require the employment of counsel who regularly and routinely practice in such matters and are able to adeptly navigate any and all issues, duties, and requirements for the estates in connection therewith. Furthermore, the Sanchez State Court Litigation involves a nine-figure jury verdict; to the extent this verdict is ultimately reduced to a judgment the judgment is anticipated to be the largest creditor of these estates. Paul, Weiss is a large law firm with specialized expertise in representing parties in high stakes, high dollar litigation and is, accordingly, well capable of representing the estates in connection with the Sanchez State Court Litigation.

Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in every major substantive area of legal practice, including appellate litigation. Paul, Weiss has represented the Debtors in connection with the Sanchez State Court Litigation since December 2024 and, based on this history, is intimately familiar with the Sanchez State Court Litigation. Kannon Shanmugam of Paul, Weiss is the lead Paul, Weiss attorney working on this matter along with a core group of dedicated attorneys in the litigation department of Paul, Weiss. Mr. Shanmugam is the chair of Paul, Weiss's Supreme Court and Appellate Litigation Practice and co-chair of the Paul, Weiss's Litigation Department. He has extensive experience in federal and state court appellate matters having argued appeals in more than one hundred fifty (150) courts across the country. *See* Shanmugam Decl. ¶ 5. Based on Paul, Weiss's expertise and experience, the Trustee seeks Court authority to employ Paul, Weiss as the estates' special litigation counsel. *See* Carmel Decl. ¶ 11.

Paul, Weiss will work closely with Trustee's (proposed) general counsel, the law firm Garman Turner Gordon LLP, and the firms will delineate clearly their respective duties so as to prevent duplication of effort whenever possible. Thus, rather than resulting in extra expense to the estates, it is anticipated that the efficient coordination of efforts of Trustee's attorneys and

other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

## V.
## NO ADVERSE INTEREST

Section 327(e) of the Bankruptcy Code, applicable to a trustee's employment of special counsel, provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See* 11 U.S.C. § 327(e).

Except as set forth in the Shanmugam Decl., to the best of the Debtors' knowledge, information, and belief, Paul, Weiss does not hold or represent an interest adverse to the Debtors or the estates with respect to the Special Litigation Services.

As more fully set forth in the Shanmugam Decl., due to Paul, Weiss's extensive practice representing creditors and debtors in insolvency-related matters, as well as the transactional nature of its practice, Paul, Weiss has in the past provided, is currently providing, and in the future will likely provide legal services to certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these Chapter 11 Cases and the Sanchez State Court Litigation. Paul, Weiss will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Paul, Weiss will use reasonable efforts to identify and disclose such further developments by promptly filing a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## VI.
## COMPENSATION

The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $2,245.00 to $2,595.00 for partners, $1,995.00 for counsel, $975.00 to $1,695.00 for associates,

$705.00 to $735.00 for staff attorneys, and $175.00 to $560.00 for paraprofessionals. *See* Shanmugam Decl. ¶ 7. These hourly rates are the Paul, Weiss's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate Paul, Weiss for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and are revised on an annual basis. These rates are subject to periodic adjustment to reflect economic and other conditions.[2] Additionally, all fees and expenses incurred by Paul, Weiss will be paid by Beazley, and are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, Paul, Weiss expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval and that Beazley is not authorized to make any payment to Paul, Weiss without Court approval. *See* Shanmugam Decl. ¶ 13. The Trustee respectfully submits that such rates are reasonable in light of the high quality of the services being provided, Paul, Weiss's depth and breadth of expertise, including in litigation and appeals, and the specialized nature of the expertise being provided to the estates.

Paul, Weiss customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. These expenses, too, will be paid directly by Beazley. *See* Shanmugam Decl. ¶ 8.

No payments have been made or promised to Paul, Weiss by the Trustee for services rendered in connection with these Chapter 11 Cases given that Beazley shall be responsible for

---

[2] Paul, Weiss, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (a) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (b) periodic rate increases with respect to each level of seniority. The Step Increases do not constitute "rate increases" (as the term is used in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).

payment of Paul Weiss's fees and expenses during these Chapter 11 Cases. *See* Shanmugam Decl. ¶ 9.

Paul, Weiss has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with Paul, Weiss or (b) any compensation another person or party has received. *See* Shanmugam Decl. ¶ 10.

Furthermore, Paul, Weiss hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred from and after May 1, 2025. It is further contemplated that Paul, Weiss may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

In sum, as the terms of the Engagement Agreement are subject to application and approval by this Court, and, furthermore, Paul, Weiss understands that not only retention but also any compensation and expense reimbursement is subject to Bankruptcy Court approval. The Trustee respectfully submits that such retention terms are reasonable in light of Paul, Weiss's experience and the specialized nature of the services to be provided. Last, Paul, Weiss hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after May 1, 2025.

. . .

. . .

. . .

## VII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the employment of Paul, Weiss as special counsel for the estates to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code, and paid directly by Beazley.

Dated this 20th day of May 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*