GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | *Jointly administered with:* |
| ☒ AFFECTS THIS DEBTOR, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMEDICAL SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE NEW MEXICO SC, | |
| ☐ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

**DECLARATION OF KANNON K. SHANMUGAM IN SUPPORT OF APPLICATION TO EMPLOY PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

I, Kannon K. Shanmugam, hereby declare as follows:

1. I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP

("Paul, Weiss" or the "Firm"), an international law firm with its principal offices at 1285 Avenue of the Americas, New York, New York 10019. I am the lead attorney from Paul, Weiss working on the Special Litigation Services (as defined in the Application) and related matters on behalf of the Debtors. I am a member in good standing of the applicable state bar(s) in which I am admitted to practice.

2. I make this declaration in support of the *Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* (the "Application").[1]

3. I am over the age of 18 and mentally competent. Unless otherwise stated in this declaration, I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. To the extent any information disclosed herein requires amendment or modification upon Paul, Weiss's completion of further review, or as additional party in interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

4. Attached hereto as **Exhibit "A"** is a true and correct copy of the engagement agreement, dated as of December 17, 2024 (the "Engagement Agreement") for legal services to be provided by Paul, Weiss to the bankruptcy estate of debtor NuMale Corporation in accordance with the terms and conditions set forth therein.

5. Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in every major substantive area of legal practice, including appellate litigation. Paul, Weiss has represented the Debtors in connection with the Sanchez State Court Litigation since December 2024 and, based on this history, is intimately familiar with the Sanchez State Court Litigation. I am the lead Paul, Weiss attorney working on this matter along with a core group of dedicated attorneys in the litigation department of Paul, Weiss. I am the chair of Paul, Weiss's Supreme Court and Appellate Litigation Practice and co-chair of the Paul, Weiss's Litigation Department. I have extensive experience in federal and state court

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

appellate matters having argued appeals in more than one hundred fifty (150) courts across the country. Thus, I believe that Paul, Weiss is specially situated and well-qualified to represent the Debtors as special litigation counsel in an efficient and effective manner.

6. Paul, Weiss will work closely with Trustee's (proposed) general counsel, the law firm Garman Turner Gordon LLP, and the firms will delineate clearly their respective duties so as to prevent duplication of effort whenever possible.

7. The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $2,245.00 to $2,595.00 for partners, $1,995.00 for counsel, $975.00 to $1,695.00 for associates, $705.00 to $735.00 for staff attorneys, and $175.00 to $560.00 for paraprofessionals. These hourly rates are the Paul, Weiss's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate Paul, Weiss for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and are revised on an annual basis. These rates are subject to periodic adjustment to reflect economic and other conditions.[2] Additionally, all fees and expenses incurred by Paul, Weiss will be paid by Beazley, subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, Paul, Weiss expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval and that Beazley is not authorized to make any payment to Paul, Weiss without Court approval.

8. Paul, Weiss customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription

---

[2] Paul, Weiss, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (a) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (b) periodic rate increases with respect to each level of seniority. The Step Increases do not constitute "rate increases" (as the term is used in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013).

costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime, and here such expenses will be paid by Beazley.

9.    No payments have been made or promised to Paul, Weiss by the Trustee for services rendered in connection with these Chapter 11 Cases, and Paul, Weiss acknowledges that Beazley will be responsible for payments of its fees and expenses during these Chapter 11 Cases.

10.    Paul, Weiss has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with Paul, Weiss or (b) any compensation another person or party has received.

11.    Furthermore, Paul, Weiss hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred from and after May 1, 2025, which compensation will be paid by Beazley.

12.    Paul, Weiss may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

13.    Paul, Weiss understands that its compensation is subject to prior Court approval.

14.    Paul, Weiss understands that the firm's employment and compensation are subject to application and approval by the Bankruptcy Court.

15.    To confirm that Paul, Weiss did not have any conflicts or other relationships that might preclude its representation of the Debtors with respect to the matters upon which it is being employed, I caused Paul, Weiss attorneys under my supervision to conduct a review of potential connections and relationships between Paul, Weiss and certain parties in interest in these Chapter 11 Cases that are set forth in **Schedule 1** hereto (the "Potential Parties in Interest"), including the creditors on the Debtors' creditor matrix, certain parties involved in the

Sanchez State Court Litigation, Bankruptcy Judges in the District of Nevada, and U.S. Trustee Staff in Region 17.

16. Paul, Weiss has searched its electronic database for its connections to the Potential Parties in Interest. The records upon which this investigation is based are maintained by Paul, Weiss in the ordinary course of business and are believed to be accurate. To the extent that I become aware hereafter that any such records or other information contained herein is not accurate, I will promptly apprise the Court.

17. Based upon a review of the foregoing information, neither I, Paul, Weiss, nor any member of, counsel to, or associate of Paul, Weiss represents any entity other than the Debtors in connection with the Special Litigation Services. In addition, to the best of my knowledge after due inquiry, neither I, Paul, Weiss, nor any member of, counsel to, or associate of the Firm represents any party in interest in these Chapter 11 Cases in matters related to the Special Litigation Services or these Chapter 11 Cases.

18. Paul, Weiss, and the partners, counsel, and associates of Paul, Weiss, presently represent, may have represented in the past, and may represent in the future, entities (or affiliates of entities) that are claimants of and/or interest holders in the Debtors, and/or are parties in interest in these Chapter 11 Cases, in matters unrelated to the Special Litigation Services or these Chapter 11 Cases. To the best of my knowledge, all such parties are listed on the schedule attached hereto as **Schedule 2** (the "Disclosure Schedule").[3] Based on my review of the Disclosure Schedule, to the best of my knowledge, Paul, Weiss does not hold or represent an interest adverse to the estates as a result of its representation of parties in interest in matters that are unrelated to the Special Litigation Services and these Chapter 11 Cases. Pursuant to section 327(c) of the Bankruptcy Code, Paul, Weiss is not disqualified from acting as the Debtors'

---

[3] As referenced in the Disclosure Schedule, the term "current client" means an entity listed as a client, or related to a client, in Paul, Weiss's conflicts search system where that matter was reported as open. As referenced in the Disclosure Statement, the term "former client" means any entity listed as a client, or related to a client, on the Paul, Weiss conflicts search system where the matter was reported as closed. Whether an actual client relationship exists can only be determined by reference to the documents governing Paul, Weiss's representation rather than its potential listing in Paul, Weiss's conflicts search system. The list on **Schedule 2**, generated by the conflicts search system, is over-inclusive for disclosure purposes.

counsel merely because it represents certain of the Debtors' creditors, equity security holders, or other entities that may be parties in interest in matters that are wholly unrelated to the Special Litigation Services or these Chapter 11 Cases.  Except as specifically disclosed herein, Paul, Weiss has not represented, does not represent, and will not represent any entities listed on the Disclosure Schedule in matters directly related to the Special Litigation Services or these Chapter 11 Cases.

19. The Disclosure Schedule identifies, among others, certain creditors, affiliates, and/or equity holders of the Debtors.  Paul, Weiss is a general purpose law firm that provides a full range of corporate, litigation, real estate, tax, and restructuring services.  Accordingly, Paul, Weiss provides regular outside counsel in a variety of matters to its clients, which have included or may currently or in the future include such parties.  As noted above Paul, Weiss has not and will not represent any such parties in any matter relating to the Special Litigation Services or these Chapter 11 Cases.  As such, I do not believe that Paul, Weiss holds or represents an interest adverse to the Debtors or the estates with respect to the Special Litigation Services.

20. From time to time, Paul, Weiss partners, of counsel, counsel, associates, and employees personally invest in mutual funds, retirement funds, private equity funds, hedge funds, venture capital funds, and other types of investment vehicles (the "Investment Funds"), through which such individuals indirectly acquire debt or equity securities of many companies, one of which may be one of the Debtors, their creditors, or other parties in interest in these Chapter 11 Cases, often without Paul, Weiss' knowledge.  Each Paul, Weiss person generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  When making an investment in the Investment Fund, the Paul, Weiss persons do not know, and have no control over, what securities the Investment Fund will purchase or sell.  Paul, Weiss therefore does not believe that any such investments present a conflict of interest.

21. From time to time, prior to and while at Paul, Weiss, Paul, Weiss partners and of counsel voluntarily form an entity (a "Passive-Intermediary Entity") to invest in one or more

Investment Funds. Participation in such a Passive-Intermediary Entity is wholly voluntary and not all partners and of counsel choose to participate. Such Passive-Intermediary Entity generally owns substantially less than one percent of any such Investment Fund, does not manage or otherwise control such Investment Fund, and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security. When making an investment in the Investment Fund, the Passive-Intermediary Entity does not know, and has no control over, what securities the Investment Fund will purchase or sell. Paul, Weiss therefore does not believe that any such investments present a conflict of interest.

22.  From time to time, Paul, Weiss partners, of counsel, counsel, associates, and employees personally directly acquire a debt or equity security of a company which may be or become one of the Debtors, their creditors, or other parties in interest in these Chapter 11 Cases. Paul, Weiss has long had a policy prohibiting its personnel from knowingly transacting in any security while in possession of material, non-public information about the issuing company, including such information learned in connection with their work at Paul, Weiss. Paul, Weiss therefore does not believe that any such investments present a conflict of interest.

23.  In light of the extensive number of the Debtors' creditors and parties in interest and because definitive lists of all such creditors and other parties have not yet been obtained, neither I nor the Firm are able to conclusively identify all potential relationships at this time, and we reserve the right to supplement this disclosure as, and to the extent, additional relationships come to our attention. Paul, Weiss will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered, Paul, Weiss will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

24.  Except as set forth herein, to the best of my knowledge and insofar as I have been able to ascertain, neither Paul, Weiss nor any of its partners, counsel, or associates holds or represents any interest adverse to the Debtors or their estates in the matters upon which it is to be engaged.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 20th day of May, 2025.

<u>*/s/ Kannon K. Shanmugam*</u>
Kannon K. Shanmugam
Partner
Paul, Weiss, Rifkind, Wharton & Garrison LLP