GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: *OST Requested* Hearing Time: *OST Requested* |

**APPLICATION TO EMPLOY RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale

Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby applies to this Court for entry of an order approving of the employment of counsel Rodey, Dickason, Sloan, Akin, & Robb, P.A. ("Rodey Law") as special local litigation counsel to the estates in connection with the New Mexico State Court Case No. D-202-CV-202006336 and any appeal(s) therefrom or related thereto (the "Sanchez State Court Litigation").

This Application (the "Application") is made and based upon the points and authorities provided herein; the declarations of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") and Edward Ricco of Rodey Law ("Ricco Decl."), filed contemporaneously herewith pursuant to Local Rule[1] 9014(c); the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327 and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and Rodey Law consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## RELIEF REQUESTED

By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the estates' retention and employment of Rodey Law as special local litigation counsel on the terms and conditions set forth in the Engagement Agreement attached as **Exhibit "1"** to the Ricco Decl. ("Engagement Agreement"), to provide advice and representation in connection with the NuMale Corporation and NuMale New Mexico SC estates' participation in the Sanchez State Court Litigation currently pending as New Mexico State Court Case No. D-202-CV-202006336, as well as any appeal(s) therefrom or related thereto.

## III.
## PERTINENT FACTS

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5. On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

7. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4829158v1

*See* ECF No. 157.

8. On April 28, 2025, the Court entered its Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b). *See, e.g.*, ECF No. 209.

9. Presently, the *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* [ECF No. 199], seeking to employ Garman Turner Gordon LLP as Trustee's general counsel, is set for a hearing May 20, 2025, at 9:30 a.m. *See* ECF No. 210.

10. In the course of his investigations, the Trustee became aware of the nine-figure jury verdict rendered in the Sanchez State Court Litigation, which verdict has not yet been reduced to a judgment; became aware that the pending Sanchez State Court Litigation is active, with significant post-trial motion practice pending and potential appeals practice anticipated; and became aware that two of the Debtors—NuMale Corporation, and NuMale New Mexico, S.C. (collectively, the "Debtor Defendants")—are defendants in the Sanchez State Court Litigation. As such, the Trustee needs to secure special litigation counsel to represent the estates' interest in the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 5.

11. Additionally, the Trustee is aware that hearings are presenting pending in the Sanchez State Court Litigation and set for May 22, 2025. As such, the estates are in immediate need of representation in the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 6.

12. After his appointment, the Trustee (through general counsel) reached out to counsel for insurer Certain Underwriters at Lloyd's London Syndicates 623/2623 ("Beazley") regarding, *inter alia*, the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 7.

13. From this dialogue, the Trustee understands that Beazley is willing to pay the costs of Rodey Law representing the estates in connection with the Sanchez State Court Litigation. *See* Carmel Decl. ¶ 8.

14. Thus, although the costs and expenses of Rodey Law's work on behalf of the estates will not be borne directly by the estates themselves, Mr. Carmel determined it is appropriate

4

4829158v1

to seek the employment of special counsel Rodey Law, as the firm will be representing the estates in non-bankruptcy litigation. *See* Carmel Decl. ¶ 9.

15. The Trustee, through this Application, therefore seeks authorization and approval to employ Rodey Law as the estates' special litigation counsel in connection with these Chapter 11 Cases.

## IV.
## RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of Rodey Law under the Engagement Agreement are appropriate and necessary to enable the Trustee to execute his duties faithfully as the administrator of the estates. The Trustee's investigations are ongoing but consistently indicate that the estates' largest potential creditor is Mr. Sanchez, the party who secured a nine-figure jury verdict against the Debtor Defendants (and other codefendants of theirs) in the Sanchez State Court Litigation; Mr. Sanchez is likely the largest creditor by an order, if not orders, of magnitude. *See* Carmel Decl. ¶ 10. Mr. Sanchez's jury verdict has not yet been reduced to judgment; however, in order for the estates to meaningfully participate in all post-trial motion practice concerning the verdict, and any related appeals including the appeals of any judgment that may be entered thereon, the Trustee must ensure that the estates have adequate representation in the Sanchez State Court Litigation. And because Mr. Sanchez's counsel have already filed certain post-trial motions in that case, the estates must act quickly in order to preserve their rights and be adequately represented in connection with all ongoing matters. *See* Carmel Decl. ¶ 11. Employing Rodey Law as local counsel will ensure the estates are represented in these matters, including Mr. Sanchez's post-trial motions, and will ensure the estates meaningfully participate in *all* matters pertinent to the Sanchez State Court Litigation.

The Application therefore seeks approval and authorization of the estates' employment of Rodey Law as local counsel to represent the Debtor Defendants in the Sanchez State Court Litigation, to ensure the estates and their rights, remedies, and defenses are adequately represented in connection with this ongoing, highly significant litigation regarding what is ultimately likely to be the largest claim of these bankruptcy cases. Post-verdict motion practice, the entry of judgment, and appeal(s) therefrom are all matters that require a specialized expertise in litigation and

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4829158v1

appellate practice, and, therefore, require the employment of counsel who regularly and routinely practice in such matters, are present locally, and are able to adeptly navigate any and all issues, duties, and requirements for the estates in connection therewith. Furthermore, the Sanchez State Court Litigation involves a nine-figure jury verdict; to the extent this verdict is ultimately reduced to a judgment the judgment is anticipated to be the largest creditor of these estates. Rodey Law has extensive expertise in representing parties in New Mexico in connection with commercial litigation and appeals and is, accordingly, well capable of representing the estates in connection with the Sanchez State Court Litigation.

Furthermore, Attorney Edward Ricco of Rodey Law is an extremely well-known appellate attorney with significant experience in federal and state court appellate matters. Mr. Ricco has handled appeals in a wide variety of legal areas including commercial law, torts, and other subjects, and has briefed more than one hundred eighty-five (185) appeals and presented oral argument more than forty (40) times in New Mexico appellate courts and the Tenth Circuit. Mr. Ricco has been a fellow of the American Academy of Appellate Lawyers since 2004. *See* Ricco Decl. ¶¶ 6&7. Mr. Ricco's legal experience also includes complex litigation practice at the trial court level and experience in health care law. *See id*. Mr. Ricco will be leading the local team handling the estates' participation in the Sanchez State Court Litigation. *See* Ricco Decl. ¶ 4. Based on Mr. Ricco's expertise and experience, and that of other members of Rodey Law including Jocelyn Drennan, the head of the firm's appellate practice group and an experienced appellate litigator in her own right, the Trustee seeks Court authority to employ Rodey Law as the estates' special local litigation counsel. *See* Carmel Decl. ¶ 12.

Rodey Law will work closely with Trustee's (proposed) general counsel, the law firm Garman Turner Gordon LLP, as well as lead counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), to ensure the firms will delineate clearly their respective duties so as to prevent duplication of effort whenever possible. Thus, rather than resulting in extra expense to the estates, it is anticipated that the efficient coordination of efforts of Trustee's attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

6

4829158v1

## V.
## NO ADVERSE INTEREST

Section 327(e) of the Bankruptcy Code, applicable to a trustee's employment of special counsel, provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See* 11 U.S.C. § 327(e).

To the best of Rodey Law's knowledge, neither Rodey Law, nor any of its partners or associates, have any present or prior connection with Debtors, Debtors' creditors, or other parties-in-interest, except as set forth in the Ricco Decl. To the best of Rodey Law's knowledge, Rodey Law does not hold or represent any interest adverse to Debtors' estates, and Rodey Law and Edward Ricco Esq. are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). *See* Ricco Decl. ¶ 8. Additionally, Rodey Law does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. *See* Ricco Decl. ¶ 9. Rodey Law's representation of the Debtor Defendants will not be adverse to Debtors' estates. *See* Ricco Decl. ¶ 10.

Prior to commencing representation of the Debtor Defendants, Rodey Law reviewed the Debtors' creditor matrices. From such initial review, up to and including the preparation of this Application, Rodey Law has continued to review the information provided by the Trustee to determine any previous or present representations of creditors or parties-in-interest. *See* Ricco Decl. ¶ 13.

Rodey Law will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Rodey Law will supplement its disclosure to the Court. *See* Ricco Decl. ¶ 14.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4829158v1

# VI.
# COMPENSATION

The compensation of Rodey Law's attorneys are proposed at the rate of $395 per hour for Mr. Ricco, $325 per hour for Ms. Drennan, $375 per hour for Mr. Charles J. Vigil, who is an experienced trial lawyer with the firm, $275 for other Partner-level attorneys in the firm, $195 per hour for Associates, and $120 per hour for Paralegals, plus New Mexico gross receipts tax. These rates may increase from time to time, commensurate with the firm's routine practices. Additionally, all fees and expenses incurred by Rodey Law will be paid by Beazley, and are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, Rodey Law expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval and that Beazley is not authorized to make any payment to Rodey Law without Court approval. The Trustee respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the expertise being provided to the estates. Additionally, Rodey Law's rates are reasonable, particularly in light of the depth and breadth of expertise, including Mr. Ricco's more than forty years of experience in litigation and appeals in New Mexico and the Tenth Circuit.

Rodey Law will also seek reimbursement of its expenses pursuant to its policies set forth in the Engagement Agreement, which generally involve passing through all properly reimbursable expenses to the client; these expenses, too, will be paid directly by Beazley. *See* Ricco Decl. ¶ 15. In particular, Beazley will be responsible for payment of out-of-pocket expenses that become necessary, including but not limited to charges for overnight courier, photocopying, postage, messenger services, computer-assisted legal research, facsimile services, postage, deposition expenses (including costs of transcripts and court reporter's appearance fees), and charges made by courts and/or governmental agencies (such as filing fees, service of legal process, subpoena costs, witness fees, etc.). *See* Ricco Decl. ¶ 16.

No payments have been made or promised to Rodey Law by the Trustee for services rendered in connection with these Chapter 11 Cases. *See* Ricco Decl. ¶ 17.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4829158v1

There is no agreement between Rodey Law and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases. *See* Ricco Decl. ¶ 18.

Furthermore, Rodey Law hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred from the date of the firm's retention. It is further contemplated that Rodey Law may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016. Rodey Law understands that its compensation is subject to prior Court approval. *See* Ricco Decl. ¶ 21.

In sum, as the terms of the Engagement Agreement are subject to application and approval by this Court, and, furthermore, Rodey Law understands that not only retention but also any compensation and expense reimbursement is subject to Bankruptcy Court approval. The Trustee respectfully submits that such retention terms are reasonable in light of Rodey Law's experience and the specialized nature of the services to be provided. Last, Rodey Law hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after May 1, 2025.

## VII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit "1"** authorizing the employment of Rodey Law as special local litigation counsel for the estates to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may

9

be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code, and paid directly by Beazley.

Dated this 20th day of May 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*