GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] *Attorneys for Michael Carmel, Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
| ☒ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☒ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

**DECLARATION OF EDWARD RICCO IN SUPPORT OF APPLICATION TO EMPLOY RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

I, Edward Ricco, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

4829157v1

facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Application to Employ Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates* (the "Application").[1]

3. I am an attorney licensed to practice law in the State of New Mexico, Bar No. 2194. I am a shareholder and director of Rodey, Dickason, Sloan, Akin, & Robb, P.A. ("Rodey Law"). Rodey Law maintains offices in Albuquerque and Santa Fe, New Mexico. I am admitted to practice law before all New Mexico state courts, the United States District Court for the District of New Mexico, the United States Court of Federal Claims, the United States Court of Appeals for the First, Ninth, Tenth and District of Columbia Circuits, and the United States Supreme Court.

4. Attached hereto as **Exhibit "1"** is a true and correct copy of an engagement agreement (the "Engagement Agreement") which has been approved by our client Beazley for legal services to be provided by Rodey Law to the bankruptcy estates of debtors NuMale Corporation and NuMale New Mexico, S.C. (collectively, the "Debtor Defendants").

5. The terms of the Debtor Defendants' retention of Rodey Law are set forth in the Engagement Agreement.

6. I have an extensive litigation and appeals practice and have practiced in both areas of law since approximately 1981, working with the firm's trial lawyers in complex litigation matters and focusing increasingly on appellate practice over the years to the point that appellate practice, primarily in the New Mexico state appellate courts, currently comprises approximately 90 percent of my practice. In 2004 I was admitted to membership in the American Academy of Appellate Lawyers, a peer-selected professional organization.

7. My legal experience also includes appellate litigation in other appellate courts and practice in the area of health law, primarily in the past, in which I represented institutional health care providers in matters involving internal governance and peer review.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

4829157v1

8. To the best of my knowledge, I and Rodey Law, and Rodey Law's partners and associates, do not hold or represent any interest adverse to any of the Debtors' estates, and Rodey Law and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b).

9. Additionally, Rodey Law does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee.

10. Rodey Law's representation of the estates of NuMale Corporation and NuMale New Mexico, SC will not be adverse to these Debtor Defendants' estates.

11. Prior to commencing representation of the Debtor Defendants, I reviewed and submitted to the firm's regular conflict-checking system the creditor matrices.

12. Pursuant to Bankruptcy Rule 2014, Rodey Law makes the following disclosures, none of which render Rodey Law not disinterested or adverse to Debtors' estates:

    a. None known.

13. From such initial review, up to and including the preparation of this Application, Rodey Law has continued to review the information provided by Trustee to determine any previous or present representations of creditors or parties-in-interest.

14. Rodey Law will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Rodey Law will supplement its disclosure to the Court.

15. Rodey Law will also seek reimbursement of its expenses pursuant to its policies set forth in the Engagement Agreement, which generally involve passing through all properly reimbursable expenses to the client, and here such expenses will be paid by Beazley.

16. In particular, Beazley will be responsible for payment of out-of-pocket expenses that become necessary, including but not limited to charges for overnight courier, photocopying, postage, messenger services, computer-assisted legal research, facsimile services, postage, deposition expenses (including costs of transcripts and court reporter's appearance fees), and charges made by courts and/or governmental agencies (such as filing fees, service of legal process, subpoena costs, witness fees, etc.).

17. No payments have been made or promised to Rodey Law for services rendered in connection with these Chapter 11 Cases.

18. There is no agreement between Rodey Law and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases.

19. Furthermore, Rodey Law hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred from the date of the firm's retention, which compensation will be paid by Beazley.

20. Rodey Law may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

21. Rodey Law understands that its compensation is subject to prior Court approval.

22. Rodey Law understands that the firm's employment and compensation are subject to application and approval by the Bankruptcy Court.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 19th day of May, 2025.

/s/ *Edward Ricco*
Edward Ricco