_Natalie M. Cox_

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
May 22, 2025

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
[Proposed] *Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| | *Jointly administered with:* |
|    AFFECTS THIS DEBTOR, ☐ | |
| | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
|    AFFECTS FELICIANO ☐<br>   NUMALE NEVADA PLLC, | |
| | NuMedical SC<br>Case No. 25-10343-nmc |
|    NUMEDICAL SC, ☐ | |
| | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
|    NUMALE COLORADO SC, ☐ | |
| | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
|    NUMALE FLORIDA TB PLLC, ☐ | |
| | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
|    NUMALE NEBRASKA LLC, ☐ | |
|    NUMALE NEW MEXICO SC, ☐ | |

1  | NUMALE ALL DEBTORS,         ☒  | NuMale New Mexico SC
2  |       Debtors.                   | Case No. 25-10347-nmc
3  |                                   | Hearing Date:  May 20, 2025
   |                                   | Hearing Time: 9:30 a.m.

**ORDER (A) SETTING BAR DATE FOR FILING PROOFS OF CLAIM AND (B)
APPROVING NOTICE THEREOF**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") filed his *Motion for Entry of an Order (A) Setting Bar Date for Filing Proofs of Claim and (B) Approving Notice Thereof* (the "Motion"),[1] which came on for hearing before the above-captioned Court on May 20, 2025, at 9:30 a.m.  All appearances were duly noted on the record at the hearing on the Motion.

The Court having reviewed the Motion and all matters submitted therewith, notice of the Motion having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.      The Motion is GRANTED in its entirety.

2.      The Bar Date Notice attached hereto as **Exhibit "1"** is approved.

3.      The following procedures for filing Proofs of Claim are approved:

(a) Unless otherwise provided herein, the General Bar Date shall be June 30, 2025, at 11:59 p.m. prevailing Pacific Time.

(b) Unless otherwise provided herein, the Governmental Bar Date shall be July 21, 2025, at 11:59 p.m. prevailing Pacific Time.  For the avoidance of doubt, the occurrence of the Governmental Bar Date on July 21, 2025, at 11:59 p.m. prevailing Pacific Time shall not preclude or interfere with the Trustee's ability to close the Chapter 11 Cases prior to July 21, 2025, or the Bankruptcy Court's retention of jurisdiction pursuant to any confirmed plan of reorganization.

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

(c) Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. 410 ("Official Form"); (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are actually received by Court on or before the applicable Bar Date at—

    i.   If by hand delivery, overnight courier, or first class mail:

> Bankruptcy Court's Clerk's Office
> Foley Federal Building
> 300 Las Vegas Blvd., South
> Las Vegas, Nevada, 89101

> **Please note: The Bankruptcy Court Clerk's Office intake hours are posted on the Court's website https://www.nvb.uscourts.gov/ and presently are Monday – Friday, 9:00 a.m. - 4:00 p.m. prevailing Pacific Time.  Please note the Clerk's office is closed Federal Holidays.

    ii.  If by ECF:

> https://ecf.nvb.uscourts.gov/

    iii.  If electronically via the Court's website:

> https://ecf.nvb.uscourts.gov/cgi-bin/autoFilingClaims.pl

(e) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is thirty days following the entry of the order approving such rejection, or be forever barred from doing so.

(f) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified in paragraph (h) below applies.

Garman Turner Gordon
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

(g) In the event that Debtors amend their Schedules to (a) designate, re-designate, or un-designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, **Debtors shall immediately notify the claimant of the amendment in writing within one (1) business day of the filing of the amended Schedules and shall simultaneously provide proof of such writing to the Chapter 11 Trustee and his counsel**. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim shall be the later of (a) the applicable Bar Date, and (b) the date that is twenty (20) days after Debtors provide notice of the amendment.

(h) The following persons or entities are **_not_** required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

   i. any person or entity whose claim is listed on the Schedules and (i) whose claim is not described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

   ii. any person or entity whose claim has been paid in full;

   iii. any person or entity that holds an interest in Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

   iv. any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a 503(b)(9) claim);

   v. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

   vi. any holder of a claim for which a separate deadline is fixed by an order of this Court;

   vii. any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court against Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 410;

GARMAN TURNER GORDON
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

viii. any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

4. Any holder of a Claim against Debtors that is required but fails to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against Debtors and the estates (or filing a Proof of Claim with respect thereto), and Debtors and their estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, participate in any distribution in any Debtors' Chapter 11 Cases on account of such Claim, or receive further notices with respect to any of Debtors' Chapter 11 Cases.

5. Chapter 11 Trustee Michael Carmel is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order.

6. Notice of the relief granted by this Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against Debtors in these Chapter 11 Cases.

7. Nothing in this Order shall prejudice the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

8. Entry of this Order is without prejudice to the right of the Trustee to seek a further order of this Court fixing the date by which holders of Claims not subject to the Bar Dates established herein must file such Claims against the Debtors or their estates or be forever barred from doing so.

. . .

. . .

. . .

. . .

. . .

. . .

9.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

BY:  */s/ Mary Langsner*
     GREGORY E. GARMAN, ESQ.
     TALITHA GRAY KOZLOWSKI, ESQ.
     MARY LANGSNER, Ph.D.
     7251 Amigo Street, Suite 210
     Las Vegas, Nevada 89119
     [Proposed] *Attorneys for Michael Carmel,*
     *Chapter 11 Trustee*

**<u>LR 9021 CERTIFICATION</u>**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court waived the requirement of approval under LR 9021(b)(1).

☒      No party appeared at the hearing or filed an objection to the motion.

☐      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

### ###

# EXHIBIT 1

# EXHIBIT 1

1  GARMAN TURNER GORDON LLP
   GREGORY E. GARMAN
2  Nevada Bar No. 6654
   E-mail:  ggarman@gtg.legal
3  TALITHA GRAY KOZLOWSKI, ESQ.
   Nevada Bar No. 9040
4  tgray@gtg.legal
   MARY LANGSNER, Ph.D.
5  Nevada Bar No. 13707
   mlangsner@gtg.legal
6  7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
7  Telephone (725) 777-3000
   Facsimile (725) 777-3112
8  [Proposed] *Attorneys for Michael Carmel,*
   *Chapter 11 Trustee*
9

10

11                **UNITED STATES BANKRUPTCY COURT**
                        **DISTRICT OF NEVADA**
12

13  In re:                                    Lead Case No.: 25-10341-nmc
                                              Chapter 11
14  NUMALE CORPORATION,
                                              *Jointly administered with:*
15      AFFECTS THIS DEBTOR,       ☐
                                              Feliciano NuMale Nevada PLLC,
16      AFFECTS FELICIANO          ☐          Case No. 25-10342-nmc
        NUMALE NEVADA PLLC,
17                                            NuMedical SC
        NUMEDICAL SC,              ☐          Case No. 25-10343-nmc
18
        NUMALE COLORADO SC,        ☐          NuMale Colorado SC,
19                                            Case No. 25-10344-nmc
        NUMALE FLORIDA TB PLLC,    ☐
20                                            NuMale Florida TB PLLC,
        NUMALE NEBRASKA LLC,       ☐          Case No. 25-10345-nmc
21
        NUMALE NEW MEXICO SC,      ☐          NuMale Nebraska LLC
22                                            Case No. 25-10346-nmc
        NUMALE ALL DEBTORS,        ☒
23                                            NuMale New Mexico SC
            Debtors.                          Case No. 25-10347-nmc
24

25          **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**

26          TO   ALL   PERSONS   AND   ENTITIES   WITH   CLAIMS   AGAINST   NUMALE

27  CORPORATION;  FELICIANO  NUMALE  NEVADA  PLLC;  NUMEDICAL  SC;  NUMALE

28

COLORADO SC; NUMALE FLORIDA TB PLLC; NUMALE NEBRASKA LLC; AND NUMALE NEW MEXICO SC:

Please take notice that, on _____, 2025, the United States Bankruptcy Court for the District of Nevada (the "Court"), having jurisdiction over the Chapter 11 Cases of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively the "Debtors") entered an order (the "Bar Date Order") establishing (i) **June 30, 2025, at 11:59 p.m. prevailing Pacific Time** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on prepetition claims against Debtor (the "General Bar Date"); and (ii) **July 21, 2025, at 11:59 p.m. prevailing Pacific Time** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim based on prepetition claims against Debtor (the "Governmental Bar Date," together with the General Bar Date, the "Bar Dates").  The Bar Date Order, the Bar Dates, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against any and all of the Debtors (other than those set forth below as being specifically excluded) that arose prior to January 22, 2025, the date on which the Debtors each commenced their Chapter 11 Cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**1.  WHO MUST FILE A PROOF OF CLAIM**

You MUST file a Proof of Claim to share in any distribution by the Debtor, if you have a claim that occurred prior to January 22, 2025, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of Debtors that arose before January 22, 2025, may give rise to claims against Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated or certain prior to January 22, 2025.

Pursuant to Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, "claims" include unsecured claims, secured claims, and priority claims.

**2.  WHO NEED NOT FILE A PROOF OF CLAIM**

You need ___not___ file a Proof of Claim if:

    i.    any person or entity whose claim is listed on the Schedules and (i) whose claim is not described thereon as "disputed," "contingent," or "unliquidated," (ii) who does not dispute the amount or classification of the claim set forth in the Schedules, and (iii) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

    ii.    any person or entity whose claim has been paid in full;

    iii.    any person or entity that holds an interest in Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

    iv.    any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a holder of a 503(b)(9) claim);

    v.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    vi.    any holder of a claim for which a separate deadline is fixed by an order of this Court;

    vii.    any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court against Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form or Official Form 410; or

    viii.    any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ANY OF THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE CHAPTER 11 TRUSTEE OR ANY OF THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising from the rejection of an executory contract or unexpired lease, you must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date,

or (ii) the date which is thirty days following the entry of the order approving such rejection, or you will be forever barred from doing so.  Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim on account of unpaid amounts accrued and outstanding as of January 22, 2025, pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified above applies.

**4.   WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be actually received on or before the applicable Bar Date at the following address:

> i.   If by hand delivery, overnight courier, or first class mail:
>
>> Bankruptcy Court's Clerk's Office
>> Foley Federal Building
>> 300 Las Vegas Blvd., South
>> Las Vegas, Nevada, 89101
>
>> **Please note: The Bankruptcy Court Clerk's Office intake hours are posted on the Court's website https://www.nvb.uscourts.gov/ and presently are Monday – Friday, 9:00 a.m. - 4:00 p.m. prevailing Pacific Time.  Please note the Clerk's office is closed Federal Holidays.
>
> ii.   If by ECF:
>
>> https://ecf.nvb.uscourts.gov/
>
> iii.   If electronically via the Court's website:
>
>> https://ecf.nvb.uscourts.gov/cgi-bin/autoFilingClaims.pl

Proofs of Claim will be deemed timely filed only if actually received by the Court on or before the applicable Bar Date and time.

**5.   WHAT TO FILE.**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to Official Bankruptcy Form No. 410; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

. . .

. . .

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.**

*Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date on the appropriate form in accordance with the procedures described in this Notice for any claim such creditor holds or wishes to assert against any of the Debtors will be forever barred, estopped, and enjoined from asserting the claim against Debtors and their estates (or filing a Proof of Claim with respect to the claim), and Debtors and the estates, successors, and property will be forever discharged from any and all indebtedness or liability with respect to the claim, and the holder will not be permitted to participate in any distribution in Debtors' Chapter 11 Cases on account of the claim or receive further notices with respect to the Chapter 11 Cases.*

<u>**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY OTHER QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**</u>

Dated on this ___ day of May, 2025.

GARMAN TURNER GORDON LLP

By: _/s/_____
  GREGORY E. GARMAN, ESQ.
  TALITHA GRAY KOZLOWSKI, ESQ.
  MARY LANGSNER, Ph.D.
  7251 Amigo Street, Suite 210
  Las Vegas, Nevada 89119
  *Attorneys for Michael Carmel, Chapter 11 Trustee*

GARMAN TURNER GORDON
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000