GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | |
| | Hearing Date: *OST Requested*<br>Hearing Time: *OST Requested* |

**MOTION FOR ORDER SEEKING APPROVAL OF POST-PETITION FINANCING OF**
<u>**INSURANCE RENEWAL PREMIUM**</u>

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") respectfully submits this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit "1"** (the "Order") for approval to finance, with First Insurance Funding, the Debtors' premium associated with renewal of the Debtors' E & O insurance policy.

The Motion is made and based upon the following Memorandum of Points and Authorities; the declarations of Trustee Michael Carmel ("Carmel Decl.") and the Debtors' Chief Financial Officer Holly Triplett ("Triplett Decl."); the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested; and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D), and (O).

2. The statutory bases for the relief sought herein arise from Sections[1] 105(a) and 364 of the Bankruptcy Code, Bankruptcy Rules 4001 and 9014, and Local Rule 4001(b).

3. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to Local Rule 9014.2, the Trustee consents to entry of a final order or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the U.S. Constitution.

---

[1] Unless otherwise stated, all references to "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## BACKGROUND

5. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

6. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

7. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

8. On April 2, 2025, Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

9. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

10. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

11. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

## III.
## SUMMARY OF PROPOSED FINANCING

12. The Debtors' existing E & O insurance policy is expiring on June 5, 2025, and insurance must be in place in order for them to continue to operate. Carmel Decl. ¶ 3.

13. Through the Motion the Trustee seeks court approval for the financing of the Debtors' E&O insurance renewal premium (the "Premium Financing"). The premium financing

involves a down payment of $2,150.00 followed by ten (10) monthly installment payments of $1,571.40, the first of which commences on July 5, 2025. Triplett Decl. ¶ 3.

14. The total amount being financed is $15,714.00, of which $11,225.00 is for the Debtors and $4,489.00 is for two nondebtors. Triplett Decl. ¶ 4.

15. Attached as **Exhibit "1"** to the Triplett Decl. are copies of the proposed finance agreement with First Insurance Funding, which is through lead debtor NuMale Corporation.

16. In accordance with the Debtors' standard procedures and with the Trustee's oversight, Ms. Triplett will ensure the respective Debtors and nondebtors reimburse NuMale Corporation each month, for their respective pro rata portions of the financed premium. Triplett Decl. ¶ 6.

17. If the relief requested in the Motion is not granted, the estates will not be able to finance the premium for their renewal policy prior to the June 5, 2025, expiration of the current policy, risking a lapse in coverage. Should any lapse in coverage occur the estates will suffer immediate and irreparable harm. Carmel Decl. ¶ 4.

## IV.
## ANALYSIS

The Trustee is authorized to operate the Debtors' business under Sections 1107 and 1108 of the Bankruptcy Code. Section 364(a) provides:

> If the trustee is authorized to operate the business of the debtor under section 721, 1108, 1183, 1184, 1203, 1204, or 1304 of this title, unless the court orders otherwise, the trustee may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

The Trustee believes based on his investigation to date that obtaining financing in connection with the Debtors' insurance premiums is in the ordinary course of business. Carmel Decl. ¶ 5. Additionally, and to the extent the Court were to find that insurance premium financing to be outside the ordinary course of the Debtors' business, Section 364(b) provides a further means for

approval of the financing requested herein, as it provides in pertinent part, "The court, . . . , may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense." The Trustee meets the standard for relief under both.

Courts typically grant a trustee considerable deference in acting in accordance with his reasonable business judgment in obtaining credit. *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest."). Furthermore, bankruptcy courts routinely defer to business judgment on most business decisions, including the decision to borrow money. *See Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry.*, 318 U.S. 523, 550 (1943); *In re Ames Department Stores*, 115 B.R. at 38 (in examining requests by a debtor for interim financing, courts apply the same business judgment standard applicable to other business decisions); *In re Simasko Production Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court." (citation omitted)).

In general, a bankruptcy court should defer to a trustee's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. *See In re Curlew Valley Assoc.*, 14 B.R. 506, 511-13, n.11a (Bankr. D. Utah 1981). Courts generally will not second-guess business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the Code." *Id.* at 513-14 (footnotes omitted). Provided that a trustee's business judgment does not run afoul of the

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance therewith. *See, e.g.*, *In re Ames Dep't Stores, Inc.*, 115 B.R. at 40. Furthermore, "[t]o overcome the business judgment rule, the entity opposing the decision by the directors must establish that they acted in bad faith or with fraudulent intent." *See In re Mid-State Raceway, Inc.*, 323 B.R. 40, 58 (Bankr. N.D.N.Y. 2005) (citation omitted). No such evidence is present here, nor is it present in connection with the Premium Financing subject of the Motion. To the contrary. Here there is a need for the Premium Financing associated with the renewal of the E&O Policy, the current E&O Policy expires June 5, 2025, and the approval of the Premium Financing requested herein is an appropriate exercise of the Trustee's business judgment. Carmel Decl. ¶ 6. Accordingly, the court should defer to the Trustee's business judgment in obtaining the credit to finance the premium associated with the renewal of the E&O Policy.

The proposed Premium Financing is in the best interests of the Debtors' estates, their creditors, and other parties in interest because it will provide the necessary credit to enable the estates to pay the premium for its renewed E & O policy over time, thereby permitting the estates to continue to meet other expenses in the ordinary course and continue to operate as part of the reorganization process. The Trustee submits that the Premium Financing is fair and reasonable under these circumstances. Carmel Decl. ¶ 7.

## II.
## WAIVER OF THE STAY IS WARRANTED

The Trustee requests that the Court waive the stay otherwise imposed by Bankruptcy Rule 6004(h) on any order granting this Motion. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h). Any delay in obtaining the Premium Financing will result in the Trustee's inability to pay other critical operating expenses, and it will impede the estates' renewal of the E&O Policy, which expires on June 5, 2025. Accordingly, the Trustee respectfully requests that the Court waive the 14-day stay

6

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

imposed by Bankruptcy Rule 6004(h) on any order granting this Motion, as the exigent nature of the relief sought herein justifies immediate relief.

## III.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form of the proposed Order attached hereto as **Exhibit "1"** and such other and further relief as is just and equitable.

Dated this 28th day of May 2025.

> GARMAN TURNER GORDON LLP
>
> By: */s/ Mary Langsner*
> GREGORY E. GARMAN, ESQ.
> TALITHA GRAY KOZLOWSKI, ESQ.
> MARY LANGSNER, Ph.D.
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> *Attorneys for Michael Carmel, Chapter 11 Trustee*