GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| AFFECTS THIS DEBTOR, ☒ | *Jointly administered with:* |
| AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, ☐ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| NUMEDICAL SC, ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
| NUMALE COLORADO SC, ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, ☐ | |
| NUMALE NEW MEXICO SC, ☒ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| NUMALE ALL DEBTORS, ☐ | |
| Debtors. | Hearing Date: June 6, 2025<br>Hearing Time: 9:30 a.m. |

## SUPPLEMENT TO APPLICATION TO EMPLOY PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale

Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits his supplement to the *Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 269] (the "Employment Application") concerning proposed special counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"). The United States Trustee for Region 17 ("United States Trustee") provided an informal objection asking that certain information in the Employment Application be supplemented. The Trustee hereby supplements the Employment Application accordingly, which supplement is accompanied by the supplemental declaration of Kannon K. Shanmugam of Paul, Weiss ("Supp. Shanmugam Decl.").

## A. Additional Information Regarding the Sanchez Litigation and Insurance Coverage.

Debtors are party to a lawsuit initiated in 2020 on behalf of Mr. Michael Sanchez ("Sanchez") against NuMale Corporation and various persons and individuals affiliated therewith[1] for ordinary and medical negligence, battery, unfair and unconscionable trade practices, fraud, and civil conspiracy, which is pending in New Mexico Second Judicial District Court, Bernalillo County, Albuquerque, New Mexico, state court Case No. D-202-CV-202006336 (the "Sanchez Litigation"). *See* ECF No. 98 p. 5 of 19, ¶ 1. NuMale Corporation is insured by Certain Underwriters at Lloyd's, London Syndicates 2623/623 (collectively, "Beazley"), via Policy Number W14CC4190601 and its accompanying excess insurance Policy Number W1561E190601 (together, the "Insurance Policy"). The Sanchez Litigation was tendered to Beazley in accordance with the terms of the Insurance Policy.[2] While there is a pending dispute with Beazley regarding its obligations under the Insurance Policy and an asserted bad faith insurance claim, Beazley has

---

[1] Including NuMale Corporation, NuMale New Mexico SC, NuMale Albuquerque LLC, and their owners and officers including insiders Brad Palubicki, Carlos Feliciano, Justin Pulliam, and Carlos Asandra. *See* ECF No. 98 p. 5 of 19, ¶ 1.

[2] Section I.B.1. ("Insuring Agreements", "Defense and Settlement") of the Insurance Policy provides:

> The Underwriters shall have the right and duty to defend the Insured, subject to the Limit of Liability, for any Claim first made against the Insured seeking payment under the terms of this insurance, even if any of the allegations of the Claim are groundless, false or fraudulent. The Underwriters shall choose defense counsel in conjunction with the Insured, but in the event of a dispute, the decision of the Underwriters is final.

(Emphases removed). Trustee Carmel provided a complete copy of the Insurance Policy to the United States Trustee.

agreed to pay counsel's legal fees in accordance with the terms of the Insurance Policy.

On November 25, 2024, Sanchez obtained a jury verdict against NuMale Corporation, NuMale New Mexico SC, Brad Palubicki, Justin Pulliam, Carlos Feliciano, Christopher Asandra, and NuMale Albuquerque LLC totaling $412,005,149, of which $37,005,149 is compensatory damages and $375,000,000 is punitive damages. *See* Claim No. 7-1 Part 2 pp. 5-6 of 75. Sanchez contends that Debtor NuMale Corporation and Debtor NuMale New Mexico SC (together, the "Debtor Defendants") and non-debtors Brad Palubicki, Justin Pulliam, Carlos Feliciano, Christopher Asandra, and NuMale Albuquerque LLC (together, the "Nondebtor Defendants") are jointly and severally liable as co-conspirators for the entire verdict arising from fraud, unfair and unconscionable trade practices, and negligence as a matter of New Mexico law. *See, e.g.*, Claim No. 7-1 Part 2 p. 7 of 75 at Question 11.

As more fully described in Sanchez's *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(d)(1) as to New Mexico State Court Post-trial Proceedings, to Judgment Only, Not Enforcement, as to NuMale Corporation and Comfort Order for Stay Termination as to Non-debtors and Waiver of the 14-day Stay Under Fed. R. Bankr. P. 4001(a)(3)* [ECF No. 98] ("Sanchez Stay Relief Motion") and its accompanying *Declaration of Lori Bencoe in Support of Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-trial Proceedings to Judgment Only as to NuMale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 100] ("Bencoe Decl."), Sanchez filed a number of post-verdict motions that await adjudication by the New Mexico State Court. These and any other post-verdict motions must be adjudicated prior to entry of judgment on the verdict. The Debtor Defendants have not been able to participate in post-verdict motion practice and briefing, or the anticipated appeal, because they have not had retained counsel. Upon approval of the Employment Application, the Debtor Defendants will be in a position to challenge the verdict through appropriate post-verdict motion practice (including substantive responses to Sanchez's post-verdict motions), and prosecute the anticipated appeal of the judgment itself, once that is entered by the New Mexico Court.

. . .

On May 22, 2025, the New Mexico Court held hearings on Sanchez's post-verdict motions and agreed to continue the matters for a short time to allow the estates' special litigation counsel to be employed, so the estates could meaningfully participate in that process. *See, e.g.*, *Amended Declaration of Michael Carmel in Support of Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 322] at ¶ 5 (noting the parties attended May 22, 2025, hearings in the New Mexico State Court on Sanchez's pending motions and agreed to continue matters for a short time period).

The Employment Application seeks the approval of Paul, Weiss as lead special counsel for the post-verdict motion practice and eventual appeal in the Sanchez Litigation. The Trustee has determined, in his business judgment, that retention of Paul, Weiss to serve as special counsel to prosecute/defend the post-verdict motion practice and the subsequent appeal, which are being litigated in New Mexico, is in the best interest of the estates, particularly where in accordance with the Insurance Policy, Beazley will be paying Paul, Weiss' legal fees (not the Debtors).

**1.      Fees associated with prior representation.**

Per the Insurance Policy, Beazley has historically, and shall continue, to pay Paul, Weiss's fees and expenses in connection with the Sanchez Litigation. Beazley paid Paul, Weiss for all of its prepetition fees and expenses incurred in connection with the Sanchez Litigation. In addition and consistent with historic practice, Beazley has continued to pay Paul, Weiss for fees and expenses incurred after the petition date. After the petition date, Paul, Weiss has received the following payments from Beazley on account of its fees and expenses incurred in the Sanchez Litigation: (a) $267,221.44 received on March 12, 2025, (b) $41,328.26 received on March 26, 2025, and (c) $27,824.85 received on May 21, 2025. Paul, Weiss has a current outstanding balance of $4,026.60 for services provided in April 2025. Paul, Weiss will look to Beazley (not the estates) for payment of the outstanding $4,020.60. *See* Supp. Shanmugam Decl. ¶ 4.

**2.      Compensation Terms.**

Paul, Weiss's engagement agreement describes a ten percent (10%) discount on services provided [ECF No. 270-1 p. 2 of 18]. This 10% discount continues to apply during these Chapter 11 Cases. *See* Supp. Shanmugam Decl. ¶ 5.

Paul, Weiss anticipates seeking approval of interim compensation from this Court on a near-quarterly basis in compliance with the Bankruptcy Code, as set forth in the original Shanmugam Declaration submitted with the Employment Application [ECF No. 270 at p. 4 of 8, ¶ 12].

### 3.    Scope of Services

As discussed above, Paul, Weiss will be employed as lead appellate counsel for the estates in connection with the Sanchez Litigation.  Paul, Weiss will lead the estates' defense of Sanchez's pending post-verdict motions, will lead the prosecution of any post-verdict motions brought on behalf of the estates, and will lead the appeal of any judgment entered by the New Mexico Court on the verdict.  Paul, Weiss's services are limited to the Sanchez Litigation.  For the avoidance of doubt, Garman Turner Gordon ("GTG") will serve as the Trustee's general bankruptcy counsel, and Paul, Weiss will serve solely as special litigation counsel in the Sanchez Litigation.  *See* Supp. Shanmugam Decl. ¶ 6.

The Trustee understands that it is his responsibility to ensure there are no duplication of services between his general counsel, the law firm Garman Turner Gordon LLP, Paul, Weiss, and local New Mexico appellate counsel Rodey, Dickson, Sloan, Akin & Robb, P.A. ("Rodey Law").  Paul, Weiss will principaly handle all matters in the Sanchez Litigation with Rodey Law serving as local counsel.  Rodey Law will be tasked with ensuring compliance with local rules and procedures, appearances at hearings to the extent required by the applicable courts, facilitating filings, and otherwise providing services typical of local counsel.

### 4.    Retention Clarification.

Paul, Weiss will provide services on behalf of both Debtor Defendants.  Additionally, and notwithstanding any language in the Engagement Agreement to the contrary, including the third paragraph of Section 1 of the Engagement, the Trustee is in control and is the decisionmaker on behalf of the Debtor Defendants, which Paul, Weiss has acknowledged.  However, for purposes of the third paragraph of Section 1 of the Engagement Agreement, Paul, Weiss acknowledges that the Trustee is in control of, and is the decisionmaker on behalf of, the Debtor Defendants and Section 1 of the Engagement Agreement only applies to any future acquisitions or change in

1    control. *See* Supp. Shanmugam Decl. ¶ 7.

2        A clean revised employment order is attached hereto as **Exhibit 1**, and a redline comparing

3    Exhibit 1 hereto against the draft order circulated with the Employment Application is attached

4    hereto as **Exhibit 2**.[3]

5        Dated this 3rd day of June 2025.

6                                    GARMAN TURNER GORDON LLP

7                              By:  */s/  Mary Langsner*
                                    GREGORY E. GARMAN, ESQ.
8                                    TALITHA GRAY KOZLOWSKI, ESQ.
                                    MARY LANGSNER, Ph.D.
9                                    7251 Amigo Street, Suite 210
                                    Las Vegas, Nevada 89119
10
                                    *Attorneys for Michael Carmel, Chapter 11*
11                                   *Trustee*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

[3] The revised proposed order also provides clarification that Paul, Weiss is not seeking relief under Section 328.

28