```
GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
[Proposed] Attorneys for Michael Carmel,
Chapter 11 Trustee
```

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|
| NUMALE CORPORATION, | | |
| | | *Jointly administered with:* |
| AFFECTS THIS DEBTOR, | ☒ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, | ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
| NUMEDICAL SC, | ☐ | |
| NUMALE COLORADO SC, | ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, | ☐ | |
| NUMALE NEW MEXICO SC, | ☒ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| NUMALE ALL DEBTORS, | ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | | Hearing Date: June 6, 2025<br>Hearing Time: 9:30 a.m. |

**SUPPLEMENT TO APPLICATION TO EMPLOY RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits his supplement to the *Application to Employ Rodey, Dickson, Sloan, Akin & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 272] ("Employment Application") of proposed special counsel Rodey, Dickson, Sloan, Akin & Robb, P.A. ("Rodey Law"). The United States Trustee for Region 17 ("United States Trustee") provided an informal objection asking that certain information in the Employment Application be supplemented. The Trustee hereby supplements the Employment Application accordingly, which supplement is accompanied by the supplemental declaration of Edward Ricco, Esq. of Rodey Law ("Supp. Ricco Decl.").

A. **Additional Information Regarding the Sanchez Litigation and Insurance Coverage.**

Debtors are party to a lawsuit initiated in 2020 on behalf of Mr. Michael Sanchez ("Sanchez") against NuMale Corporation and various persons and individuals affiliated therewith[1] for ordinary and medical negligence, battery, unfair and unconscionable trade practices, fraud, and civil conspiracy, which is pending in New Mexico Second Judicial District Court, Bernalillo County, Albuquerque, New Mexico, state court Case No. D-202-CV-202006336 (the "Sanchez Litigation"). *See* ECF No. 98 p. 5 of 19, ¶ 1. NuMale Corporation is insured by Certain Underwriters at Lloyd's, London Syndicates 2623/623 (collectively, "Beazley"), via Policy Number W14CC4190601 and its accompanying excess insurance Policy Number W1561E190601 (together, the "Insurance Policy"). The Sanchez Litigation was tendered to Beazley in accordance with the terms of the Insurance Policy.[2] While there is a pending dispute with Beazley regarding

---

[1] Including NuMale Corporation, NuMale New Mexico SC, NuMale Albuquerque LLC, and their owners and officers including insiders Brad Palubicki, Carlos Feliciano, Justin Pulliam, and Christopher Asandra. *See* ECF No. 98 p. 5 of 19, ¶ 1.

[2] Section I.B.1. ("Insuring Agreements", "Defense and Settlement") of the Insurance Policy provides:

> The Underwriters shall have the right and duty to defend the Insured, subject to the Limit of Liability, for any Claim first made against the Insured seeking payment under the terms of this insurance, even if any of the allegations of the Claim are groundless, false or fraudulent. The Underwriters shall choose defense counsel in conjunction with the Insured, but in the event of a dispute, the decision of the Underwriters is final.

(Emphases removed). Trustee Carmel provided a complete copy of the Insurance Policy to the United States Trustee.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

its obligations under the Insurance Policy and an asserted bad faith insurance claim, Beazley has agreed to pay counsel's legal fees in accordance with the terms of the Insurance Policy.

On November 25, 2024, Sanchez obtained a jury verdict against NuMale Corporation, NuMale New Mexico SC, Brad Palubicki, Justin Pulliam, Carlos Feliciano, Christopher Asandra, and NuMale Albuquerque LLC totaling $412,005,149, of which $37,005,149 is compensatory damages and $375,000,000 is punitive damages. *See* Claim No. 7-1 Part 2 pp. 5-6 of 75. Sanchez contends that Debtor NuMale Corporation and Debtor NuMale New Mexico SC (together, the "Debtor Defendants") and non-debtors Brad Palubicki, Justin Pulliam, Carlos Feliciano, Christopher Asandra, and NuMale Albuquerque LLC (together, the "Nondebtor Defendants") are jointly and severally liable as co-conspirators for the entire verdict arising from fraud, unfair and unconscionable trade practices, and negligence as a matter of New Mexico law. *See, e.g.*, Claim No. 7-1 Part 2 p. 7 of 75 at Question 11.

As more fully described in Sanchez's *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(d)(1) as to New Mexico State Court Post-trial Proceedings, to Judgment Only, Not Enforcement, as to NuMale Corporation and Comfort Order for Stay Termination as to Non-debtors and Waiver of the 14-day Stay Under FED. R. BANKR. P. 4001(a)(3)* [ECF No. 98] ("Sanchez Stay Relief Motion") and its accompanying *Declaration of Lori Bencoe in Support of Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-trial Proceedings to Judgment Only as to NuMale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 100] ("Bencoe Decl."), Sanchez filed a number of post-verdict motions that await adjudication by the New Mexico State Court. These and any other post-verdict motions must be adjudicated prior to entry of judgment on the verdict. The Debtor Defendants have not been able to participate in post-verdict motion practice and briefing, or the anticipated appeal, because they have not had retained counsel. Upon approval of the Employment Application, the Debtor Defendants will be in a position to challenge the verdict through appropriate post-verdict motion practice (including substantive responses to Sanchez's post-verdict motions), and prosecute the anticipated appeal of the judgment itself, once that is entered by the New Mexico Court.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

On May 22, 2025, the New Mexico Court held hearings on Sanchez's post-verdict motions and agreed to continue the matters for a short time to allow the estates' special litigation counsel to be employed, so the estates could meaningfully participate in that process. *See, e.g.*, *Amended Declaration of Michael Carmel in Support of Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 322] at ¶ 5 (noting the parties attended May 22, 2025, hearings in the New Mexico State Court on Sanchez's pending motions and agreed to continue matters for a short time period).

The Employment Application seeks the approval of Rodey Law as local special counsel for the post-verdict motion practice and eventual appeal in the Sanchez Litigation. The Trustee has determined, in his business judgment, that retention of Rodey Law to serve as special counsel to prosecute/defend the post-verdict motion practice and the subsequent appeal, which are being litigated in New Mexico, is in the best interest of the estates, particularly where in accordance with the Insurance Policy, Beazley will be paying Rodey Law's legal fees (not the Debtors).

1. **Fees associated with prior representation.**

Per the Insurance Policy, Beazley has historically, and shall continue, to pay Rodey Law's fees and expenses incurred in connection with the Sanchez Litigation. In addition and consistent with historic practice, Beazley has continued to pay Rodey Law for fees and expenses incurred after the petition date. There are no amounts due and owing for any work performed by Rodey Law prior to January 22, 2025. For the period January 22, 2025, through April 30, 2025, there is an amount owed for work performed by Rodey Law, of $21,652.62. Rodey Law is not looking to the Debtors or the estates for payment of the outstanding $21,652.62. *See* Supp. Ricco Decl. ¶ 6.

2. **Compensation.**

Rodey Law anticipates seeking approval of interim compensation from this Court in compliance with the Bankruptcy Code. *See* Supp. Ricco Decl. ¶ 7.

3. **Scope of Services**

As discussed above, Rodey Law will be employed as local New Mexico appellate counsel for the estates in connection with the Sanchez Litigation. Rodey Law will advise and assist with analyses, identification, and prosecution of New Mexico-specific legal issues in connection with

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

the estates' defense of Sanchez's pending post-verdict motions, any post-verdict motions brought on behalf of the estates, and the appeal of any judgment that is ultimately entered by the New Mexico Court on the verdict. Rodey Law's services are limited to the Sanchez Litigation. For the avoidance of doubt, Garman Turner Gordon ("GTG") will serve as the Trustee's general bankruptcy counsel, and Rodey Law will serve solely as local special litigation counsel in the Sanchez Litigation. *See* Supp. Ricco Decl. ¶ 8.

The Trustee understands that it is his responsibility to ensure there is no duplication of services between his general counsel, the law firm Garman Turner Gordon LLP, Rodey Law, and proposed lead special counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"). Paul, Weiss will principally handle all matters in the Sanchez Litigation with Rodey Law serving as local counsel. Rodey Law will be tasked with ensuring compliance with local rules and procedures, appearances at hearings to the extent required by the applicable courts, facilitating filings, and otherwise providing services typical of local counsel.

**4.     Retention Clarification.**

Consistent with nonbankruptcy practice in insurance defense, Rodey Law did not execute an independent engagement agreement when selected by Beazley as local appellate counsel after the jury verdict was entered. The firm's ordinary retention practices in such circumstances were followed, as reflected in the engagement agreement filed with the Employment Application [ECF No. 273-1]. Adam Moser is a Beazley representative who corresponded with Rodey Law in connection with Beazley's retention of the firm as part of Beazley providing defense counsel to its insured under the Policy. *See* Supp. Ricco Decl. ¶ 9. Additionally, and notwithstanding any language in the Engagement Agreement to the contrary, the Debtor Defendants are Rodey Law's clients, and the Trustee is in control and is the decisionmaker on behalf of the Debtor Defendants. Rodey Law shall answer to the Trustee. *See* Supp. Ricco Decl. ¶ 10.

No new engagement agreement was prepared at the time Rodey Law was retained. *See* Supp. Ricco Decl. ¶ 11. However, to address concerns raised by the United States Trustee, a further engagement agreement with the Trustee has been prepared and is filed as **Exhibit 1** to the Supp. Ricco Decl.

5

Last, a clean revised employment order is attached hereto as **Exhibit 1**, and a redline comparing Exhibit 1 hereto against the draft order circulated with the Employment Application is attached hereto as **Exhibit 2**.[3]

Dated this 3rd day of June 2025.

                                        GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

    *Attorneys for Michael Carmel, Chapter 11 Trustee*

---

[3] The revised proposed order also provides clarification that Rodey Law is not seeking relief under Section 328.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000