GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|
| NUMALE CORPORATION, | | |
|    AFFECTS THIS DEBTOR, | ☒ | *Jointly administered with:* |
|    AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
|    NUMEDICAL SC, | ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
|    NUMALE COLORADO SC, | ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
|    NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
|    NUMALE NEBRASKA LLC, | ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
|    NUMALE NEW MEXICO SC, | ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
|    NUMALE ALL DEBTORS, | ☐ | |
| Debtors. | | Hearing Date: July 15, 2025<br>Hearing Time: 9:30 a.m. |

## APPLICATION TO EMPLOY MCAFEE & TAFT AS SPECIAL COUNSEL TO THE CHAPTER 11 ESTATE

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively,

the "Debtors"), hereby applies to this Court for entry of an order approving of the employment of the law firm McAfee & Taft LLP ("McAfee & Taft") as special counsel to the estate.

This Application (the "Application") is made and based upon the points and authorities provided herein; the declarations of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") and Justin Hiersche of McAfee & Taft ("Hiersche Decl.") filed contemporaneously herewith pursuant to Local Rule[1] 9014(c); the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327 and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and McAfee & Taft consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

. . .

. . .

. . .

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## RELIEF REQUESTED

By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the retention and employment of McAfee & Taft as special counsel on the terms and conditions set forth in the Engagement Agreement attached as **Exhibit "1"** to the Hiersche Decl. ("Engagement Agreement"), to provide advice and representation to the estate of NuMale Corporation relating to collection from Basel Said Hassoun ("Dr. Hassoun") on the judgment arising from an arbitration award entered by Arbitrator Ralph C. Anzivino against Dr. Hassoun, confirmed on or about August 25, 2022, by the District Court of Oklahoma County, State of Oklahoma, County Case No. CJ-2020-206, as confirmed by the Court of Civil Appeals of the State of Oklahoma in Case No. 120,720 on or about June 21, 2024 (for which certiorari was denied by the Supreme Court of the State of Oklahoma on or about January 27, 2025) (collectively, the "Judgment").

## III.
## PERTINENT FACTS

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

1. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

2. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

3. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

4. On April 28, 2025, the Court entered its Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b). *See, e.g.*, ECF No. 209.

5. In the course of his investigations, the Trustee became aware of the Judgment and that Dr. Hassoun still owes NuMale Corporation pursuant to the Judgment. The Trustee's investigation also revealed that NuMale Corporation was previously represented in connection with collection proceedings involving the Judgment (and, the preceding litigation) by Oklahoma counsel Justin Hiersche, Esq., presently with the law firm McAfee & Taft. The Trustee also learned that Mr. Hiersche and his firm were never retained by the NuMale Corporation bankruptcy estate. *See* Carmel Decl. ¶ 4.

6. From dialogue with proposed counsel the Trustee has learned that there are amounts still to be collected from Dr. Hassoun pursuant to the Judgment, including the potential for reaching a resolution with Dr. Hassoun that provides for a lump sum to be paid into the estate, and McAfee & Taft is willing to be employed by the estate to advise the estate and carry out the remaining collection work related to the Judgment. *See* Carmel Decl. ¶ 5.

7. Because retaining McAfee & Taft will ensure the estate has adequate representation in connection with Judgment collection efforts in Oklahoma, the Trustee has determined, in his business judgment, that retention of McAfee & Taft to serve as special counsel to NuMale Corporation is in the best interests of the estate. *See* Carmel Decl. ¶ 6.

8. Mr. Hiersche's prior firm, Blaney Tweedy Tipton & Hiersche, PLLC, was counsel to NuMale in the litigation and arbitration that led to entry of the Judgment. After the

Judgment was entered, Mr. Hiersche continued with judgment collection work on behalf of NuMale. *See* Hiersche Decl. ¶ 5.

9. In approximately October 2024 this firm merged into what is now McAfee & Taft. *See* Hiersche Decl. ¶ 6.

10. No amounts were owed to McAfee & Taft as of the Petition Date in these Chapter 11 Cases. *See* Hiersche Decl. ¶ 7.

11. The Trustee, through this Application, therefore seeks authorization and approval to employ McAfee & Taft as the estate's special litigation counsel in connection with taking all necessary actions to complete any necessary collection actions related to the Judgment.

12. A copy of the engagement agreement with McAfee & Taft is attached as **Exhibit "1"** to the Hiersche Decl.

## IV.
## RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of McAfee & Taft under the Engagement Agreement are appropriate and necessary to enable the Trustee to execute his duties faithfully as the administrator of the estates. The Trustee's investigations are ongoing but indicate that Dr. Hassoun owes a sizeable amount of money to the estate, and there are further steps to be taken to collect these remaining funds from Dr. Hassoun. *See* Carmel Decl. ¶ 7. Thus, the Trustee must ensure the estate has representation in Oklahoma to carry out the remaining necessary steps to ensure the Judgment is paid in full. This may include preparing an accounting of funds due and owing on the Judgment, resolving any dispute(s) with Dr. Hassoun regarding amounts that remain due and owing under the Judgment, and carrying out all necessary collection efforts to ensure the Judgment is paid in full, including advising the estate on these matters. *See* Carmel Decl. ¶ 8. Employing McAfee & Taft will ensure the estate of NuMale Corporation is adequately represented and able to carry out these necessary steps in Oklahoma, where Dr. Hassoun is located and where the Judgment remains in effect.

The Application therefore seeks approval and authorization of the estate of NuMale Corporation employing McAfee & Taft to represent NuMale Corporation in connection with

Judgment collection efforts, including appearances in any related litigation, and to ensure the estate and its rights, remedies, defenses, and counterclaim are adequately represented in connection with this matter which involves a relatively significant asset of this estate. This requires the employment of counsel who regularly and routinely practice before Courts in Oklahoma and is able to adeptly navigate any and all issues, duties, and requirements for the estate in connection therewith. McAfee & Taft is a large law firm with specialized expertise in representing parties in commercial litigation and is, accordingly, well capable of representing the estate in connection with the Judgment.

McAfee & Taft is a top-ranked firm with a strong presence in Oklahoma and offices in Springfield, Missouri. McAfee & Taft has experience and expertise in every major substantive area of legal practice, including commercial litigation. Justin Hiersche of McAfee & Taft is the lead McAfee & Taft attorney working on this matter. Mr. Hiersche is a shareholder at the firm and member of the Firm's Litigation, Appellate, and Business Restructuring, Workouts and Bankruptcy practice groups. Mr. Hiersche is a trial and appellate lawyer with a broad-based civil litigation practice who has tried both non-jury and jury trials throughout Oklahoma in both state and federal district courts. *See* Hiersche Decl. ¶ 8. Based on McAfee & Taft's expertise and experience, the Trustee seeks Court authority to employ McAfee & Taft as the estate's special litigation counsel to complete Judgment collection work. *See* Carmel Decl. ¶ 9. For the avoidance of doubt, GTG will serve as the Trustee's general bankruptcy counsel, and McAfee & Taft will serve solely as special litigation counsel in connection with Judgment collection efforts. *See* Hiersche Decl. ¶ 9.

## V.
## NO ADVERSE INTEREST

Section 327(e) of the Bankruptcy Code, applicable to a trustee's employment of special counsel, provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is

to be employed.

See 11 U.S.C. § 327(e).

Except as set forth in the Hiersche Decl., to the best of its knowledge, information, and belief, McAfee & Taft does not hold or represent an interest adverse to the Debtors or the estates with respect to the matter on which McAfee & Taft is to be employed.

As more fully set forth in the Hiersche Decl., due to McAfee & Taft's extensive practice representing sophisticated parties in commercial litigation and insolvency-related matters, as well as the transactional nature of its practice, McAfee & Taft has in the past provided, is currently providing, and in the future will likely provide legal services to certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these Chapter 11 Cases and the Judgment. McAfee & Taft will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, McAfee & Taft will use reasonable efforts to identify and disclose such further developments by promptly filing a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## VI.
## COMPENSATION

The current standard hourly rates for McAfee & Taft's attorneys and paralegals working this matter are Justin Hiersche $450.00, and Paralegals at $130.00. See Hiersche Decl. ¶ 10. These hourly rates are the McAfee & Taft's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate McAfee & Taft for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustment to reflect economic and other conditions. Additionally, all fees and expenses incurred by McAfee & Taft are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, McAfee & Taft expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval. See Hiersche Decl. ¶ 11. The Trustee respectfully submits that such rates are

7

reasonable in light of the high quality of the services being provided, McAfee & Taft's depth and breadth of expertise, including specific expertise with the Judgment debtor Dr. Hassoun and the related litigation and arbitration that led to the Judgment.

McAfee & Taft customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. *See* Hiersche Decl. ¶ 12.

No payments have been made or promised to McAfee & Taft by the Trustee for services rendered in connection with these Chapter 11 Cases. *See* Hiersche Decl. ¶ 13.

McAfee & Taft has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with McAfee & Taft or (b) any compensation another person or party has received. *See* Hiersche Decl. ¶ 14.

Furthermore, McAfee & Taft hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred in connection with its retention. It is further contemplated that McAfee & Taft may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

In sum, as the terms of the Engagement Agreement are subject to application and approval by this Court, and, furthermore, McAfee & Taft understands that not only retention but also any compensation and expense reimbursement is subject to Bankruptcy Court approval. The Trustee respectfully submits that such retention terms are reasonable in light of McAfee & Taft's experience and the nature of the services to be provided. Last, McAfee & Taft hereafter

intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred in connection with its retention by the NuMale Corporation estate.

## VII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the employment of McAfee & Taft as special counsel for the estates to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

Dated this 17th day of June 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Attorneys for Michael Carmel, Chapter 11 Trustee*