GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
|     AFFECTS THIS DEBTOR, ☒ | *Jointly administered with:* |
|     AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐ | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
|     NUMEDICAL SC, ☐ | NuMedical SC Case No. 25-10343-nmc |
|     NUMALE COLORADO SC, ☐ | NuMale Colorado SC, Case No. 25-10344-nmc |
|     NUMALE FLORIDA TB PLLC, ☐ | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
|     NUMALE NEBRASKA LLC, ☐ | NuMale Nebraska LLC Case No. 25-10346-nmc |
|     NUMALE NEW MEXICO SC, ☐ | NuMale New Mexico SC Case No. 25-10347-nmc |
|     NUMALE ALL DEBTORS, ☐ | |
|     Debtors. | Hearing Date: July 15, 2025 Hearing Time: 9:30 a.m. |

**DECLARATION OF JUSTIN HIERSCHE IN SUPPORT OF APPLICATION TO EMPLOY MCAFEE & TAFT AS SPECIAL COUNSEL TO THE CHAPTER 11 ESTATE**

I, Justin Hiersche, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Application to Employ McAfee & Taft as Special Counsel to the Chapter 11 Estate* (the "Application").[1]

3. I am a shareholder with the law firm McAfee & Taft and am licensed to practice law in all state and federal courts in the State of Oklahoma. McAfee & Taft maintains offices at 8th Floor, Two Leadership Square, 211 N Robinson Avenue, Oklahoma City, Oklahoma, 73102.

4. Attached hereto as **Exhibit "1"** is a copy of the engagement agreement with the McAfee & Taft.

5. My prior firm, Blaney Tweedy Tipton & Hiersche, PLLC, was counsel to NuMale in the litigation and arbitration that led to entry of the Judgment. After the Judgment was entered, I continued with judgment collection work on behalf of NuMale.

6. In approximately October 2024 this firm merged into what is now McAfee & Taft.

7. No amounts were owed to McAfee & Taft as of the Petition Date in these Chapter 11 Cases.

8. McAfee & Taft is a top-ranked firm with a strong presence in Oklahoma and offices in Springfield, Missouri. McAfee & Taft has experience and expertise in every major substantive area of legal practice, including commercial litigation. I am the lead McAfee & Taft attorney working on this matter. I am a shareholder at the firm and member of the Firm's Litigation, Appellate, and Business Restructuring, Workouts and Bankruptcy practice groups. I am a trial and appellate lawyer with a broad-based civil litigation practice who has tried both non-jury and jury trials throughout Oklahoma in both state and federal district courts.

9. For the avoidance of doubt, McAfee & Taft will serve solely as special litigation counsel in connection with Judgment collection efforts.

10. The current standard hourly rates for McAfee & Taft's attorneys and paralegals working this matter are: Justin Hiersche $450.00, and Paralegals at $130.00.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

11. These hourly rates are the McAfee & Taft's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate McAfee & Taft for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustment to reflect economic and other conditions. Additionally, all fees and expenses incurred by McAfee & Taft are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, McAfee & Taft expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval.

12. McAfee & Taft customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.

13. No payments have been made or promised to McAfee & Taft by the Trustee for services rendered in connection with these Chapter 11 Cases.

14. McAfee & Taft has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with McAfee & Taft or (b) any compensation another person or party has received.

15. To the best of my knowledge, I and McAfee & Taft, and McAfee & Taft's partners and associates, do not hold or represent any interest adverse to any of the Debtors' estates, and McAfee & Taft and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b).

16. Additionally, McAfee & Taft does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee.

17. McAfee & Taft's representation of the estate of NuMale Corporation will not be

adverse to the Debtors' estates.

18. McAfee & Taft has reviewed a copy of the creditor matrix in the Chapter 11 Cases.

19. Pursuant to Bankruptcy Rule 2014, McAfee & Taft makes the following disclosures, none of which render McAfee & Taft not disinterested or adverse to Debtors' estates:

    a. My previous firm, Blaney Tweedy Tipton & Hiersche, PLLC, was retained by NuMale in connection with the litigation and arbitration that led to entry of the Judgment. After the Judgment was entered, but before the Petition Date in these Chapter 11 Cases, I continued with Judgment collection work on behalf of NuMale at my prior firm and at McAfee & Taft. Justin Pulliam was my primary client contact for the NuMale retention. On occasion, I would also field inquiries and perform other, more minor, work, primarily at the request of Justin Pulliam, that was unrelated to Judgment collection.

    b. I had Dr. Hassoun's payments routed to my firm, with my firm then remitting funds to NuMale Corporation. At present, my firm holds $0.00 (zero dollars) on behalf of NuMale Corporation.

    c. Miranda Harrison of McAfee & Taft appears in the creditor matrix. She is an associate at the firm but will not be assisting in this matter.

20. From such initial review, up to and including the preparation of this Application, McAfee & Taft has continued to review the information provided by Trustee to determine any previous or present representations of creditors or parties-in-interest.

21. McAfee & Taft will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and, if any new relevant facts or relationships are discovered, McAfee & Taft will supplement its disclosure to the Court.

22. McAfee & Taft will also seek reimbursement of its expenses pursuant to its policies and as set forth in the Engagement Agreement, which generally involve passing through all properly reimbursable expenses to the client.

23. There is no agreement between McAfee & Taft and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases.

24. Furthermore, McAfee & Taft hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred.

25. McAfee & Taft may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

26. McAfee & Taft understands that its compensation is subject to prior Court approval.

27. McAfee & Taft understands that the firm's employment and compensation are subject to application and approval by the Bankruptcy Court.

28. I have an outstanding prepetition claim for the amount of $510.00.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 17th day of June, 2025.

*/s/ Justin Hiersche*
JUSTIN HIERSCHE, ESQ.