David A. Riggi, Esq.
Nevada Bar No. 4727
7900 w Sahara Ave Suite 100
Las Vegas, NV 89117
Phone:  (702) 463-7777
Fax:    (888) 306-7157
E-mail:  RiggiLaw@gmail.com

# UNITED STATES BANKRUPTCY
# COURT DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: <u>**X APPLICABLE TO ALL**</u> | ) | Case No. 25-10341-NMC |
| | ) | Chapter 11 |
| NUMALE CORPORATION, | ) | |
| | ) | **LEAD CASE** |
| Debtor in Possession. | ) | Jointly Administered with: |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10342-NMC |
| FELICIANO NUMALE NEVADA PLLC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10343-NMC |
| NUMEDICAL SC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10344-NMC |
| NUMALE COLORADO SC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10345-NMC |
| NUMALE FLORIDA PLLC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10346-NMC |
| NUMALE NEBRASKA LLC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 25-10347-NMC |
| NUMALE NEW MEXICO SC, | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| | ) | |

# APPLICATION TO EMPLOY
# LAW FIRM AS ATTORNEY FOR DEBTORS IN POSSESSION

### APPLICATION TO EMPLOY LAW FIRM
### AS ATTORNEY FOR DEBTORS IN POSSESSION

The entities once designated as Debtors in Possession ("Debtors" and "Applicants")(Case No. 25-10341-nmc; Case No. 25-10342-nmc; Case No. 25-10343-nmc; Case No. 25-10344-nmc; Case No. 25-10345-nmc; Case No. 25-10346-nmc; and, Case No. 25-10347-nmc) now Debtors Out of Possession in these bankruptcy proceedings, respectfully renew, amend and apply to this Court for an Order authorizing the employment of the Riggi Law Firm and David A. Riggi, Esq. ("Law Firm") as attorney for each of the Debtors in Possession only for the time period from the filing of the voluntary petitions until the Debtors were dispossessed upon the appointment of the Trustee. This application is brought pursuant to 11 U.S.C. §§ 327(a) and 329; Federal Rules of Bankruptcy Procedure 2014 and 2016; and the *Guidelines of the U.S. Department of Justice, Office of the United States Trustee- Region 17* ("Guidelines").  In support of the Application, the Debtors represents the following:

### I.    NECESSITY FOR EMPLOYMENT OF PROFESSIONAL PERSON

The employment of the professional person(s) of the Law Firm is necessary. The Debtors requires assistance, only available from a professional such as the Law Firm, in order meet the tasks and challenges in this case. (Bankr. R. 2014(a); Guidelines Section 2.1.1).

The specific reasons for employment, and the tasks that the Law Firm will perform, are: to represent the Debtors, in all respects with regards to the administration of the Chapter 11 proceeding; to represent the Debtors toward the confirmation of a plan of reorganization; to be a liaison with the Office of the United States Trustee; and to be a representative of the Debtors to all parties in interest.

### II.    SCOPE OF PROFESSIONAL SERVICE TO BE RENDERED

The scope of services to be rendered by said professional is as follows:

1.    To institute, prosecute, or defend any contested matters arising out of this bankruptcy proceeding in which the Debtors may be a party;

2.    To assist in the recovery and obtaining necessary Court approval for recovery and liquidation of estate assets, and to assist in protecting and preserving the same where necessary;

3.    To assist in determining the priorities and status of claims and in filing objections thereto where necessary;

4.    To assist in preparation of a Chapter 11 plan;

5.    To advise Applicants and perform all other legal services for the Applicants which may be or become necessary in this bankruptcy proceeding. (Bankr. R. 2014(a); Guidelines Section 2.1.1).

## III.    REASONS FOR SELECTION OF PROFESSIONALS

Applicants have selected the RIGGI LAW FIRM and DAVID A. RIGGI, ESQ. because said professional person has experience and knowledge in Chapter 11 reorganization matters. Applicants believes that the RIGGI LAW FIRM and DAVID A. RIGGI, ESQ. is well qualified to represent Applicants as counsel in this proceeding, and that employment of said firm would be in the best interests of the estate. (Bankr. R. 2014(a); Guidelines 2.1.1).

## IV.    TERMS OF EMPLOYMENT AND PROPOSED ARRANGEMENT FOR COMPENSATION

1.    Disclosure of Amount and Source of Retainer Received. (11 U.S.C. Section 329(a). Bankr. R. 2016(a) and 2016(b). Guidelines Section 2.1.2): DAVID A. RIGGI, ESQ. has received an initial retainers in the amounts of $7,500.00 for 25-10341-NMC and $2125.00 each for the six other cases (each a "Retainer"), and the filing fees of $1,738.00 for each of the seven Debtors. The source of those funds was solely from the Debtors.  All were received pre-petition.

2.    Terms and Conditions of Employment Agreement. 11 U.S.C. Section 328(a) authorizes Applicant, with Court approval, to employ said professional persons "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." Applicants wish to retain said professional persons according to the terms and conditions of letter agreements, of which true and correct copies are attached hereto as **Exhibit "A."** 11 U.S.C. Section 328(a), Bankr. R. 2014(a).

3.    Current Hourly Rates Charged by Professional, and Other Charges (Guidelines Section 2.1.2): The current hourly rates charged by professional persons expected to render services pursuant to the within Application are as follows:

2

A.      Not exceeding $500.00 per hour for partners

B.      Not exceeding $195.00 per hour for associates

Other charges that may be considered in an application for compensation include, but are not limited to:

A.      Messenger services;

B.      Postage and delivery;

C.      Process service and investigator charges;

D.      Copy charges;

E.      Computer research and word processing charges;

F.      Telephone and facsimile charges;

G.      Travel expenses;

H.      Miscellaneous expenses necessarily incurred in connection with the scope of Services to be performed. Guidelines Section 2.1.2.

## V.    PAYMENTS MADE AND SHARING OF COMPENSATION

To the best knowledge of Applicant, no payments have previously been made or promised to said professional person(s) for services rendered or to be rendered in any capacity whatsoever in connection with the case except as set forth herein, and no agreement or understanding exists between said professional person(s) and any other entity for the sharing of compensation to be received for services rendered in connection with this case. (Bankruptcy Rule 2016(a); Guidelines Sections 2.1.4).

## VI.    PRE-PETITION SERVICES (GUIDELINES SECTION 2.1.3)

The Professional person(s) has performed work for the Debtors pre-petition which included counsel and document preparation regarding general business matters, general bankruptcy advice and the preparation of the petition, schedules, and applications necessary to file the bankruptcy petition, analysis of security interests; analysis of intercompany transactions; and analysis and possible recovery of funds retained by third parties. No further work has been performed for the Debtors by the Professional person. (Guidelines Section 2.1.3). Pre-petition

work has been performed for 25-10341-NMC with eleven hours being expended pre-petition and, as such, at the rate of $500 an hour, $5500 was earned pre-petition and has been applied, leaving $2000.00 in the Firm's trust account. Each of the other six Debtors have had pre-petition work performed of three hours and, as such, at the rate of $500 an hour, $1500 was earned pre-petition for each and has been applied to each, leaving $625.00 for each in the Firm's trust account, which may only be removed upon approval from the Court and any withdrawal from representation must comply with Local Rule 2014 for the United States Bankruptcy Court for the District of Nevada.

## VII.  PROFESSIONAL DISCLOSURE AND DISINTERESTEDNESS (GUIDELINES SECTION 2.1.4)

This Application is accompanied by a Declaration, attached hereto as **Exhibit "B,"** showing that the professional person(s) has (have) complied with the requirements of 11 U.S.C. §§ 327, 329 and 1103(b); and Bankruptcy Rule 2014, 2016 and 5002, and setting forth the professional person's connections with the Debtors, creditors or any other party in interest, their respective attorneys and accountants. To the best of the Applicants' knowledge, other than the obvious affiliated NuMale entities, said professional persons have no connections with the Debtors, creditors or any other party in interest, their respective attorneys and accountants, except as might be disclosed herein. Furthermore, to the best of the Debtors' knowledge, the professional person(s) is not related to a bankruptcy judge. (Bankruptcy rule 2014(a); Guidelines Section 2.1.4).

WHEREFORE, Applicants respectfully requests that the within Application be granted and approved, and that Applicants be authorized to employ and appoint the RIGGI LAW FIRM and DAVID A. RIGGI, ESQ. as attorney for Applicants, under a general retainer, in the above-captioned bankruptcy cases.

DATED this 5th day of June, 2025.

/s/*David A.Riggi*_____
David A. Riggi, Esq.
Attorney for the Debtors Out of Possession

4

# EXHIBIT A



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent  NuMale Corporation (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf.  Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $7500, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.

2



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Dispute and Arbitration

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays.  However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent.  Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response.  Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated.  Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays).  If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court.  The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 _/s/ Brad Palubicki_
Brad Palubicki



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent Feliciano NuMale Nevada PLLC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter. The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property. Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month). If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

Commencement of Representation

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client. All time expended by the Firm may be billed by the Firm.

Termination of Representation

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

Governing Law of Rules of Professional Conduct

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

3



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Dispute and Arbitration

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court.  The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 /s/ Brad Palubicki
Brad Palubicki

5



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the "Firm") has been engaged to represent Numedical SC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

<u>Dispute and Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

3



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court. The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.

4



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

<u>Subsequent Matters</u>

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

<u>Integration</u>

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

  /s/ Brad Palubicki
Brad Palubicki



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent NuMale Colorado SC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

<u>Dispute and Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court. The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

<u>Subsequent Matters</u>

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

<u>Integration</u>

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 /s/ Brad Palubicki
Brad Palubicki



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent NuMale Florida TB PLLC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.

2



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

<u>Dispute and Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

3



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court. The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.

4



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 /s/ Brad Palubicki
Brad Palubicki



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the "Firm") has been engaged to represent NuMale Nebraska LLC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

<u>Dispute and Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.

3



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court. The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 /s/ Brad Palubicki
Brad Palubicki



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

This letter ("Engagement Letter" or "Retainer Agreement") will confirm that the Riggi Law Firm and David A. Riggi (the"Firm") has been engaged to represent NuMale New Mexico SC (the "Client") on the terms described in this letter.

<u>Scope of Engagement</u>

The Firm is engaged to provide legal services on the following matter (the "Matter"):

Counsel the client with respect to out-of-court, pre-bankruptcy negotiations with creditors. Counsel the Client with respect to all facets of a Chapter 11 proceeding before the United States Bankruptcy Court for the District of Nevada and, if necessary, undertake appropriate actions toward a confirmed plan of reorganization. It is understood that the viability of any recoveries, from third parties on behalf of the Client, has not been independently thoroughly determined by the Firm but it based on the representations of the Client. Representation and advice shall include, and not necessarily be limited to: preparation of all schedules and statements; attendance at all hearings; opposition to motions for relief from stay; prosecution of motions to value; preparation and prosecution of a plan of reorganization; and communication with opposing counsel to advance and obtain a confirmed plan of reorganization. Representation shall not include, unless specifically addressed in a separate agreement, prosecution of any lawsuit or court action that attempts to invalidate all or part of a mortgage note, or associated documents, based on alleged improper note origination or assignment.

<u>Fees</u>

The Firm's fees are based on its standard per hour rate for attorney David A. Riggi, as may be further determined by discussion with the Client. At this time, the standard rate is $500 per hour. The Firm's attorney rate is a downward adjustment to accommodate the Client.

The Firm reserves the right to reduce fees charged to the Client without discussing the reduction with the Client if the Firm concludes that such a reduction is appropriate. The value of the Firm's services is measured by factors other than just the amount of time required, such as the novelty and complexity of the questions involved, the skill required, familiarity with the specific area of the law, the preclusion of other engagements caused by the acceptance of this engagement, the magnitude of the matter, the results achieved, customary fees for similar services, the nature and length of the Firm's relationship with the Client and similar considerations.

<u>Costs and Expenses</u>

The Firm's billing to the Client may include charges for various costs and expenses incurred on the Client's behalf. Costs are matters incurred in-house by the firm (such as telephone charges). Expenses are incurred from third parties (such as service of process). Typical expense items include, but are not limited to: courier or messenger services, travel expenses, depositions, transcripts, witness fees, process fees, title insurance and filing and recordation fees. Typical costs items include, but are not limited to: photocopies, long distances telephone charges, facsimile transmissions, word processing, postage, overtime and clerical or secretarial assistance.

Costs will be charged under the Firm's standard practices for assessing and charging costs to its clients. Expenses will be passed through to the Clients at actual amount incurred. Whenever practical, the Firm will not commit to a major expense or cost time without first discussing it with the Client.



DAVID A. RIGGI, Esq.
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Expenditures for court services (filing fees, transcripts, audiotapes, etc.) are to be paid by the Client or, if more appropriate and feasible, by a third party for the Client, before the court services are engaged.

<u>Billing</u>

The Firm may send informational bills to the Client on a reasonable basis. Those bills may be due and payable within thirty (30) days from the entry of an order permitting payment.

For chapter 11 Debtors, the Firm may provide detailed billings organized by Task Category in accordance with the requirements of the Office of the U.S. Trustee. The Client will promptly raise and address with the Firm any questions that may arise with respect to the Firm's billing.

If the Firm is representing multiple clients (such as during joint administration of bankruptcy cases), then each of the Clients shall be jointly and severally liable for the total amount of the Firm's fees, costs and expenses. The Firm will cooperate with the Clients in allocation of fees, costs, and expenses among other who may be contributing to the payment, such as partners or insurers; however, the Firm will look to the Clients for ultimate responsibility for full and prompt payment for fees, costs and expenses.

<u>Retainer</u>

The Firm has received the amount of $2125, which does not include the court filing fees of $1738. The nonrefundable retainer may be held by the Firm until, for services provided after the commencement of a Chapter 11, the Bankruptcy Court enters a final order approving the allowance and payment of the Firm's bills, on either a final or interim basis. Alternatively, if consistent with the law and practice in the District of Nevada, the retainer amount may be applied for the time period outside of the pendency of the bankruptcy case, including but not limited to, after the time a plan/case is confirmed/closed.

<u>General Responsibilities</u>

The Client shall cooperate fully and candidly with the Firm with respect to the Matter. The Client shall provide all information known by or available to the Client which may aid the Firm in representing the Client in the Matter.

The Client shall designate one of its personnel to be responsible for coordinating the Firm's representation with respect to the Matter. The Client shall be available to the Firm for consultation on reasonable notice and will provide such decisions or directions as the Firm may need for the appropriate handling of the Matter.

If the Firm is representing multiple clients jointly in the Matter, then each client is responsible for cooperating with and coordinating the representation of all the client's interests. Unless otherwise agreed to by the Firm in writing, the Firm is authorized to discuss with each of the clients all relevant communications received from any of the other clients with regard to the Matter.

In the event the Client perceives any actual or possible disagreement with the Firm or the Firm's handling of the Matter, the Client shall promptly and candidly indicate its concerns in writing and discuss the problem with the Firm.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

The Firm agrees to keep the Client informed as to the status of the Matter and as to the course of action which is being followed or is being recommended by the Firm. The Firm requires that the Client participates in substantive and major decisions involving the Matter.  The Firm is authorized to use its best judgment for non-substantive and ministerial matters. Unless otherwise agreed or directed by the Client, the Firm will provide the Client copies, at the Client's cost, or digital transmissions of all significant documents sent or received by the Firm in connection with the Matter. Documents in the control or possession of the Client which are requested by the Firm shall be supplied in the form of copies, and not originals, unless otherwise directed by the Firm.

If the Client has rental property, the Client agrees, and understands, that no rental income monies, from a property that has a mortgage holder, should be expended unless and until, the mortgage holder consents to specific expenditures, the Court permits specific expenditures, or counsel agrees that a particular expenditure may be necessary to preserve the property.   Accordingly, the Client shall immediately prepare a monthly budget of proposed expenditures for any such property.

The Client agrees, and understands, that there exists a Chapter 11 requirement to prepare, and then submit to the Firm, monthly operating reports (for the previous calendar month).  If the Client is not able to prepare any of the monthly operating reports then Client shall retain a competent party to prepare the reports, and Client shall cooperate timely and fully with that third party. Client also agrees to, and understands the requirement of payment of quarterly fees to the US Trustee.

<u>Commencement of Representation</u>

A pre-court-approval attorney-client relationship between the Firm and the Client commenced with the initial communications between the Firm and the Client.  All time expended by the Firm may be billed by the Firm.

<u>Termination of Representation</u>

The Firm reserves the right to withdraw from the engagement if the Client fails to honor this Engagement Letter or for any just reason permitted by the Rules of Professional Conduct as adopted by the Nevada Supreme Court. The Client reserves the right to terminate this engagement without cause. Notification of termination or withdrawal shall be made in writing and shall be effective upon receipt. In the event of such termination or withdrawal, the Client shall be prepared to promptly pay the Firm all fees, costs, and expenses incurred prior to the date of termination or withdrawal, subject to any required approval by the court.

<u>Governing Law of Rules of Professional Conduct</u>

This Engagement Letter shall be interpreted and enforced in accordance with the laws of the State of Nevada. The Firm's services shall be governed by the Rules of Professional Conduct as adopted by the Nevada Supreme Court, without regard to where the services are actually performed.

<u>Dispute and Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees may be submitted for final and binding arbitration in Nevada. It is understood, however, that the appropriate forum to resolve any disputes is the United States Bankruptcy Court for the District of Nevada.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Effort and Outcome

The Firm agrees to competently and diligently represent the Client in the Matter. However, the Client acknowledges that the Firm has given no assurances regarding the outcome of the Matter.

Retention of Files

The Client is responsible for maintaining their own copy of documents forwarded to the Client by the Firm. The Firm will endeavor, subject to casualties beyond its control, to retain and maintain the major and significant components of the Firm's files relative to the Matter for a period of at least three (3) years following the conclusion of the Matter. This retention may be digital.

Communication

One person shall be designated by the Client as the point of communication with the Firm. It is acknowledged that, in cases of joint representation or in cases of necessary joint authorization (such as a board of directors, or a requirement of multiple consents within any entity operating agreement, or co-trustees) that a communication to or from one of the Client representatives shall be considered a communication to or from all Client representatives.

The Firm will make every endeavor to be available beyond standard office hours of 9 a.m. to 5 p.m., PST, Monday through Friday, excluding holidays. However, it is understood that the Firm is not obligated to be available outside of those standard office hours. Client shall respond to all communications as promptly as possible, including questions and requests by the Firm, whether transmitted in-person, in hard writing, by e-mail, by text messaging, by phone, or through an employee or agent. Email messages should start, in the subject line, with "NuMale". Text messages, from the Client, should be limited to items and issues that are non-complex and only require a short response. Any message left by Client should be more than a mere request for a call back – the actual reason for requesting a call back should be indicated. Client shall comply with any request by the Firm to transmit the communication of any particular issue or query via e-mail. Any assertion of non-communication by the Firm, based on not returning a phone call, shall be articulated via e-mail. It is understood that a reply to a communication from the Client is not tardy, if at all, unless a response from the Firm does not occur within 24 hours of the communication (the 24 hour time period does not include, and does not commence, during non-business hours, weekends or holidays). If a Firm voicemail is full, the Client shall promptly email or text that circumstance with a specific statement as to the intended scope of the call. Any verbal communication from the Firm shall not be recorded without the specific authorization from the Firm (a phone message left from the Firm shall be considered as granting authorization for that particular communication).

Signatories

If a document requires signing by a representative or representatives of the Client, then the Client's point of communication designee is responsible to obtain that signature or, as appropriate, multiple signatures to forward onto the Firm. Emailed copies of signatures shall be considered as valid by the Firm and the Client shall deliver the actual wet signatured document to the Firm in a reasonable time period. Nevertheless, the Firm may utilize the copied signature for relevant purposes, including filing, but not necessarily limited to, a copy of the signed document with the court. The Client also hereby gives the Firm authorization to utilize the Client's electronic signature.



**DAVID A. RIGGI, Esq.**
**Attorney and Counselor at Law**
**7900 W. Sahara Ave. Suite 100**
**Las Vegas, NV 89117**

**P: (702) 463-7777**
**F: (888) 306-7157**
**Email: RiggiLaw@gmail.com**

Subsequent Matters

In the event the Client engages the Firm to handle subsequent matters, then unless otherwise agreed in writing between the Firm and Client, those subsequent matters, as appropriate, shall be governed by the terms and conditions of this Engagement Letter.

Integration

This Engagement Letter contains the entire agreement between the Client and the Firm regarding the Matter and the fees, costs and expenses relative to the Matter. This Engagement Letter shall not be modified except by written agreement signed by the Firm and the Client. This Engagement Letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Please sign a copy of this letter in the space provided and return it promptly to the Firm.

Sincerely,


/s/ *David A. Riggi*
David A. Riggi,
on behalf of the Law Firm


The terms and conditions expressed in the foregoing engagement letter are agreed and accepted.

On behalf of the Client,

 /s/ Brad Palubicki
Brad Palubicki

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "B"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF DAVID A. RIGGI IN SUPPORT OF APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTORS IN POSSESSION

I, David A. Riggi, hereby declare as follows:

1.       I am an attorney at law, admitted to the bar of the State of Nevada, and the principal of the Riggi Law Firm ("Law Firm"). My office is in Las Vegas, Nevada, and I have personal knowledge of the facts recited herein, and I am competent to testify with regard to them if called as a witness in this matter.

2.       This renewed supplemental Declaration is made pursuant to 11 U.S.C. §§ 327, 329, Fed.R.Bankr.R. 2014(b) and 2016(b), in support of the Application to Employ the Law Firm as Attorney for the affiliated Debtors in Possession ("Debtors")( Case No. 25-10341-nmc; Case No. 25-10342-nmc; Case No. 25-10343-nmc; Case No. 25-10344-nmc; Case No. 25-10345-nmc; Case No. 25-10346-nmc; and, Case No. 25-10347-nmc), now currently Debtors out of Possession and seeking approval only for time period from the commencement of the case until the appointment of the Trustee.

3.       For over 35 years, my law practice, now through my Law Firm, has emphasized reorganization and other bankruptcy matters.  I have represented Debtors under chapters 11, 13 and 7; trustees, various creditors and other parties-in-interest in bankruptcy cases. I believe I am well qualified to act as attorney for the Debtors. I will be the only attorney representing this Client on behalf of the Law Firm. The Debtors has selected my Law Firm for the following reasons:

(a)       I am familiar with bankruptcy practice and bankruptcy proceedings, and I am well qualified to act as attorney for the Debtors; and

(b)       It is necessary for the Debtors to employ an attorney to render the following professional services:

(1)       To advise the Debtors of its rights and obligations and performance of his duties during administration of these bankruptcy cases;

(2)       To represent the Debtors in all proceedings before this Court or before other courts with jurisdiction over these cases, as well as any pre-petition litigation;

(3)       To assist the Debtors in the performance of duties as set forth in 11 U.S.C. §1107;

2

(4)    To assist the Debtors in developing legal positions and strategies with respect to all facets of these proceedings; and

(5)    To provide such other counsel and advice as the Debtors may require in connection with the above-captioned case.

4.    Neither I nor my Law Firm has any connection with the United States Trustee or any persons employed in the Office of the United States Trustee.

5.    Pursuant to Rule 5002(a) of the Federal Rules of Bankruptcy Procedure, neither I nor any members, associates or employees of my Law Firm are relatives of any of the United States Bankruptcy Judges serving in the United States Bankruptcy Court, District of Nevada, which Judges are making appointments or approving employment of professional persons in the above-captioned Court, as the term "relative" is defined in 11 U.S.C. §101(39). Fed.R.Bankr.P. 5002(a).

6.    Pursuant to Bankruptcy Rule 2014 and Section 2 of the Guidelines of the U.S. Department of Justice, Office of the United States Trustee, Northern and Eastern District of California and Nevada (the "Guidelines") a copy of this Declaration was contemporaneously transmitted to the Office of the United States Trustee. Fed.R.Bankr.P. 2014; Guidelines, § 2.14.

7.    I have been able to ascertain, that, except for my Firm's contemporaneous representations of entities affiliated with this Debtors, neither I nor anyone associated with my Law Firm has any present connection with the Debtors, its creditors or other parties-in-interest. To the best of my knowledge, I, and anyone associated with my Law Firm and any parties I may employ in the case, are disinterested within the meaning of 11 U.S.C. §101(14).

8.    I was engaged by the Debtors to advise regarding chapter 11 relief and related matters, and to advise regarding matters related to the administration of the estate and the formulation of a plan of reorganization. The Debtors and I entered into an engagement letter, an authentic copy of which is attached as an exhibit to the application to employ, which is filed contemporaneously with this declaration. I have received initial retainers in the amounts of $7500.00 for 25-10341-NMC and $2125.00 each for the six other cases (each a "Retainer"). The Retainer is not a fixed price for my services, and I reserve the right to seek additional compensation

beyond the amounts covered by the Retainer in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, UST Guidelines and Orders of this Court.

9.      It has been agreed that I and my Firm will charge for my professional services at the normal hourly rates for my and any associated attorneys or staff, and that I will be paid for costs incurred in representing the Debtors. More specifically, the terms upon which I have agreed to represent the Debtors are as follows:

(a)      My services are necessary to enable the Debtors to faithfully execute its duties as Debtors in Possession. Without being exhaustive, I propose to render the following types of legal services to the Debtors:

(1) Advising and representing the Debtors concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to the secured, priority and general claims of creditors; (2) Advising and representing the Debtors in connection with financial and business matters, including the sale of any assets; (3) Advising and representing the Debtors in connection with the investigation of potential causes of action against persons or entities, including, but not limited to, avoidance actions, and the litigation thereof if warranted; (4) Representing the Debtors in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected; (5) Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of reports, accounts, applications and orders; (6) Advising and representing the Debtors in the negotiation, formulation, and drafting of any plan of reorganization and disclosure statement; (7) Advising and representing the Debtors in the performance of its duties and exercise of its powers under the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Region 17 United States Trustee Guidelines; and (8) Providing to the Debtors such other necessary advice and services as the Debtors may require in connection with these Chapter 11 Cases.

(b)      My Law Firm will charge its regular hourly rates for services rendered:  $500 per hour for my legal services and $100 per hour for paralegals or law clerks. All of the Firm's rates are adjusted annually but the annual adjustment will not apply to this engagement.

(c)    My firm will also be reimbursed for all costs incurred with respect to the representation.

10.    I have not provided, and will not provide, professional services to any of the creditors, other parties-in-interest, or their attorneys with regard to any matter related to this Chapter 11 case.

11.    I will not represent anyone except affiliated NuMale entities with respect to these proceedings or any further prospective proceedings for affiliated NuMale entities.

12.    I will periodically review our files during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, I will use reasonable efforts to identify any such further developments and will promptly file a supplemental declaration pursuant to Rule 2014(a) of the Bankruptcy Rules.

I verify and declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.


DATED June 5, 2025.

_/s/ David A. Riggi_
David A. Riggi, Esq.