Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: *Alyssa.Rogan@usdoj.gov*

Attorneys for United States Trustee
for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Case No. 25-10341-NMC |
| | Chapter 11 |
| NUMALE CORPORATION, | |
| | *Jointly administered with*: |
|    AFFECTS THIS DEBTOR, ☐ | |
| |   Feliciano NuMale Nevada PLLC, |
|    AFFECTS FELICIANO ☐ |   Case No. 25-10342-NMC, |
|    NUMALE NEVADA PLLC, | |
| |   NuMedical SC, |
|    NUMEDICAL SC, ☐ |   Case No. 25-10343-NMC, |
|    NUMALE COLORADO SC, ☐ |   NuMale Colorado SC, |
| |   Case No. 25-10344-NMC, |
|    NUMALE FLORIDA TB PLLC, ☐ | |
| |   NuMale Florida TB PLLC, |
|    NUMALE NEBRASKA LLC, ☐ |   Case No. 25-10345-NMC, |
|    NUMALE NEW MEXICO SC, ☐ |   NuMale Nebraska LLC, |
| |   Case No. 25-10346-NMC, |
|    AFFECTS ALL DEBTORS, ☒ | |
| |   NuMale New Mexico SC, |
|         Debtors. |   Case No. 25-10347-NMC. |
| | |
| | Hearing Date: July 15, 2025 |
| | Hearing Time: 9:30 a.m. |
| | Tel. Conf. Line: (833) 435-1820 |

1

Meeting ID: 161 166 2815
Passcode: 115788#

### THE U.S. TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO APPLICATION TO EMPLOY LAW FIRM AS ATTORNEY FOR DEBTORS IN POSSESSION

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

The United States Trustee for Region 17[1] (the "U.S. Trustee"), by and through the undersigned counsel, hereby files this objection and reservation of rights (the "Objection") to the above-named jointly administered debtors' ("Debtors") amended *Application to Employ Law Firm as Attorney for Debtors in Possession* ("Amended Application"). [ECF No. 365]. The Amended Application is supported by the engagement letters (the "Engagement Letters") and a declaration of David A. Riggi ("Riggi Declaration").[2]  [*Id.* Exhibits A and B]. The Objection is supported by the following memorandum of points and authorities and any oral argument the Court may permit at the hearing.

//

//

---

[1]  Assistant United States Trustee Terri H. Didion is delegated the authority to perform the duties of the United States Trustee for Region 17.

[2]  Unless otherwise noted: "Section" refers to a section of Title 11 of the U.S. Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "ECF No." refers to the lead bankruptcy docket in the above-named jointly administered cases; and "L.R." refers to the local rules for the United States Bankruptcy Court District of Nevada.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to FRBP 9017 and FRE 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtors, any of its current or former affiliates, agents, attorneys, professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

## INTRODUCTION

The Court should deny the retention of David A. Riggi of the Riggi Law Firm ("Former Proposed Counsel") because the Amended Application fails to establish the reasonableness of the terms and conditions for retention and compensation under 11 U.S.C. § 328 and fails to comply with L.R. 9004(e).

The U.S. Trustee reserves the rights to take any action and object to any amendments made or any other additional relief requested in any subsequently filed papers.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.     Background Facts and Procedural Posture**

1.     On January 22, 2025, the Debtors each filed voluntary chapter 11 petitions, which their President, Brad Palubicki ("Debtors' Representative"), signed, and the cases are being jointly administered.[3]  [ECF Nos. 1 at 4; 209].

2.     From the petition date until the appointment of Michael W. Carmel ("Trustee") as trustee on April 7, 2025, the Debtors were represented by Former Proposed Counsel.  [*See generally* ECF docket; *see also* ECF Nos. 155, 156, 157].  Since the Trustee's appointment, the Debtors are now debtors-out-of-possession.

3.     On March 19, 2025, the Debtors filed their initial applications seeking an order authorizing the employment of Former Proposed Counsel under 11 U.S.C. §§ 327 and 329, Federal Rules of Bankruptcy Procedure 2014 and 2016, and the *Guidelines of the U.S. Department of Justice, Office of the United States Trustee – Region 17* ("Initial Applications") and the U.S. Trustee filed an objection.[4]  [*See* ECF Nos. 81 at 1; 253, 254].

---

[3]  The remaining six Debtors' cases are included in the above-referenced caption.

[4]  Former Proposed Counsel filed separate initial applications in each of the above-named cases. [*See, e.g.*, Case No. 25-10342-nmc at ECF No. 66; Case No. 25-10343-nmc at ECF No. 65; Case No. 25-10344-nmc at ECF No. 71; Case No. 25-10345-nmc at ECF No. 68; Case No. 25-10346-

1    4.    Former Proposed Counsel and the OUST have attempted to resolve the U.S.

2 Trustee's concerns, have requested continuances, which the Court has approved, resulting in

3 Former Proposed Counsel filing the Amended Application.  [ECF No. 365].

### OBJECTION

**A. The Proponent Fails to Carry the Burden of Establishing the Reasonableness of the Terms and Conditions for Retention and Compensation Included in the Amended Application and Riggi Declaration.**

5.    While Section 327 addresses employment of professionals, 11 U.S.C. §§ 328 and 330 address compensation of those professionals after they have been employed under Section 327.  Section 330 authorizes the bankruptcy court to award the retained professional reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'"  *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (*quoting* Section 330(a)).

6.    Section 328 operates differently and "permits a professional to have the terms and conditions of its employment pre-approved by the bankruptcy court, such that the bankruptcy court may alter the agreed-upon compensation only 'if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.'"  *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002) (*quoting* Section 328(a)); *In re Smart World Technologies, LLC*, 552 F.3d at 232 (noting that "section 328(a) permits a bankruptcy court to forgo a full post-hoc reasonableness inquiry if it pre-approves the "employment of a professional person under section 327 ... on any reasonable terms and conditions of employment" (*quoting* Section 328(a)).  Thus, pre-approval of

----

nmc at ECF No. 68; and Case No. 25-10346-nmc at ECF No. 69].  Proposed Counsel filed the Amended Application in the lead case, and it applies to all the Debtors' cases.  [*See* ECF No. 365 at 1 (caption indicates it is applicable to all the above-named cases)].

compensation pursuant to Section 328 is not lightly permitted. *Owens v. United States Trustee (In re Owens),* No. CC-13-1252-TaDKi, 2014 Bankr. LEXIS 3346 at *7 (B.A.P. 9th Cir. August 6, 2014); *see also Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ("There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under [ ] § 328.").

7.      The burden of proof to establish the terms and conditions of employment— including the imposition of Section 328(a)—is on the applicant. *Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 921 (6th Cir. 2004) (*quoting Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 262 (3d Cir. 1995)). To meet its burden, the firm must provide specific evidence to establish that "the terms and conditions are in the best interest of the estate." *In re Gillett Holdings, Inc.*, 137 B.R. 452, 455 (Bankr. D. Colo. 1991); *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002); *In re Potter*, 377 B.R. 305, 307-08 (Bankr. D. N.M. 2007) ("The trustee seeking to employ a professional under 11 U.S.C. § 328 bears the burden of showing that the provisions of the proposed employment are reasonable.").

8.      Here, Former Proposed Counsel seeks Court approval to be employed according to the terms and conditions outlined in the Engagement Letters under 11 U.S.C. § 328. [ECF No. 365 at 3]. Specifically, the Amended Application indicates,

> Terms and Conditions of Employment Agreement. 11 U.S.C. Section 328(a)
> authorizes Applicant, with Court approval, to employ said professional persons
> "on any reasonable terms and conditions of employment, including on a retainer,
> on an hourly basis, or on a contingent fee basis." Applicants wish to retain said
> professional persons according to the terms and conditions of letter agreements, of
> which true and correct copies are attached hereto as Exhibit "A." 11 U.S.C.
> Section 328(a), Bankr. R. 2014(a).

[*Id.* (emphasis in original)].

9.      The Amended Application and Riggi Declaration fail to establish the reasonableness of the terms of the Engagement Letters given the specific facts of these cases, except that Former Proposed Counsel wishes to be employed under such provision.  [*Id.*].

10.      There is no analysis about why or how the terms, conditions, and structure of Former Proposed Counsel's retention and compensation are reasonable.  The Amended Application also fails to include any explanation about why the Court should approve such terms and conditions at the outset of its employment instead of being subject to review at the end of the cases once the Court and interested parties can better assess Former Proposed Counsel's performance.  Although the Amended Application and Engagement Letters provide for Former Proposed Counsel's standard billing rates, the Court should not allow Former Proposed Counsel to bypass a full post-hoc reasonableness inquiry under 11 U.S.C. § 330.  [*See* ECF No. 365 at 3-5, 7].

11.      Accordingly, the Debtors have not met their burden of showing that Section 328 relief is warranted and in the best interests of the estate given the specific facts of these cases.

12.      The U.S. Trustee asserts that Former Proposed Counsel's employment should not be approved unless the order indicates that Former Proposed Counsel may be employed under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014; may seek compensation for fees and expenses incurred on behalf of the Debtor and the estate in accordance with 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada, and the Guidelines for Professional Compensation established by the Office of the U.S. Trustee; and, Former Proposed Counsel may seek costs, fees and expenses incurred prior to the entry of a Court order; but will not seek relief pursuant to 11 U.S.C. § 328 or *Nunc Pro Tunc* relief.

13.     The U.S. Trustee, by and through the undersigned counsel, requests to review and sign the order granting the Amended Application if it is approved by the Court.

**B.  The Amended Application Fails to Comply with Local Rules 9004.**

14.     L.R. 9004(e)(1) provides that movants must file exhibits using numbers whereas respondents use letters.

15.     Here, the Former Proposed Counsel incorrectly used exhibit letters, not numbers. [ECF No. 365 at 6, 42].

## RESERVATION OF RIGHTS

16.     The U.S. Trustee reserves all rights with respect to the Amended Application, including, but not limited to the right to take any appropriate action under Chapter 11 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada should the Amended Application and related pleadings be amended or supplemented.[5]

## CONCLUSION

**WHEREFORE**, the U.S. Trustee requests the Court sustain her Objection and deny the Amended Application; and, grant such other relief as is just under the circumstances.

Dated: June 26, 2025                          Respectfully submitted,

                                              TERRI H. DIDION
                                              ASSISTANT UNITED STATES TRUSTEE

                                              By: */s/ Alyssa A. Rogan*
                                                   Alyssa A. Rogan, Esq.
                                                   Trial Attorney for the United States Trustee

---

[5]  The OUST has been discussing potential resolutions with Former Proposed Counsel regarding the U.S. Trustee's concerns in advance of the hearing on July 15, 2025, which include, but are not limited to: (1) the total amount of fees received in all of the cases; and (2) when those fees were received and if they are held in trust.