1  GARMAN TURNER GORDON LLP
   GREGORY GARMAN, ESQ.
2  Nevada Bar No. 6654
   Email: ggarman@gtg.legal
3  TALITHA GRAY KOZLOWSKI, ESQ.
   Nevada Bar No. 9040
4  Email: tgray@gtg.legal
   MARY LANGSNER, Ph.D.
5  Nevada Bar No. 13707
   mlangsner@gtg.legal
6  7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
7  Tel: 725.777.3000
   *Attorneys for Michael Carmel,*
8  *Chapter 11 Trustee*

9              **UNITED STATES BANKRUPTCY COURT**
                     **DISTRICT OF NEVADA**
10

11  In re:                                   Lead Case No.: 25-10341-nmc
                                             Chapter 11
12  NUMALE CORPORATION,
                                             *Jointly administered with:*
13     AFFECTS THIS DEBTOR,         ☒
                                             Feliciano NuMale Nevada PLLC,
14     AFFECTS FELICIANO            ☐        Case No. 25-10342-nmc
       NUMALE NEVADA PLLC,
15                                           NuMedical SC
       NUMEDICAL SC,               ☐        Case No. 25-10343-nmc
16
       NUMALE COLORADO SC,         ☐        NuMale Colorado SC,
17                                           Case No. 25-10344-nmc
       NUMALE FLORIDA TB PLLC,     ☐
18                                           NuMale Florida TB PLLC,
       NUMALE NEBRASKA LLC,        ☐        Case No. 25-10345-nmc
19
       NUMALE NEW MEXICO SC,       ☐        NuMale Nebraska LLC
20                                           Case No. 25-10346-nmc
       NUMALE ALL DEBTORS,         ☐        NuMale New Mexico SC
21                                           Case No. 25-10347-nmc
           Debtors.
22                                           Hearing Date:  September 2, 2025
                                             Hearing Time: 9:30 a.m.

23  **APPLICATION TO EMPLOY BURR & FORMAN AS SPECIAL COUNSEL TO THE**
                          **CHAPTER 11 ESTATE**
24

25        Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of

26  NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC,

27  NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively,

28

the "Debtors"), hereby applies to this Court for entry of an order approving of the employment of the law firm Burr & Forman LLP ("Burr & Forman") as special counsel to the estate.

This Application (the "Application") is made and based upon the points and authorities provided herein; the declarations of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl."), Ms. Emily Taube, Esq. of Burr & Forman ("Taube Decl."), and Mary Langsner, Ph.D. ("Langsner Decl."), all filed contemporaneously herewith pursuant to Local Rule[1] 9014(c); the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument of counsel or evidence considered by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327, 330, 331, and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and Burr & Forman consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

. . .

. . .

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Civil Rule" shall refer to the Federal Rules of Civil Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## RELIEF REQUESTED

By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014, the retention and employment of Burr & Forman as special counsel on the terms and conditions set forth in the Engagement Agreement attached as **Exhibit "1"** to the Taube Decl. ("Engagement Agreement"), to provide advice and representation to the estate of NuMale Corporation in connection with NuMale Corporation's participation in the U.S. District Court for the Eastern District of North Carolina Case No. 7:24-cv-00927-D-RN, *The N2 Company v. NuMale Medical Center, LLC and NuMale Corporation* ("EDNC Litigation").

## III.
## PERTINENT FACTS

1.      On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2.      On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3.      On April 2, 2025, this Court entered its Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5.      On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6.      On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

7.      Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates.  *See* ECF No. 157.

8.      On April 28, 2025, the Court entered its Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b).  *See, e.g.*, ECF No. 209.

9.      In the course of his investigations, the Trustee became aware of the EDNC Litigation, in which Debtor NuMale Corporation is a named defendant and a counterclaimant. The Trustee's investigation also revealed that NuMale Corporation was previously represented in the EDNC Litigation through counsel John T. Kivus and Kenzie M. Rakes of law firm the Morningstar Law Group ("Prior Counsel") and that Prior Counsel was never retained by the NuMale Corporation bankruptcy estate.  The order granting Prior Counsel's withdrawal in the EDNC Litigation was entered by the North Carolina Court on May 8, 2025 ("Withdrawal Order").[2]  *See* Carmel Decl. ¶ 4.

10.     Prior to the Trustee's appointment, the U.S. District Court for the Eastern District of North Carolina had issued an *Order* acknowledging that the automatic stay applies to NuMale Corporation's involvement in the EDNC Litigation.[3]  *See* Carmel Decl. ¶ 5.

11.     In dialogue with the Trustee's counsel, Plaintiff's counsel has acknowledged the automatic stay is in place and that the EDNC Litigation is "inactive" as to NuMale Corporation. *See* Langsner Decl. ¶ 7.

12.     However when the North Carolina Court granted Prior Counsel's withdrawal, the Withdrawal Order also stated:

> For entity parties: Within 21 days of the filing date of this order, **Client must cause new counsel to file a notice of appearance**. Pursuant to Local Civil Rule 5.2(b)(2), no corporation, limited liability company, partnership, trust, or association may appear pro se, but must be represented by an attorney who is admitted to practice in this court.

---

[2] A copy of the Withdrawal Order is attached as **Exhibit "1"** to the Langsner Decl.

[3] *See* EDNC Litigation Dkt. No. 23 (the "Order") (attached as **Exhibit "2"** to the Langsner Decl.).

1    *See* Withdrawal Order at p. 1 of 1 (emphasis added).

2        13.    As such, the plain language of the Withdrawal Order requires an appearance in

3    the EDNC Litigation.  *See, e.g.*, **Exs. 1 & 2** to Langsner Decl.

4        14.    Mindful of the North Carolina Court's directive and pending deadline, the Trustee

5    (through counsel) reached out to counsel for the EDNC Litigation plaintiff The N2 Company, the

6    law firm Ward and Smith P.A., seeking, *inter alia*, a stipulated extension of the deadline

7    seemingly established by the Withdrawal Order.  However, no stipulation could be reached.  *See*

8    Langsner Decl. ¶ 8.

9        15.    Thereafter, Trustee's general counsel obtained a limited extension through Friday

10   June 6, 2025, for NuMale Corporation, by and through its Chapter 11 Trustee Michael W.

11   Carmel, to appear in the EDNC Litigation through counsel licensed to practice before that Court.

12   *See* Langsner Decl. ¶ 9.

13       16.    Because the EDNC Litigation is presently "inactive" as to NuMale Corporation,

14   the Trustee does not anticipate significant litigation activity involving the estate at this time.

15   However, as the EDNC Litigation is pending, the estate is a party to that case, the plaintiff would

16   not enter into a stipulation with the Trustee regarding the estate's response deadline to the

17   Withdrawal Order, and the Trustee's general counsel the law firm Garman Turner Gordon LLP

18   ("GTG") does not routinely practice in the Eastern District of North Carolina, the Trustee has

19   determined, in his business judgment, that retention of Burr & Forman to serve as special

20   counsel to NuMale Corporation in the EDNC Litigation is in the best interests of the estate.

21   Furthermore, on Friday June 20, 2025, the North Carolina Court issued an order dismissing

22   NuMale Corporation's counterclaim and a separate scheduling order.  *See* Carmel Decl. ¶ 6.  *See*

23   *also* **Exhibits "3" and "4"** to Langsner Decl.

24       17.    The Trustee, through this Application, therefore seeks authorization and approval

25   to employ Burr & Forman as the estate's special litigation counsel in connection with the EDNC

26   Litigation.

27       18.    A copy of the engagement agreement with Burr & Forman is attached as **Exhibit**

28   **"1"** to the Taube Decl.

## IV.
## RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of Burr & Forman under the Engagement Agreement are appropriate and necessary to enable the Trustee to execute his duties faithfully as the administrator of the estates. The Trustee's investigations are ongoing but indicate that the plaintiff in the EDNC Litigation, The N2 Company ("N2"), has asserted a sizeable claim against the estate.[4]   And, NuMale Corporation has asserted a counterclaim against N2, which was recently the subject of an order issued by the North Carolina Court.  *See* Carmel Decl. ¶ 7.  Thus, the Trustee must ensure the estate has representation in the EDNC Litigation, not only to comply with the North Carolina Court's order but also to preserve the estate's counterclaim to the extent action must be taken in the EDNC Litigation to do so.  Further, in the event N2 were to take action in the EDNC Litigation against Debtor NuMale Corporation, the estate needs counsel in place to ensure NuMale Corporation's interests are protected.  Because the Withdrawal Order required NuMale Corporation to appear through counsel relatively quickly, the estate needed to act quickly in order to preserve its rights and be adequately represented in connection with any and all ongoing matters in the EDNC Litigation.  *See* Carmel Decl. ¶ 8.  Employing Burr & Forman will ensure the estate of NuMale Corporation is adequately represented in the EDNC Litigation.

The Application therefore seeks approval and authorization of the estate of NuMale Corporation to employ Burr & Forman to represent NuMale Corporation in the EDNC Litigation, to ensure the estate and its rights, remedies, defenses, and, as necessary, its counterclaim are adequately represented in connection with this ongoing litigation which involves a significant asserted creditor of this estate and what is ultimately likely to be a valuable estate asset.  This requires the employment of counsel who regularly and routinely practice before the North Carolina Court and are able to adeptly navigate any and all issues, duties, and requirements for the estate in connection therewith.  Burr & Forman is a large law firm with

---

[4] On May 22, 2025, N2 filed Claim No. 15 against NuMale Corporation in the amount of $920,617.94 for "money owed", referencing the EDNC Litigation.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

specialized expertise in representing parties in commercial litigation and is, accordingly, well capable of representing the estate in connection with the EDNC Litigation.

Burr & Forman is a full-service law firm with a prominent Southeast regional presence, with three hundred fifty attorneys in eight states. Burr & Forman has experience and expertise in every major substantive area of legal practice, including commercial litigation. Ms. Emily C. Taube, Esq. of Burr & Forman is the lead Burr & Forman attorney working on this matter along with Ms. Kristen Watson, Esq. Ms. Taube is a partner in the firm's Creditors' Rights and Bankruptcy, as well as its Commercial Litigation, practice groups. She regularly handles complex litigation matters and has extensive experience in insolvency-related matters. *See* Taube Decl. ¶ 5. Based on Burr & Forman's expertise and experience, the Trustee seeks Court authority to employ Burr & Forman as the estates' special litigation counsel for the EDNC Litigation. *See* Carmel Decl. ¶ 9. Burr & Forman's services are limited to the EDNC Litigation. For the avoidance of doubt, GTG will serve as the Trustee's general bankruptcy counsel, and Burr & Forman will serve solely as special litigation counsel in the EDNC Litigation. *See* Taube Decl. ¶ 6.

## V.
## NO ADVERSE INTEREST

Section 327(e) of the Bankruptcy Code, applicable to a trustee's employment of special counsel, provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*See* 11 U.S.C. § 327(e).

Except as set forth in the Taube Decl., to the best of its knowledge, information, and belief, Burr & Forman does not hold or represent an interest adverse to the Debtors or the estates with respect to the matter on which Burr & Forman is to be employed.

As more fully set forth in the Taube Decl., due to Burr & Forman's extensive practice representing creditors and debtors in insolvency-related matters, as well as the transactional nature of its practice, Burr & Forman has in the past provided, is currently providing, and in the future will likely provide legal services to certain of the Debtors' creditors, equity security holders, or other parties-in-interest in matters unrelated to these Chapter 11 Cases and the EDNC Litigation. Burr & Forman will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Burr & Forman will use reasonable efforts to identify and disclose such further developments by promptly filing a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## VI.
## COMPENSATION

The current standard hourly rates for Burr & Forman's attorneys are $675 for Ms. Taube, $540 for Ms. Watson, $525 to 950 for partners, up to $625 for counsel, $375 to $500 for associates, and $290 to $450 for paraprofessionals. *See* Taube Decl. ¶ 7. These hourly rates are Burr & Forman's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate Burr & Forman for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis, typically on or about January 1st. These rates are subject to periodic adjustment to reflect economic and other conditions. Additionally, all fees and expenses incurred by Burr & Forman are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, Burr & Forman expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval. *See* Taube Decl. ¶ 8. The Trustee respectfully submits that such rates are reasonable in light of the high quality of the services being provided, Burr & Forman's depth and breadth of expertise, including in commercial litigation, and the ability of the firm to represent the NuMale Corporation estate in the North Carolina Court.

Burr & Forman customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. *See* Taube Decl. ¶ 9.

No payments have been made or promised to Burr & Forman by the Trustee for services rendered in connection with these Chapter 11 Cases. *See* Taube Decl. ¶ 10.

Burr & Forman has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with Burr & Forman or (b) any compensation another person or party has received. *See* Taube Decl. ¶ 11.

Furthermore, Burr & Forman hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred in connection with its retention.  It is further contemplated that Burr & Forman may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

In sum, as the terms of the Engagement Agreement are subject to application and approval by this Court, and, furthermore, Burr & Forman understands that not only retention but also any compensation and expense reimbursement is subject to Bankruptcy Court approval. The Trustee respectfully submits that such retention terms are reasonable in light of Burr & Forman's experience and the nature of the services to be provided.  Last, Burr & Forman hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

1  and the Guidelines for Professional Compensation established by the Office of the United States

2  Trustee, and further orders of this Court, for all services performed and expenses incurred in

3  connection with its retention by the NuMale Corporation estate.

### VII.
### CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the employment of Burr & Forman as special counsel for the estate to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 of the Bankruptcy Code.

Dated this 30th day of July 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Attorneys for Michael Carmel, Chapter 11 Trustee*