GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: September 2, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF EMILY C. TAUBE, ESQ. IN SUPPORT OF APPLICATION TO EMPLOY BURR & FORMAN AS SPECIAL COUNSEL TO THE CHAPTER 11 ESTATE**

I, Emily C. Taube, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* (the "Application").[1]

3. I am a partner with Burr & Forman LLP. Burr & Forman maintains offices in eight states, including North Carolina. My partner, Kristen Peters Watson, Esq. is licensed to practice in North Carolina.

4. Attached hereto as **Exhibit "1"** is a true and correct copy of Burr Forman's engagement agreement with NuMale Corporation, acting by and through its Chapter 11 Trustee Michael Carmel.

5. Burr & Forman is a full-service law firm with a prominent Southeast regional presence, with three hundred fifty attorneys in eight states. Burr & Forman has experience and expertise in every major substantive area of legal practice, including commercial litigation. I am the lead Burr & Forman attorney working on this matter along with Kristen Watson. I am a partner in the firm's Creditors' Rights and Bankruptcy, as well as its Commercial Litigation, practice groups. I regularly handle complex litigation matters and have extensive experience in insolvency-related matters.

6. Burr & Forman's services are limited to the EDNC Litigation. For the avoidance of doubt, GTG will serve as the Trustee's general bankruptcy counsel, and Burr & Forman will serve solely as special litigation counsel in the EDNC Litigation.

7. The current standard hourly rates for Burr & Forman's attorneys are $675 for Ms. Taube, $540 for Ms. Watson, $525 to $950 for partners, up to $625 for counsel, $375 to $500 for associates, and $290 to $450 for paraprofessionals.

8. These hourly rates are Burr & Forman's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate Burr & Forman for the work

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis, typically on or about January 1st. These rates are subject to periodic adjustment to reflect economic and other conditions. Additionally, all fees and expenses incurred by Burr & Forman are subject to application and approval by this Court pursuant to Sections 330 and 331 of the Bankruptcy Code. Further, Burr & Forman expressly agrees and understands that all fees and costs are subject to Bankruptcy Court approval.

9. Burr & Forman customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.

10. No payments have been made or promised to Burr & Forman by the Trustee for services rendered in connection with these Chapter 11 Cases.

11. Burr & Forman has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and staff attorneys, and other personnel associated with Burr & Forman or (b) any compensation another person or party has received.

12. To the best of my knowledge, I and Burr & Forman, and Burr & Forman's partners and associates, do not hold or represent any interest adverse to any of the Debtors' estates, and Burr & Forman and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b).

13. Additionally, Burr & Forman does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee.

14. Burr & Forman's representation of the estate of NuMale Corporation will not be adverse to the Debtors' estates.

15. Burr & Forman has reviewed a copy of the creditor matrix in the Chapter 11 Cases.

16. Pursuant to Bankruptcy Rule 2014, Burr & Forman makes the following disclosures, none of which render Burr & Forman not disinterested or adverse to Debtors' estates, as Burr & Forman represents the following entities in matters unrelated to the Chapter 11 Cases:

      a. Brookfield Properties

      b. Ford Motor

      c. U.S. Bank, N.A.

      d. U.S. Bank Trust, N.A.

17. From such initial review, up to and including the preparation of this Application, Burr & Forman has continued to review the information provided by Trustee to determine any previous or present representations of creditors or parties-in-interest.

18. Burr & Forman will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and, if any new relevant facts or relationships are discovered, Burr & Forman will supplement its disclosure to the Court.

19. Burr & Forman will also seek reimbursement of its expenses pursuant to its policies and as set forth in the Engagement Agreement, which generally involve passing through all properly reimbursable expenses to the client.

20. There is no agreement between Burr & Forman and any other entity for the sharing of compensation to be received for services in connection with these Chapter 11 Cases.

21. Furthermore, Burr & Forman hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred.

22. Burr & Forman may seek interim compensation during this case as permitted by Section 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

23. Burr & Forman understands that its compensation is subject to prior Court approval.

24. Burr & Forman understands that the firm's employment and compensation are subject to application and approval by the Bankruptcy Court.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 30th day of July, 2025.

                                                       */s/ Emily C. Taube*
                                                       EMILY C. TAUBE, ESQ.