GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
|     AFFECTS THIS DEBTOR,   ☒ | *Jointly administered with:* |
|     AFFECTS FELICIANO NUMALE NEVADA PLLC,   ☐ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
|     NUMEDICAL SC,   ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
|     NUMALE COLORADO SC,   ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
|     NUMALE FLORIDA TB PLLC,   ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
|     NUMALE NEBRASKA LLC,   ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
|     NUMALE NEW MEXICO SC,   ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
|     NUMALE ALL DEBTORS,   ☐ | |
|             Debtors. | Hearing Date: September 2, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF APPLICATION TO EMPLOY BURR & FORMAN AS SPECIAL COUNSEL TO THE CHAPTER 11 <u>ESTATE</u>**

    I, Michael Carmel, Esq., hereby declare as follows:

    1.    I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* (the "Application").[1]

3. I am the duly appointed Chapter 11 trustee ("Trustee") over the bankruptcy estates of debtors NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

4. In the course of my investigation, I became aware of the EDNC Litigation, in which Debtor NuMale Corporation is a named defendant and a counterclaimant. My investigation also revealed that NuMale Corporation was previously represented in the EDNC Litigation through counsel John T. Kivus and Kenzie M. Rakes of law firm the Morningstar Law Group ("Prior Counsel") and that Prior Counsel was never retained by the NuMale Corporation bankruptcy estate. The order granting Prior Counsel's withdrawal in the EDNC Litigation was entered by the North Carolina Court on or about May 8, 2025.

5. Prior to my appointment, the U.S. District Court for the Eastern District of North Carolina had issued an *Order* acknowledging that the automatic stay applies to NuMale Corporation's involvement in the EDNC Litigation.

6. I do not anticipate significant litigation activity involving the estate at this time. However, as the EDNC Litigation is pending, the estate is a party to that case, the plaintiff would not enter into a stipulation regarding the estate's response deadline to the Withdrawal Order, and my general counsel the law firm Garman Turner Gordon LLP ("GTG") does not routinely practice in the Eastern District of North Carolina, I have determined, in my business judgment, that retention of Burr & Forman to serve as special counsel to NuMale Corporation in the EDNC Litigation is in the best interests of the estate. Furthermore, on or about Friday June 20, 2025, the

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

North Carolina Court issued an order dismissing NuMale Corporation's counterclaim, and a separate scheduling order.

7. The services of Burr & Forman under the Engagement Agreement are appropriate and necessary to enable me to execute my duties faithfully as the administrator of the estates. My investigations are ongoing but indicate that the plaintiff in the EDNC Litigation, The N2 Company ("N2"), has asserted a sizeable claim against the estate. And, NuMale Corporation has asserted a counterclaim against N2, which was recently the subject of an order issued by the North Carolina Court.

8. I must ensure the estate has representation in the EDNC Litigation, not only to comply with the North Carolina Court's order but also to preserve the estate's counterclaim to the extent action must be taken in the EDNC Litigation to do so. Further, in the event N2 were to take action in the EDNC Litigation against Debtor NuMale Corporation, the estate needs counsel in place to ensure NuMale Corporation's interests are protected. And, because the Withdrawal Order required NuMale Corporation to appear through counsel relatively quickly, the estate needed to act quickly in order to preserve its rights and be adequately represented in connection with any and all ongoing matters in the EDNC Litigation.

9. Based on Burr & Forman's expertise and experience, I seek Court authority to employ Burr & Forman as the estates' special litigation counsel for the EDNC Litigation.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 30th day of July 2025.

/s/ Michael Carmel
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*