# EXHIBIT 5

# EXHIBIT 5

# DECLARATIONS

# EXCESS INSURANCE POLICY

**SUBJECT TO THE PROVISIONS OF THE UNDERLYING INSURANCE, THIS POLICY MAY ONLY APPLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS OR LOSS DISCOVERED DURING THE POLICY PERIOD PROVIDED THAT SUCH CLAIM OR LOSS IS REPORTED IN WRITING TO THE UNDERWRITERS PURSUANT TO THE POLICY PROVISIONS. AMOUNTS INCURRED AS DEFENSE COSTS SHALL REDUCE AND MAY EXHAUST THE APPLICABLE LIMITS OF LIABILITY AND ARE SUBJECT TO THE RETENTIONS. THE UNDERWRITERS SHALL NOT BE LIABLE FOR ANY DEFENSE COSTS OR FOR ANY JUDGMENT OR SETTLEMENT AFTER THE LIMIT OF LIABILITY HAS BEEN EXHAUSTED. PLEASE READ THIS POLICY CAREFULLY.**

These Declarations along with the completed and signed **Application** and the Policy with endorsements shall constitute the contract between the **Insureds** and the Underwriters.

| | |
|---|---|
| **Underwriters:** | Syndicates 2623/623 at Lloyd's |
| **Policy Number:** | W1561E190601 |
| **Authority Ref. Number:** | B6012BUSANMSL1901 |

Item 1. **Named Insured:**

NuMale Chicago, LLC

Principal Address:

4711 Golf Road, Suite 1050
Skokie, IL 60076

Item 2. **Policy Period:**

From:    23 January 2019
To:       23 January 2020

(Both dates at 12:01 a.m. Local Time at the Principal Address stated in Item 1.)

Item 3. **Limits of Liability:**

$5,000,000    Each Claim
$5,000,000    Aggregate for the **Policy Period**, including costs and expenses incurred in the defense or settlement of all claims.

Item 4. **Premium:**    **$** 62,000

CIVIL COMPLAINT FOR
DECLARATORY
JUDGMENT

EXHIBIT B

Item 5. **Notification under this Policy:**

a. Notification pursuant to Clause VI shall be given to:

Beazley USA Services, Inc.
30 Batterson Park Road
Farmington, CT 06032
Tel: (860) 677-3700
Fax: (860) 679-0247

b. All other notices under this Policy shall be given to:

Beazley USA Services, Inc.
30 Batterson Park Road
Farmington, CT 06032
Tel: (860) 677-3700
Fax: (860) 679-0247

Item 6: **Service of process in any suit shall be made upon:**

Mendes & Mount, LLP
750 7th Ave #24
New York, NY 10019

Item 7: **Choice of Law:**        Illinois

Item 8: **Endorsements Effective at Inception:**

1. BSLXS05040511 Retroactive Date Exclusion
2. E00527052008 Mailing Address Endorsement
3. E02505022011 Amend Notice of Claim
4. E03159092011 Single Limit of Liability Endorsement
5. E05487022014 Not Follow Form of Endorsement to Underlying Insurance
6. Schedule2019 Lloyd's Security Schedule 2019

Dated: 12 March 2019

At:      30 Batterson Park Road
Farmington, Connecticut 06032
(the office of the Correspondent)

By:_____
Beazley USA Services, Inc. (Correspondent)

## SCHEDULE OF UNDERLYING INSURANCE

## EXCESS INSURANCE POLICY

Type of Insurance: PL

Primary Policies:

Professional Liability

| Insurer: | Syndicates 2623/623 at Lloyd's |
|---|---|
| Policy No.: | W14CC4190601 |
| Limit of Liability: | $ 1,000,000/$3,000,000 |
| Deductible: | $ 10,000 |

**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the**
**"Underwriters"**

<u>**RETROACTIVE DATE EXCLUSION**</u>

This endorsement modifies insurance provided under the following:

**EXCESS INSURANCE POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that this policy shall not apply to loss or damages in connection with or resulting from any claim or circumstance that might lead to a claim arising out of any act, error or omission which took place, or is alleged to have taken place, prior to 28 April 2014.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the "Underwriters"**

### MAILING ADDRESS ENDORSEMENT

This endorsement modifies insurance provided under the following:

**EXCESS INSURANCE POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that Item 1. is amended to include the following mailing address of the entity in Item 1. of the Declarations:

2600 North Mayfair Road, Suite 505, Wauwatosa, WI 53226

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

E00527
052008 ed.

**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the "Underwriters"**

<u>**AMEND NOTICE OF CLAIM**</u>

This endorsement modifies insurance provided under the following:

**EXCESS INSURANCE POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that Clause **VI.   NOTICE OF CLAIM, OR CIRCUMSTANCE THAT MIGHT LEAD TO A CLAIM** is deleted in its entirety and replaced with the following:

> All claims first made during the **Policy Period** and circumstances that might lead to a claim reported under the **Primary Policy** must be reported to the Underwriters in writing via the entity named in Item 5. of the Declarations before the end of the **Policy Period** or any additional claims reporting period granted by the **Primary Policy** provided such additional claims reporting period is no greater than thirty (30) days.  However, the **Insured** must provide immediate written notice to the Underwriters via the entity named in Item 5 of the Declarations of any claim made against the **Insured** where the **Insured** or the **Insured's** defense counsel evaluates the potential liability of all claims plus costs and expenses incurred in the defense or settlement of such claims at an amount equal to or greater than fifty percent (50%) of the **Underlying Policy Limits**.  Notice to any underlying carrier is not notice to the Underwriters.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the**
**"Underwriters"**

<u>**SINGLE LIMIT OF LIABILITY ENDORSEMENT**</u>

This endorsement modifies insurance provided under the following:

**EXCESS INSURANCE POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that with respect to the Commercial Excess Liability Coverage, there will be one combined single limit of liability as set forth in Item 3. of the Declarations.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

E03159                                                                                                          Page 1 of 1
092011 ed.

**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the**
**"Underwriters"**
<u>**NOT FOLLOW FORM OF ENDORSEMENT TO UNDERLYING INSURANCE**</u>

This endorsement modifies insurance provided under the following:

**EXCESS INSURANCE POLICY**

In consideration of the premium charged for the Policy, it is hereby understood and agreed that this Policy
shall not:

1.          provide coverage pursuant to; or

2.          follow form of any **Underlying Insurance**,

to the extent such insurance provides coverage under the following endorsement(s) of the **Primary
Policy**:

<u>Endorsement(s)</u>:

E08403092017  AMEND ITEM 10. OF THE DECLARATIONS TO ADD SCHEDULED
INSUREDS/ PHYSICIANS AND RETROACTIVE AND TERMINATION DATES
But solely for ultrasound assisted liposuction for body contouring procedures.

All other terms and conditions of this Policy remain unchanged.

_____
Authorized Representative

E05487                                                                                  Page 1 of 1
022014 ed.



**Effective date of this Endorsement: 23-Jan-2019**
**This Endorsement is attached to and forms a part of Policy Number: W1561E190601**
**Syndicates 2623/623 at Lloyd's Referred to in this endorsement as either the "Insurer" or the "Underwriters"**

## LLOYD'S SECURITY SCHEDULE

Syndicate 2623     82%
Syndicate 623     18%

ALL OTHER TERMS, conditions and limitations of said Certificate shall remain unchanged.



# Lloyd's Certificate

**This Insurance** is effected with certain Underwriters at Lloyd's, London.

**This Insurance** is issued in accordance with the limited authorization granted to the Correspondent by certain Underwriters at Lloyd's, London whose syndicate numbers and the proportions underwritten by them can be ascertained from the office of the said Correspondent (such Underwriters being hereinafter called "Underwriters") and in consideration of the premium specified herein, Underwriters hereby bind themselves severally and not jointly, each for his own part and not one for another, their Executors and Administrators.

**The Insured** is requested to read their Policy, and if it is not correct, return it immediately to the Correspondent for appropriate alteration.

All inquiries regarding the Policy should be addressed to the following Correspondent:

Beazley USA

**SLC-3 (USA)** NMA2868 (24/08/2000) (amended)



One Lime Street London EC3M 7HA



**EXCESS INSURANCE POLICY**

In consideration of the payment of the premium, in reliance on all statements made in the application, and subject to all of the provisions of this Policy, the Underwriters and the **Named Insured**, on behalf of all **Insureds**, agree as follows:

**I.    INSURING CLAUSES**

To pay on behalf of the **Insured** excess of the **Underlying Policies** any claim or loss which triggers coverage under the **Underlying Policies**, and is not otherwise excluded by the terms, conditions or endorsements of this policy,  and which is reported to Underwriters in accordance with Clause VI. of this Policy.

**II.    DEFINITIONS**

The following terms whenever used in this Policy in boldface type shall have the meanings indicated.

A.    "**Insured**" shall mean all persons and entities insured under the **Primary Policy**.

B.    "**Named Insured**" shall mean the person or entity set forth in Item 1. of the Declarations.

C.    "**Policy Period**" shall mean the period set forth in Item 2. of the Declarations.

D.    "**Primary Policy**" shall mean each policy identified as such in the Schedule of Underlying Insurance.

E.    "**Sublimit**" means any **Underlying Limits** which:

1.    apply only to a particular grant of coverage under such **Underlying Policy**; and

2.    reduce and are part of the otherwise applicable limits of liability of such **Underlying Insurance** set forth in the Declarations.

F.    "**Underlying Policies**" shall mean all policies identified in the Schedule of Underlying Insurance.

G.    "**Underlying Limit**" means the limit of liability of an individual **Underlying Policy**.

H.    "**Underlying Policy Limits**" shall mean the combined limits of liability of the **Underlying Policies** for each type of insurance, including costs and expenses incurred in the defense or settlement of any claim.

## III.    LIMIT OF LIABILITY

A.    The amount shown in Item 3. of the Declarations shall be the maximum aggregate Limit of Liability of the Underwriters under this Policy.

B.    Payment by the Underwriters of any amount, including but not limited to defense costs, shall reduce the limits of liability available under this Policy.

## IV.    MAINTENANCE OF UNDERLYING POLICIES

It is a condition of this Policy that the **Underlying Policies** shall be maintained in full effect during the **Policy Period** except for any reduction of the **Underlying Policy Limits** solely by payment of any claims or losses or costs and expenses incurred in the defense or settlement of such claims. If this condition is breached then this Policy shall automatically and immediately terminate with effect from the date when the **Underlying Policies** cease to be maintained or are deemed to have ceased to be maintained.

In the event the insurer under one or more of the **Underlying Policies** fails to pay any claim or loss or costs and expenses incurred in the defense or settlement of such claim as a result of the insolvency, bankruptcy or liquidation of said insurer, then the **Insured** shall be deemed self-insured for the amount of the limit of liability of said insurer which is not paid as a result of such insolvency, bankruptcy or liquidation.

## V.    REDUCTION / EXHAUSTION OF THE UNDERLYING POLICIES

If by reason of the payment of any claims or losses or costs and expenses incurred in the defense or settlement of such claims or losses by the insurers of the **Underlying Policies**, the amounts of the **Underlying Policy Limits** are:

A.    Partially reduced, then this Policy shall continue to apply in excess of the reduced amounts of the **Underlying Policy Limits**; or

B.    Totally exhausted, then this Policy shall continue in force as primary insurance with respect to any subsequent claim; provided, however that this Policy shall only pay in excess of the retention or deductible applicable to the **Primary Policy** and in conformance with the terms, conditions and limitations of the **Primary Policy** except as stated herein, which shall be applied to any subsequent claim in the same manner as specified in the **Primary Policy**.

C.    If any **Underlying Limits** are subject to a **Sublimit** then coverage hereunder shall not apply to any claim which is subject to such **Sublimit**, provided however, that the **Underlying Limit** shall be recognized hereunder as depleted to the extent of any payment of such claim subject to such **Sublimit**.

## VI.    NOTICE OF CLAIM, OR CIRCUMSTANCE THAT MIGHT LEAD TO A CLAIM

For all claims and circumstances that might lead to a claim the **Insured** must provide written notice in the same manner as required by the **Primary Policy**, and must be reported to the Underwriters

in writing via the entity named in Item 5. of the Declarations.  Notice to any underlying carrier is not notice to the Underwriters.

**VII.   CONDITIONS**

A.    In the event of a claim or loss for which the Underwriters hereon may be liable to contribute, no costs or expenses shall be incurred on their behalf without their written consent being first obtained (such consent not to be unreasonably withheld).   No settlement of a claim or loss shall be effected by the **Insured** for such a sum as will involve this Policy without the written consent of the Underwriters hereon.

B.    All recoveries or payments recovered or received subsequent to a loss settlement under this Policy shall be applied first to subrogation expenses, second to claims or loss or costs and expenses incurred in the defense or settlement of such claims by the Underwriters hereon, third to claims or loss or costs and expenses incurred in the defense or settlement of such claims by the insurers of the **Underlying Policies**, and fourth to the applicable retention or deductible under the **Primary Policy**.  Provided always that nothing in this Policy shall be construed to mean that loss settlements under this Policy are not payable until the **Insured'**s ultimate net loss has been finally ascertained.

C.    If the **Insured** shall proffer any claim or loss knowing the same to be false or fraudulent, as regards amount or otherwise, this Policy shall become void and all claims hereunder shall be forfeited.

D.    By acceptance of this Policy, the **Insured** agrees the Underwriters may at their own discretion and expense retain counsel to associate in the defense or settlement of any claim and to cooperate with such counsel.

E.    If during the **Policy Period** the provisions of the **Primary Policy** are changed in any manner, as a condition precedent to coverage under this Policy, the **Insured** shall give written notice to the Underwriters of the full particulars of such change as soon as practicable but in no event later than thirty (30) days following the effective date of such change.  No amendment to any **Primary Policy** or **Underlying Policies** during the **Policy Period** shall be effective in broadening or extending the coverage afforded by this Policy or extending or increasing the limits of liability afforded by this Policy unless the Underwriters so agree in writing.  The Insurer may, in its sole discretion, condition its agreement to follow any changes to the **Primary Policy** or the **Underlying Policies** on the **Insured** paying any additional premium required by the Underwriters for such change.

As soon as practicable, but in no event later than thirty (30) days thereafter, the **Insured** must give the Underwriters written notice of any additional or return premiums charged or allowed in connection with any **Underlying Policies.**

**VIII.   SINGULAR FORM OF A WORD**

Whenever the singular form of a word is used herein, the same shall include the plural when required by context.

## IX.    TITLES OF PARAGRAPHS

The titles of paragraphs, sections, provisions or endorsements of or to this Policy are intended solely for convenience and reference.  Such titles are not deemed in any way to limit, expand or define the provisions to which they relate and are not part of this Policy.

## X.    SERVICE OF SUIT

It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due under this Insurance, the Underwriters hereon, at the request of the **Insured**, will submit to the jurisdiction of a Court of competent jurisdiction within the United States.  Nothing in this Clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.  It is further agreed that service of process in such suit may be made upon the persons named in Item 6. of the Declarations, and that in any suit instituted against any one of them upon this contract, the Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The persons named in Item 6. of the Declarations is authorized and directed to accept service of process on behalf of the Underwriters in any such suit and/or upon the request of the **Insured** to give a written undertaking to the **Insured** that they will enter a general appearance upon the Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, the Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the **Insured** or any beneficiary hereunder arising out of this Policy, and hereby designate the persons named in Item 6. of the Declarations, as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## XI.    CHOICE OF LAW

Any dispute concerning the interpretation of this Policy shall be governed by the laws of the state designated in Item 7. of the Declarations.