GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC Case No. 25-10347-nmc |
| Debtors. | |

**EX PARTE MOTION TO EXCEED PAGE LIMIT ON MOTION PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. §§ 363 AND 105 TO AUTHORIZE AND APPROVE GLOBAL SETTLEMENT AND ASSOCIATED RELEASES AND AUTHORIZE INSURANCE POLICIES BUYBACK**

Michael Carmel, the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits his *Ex Parte* Motion (the "Page Limit Motion") seeking an extension of the applicable page limit for the *Motion Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §§ 363 and 105 to Authorize and Approve Global Settlement and Associated Releases and Authorize Insurance Policies Buyback* (the "Motion").[1]

Good cause exists to extend the page limitation for the Motion because the Motion seeks approval of a Global Settlement Agreement that resolves a number of disputes in these Chapter 11 Cases and reflects the Trustee's consensual agreement with a number of key constituencies, among whom are: Michael E. Sanchez (the Sanchez Claim, the largest unsecured creditor), Newtek Bank, National Association (the Newtek Claim, the largest secured creditor), and Messrs. Pulliam and Asandra (the holders of priority, administrative, and/or general unsecured Claims.  Under the Global Settlement Agreement, (i) the Beazley payment to the Estates of the one-time lump sum Purchase and Settlement Amount of $108,500,000 is in connection with a buyback and termination of the NuMale-Beazley Policies; (ii) there are milestones and Plan support by the Parties to the Global Settlement Agreement, including voting in favor of the Plan; (iii) initially, there is a stay of the Sanchez Lawsuit and Coverage Lawsuit pending this Court's approval of the Global Settlement Agreement, and, ultimately, a dismissal with prejudice of both lawsuits as to all Parties to the Global Settlement Agreement (form dismissals are exhibits to the Global Settlement Agreement); (iv) there are mutual releases including for the Parties to the Global Settlement Agreement along with a prohibition on litigating any claims released under the Global Settlement Agreement; and (v) the Estates (a) retain all Chapter 5 claims except the Palubicki/Feliciano Claims, which are transferred and assigned to Beazley; (b) retain certain claims under the Debtors' D&O and E&O (non-Beazley) policies; (c) retain claims against a variety of additional parties such as the Howard and Howard Claim, the Hassoun Claim, the N2 Litigation Claim, and parties who violated the automatic stay; (d) transfer and assign to Beazley the claims asserted in the Palubicki Adversary and any adversary proceeding claims initiated

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

against Carlos Feliciano by the Trustee on behalf of the Estates (referred to as the Palubicki/Feliciano Claims, in the Global Settlement Agreement); (e) retain any other adversary proceedings the Trustee commences before Plan confirmation; and (f) retain the malpractice claims against the Quintairos Firm held by the Estates, all of which will be administered pursuant to the Plan.

The Motion describes the Global Settlement Motion in detail and walks through why approval of the Motion is necessary and warranted under FED. R. BANKR. PROC. 9019, 6004, and 6006, and 11 U.S.C. §§ 105 and 363. As such, the Motion is very detailed and thorough and includes not only a discussion of the contours of the Global Settlement Agreement but also includes pertinent excerpts of the Global Settlement Agreement itself and sets forth analyses regarding the applicable legal standards and why they are met. For these reasons, the Motion is approximately thirty-nine (39) pages in length. Therefore, through this Page Limit Motion the Trustee requests that the Court extend the permissible page limit up to and including thirty-nine (39) pages in length, exclusive of exhibits, cover sheets, and tables of contents and authorities.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the Trustee leave pursuant to LR 9014(e)(1) to file the Motion up to and including thirty-nine (39) pages in length, exclusive of exhibits, cover sheets, and tables of contents and authorities. The Trustee also requests other and further relief as is just and proper.

Dated this 1st day of August 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*