GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| AFFECTS THIS DEBTOR, ☐ | *Jointly administered with:* |
| AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐ | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| NUMEDICAL SC, ☐ | NuMedical SC Case No. 25-10343-nmc |
| NUMALE COLORADO SC, ☐ | NuMale Colorado SC Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, ☐ | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, ☐ | NuMale Nebraska LLC Case No. 25-10346-nmc |
| NUMALE NEW MEXICO SC, ☐ | NuMale New Mexico SC Case No. 25-10347-nmc |
| NUMALE ALL DEBTORS, ☒ | |
| Debtors. | |

**EX PARTE MOTION FOR ORDER (A) CONDITIONALLY APPROVING DISCLOSURE STATEMENT TO ACCOMPANY JOINT PLAN OF REORGANIZATION; AND (B)(I) SETTING DEADLINES FOR BALLOTING AND OPPOSING CONFIRMATION OF JOINT PLAN OF REORGANIZATION AND FINAL APPROVAL OF DISCLOSURE STATEMENT; (II) APPROVING FORM OF BALLOTS; (III) APPROVING SOLICITATION AND VOTING PROCEDURES; AND (IV) SETTING THE CONFIRMATION HEARING ON THE PLAN**

Michael W. Carmel, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel of record, hereby files his ex parte motion (the "Ex Parte Motion") requesting entry of an order (the "Disclosure Statement Order"), substantially in the form attached hereto as **Exhibit "1"**, conditionally approving the proposed *Disclosure Statement to Accompany Joint Plan of Reorganization* (the "Disclosure Statement") pursuant to Bankruptcy Rule[1] 3017.1 and Local Rule 3017; and (i) setting deadlines for balloting and opposing confirmation of the *Joint Plan of Reorganization* ("Plan") and final approval of the Disclosure Statement; (ii) approving form of ballots; (iii) approving solicitation and voting procedures; and (iv) setting the hearing on confirmation of the Plan and final approval of the Disclosure Statement.

The Ex Parte Motion is made and based upon the following Memorandum of Points and Authorities; the *Local Rule 3017 Certificate of Michael Carmel in Support of Ex Parte Motion for Order (A) Conditionally Approving Disclosure Statement to Accompany Joint Plan of Reorganization; and (B)(I) Settling Deadlines for Balloting and Opposing Confirmation of Joint Plan of Reorganization and Final Approval of Disclosure Statement; (II) Approving Form of Ballots; (III) Approving Solicitation and Voting Procedures; and (IV) Setting the Confirmation hearing on the Plan* (the "Carmel Certification"); and the pleadings, papers, and other records on file in these Chapter 11 Cases with the Clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L), and (O). The basis for the relief

---

[1] Unless otherwise stated, all "Chapter" and "Section" references are to Title 11 of the U.S. Code (the "Bankruptcy Code"), all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and all references to "LR" are to the Local Rules of Bankruptcy Practice for the Unites States Bankruptcy Court for the District of Nevada (the "Local Rules").

sought herein arises from Section 1125, as complemented by Bankruptcy Rules 3017 and 3017.1 and Local Rule 3017.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II.
## PERTINENT FACTS

1.      January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases").  *See, e.g.*, ECF No. 1.

2.      On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*.  *See* ECF No. 130.

3.      On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates.  *See* ECF No. 132.

4.      On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates.  *See* ECF No. 140.

5.      On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment.  Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6.      Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates.  *See* ECF No. 157.

. . .

. . .

7.      On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*.  *See, e.g.*, ECF No. 209.

8.      On August 1, 2025, the Trustee filed the Plan and Disclosure Statement.[2]

**A.      Proposed Disclosure Statement.**

9.      The proposed Disclosure Statement has been filed concurrently herewith.  The Plan is attached to the Disclosure Statement as Exhibit 1.

10.      The Plan separates Claims and Equity Interests into thirteen Classes.  Allowed Administrative Claims and Allowed Priority Tax Claims, which are not designated as a Class under the Plan, will be paid in full under the Plan.  Allowed Class 1 (Newtek Claim), Class 2 (Kalamata Claim), Class 3 (EBF Holdings Claim), Class 4 (Fox Funding Claim), Class 5 (Top Tier Claim), Class 6 (LCF Group Claim), Class 7 (Ford Motor Claim), and Class 8 (Priority Unsecured Claims) Claims are Unimpaired and deemed to accept the Plan, and therefore, will not vote on the Plan.  Class 13 Equity Interests will not receive anything under the Plan and therefore is Impaired, is deemed to have rejected the Plan, and is not entitled to vote on the Plan.  *See* Plan Articles 2, 3, and 4.

11.      The Allowed Class 9 Claim (Sanchez Claim), Allowed Class 10 Claims (General Unsecured Claims), Allowed Class 11 Claims (Intercompany Claims), and Allowed Class 12 Claims (Subordinated Claims) (collectively, the "Voting Classes") are Impaired pursuant to the Plan and therefore Holders of these Impaired Claims are entitled to vote on the Plan.  *See* Plan Articles 2, 3, and 4.

12.      By way of this Ex Parte Motion, the Trustee requests that the Court issue (A) an order conditionally approving the adequacy of the proposed Disclosure Statement; and (B) an order: (i) setting deadlines for balloting and opposing confirmation of the Plan and objecting to final approval of the Disclosure Statement in order to enable the Trustee to bring the Plan before

---

[2] All capitalized terms not otherwise defined herein shall have the meaning set forth in the Plan and Disclosure Statement, in that order.

the Court for confirmation; (ii) approving the form of Ballots (as defined herein); (iii) approving solicitation and voting procedures (the "Solicitation and Voting Procedures"); and (iv) setting a hearing date on confirmation of the Plan and final approval of the Disclosure Statement (the "Confirmation Hearing").

13.    Most of the constituents in these Chapter 11 Cases are voting in favor of the Plan, and the Trustee has a consensual agreement with them.  Among these key constituencies are: Michael E. Sanchez (the Sanchez Claim, the largest unsecured creditor), Newtek Bank, National Association (the Newtek Claim, the largest secured creditor), and Messrs. Pulliam and Asandra (the holders of priority, administrative, and/or general unsecured Claims).  *See* Carmel Certification ¶ 6.

14.    The Trustee proposes to provide copies of the Plan and Disclosure Statement to every party in interest in these Chapter 11 Cases.  More specifically, the Holders of Allowed Claims in Voting Classes shall receive the Confirmation Hearing Notice, Plan, Disclosure Statement, order conditionally approving of the Disclosure Statement, and a Ballot.  Meanwhile any Holders of a Claim in a non-voting Class will receive a copy of the Confirmation Hearing Notice, Plan, Disclosure Statement, and order conditionally approving of the Disclosure Statement. *See* Carmel Certification.  *See* Carmel Certification ¶ 7.

15.    For clarity and the avoidance of doubt, where an objection or an adversary proceeding has been filed seeking the disallowance of a Claim, the holder of such Claim is not entitled to submit a vote on the Plan unless such creditor has obtained an order from the Bankruptcy Court allowing the Claim for voting purposes prior to the Voting Deadline.  *See* Carmel Certification ¶ 8.

### III.
### LEGAL ANALYSIS

**A.    The Court May Conditionally Approve the Disclosure Statement on an Ex Parte Basis.**

Section 105(d)(2)(B)(vi) of the Bankruptcy Code, in conjunction with Bankruptcy Rule 3017.1 and Local Rules 3017(b) and (c), authorizes a bankruptcy court to issue an order that

conditionally approves a proposed disclosure statement without a hearing and combine the hearing on final approval of a disclosure statement with the hearing on confirmation of a plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi); Bankruptcy Rule 3017.1; Local Rules 3017(b) and (c). To obtain such an order, Local Rule 3017(c) requires the plan proponent provide the following information: (i) the circumstances which favor the preliminary approval of the disclosure statement; (ii) the total number of creditors, value of assets, and amount of claims reflected in the Debtors' schedules; and (iii) that the proposed disclosure statement contains the information required by the Official Form.

Specifically, Local Rule 3017 allows the Court to conditionally approve disclosure statements and expedited confirmation procedures without a hearing in any chapter 11 case:

(a) Expedited chapter 11 plan confirmation procedures. A motion filed pursuant to this rule may request entry of an order implementing expedited confirmation procedures, including but not limited to:

(1) Early deadlines for submitted plans and disclosure statements;

(2) Conditional approval of disclosure statements without hearing;

(3) Scheduling a combined hearing on the conditionally approved disclosure statement and confirmation of plan; and

(4) Submission of a combined plan and disclosure statement.

(b) Application to all chapter 11 cases. In any chapter 11 case, including small business chapter 11 cases, the court may, on application of the plan proponent or on its own initiative, conditionally approve a disclosure statement.

(c) Procedure for conditional approval. The plan proponent may file an ex parte motion for conditional approval of the disclosure statement seeking a combined hearing on the conditionally approved disclosure statement and confirmation of the plan. The application must be accompanied by the proposed disclosure statement and by a certificate stating: (i) the circumstances that favor the preliminary approval of the disclosure statement; (ii) the total number of creditors, value of assets, and amount of claims as reflected in the debtor's schedules; and (iii) that the proposed disclosure statement contains the information required by the Official Form. The notice of the combined hearing on the conditionally approved disclosure statement and confirmation of the plan must clearly provide that creditors and parties in interest may object to the conditionally approved disclosure statement as permitted by Fed. R. Bankr. P. 3017.1, at the combined hearing.

(d) Non-small business cases. Except as otherwise provided herein, Fed. R. Bankr. P. 3017.1 applies to all non-small business cases.

*See* Local Rule 3017.

And, Bankruptcy Rule 3017.1(a) provides that on or before conditionally approving a disclosure statement, the Court must:

> (1) set the time within which the claim holders and interest holders may accept or reject the plan;
>
> (2) set the time to file an objection to the disclosure statement;
>
> (3) if a timely objection is filed, set the date to hold the hearing on final approval of the disclosure statement; and
>
> (4) set a date for the confirmation hearing.

*See* Bankruptcy Rule 3017.1(a).

Here, conditional approval of the Disclosure Statement is warranted. The Plan is a consensual plan negotiated amongst the key constituencies in these Chapter 11 Cases, including the largest creditor (Mr. Sanchez, whose unsecured proof of claim was filed at over $579 million); the insurer who is the ultimate payor were the Trustee to litigate the largest asset of these Chapter 11 Cases (the bad faith insurance claim against Beazley); Newtek Bank, National Association ("<u>Newtek</u>") (the largest secured creditor); and Messrs. Pulliam and Asandra (holding administrative, priority, and/or unsecured claims). Preliminary approval of the Disclosure Statement will obviate the additional cost and delay that would result from a separate disclosure statement hearing and will ensure that the critical timing related to Beazley's payment of the Beazley Settlement Amount of one hundred eight million, five hundred thousand dollars ($108,500,000) into these Estates, is maintained. *See* Carmel Certification ¶ 3.

And, through this Motion, the Trustee also seeks an order: (i) setting deadlines for balloting and opposing confirmation of the Plan; (ii) approving form of Ballots; (iii) approving solicitation and voting procedures; and (iv) setting the Confirmation Hearing on the Plan and final approval of the Disclosure Statement. Thus, the prerequisites to conditional approval of the Disclosure Statement under Bankruptcy Rule 3017.1(a) have been met.

Furthermore, contemporaneous with the filing of this Ex Parte Motion, the Trustee filed the Carmel Certification, which sets forth: (i) the circumstances that favor the preliminary approval of the Disclosure Statement; (ii) the total number of creditors, value of assets, and amount of claims

as reflected in the Debtors' schedules and the Court's Claims Register; and (iii) that the proposed Disclosure Statement contains the information required by the Official Form.  Consequently, the Ex Parte Motion complies with all the requirements for conditional approval of the Disclosure Statement.

**B.      The Proposed Disclosure Statement Contains Adequate Information and Should be Conditionally Approved.**

Section 1125(b) provides as follows:

> [a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125(b).

Section 1125(a)(1) provides as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

11 U.S.C. § 1125(a)(1).

Section 1125(a)(2) then defines an "investor typical of holders of claims or interests of the relevant class" as an investor having the following:

> (A)      a claim or interest of the relevant class;
>
> (B)      such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

(C)    such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(2).

"The determination of what is adequate information is subjective and made on a case by case basis." *In re Brotby*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003) (citation omitted); *see also In re Arizona Fast Foods, LLC*, 299 B.R. 589, 593 (Bankr. D. Ariz. 2003). "This determination is largely within the discretion of the bankruptcy court." *In re Brotby*, 303 B.R. at 193 (citation omitted). To assist in determining what constitutes adequate information, case law has given rise to certain criteria to aid the courts in evaluating the sufficiency or the adequacy of disclosure statements.

(1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility [sic] of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. D. Ga. 1984); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (setting forth a similar list). In addition, "[a]n informed judgment cannot be made without information about the plan and about how the provisions of the plan will be put into effect." *In re Michelson*, 141 B.R. 715, 718 (Bankr. E.D. Cal. 1992). Thus, every plan of reorganization must "provide adequate means for the plan's implementation." 141 B.R. at 718-19.

In accordance with Local Rule 3017(c)(iii), the proposed Disclosure Statement contains the following information: (a) a statement regarding Debtors' background, ownership, and pre-bankruptcy operating and financial history (Disclosure Statement at § V); (b) a discussion of the reason for the bankruptcy filing (Disclosure Statement at § V); (c) a summary of proceedings to date in the bankruptcy case (Disclosure Statement at § V); (d) a summary of assets (Disclosure Statement at § V); (e) a description of unclassified claims, including estimated amounts of administrative and priority claims (Disclosure Statement at §§ III.A & B); (f) a description of claims by class, including an estimate of the amount of claims in each class as reflected by the schedules and proofs of claim on file (Disclosure Statement at § III); (g) a summary of the treatment of unclassified and classified claims under the proposed plan (Disclosure Statement at § III); (h) a discussion of the means of implementing the proposed plan (Disclosure Statement at § VI.A); (i) a summary of risk factors (Disclosure Statement at § VII); (j) a discussion of the tax consequences of the proposed plan (Disclosure Statement at § VIII); (k) a summary of the treatment of executory contracts under the proposed plan (Disclosure Statement at § VI.B); (1) a liquidation analysis (Disclosure Statement at § IX.B.1 and Exhibit 2); and (m) a statement as to how the proponent intends to achieve the payments proposed (Disclosure Statement at §§ V.D.1 and 2). *See also* Carmel Certification.

Accordingly, the Disclosure Statement contains the required adequate information and, therefore, should be conditionally approved.

**C.    Solicitation Packages and Distribution Procedures.**

Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a Chapter 11 plan and provides in pertinent part as follows:

> (A) After the disclosure statement has been approved, the court must order the debtor in possession, the trustee, the plan proponent, or the clerk to mail the following items to creditors and equity security holders and, in a Chapter 11 case, to send a copy of each to the United States trustee:
>> (i) the court-approved disclosure statement;
>> (ii) the plan or a court-approved summary of it;

> (iii) a notice of the time to file acceptances and rejections of the plan; and
>
> (iv) any other information as the court orders--including any opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> (B) Exception. The court may vary the requirements for an unimpaired class of creditors or equity security holders.

*See* Bankruptcy Rule 3017(d)(1).  Additionally:

> Notice of the time to file an objection to a plan's confirmation and the date of the hearing on confirmation must be mailed to creditors and equity security holders in accordance with Rule 2002(b). A ballot that conforms to Form 314 must also be mailed to creditors and equity security holders who are entitled to vote on the plan. If the court's opinion is not sent (or only a summary of the plan was sent), a party in interest may request a copy of the opinion or plan, which must be provided at the plan proponent's expense.

*See* Bankruptcy Rule 3017(d)(2).

Following the entry of an order conditionally approving the Disclosure Statement, the Trustee proposes to distribute solicitation packages (the "Solicitation Packages") containing copies of the following to the Holders of Claims in the Voting Classes:

1. the order conditionally approving the Disclosure Statement and approving the confirmation procedures (the Disclosure Statement Order), substantially in the form attached hereto as **Exhibit "1"**;

2. the confirmation hearing notice substantially in the form attached hereto as **Exhibit "2"** (the "Confirmation Hearing Notice");

3. the applicable Ballot (as defined herein) (*e.g.*, **Exhibits "3" – "6"**); and

4. a copy of the Disclosure Statement (together with the Plan attached thereto).

The Trustee proposes to mail the Solicitation Packages by no later than **August 6, 2025** (the "Solicitation Date") to the Holders of Claims in the Voting Classes, which are the only Classes of Claims entitled to vote on the Plan.

**D.    Non-Voting Classes.**

Bankruptcy Rule 3017(d)(3) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and plan (or the plan summary) not be mailed to an unimpaired class, a notice that the class has been designated as unimpaired must be mailed to the class members. The notice must show:

(A) the name and address of the person from whom the plan (or summary) and the disclosure statement may be obtained at the plan proponent's expense;

(B) the time to file an objection to the plan's confirmation; and

(C) the date of the confirmation hearing.

*See* Bankruptcy Rule 3017(d)(3).  Here, the Trustee proposes to distribute (i) the Plan, (ii) the Disclosure Statement, (iii) the Disclosure Statement Order, and (iv) the Confirmation Hearing Notice to all creditors in Unimpaired classes, all Holders of Unexpired Leases and Executory Contracts, and all parties requesting special notice in these Chapter 11 Cases.  This complies with Bankruptcy Rule 3017(d)(3) because both the Disclosure Statement and the Plan will be provided to these persons and entities.

**E.**     <u>**Forms of Ballots.**</u>

Bankruptcy Rule 3017(d)(2) provides in pertinent part that, "A ballot that conforms to Form 314 must also be mailed to creditors and equity security holders who are entitled to vote on the plan."  And Bankruptcy Rule 3018(c)(1) provides that acceptance or rejection of a plan must be in writing, identify the plan, be signed by the creditor or equity security holder (or an authorized agent), and conform to Official Form 314.  *See* Fed. R. Bankr. P. 3018(c)(1).

The Trustee proposes to distribute: (i) the Ballot attached hereto as **Exhibit "3"** to the Holder of the Allowed Class 9 Claim (Sanchez Claim); (ii) the Ballot attached hereto as **Exhibit "4"** to the Holders of Allowed Class 10 Claims (General Unsecured Claims); (iii) the Ballot attached hereto as **Exhibit "5"** to the Holders of Allowed Class 11 Claims (Intercompany Claims); (iv) the Ballot attached hereto as **Exhibit "6"** to the Holders of Allowed Class 12 Claims (Subordinated Claims) (collectively altogether, the "<u>Ballots</u>").  The Trustee submits that the Ballots substantially comply with Official Form No. 314 but have been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Trustee believes to be relevant and appropriate for each Class of Claims that is entitled to vote to accept or reject the Plan.

The Trustee will file a certification of acceptance and rejection of Chapter 11 Plan (the "<u>Ballot Summary</u>") in advance of the Confirmation Hearing and in conformance with Local Rule 3018.

**F.**     **Record Date.**

In connection with soliciting votes in connection with the confirmation of a Chapter 11 plan, Bankruptcy Rule 3017(d)(4) provides that, "In this Rule 3017(d), 'creditors' and 'equity security holders' include record holders of stock, bonds, debentures, notes, and other securities on the date the order approving the disclosure statement is entered—or another date the court sets for cause and after notice and a hearing." Bankruptcy Rule 3017(d). The Trustee therefore requests that the Court confirm **July 1, 2025**, as the voting record date (the "Record Date").

**G.**     **Voting Deadline.**

Bankruptcy Rule 3017(c) provides that, at the time or before the disclosure statement is approved, the court shall set a deadline for the holders of claims or equity security interests to accept or reject a plan. The Trustee anticipates mailing the Solicitation Packages on or before the Solicitation Date. Based on such schedule, the Trustee proposes that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Trustee's counsel, **so as to be received** on or before 5:00 p.m. prevailing Pacific Time on the fourteenth (14th) calendar day before the Confirmation Hearing date of September 24, 2025, **making the Voting Deadline 5:00 p.m. prevailing Pacific Time on September 10, 2025** (the "Voting Deadline").

All ballots should be delivered to the following:

If by mail:

> GARMAN TURNER GORDON LLP
> Attn: Talitha Gray Kozlowski, Esq.
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119

If by electronic transmission: tgray@gtg.legal

**H.**     **Holders of Claims Entitled to Vote.**

The Trustee proposes that following Holders of Claims should be entitled to vote with regard to such Claims:

> (a)     Holders of Claims who, on or before the Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Record Date; and (ii) is not the subject of a

pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline; *provided* that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

(b)     Holders of Claims that are listed in the Schedules to which no objection has been filed; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely filed Proof of Claim) shall not be allowed to vote in the amounts set forth in the Schedules; and

(c)     the assignee of any Claim that was transferred on or before the Record Date by any Entity described in subparagraphs (a) through (b) above; *provided that* such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Record Date.

**I.      Establishing Claim Amounts for Voting Purposes.**

The Trustee proposes the following procedures for establishing the Claim amounts for voting purposes:

The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Trustee, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

(a)     the Claim amount (i) settled and/or agreed upon by the Trustee, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Trustee pursuant to authority granted by the Court;

(b)     the Claim amount contained in a Proof of Claim that has been timely filed by the applicable claims bar date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly unliquidated or unknown amount (based on a reasonable review by the Trustee) that is not the subject of an objection will count toward satisfying the numerosity requirement of Section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code; and (ii) a partially liquidated and partially unliquidated Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above,

the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

(c)    the Claim amount listed in the Schedules to which no objection is pending (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided that* such Claim is not scheduled as being in an "unknown" amount or marked as contingent, disputed, or unliquidated and/or has not been paid;

(d)    for purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor(s) in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

(e)    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Trustee has objected to such duplicate Claim(s); and

(f)    Proofs of Claim filed for $0.00 are not entitled to vote; and

(g)    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes; and

(h)    for the avoidance of doubt, where an objection or an adversary proceeding has been filed seeking the disallowance of a Claim, the holder of such Claim is not entitled to submit a vote on the Plan unless such creditor has obtained an order from the Bankruptcy Court allowing the Claim for voting purposes prior to the Voting Deadline.

## J.    <u>Voting and Tabulation Procedures.</u>

The Trustee proposes the following voting procedures and standard assumptions which shall be used in tabulating Ballots, subject to the Trustee's right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

(a)    unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Trustee), the Trustee may reject such Ballot as invalid and, therefore, such Ballot shall not count in connection with confirmation of the Plan;

(b)    Prior to the Confirmation Hearing, the Trustee will file with the Court a voting report (the "<u>Ballot Summary</u>"). The Ballot Summary shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots

that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, received via facsimile or any other electronic means other than by email to Trustee's counsel as directed in the Confirmation Hearing Notice and approved by the Disclosure Statement Order, or damaged ("Irregular Ballots"). The Ballot Summary shall indicate the Trustee's intentions with regard to each Irregular Ballot;

(c)    the method of delivery of Ballots to be sent to Trustee's counsel is at the election and risk of each Holder, and, except as otherwise provided, a Ballot will be deemed delivered only when Trustee's counsel actually receives the executed Ballot;

(d)    an executed Ballot is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to Trustee's counsel by facsimile or any electronic means other than as expressly approved by the Disclosure Statement Order and directed in the Confirmation Hearing Notice will not be valid;

(e)    if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

(f)    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

(g)    a Person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claim(s), must indicate such capacity when signing;

(h)    the Trustee, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Ballot Summary;

(i)    neither the Trustee, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Ballot Summary, nor will any of them incur any liability for failure to provide such notification;

(j)    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, or such Ballots will not be counted;

(k)    in the event a designation of lack of good faith is requested by a party in interest under Section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

(l)      subject to any order of the Court, the Trustee reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Trustee, would not be in accordance with the provisions of the Bankruptcy Code the Bankruptcy Rules, or the Local Rules; *provided that* any such rejections shall be documented in the Ballot Summary;

(m)     if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only and not for purposes of allowance or distribution;

(n)      if an objection to a Claim or an adversary proceeding seeking the disallowance of a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

(o)      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any entity that does not hold a Claim in the voting Class; (iii) any Ballot cast for a Claim scheduled in an "unknown" amount or as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the voting Record Date; (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein;

(p)      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Trustee;

(q)      the Trustee is authorized to enter into stipulation with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

(r)      any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding ballot so that such superseding ballot is actually received by Trustee's counsel on or before the Voting Deadline;

(s)      that Creditors who timely file an objection prior to the confirmation objection deadline, but fail to cast a ballot prior to the Voting Deadline, may cast a ballot through the time of the Confirmation Hearing in connection with the resolution of its objection;

(t)      where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in Section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within the Voting Class received from a single creditor, or (iii) a group of Ballots received from the various

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

(u)    any Class that contains Claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

**K.    Confirmation Hearing and Final Hearing on Disclosure Statement.**

Bankruptcy Rule 3017(c) provides, "At the time or before the disclosure statement is approved, the court: (1) must set a deadline for the holders of claims and interests to accept or reject the plan; and (2) may set a date for a confirmation hearing."  Bankruptcy Rule 3017(c).

In accordance with Bankruptcy Rule 3017(c) and in view of Trustee's proposed solicitation schedule outlined herein, the Trustee requests that a hearing on confirmation of the Plan and final approval of the Disclosure Statement (the Confirmation Hearing) be scheduled for **September 24, 2025, commencing at 9:30 a.m. prevailing Pacific Time, in person, before the Bankruptcy Court**.  The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Trustee without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing, and the Plan may be modified pursuant to Section 1127 and its terms, prior to, during or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.  The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Trustee to pursue confirmation of the Plan in a timely fashion.

**L.    Notice of the Confirmation Hearing.**

Bankruptcy Rules 2002(b) and (d) require not less than twenty-eight (28) days' notice by mail to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Trustee proposes to provide to all Creditors and Equity Interest Holders as of the Record Date a copy of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit "2"** hereto setting forth: (i) the conditional approval of the Disclosure Statement; (ii) the Record Date; (iii) the Voting Deadline; (iv) the time fixed for filing objections to confirmation of the Plan and final approval of the Disclosure Statement; and (v) the time, date, and place for the

Confirmation Hearing. Such notice will be sent contemporaneously with the Solicitation Packages. The Trustee submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Bankruptcy Court approve such notice as adequate.

**M.    <u>Objections to Plan of Reorganization and Final Approval of Disclosure Statement.</u>**

Bankruptcy Rule 3020(b)(1) provides as follows:

> (1) In a Chapter 9 or 11 case, an objection to confirmation is governed by Rule 9014. The objection must be filed and served within the time set by the court and be served on:
> - the debtor;
> - the trustee;
> - the plan proponent;
> - any appointed committee; and
> - any other entity the court designates.
>
> (2) In a Chapter 11 case, the objecting party must send a copy of the objection to the United States trustee within the time set to file an objection.
>
> (3) After notice and a hearing as provided in Rule 2002, the court must rule on confirmation. If no objection is timely filed, the court may, without receiving evidence, determine that the plan was proposed in good faith and not by any means forbidden by law.

The Court should order that any party in interest who fails to object to confirmation of the Plan or final approval of the Disclosure Statement in writing, timely file such objection in compliance with the Local Rules, and timely serve such objection as required by the Confirmation Hearing Notice and set forth below, shall be deemed to have waived any objection to the confirmation of the Plan and to the final approval of the Disclosure Statement. Additionally, the Court should set a deadline for filing and serving any such objections to Plan confirmation or final approval of the Disclosure Statement and for any replies to any such objections; such objections must be timely served on the following persons:

**<u>Counsel to Trustee</u>**

Garman Turner Gordon LLP
Attn:    Gregory E. Garman, Esq.
        Talitha Gray Kozlowski, Esq.
        Mary Langsner, Ph.D.
7251 Amigo St, Suite 210
Las Vegas, NV 89119
Tel:    (725) 777-3000

Email:  ggarman@gtg.legal
        tgray@gtg.legal
        mlangsner@gtg.legal

The Trustee proposes that the deadline for filing objections to the Plan and objections final approval of the Disclosure Statement, and objections to any evidence submitted in support of confirmation, be **5:00 p.m. prevailing Pacific Time on September 10, 2025**.

**V.**
**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter (i) an order substantially in the form attached hereto as **Exhibit 1** determining and ordering that the proposed Disclosure Statement contains adequate information and is conditionally approved, and:

1.      Approving the Confirmation Hearing Notice attached hereto as **Exhibit 2**;

2.      That the Trustee shall distribute by a fixed date to: (i) Holders of Claims in the Voting Classes, which are the only Classes of Claims entitled to vote on the Plan, the Solicitation Package; and (ii) to all creditors in Unimpaired classes, all Holders of Unexpired Leases and Executory Contracts, and all parties requesting special notice in these Chapter 11 Cases,  the Plan, the Disclosure Statement, the Disclosure Statement Order, and the Confirmation Hearing Notice; and (iii) that such distribution shall constitute full compliance with Rule 3017(d);

3.      Approving the form of Ballots attached hereto as **Exhibits 3, 4, 5, 6** and establishing procedures for voting on the Plan, including a deadline for receipt of Ballots and the filing of a Ballot Summary;

4.      Scheduling a Confirmation Hearing date and establishing notice and objection procedures and deadlines with respect to confirmation of the Plan and final approval of the Disclosure Statement, including a date for filing all objections to confirmation and to final approval of the Disclosure Statement, and a date for filing replies thereto;

5.      Setting a Record Date of the Confirmation, for voting purposes; and

. . .

. . .

. . .

6.     Granting such other and further relief as is just and proper.

Dated August 1, 2025.

GARMAN TURNER GORDON LLP

By: _/s/ Talitha Gray Kozlowski_
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*