GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | | Lead Case No.: 25-10341-nmc |
|---|---|---|
| NUMALE CORPORATION, | | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | | NuMale Colorado SC Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | | |
| Debtors. | | |

**LOCAL RULE 3017 CERTIFICATE OF MICHAEL CARMEL IN SUPPORT OF EX PARTE MOTION FOR ORDER (A) CONDITIONALLY APPROVING DISCLOSURE STATEMENT TO ACCOMPANY JOINT PLAN OF REORGANIZATION; AND (B)(I) SETTING DEADLINES FOR BALLOTING AND OPPOSING CONFIRMATION OF JOINT PLAN OF REORGANIZATION AND FINAL APPROVAL OF DISCLOSURE STATEMENT; (II) APPROVING FORM OF BALLOTS; (III) APPROVING**

## SOLICITATION AND VOTING PROCEDURES; AND (IV) SETTING THE CONFIRMATION HEARING ON THE PLAN

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Ex Parte Motion for Order (A) Conditionally Approving Disclosure Statement to Accompany Joint Plan of Reorganization; and (B)(I) Setting Deadlines for Balloting and Opposing Confirmation of Joint Plan of Reorganization and Final Approval of Disclosure Statement; (II) Approving Form of Ballots; (III) Approving Solicitation and Voting Procedures; and (IV) Setting the Confirmation Hearing on the Plan* (the "Ex Parte Motion").[1]

3. Conditional approval of the Disclosure Statement is warranted. The Plan is a consensual plan negotiated amongst the key constituencies in these Chapter 11 Cases, including the largest creditor (Mr. Sanchez, whose unsecured proof of claim was filed at over $579 million); the insurer who is the ultimate payor were the Trustee to litigate the largest asset of these Chapter 11 Cases (the bad faith insurance claim against Beazley); Newtek Bank, National Association ("Newtek") (the largest secured creditor); and Messrs. Pulliam and Asandra (holding administrative, priority, and/or unsecured claims). Preliminary approval of the Disclosure Statement will obviate the additional cost and delay that would result from a separate disclosure statement hearing and will ensure that the critical timing related to Beazley's payment of the Beazley Settlement Amount of one hundred eight million, five hundred thousand dollars ($108,500,000) into these Estates, is maintained

4. Additionally, it is my belief that the proposed Disclosure Statement contains the information required by the Official Form.

5. The value of assets to be distributed under the Plan exceeds $108,500,000.

6. Most of the constituents in these Chapter 11 Cases are voting in favor of the Plan,

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Ex Parte Motion.

and I have secured a consensual agreement with them. Among these key constituencies are: Michael E. Sanchez (the Sanchez Claim, the largest unsecured creditor), Newtek (the Newtek Claim, the largest secured creditor), and Messrs. Pulliam and Asandra (the holders of priority, administrative, and/or general unsecured Claims).

7. Through the procedures proposed in the Ex Parte Motion, I propose to provide copies of the Plan and Disclosure Statement to every party in interest in these Chapter 11 Cases. More specifically, the Holders of Allowed Claims in Voting Classes shall receive the Confirmation Hearing Notice, Plan, Disclosure Statement, order conditionally approving of the Disclosure Statement, and a Ballot. Meanwhile any Holders of a Claim in a non-voting Class will receive a copy of the Confirmation Hearing Notice, Plan, Disclosure Statement, and order conditionally approving of the Disclosure Statement.

8. For clarity and the avoidance of doubt, where an objection or an adversary proceeding has been filed seeking the disallowance of a Claim, the holder of such Claim is not entitled to submit a vote on the Plan unless such creditor has obtained an order from the Bankruptcy Court allowing the Claim for voting purposes prior to the Voting Deadline.

9. For all Debtors combined the total resolved through the Plan is approximately $598,278,178.57.[2] As set forth in the Plan, the estimated asserted classified claims include:

| **Class** | **Description** | **Treatment** | **Estimated Asserted Claim Amounts** |
|---|---|---|---|
| Class 1 | Newtek Secured Claim | Unimpaired; No solicitation required. | $1,000,000.00 |
| Class 2 | Kalamata Claim | Unimpaired. No solicitation required. | $86,628.42 (amount is disputed) |
| Class 3 | EBF Holdings Claim | Unimpaired. No solicitation required. | $32,317.50 (amount is disputed) |
| Class 4 | Fox Funding Claim | Unimpaired. No solicitation required. | $78,225.00 (amount is disputed) |

---

[2] The amount of claims reflected in the Court's Claims Register differs from the debts set forth in the Debtors' amended Schedules. Additionally, taking into account all filed claims and scheduled debts, there are appear to be duplicates (including duplicate proofs of claim), debts which appear to be shared among one or more Debtors but were scheduled by multiple Debtors and/or are the subject of Claim(s) filed against multiple Debtors, and debts which were scheduled but later the subject of a proof of claim filed in a higher amount against one or more Debtors. The amount of debt resolved through the Plan takes into account these considerations and presents the amount of true debt resolved.

| | | | |
|---|---|---|---|
| Class 5 | Top Tier Claim | Unimpaired. No solicitation required. | $263,942.88 (amount is disputed) |
| Class 6 | LCF Group Claim | Unimpaired. No solicitation required. | $505,443.56 (amount is disputed) |
| Class 7 | Ford Motor Claim | Unimpaired. No solicitation required. | $21,593.98 |
| Class 8 | Priority Unsecured Claims | Unimpaired. No solicitation required. | $15,150.00 |
| Class 9 | Sanchez Claim | Impaired. Solicitation required. | Allowed in the amount of $410,000,000.00 |
| Class 10 | General Unsecured Claims | Impaired. Solicitation required. | $8,907,336.79 (amounts are disputed) |
| Class 11 | Intercompany Claims | Impaired. Solicitation required. | $3,771,462.03 (amounts are disputed) |
| Class 12 | Subordinated Claims | Impaired. Solicitation required. | $4,694,795.10 (amounts are disputed) |
| Class 13 | Equity Interests | Impaired; deemed rejected. No solicitation required. | N/A |

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 31st day of July, 2025.

/s/ Michael W. Carmel
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000