GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | **Confirmation Hearing In Person:**<br>Date: September 24, 2025<br>Time: 9:30 a.m. |

**NOTICE OF: (i) HEARING TO CONSIDER FINAL APPROVAL OF CONDITIONALLY APPROVED DISCLOSURE STATEMENT AND CONFIRMATION OF JOINT PLAN OF REORGANIZATION; (ii) PROCEDURES FOR OBJECTING TO FINAL APPROVAL OF CONDITIONALLY APPROVED DISCLOSURE STATEMENT**

**AND CONFIRMATION OF THE PLAN AND EVIDENCE IN SUPPORT THEREOF;
AND (iii) PROCEDURES AND DEADLINES
FOR VOTING ON THE PLAN**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND EQUITY INTERESTS IN THE ABOVE-CAPTIONED DEBTORS AND DEBTORS-IN-POSSESSION, PLEASE TAKE NOTICE THAT:

**1.    Disclosure Statement.**  The United States Bankruptcy Court for the District of Nevada (the "Court") conditionally approved the *Disclosure Statement to Accompany Joint Plan of Reorganization* (the "Disclosure Statement") pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), filed by Michael W. Carmel, the Chapter 11 Trustee (the "Trustee") for the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), and directed the Trustee to solicit votes with regard to the approval or rejection of *Joint Plan of Reorganization*, attached as Exhibit "1" to the Disclosure Statement (as may be amended and/or supplemented, the "Plan").

**2.    Disclosure Statement/Confirmation Hearing.**  A combined hearing to consider final approval of the conditionally approved Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing") will be held before a United States Bankruptcy Judge in the Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, **commencing on September 24, 2025, at 9:30 a.m. prevailing Pacific Time and will be conducted in person**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Court or the Trustee in open court of the adjourned date at the Confirmation Hearing or any continued hearing, and, the Plan and Disclosure Statement may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan and the Bankruptcy Code, without further notice to interested parties.

**3.    Solicitation Classes**.  The following creditors are entitled to vote on the Plan: Holders of Claims in Class 9 (Sanchez Claim), Class 10 (General Unsecured Claims), Class 11 (Intercompany Claims), Class 12 (Subordinated Claims).

**4.    Voting Deadline.**  All votes to accept or reject the Plan **must be received by Trustee's counsel on or before 5:00 p.m. prevailing Pacific Time on September 10, 2025**. Any failure to follow the voting instructions on the ballots (the "Ballots") that will be included in the solicitation packages may disqualify your Ballot and your vote.

**5.    Parties-in-Interest Not Entitled to Vote.**  Holders of Unimpaired Claims and Equity Interests deemed to accept or reject the Plan are not entitled to vote on the Plan. The following creditors are not entitled to vote on the Plan: Class 1 (Newtek Claim), Class 2 (Kalamata Claim), Class 3 (EBF Holdings Claim), Class 4 (Fox Funding Claim), Class 5 (Top Tier Claim), Class 6 (LCF Group Claim), Class 7 (Ford Motor Claim), Class 8 (Priority Unsecured Claims), Class 13 (Equity Interests).

**6.    Voting Record Date.**  The Court has confirmed July 1, 2025, as the voting record date (the "Record Date").

7. **Objections to Final Approval of the Conditionally Approved Disclosure Statement and Confirmation.** Objections, if any, to final approval of the conditionally approved Disclosure Statement and confirmation of the Plan, and objections to any evidence in support of Plan confirmation and Disclosure Statement final approval, must be filed, together with proof of service in conformity with the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("Local Rules"), with the Bankruptcy Court and served by **no later than 5:00 p.m. prevailing Pacific Time on September 10, 2025**. Replies to such objections and proposed modifications must be served by no later than **September 17, 2025**.

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the Court. You *must* also serve your written response on the person who sent you this notice.
>
> If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:
> - The court may *refuse to allow you to speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

8. **Executory Contracts and Unexpired Leases.**

   a. **Executory Contracts**. Except for: (i) the Beazley Policies, and (ii) Executory Contracts and Unexpired Leases specifically addressed in the Plan or set forth on the schedule of Rejected Executed Contracts and Unexpired Leases attached as Schedule 6.1 to the Plan (which may be supplemented and amended up to the date the Bankruptcy Court enters the Confirmation Order), all Executory Contracts and Unexpired Leases that exist on the Confirmation Date shall be deemed assumed by the respective Debtor(s) on the Effective Date and assigned to the prevailing bidder(s) in connection with the 363 Sale.

   b. **Approval of Assumption and Assignment or Rejection**. Entry of the Confirmation Order shall constitute as of the Effective Date: (i) approval, pursuant to Bankruptcy Code section 365(a) of the assumption by the respective Debtor(s) and assignment to the prevailing bidder(s) in connection with the 363 Sale of each Executory Contract and Unexpired Lease to which any Debtor is a party that is not the Beazley Policies, not listed on Schedule 6.1, not otherwise provided for in the Plan, and neither assigned, assumed and assigned, nor rejected by separate order of the Bankruptcy Court prior to the Effective Date; and (ii) rejection by the applicable Debtor(s) of each Executory Contract and Unexpired Lease to which such Debtor(s) are a party that is listed on Schedule 6.1. Upon the Effective Date, each counterparty to an assumed Executory Contract or Unexpired Lease listed shall be deemed to have consented to an assumption and assignment contemplated by Section 365(c)(1)(B) of the Bankruptcy Code, to the extent such consent is necessary for such assumption and assignment. To the extent applicable, all Executory Contracts or Unexpired Leases assumed pursuant to Article 6 of the Plan shall be deemed modified such that the transactions contemplated by the Plan shall not be a "change of control," regardless of how such term may be defined in the relevant Executory Contract or Unexpired Lease and any required consent under any such Executory Contract or Unexpired Lease shall be deemed satisfied by confirmation of the Plan.

  **c.** **Cure of Defaults**.  The Reorganized Debtors shall make the Cure payments upon the latest of: (i) closing of the 363 Sale; (ii) such dates as may be fixed by the Bankruptcy Court or agreed upon by the applicable Reorganized Debtor(s); or (iii) the first (1st) Business Day that is fourteen (14) days after the entry of a Final Order resolving any dispute regarding: (a) a Cure amount; (b) the ability of the prevailing bidder(s) in connection with the 363 Sale to provide "adequate assurance of future performance" under the Executory Contract(s) or Unexpired Lease(s) assumed and assigned pursuant to the Plan in accordance with Section 365(b)(1) of the Bankruptcy Code; or (c) any matter pertaining to assumption, assignment, or the Cure of a particular Executory Contract or an Unexpired Lease.

  **d.** **Objection to Cure Amounts**.  Any party to an Executory Contract or Unexpired Lease that is being assumed pursuant to the Plan who objects to the Cure amount identified on Schedule 6.3 or any alleged Cure amount that is not identified on Schedule 6.3 must file and serve an objection on the Trustee and all parties entitled to notice by ECF in the Chapter 11 Cases, no less than five (5) days prior to the Confirmation Hearing. Failure to file and serve a timely objection shall be deemed consent to the Cure amounts identified on Schedule 6.3 of the Plan.  If there is a dispute regarding: (i) the amount of any Cure payment; (ii) the ability of the prevailing bidder(s) in connection with the 363 Sale to provide "adequate assurance of future performance" under the Executory Contract or Unexpired Lease to be assumed or assigned; or (iii) any other matter pertaining to assumption, the Cure payments required by Section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order resolving the dispute and approving the assumption.

  **e.** **Confirmation Order**.  The Confirmation Order shall constitute an order of the Bankruptcy Court approving the assumption and assignment described in Article 6 of the Plan pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.  Notwithstanding the forgoing, if, as of the date the Bankruptcy Court enters the Confirmation Order, there is pending before the Bankruptcy Court a dispute concerning the Cure amount or adequate assurance for any particular Executory Contract or Unexpired Lease, the assumption of such Executory Contract or Unexpired Lease shall be effective as of the date the Bankruptcy Court enters an order resolving any such dispute and authorizing assumption and assignment by the respective Debtor(s).

  **f.** **Rejection Damages Claim Bar Date**.  All proofs of Claims with respect to Claims arising from the rejection of any Executory Contract or Unexpired Lease shall be filed no later than fifteen (15) days after the Effective Date.  Any Claim not filed within such time shall be forever barred.

  **9.** **Additional Information.**  Any party in interest wishing to obtain: (i) information about the solicitation procedures; or (ii) copies of the Plan, the Disclosure Statement, or the order conditionally approving the Disclosure Statement, should contact the Trustee's counsel, the law firm of Garman Turner Gordon LLP, Attn: Talitha Gray Kozlowski, Esq., tgray@gtg.legal, (725) 777-3000, or via regular mail at 7251 Amigo Street, Suite 210, Las Vegas, NV 89119.  Any party in interest wishing to view the Plan, the Disclosure Statement, or the order conditionally approving the Disclosure Statement may also view such documents by accessing the Court's Electronic Case Filing System, which can be found at www.nvb.uscourts.gov.

**10.** Sections 8.2, 8.5, 8.6, and 8.7 of the Plan provide the following release, discharge, injunction, and exculpation provisions:

> *8.2. Global Settlement Agreement and Mutual Releases. The terms of the Global Settlement Agreement and Global Settlement Order, including the mutual releases granted therein, are incorporated fully into this Plan as set forth herein, and are fully enforceable.*
>
> *8.5. Discharge. On the Effective Date, except as otherwise provided in this Plan, the Debtors shall be discharged from any and all Claims and all Equity Interests to the fullest extent provided in sections 524 and 1141 of the Bankruptcy Code. The Discharge shall be to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, and, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan and shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any kind or nature whatsoever against the Debtors or any of their Assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims. Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtors shall be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Section 502(g), 502(h), or 502(i) of the Bankruptcy Code. Nothing in this Plan or Confirmation Order shall operate to expand the Debtors' discharge as provided for in this Section 8.5 beyond that allowed by the Bankruptcy Code. Nothing herein shall prevent or limit the rights of any Person to enforce the terms of, or their rights under, the Plan, the Global Settlement Agreement, or the Global Settlement Order.*
>
> *8.6. Injunction. Except as otherwise provided in the Plan, from and after the Effective Date, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or their Estates, are permanently enjoined from taking any action in furtherance of such Claim, Equity Interest, and/or any other cause of action released and/or discharged under the Plan, including, without limitation, the following actions: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind against the Trustee, the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, or the Reorganized Debtors with respect to any such Claim, Equity Interest, and/or other cause of action, or taking any act to recover such Claim or Equity Interest outside of the claims allowance procedures discussed in this Plan, the Bankruptcy Code, and Bankruptcy Rules; (ii) creating, perfecting, or enforcing in any manner, directly or indirectly, any Lien, security interest, or encumbrance of any kind against the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, or the Reorganized Debtors on account of any such Claim, Equity Interest, and/or other cause of action; (iii) enforcing, levying, attaching, collecting, or otherwise recovering in any manner or by any means, whether directly or indirectly, any judgment, award, decree, or order against the Trustee,*

*the Debtors, the Debtors' property, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, the Liquidation Trust Assets, or the Reorganized Debtors, on account of any such Claim, Equity Interest, and/or other cause of action; and (iv) asserting any right of setoff or subrogation of any kind, directly or indirectly, against any debt, liability or obligation due from or to the Debtors, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee, or the Liquidation Trust Assets, or against the property or interests in property of the Debtors, the Debtors' Estates, the Liquidation Trust, the Liquidation Trustee the Liquidation Trust Assets, or the Reorganized Debtors, on account of any such Claim, Equity Interest, and or other cause of action.  By accepting Distributions, each Holder of an Allowed Claim or Equity Interest will be deemed to have specifically consented to the injunctions in the Plan.  Such injunctions shall extend for the benefit of the Trustee, the Reorganized Debtors, the Liquidation Trustee, any successors of the Debtors, and to property and interests in property subject to this Plan.  All injunctions or stays provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.  For the avoidance of doubt, from and after the Effective Date, all Persons who have held, hold, or may hold Claims against or Equity Interests in the Debtors or their Estates, are permanently enjoined from taking any action that violates the Global Settlement Agreement, the Global Settlement Order, or the mutual releases provided therein.  Nothing herein shall prevent or limit the rights of any Person to enforce the terms of, or their rights under, the Plan, the Global Settlement Agreement, or the Global Settlement Order.*

*8.7. Exculpation.  From and after the Effective Date, neither Debtors, the Reorganized Debtors, the Trustee, the Liquidation Trustee, Sanchez, Beazley and their respective professionals nor any of their respective present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, shall have or incur any liability to any holder of a Claim or Equity Interest or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date forward), the Chapter 11 Cases, the pursuit of confirmation of this Plan, or the consummation of this Plan, except for gross negligence and willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan or in the context of the Chapter 11 Cases. Under no condition, however, shall this exculpation apply to Brad Palubicki, Carlos Feliciano, any entity controlled by Messrs. Palubicki and/or Feliciano, or the Palubicki and Feliciano Claims, nor with respect to any of the preserved Litigation Claims, including the Litigation Claims identified on <u>Schedule 1.1.82</u> hereto.*

Dated August 5, 2025.

                                            GARMAN TURNER GORDON LLP

                                            By: */s/ Talitha Gray Kozlowski*
                                                 GREGORY E. GARMAN, ESQ.
                                                 TALITHA GRAY KOZLOWSKI, ESQ.

MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*