GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: ***OST Requested***<br>Hearing Time: ***OST Requested*** |

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE FOR WILLFUL VIOLATION OF THE
ORDER APPOINTING THE TRUSTEE, WILLFUL VIOLATION OF THE
AUTOMATIC STAY, AND TURNOVER OF PROPERTY OF THE ESTATE
PURSUANT TO 11 U.S.C. §§ 105, 362, AND 542**

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Motion for Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* (the "Motion").[1]

3. I am the duly appointed Chapter 11 trustee ("Trustee") over the bankruptcy estates of debtors NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

4. On or about July 21, 2025, I learned that Palubicki was attempting to sell Estate assets, for Palubicki's personal benefit and without my knowledge, consent, or authority. Attached hereto as **Exhibit "1"** is a true and correct copy of Palubicki's communication to this effect.

5. Within hours of that phone call, Brad Palubicki sent a follow-up correspondence to his sale contact advising, for the first time, in an effort to cover his tracks, that a sale would need to involve me as Chapter 11 Trustee.

6. Attached hereto as **Exhibit "2"** is a true and correct copy of Brad Palubicki's follow up correspondence as provided to me.

7. Later, Palubicki would mischaracterize his communications with the prospective purchaser. Attached hereto as **Exhibit "3"** is a true and correct copy of Palubicki's later email to this effect.

8. On or about July 29, 2025, I terminated Palubicki, De La Torre, Triplett, Braielmeir, and four others (collectively, the "Terminated Employees"). Copies of all termination letters issued by me through counsel are attached hereto, as composite **Exhibit "4"** hereto (collectively, the "Termination Letters").

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

9. The Terminated Employees did not comply with the turnover requirements set forth in their respective termination letters, including turnover of passwords and other electronic access to me.

10. The same day I through counsel issued the Termination Letters, I sent correspondence to the Debtors' technology vendor, Midwest IT Pros ("Midwest IT"), directing turnover of, *inter alia*, technological access to various of the Debtors' systems. Attached hereto as **Exhibit "5"** is a true and correct copy of this correspondence ("Midwest Letter").

11. Midwest IT's compliance with the Midwest Letter has been spotty. Additionally, Midwest IT appears to be owned and/or operated and/or controlled by Feliciano's relatives Gil Feliciano and Gabriel Camacho (Feliciano's brother).

12. On the first Saturday following Palubicki's termination, he apparently *sent an email allegedly on Dr. Feliciano's behalf*, contacting the Debtors' credit card processor Finix "to request the immediate suspension of several merchant processing accounts due to a significant change in our business operations[.]" Attached hereto as **Exhibit "6"** is a true and correct copy of email correspondence I received from Finix, forwarding Palubicki's communication to Finix.

13. As a result, as of the morning of Monday August 4, 2025, the ***Debtors'*** credit card system had been shut off, and the Debtors were not able to collect payment from patients.

14. However, Palubicki did not stop there. Once I had rectified Palubicki's intentional interference with the Debtors' revenue source, Palubicki then accessed the company's invoices system and apparently *altered Finix invoices* to reflect that they would be billed to "NuMale Corporation PW" *at Palubicki's home address*. Attached hereto as **Exhibit "7"** is a true and correct copy of an invoice I received on or about August 7, 2025.

15. Additionally, I am advised that, in the days following their termination, I am informed and believe that De La Torre (who is Palubicki's partner) reached out to one or more vendors saying that the Debtors are closing down, going out of business, and/or that certain locations may no longer be operational or are beginning to cease operations. This resulted in equipment vendors seeking to recover their equipment that is otherwise used by the Debtors in rendering patient care.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

16. Post-termination, Palubicki also sent a number of email correspondences allegedly "on behalf of" his business partner Feliciano, in which he directs, authorizes, and/or demands, allegedly on Feliciano's behalf, any number of corporation-related matters. When I noted Palubicki lacked authority to act, direct, or authorize, or speak on behalf of Feliciano, similar emails began curiously appearing from the personal Gmail account of the previously unavailable Dr. Feliciano.

17. Out of concern that Palubicki had hacked into Feliciano's personal email account and was sending email communications to seem *as if* they were sent by Feliciano, I through counsel invited Feliciano to participate in a videoconference and/or in person meeting to verify identify and discuss the "concerns" in Feliciano's emails. "Feliciano" has failed to accept that invitation.

18. Most recently, on or about Friday August 8, 2025, I learned that De La Torre, and other terminated employees Holly Triplett and Ken Brielmaier, improperly accessed the NuMale MDToolbox Account #464 and altered the ability for the Debtors' actual employees to access the MDToolbox Account. MDToolbox is a prescribing platform for patient medications used by the Debtors. Attached hereto as **Exhibit "8"** is a true and correct copy of email correspondence I received regarding this.

19. I understand that when the Debtors' employees asked for this to be corrected, MDToolbox advised they would make no corrective changes without proof of my authority.

20. Within minutes of learning about this, I through counsel immediately directed MDToolbox to immediately terminate Holly Triplett's, Gabby De La Torre's, Ken Brielmaier's, and Brad Palubicki's access, and requesting confirmation of MDToolbox's compliance. Attached hereto as **Exhibit "9"** is a true and correct copy of email correspondence I authorized to this effect.

21. MD Toolbox responded on August 8, 2025, stating it was "send[ing] this up to the proper channels…" A true and correct copy of that email is attached hereto as **Exhibit "10"**. Through counsel I followed up with MDToolbox on August 9, 2025. MDToolbox responded the same day, stating, "We are currently reviewing and will reach out once we have more information." A true and correct copy of that email is attached hereto as **Exhibit "11"**. As of the time I am signing this Declaration the Debtors' lack of access to MDToolbox remains.

x
Case 25-10341-nmc    Doc 457    Entered 08/11/25 12:52:41    Page 5 of 5

22. On August 9, 2025, I, through counsel, sent Palubicki a "Cease and Desist" letter. The letter was sent via regular mail and email. A true and correct copy of that letter (the "Cease and Desist Letter") is attached hereto as **Exhibit "12"**.

23. Palubicki remains undeterred despite the warnings stated in the Cease and Desist Letter.

24. I am informed and believe that MDToolbox is not the only impacted payment processing vendor. In the early hours of Monday August 11, 2025, I was advised that Palubicki and Triplett had attempted to gain Paylocity access (nearly two weeks after their terminations), and, as a consequence the Debtors' access to Paylocity is currently blocked.

25. I am in the process of engaging a forensic accountant to investigate the Debtors' financials, have initiated Bankruptcy Rule 2004 examination discovery, am in the process of transitioning the Debtors' IT technological operations to a trusted vendor, have terminated the Respondents' electronic access as much as possible, have as I become aware of them responded to third parties contacted by a Wrongdoer to advise that I am in control and the Debtors' business is operational, and am in constant contact with current management put in place by me after the Termination Letters were issued. An Application to Employ the forensic accountant will be filed within the next two (2) days.

26. I am also making best efforts to balance these, against not interfering in any non-debtor operations.

27. I have been in regular communications with the Office of the United States Trustee ("UST") to keep the UST advised of the matters set forth herein.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 11th day of August 2025.

/s/ Michael Carmel
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

5