GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR ORDER TO SHOW CAUSE FOR WILLFUL VIOLATION OF THE ORDER APPOINTING THE TRUSTEE, WILLFUL VIOLATION OF THE AUTOMATIC STAY, AND TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§ 105, 362, AND 542**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale

1

Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") filed his *Motion for Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* (the "Motion").[1]

Trustee submits this *ex parte* application (the "Ex Parte Application") requesting this Court issue an Order Shortening Time to hear the Motion at the Court's earliest convenience. This Ex Parte Application is made and based upon Section[2] 105(a) of the Bankruptcy Code, Bankruptcy Rules 4001 and 9006, and Local Rules 4001 and 9006; the following memorandum of points and authorities inclusive of the Declaration of Mary Langsner, Ph.D. (the "Langsner Decl.") incorporated herein; the Attorney Information Sheet filed concurrently herewith; and the papers and pleadings on file with the Court, judicial notice of which is respectfully requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. DECLARATION OF MARY LANGSNER, PH.D.

I, Mary Langsner, Ph.D., declare as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney at the law firm of Garman Turner Gordon LLP, counsel to the Trustee in the above-captioned matter, and am duly licensed to practice law in the State of Nevada (Nevada Bar No. 13707).

3. Good cause exists for this Court to hear the Motion on shortened time as requested herein.

---

[1] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Application.

[2] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000


4. Presently, confirmation is set for a full day hearing on September 24, 2025. And, the approval of the Global Settlement Agreement, which (if approved) will bring significant money into these estates, is set for a hearing on September 2, 2025. Approval of the Global Settlement Agreement, and confirmation of the Trustee's Plan, are perhaps the most significant events to date in the Trustee's administration of these Chapter 11 Cases.

5. Additionally, as described in the Plan and Disclosure Statement, the Trustee anticipates conducting an 11 U.S.C. § 363 sale of assets in these Chapter 11 Cases.

6. As set forth in the Motion, the Respondents appear to be deliberately interfering in the Debtors' business, the Estates' assets, and/or the Trustee's administration of them. This interference also appears to be escalating.

7. I understand that a hearing in the ordinary course on this Motion seeking an *Order to Show Cause* would not take place until middle September, between the hearings on the Global Settlement Agreement and Plan confirmation.

8. Waiting nearly thirty (30) days for the full notice period on this Motion will afford the Respondents nearly thirty (30) more days to continue their efforts to damage the Debtors and the Estates.

9. I personally contacted the counsel and persons listed on the Attorney Information Sheet, and the responses I received (or non-responses) are accurately represented.

10. Good cause exists to have the hearing on shortened time because shortening the time for a hearing lessens the amount of time for Respondents to continue their destructive actions aimed at the Debtors' business, the Estates, and the Trustee's administration.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 11th day of August 2025.

*/s/ Mary Langsner*
MARY LANGSNER, Ph.D.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Relevantly, Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the Langsner Decl., waiting nearly thirty (30) days for the full notice period on the Motion will afford the Respondents nearly thirty (30) more days to continue their efforts to damage the Debtors and the Estates and the Trustee's administration of them. Additionally, should the Court grant the Motion and issue its OSC, the OSC would not issue until approximately middle September, meaning the requested evidentiary hearing on the OSC would likely not take place until perhaps the end of October—all the meanwhile the Respondents may continue their intentional efforts to damage and harm the Debtors' business, the Estate assets, and case administration. Furthermore, the Respondents are taking intentional actions to damage the Debtors' business—the very assets the Trustee ultimately seeks to sell through the Section 363 sale process described in the Plan and Disclosure Statement.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice, and how notice was provided or attempted to be provided. An Attorney Information Sheet has

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1  been filed contemporaneously with this Ex Parte Application.

2  Through this Ex Parte Application, the Trustee respectfully proffers that cause exists to grant the shortening of time on the Motion, to allow a hearing on the Motion to take place as soon as the Court's availability permits.

The Trustee respectfully proffers that the circumstances set forth in this Ex Parte Application, the Langsner Decl., and papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, warrant a finding that cause exists to shorten the time for a hearing on the Motion, as permitted by the Rule.

### III.
### CONCLUSION

WHEREFORE, the Trustee respectfully requests this Court grant this Ex Parte Application and issue an Order Shortening Time to hear the Motion as soon as the Court's availability permits, and grant such other and further relief as the Court deems just and proper.

Dated this 11th day of August 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000