GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | *Jointly administered with:* |
| ☐ AFFECTS THIS DEBTOR, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMEDICAL SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE NEW MEXICO SC, | |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: ***OST Requested***<br>Hearing Time: ***OST Requested*** |

**SECOND MOTION TO EXTEND DEADLINE PURSUANT TO 11 U.S.C. § 365(d)(4) TO ASSUME OR REJECT UNEXPIRED LEASES**

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit "1"**, extending the time period within which the Trustee must assume or reject the unexpired leases of nonresidential real property of any of the Debtors under Section[1] 365(d)(4)(B)(ii) of the Bankruptcy Code, from August 20, 2025, to a date thirty days after confirmation, **Friday October 24, 2025**, without prejudice to the Trustee's right to seek additional extensions of time as permitted under Section 365(d)(4) of the Bankruptcy Code (the "Motion").

This Motion is made and based upon the following Memorandum of Points and Authorities, the accompanying Declaration of Michael Carmel ("Carmel Decl."), the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. The statutory basis for the relief sought is 11 U.S.C. § 365(d)(4).

3. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

---

[1] Unless otherwise stated, all references to "Chapter" and "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to "LR" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II. BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. The 120th day following the Petition Date in each of the Chapter 11 Cases was May 22, 2025.

3. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

4. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

5. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

6. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

7. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee*, accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

8. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

9. On May 22, 2025, the Court entered its *Order Granting Motion to Extend Deadline Pursuant to 11 U.S.C. § 365(d)(4) to Assume or Reject Unexpired Leases* [ECF No. 290] ("First Extension Order"). The First Extension Order establishes August 20, 2025, as the Trustee's

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

current deadline to assume or reject all unexpired leases of nonresidential real property ("Current Deadline").

10. On August 1, 2025, the Trustee filed his *Joint Plan of Reorganization* [ECF No. 434] ("Plan") and *Disclosure Statement to Accompany Joint Plan of Reorganization* [ECF No. 435] ("Disclosure Statement").

11. The Plan is set for a confirmation hearing on September 24, 2025, and the Disclosure Statement, which has been conditionally approved [ECF No. 447], is set for a hearing on final approval at the same date and time. *See* ECF No. 449.

## III.
## LEGAL AUTHORITY

11 U.S.C. § 365(d)(4) provides in pertinent part that:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4). Thus the unexpired nonresidential real property leases to which any of the Debtors are a party will be deemed rejected pursuant to 11 U.S.C. § 365(d)(4) if not assumed or rejected by August 20, 2025, absent an order from this Court extending the deadline for "cause" prior to August 20, 2025.

Section 365(d)(4) of the Bankruptcy Code grants courts substantial discretion to extend the time for a Chapter 11 trustee to assume or reject unexpired nonresidential real property leases for

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

"cause." Courts consider various factors in determining whether such "cause" exists, including, but not limited to:

>(A) whether the lease is the debtors' primary asset;
>
>(B) whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;
>
>(C) whether the lessor continues to receive rent for the use of the property;
>
>(D) whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;
>
>(E) whether the case is exceptionally complex and involves a large number of leases;
>
>(F) whether the debtors have failed or are unable to formulate a plan when they have had sufficient time to do so; and
>
>(G) any other factors bearing on whether the debtors have had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g.*, *In re Ernst Home Ctr., Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997) (enumerating nine non-exclusive factors for determining whether cause exists to grant extension) (citations omitted). *See also In re Panaco, Inc.*, 2002 WL 31990368, *5 (Bankr. S.D. Tex. 2002) (similar factors) (citation omitted); *In re Beautyco, Inc.*, 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (similar factors); *In re Adelphia Comm'ns Corp.*, 291 B.R. 283, 293 (Bankr. S.D.N.Y. 2003) (collecting cases); *In re Svc. Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (similar factors) (citations omitted). These factors are not exclusive, "nor should a Court be required to consider particular factors that have no application to the request for extension at issue." *In re Ernst Home Ctr., Inc.*, 209 B.R. at 980-81 (footnote omitted). The bankruptcy court has broad discretion to weigh all factors relevant to a requested extension under Section 365(d)(4). *Id.* at 981.

Ample cause exists to grant an extension of the deadline for an additional approximately sixty (60) days, to October 24, 2025—a date which is thirty (30) days post-confirmation—under Section 365(d)(4)(B)(ii). Here, the Trustee was appointed on April 7, 2025, which was seventy-

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

five (75) days into these Chapter 11 Cases. Since obtaining an initial extension of the deadline to August 20, 2025, the Trustee has worked diligently to evaluate the Debtors' and estates' financial conditions and evaluate which leases are critical to the Debtors' ongoing reorganization. On August 1, 2025, the Trustee filed his Plan and Disclosure Statement, which describe the Trustee's intended Section 363 sale of the Debtors' assets including operating clinics which operate out of leased premises.

Because many of the Debtors operate clinics, allowing any of the nonresidential real property leases to be rejected automatically and before Plan confirmation will effectively prematurely terminate those Debtors' ability to generate revenue during the pendency of the Chapter 11 Cases and during the Plan confirmation and Section 363 sale process. Moreover, a premature termination may impact the value of the assets sought to be sold in the upcoming Section 363 sale described in the Plan and Disclosure Statement. *See* Carmel Decl. ¶ 4.

Additionally, because the Trustee anticipates conducting a Section 363 sale of assets in these Chapter 11 Cases, and because the assets subject of such sale include operating Debtor clinics, which operate out of premises leased by one or more Debtors, the Trustee needs to preserve the estates' ability to assume or reject such leases until thirty (30) days after Plan confirmation, to allow the Section 363 sale process to take place, so that no leases are prematurely rejected as a consequence of the passage of the deadline. A successful sale of the assets is a significant component of the Plan the Trustee has proposed in these Chapter 11 Cases. And as such, the Trustee proffers that good cause exists for the extension requested in the Motion Carmel Decl. ¶ 5.

Additionally, as to Prospect Rainbow, LLC ("Prospect Rainbow"), the Las Vegas landlord regarding premises located at 6590 S. Rainbow Boulevard in Las Vegas, Nevada 89118, the Trustee authorized and directed rental payments which were made, of $23,020.77 for May 2025, for June 2025, for July 2025, and for August 2025 as rent in full, according to wire instructions provided by Prospect Rainbow's counsel. This is the full amount of rent which was due for each of these months for Prospect Rainbow's premises. Carmel Decl. ¶ 6.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Furthermore, Trustee's counsel has communicated with counsel to Prospect Rainbow, LLC, and to counsel for Gordman Lake Regency, LLC, both of whom have advised of consent (no objection) to the relief requested in this Motion. *See* Langsner Decl. ¶ 3. For clarity and the avoidance of doubt, Prospect Rainbow's consent to the relief requested by the Trustee through this Motion is not a consent or agreement to the cure amount set forth in Schedule 6.3 to the Plan, and, by consenting to the relief requested in the Motion Prospect Rainbow has not waived any objection or dispute to cure amount(s), which will be dealt with as appropriate through the Plan and confirmation process.

Further, as to all unexpired leases of nonresidential real property:

(A) <u>whether the lease is the debtors' primary asset</u>—because many of the Debtors operate in-person clinics, the leases at present appear critical to preserving the Debtors' ongoing operations while the Trustee preserves assets and maintains operations in the lead-up to the Section 363 sale that is contemplated in the Plan and Disclosure Statement.

(B) <u>whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization</u>—here, the Trustee has worked diligently to become apprised of the value(s) of the Debtors continuing operations in their various locations, including evaluating revenue generated at each leased location, and has made an informed decision to move forward with a Section 363 sale of assets including the clinics operating at lease locations impacted by this Motion.

(C) <u>whether the lessor continues to receive rent for the use of the property</u>—as set forth herein *supra*, the Trustee resumed payment of rent to Prospect Rainbow as of the rent payment that was due on May 1, 2025, and has continued to ensure that monthly rent is paid in full to Prospect Rainbow since. As of this filing, Gordman Lake Regency has not advised of a rent delinquency.

(D) <u>whether the debtors' continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code</u>—no, because the landlords will not be subjected to additional risk, as rent continues to be paid and in the event rent were not to be paid (a situation the Trustee does not at this time foresee) the affected landlord would hold an administrative claim for unpaid postpetition rent for the Debtors' use and occupation of its premises post-petition.

(E) <u>whether the case is exceptionally complex and involves a large number of leases</u>—not particularly, but these Chapter 11 Cases involve several leases because many of the Debtors operate or operated clinics in a variety of locations throughout the United States. Furthermore, maintaining ongoing operations in the lead-up to Plan confirmation and an intended assets sale is critical. Thus, while this does not involve an exceptional

number of leases there are other circumstances in these Chapter 11 Cases warranting consideration of the requested relief.

(F) <u>whether the debtors have failed or are unable to formulate a plan when they have had sufficient time to do so</u>—here, the Trustee has filed his Plan and Disclosure Statement, and they are set for a combined Plan confirmation and Disclosure Statement final approval hearing to occur on September 24, 2025.

(G) <u>any other factors bearing on whether the debtors have had a reasonable amount of time in which to decide whether to assume or reject the lease</u>—here, it is the Trustee and not the Debtors deciding whether to assume or reject these leases, and the Trustee seeks to preserve the value of the Debtors' ongoing operations in the lead-up to Plan confirmation and the intended and forthcoming Section 363 sale.

Further, extending the time for the Trustee to assume or reject the leases will not subject the landlords to any additional risk because Debtor obligations under the terms of the leases will remain in status quo. *See, e.g.*, *Matter of Am. Healthcare Mgmt., Inc.*, 900 F.2d 827, 832 (5th Cir. 1990) ("'an order extending the time for a debtor to assume or reject a lease merely preserves the status quo, and . . . is entered in the routine administration of the court.'") (citation and quotation omitted), *subsequently distinguished on other grounds as discussed in In re Froiland*, 589 B.R. 309, 312-313 (Bankr. W.D. Tex. 2018).

Accordingly, the Trustee respectfully submits that "cause" exists to grant an extension for a period of approximately sixty days—to the thirtieth (30th) day following Plan confirmation, **Friday October 24, 2025**, pursuant to Section 365(d)(4)(B)(ii), for the Trustee to assume or reject the Debtors' nonresidential real property leases, as the proposed extension of time is necessary, appropriate, and in the best interest of the estates and, as such, the Motion should be granted.

## IV.
## RESERVATION OF RIGHTS

The Trustee expressly reserves the right to seek further extensions to assume or reject the unexpired leases of nonresidential real property to which any of the Debtors is a party, to the extent permitted by the Bankruptcy Code.

. . .

. . .

8

# V.
# CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form attached hereto as **Exhibit "1"** extending the time within which to assume or reject the unexpired leases of nonresidential real property by approximately sixty days—to the thirtieth (30th) day following Plan confirmation, **Friday October 24, 2025**, and granting such other and further relief which is just and proper.

Dated this 11th day of August 2025.

> GARMAN TURNER GORDON LLP
>
> By: /s/ Mary Langsner
> GREGORY E. GARMAN, ESQ.
> TALITHA GRAY KOZLOWSKI, ESQ.
> MARY LANGSNER, Ph.D.
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> *Attorneys for Michael Carmel,*
> *Chapter 11 Trustee*