GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: September 9, 2025<br>Hearing Time: 9:30 a.m. |
|---|---|

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF**
**MOTION FOR AN ORDER COMPELLING TURNOVER OF PROPERTY OF THE**
<u>**ESTATES AND FOR SANCTIONS**</u>

I, Michael Carmel, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion for an Order Compelling Turnover of Property of the Estates and for Sanctions* (the "Motion").[1]

2. I am the duly appointed Chapter 11 trustee ("Trustee") over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. Immediately upon my appointment, I began investigating the financial affairs and assets of the Debtors.

4. In the course of these investigations, I learned that, post-petition, a theft had allegedly occurred at the Debtors' Denver clinic post-petition, and, certain equipment and other inventory was asserted by the Debtors' representatives to be missing.

5. I also learned that the Debtors' principal Brad Palubicki had been communicating with Zurich regarding the Claim, which regarded equipment alleged to be stolen and/or damaged in connection with the February 2025 apparent theft at the Debtors' Denver Clinic. I also learned that Zurich had assigned the Claim a claim number (NuMale Corporation 5630118129), had been provided an inventory of the items alleged to be stolen and/or damaged, had identified the amount of money or value associated with the items allegedly stolen and/or damaged ($168,386.01), and had stated that Zurich would be preparing a settlement email regarding allocation of amounts to be paid.

6. *Inter alia*, I also requested a copy of and reviewed the police report, all Claim-related correspondence between Zurich and the Debtors' representatives, and an itemized inventory of the items reported as stolen.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

7. Attached hereto as **Exhibit "1"** is a true and correct copy of correspondence to Zurich, which I authorized and directed my counsel to send.

8. In the course of my investigation in these Chapter 11 Cases, I also demanded, from the Debtors' representative Brad Palubicki, proof that items subject of the Claim were owned and/or paid for solely by non-Debtors. No satisfactory proof was provided.

9. On or about June 5, 2025, I through counsel issued a demand to Zurich seeking, *inter alia*, the turnover of the Assets, and directing that all correspondence regarding the Claim be exclusively with and directed to my counsel and me. Zurich did not turn over the Assets and did not respond to the Turnover Letter.

10. Nearly two weeks later, my counsel followed up with Zurich again; however, Zurich did not turn over the Assets to me and did not contact me in response to this correspondence, either.

11. Then again in early July of 2025, my counsel again wrote Zurich; however, Zurich did not turn over the Assets to me and did not respond to this correspondence, either.

12. I have undertaken significant efforts to obtain the release of the Assets but have been essentially ignored by Zurich to date.

13. Zurich has not engaged with me since the date my counsel sent Zurich the Turnover Letter.

14. Zurich has a history of not only not complying with my turnover requests, but of failing to respond whatsoever.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 12th day of August 2025.

*/s/ Michael Carmel*
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*