GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: September 16, 2025<br>Hearing Time: 9:30 a.m. |

**APPLICATION TO EMPLOY J.S. HELD LLC AS FINANCIAL ADVISOR AND ACCOUNTANT TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC,

NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through counsel, Garman Turner Gordon LLP, hereby submit this application (the "Application") for entry of order, pursuant to Section[1] 327(a) of the Bankruptcy Code, approving the retention and employment of J.S. Held, LLC ("JS Held") to provide forensic accounting analyses, financial advisory, and accounting services to the Estates, and compensation of JS Held under Sections 330 and 331 pursuant to the terms of the Engagement Agreement (defined below), subject to Court approval. A proposed order approving of JS Held's retention is attached hereto as **Exhibit "1"**.

This Application is made and based upon the following Memorandum of Points and Authorities, the declarations of Peter Davis (the "Davis Decl.") and Michael Carmel (the "Carmel Decl.") filed herewith, the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327 and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and JS Held consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter

---

[1] Unless otherwise stated, all references to "Sections" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Practice of the U.S. Bankruptcy Court for the District of Nevada.

final orders for judgment consistent with Article III of the United States Constitution.

## II.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

1. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

2. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

3. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

4. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

5. Immediately upon the Trustee's appointment, he began investigating the financial affairs and assets of the Debtors. *See* Carmel Decl. ¶ 4.

6. The Debtors' business is a going concern, and the Trustee is authorized to operate the Debtors' business. *See* Carmel Decl. ¶ 5. *See also* 11 U.S.C. §§ 1107, 1108.

7. On or about July 21, 2025, the Trustee learned that one of the Debtors' principals, Brad Palubicki ("Palubicki"), was attempting to sell Estate assets, for Palubicki's personal benefit and without the Trustee's knowledge, consent, or authority. *See* Carmel Decl. ¶ 6.

8. Upon further investigations, the Trustee learned of additional potential other wrongdoings. *See* Carmel Decl. ¶ 7.

9. Subsequently, on or about July 29, 2025, the Trustee terminated Palubicki, Chief Financial Officer Holly Triplett ("Triplett"), and six others (altogether with Palubicki and Triplett, the "Terminated Employees"), all of whom were terminated for cause. *See* Carmel Decl. ¶ 8.

10. As set forth elsewhere in the record before this Court, the Trustee has significant concerns regarding the wrongdoing and detriment caused, post-petition, by bad acts of Palubicki, Triplett, and certain other Terminated Employees. *See, e.g.*, ECF Nos. 455-457.

11. The Trustee's investigation to date reveals there is a need for forensic accounting analyses of the Debtors and their accounting practices. *See* Carmel Decl. ¶ 9.

12. Additionally, given the complexity of the Debtors' business and organizational structure, and the need to ensure the Debtors' operations are maintained and assets are preserved in the lead-up to Plan confirmation and an anticipated Section 363 sale, the Trustee has determined in his business judgment that financial advisory services are also needed. *See* Carmel Decl. ¶ 10.

13. Furthermore, one of the Terminated Employees (Triplett) had previously compiled information from books and records, and prepared the Debtors' monthly operating reports and the supporting information filed with them. Triplett did not entrust preparation of the monthly operating reports and supporting materials to colleagues in the accounting department; as such, the current employees in accounting—while experienced in their own right—do not have experience preparing operating reports for filing with the Court. Given the immediacy of the August 21, 2025, deadline to file July 2025 operating reports, and the ongoing nature of this reporting, and that such services are anticipated for a relatively short period of time (less than six

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

months), the Trustee determined in his business judgment JS Held's assistance with meeting monthly operating reports is also necessary. *See* Carmel Decl. ¶ 11.

14. The Debtors require the services of an independent financial advisor providing accounting and financial advisory services. *See* Carmel Decl. ¶ 12.

15. The Trustee, through this Application, therefore seeks authorization and approval to employ JS Held to provide forensic accounting analyses, financial advisory, and accounting services to the Estates in connection with these Chapter 11 Cases.

### III.
### RETENTION, SCOPE OF SERVICES, QUALIFICATIONS

The services of JS Held under the Engagement Agreement are appropriate and necessary to enable the Trustee to execute his duties faithfully as the administrator of the Debtors' Estates. The Trustee's investigations are ongoing but, to date, indicate that one or more of the Debtors' principals including Brad Palubicki engaged in wrongdoing, breached one or more duties owed to the Debtors including fiduciary duties, and may have finessed or caused or directed other(s) to finesse financial reporting information provided to the Trustee in connection with these Chapter 11 Cases. *See* Carmel Decl. ¶ 13. Thus, the Trustee must ensure the Estates have an independent, reliable financial advisory and accounting service provider who can not only assist the Estates with meeting their routine reporting obligations and other accounting services but also assist the Trustee's investigation by providing forensic accounting services. JS Held has the requisite experience, depth, and expertise to provide these services to the Estates and can immediately step in. *See* Carmel Decl. ¶ 14. Employing JS Held will ensure that the Debtors' financial advisory and accounting service needs are met, and ongoing financial reporting requirements are complied with, while at the same time a more fulsome forensic analysis and evaluation of the Debtors is also conducted. *See* Carmel Decl. ¶ 15.

The Application therefore seeks approval and authorization of the Estates to employ JS Held to provide the services set forth in the engagement agreement, attached as **Exhibit "1"** to the Davis Decl. ("Engagement Agreement"). JS Held will provide forensic accounting analyses and financial advisory and accounting services (including assisting with the monthly operating

reports), to ensure the Estates stay current with reporting obligations, the Debtors' business has independent financial advisory and accounting services needs met, and the Trustee's investigation continues. *See* Davis Decl. ¶ 5. This requires the employment of a financial services firm that regularly and routinely provides such services and has the depth and capacity to provide Estates with necessary services on the timeframes such services are needed. *See* Carmel Decl. ¶ 16. JS Held is an international consulting firm with a significant footprint in North America and a strong presence in the Southwest region. JS Held has specialized expertise in complex situations and in high stakes matters demanding urgent attention, and is, accordingly, well capable of providing the necessary services to the Estates. *See* Davis Decl. ¶ 6.

JS Held is a global consulting firm significant expertise in financial investigations including forensic accounting, in strategic advisory experience including fiduciary services and healthcare organizations, and in bankruptcy and reorganizations. JS Held has experience and expertise in every type of services needed by these Estates. Peter Davis, CPA, ABV, CFF, CIRA, CTP, CFE, of JS Held is a Senior Managing Director and the lead JS Held professional working on this matter along with Mr. Scott Evans, Ms. Paula Durham, and Mr. Nick Kirkendoll.

- Mr. Davis has over 30 years of experience in financial consulting and extensive litigation experience and a proven track record in forensic accounting and fraud detection. His expertise includes understanding and interpreting complex financial data and determining damages.

- Mr. Evans, CPA, ABV, CFF, has over 30 years of experience as financial professional with extensive experience in, *inter alia*, forensic accounting, financial reporting, and accounting practices investigations.

- Ms. Durham is a seasoned investigation, operations, and compliance specialist with over 25 years of experience; she excels in providing strategic solutions to companies in transition that aim to improve profitability and liquidity while optimizing value and has decades of experience in fraud and forensic accounting.

- Mr. Kirkendoll is a seasoned turnaround and growth consultant with extensive experience working with small to middle-market companies. His expertise spans turnaround, restructuring, executive leadership, and financial planning and analysis, and he has significant experience consulting to physicians and healthcare entrepreneurs.

*See* Davis Decl. ¶ 7.

Based on JS Held's expertise and experience, the Trustee seeks Court authority to employ JS Held as the Estates' financial advisor and accountant. *See* Carmel Decl. ¶ 17. For the avoidance of doubt, JS Held will serve as the Estates' financial advisor and accountant, but will not be preparing tax returns for the Estates. *See* Davis Decl. ¶ 8.

## IV.
## NO ADVERSE INTEREST

16. Section 327(a) allows the trustee, with the court's approval, to employ one or more professionals that "do[es] not hold or represent an interest adverse to the estate, and that are disinterested persons to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

17. The Trustee has disclosed to JS Held certain known individuals and entities who constitute the equity security holders, managers, directors, officers, creditors, and other parties-in-interest, along with their respective attorneys and accountants, if known, to determine any prior or present representation of any creditors or parties-in-interest. *See* Carmel Decl. ¶ 18. *See also* Davis Decl. ¶ 9.

18. Based on its review of the information provided by the Trustee, and its own review of the matrix in these Chapter 11 Cases, to the best of its knowledge, JS Held and its professionals and employees are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b), because none of them are creditors, equity security holders, or insiders of any Debtor; none of them are, or were within the two-year period preceding the Petition Date, a director, officer or employee of any Debtor; and none of them have an interest materially adverse to the interests of the estates or any class of creditors or equity

security holders by reason of any direct or indirect relationship to, connection with, or interest in any Debtor or for any other reason.  *See* Davis Decl. ¶ 10.

19.To the best of its knowledge, based upon the its review of the disclosures provided by the Trustee and the matrix in these Chapter 11 Cases, neither JS Held, nor any of its professionals or employees, have any present or prior connection with the Debtors, the Debtors' creditors, other parties-in-interest, or their respective attorneys and accountants, the United States Trustee, or any persons employed in the Office of the United States Trustee.  *See* Davis Decl. ¶ 11.

20.JS Held will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, it will supplement its disclosure to the Court.  *See* Davis Decl. ¶ 12.

## V.
## COMPENSATION

21.JS Held has not been paid a retainer.  *See* Davis Decl. ¶ 13.

22.As set forth in the Engagement Letter, JS Held anticipates that financial advisory and accounting, and forensic accounting, services will be charged at the hourly rates then in effect for each JS Held professional, which rates are presently as follows:

| | |
|---|---|
| Senior Managing Directors | $570 |
| Managing Directors | $520 |
| Directors | $400 |
| Associate Directors | $380 |
| Sr. Consultants | $260 |
| Consultants | $235 |
| Project Assistants | $235 |

*See* Davis Decl. ¶ 14.  These rates are subject to periodic adjustment as set forth in the Engagement Agreement.  *See* Davis Decl. ¶ __.

23.These rates are also consistent with the rates charged by other financial advisory professionals serving in similar capacities.  *See* Davis Decl. ¶ 15.

24.The Trustee respectfully submits that these rates are reasonable under the circumstances of the Chapter 11 Cases.  *See* Carmel Decl. ¶ 19

25.Mr. Davis will be responsible for leading the engagement and will assign staff as appropriate.  *See* Davis Decl. ¶ 16.

26. In addition to the hourly rates, the Estates have agreed reimburse JS Held for all reasonable out-of-pocket expenses incurred in performing services set forth herein and in the Engagement Agreement, including sub-contractors (although, as the Engagement Agreement notes, no subcontractors are anticipated at this time). *See* Davis Decl. ¶ 17.

27. JS Held hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to, Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred in connection with these Chapter 11 Cases, from August 12, 2025, and thereafter. *See* Davis Decl. ¶ 18.

28. JS Held understands that its compensation is subject to prior Court approval. *See* Davis Decl. ¶ 19.

## VI.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the retention and employment of JS Held to provide forensic accounting analyses, financial advisory and accounting services to the Estates, pursuant to the terms set forth in the Engagement Agreement, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to Sections 330 and 331. The Trustee additionally requests such other and further relief as is just and proper.

Dated this 19th day of August 2025.

        GARMAN TURNER GORDON LLP

        By: */s/ Mary Langsner*
           GREGORY E. GARMAN, ESQ.
           TALITHA GRAY KOZLOWSKI, ESQ.
           MARY LANGSNER, Ph.D.
           7251 Amigo Street, Suite 210
           Las Vegas, Nevada 89119
           *Attorneys for Michael Carmel, Chapter 11 Trustee*