GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| | *Jointly administered with:* |
| AFFECTS THIS DEBTOR,  ☐ | Feliciano NuMale Nevada PLLC |
| AFFECTS FELICIANO  ☐  NUMALE NEVADA PLLC, | Case No. 25-10342-nmc |
| NUMEDICAL SC,  ☐ | NuMedical SC  Case No. 25-10343-nmc |
| NUMALE COLORADO SC,  ☐ | NuMale Colorado SC,  Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC,  ☐ | NuMale Florida TB PLLC |
| NUMALE NEBRASKA LLC,  ☐ | Case No. 25-10345-nmc |
| NUMALE NEW MEXICO SC,  ☐ | NuMale Nebraska LLC  Case No. 25-10346-nmc |
| NUMALE ALL DEBTORS,  ☒ | |
| Debtors. | NuMale New Mexico SC  Case No. 25-10347-nmc |
| | Hearing Date: September 16, 2025  Hearing Time: 9:30 a.m. |

**DECLARATION OF PETER DAVIS IN SUPPORT OF**
**APPLICATION TO EMPLOY J.S. HELD LLC AS FINANCIAL ADVISOR AND**
**ACCOUNTANT TO THE CHAPTER 11 ESTATES**

I, Peter Davis, CPA, ABV, CFF, CIRA, CTP, CFE, hereby declare as follows:

1.      I am over the age of 18 and mentally competent.  I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2.      I make this declaration in support of the *Application to Employ J.S. Held, LLC as Financial Advisor and Accountant to the Chapter 11 Estates* (the "Motion").[1]

3.      I am a Senior Managing Director with J.S. Held LLC ("JS Held").  JS Held is a global consulting firm that maintains offices throughout North America and internationally.  JS Held's offices in Phoenix, Arizona, are at 2700 North Central Avenue, Suite 1275, Phoenix, AZ 85004.

4.      Attached hereto as **Exhibit "1"** is a true and correct copy of JS Held's executed engagement agreement for the work anticipated to be performed in these Chapter 11 Cases (the "Engagement Agreement").

5.      JS Held will provide forensic accounting analyses and financial advisory and accounting services (including assisting with the monthly operating reports), to ensure the Estates stay current with reporting obligations, the Debtors' business has independent financial advisory and accounting services needs met, and the Trustee's investigation continues.

6.      JS Held is an international consulting firm with a significant footprint in North America and a strong presence in the Southwest region.  JS Held has specialized expertise in complex situations and in high stakes matters demanding urgent attention, and is, accordingly, well capable of providing the necessary services to the Estates

7.       JS Held is a global consulting firm significant expertise in financial investigations including forensic accounting, in strategic advisory experience including fiduciary services and healthcare organizations, and in bankruptcy and reorganizations.  JS Held has experience and expertise in every type of services needed by these Estates.  I am a Senior Managing Director at JS Held and the lead JS Held  professional working on this matter along with Mr. Scott Evans, Ms.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

Paula Durham, and Mr. Nick Kirkendoll.

- I have over 30 years of experience in financial consulting and extensive litigation experience and a proven track record in forensic accounting and fraud detection. My expertise includes understanding and interpreting complex financial data and determining damages.

- Mr. Evans, CPA, ABV, CFF, has over 30 years of experience as financial professional with extensive experience in, *inter alia*, forensic accounting, financial reporting, and accounting practices investigations.

- Ms. Durham is a seasoned investigation, operations, and compliance specialist with over 25 years of experience; she excels in providing strategic solutions to companies in transition that aim to improve profitability and liquidity while optimizing value and has decades of experience in fraud and forensic accounting.

- Mr. Kirkendoll is a seasoned turnaround and growth consultant with extensive experience working with small to middle-market companies. His expertise spans turnaround, restructuring, executive leadership, and financial planning and analysis, and he has significant experience consulting to physicians and healthcare entrepreneurs.

8.    For the avoidance of doubt, JS Held will serve as the Estates' financial advisor and accountant, but will not be preparing tax returns for the Estates.

9.    JS Held received from the Trustee certain known individuals and entities who constitute the equity security holders, managers, directors, officers, creditors, and other parties-in-interest, along with their respective attorneys and accountants, if known, to determine any prior or present representation of any creditors or parties-in-interest.

10.    Based on its review of the information provided by the Trustee, and its own review of the matrix in these Chapter 11 Cases, to the best of its knowledge, JS Held and its professionals and employees are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b), because none of them are creditors, equity security holders, or insiders of any Debtor; none of them are, or were within the two-year period

1  preceding the Petition Date, a director, officer or employee of any Debtor; and none of them have an

2  interest materially adverse to the interests of the estates or any class of creditors or equity security

3  holders by reason of any direct or indirect relationship to, connection with, or interest in any Debtor

4  or for any other reason.

5    11.    To the best of JS Held's knowledge, based upon the its review of the disclosures

6  provided by the Trustee and the matrix in these Chapter 11 Cases, neither JS Held, nor any of its

7  professionals or employees, have any present or prior connection with the Debtors, the Debtors'

8  creditors, other parties-in-interest, or their respective attorneys and accountants, the United States

9  Trustee, or any persons employed in the Office of the United States Trustee

10    12.    JS Held will conduct an ongoing review of its files to ensure that no disqualifying

11  circumstances arise, and if any new relevant facts or relationships are discovered, it will

12  supplement its disclosure to the Court.

13    13.    JS Held has not been paid a retainer.

14    14.    As set forth in the Engagement Letter, JS Held anticipates that financial advisory

15  and accounting, and forensic accounting, services will be charged at the hourly rates then in effect

16  for each JS Held professional, which rates are presently as follows:

| | |
|---|---|
| Senior Managing Directors | $570 |
| Managing Directors | $520 |
| Directors | $400 |
| Associate Directors | $380 |
| Sr. Consultants | $260 |
| Consultants | $235 |
| Project Assistants | $235 |

These rates are subject to periodic adjustment as set forth in the Engagement Agreement.

    15.    These rates are also consistent with the rates charged by other financial advisory

professionals serving in similar capacities.

    16.    I will be responsible for leading the engagement and will assign staff as appropriate.

    17.    In addition to the hourly rates, the Estates have agreed to reimburse JS Held for all

reasonable out-of-pocket expenses incurred in performing services set forth in the Motion and in

the Engagement Agreement, including sub-contractors (although, as the Engagement Agreement

1    notes, no subcontractors are anticipated at this time).

2        18.    JS Held hereafter intends to apply to the Court for allowances of compensation and

3    reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code,

4    including, but not limited to, Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and

5    the Guidelines for Professional Compensation established by the Office of the United States

6    Trustee, and further orders of this Court, for all services performed and expenses incurred in

7    connection with these Chapter 11 Cases, from August 12, 2025, and thereafter.

8        19.    JS Held understands that its compensation is subject to prior Court approval.

9        I declare under penalty of perjury of the laws of the United States that these facts are true

10    to the best of my knowledge and belief.

11        DATED this 7 day of August 2025.

12    PETER DAVIS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000