GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: September 16, 2025<br>Hearing Time: 9:30 a.m. |

## DECLARATION OF MICHAEL CARMEL IN SUPPORT OF APPLICATION TO EMPLOY J.S. HELD, LLC AS FINANCIAL ADVISOR AND <u>ACCOUNTANT TO THE CHAPTER 11 ESTATES</u>

I, Michael Carmel, Esq., hereby declare as follows:

1.      I am over the age of 18 and mentally competent.  I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2.      I make this declaration in support of the *Application to Employ J.S. Held, LLC as Financial Advisor and Accountant to the Chapter 11 Estates* (the "Motion").[1]

3.      I am the duly appointed Chapter 11 trustee ("Trustee") over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

4.      Immediately upon my appointment, I began investigating the financial affairs and assets of the Debtors.

5.      The Debtors' business is a going concern, and I as Trustee am authorized to operate the Debtors' business.

6.      On or about July 21, 2025, I learned that one of the Debtors' principals, Brad Palubicki, was attempting to sell Estate assets, for Palubicki's personal benefit and without my knowledge, consent, or authority.

7.      Upon further investigations, I learned of additional potential other wrongdoings.

8.      Subsequently, on or about July 29, 2025, I terminated Palubicki, Chief Financial Officer Holly Triplett, and six others, all of whom were terminated for cause.

9.      My investigation to date reveals there is a need for forensic accounting analyses of the Debtors and their accounting practices.

10.     Additionally, given the complexity of the Debtors' business and organizational structure, and the need to ensure the Debtors' operations are maintained and assets are preserved in the lead-up to Plan confirmation and an anticipated Section 363 sale, I have determined in my business judgment that financial advisory services are also needed.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

11.     Furthermore, I understand one of the Terminated Employees (Triplett) had previously compiled information from books and records, and prepared the Debtors' monthly operating reports and the supporting information filed with them.  I understand Triplett did not entrust preparation of the monthly operating reports and supporting materials to colleagues in the accounting department; as such, I understand the current employees in accounting—while experienced in their own right—do not have experience preparing operating reports for filing with the Court.  Given the immediacy of the August 21, 2025, deadline to file July 2025 operating reports, and the ongoing nature of this reporting, and that such services are anticipated for a relatively short period of time (less than six months), I determined in my business judgment JS Held's assistance with meeting monthly operating reports is also necessary.

12.     The Debtors require the services of an independent financial advisor providing accounting and financial advisory services.

13.     The services of JS Held under the Engagement Agreement are appropriate and necessary to enable me to execute my duties faithfully as the administrator of the Debtors' Estates. My investigations are ongoing but, to date, indicate that one or more of the Debtors' principals including Brad Palubicki engaged in wrongdoing, breached one or more duties owed to the Debtors including fiduciary duties, and may have finessed or caused or directed other(s) to finesse financial reporting information provided to me as Trustee in connection with these Chapter 11 Cases.

14.      Thus, I must ensure the Estates have an independent, reliable financial advisory and accounting service provider who can not only assist the Estates with meeting their routine reporting obligations and other accounting services but also assist the Trustee's investigation by providing forensic accounting services.  JS Held has the requisite experience, depth, and expertise to provide these services to the Estates and can immediately step in.

15.     Employing JS Held will ensure that the Debtors' financial advisory and accounting service needs are met, and ongoing financial reporting requirements are complied with, while at the same time a more fulsome forensic analysis and evaluation of the Debtors is also conducted.

16.     The Estates' needs require the employment of a financial services firm that regularly and routinely provides such services and has the depth and capacity to provide Estates

with necessary services on the timeframes such services are needed.

17.    Based on JS Held's expertise and experience, I as Trustee seek Court authority to employ JS Held as the Estates' financial advisor and accountant.

18.    I have disclosed to JS Held certain known individuals and entities who constitute the equity security holders, managers, directors, officers, creditors, and other parties-in-interest, along with their respective attorneys and accountants, if known, to determine any prior or present representation of any creditors or parties-in-interest.

19.    I respectfully submit that JS Held's rates set forth in the Engagement Agreement are reasonable under the circumstances of the Chapter 11 Cases.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 19th day of August 2025.

*/s/ Michael Carmel*
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*
