

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
August 19, 2025

_____

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | |
| | Hearing Date: August 19, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER TO SHOW CAUSE WHY BRAD PALUBICKI, EVA GABRIELA FARMER DE LA TORRE, HOLLY TRIPLETT, AND KEN BRAIELMEIR, AND ANY OTHER PERSONS AIDING AND ABETTING OR CONSPIRING WITH THEM SHOULD NOT BE SANCTIONED AND HELD IN CONTEMPT**

On August 19, 2025, the Court conducted a hearing on the *Motion for Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* ("Motion") [ECF No. 455] filed by Michael Carmel, as the Chapter 11 trustee ("Trustee"). The Motion requested entry of an *Order to Show Cause* setting an evidentiary hearing at which Brad Palubicki ("Palubicki"), Eva Gabriela Farmer De La Torre ("De La Torre"), Holly Triplett ("Triplett"), Ken Braielmeir ("Braielmeir," and together with Palubicki, De La Torre, and Triplett, the "Respondents") shall appear and show cause why they each should not be sanctioned and held in contempt for violation of the automatic stay under Section 362(a) of the Bankruptcy Code, the *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155] (the "Trustee Order"), and intentionally interfering with the Trustee's operation and management of the Estates. The Motion further sought turnover pursuant to Section 542(a) of certain assets of the Estates.

Gregory Garman, Esq. and Mary Langsner, Ph.D. appeared on behalf of the Trustee, and all other appearances were noted on the record at the Hearing. The Court having read and reviewed the Motion, and the papers, pleadings, and declarations filed in support of the Motion, as well as the papers and pleadings on file in the Chapter 11 Cases and all other matters identified by the Court at the Hearing; there being no written opposition to the Motion (timely, or otherwise); and the Court having also heard the oral argument of those who appeared on the record at the Hearing, and based upon the findings of fact and conclusions of law placed on the record at the Hearing, which are hereby expressly incorporated pursuant to FED. R. BANKR. P. 9014(a) and (c) and 7052, and good cause appearing:

**IT IS ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that Respondents shall appear and show cause at an evidentiary hearing before this Court **on October 22, 2025, at 9:30 a.m. prevailing Pacific Time,** why they each should not be sanctioned and held in contempt for violation of the automatic stay

under Section 362(a) of the Bankruptcy Code, the Trustee Order, and/or intentionally interfering with the Trustee's operation and management of the Estates (the "Show Cause Hearing").

**IT IS FURTHER ORDERED** that any opposition or response to this *Order to Show Cause*, including supporting evidence, shall be filed fourteen (14) days prior to the Show Cause Hearing, which briefing deadline is October 8, 2025 (the "Oppositions").

**IT IS FURTHER ORDERED** that any replies to any Oppositions, including any additional supporting evidence, shall be filed seven (7) days prior to the Evidentiary Hearing, which briefing deadline is October 15, 2025.

**IT IS FURTHER ORDERED** that any subsequent acts by any of the Respondents in (i) contacting, directing, or interfering with any of the Debtors' business operations, vendors, service providers, or pharmacy partners; (ii) altering, removing, disabling, or attempting to access any payment methods, credit cards, ACH arrangements, or platform credentials (including EPCS tokens, multi-factor devices, and administrator accounts); (iii) accessing or attempting to access the Debtors' clinics' EHR or vendor portals; and/or (iv) holding themselves out as having any authority to bind the Estates or the Debtors or to direct patient-care operations, shall subject the Respondents to sanctions by this Court.

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, in accordance with the Trustee Order, none of the Respondents have any authority or control over the Debtors[1] or the Affiliated Nondebtors.[2]

**IT IS FURTHER ORDERED** that all service providers and vendors doing business with any of the Debtors or Affiliated Nondebtors shall comply with the Trustee Order, including recognizing the Trustee's sole control and authority over the Debtors and the Affiliated Nondebtors, which providers and vendors include but are not limited to the following: (i) AdvancedMD EMR; (ii) MDToolbox; (iii) RepeatMD; (iv) Paylocity; (v) Olympia; (vi) Empower;

---

[1] NuMale Corporation; Feliciano NuMale Nevada PLLC; NuMedical SC; NuMale Colorado SC; NuMale Florida TB PLLC; NuMale Nebraska LLC; NuMale New Mexico SC (collectively, the "Debtors").

[2] Nevada NuMale LLC; NMC Illinois, LLC; NuMale Albuquerque LLC; NuMale Charlotte, LLC; NuMale Denver, LLC; NuMale Green Bay, LLC; NuMale Omaha, LLC; NuMale Tampa, LLC; NuFemme Milwaukee, LLC (collectively, the "Affiliated Nondebtors").

(vii) Wells Pharmacy; (viii) AnazaoHealth; (ix) CarieBoyd; (x) PharmaLink; (xi) Qualgen; (xii) McKesson; (xiii) CardinalHealth; (xiv) OrthoMolecular; (xv) Plymouth Medical; (xvi) Policy Tec; (xvii) Remote TC Systems; and (xviii) MyMedLeads/Texting System/Apex Chat.

**IT IS FURTHER ORDERED** that Respondents shall deliver to the Trustee within forty-eight (48) hours of entry of this Order: (i) administrator-level credentials, passwords, multifactor tokens/devices, recovery codes, and ownership/registrar control for payment processing, electronic prescribing, EHR/PM systems, email and domain services, cloud storage, telephone/communications, accounting/billing, and any other production systems; (ii) hardware and removable media owned by the Debtors (workstations, laptops, phones, external drives, security keys) and any device storing estate data; (iii) recorded information under Section 542(e), including configuration backups, audit logs, access/change histories, vendor tickets, service contracts, and correspondence sufficient to restore full Trustee control; and (iv) cryptographic/API materials (SSH keys, API tokens, OAuth app ownership) enabling access to the foregoing.

**IT IS FURTHER ORDERED** that pursuant to the Trustee Order and Sections 323 and 542 of the Bankruptcy Code, GoDaddy, Inc. shall turnover control of the following domains for the Debtors' businesses from any account held by the Respondents (including account number 60191678) to the Debtors' account (account number 215889822): (i) nufemme.com; (ii) numale.com; (iii) numalemedicalcenter.com; (iv) numalemedical.com; and (v) any variations of the foregoing (i.e. same domains ending in .net, .org, .biz, .medical, .health, .care, .doctors, etc.)

**IT IS FURTHER ORDERED** that the terms of this Order are effective immediately.

**IT IS SO ORDERED**.

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4

# LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐ The Court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared on the Motion at the omnibus hearing or filed an objection to the Motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing other than simply to monitor, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order as follows.

| | |
|---|---|
| Alyssa Rogan, Esq.<br>Justin Valencia, Esq.<br>*Attorneys for United States Trustee for Region 17* | **WAIVED** |
| Joseph G. Went, Esq.<br>*Attorneys for Brad Palubicki* | **WAIVED** |
| Ryan A. Andersen, Esq.<br>*Attorneys for Justin Pulliam* | **WAIVED** |
| Holly Triplett | **WAIVED** |
| Ken Brielmaeir | **WAIVED** |
| Lori Bencoe, Esq.<br>*Attorneys for Michael Sanchez* | **WAIVED** |

☐ I have certified that under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000