GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | |

**MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH ODK CAPITAL, LLC**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits this motion (the "Motion") for: (i) entry of an order pursuant to

Bankruptcy Rule[1] 9019, substantially in the form attached hereto as **Exhibit 1** (the "9019 Order"), approving the proposed *Settlement and Release Agreement* (the "Settlement Agreement")[2] attached hereto as **Exhibit 2.**

This Motion is made and based upon the following memorandum of points and authorities, the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion.

# I.
# BACKGROUND

1. NuMale Colorado, S.C. and ODK Capital, LLC ("ODK Capital") entered into the Business Lease and Security Agreement dated November 8, 2024 (the "Agreement"), pursuant to which ODK Capital agreed to provide funding to NuMale Colorado, S.C., which Agreement was guaranteed by Carlos Feliciano. *See* Carmel Decl. ¶ 3.

2. On January 22, 2025, Debtors filed a voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., jointly administered as Case No. 25-10341-nmc (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). ECF No. 1.

3. On May 1, 2025, ODK Capital filed a proof of claim in the Bankruptcy Cases asserting an unsecured claim in the amount of $17,946.25 (the "Proof of Claim"). *See* Carmel Decl. ¶ 5.

4. Post-petition, the Trustee prepared a draft complaint that the Trustee intended to file in the Bankruptcy Court asserting a preference claim of $26,551.03 (the "Proposed Complaint"). *See* Carmel Decl. ¶ 6.

---

[1] Unless otherwise stated, all references to "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" or "LR" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] All capitalized, undefined terms shall have the meanings set forth in the Settlement Agreement.

5. Prior to filing the Proposed Complaint in the Bankruptcy Cases and incurring the related costs, the Trustee discussed the Proposed Complaint with ODK Capital and sought to consensually resolve the Parties' disputes. *See id.*

6. During these negotiations, ODK Capital asserted multiple defenses to the Trustee's asserted preference claim, including an ordinary course defense. *See* Carmel Decl. ¶ 7.

7. Thereafter, the Parties negotiated at arms-length and in good faith to reach a resolution of their respective claims and disputes, which resolution is memorialized in the Settlement Agreement attached hereto as **Exhibit 2.** *See* Carmel Decl. ¶ 8.

8. The Settlement Agreement provides for ODK Capital to pay the Trustee $8,000.00 (the "Payment"), for ODK Capital retain its unsecured claim without increase for the Payment, and for mutual releases. *See* Settlement Agreement, Ex. 2.

## II.
## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F), (H), (K), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§1408(1) and 1409(a). The statutory bases for the relief requested herein is Section 105 and Bankruptcy Rule 9019(a).

10. Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## LEGAL ARGUMENT

**A.     Applicable Standard Under Bankruptcy Rule 9019.**

Compromise and settlement agreements have long been an integral part of the bankruptcy process. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1958) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S.Ct. 1, 14, (1939)). A bankruptcy court may approve a compromise if it makes an informed, independent judgment that the compromise is fair and equitable. *See id.*

In order to determine whether a proposed settlement is fair and equitable, a bankruptcy court is directed to consider the following factors (the "A&C Properties Factors"): "(1) the probability of success in litigation of the dispute, (2) the difficulties to be encountered, if any, in the collection of an award, (3) the complexity, expense, inconvenience and delay of litigation, and (4) the interest of creditors in the case, giving deference to any reasonable views expressed." *In re Endoscopy Ctr. of S. Nevada, LLC*, 451 B.R. 527, 535 (Bankr. D. Nev. 2011) (*citing In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986)).

In seeking approval of a compromise, the trustee has the burden of persuasion. *See id*. at 536 (*citing TMT Trailer*, 390 U.S. at 425). However, the trustee is not necessarily required to satisfy each of the A&C Properties Factors, as long as they favor approval of the settlement as a whole. *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). A bankruptcy court may approve a settlement pursuant to Bankruptcy Rule 9019 where, based on its own judgment, the court determines that the settlement is "fair and equitable when comparing the claims being compromised against the likely rewards of litigation." *In re Endoscopy Center*, 451 B.R. at 535 (*citing TMT Trailer*, 390 U.S. at 425).

Thus, the settlement does not have to be the best the trustee could have possibly obtained, but must only fall "within the reasonable range of litigation possibilities." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). The court is not required to conduct a mini-trial of the underlying claims or rule upon disputed facts and questions of law, which would defeat the purpose of settlement and frustrate negotiations, but need only canvass the issues. *See Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008) (*citing Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)); *In re W. Funding Inc.*, 550 B.R. 841, 852 (B.A.P. 9th Cir. 2016), *aff'd*, 705 F. App'x 600 (9th Cir. 2017).

B.    **The Settlement Is Fair and Reasonable and Should be Approved.**

Here, the A&C Properties Factors support approval of the Settlement Agreement, which are fair and equitable when comparing the estate claims being compromised against the likely rewards of litigating each of the claims through trial.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

*First*, the Settlement Agreement provides for a recovery that falls well within the range of litigation possibilities. While Debtors made the payments, ODK Capital has asserted multiple defenses, including that the payments were made in the ordinary course of business, which provides a complete defense. *See* Carmel Decl. ¶ 9. The settlement produces $8,000.00 of value with respect to $26,551.03 of disputed transfers. Were ODK Capital successful on its ordinary course and other defenses, the recovery for the estates would be significantly less and potentially $0.00. *Id.* For these reasons, the first A&C Properties Factor weighs in favor of approval of the Settlement Agreement.

*Second*, there is no certainty of collection on any judgment obtained against ODK Capital and the cost of collection could exceed the judgment. This factor is at worst neutral, and at best, supports approval of the settlement.

*Third*, should this matter proceed to litigation, it will be necessary to litigate ODK Capital's defenses, including the ordinary course of business defense (11 U.S.C. § 547(c)(2)). This will likely require extensive discovery and trial. For these reasons, the third A&C Properties Factor supports approval of the Settlement Agreement.

*Fourth*, and as noted above, the settlement amount represents a favorable recovery for the estates without increasing ODK Capital's unsecured claim and without the significant delay and cost of further litigation. This is beneficial to the estates' creditors. *See* Carmel Decl. ¶ 10. For these reasons, the fourth A&C Properties Factor supports approval of the Settlement Agreement.

Based on the foregoing, the Trustee submits that the Settlement Agreement is fair and reasonable and requests that it be approved. *See* Carmel Decl. ¶ 11.

## IV.
## CONCLUSION

The Settlement Agreement is in the best interest of the estates and the Debtors' creditors and is fair and equitable under the standard set forth in *A&C Properties*. Accordingly, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement, substantially in the form attached hereto as **Exhibit 2**, and for any other appropriate relief.

Dated this 26th day of August, 2025.

                                    GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Chapter 11 Trustee*