GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |
|---|---|

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH ODK CAPITAL, LLC**

1

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Approve Settlement with ODK Capital, LLC* (the "Motion").[1]

2. I am the duly appointed Chapter 11 trustee over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. NuMale Colorado, S.C. and ODK Capital, LLC ("ODK Capital") entered into the Business Lease and Security Agreement dated November 8, 2024 (the "Agreement"), pursuant to which ODK Capital agreed to provide funding to NuMale Colorado, S.C., which Agreement was guaranteed by Carlos Feliciano.

4. On January 22, 2025, Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* jointly administered as Case No. 25-10341-nmc (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

5. On May 1, 2025, ODK Capital filed a proof of claim in the Bankruptcy Cases asserting an unsecured claim in the amount of $17,946.25 (the "Proof of Claim").

6. My counsel prepared a draft complaint that the Trustee intended to file in the Bankruptcy Court asserting a preference claim of $26,551.03 (the "Proposed Complaint"), which draft Complaint was provided to ODK Capital in connection with settlement negotiations.

7. During these negotiations, ODK Capital asserted multiple defenses to the Trustee's asserted preference claim, including an ordinary course defense.

8. The Parties negotiated at arms-length and in good faith to reach a resolution of their respective claims and disputes, which resolution is memorialized in the Settlement Agreement.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

9. While Debtors made the payments, ODK Capital has asserted multiple defenses, including that the payments were made in the ordinary course of business, which provides a complete defense. The settlement produces $8,000.00 of value with respect to $26,551.03 of disputed transfers. Were ODK Capital successful on its ordinary course and other defenses, the recovery for the estates would be significantly less and potentially $0.00.

10. The settlement amount represents a favorable recovery for the estates without increasing ODK Capital's unsecured claim and without the significant delay and cost of further litigation. This is beneficial to the estates' creditors.

11. In my business judgment, approval of the Settlement Agreement is in the best interest of the creditors and estates.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 26th day of August, 2025.

                                              */s/ Michael Carmel*
                                              MICHAEL CARMEL, CHAPTER 11 TRUSTEE