# EXHIBIT 1

# EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT ("Agreement"), effective as of August 27, 2025 (the "Effective Date"), is by and among MICHAEL W. CARMEL (the "Trustee"), the Chapter 11 trustee for NUMALE CORPORATION ("Debtor"), JUSTIN PULLIAM ("J. Pulliam"), IRMA PULLIAM ("I. Pulliam," and collectively with the Trustee, the Debtor, and J. Pulliam, the "Debtor Parties"), and NEWTEK BANK, N.A. ("Newtek"). For the purposes of this Agreement, the Borrower Parties and Newtek may each be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A. On December 27, 2023, Debtor, NMC Illinois, LLC, NuMale Albuquerque, LLC, NMC Denver, LLC, and NuMale Medical Center, LLC obtained a loan in the principal amount of $5 million from Newtek, being SBA Loan No. 55690091-02 (the "Loan").

B. The Loan is memorialized by the Business Loan Agreement, U.S. Small Business Administration Note, Commercial Security Agreement, UCC-1 Financing Statement recorded with the Nevada Secretary of State on December 22, 2023, Instrument Number 2024382090-6, guaranties, and all related loan documents (collectively, the "Loan Documents").

C. J. Pulliam, I. Pulliam, Brad Palubicki, and Carlos Feliciano guaranteed repayment of the Loan.

D. Newtek recorded that certain Deed of Trust dated December 27, 2023, between J. Pulliam and I. Pulliam, as grantors, Newtek, as beneficiary, and Netco Inc., as trustee, with the Clark County, Nevada Recorder's Office as Instrument Number 20231228-0002475, against the real property bearing assessor parcel number 176-24-411-118, which property is owned by J. Pulliam and I. Pulliam (the "Pulliam Deed of Trust").

E. NMC Illinois, LLC, NuMale Albuquerque, LLC, NMC Denver, LLC, and NuMale Medical Center, LLC, NuMale Denver, LLC, NuMale Omaha, LLC, NuMale Charlotte, LLC, NuMale Tampa, LLC, NuMale Milwaukee, LLC, Carlos Feliciano, and Brad Palubicki (collectively, the "Non-Settling Obligors") are not parties to this Agreement and shall not be released from the Loan or the obligations arising under the Loan Documents.

F. On January 22, 2025, Debtor, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, which cases are jointly administered as Case No. 25-10341-nmc (the "Chapter 11 Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

. . .

G. On April 2, 2025, the Bankruptcy Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates.

H. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17, appointed Michael W. Carmel as the Chapter 11 Trustee for the Chapter 11 Cases, which was approved by the *Order Approving Appointment of Chapter 11 Trustee* on April 7, 2025.

I. On June 20, 2025, Newtek filed its proof of claim against Debtor asserting a claim for $5,033,301.46 (the "Proof of Claim").

J. Newtek and the Trustee have negotiated in good faith and arms-length to resolve the amount and treatment of Newtek's asserted claim with respect to the Loan and Loan Documents.

F. The Parties, having negotiated at arms-length and in good faith, are desirous of settling their disputes as set forth in Recitals above pursuant to the following terms and conditions.

## AGREEMENT

NOW, THEREFORE, in consideration of the terms, covenants, and agreements of the Parties as set forth herein, and for other good and valuable consideration, the existence and sufficiency of which is acknowledged by the Parties, the Parties hereby agree as follows:

1. Recitals. The foregoing Recitals are true and correct and are incorporated herein by this reference.

2. Allowed Claim. Newtek's claim against Debtor shall be compromised of an allowed secured claim against Debtor in the amount of $1,000,000.00 (the "Allowed Secured Claim") and the balance of the Proof of Claim shall be a general unsecured claim (the "Allowed General Unsecured Claim").

3. Payment. The Trustee has filed a plan of reorganization that provides for payment of $1,000,00.00 in satisfaction of the Allowed Secured Claim on or as soon as reasonably practicable after the plan's effective date (the "Payment"). The Allowed General Unsecured Claim shall be treated consistent with all other allowed general unsecured claims under the plan.

4. Agreement Subject to Bankruptcy Court Approval. Upon execution of this Agreement by all Parties, the Trustee shall move the Bankruptcy Court for the entry of an order approving this Agreement pursuant to Fed. R. Bankr. P. 9019 ("Approval Motion"). The Parties agree to use their best efforts to obtain entry of an order granting the Approval Motion ("Approval Order").

5. <u>Financing Statement Terminations</u>. Upon entry of the Approval Order by the Bankruptcy Court and within five (5) days of Newtek's receipt of the Payment, Newtek agrees to file a termination of any UCC-1 financing statements filed in connection with the Loan that encumber any property of any of the Debtors, in any and all jurisdictions in which such UCC financing statements have been filed.

6. <u>Reconveyance of Deed of Trust</u>. Upon entry of the Approval Order by the Bankruptcy Court and within five (5) days of Newtek's receipt of the Payment, Newtek shall record a reconveyance of the Pulliam Deed of Trust with the Clark County Recorder's Office and provide a copy of the duly-recorded reconveyance of J. Pulliam and I. Pulliam.

7. <u>Concerning Loan Default</u>. Effective upon entry of the Approval Order and Newtek's receipt of the Payment, and without any further action by any Party hereto, any and all potential or actual defaults under the Loan by J. Pulliam and I. Pulliam are cancelled and rescinded with respect to J. Pulliam and I. Pulliam only.

8. <u>Newtek's Retention of All Rights Against the Non-Settling Obligors</u>. This compromise shall not modify, amend, or alter the Non-Settling Obligors' obligations with respect to the Loan or the Loan Documents. Newtek shall retain all rights against the Non-Settling Obligors with respect to the Loan and Loan Documents.

9. <u>Representations and Warranties of Newtek</u>. As a material inducement for the Debtor Parties to enter into this Agreement, Newtek hereby represent and warrant to the Debtor Parties that:

    (a) Newtek have full power, capacity, and authority to execute, deliver, and perform their obligations under this Agreement, and that this Agreement is binding upon and enforceable against Newtek in accordance with its terms; and

    (b) As of the Effective Date, Newtek have not assigned or transferred to any person or entity any matter released in this Agreement or any part or portion of any matter released in this Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by Newtek. Newtek enter into this Agreement with the intention of binding themselves and their successors, predecessors, subsidiaries, affiliates, partners, employees, assigns, attorneys, agents, heirs, and all others who may claim under, through or in connection with each.

10. <u>Representations and Warranties of the Debtor Parties</u>. As a material inducement for Newtek to enter into this Agreement, the Debtor Parties hereby represent and warrant to Newtek that as of the Effective Date:

    (a) Upon entry of the Approval Order, the Debtor Parties have full capacity, power, and authority to execute, deliver and perform their obligations under this Agreement, and that this Agreement is binding upon and enforceable against each in accordance with its terms;

    (b) The Debtor Parties have not assigned or transferred to any person or entity any matter released in this Agreement or any part or portion of any matter released in this

Agreement, and all claims, defenses, rights and obligations and causes of action asserted or the subject of this Agreement are in fact owned by the Debtor Parties. The Debtor Parties enter into this Agreement with the intention of binding themselves and their successors, predecessors, partners, members, managers, employees, assigns, attorneys, agents, heirs, and all others who may claim under, through or in connection with each.

11. <u>Release of Claims</u>. In consideration of the obligations and undertakings in this Agreement, the Debtor Parties, effective upon Newtek's receipt of the Payment, each on behalf of itself/himself/herself and its/his/her members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys, and agents (the "<u>Debtor Releasing Parties</u>") do hereby forever release, discharge and acquit Newtek and their respective members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys and agents (collectively, the "<u>Newtek Released Parties</u>") of and from all and every manner of claims, acts and actions, demands, cause and causes of action, at law, in equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which the Debtor Releasing Parties ever had, now have, may have, or could have, against any of the Newtek Released Parties by reason of any matter, cause or thing, including without limitation any matter, cause or thing set forth in, relating to, or arising out of, or in any way connected with or resulting from the Loan and the Loan Documents.

In consideration of the obligations and undertakings in this Agreement, effective upon Newtek's receipt of the Payment, Newtek, on behalf of itself and its members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys, and agents (the "<u>Newtek Releasing Parties</u>") does hereby forever release, discharge, and acquit the Debtor Parties, and their respective members, partners, managers, affiliates, predecessors, successors, heirs and assigns, present and future investors, parent companies, subsidiaries, administrators, servants, employees, representatives, attorneys, and agents (collectively, the "<u>Debtor Released Parties</u>") of and from all and every manner of claims, acts and actions, demands, cause and causes of action, at law, in equity or otherwise, whether known or unknown, suspected or unsuspected, fixed or contingent, liquidated or unliquidated, which the Newtek Releasing Parties ever had, now have, may have, or could have, against any of the Debtor Released Parties by reason of any matter, cause or thing, including without limitation any matter, cause or thing set forth in, relating to, or arising out of, or in any way connected with or resulting from the Loan or the Loan Documents; provided, however, that Newtek does not and shall not release the Allowed Secured Claim nor any of the Non-Settling Obligors.

12. <u>Exclusions from Release of Claims</u>. The Allowed Secured Claim and any claims arising out of the breach of this Agreement by any Party are excluded from the releases provided in <u>Section 11</u>, and, in the event of any such breach, the non-breaching Party shall be entitled to pursue any and all rights, claims and damages that it may have against the other Party as a result of such breach. For the avoidance of doubt, the Non-Settling Obligors are excluded from the releases provided in <u>Section 11</u>.

13. <u>Further Assurances</u>.  The Parties agree (a) to furnish upon request to each other such further information, (b) to execute and deliver to each other such other documents, and (c) to do such other acts and things, all as the other Party may reasonably request for the purpose of carrying out the intent of this Agreement and the documents referred to in this Agreement.  The Parties further agree to otherwise cooperate to effectuate the intent of this Agreement.

14. <u>Severability</u>.  If any term or provision of this Agreement shall be deemed to be invalid or unenforceable to any extent, the remainder of this Agreement will not be affected thereby, and each remaining term and provision of this Agreement will be valid and be enforced to the fullest extent permitted by law.

15. <u>Waivers</u>.  No waiver of any breach or any covenant or provision contained herein will be deemed a waiver of any preceding or succeeding breach thereof, or of any other covenant or provision contained herein.  No extension of time for performance of any obligation or act will be deemed an extension of the time for performance of any other obligation or act except those of the waiving Party.

16. <u>Successors and Assigns</u>.  This Agreement is binding upon and inures to the benefit of the successors, assigns, and nominees of the Parties hereto.

17. <u>Prevailing Party</u>.  In the event of the bringing of any action or suit by a Party hereto by reason of any breach of any of the covenants, agreements or provisions on the part of the other Party arising out of this Agreement, then in that event, the prevailing Party will be entitled to recover from the other party all costs and expenses of the action or suit, reasonable attorneys' fees, witness fees and any other professional fees resulting therefrom.

18. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties hereto and may not be modified except by an instrument in writing signed by the Party to be charged.  This Agreement supersedes all prior agreements and communications between the Parties.

19. <u>Time of Essence</u>.  The Parties hereby acknowledge and agree that time is strictly of the essence with respect to each and every term, condition, obligation and provision hereof.

20. <u>Construction</u>.  The Parties and their respective advisors acknowledge and agree that this Agreement is the product of all of their efforts, that it expresses their agreement and that it should not be interpreted in favor or against any Party.

21. <u>Governing Law, Jurisdiction and Venue</u>.  The Parties hereto expressly agree that this Agreement will be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Nevada.  The Parties hereby consent to the jurisdiction of the courts of the State of Nevada, including the Bankruptcy Court, in the event any action is brought for declaratory relief or enforcement of any of the terms and provisions of this Agreement, with exclusive venue to be in Las Vegas, Nevada.

22. <u>Titles and Headings</u>.  Titles and headings of Sections of this Agreement are for convenience of reference only and shall not affect the construction of any provisions of this Agreement.

23. <u>Attorney Representation</u>. In negotiation, preparation, and execution of this Agreement, the Parties hereby acknowledge that each Party has been represented by its own counsel and/or that each Party has had an opportunity to consult with an attorney of its own choosing prior to the execution of this Agreement. The Parties have read this Agreement in its entirety and fully understand the terms and provisions contained herein. The Parties execute this Agreement freely and voluntarily and accept the terms, conditions, and provisions of this Agreement, and state that the execution by each of them of this Agreement is free from any coercion whatsoever.

24. <u>Attorneys' Fees and Costs</u>. Each Party to this Agreement shall bear its own attorneys' fees and costs. However, if it becomes necessary for either Party hereto to enforce this Agreement or any provision contained herein, the Party prevailing in such suit or action shall be entitled to recover, in addition to all other remedies or damages, reasonable attorneys' fees incurred in such enforcement action

25. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original instrument but all of which together shall constitute one agreement. Signatures transmitted via facsimile or email in portable data format (PDF) shall be deemed originals for all purposes.

26. <u>Notices</u>. Any notice required or permitted to be provided under this Plan shall be in writing and served by: (i) certified mail, return receipt requested, postage prepaid and by email; (ii) hand delivery; or (iii) reputable overnight courier service, freight prepaid and by email as follows:

| | |
|---|---|
| If to Debtor or the Trustee: | Law Offices of Michael W. Carmel, Ltd.<br>Attn: Michael Carmel<br>80 East Columbus Avenue<br>Phoenix, Arizona 85012<br>Email:  michael@mcarmellaw.com |
| With a copy to: | Garman Turner Gordon LLP<br>Attn:   Gregory E. Garman, Esq.<br>           Talitha Gray Kozlowski, Esq.<br>7251 Amigo St, Suite 210<br>Las Vegas, NV  89119<br>Tel:    (725) 777-3000<br>Email: ggarman@gtg.legal<br>           tgray@gtg.legal |

|  |  |
|---|---|
| If to J. Pulliam or I. Pulliam: |  |
| With a copy to: | Andersen Beede Weisenmiller<br>Attn: Ryan A. Andersen, Esq.<br>3199 E Warm Springs Rd, Ste 400<br>Las Vegas, Nevada 89120<br>Tel: (702) 522-1992<br>Email: ryan@abwfirm.com |
| If to Newtek: | Newtek Bank, N.A.<br>1981 Marcus Avenue, Suite 130<br>Lake Success, NY 11042<br>Tel: (213) 273-8290<br>Email: jstrathman@newtekone.com |
| With a copy to: | Stephens & Bywater, P.C.<br>Attn: David A. Stephens, Esq.<br>PO Box 33130<br>Las Vegas, Nevada 89133<br>Tel: (702) 656-2355<br>Email: dstephens@davidstephenslaw.com |

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

NUMALE CORPORATION, a Nevada corporation

By: *(signature)*
Name: Michael W. Carmel
Title: Trustee

NEWTEK BANK, N.A., a Delaware limited liability company

By: _____
Name: _____
Title: _____

_____
JUSTIN PULLIAM, individually

_____
IRMA PULLIAM, individually

If to J. Pulliam or I. Pulliam:

With a copy to:   Andersen Beede Weisenmiller
                  Attn: Ryan A. Andersen, Esq.
                  3199 E Warm Springs Rd, Ste 400
                  Las Vegas, Nevada 89120
                  Tel: (702) 522-1992
                  Email: ryan@abwfirm.com

If to Newtek:     Newtek Bank, N.A.
                  1981 Marcus Avenue, Suite 130
                  Lake Success, NY 11042
                  Tel: (213) 273-8290
                  Email: jstrathman@newtekone.com

With a copy to:   Stephens & Bywater, P.C.
                  Attn: David A. Stephens, Esq.
                  PO Box 33130
                  Las Vegas, Nevada 89133
                  Tel: (702) 656-2355
                  Email: dstephens@davidstephenslaw.com

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

NUMALE CORPORATION, a Nevada corporation

By: _____
Name: Michael W. Carmel
Title: Trustee

NEWTEK BANK, N.A., a Delaware limited liability company

By: _____
Name: John D. Strathman, Authorized Agent
Title: Vice President, Small Business Lending, LLC

_____
JUSTIN PULLIAM, individually

_____
IRMA PULLIAM, individually

If to J. Pulliam or I. Pulliam:

With a copy to:     Andersen Beede Weisenmiller
                    Attn: Ryan A. Andersen, Esq.
                    3199 E Warm Springs Rd, Ste 400
                    Las Vegas, Nevada 89120
                    Tel: (702) 522-1992
                    Email: ryan@abwfirm.com

If to Newtek:       Newtek Bank, N.A.
                    1981 Marcus Avenue, Suite 130
                    Lake Success, NY 11042
                    Tel: (213) 273-8290
                    Email: jstrathman@newtekone.com

With a copy to:     Stephens & Bywater, P.C.
                    Attn: David A. Stephens, Esq.
                    PO Box 33130
                    Las Vegas, Nevada 89133
                    Tel: (702) 656-2355
                    Email: dstephens@davidstephenslaw.com

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the Effective Date.

NUMALE CORPORATION, a Nevada corporation

By: _____
Name: Michael W. Carmel
Title: Trustee

NEWTEK BANK, N.A., a Delaware limited liability company

By: _____
Name: _____
Title: _____

_____
JUSTIN PULLIAM, individually

_____
IRMA PULLIAM, individually