GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC Case No. 25-10347-nmc |
| Debtors. | Hearing Date: *OST Pending* Hearing Time: *OST Pending* |

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF**
**MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO AUTHORIZE AND APPROVE**
**<u>SETTLEMENT WITH NEWTEK BANK, N.A.</u>**

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Authorize and Approve Settlement with Newtek Bank, N.A.* (the "Motion").[1]

3. Attached hereto as **Exhibit 1** is a true and correct copy of Newtek's Proof of Claim.

4. Beyond the amended schedules, based on my investigation to date, I have determined that there are additional assets that may fall within Newtek's broad definition of collateral. As set forth in the liquidation analysis for NuMale Corporation, NuMale Corporation identified: (i) scheduled assets valued at $133,000, with additional scheduled assets identified in an "unknown" amount; (ii) litigation claims, including recovery on a judgment exceeding $200,000; (iii) equity interests in affiliate entities, the value of which as a going concern will be determined in connection with the anticipated sale of Debtors' assets under the Plan; (iv) Debtors' bad faith insurance claim (which is being settled by the Global Settlement Agreement); and (v) the Quintairos malpractice claim. *See* Disclosure Statement, Liquidation Analysis, ECF No. 435-2, p. 2 of 16. Thus, Newtek can make a credible argument that its full $5 million claim is secured, which argument I dispute.

5. Newtek and I have negotiated in good faith and arms-length to resolve the amount and treatment of Newtek's asserted claim with respect to the Loan and Loan Documents.

6. Based on my business judgment, I believe the settlement is fair and equitable and in the best interest of the creditors and Estates.

7. While I dispute that Newtek is secured by $5 million of collateral, there can be no dispute that Newtek's collateral grant is very broad. Similarly, there is no dispute that Newtek holds a first position lien in its collateral. While I dispute that Newtek would have any interest in the proceeds from the Global Settlement Agreement, there is no guaranty that I would prevail on this argument, and were I to lose this argument, the full $5 million claim would be secured. Even

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

were I to prevail and exclude any insurance proceeds or litigation proceeds from Newtek's collateral package, there is a legitimate dispute as to the value of the remaining collateral, which could exceed $1 million. As such, the probability of success factor weighs heavily in favor of approval of the Settlement Agreement.

8. While not necessarily legally complex, resolution of this claim dispute will require briefing to resolve to determine the extent of Newtek's collateral. It will also require appraisals and other valuations that could be expensive and cause delay. Further, to the extent Newtek contends it has an interest in insurance claims, valuation of such unresolved claims may cause meaningful delay in resolution of the dispute. Moreover, given the size of the Newtek claim, it is reasonably likely the losing party would pursue an appeal, causing further expense and delay. Accordingly, the complexity, expense, and delay all weigh in favor of approval of the settlement.

9. The interest of the creditors factor weighs heavily in favor of approval of the settlement. The settlement resolves an over $5 million disputed secured claim for an allowed secured claim of $1 million, with the balance treated as an unsecured claim. This result materially increases the distribution to unsecured creditors by reducing the potential secured claims by more than $4 million. It further expedites distributions to unsecured creditors that would otherwise be held-up pending the resolution of the Newtek claim dispute and any potential appeal. Accordingly, this settlement is in the best interest of the creditors and Estate.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 27th day of August, 2025.

/s/ Michael Carmel
MICHAEL CARMEL, ESQ.
*Chapter 11 Trustee*