|   |   |
|---|---|
| 1 | GARMAN TURNER GORDON LLP |
|   | GREGORY GARMAN, ESQ. |
| 2 | Nevada Bar No. 6654 |
|   | Email: ggarman@gtg.legal |
| 3 | TALITHA GRAY KOZLOWSKI, ESQ. |
|   | Nevada Bar No. 9040 |
| 4 | Email: tgray@gtg.legal |
|   | MARY LANGSNER, Ph.D. |
| 5 | Nevada Bar No. 13707 |
|   | Email: mlangsner@gtg.legal |
| 6 | 7251 Amigo Street, Suite 210 |
|   | Las Vegas, Nevada 89119 |
| 7 | Tel: 725.777.3000 |
|   | *Attorneys for Michael Carmel, Chapter 11* |
| 8 | *Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: September 24, 2025 |
|   | Hearing Time: 9:30 a.m. |

**DECLARATION OF GREGORY GARMAN, ESQ. IN SUPPORT OF**
**FIRST INTERIM FEE APPLICATION OF GARMAN TURNER GORDON LLP AS**
**ATTORNEYS FOR MICHAEL CARMEL, CHAPTER 11 TRUSTEE, FOR THE**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES**

I, Greogry Garman, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *First Interim Fee Application of Garman Turner Gordon, LLP as Attorneys for Michael Carmel, Chapter 11 Trustee, for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

2. I am an attorney licensed to practice law in the State of Nevada, Nevada Bar No. 6654. I am a partner with the law firm of Garman Turner Gordon LLP ("GTG"). GTG maintains offices in Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court.

3. This is the first interim fee application for allowance of compensation and reimbursement of expenses filed on behalf of GTG in the Chapter 11 Cases.

4. GTG is not seeking to be paid compensation based on the hours of work performed and its professionals' hourly rates. Rather, should this Court approve the contingency compensation requested in the Application, GTG is prepared to waive in the entirety its entitlement to seek compensation based on the hours its professionals worked and the applicable hourly rates during the Compensation Period. Attached as **Exhibit 2** to the Application is the calculation of GTG's contingency compensation, as requested in the Application. Attached as **Exhibit 3** to the Application is the summary of hourly compensation by professional.

5. GTG has discounted the compensation earned by discounting its contingency fee earned for the Compensation Period by the amount of $1,037,615.93 (10%) in contingency compensation that is otherwise earned and awardable pursuant to the Employment Order. Combining this discount with the $409,921.00 discount on GTG's earned hourly compensation (at the 50% hourly rates), means the total compensation discount provided by GTG in connection with this Application is $1,447,536.93.

6. As such, pursuant to the Application, GTG requests interim approval of its compensation in the amount of $9,338,543.40 (after discounts) and the reimbursement of GTG's

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

expenses of $42,575.51, for a grand total of $9,381,118.91 for the Compensation Period, which starts with the Trustee's appointment and ends at August 15, 2025. .

7. **Exhibit 4** to the Application identifies and provides chronologically throughout the Compensation Period: (a) the dates on which GTG performed professional services for the Trustee; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.

8. **Exhibit 5** to the Application contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by GTG during the Compensation Period in its representation of the Trustee.

9. The fees charged by GTG in these Chapter 11 Cases are billed in accordance with its existing procedures in effect during the Compensation Period. GTG submits that fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market.

10. Moreover, the contingency compensation requested herein is reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market, because (as set forth in the Employment Order), as it is a reduced contingency percentage (17.5% on the first $10 million brought into the Estates, instead of the standard 35%), is not calculated based on earnings from operations and is calculated based on for the Estates, and is further subject to a step-down reduction for any amounts brought recovered by the Trustee over $10 million.

11. During the Compensation Period, GTG performed a wide range of actual and necessary services as set forth in **Exhibits 3 and 4** to the Application. The majority of the services performed by GTG were rendered by attorneys in the Business Restructuring and Bankruptcy Department. GTG's attorneys have had a pre-eminent practice in this area and enjoy a strong reputation in the State of Nevada and Nationally for their expertise in complex financial reorganizations and restructurings of troubled entities. .

12. GTG submits that the services it has provided to the Trustee during the Compensation

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

3

Period were reasonable and necessary under the circumstances of the Chapter 11 Cases and that the compensation of such fees to GTG is appropriate and should be allowed. Additionally, GTG worked to anticipate and respond to Trustee's needs and assist in the Chapter 11 process, and such services and expenditures were necessary to and in the best interests of the Debtors' Estates.

13. GTG has incurred and paid out-of-pocket expenses totaling $42,575.51 during the Compensation Period. These include mailings, postage, and printing for noticing motions, hearings, and orders, as well as the costs associated with solicitation in connection with the Trustee's Plan. Other items include hearing recordings, subpoena service, filing fees, UCC searches, a locksmith for the Rainbow premises, hard drives to obtain and store data collected, and other charges.

14. GTG charges all costs at the actual cost, without any profit on such expenses.

15. GTG submits that the expenses that it has incurred and paid in rendering legal services to the Trustee during the Compensation Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to GTG for such expenses is appropriate and should be allowed.

16. Here, as detailed in the Employment Order, GTG was employed on a hybrid fee structure including a reduced hourly compensation (at fifty percent GTG's then-prevailing hourly rates) and a contingency percentage that stepped down commensurate with greater recoveries brought into these Estates. GTG's employment was unambiguously approved pursuant to Section 328(a). *See* Employment Order ECF No. 293. To disturb this, the terms and conditions of employment must be "prove[n] to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions[.]" 11 U.S.C. § 328(a). No such developments are present here, and the compensation requested in the Application, and the approval of expenses, should be approved in their entirety.

17. The funds brought into the Estates through GTG's hard work and extensive efforts benefited the Debtors' creditors, and the material discounts and voluntary deferment identified in the Application further serve to provide an additional benefit to the creditors of the Debtors' Estates.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 27th day of August, 2025.

/s/
GREGORY GARMAN, ESQ.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000