GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date:  September 24, 2025<br>Hearing Time:  9:30 a.m. |
|---|---|

**DECLARATION OF MICHAEL CARMEL, ESQ. IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL, CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND <u>REIMBURSEMENT OF EXPENSES</u>**

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *First Interim Fee Application of Garman Turner Gordon, LLP as Attorneys for Michael Carmel, Chapter 11 Trustee, for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

2. I am the duly appointed Chapter 11 trustee ("Trustee") over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. Immediately upon my appointment, I began investigating the financial affairs and assets of the Debtors.

4. The Debtors' business is a going concern, and I am authorized to operate the Debtors' business.

5. On or about June 28, 2025, through my counsel GTG, I obtained the vacatur of a judgment that had been entered post-petition in a collection action against the Debtors in the Supreme Court of the State of New York, post-petition.

6. On or about June 17, 2025, my counsel filed the *Application to Employ McAfee & Taft as Special Counsel to the Chapter 11 Estate* [ECF No. 349], seeking to employ special counsel to advise and represent the Estates relating to collection from Basel Said Hassoun ("Dr. Hassoun") on a six-figure judgment against Dr. Hassoun. McAfee & Taft's employment was also approved by the Court [ECF No. 345]. With McAfee & Taft employed, I am actively pursuing judgment collection against Dr. Hassoun.

7. Additionally, my counsel obtained the continuances of briefing and a hearing on a motion to dismiss the NuMale Corporation Debtor's ongoing lawsuit in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-25-910072-C, *NuMale Corporation v. Howard & Howard Attorneys PLLC* ("Malpractice Lawsuit"), preserving this Estate asset.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

8. On July 30, 2025, my counsel filed the *Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* [ECF No. 417], seeking the employment of estate special counsel to represent NuMale Corporation in the U.S. District Court for the Eastern District of North Carolina Case No. 7:24-cv-00927-D-RN, *The N2 Company v. NuMale Medical Center, LLC and NuMale Corporation* ("EDNC Litigation"), in which Debtor NuMale Corporation is a named defendant and filed a counterclaim. Burr & Forman's employment application is unopposed and is set for a hearing on September 2, 2025.

9. I learned that prior counsel in the Malpractice Lawsuit was never retained by the NuMale Corporation bankruptcy estate. Therefore, my counsel GTG, obtained the turnover of prior counsel's file for the Debtor.

10. Additionally, my investigation revealed that NuMale Corporation was previously represented in the EDNC Litigation through counsel John T. Kivus and Kenzie M. Rakes of law firm the Morningstar Law Group and that this counsel was, also, never retained by the then-Debtors-in-possession. Here too, my counsel GTG obtained the turnover of prior counsel's file for the Debtor.

11. My counsel GTG also obtained turnover of the client file of Gile Law Group, which firm had asserted a proof of claim for work performed including post-petition work but had also not been employed by the Estates when under the direction of the then-Debtors-in-possession.

12. In yet another successful turnover effort, my counsel GTG obtained the turnover of $78,778.11 from Elavon, Inc., which monies had been held by Elavon, Inc. and had not been turned over to the then-Debtors-in-Possession.

13. I also through my counsel GTG filed the *Motion for an Order Compelling Turnover of Property of the Estates and for Sanctions* [ECF No. 467], which is set for a hearing on September 9, 2025. This motion seeks the turnover of insurance claim proceeds in the amount of approximately $168,386.01 for a claim made under the Debtors' policy with Zurich North America.

14. I have also proposed a Plan of reorganization that will not only make a meaningful distribution to creditors including Mr. Sanchez but also establish a Liquidation Trust to pursue and

liquidate other claims and assets. The Plan also contemplates a sale of the Debtors' clinics which are the bases of the Debtors' business operations.

15. My investigation in these Chapter 11 Cases has been sweeping and broad and is ongoing. My investigation also includes evaluating potential Chapter 5 causes of action such as preferences and fraudulent transfers.

16. The Palubicki Adversary is in its early stages, and my counsel has amended the complaint to incorporate additional causes of action as certain facts and circumstances become known to me in the course of my ongoing investigation.

17. My investigation into other principals of the Debtors is ongoing, and I intend to pursue additional claims against one or more insiders and/or principals of the Debtors.

18. Additionally, on or about July 21, 2025, I learned that one of the Debtors' principals, Brad Palubicki ("Palubicki"), was attempting to sell Estate assets, for Palubicki's personal benefit and without my knowledge, consent, or authority.

19. Upon further investigations, I learned of additional potential other wrongdoings.

20. Subsequently, on or about July 29, 2025, I terminated Palubicki, Eva Gabriela Farmer De La Torre, Chief Financial Officer Holly Triplett, and five others, all of whom were terminated for cause.

21. The Debtors were embroiled in a number of non-bankruptcy lawsuits at the time of my appointment and had not sought court approval to employ estate professionals to assist them. Additionally, I learned that some professionals were doing work for the estates, post-petition, in non-bankruptcy litigation, without being employed by the Court.

22. Here, as detailed in the Employment Order, GTG was employed on a hybrid fee structure including a reduced hourly compensation (at fifty percent GTG's then-prevailing hourly rates) and a contingency percentage that stepped down commensurate with greater recoveries brought into these Estates. GTG's employment was approved pursuant to Section 328(a). *See* Employment Order ECF No. 293. To disturb this, the terms and conditions of employment must be "prove[n] to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions[.]" 11 U.S.C. § 328(a). No such

developments are present here, and the compensation requested herein, and the approval of expenses, should be approved in their entirety.

23. I have been practicing bankruptcy law since October 1982. The results achieved in these cases could never have occurred without the valuable services provided by GTG.

24. I have reviewed the *First Interim Fee Application of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee, for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "GTG Fee Application").

25. It is my opinion that the GTG Fee Application is abundantly fair, reasonable and appropriate, particularly in light of the voluntary concessions made by GTG.

26. Based on the above, I respectfully request the Court approve the GTG Fee Application in its entirety.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 27th day of August 2025.

/s/ Michael Carmel
MICHAEL CARMEL, CHAPTER 11 TRUSTEE