GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc |
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | |

***EX PARTE* APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF RUBINBROWN LLP AS ACCOUNTANT FOR TAX PREPARATION SERVICES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this *ex parte* application

("Application") for an order approving the retention and employment of RubinBrown LLP ("RubinBrown") as tax preparer for the Debtors. Such services will not be duplicative of any other professional employed or retained by the Estates.

This Application (the "Application") is made and based upon the points and authorities provided herein; the declarations of Chapter 11 Trustee Michael Carmel, Esq. ("Carmel Decl.") and Thomas Butterfield ("Butterfield Decl.") filed herewith; the papers and pleadings on file in the Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument or evidence entertained by the Court in adjudicating this Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 327, 1107, and 1108 of the Bankruptcy Code and FED. R. BANKR. P. 2014. Pursuant to Local Rule 9014.2, the Trustee and RubinBrown consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

**II.**
**BACKGROUND**

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its Interim Order Directing Joint Administration of Chapter 11 Cases. See ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 132.

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' Estates. *See* ECF No. 140.

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' Estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. Immediately upon the Trustee's appointment, he began investigating the financial affairs and assets of the Debtors. *See* Carmel Decl. ¶ 4.

9. The Debtors' business is a going concern, and the Trustee is authorized to operate the Debtors' business. *See* Carmel Decl. ¶ 5. *See also* 11 U.S.C. §§ 1107, 1108.

10. The Debtors' tax returns for calendar year 2024 are due on September 15, 2025. *See* Carmel Decl. ¶ 6.

11. The Trustee has determined that the Debtors' prior accountant who prepared tax returns for one or more prior years, KMA, S.C. and/or KMA Accountants & Advisors, n/k/a Sorren, Inc., Sorren, and/or Sorren CPAs ("Sorren"), is not disinterested. *See* Carmel Decl. ¶ 7.

12. The Trustee has also determined that Sorren has connections with one or more terminated employees of the Debtors and people against whom the Trustee has filed an adversary complaint. *See* Carmel Decl. ¶ 8.

13. Accordingly, the Trustee has determined it is prudent to select a new tax preparer for the Debtors. *See* Carmel Decl. ¶ 9.

14. On or about July 21, 2025, the Trustee learned that one of the Debtors' principals, Brad Palubicki ("Palubicki"), was attempting to sell Estate assets, for Palubicki's personal benefit and without the Trustee's knowledge, consent, or authority. *See* Carmel Decl. ¶ 21.

15. Upon further investigations, the Trustee learned of additional potential other wrongdoings. *See* Carmel Decl. ¶ 22.

16. Subsequently, on or about July 29, 2025, the Trustee terminated Palubicki, Chief Financial Officer Holly Triplett ("Triplett"), and six others (altogether with Palubicki and Triplett, the "Terminated Employees"), all of whom were terminated for cause. *See* Carmel Decl. ¶ 23.

17. As set forth elsewhere in the record before this Court, the Trustee has significant concerns regarding the wrongdoing and detriment caused, post-petition, by bad acts of Palubicki, Triplett, and certain other Terminated Employees. *See, e.g.*, ECF Nos. 455-457.

18. The Trustee's investigation to date reveals there is an immediate need for assistance preparing the Debtors' 2024 federal tax returns. *See* Carmel Decl. ¶ 24.

19. The Trustee in his business judgment authorized Rubin Brown to proceed in such fashion, to ensure that Rubin Brown was afforded as much time as possible to prepare the Debtors' 2024 tax returns. *See* Carmel Decl. ¶ 25.

20. The Trustee is separately engaging the firm J.S. Held, LLC ("JS Held") to provide forensic accounting analyses, financial advisory, and accounting services to the Estates. The engagement of RubinBrown is not duplicative because RubinBrown is being engaged solely to prepare tax returns, and JS Held is not being engaged to prepare or file tax returns. *See* Carmel Decl. ¶ 10.

## III.
## RELIEF REQUESTED

21. By this Application, the Trustee requests the entry of an order approving, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Estates' retention and employment of RubinBrown as tax preparer, to provide tax compliance services and related tax consultation services for the Debtors' tax returns, in accordance with RubinBrown's normal hourly and monthly rates in effect when the services are rendered and normal reimbursement policies and on the terms and conditions set forth in the Engagement Letter (the "Engagement Letter"), to perform services that will be necessary during the Chapter 11 Cases including the preparation and filing of federal tax returns including the Debtors' tax year 2024 returns.  A true and correct copy of the Engagement Letter is attached to the Butterfield Decl. as **Exhibit "1"**.

## IV.
## QUALIFICATIONS

22. The Trustee has selected RubinBrown because of RubinBrown's extensive expertise, familiarity with bankruptcy matters, and reputation in providing the type of services required in these Chapter 11 Cases.  *See* Carmel Decl. ¶ 11.  Mr. Butterfield is a certified public accountant licensed in the State of Nevada and is experienced in the preparation of tax returns, as well as tax consulting, tax planning, and other areas of tax expertise.  *See* Butterfield Decl. ¶ 2.

23. RubinBrown is one of the nation's leading accounting and professional consulting firms and has specialized expertise in providing a comprehensive range of services to meet business needs, such as expertise in providing comprehensive tax services, including federal tax services, to address complex tax issues.  RubinBrown has nearly one thousand (1,000) team members in offices throughout the Midwest, in Las Vegas, and elsewhere.  RubinBrown is also an independent member of Baker Tilly International, the ninth largest accounting and business advisory network in the world.  *See* Butterfield Decl. ¶ 3.

24. The engagement will be led by Mr. Butterfield.  Mr. Butterfield holds a Master's Degree in Accountancy and a Bachelor of Science in Accounting from Southern Utah University, as well as a Bachelor of Science degree in Electrical Engineering from the University of Utah.  Mr. Butterfield has nineteen (19) years of experience in tax, accounting, and business

consulting across multiple industries and has expertise working with partnerships, corporations, trusts, individuals, and private foundations. *See* Butterfield Decl. ¶ 4.

25. As a result of the Trustee's understanding of Mr. Butterfield's work in connection with other complex matters in the District of Nevada, and his tax preparation experience, the Trustee in his business judgment believes that RubinBrown and Mr. Butterfield are well-suited to serve as the tax preparer for the Debtors in these Chapter 11 Cases. *See* Carmel Decl. ¶ 12.

## V.
## SCOPE OF SERVICES

26. The Debtors' federal tax returns for calendar year 2024 must be prepared and require the assistance of a certified public accountant to prepare and file these necessary tax returns. *See* Carmel Decl. ¶ 13.

27. Subject to the Court's approval, the Estates and Mr. Butterfield have entered into the Engagement Letter. *See* Carmel Decl. ¶ 14.

28. The services of RubinBrown are appropriate and necessary to enable the Debtors to meet requisite tax reporting requirements, and for the Trustee to execute his duties faithfully and comply with his obligations. The services for which RubinBrown is being retained include, but are not limited to:

a) prepare the federal tax returns for the Debtors for calendar year 2024; and

b) assist with annual tax compliance requirements and provide related tax consultation services.

*See* Carmel Decl. ¶ 15.[1]

29. Subject to this Court's approval of the Application, RubinBrown is willing to serve as the tax preparer and advisor to perform the services described herein and in the Engagement Letter. *See* Carmel Decl. ¶ 16.

## VI.
## DISINTERESTEDNESS

30. The Trustee has disclosed to RubinBrown the individuals and entities who

---

[1] This is a summary. The complete scope of services to be provided by RubinBrown are set forth in the Engagement Letter.

constitute the members, creditors, potential creditors, and other parties-in-interest listed on the mailing matrix for the Chapter 11 Cases to determine any prior or present representation of any creditors or parties-in-interest. Based on RubinBrown's review, Mr. Butterfield believes that neither he nor any of RubinBrown's employees have any present or prior connection with the Debtors, the Debtors' creditors, or other parties-in-interest, their respective attorneys and accountants, except as set forth in the Butterfield Decl. *See* Butterfield Decl. ¶ 5.

31. As more fully set forth in the Butterfield Decl., due to RubinBrown's extensive accounting practice and national presence, RubinBrown has in the past provided, is currently providing, and in the future will likely provide accounting services to certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these Chapter 11 Cases. *See* Butterfield Decl. ¶ 6.

32. RubinBrown will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, RubinBrown will use reasonable efforts to identify and disclose such further developments by promptly filing a supplemental declaration as required by Bankruptcy Rule 2014(a). *See* Butterfield Decl. ¶ 7.

33. To the best of Mr. Butterfield's knowledge, Mr. Butterfield and RubinBrown do not hold or represent any interest adverse to the Debtors' estates, and Mr. Butterfield and RubinBrown are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). Additionally, neither Mr. Butterfield nor any of RubinBrown's employees have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. RubinBrown's retention is not adverse to the Debtors or their Estates. *See* Butterfield Decl. ¶ 8.

34. Except as set forth in the Butterfield Decl., to the best of the Debtors' knowledge, information, and belief, RubinBrown does not hold or represent an interest adverse to the Debtors or the Estates.

35. RubinBrown will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and, if any new relevant facts or relationships are discovered,

will supplement its disclosure to the Court. *See* Butterfield Decl. ¶ 9.

## VII.
## COMPENSATION

36. As set forth in the Butterfield Decl., RubinBrown charges $242 to $278 per hour for Staff, $318 to $342 per hour for Managers, and $504 per hour for Partners, for tax returns preparation and submission, plus out-of-pocket expenses, technology, and administrative fees, all subject to approval by the Bankruptcy Court pursuant to Sections 330 and 331. *See* Butterfield Decl. ¶ 10.

37. Mr. Butterfield will be responsible for leading the engagement and will assign staff as appropriate. *See* Butterfield Decl. ¶ 11.

38. RubinBrown's rates are consistent with the rates charged by other professionals serving in a similar capacity. The Trustee respectfully submits that these rates are reasonable under the circumstances of the Chapter 11 Cases and in light of the high quality and specialized nature of the services being provided. *See* Carmel Decl. ¶ 17.

39. In addition to the hourly rates incurred by RubinBrown for preparing the Debtors' federal tax returns for calendar year 2024 and assisting with annual tax compliance requirements and providing related tax consultation services, the Estates will reimburse RubinBrown for all reasonable, out-of-pocket expenses, technology, and administrative fees incurred in performing services set forth herein and in the Engagement Letter, all of which are subject to Bankruptcy Court approval. *See* Butterfield Decl. ¶ 12. *See* Carmel Decl. ¶ 18.

40. RubinBrown has not been paid a retainer. *See* Butterfield Decl. ¶ 13. *See* Carmel Decl. ¶ 19.

41. RubinBrown hereafter intends to apply to the Bankruptcy Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred in connection with RubinBrown's retention. *See* Butterfield Decl. ¶ 14. *See*

Carmel Decl. ¶ 20.

42. RubinBrown understands that all compensation and expense reimbursement is subject to prior Bankruptcy Court approval. *See* Butterfield Decl. ¶ 15.

## VIII.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the retention and employment of RubinBrown pursuant to Section 327(a) to provide tax preparation and advisory services as set forth in RubinBrown's Engagement Letter, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to the provisions of Sections 330 and 331. The Trustee additionally requests such other and further relief as is just and proper.

Dated this 29th day of August 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Attorneys for Michael Carmel, Chapter 11 Trustee*

9