GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: October 7, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH DLP FUNDING LLC**

1

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Approve Settlement with DLP Funding LLC* (the "Motion").[1]

2. I am the duly appointed Chapter 11 trustee over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. On or about November 13, 2024 and December 17, 2024, DLP Funding entered into Merchant and Security Agreements (together, the "Agreement") with Nevada NuMale LLC, NuMale Corporation, Feliciano NuMale Nevada, PLLC, NuMale Colorado, SC, NuMale Florida TB, PLLC, NuMale Nebraska, LLC, NuMale New Mexico SC, Racine Pain Management, S.C., Wauwatosa Center for Pain Management Center, SC, NuMale Texas, PA, Mens Wellness Centers, Inc., Trysticale LLC, Sybra Media LLC, NuMale Arizona PC, and NuMale Chicago, LLC, guaranteed by Carlos Feliciano and Brad Palubicki.

4. On January 22, 2025, Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* jointly administered as Case No. 25-10341-nmc (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

5. My counsel prepared a Complaint against DLP Funding asserting multiple causes of action relating to or arising from the Agreement and associated financial transactions (the "Complaint"), which draft Complaint was provided to DLP Funding in connection with settlement negotiations.

6. The proposed Complaint asserts alternative claims for recovery of preferential transfers of $27,600.02 disallowance of claims, and other to claims. While I believe the Estates

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

have viable claims against DLP Funding, much uncertainty remains as the adversary has not yet been filed and DLP Funding has informally raised defenses. The preferential and fraudulent transfer claims will be subject to a number of affirmative defenses, and whether such transfers were on account of antecedent debt, or made in the ordinary course of business will be disputed. With numerous uncertainties at this early stage of the case, it cannot be said that I have a certainty of success in litigation.

7. The claims will require significant discovery, including depositions, document discovery, and motion practice.

8. Claims such as fraud, and fraudulent transfer are highly complex—factually and legally. These factors will add to the expense of litigation. To fairly litigate the disputes between the parties, an adversary proceeding scheduling order with protracted deadlines would be appropriate.

9. The settlement resolves multiple unsecured claims for no payment. Such result benefits all of Debtors' unsecured creditors. Further, settlement at this early stage ensures the Estates are not required to incur significant litigation costs. Approval of the settlement is thus in the best interest of the Estates.

10. In my business judgment, approval of the Settlement Agreement is in the best interest of the creditors and Estates.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 3rd day of September, 2025.

                                                */s/ Michael Carmel*
                                                MICHAEL CARMEL, CHAPTER 11 TRUSTEE

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000