GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: October 14, 2025<br>Hearing Time: 9:30 a.m. |
|---|---|

### MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH FOX FUNDING GROUP, LLC

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), hereby submits this motion (the "Motion") for: (i) entry of an order pursuant to

Bankruptcy Rule[1] 9019, substantially in the form attached hereto as **Exhibit 1** (the "9019 Order"), approving the proposed *Settlement and Release Agreement* (the "Settlement Agreement")[2] attached hereto as **Exhibit 2.**

This Motion is made and based upon the following memorandum of points and authorities, the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I.
## BACKGROUND

1. Debtors, certain affiliates of Debtors, and Fox Funding entered into the Future Receivables Sale and Purchase Agreement dated September 6, 2024 (the "Agreement"), pursuant to which Fox Funding agreed to provide funding to Debtors, among other affiliated entities, which Agreement was guaranteed by Brad Palubicki and Carlos Feliciano. *See* Carmel Decl. ¶ 3.

2. On January 22, 2025, Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* jointly administered as Case No. 25-10341-nmc (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). *See id.* ¶ 4.

3. On May 28, 2025, Fox Funding filed a proof of claim in the Bankruptcy Cases asserting a secured claim in the amount of $78,225.00 (the "Proof of Claim"). *See* Claim No. 20.

4. The Trustee prepared a draft complaint against Fox Funding asserting multiple causes of action against Fox Funding relating to or arising from the Agreement and associated financial transactions (the "Complaint"), which draft complaint was provided to Fox Funding in connection with settlement negotiations. *See* Carmel Decl. ¶ 5.

---

[1] Unless otherwise stated, all references to "Section" herein shall be to title 11 of the U.S. Code (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" or "LR" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] All capitalized, undefined terms shall have the meanings set forth in the Settlement Agreement.

5.  Thereafter, the Parties negotiated at arms-length and in good faith to reach a resolution of their respective claims and disputes, which resolution is memorialized in the Settlement Agreement attached hereto as **Exhibit 2.**

6.  The Settlement Agreement provides for Fox Funding to release its secured claim asserted in the Proof of Claim, a release of its alleged liens, mutual releases, and termination of the UCC financing statement filed by Fox Funding. *See* Settlement Agreement, Ex. 2.

## II.
## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F), (H), (K), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§1408(1) and 1409(a). The statutory bases for the relief requested herein is Section 105 and Bankruptcy Rule 9019(a).

8.  Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## LEGAL ARGUMENT

**A.  Applicable Standard Under Bankruptcy Rule 9019.**

Compromise and settlement agreements have long been an integral part of the bankruptcy process. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1958) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130, 60 S.Ct. 1, 14, (1939)). A bankruptcy court may approve a compromise if it makes an informed, independent judgment that the compromise is fair and equitable. *See id.*

In order to determine whether a proposed settlement is fair and equitable, a bankruptcy court is directed to consider the following factors (the "A&C Properties Factors"): "(1) the probability of success in litigation of the dispute, (2) the difficulties to be encountered, if any, in the collection of an award, (3) the complexity, expense, inconvenience and delay of litigation, and (4) the interest of creditors in the case, giving deference to any reasonable views expressed." *In re Endoscopy Ctr.*

of S. Nevada, LLC, 451 B.R. 527, 535 (Bankr. D. Nev. 2011) (citing In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986)).

In seeking approval of a compromise, the trustee has the burden of persuasion. See id. at 536 (citing TMT Trailer, 390 U.S. at 425). However, the trustee is not necessarily required to satisfy each of the A&C Properties Factors, as long as they favor approval of the settlement as a whole. In re Pacific Gas and Elec. Co., 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). A bankruptcy court may approve a settlement pursuant to Bankruptcy Rule 9019 where, based on its own judgment, the court determines that the settlement is "fair and equitable when comparing the claims being compromised against the likely rewards of litigation." In re Endoscopy Center, 451 B.R. at 535 (citing TMT Trailer, 390 U.S. at 425).

Thus, the settlement does not have to be the best the trustee could have possibly obtained, but must only fall "within the reasonable range of litigation possibilities." In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). The court is not required to conduct a mini-trial of the underlying claims or rule upon disputed facts and questions of law, which would defeat the purpose of settlement and frustrate negotiations, but need only canvass the issues. See Suter v. Goedert, 396 B.R. 535, 548 (D. Nev. 2008) (citing Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)); In re W. Funding Inc., 550 B.R. 841, 852 (B.A.P. 9th Cir. 2016), aff'd, 705 F. App'x 600 (9th Cir. 2017).

**B.      The Settlement is Fair and Reasonable and Should be Approved.**

Each of the A&C Properties Factors support approval of the Settlement Agreement which is fair and equitable when comparing the estates claims being compromised against the likely rewards of litigating each of the claims through trial.

**(1) The probability of success in litigation of the dispute.**

The proposed Complaint asserts alternative claims for recovery of preferential transfers of approximately $70,000, fraudulent transfers, disallowance of claim, and other tort claims. While the Trustee believes the Estates have viable claims against Fox Funding, much uncertainty remains as the adversary has not yet been filed and Fox Funding has informally raised defenses. See Carmel Decl. ¶ 6. The heightened standards for proving claims sounding in fraud makes the fraud and

deceptive acts or practices causes of action uncertain at this early stage of litigation. *See id.* ¶ 7. Similarly, the preferential and fraudulent transfer claims will be subject to a number of affirmative defenses, and whether such transfers were on account of antecedent debt, or made in the ordinary course of business will be disputed. *See id.* Finally, the declaratory judgment claim relies on findings of fraud and complicated usury calculations, in addition to the conceptual dispute as to whether the funding instrument at issue is, or is not, a loan. *See id.* With numerous uncertainties at this early stage of the case, it cannot be said that the Trustee has a certainty of success in litigation. *See id.*

Moreover, the settlement eliminates Fox Funding's asserted secured claim against the Estates. It is certainly possible that any damages established against Fox Funding would be less than the result achieved through the settlement, even before considering the cost of litigation. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

**(2) The difficulties to be encountered, if any, in the collection of an award.**

In the event the Trustee were to prevail on its claims and be awarded damages, it may not be easy to collect an award from Fox Funding. Further, Fox Funding is likely to appeal any judgment awarding damages. Appeals would not only add more uncertainty, but also drive-up expenses to a significant degree. This factor weighs in favor of approving the Settlement Agreement.

**(3) The complexity, expense, inconvenience, and delay of litigation.**

This factor weighs heaviest in support of approval of the settlement. The claims will require significant discovery, including multiple depositions, significant document discovery, and motion practice. *See* Carmel Decl. ¶ 8. Claims such as fraud, and fraudulent transfer are highly complex—factually and legally. These factors will add to the significant expense of litigation. To fairly litigate the disputes between the parties, an adversary proceeding scheduling order with protracted deadlines would be appropriate. *See* Carmel Decl. ¶ 9. Accordingly, the complexity, expense, and delay all heavily weigh in favor of approval of the settlement.

. . .

. . .

**(4) The interest of creditors in the case, giving deference to any reasonable views expressed.**

The settlement resolves an asserted secured claim for no payment and releases the lien. Such result benefits all of Debtors' unsecured creditors. Further, settlement at this early stage ensures the Estates are not required to incur significant litigation costs. Approval of the settlement is thus in the best interest of the Estates. *See* Carmel Decl. ¶ 10.

Evaluating the A&C Properties factors in this case, it is clear that the Settlement Agreement falls "within the reasonable range of litigation possibilities." *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). The factors certainly favor approval of the settlement as a whole. *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004).

Moreover, the Settlement Agreement was negotiated at arm's-length and should be approved as a rational exercise of the Trustee's business judgment made after due deliberation of the facts and circumstances concerning the claims and defenses at issue.

## IV.
## CONCLUSION

The Settlement Agreement is in the best interest of the estates and the Debtors' creditors and is fair and equitable under the standard set forth in *A&C Properties*. Accordingly, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement, substantially in the form attached hereto as **Exhibit 1**, and for any other appropriate relief.

Dated this 12 day of September 2025.

                        GARMAN TURNER GORDON LLP

                        By: */s/ Talitha Gray Kozlowski*
                             GREGORY E. GARMAN, ESQ.
                             TALITHA GRAY KOZLOWSKI, ESQ.
                             MARY LANGSNER, Ph.D.
                             7251 Amigo Street, Suite 210
                             Las Vegas, Nevada 89119
                             *Attorneys for Michael Carmel, Chapter 11 Trustee*