GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | Hearing Date: October 14, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF MICHAEL CARMEL IN SUPPORT OF MOTION PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH FOX FUNDING, LLC**

1

I, Michael Carmel, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Approve Settlement with Fox Funding, LLC* (the "Motion").[1]

2. I am the duly appointed Chapter 11 trustee over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. NuMale Florida TB, PLLC and EBF Holdings, LLC ("EBF Holdings") entered into the Revenue Based Financing Agreement dated November 8, 2024 (the "Agreement"), pursuant to which Fox Funding agreed to provide funding to NuMale Florida TB, PLLC, which Agreement was guaranteed by Dr. Feliciano.

4. On January 22, 2025, Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* jointly administered as Case No. 25-10341-nmc (the "Bankruptcy Cases") before the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

5. My counsel prepared a Complaint against Fox Funding asserting multiple causes of action relating to or arising from the Agreement and associated financial transactions (the "Complaint"), which draft Complaint was provided to Fox Funding in connection with settlement negotiations.

6. The proposed Complaint asserted alternative claims for recovery of preferential transfers of approximately $70,000, fraudulent transfers, disallowance of claim, and other tort claims. While I believe the Estates have viable claims against Fox Funding, much uncertainty remains as an adversary has not yet been filed and Fox Funding has informally raised defenses.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7. The heightened standards for proving claims sounding in fraud makes the fraud and deceptive acts or practices causes of action uncertain at this early stage of litigation. Similarly, the preferential and fraudulent transfer claims will be subject to a number of affirmative defenses, and whether such transfers were on account of antecedent debt, or made in the ordinary course of business will be disputed. Additionally, the declaratory judgment claim relies on findings of fraud and complicated usury calculations, in addition to the conceptual dispute as to whether the funding instrument at issue is, or is not, a loan. With numerous uncertainties at this early stage of the case, it cannot be said that the Trustee has a certainty of success in litigation.

8. The claims will require significant discovery, including multiple depositions, significant document discovery, and motion practice.

9. To fairly litigate the disputes between the parties, an adversary proceeding scheduling order with protracted deadlines would be appropriate. This will result in unnecessary expense, inconvenience, and delay.

10. In my business judgment, approval of the Settlement Agreement is in the best interest of the creditors and Estates.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 12th day of September, 2025.

*/s/ Michael Carmel*
MICHAEL CARMEL, CHAPTER 11 TRUSTEE

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000