_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
September 17, 2025

_____

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|
| NUMALE CORPORATION, | | |
|    AFFECTS THIS DEBTOR, | ☐ | *Jointly administered with:* |
|    AFFECTS FELICIANO<br>   NUMALE NEVADA PLLC, | ☐ | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
|    NUMEDICAL SC, | ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
|    NUMALE COLORADO SC, | ☐ | NuMale Colorado SC<br>Case No. 25-10344-nmc |
|    NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
|    NUMALE NEBRASKA LLC, | ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
|    NUMALE NEW MEXICO SC, | ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
|    NUMALE ALL DEBTORS, | ☒ | |
|             Debtors. | | Hearing Date: September 16, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER PURSUANT TO FED. R. BANKR. P. 9019 TO APPROVE SETTLEMENT WITH EBF HOLDINGS, LLC d/b/a EVEREST BUSINESS FUNDING**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel, Garman Turner Gordon LLP, filed the *Motion Pursuant to Fed. R. Bankr. P. 9019 to Approve Settlement with EBF Holdings, LLC d/b/a Everest Business Funding* (the "Motion"),[1] which came on for hearing before the above-captioned Court on September 16, 2025, at 9:30 a.m. All appearances were duly noted on the record.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the time of the hearing and found that notice of the Motion was proper. The Court found that: (i) based on the entire record, the Trustee's request for approval of the Settlement Agreement represents the exercise of his sound, properly informed, business judgment; (ii) the Settlement Agreement is in the best interest of the estates and satisfies the requirements of Bankruptcy Rule 9019; and (iii) the Settlement Agreement satisfies the factors set forth in *In re A&C Properties, Inc.,* 784 F.2d 1377, 1381 (9th Cir. 1986). The Court stated its additional findings of fact and conclusions of law on the record at the hearing on the Motion, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure. Good cause appearing therefor;

**IT IS HEREBY ORDERED AND DECREED AS FOLLOWS:**

1.  The Motion is granted as set forth herein.

2.  The Settlement Agreement attached as Exhibit 2 to the Motion is **APPROVED** and the Trustee is authorized and directed to enter into, to be bound by, and to carry out the transactions contemplated by such Settlement Agreement.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

3. This Court shall retain jurisdiction to enforce this Order and the terms of the Settlement Agreement.

**IT IS SO ORDERED**.

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: /s/ Talitha Gray Kozlowski
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒  The court waived the requirement of approval under LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###