# EXHIBIT B

# EXHIBIT B

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|---|
| NUMALE CORPORATION, | | | *Jointly administered with:* |
| AFFECTS THIS DEBTOR, | ☐ | | Feliciano NuMale Nevada PLLC, |
| AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, | ☐ | | Case No. 25-10342-nmc |
| NUMEDICAL SC, | ☐ | | NuMedical SC<br>Case No. 25-10343-nmc |
| NUMALE COLORADO SC, | ☐ | | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, | ☐ | | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, | ☐ | | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| NUMALE NEW MEXICO SC, | ☐ | | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| NUMALE ALL DEBTORS, | ☒ | | |
| Debtors. | | | Hearing Date: October __, 2025<br>Hearing Time:    :    .m. |

**ORDER: (I) AUTHORIZING THE SALE OF DEBTORS' ASSETS OUTSIDE OF THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (II) GRANTING RELATED RELIEF**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), filed his motion for entry of an *Order: (I) Authorizing the Sale of Debtors' Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Sale Motion") [ECF No. ___],[1] which was heard by the Court on October __, 2025, at _:__ _.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Nevada. The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Motion is in the best interest of Debtors' estates, creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.  **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

---

[1] Capitalized terms not otherwise defined in this Sale Order shall have the meanings set forth in the Sale Motion.

**C.      Judicial Notice.**  The Court took judicial notice of the pleadings, papers, and other records in the Bankruptcy Case pursuant to Federal Rule of Evidence 201, made applicable to these proceedings pursuant to Bankruptcy Rule 9017.

**D.      Notice**.  As evidenced by the certificates of service filed with this Court and based upon the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing, and the Sale, has been provided in accordance with Sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006; (ii) it appearing that no other or further notice need be provided; (iii) such notice was and is good, sufficient, and appropriate under the circumstances; and (iv) no other or further notice of the Motion, the Auction, the Sale Hearing, or the Sale to the Prevailing Bidder is or shall be required.

**E.      Opportunity to Object**.  A reasonable opportunity to object and to be heard with respect to the Motion and the relief requested therein has been given, in light of the circumstances, to all interested persons and entities, including the following: (i) the U.S. Trustee; (ii) all parties known to be asserting a lien on any of the 363 Assets; (iii) the Internal Revenue Service; and (iv) all of Debtors' known creditors, equity security holders, and parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

**F.      Sale Satisfies Best Interests**.  Good and sufficient reasons for approval of the Sale to [_____ (the "Prevailing Bidder")] has been articulated, and the relief requested in the Sale Motion is in the best interests of Debtors, their estates, the creditors, and other parties-in-interest.

**G.      Business Justification**.  The Trustee has demonstrated both: (i) good, sufficient, and sound business purposes and justifications for the Sale, which Sale was conducted in accordance with the *Joint Plan of Reorganization* (the "Plan") [ECF No. 434]; and (ii) compelling circumstances for the Sale other than in the ordinary course of business under Section 363(b) of the Bankruptcy Code.  Entry of an order approving the Sale to the Prevailing Bidder is a necessary condition precedent to consummating the Sale.

**H.     Arm's-Length Sale**.  The Asset Purchase Agreement attached hereto as Exhibit 1 executed by the Prevailing Bidder memorializing the Prevailing Bid (the "APA") was negotiated, proposed, and entered into by Trustee and the Prevailing Bidder without collusion, in good faith, and from an arm's-length bargaining position.  Neither the Trustee nor the Prevailing Bidder have engaged in any conduct that would cause or permit the APA to be avoided under Section 363(n) of the Bankruptcy Code.  Specifically, the Prevailing Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

**I.     Good Faith Purchaser**.  The APA was negotiated, proposed, and entered into by Trustee and the Prevailing Bidder in good faith, without collusion, and from arm's-length bargaining positions.  The Prevailing Bidder has proceeded in good faith in all respects in connection with this proceeding, is a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby.  Neither the Trustee, Debtors, nor the Prevailing Bidder have engaged in any conduct that: (i) would cause or permit the Sale transactions contemplated hereby and in accordance with the APA to be avoided; (ii) would tend to hinder, delay, or defraud creditors; or (iii) impose costs and damages under Section 363(n) of the Bankruptcy Code.

**J.     Highest and Best Offer**.  As demonstrated by the declarations and other testimony and evidence proffered or adduced prior to or at the Sale Hearing: (i) the Trustee has adequately marketed the 363 Assets for sale; (ii) the consideration provided for in the APA constitutes the highest or otherwise best offer for the 363 Assets and provides fair and reasonable consideration for the 363 Assets; (iii) the Sale pursuant to the APA will provide a greater recovery for Debtors' creditors than would be provided by any other practical available alternative; (iv) the consideration to be paid by the Prevailing Bidder constitutes reasonably equivalent value and fair consideration (as those terms may be defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and Section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia, or any other applicable jurisdiction with laws substantially similar to the foregoing. The

Trustee's determination that the Prevailing Bid constitute the highest and best offer for the 363 Assets constitutes a valid and sound exercise of the Trustee's business judgment.

**K.    Consideration.**  The Prevailing Bid represents a fair and reasonable offer to purchase the 363 Assets under the circumstances of the Chapter 11 Cases.  Approval of the Motion, the Prevailing Bid, the APA, and the consummation of the Sale contemplated thereby are in the best interests of Debtors, their creditors, their estates, and all other parties-in-interest.

**L.    Free and Clear**.  The transfer of the 363 Assets to the Prevailing Bidder under the APA will be a legal, valid, and effective transfer of the 363 Assets and vests or will vest the Prevailing Bidder with all right, title, and interest of Debtors' estates to the applicable purchased 363 Assets free and clear of all liens, claims (as defined in Section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments, or interests of any kind or nature whatsoever, including but not limited to, product warranty claims and product liability claims (collectively, the "Claims").  The Prevailing Bidder would not have entered into the APA and would not consummate the Sale if the Sale to the Prevailing Bidder were not free and clear of all Claims or if the Prevailing Bidder would, or in the future could, be liable for any of the Claims.  For the avoidance of doubt, all Claims shall attach to the cash proceeds received by Debtors' estates ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims, with the same validity, force, and effect, and in the same order of priority that such Claims now have against the 363 Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtors or their estates may possess with respect thereto.

**M.**    The Trustee may sell the 363 Assets free and clear of any Claims of any kind or nature whatsoever because in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each entity with a Claim to or in the 363 Assets to be transferred on the day of the closing of the Sale of the 363 Assets to the Prevailing Bidder (the "Closing"): (i) has, subject to the terms and conditions of this Sale Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Claim; or (iii) otherwise falls within the provisions of Section 363(f) of the Bankruptcy Code.  Those holders of Claims who did not object to the Motion are

5

deemed, subject to the terms of this Sale Order, to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.

N. All holders of Claims are adequately protected by the Plan and by having their Claims attach to the cash proceeds received by Debtors' estates that are ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims, with the same validity, force and effect, and in the same order of priority, which such Claims now have against the 363 Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtors or their estates may possess with respect thereto.

O. **No Fraudulent Transfer**. The Prevailing Bid and APA provide reasonably equivalent value and fair consideration (as those terms are defined in the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the Bankruptcy Code). The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the State of Nevada. Neither the Trustee nor the Prevailing Bidder is entering into the APA fraudulently.

P. **Not a Successor**. The Prevailing Bidder: (i) is not a successor to any of the Debtors; (ii) have not, de facto or otherwise, merged with or into the Debtors; (iii) are not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors; (iv) do not have a common identity of incorporators, directors, or equity holders with the Debtors; and (v) are not holding themselves out to the public as a continuation of the Debtors. The: (i) transfer of the 363 Assets to the Prevailing Bidder; and (ii) assignment to the Prevailing Bidder of the executory contracts and unexpired leases does not and will not subject the Prevailing Bidder to any liability whatsoever with respect to the operation of Debtors' business before the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the State of Nevada, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

      **Q.**    **Cure/Adequate Assurance**. The assignment of the executory contracts and unexpired leases assumed and assigned (the "Assumed Contracts") pursuant to the terms of the Plan and this Sale Order is integral to the APA and is in the best interests of Debtors, their estates, their creditors, and all other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by the Trustee.

      **R.**    **Prompt Consummation**. The Sale in accordance with the APA must be approved and consummated promptly in order to preserve the viability of the Debtors' enterprise and to maximize the value of Debtors' estates for the benefit of their creditors. Time is of the essence in consummating the Sale.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

    1.    **Motion Is Granted**. The Motion and the relief requested therein is GRANTED and APPROVED.

    2.    **Objections Overruled**. Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

    3.    **Approval of the Sale**. The APA and the Sale contemplated therein are hereby approved. Pursuant to Sections 105, 363, and 365 of the Bankruptcy Code, the Trustee and Debtors are hereby authorized to: (i) execute and perform the obligations under the APA, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Sale pursuant to the APA; (ii) consummate the Sale in accordance with the terms and conditions of the APA and all additional documents and instruments contemplated thereby; and (iii) take all other and further action as may be reasonably necessary to implement the Sale to the Prevailing Bidder pursuant to the APA.

    4.    **Free and Clear**. Except as otherwise specifically provided for in the APA or this Sale Order, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the 363 Assets to the Prevailing Bidder in accordance with the APA and, as

of the Closing, the Prevailing Bidder shall take title to and possession of the respective 363 Assets free and clear of all Claims of any kind or nature whatsoever, with all such Claims to attach to the cash proceeds received by the Debtors' estates that are ultimately attributable to the property against or in which such Claims are asserted, subject to the terms of such Claims with the same validity, force, and effect, and in the same order of priority, which such Claims now have against the 363 Assets or their proceeds, if any, subject to any rights, claims, and defenses Debtors or their estates may possess with respect thereto.

5. **Valid Transfer**. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Trustee is authorized and directed to transfer the 363 Assets in accordance with the terms of the APA. As of the Closing: (i) the Sale to the Prevailing Bidder pursuant to the APA effects a legal, valid, enforceable, and effective sale and transfer of the 363 Assets to the Prevailing Bidder, and shall vest the Prevailing Bidder with all right, title, and interest to such 363 Assets free and clear of all Claims; (ii) the APA and the instruments contemplated thereby shall be enforceable against and binding upon the Prevailing Bidder, the Debtors, the Debtors' estates, and not subject to rejection or avoidance by the Debtors, the Debtors' estates, or any subsequently appointed chapter 11 or chapter 7 trustee of the Debtors and their estates; and (iii) the Sale to the Prevailing Bidder pursuant to the APA shall be free and clear of all Claims, with all such Claims to attach to the proceeds of the Sale in the order of their priority and with the same validity, force, and effect which they now have against the 363 Assets, subject to any rights, claims, and defenses Debtors or their estates may possess with respect thereto.

6. This Sale Order: (i) shall be effective as a determination that, as of the Closing: (a) no Claims relating to the 363 Assets will be assertable against the Prevailing Bidder, their affiliates, successors, or assigns or any of their respective 363 Assets (including the 363 Assets), (b) the 363 Assets shall have been transferred to the Prevailing Bidder free and clear of all Claims, and (c) the conveyances described herein have been effected; and (ii) is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, national and international registrars of deeds, administrative agencies, secretaries of state, federal and local officials, and all other

persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

7. If any person or entity that has filed financing statements, liens, or other documents or agreements evidencing Claims against or in Debtors' estates or the 363 Assets shall not have delivered to the Prevailing Bidder prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests that the person or entity has with respect to Debtors, their estates, the 363 Assets, or otherwise, then only with regard to 363 Assets that are purchased by the Prevailing Bidder pursuant to the APA and this Sale Order: (i) the Trustee is hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the 363 Assets; and (ii) the Prevailing Bidder are hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the applicable 363 Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

8. All persons or entities in possession of some or all of the 363 Assets are directed to surrender possession of such 363 Assets to the Prevailing Bidder or their respective designees at the time of the Closing of the Sale.

9. Following the Closing, no holder of any Claim shall interfere with the Prevailing Bidder' title to or use and enjoyment of the 363 Assets based on or related to any such Claim, or based on any actions Trustee may take in Debtors' Chapter 11 Cases, or in the event of a conversion of the case to a case under any other chapter of the Bankruptcy Code, any such actions in that case.

10. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Trustee and Debtors' estates to transfer the 363 Assets to the Prevailing Bidder in accordance with the APA and this Sale Order.

11. To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the 363 Assets sold, transferred, or conveyed to the Prevailing Bidder on account of the filing or pendency of the Chapter 11 Cases or the consummation of the Sale contemplated by the APA.

12. **General Assignment**. On the Closing, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to the Prevailing Bidder of Debtors' interests in the 363 Assets as set forth in the APA. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Sale to the Prevailing Bidder pursuant to the APA.

13. **Injunction**. Except as expressly permitted by the APA or by this Sale Order, all persons and entities, including, but not limited to, Debtors' employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials, lenders, contract parties, lessors, trade creditors, and all other creditors, holding Claims of any kind or nature whatsoever against Debtors or the 363 Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, such 363 Assets or with respect to any Claims arising out of or related to the 363 Assets, shall be and hereby are forever barred, estopped, and permanently enjoined from commencing, prosecuting, or continuing in any manner any action or other proceeding of any kind against the Prevailing Bidder, their property, their successors and assigns, their affiliates, or such 363 Assets. Notwithstanding the foregoing, nothing herein shall prevent: (i) the Debtors or the Trustee from pursuing an action against the Prevailing Bidder arising under the APA or the related documents;

or (ii) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials from properly exercising their regulatory powers.

14. **Release of Claims**. Subject to Paragraphs 4 and 33 of this Sale Order, this Sale Order shall be effective as a determination that, on the Closing, all Claims of any kind or nature whatsoever existing as to the 363 Assets prior to the Closing have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effectuated.

15. **Direction to Release Claims**. On the Closing and subject to the Claims attaching to the cash proceeds of the Sale as provided for in Paragraphs 4 and 33 of this Sale Order, each of Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release the Claims in the 363 Assets, if any, as such Claims may have been recorded or may otherwise exist.

16. **No Successor Liability**. Neither the Prevailing Bidder nor its affiliates, successors, nor assigns shall be deemed, as a result of any action taken in connection with the purchase of the 363 Assets, to: (i) be successors to any of the Debtors or their estates; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtors or their estates; or (iii) be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors. The transfer of the 363 Assets to the Prevailing Bidder shall not result in: (i) the Prevailing Bidder, its affiliates, members, or shareholders or the 363 Assets, having any liability or responsibility for any claim against the Debtors or against any insider of the Debtors; (ii) the Prevailing Bidder, their affiliates, members, or shareholders or the 363 Assets, having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any Claim; or (iii) the Prevailing Bidder, its affiliates, members, or shareholders or the 363 Assets, having any liability or responsibility to the Debtors except as is expressly set forth in the APA and this Sale Order.

17. Without limiting the effect or scope of the foregoing and except as expressly provided in the APA, the Prevailing Bidder shall have no successor or vicarious liability of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger or substantial continuity, whether known or

unknown as of the Closing, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated with respect to Debtors or any obligations of Debtors arising prior to the Closing, including, but not limited to, liabilities on account of any taxes or other government fees, contributions or surcharges arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the 363 Assets prior to the Closing, under the laws of the United States, any state, territory or possession thereof or the State of Arizona.

18. **Assumption and Assignment of the Assumed Contracts.** Under Sections 105(a) and 365, the Debtors' assumption and assignment of the Assumed Contracts to the Prevailing Bidder free and clear of all Claims pursuant to the terms set forth in the Plan and APA is hereby approved, and the requirements of Sections 365(b)(1), 365(b)(3) and 365(f)(2) with respect thereto are hereby deemed satisfied. Each Counterparty to an Assumed Contract is hereby forever barred, and estopped from raising or asserting against Debtors, or the Prevailing Bidder, or the property of either, any assignment fee, default, breach, claim, pecuniary loss, liability, or obligation (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinate) arising under or related to the Assumed Contract existing as of the Closing or arising by reason of the Closing.

19. There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Prevailing Bidder or Debtors as a result of the assumption and assignment of the Assumed Contracts.

20. The payment of the Cure Amounts set by the Plan shall be in full satisfaction of any and all defaults under the Assumed Contracts, whether monetary or non-monetary, and upon payment of the Cure Amounts, any default of Debtors there under shall have been irrevocably cured.

21. Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition, on renewal or extension or modify any term or condition upon the

assignment of such Assumed Contract, are either deemed satisfied or constitute unenforceable anti-assignment provisions that are void and of no force and effect.

22. The Trustee and Prevailing Bidder has provided adequate assurance of future performance under the relevant Assumed Contracts within the meaning of Sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code. All other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Prevailing Bidder of the Assumed Contracts have been satisfied.

23. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code: (i) the Prevailing Bidder shall be fully and irrevocably vested with all right, title, and interest of Trustee and Debtors under the applicable Assumed Contracts; and (ii) the Debtors and their estates shall be relieved from any liability for any breach of such Assumed Contracts occurring thereafter pursuant to Section 365(k) of the Bankruptcy Code.

24. To the extent any governmental license or permit is necessary for the operation of the business is determined not to be an executory contract assumable and assignable under Section 365 of the Bankruptcy Code, the Prevailing Bidder shall apply for and obtain any necessary licenses or permits promptly after the Closing and to the extent permitted by law such licenses or permits of Debtors shall remain in place for the Prevailing Bidder's benefit until new licenses and permits are obtained. The Debtors and their estates shall have no liability under such licenses or permits after the Closing.

25. Paragraphs 18 through 23 of this Sale Order are subject to and conditioned upon the occurrence of the Closing.

26. **Cure**. Pursuant to the Plan, the Trustee shall pay all Cure Amounts relative to the Assumed Contracts to be assigned on the Closing in accordance with the terms of the APA and neither Debtors nor their estates shall have any obligation to pay, or any liability for, any such Cure Amounts relating to any Assumed Contracts upon the Closing. The payment of the applicable Cure Amounts (if any) shall: (i) effect a cure of all defaults existing thereunder as of the Closing; (ii) compensate for any actual pecuniary loss to such non-Debtors party resulting from such

default; and (iii) together with the assumption of the Assumed Contracts by Debtors, constitute adequate assurance of future performance thereof. Except as set forth in this Sale Order, the non-Debtor party to each Assumed Contract that is to be assigned on the Closing is forever barred from asserting against Debtors, the Prevailing Bidder and any of its affiliates, or any of the 363 Assets: (i) any fee, default, breach, claim, or pecuniary loss arising under or related to the Assumed Contract existing as of the Closing or arising by reason of the closing; and (ii) any objection to the assumption and assignment of such non-Debtor party's Assumed Contract.

27. **Binding Effect of Order**. This Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the 363 Assets.

28. **Binding on Successors**. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon Trustee, Debtors, their estates, all creditors of (whether known or unknown) and holders of equity interests in, the Debtors, the Prevailing Bidder and its affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting Claims in the 363 Assets and all non-Debtor counterparties to the Assumed Contracts, notwithstanding any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding. This Order and the APA shall inure to the benefit of Debtors, their estates, the creditors, the Prevailing Bidder, and their respective successors and assigns.

29. **Section 363(n) of the Bankruptcy Code.** The consideration provided by the Prevailing Bidder for the 363 Assets under the APA is fair and reasonable and may not be avoided under Section 363(n) of the Bankruptcy Code.

30. **Good Faith**. The Sale to the Prevailing Bidder is undertaken by the Prevailing Bidder without collusion and in good faith, as that term is used in Section 363(m) of the

Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assumed Contracts) with the Prevailing Bidder, unless such authorization is duly stayed pending such appeal. The Prevailing Bidder is a good faith purchaser of the 363 Assets, and entitled to all of the benefits and protections afforded by Section 363(m) of the Bankruptcy Code.

31. **Fair Consideration**. The consideration provided by the Prevailing Bidder to Debtors pursuant to the APA for its purchase of the 363 Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Fraudulent Conveyance Act.

32. **Retention of Jurisdiction**. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the APA, and all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (i) compel delivery of the 363 Assets to the Prevailing Bidder; (ii) compel delivery of the purchase price under the APA or performance of other obligations thereunder owed to Debtors; (iii) interpret, implement, and enforce the provisions of this Sale Order and the APA; (iv) adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale; and (v) protect the Prevailing Bidder against any Claims in the Debtors or the 363 Assets of any kind or nature whatsoever attaching to the proceeds of the Sale.

33. **Sale Proceeds**. Any and all valid and perfected Claims in 363 Assets of the Debtors shall attach to any cash proceeds of such 363 Assets immediately upon receipt of such proceeds by the Trustee (or any party acting on the Trustee's behalf) in the order of priority, and with the same validity, force, and effect which they now have against such 363 Assets, if any, subject to any rights, claims, and defenses Debtors or their estates may possess with respect thereto, and, in addition to any limitations on the use of such cash proceeds pursuant to any provision of this Sale Order.

34. **Non-Material Modifications**. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on Debtors' estates.

35. **Failure to Specify Provisions**. The failure specifically to include any particular provisions of the APA in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in their entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the Prevailing Bid and the APA (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent.

36. **Acceptance of Documents.** Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

37. **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Sale Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the Sale contemplated herein, and the Trustee and the Prevailing Bidder intend to close the Sale as soon as practicable. Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

38. **Cooperation with Administration of the Estates**. The Trustee will have reasonable access, on a confidential basis, to copies of the books and records constituting 363 Assets that are required to enable its tax accountants to prepare tax filings or reports regarding ownership of the 363 Assets prior to the Closing or the conduct of the business prior to the Closing. The Prevailing Bidder shall cooperate with all reasonable requests of the Trustee and provide any information or documentation reasonably necessary to enable the Trustee to administer Debtors' estates and to reconcile claims. Except for the foregoing, the Prevailing Bidder shall not be liable

for any costs, fees and/or expenses associated with the administration of Debtors' estates and/or reconciliation of claims, including, but not limited to: (i) any administrative fees and expenses, including, without limitation, allowed administrative expenses under Section 503(b) of the Bankruptcy Code; (ii) any Sale costs, fees, and expenses in connection with Trustee's obligations under this Sale Order; and (iii) any rejection damages claimed in Debtors' Chapter 11 Cases.

39. **Further Assurances**. From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale to the Prevailing Bidder including, such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in the Prevailing Bidder its right, title, and interest in and to the 363 Assets.

40. **Consummation of Sales; Injunction**. Upon entry of this Sale Order, no further corporate action of Debtors or approval of any Debtors' equity security holders shall be required to authorize Trustee to consummate the Sale contemplated by the APA. Except as expressly permitted by this Sale Order, all holders of claims against or equity interests in Debtors shall be and hereby are forever barred, estopped, and enjoined from commencing, prosecuting, or continuing in any manner any action or other proceeding of any kind against the Trustee or Debtors' employees, officers, directors, advisors, or attorneys on account of or related to the Sale to the Prevailing Parties. Nothing herein shall prevent any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state and local officials from properly exercising their regulatory powers.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: _____
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, PH.D
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated in the Order.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###