GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: *OST Pending* Hearing Time: *OST Pending* |

**DECLARATION OF MICHAEL W. CARMEL IN SUPPORT OF**
**TRUSTEE'S MOTION FOR ENTRY OF ORDERS: (A)(I) APPROVING BID**
**PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (II) SCHEDULING A**
**HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER**
**OF NOTICE OF SALE BY AUCTION; AND (IV) GRANTING RELATED RELIEF;**
**AND (B)(I) AUTHORIZING THE SALE OF DEBTORS' ASSETS OUTSIDE OF THE**
**ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS,**
**ENCUMBRANCES, AND INTERESTS; AND (II) GRANTING RELATED RELIEF**

I, Michael W. Carmel, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I am the duly appointed Chapter 11 Trustee ("Trustee") over the bankruptcy estates of Debtors NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") and as such, have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of *Trustee's Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief and (B)(I) Authorizing the Sale of Debtors' Assets Outside the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Granting Related Relief* ("Motion").[1]

**THE BID PROCEDURES**

3. I have prepared the Bid Procedures attached to the Motion as **Exhibit "C"**. The Bid Procedures were developed consistent with the objective of promoting active bidding and a robust auction. The Bid Procedures further reflect my objective of conducting the Auction in a controlled, but fair and open, fashion that promotes interest in the 363 Assets by financially capable, motivated bidders that are able and willing to close the transactions.

4. I believe that the sale of the 363 Assets through the Auction and in the manner prescribed by the Bid Procedures will maximize value for Debtors' estates and creditors.

5. I seek to conduct an open sales process pursuant to which one or more winning bidders will enter into one or more APAs in substantially the form attached to the Motion as **Exhibit "E"** for the purchase of some or all of the 363 Assets free and clear of liens, claims, and

---

[1] All undefined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1 encumbrances (unless expressly assumed in the APA), with such liens, claims, and encumbrances attaching to the sale proceeds.

6. I have prepared the Auction Notice attached to the Motion as **Exhibit "D,"** which provides sufficient information regarding the Bid Procedures, Auction, and Sale Hearing.

7. I submit that the Motion and Bid Procedures provide the information required by Local Rule 6004 and are typical for asset sales of this size and nature, require a deposit, and require a bidder to be Qualified Bidder.

8. Subject to Court approval, I have caused Debtors' estates to enter into the APA with Pulliam, which is attached to the Motion as **Exhibit "E"**.

9. Pulliam has agreed to serve as the stalking horse for a purchase price of $300,000. As provided in the *Joint Plan of Reorganization* (the "Plan"), to entice Pulliam to serve as the stalking horse—which sets the floor, and furthers interest in the sale and likelihood of competitive bidding at the Auction—I seek authorization to provide the following limited bid protections to Pulliam (the "Stalking Horse Protections"): (i) an initial overbid of $25,000; and (ii) reimbursement of reasonable, actual, out of pocket costs and expenses paid or incurred by Pulliam directly, incident to, under, or in connection with the negotiation, execution, and performance of the Pulliam APA (including travel expenses and reasonable fees and disbursement of counsel, accountants, and financial advisors) in an amount not to exceed $30,000.

10. My ability as Trustee to offer these limited Stalking Horse Protections is beneficial to Debtors' estates and creditors because it facilitates a competitive sale process. The stalking horse bid sets a floor for further bidding and enables me to shop Pulliam's bid for higher and better offers in connection with the Auction. Moreover, Pulliam, as the proposed stalking horse bidder, has expended and will continue to expend time and resources negotiating, drafting, and undertaking due diligence activities necessitated by the Sale transaction, all of which increase the likelihood of competitive bidding as other buyers will be able to bid without incurring these expenses. As such, I submit that these limited Stalking Horse Protections are in the best interest of the estates and creditors and should be approved.

11. I request the in-court Auction be scheduled prior to October 9, 2025, with the Sale

Hearing scheduled on or prior to October 9, 2025, or as soon as reasonably practical thereafter. I submit that in light of the history of these Chapter 11 Cases and the nature of the 363 Assets, this schedule provides an appropriate marketing period and is likely to generate multiple bidders. Further, the firm Auction date provides credibility to the process and encourages Potential Bidders to promptly engage in the contemplated sale process. In the unlikely event that Pulliam is the only Qualified Bidder, I will notify the Court that the Auction can be vacated and proceed to the Sale Hearing.

12. Within one (1) business day following the entry of the Bid Procedures Order, I through my counsel shall serve by ECF or first-class mail, the Bid Procedures and Auction Notice on: (i) the Office of the United States Trustee; (ii) all parties known by me to be asserting a lien on any of the Debtors' 363 Assets; (iii) the Internal Revenue Service; and (iv) all of Debtors' known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

13. I have determined that the sale process is the optimal mechanism for maximizing the value of the Debtors' 363 Assets for the benefit of the estates and creditors while conforming to the strict requirements of the Global Settlement Agreement, Global Settlement Order, and Plan. For the avoidance of doubt, the Global Settlement Agreement requires the effectuation of a sale pursuant to Section 363 of the Bankruptcy Code, as well as that the Confirmation Hearing be scheduled the week of September 15, 2025, or as soon as practical thereafter. The Confirmation Hearing is scheduled for September 24, 2025. To effectuate a Section 363 sale before the Plan goes effective, requires that the Auction be conducted in the first week of October. Moreover, the likely bidders are all already aware of the proposed sale as it was previewed in the Plan filed on August 1, 2025. The Bid Procedures provide sufficient time to notice the sale process while also being cognizant of the financial constraints and the potential loss and harm to the business resulting from any significant delay or uncertainty in the sale process. The sale process as set forth in the Bid Procedures is necessary under the circumstances and provides the best mechanism to maximize value for the Debtors, their creditors, and their estates.

14. This sale and sale process is expressly contemplated in the Plan. I believe that the

sale process for the sale of the 363 Assets is the appropriate and optimal mechanism in order to effectuate the terms of the Global Settlement Agreement, which has produced $108.5 million of value for the creditors, thereby maximizing the value for the benefit of all creditors and the estates.

15. Pursuant to Section 363(f), the Sale may be free and clear of liens, claims, and encumbrances. The Plan provides for the full payment of all allowed secured claims, and the Estates will have sufficient funds to pay all allowed secured claims prior to taking into account any sale proceeds.

16. Each counterparty to an Assumed Contract will be provided with notice of the Motion and the Assumption Notice within one (1) business day of entry of the Bid Procedures Order. As such, they will have an opportunity to object to the cure amounts and the assumption and assignment, to ensure that adequate assurance of future performance is provided to the counterparties before assumption and assignment is permitted. Additionally, if multiple Qualified Bids are received that contemplate the assumption and assignment of contracts or leases in addition to the Assumed Contracts designated by Pulliam, I will immediately notify any such counterparties by phone or email wherever possible and also by mail, thereby providing notice of the intention to assume and assign additional contracts, the proposed cure amounts, and the deadline to object. Accordingly, I submit that the assumption and assignment of the Assumed Contracts complies with the requirements of Sections 363 and 365 and is in the best interests of the estate and its creditors and should be approved.

17. I have negotiated at arms-length and in good faith with Pulliam.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 19th day of September, 2025.

                                                       /s/ Michael W. Carmel
                                                      MICHAEL W. CARMEL, ESQ.
                                                      *Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000