| | |
|---|---|
| LOUIS M. BUBALA III<br>Nevada Bar No. 8974<br>KAEMPFER CROWELL<br>50 W. Liberty St., Ste. 1100<br>Reno, Nevada 89501<br>Telephone: (775) 852-3900<br>Facsimile: (775) 327-2011<br>E-Mail: lbubala@kcnvlaw.com<br><br>ISABELLA R. GOLDSMITH<br>Nevada Bar No. 16870<br>KAEMPFER CROWELL<br>1980 Festival Plaza Dr., Ste. 650<br>Las Vegas, Nevada 89135<br>Telephone: (702) 792-7000<br>Facsimile: (702) 796-7181<br>E-Mail: igoldsmith@kcnvlaw.com<br><br>Attorneys for Landlord-Creditor<br>Mayfair Mall, LLC | IVAN M. GOLD, California Bar No. 121486<br>*Will comply with LR 1A 11-2 within 14 days of initial appearance on 9/17/25*<br>ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP<br>Three Embarcadero Center, 12th Floor<br>San Francisco, California 94111-4074<br>Telephone: (415) 837-1515<br>Facsimile: (415) 837-1516<br>E-Mail: igold@allenmatkins.com |

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | | Lead Case No.: 25-10341-nmc<br><br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Date:  September 24, 2025<br>Time:  9:30 a.m. |

## OBJECTION OF MAYFAIR MALL, LLC TO TRUSTEE'S BID AND SALE MOTION, MOTION FOR ORDER SHORTENING TIME, ORIGINAL AND AMENDED ATTORNEY INFORMATION SHEETS, AND ORDER SHORTENING TIME

Mayfair Mall, LLC ("Landlord"), the lessor to debtor NuMedical SC with respect to two offices leases for premises in Wauwatosa, Wisconsin, objects to the Trustee's motion to approving its bidding procedures and sale [Docket No. 631], motion for an order shortening time [Docket. 633], original and amended attorney information sheets [Docket No. 634-35] and the notice of hearing and order shortening time [Docket. No. 637]. The objection is that the papers did not appropriately reflect the rights and communications with Landlord.

1. All leases are to be assumed and assigned on the effective date of the trustee's plan [Docket No. 434 at 32, § 6.1 & 49, Sec. 6.1, filed Aug. 1, 2025]. Landlord objected to the plan as an impermissible and untimely attempt to assume and assign its leases [Docket No. 623, filed Wednesday, Sept. 17, 2025]

2. Trustee moved *ex parte* two days later for approval of bidding procedures [Docket No. 631, filed at 5:09 p.m., Friday, Sept. 19, 2025], requesting approval on shortened time [Docket. 633]. Trustee did not consult Landlord about the substantive motion or about the *ex parte* motion seeking approval on shortened time, as evidenced by Landlord's exclusion from the original attorney information sheet [Dockt No. 634].

3. At 6:41 p.m. Pacific, Friday, September 19, 2025, Landlord emailed Trustee to express its surprise that it was not consulted about the substantive and procedural motions as they affect the leases. On Saturday, September 20, 2025, Trustee asked for Landlord's response so it could amend the attorney information sheet. Landlord replied that day: "Mary, we do not consent at this time. We asked for a continuance, but the trustee declined. We were not consulted on the proposed motion or the request for hearing on shortened time, which was filed after hours on Friday. Ivan Gold and I have been in Chicago for NCBJ and have not yet had a chance to review the motion for substance and potential prejudice."

1  4. On Sunday, September 21, 2025, Trustee filed its amended attorney information sheet, stating it consulted with Landlord on Friday, September 19, 2025, and the Landlord did not consent to a hearing on shortened time [Docket No. 635]. Landlord objects because Trustee did not communicate with Landlord about these matters either (1) before filed the substantive or procedural motions, or (2) on Friday, September 19, 2025. The amended attorney sheet is not explicit about the first point and is incorrect on the second point.

5. On Saturday, September 20, 2025, Trustee stated it will not assume nor seek to assign Landlord's leases. As of the filing of this objection, Trustee advised it is preparing amended papers about its decision not to assume and assign Landlord's leases. It has not yet responded or filed papers regarding its position on rejection, claims under Section 502(b)(6) or other issues related to the leases. Trustee and Landlord continue to discuss the issues.

Dated: September 17, 2025              KAEMPFER CROWELL

                                       By: */s/ Louis M. Bubala III*
                                           Louis M. Bubala III
                                           Isabella R. Goldsmith

                                           Attorneys for Landlord-Creditor Mayfair Mall, LLC

Dated: September 17, 2025              ALLEN MATKINS LECK GAMBLE
                                       MALLORY & NATSIS LLP

                                           Ivan M. Gold