GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: September 24, 2025<br>Hearing Time: 9:30 a.m. |

### SUPPLEMENTAL DECLARATION OF MICHAEL W. CARMEL
### IN SUPPORT OF PLAN CONFIRMATION AND FINAL APPROVAL OF THE
### <u>DISCLOSURE STATEMENT</u>

I, Michael W. Carmel, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I am the duly appointed Chapter

11 Trustee ("Trustee") over the bankruptcy estates of Debtors NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") and as such, have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this supplemental declaration in support of confirmation of the *Joint Plan of Reorganization* [ECF No. 434] (together with all exhibits thereto, and as may be amended, modified, or supplemented, including via the *Notice of Filing Plan Supplement to Joint Plan of Reorganization* [ECF No. 595], the "Plan"[1]) and final approval of the *Disclosure Statement to Accompany Joint Plan* [ECF No. 435] ("Disclosure Statement").

3. As the Trustee, I am familiar with Debtors' daily business, operations, and financial affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of Debtors' operations and finances, information learned from my review of relevant documents, my independent investigations, and information supplied to me by my counsel.

4. I believe the Revised Exculpation Provision is consistent with and satisfies the standards set forth in *Blixseth v. Credit Suisse,* 961 F.3d 1074 (9th Cir. 2020), and as clarified in *In re Astria Health*, 623 B.R. 793 (Bankr. E.D. Wash. 2021). The Revised Exculpation Provision (a) is limited in time to only actions taken after the Petition Date; (b) excludes liabilities based upon gross negligence or willful misconduct; (c) is limited to protecting the parties who directly participated in the Chapter 11 Cases, the preparation of the Plan, and pursuit of confirmation of the Plan, which incorporates the Global Settlement Agreement and the Global Settlement Order; and (d) is further limited in scope to only "act[s] or omission[s] in connection with, relating to, or arising out of (from the Petition Date forward), the Chapter 11 Cases, the pursuit of confirmation of this Plan (including the pursuit of the Global Settlement Agreement and Global Settlement

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan. To the extent any descriptions or summaries of Plan provisions, Sections, or treatment set forth herein are inconsistent with the precise language of the Plan, such descriptions and summaries herein are intended for descriptive and illustrative purposes only, and in all circumstances the precise language in the Plan controls.

Order incorporated into the Plan)."

5. As illustrated by the express carveouts, the Revised Exculpation Provision is narrowly tailored to cover only those parties who played a significant role during these Chapter 11 Cases and engaged in conduct potentially subject to second guessing or hindsight-driven criticism in connection with these Chapter 11 Cases and the Plan.

6. After consulting with the U.S. Trustee, I also negotiated with Beazley, Messrs. Sanchez, Pulliam, and Asandra, and they have agreed to provide a short extension of the Effective Date to provide additional time for the auction to be conducted and the 363 Sale Order to be entered.

7. Despite filing the Bid Procedures Motion and the modified Effective Date provided in Section 7.4, there remains an open issue as to how quickly the 363 Sale can close. I will strive for a closing as quickly as reasonably as possible, but intervening events could occur that cause the closing to be delayed for weeks or months or for the closing to not occur at all. For instance, the prevailing bidder could fail to close after the 363 Sale Order is entered, requiring me to proceed with the back-up bidder, all of which takes time. It is also conceivable (albeit unlikely) that neither the prevailing nor the back-up bidder closes. In either of these instances, the Reorganized Debtors will be engaged in the business of operating the men's health clinics in multiple states and ensuring patient care during their operation. Were this to occur despite my best efforts to close the 363 Sale before the Effective Date, the Reorganized Debtors will undeniably be "engage[d] in business after consummation of the plan," rendering Section 1141(d)(3) wholly inapplicable.

8. I have reviewed the *Objection of Mayfair Mall, LLC to Confirmation of Joint Plan of Reorganization* ("<u>Mayfair Objection</u>"). I determined it is in the estates' best interests to reject the two (2) leases which are the subject of the Mayfair Objection. I reserve all rights to object to any claim(s) asserted by Mayfair for (1) an administrative claim; and (2) a claim for rejection damages. I believe the issues raised in the Mayfair Objection in light of the rejection of the two (2) leases are moot, and therefore request the Court overrule the Mayfair Objection.

I declare under the penalty of perjury of the laws of the United States of America that the

. . .

foregoing is true and correct.

DATED this 23rd day of September, 2025.

*/s/   Michael W. Carmel*
MICHAEL W. CARMEL, ESQ.
*Chapter 11 Trustee*