GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |

|  |  |  |
|---|---|---|
| AFFECTS THIS DEBTOR, | ☐ | *Jointly administered with:* |
| AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc |
| NUMEDICAL SC, | ☐ | NuMedical SC Case No. 25-10343-nmc |
| NUMALE COLORADO SC, | ☐ | NuMale Colorado SC, Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC, Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, | ☐ | |
| NUMALE NEW MEXICO SC, | ☐ | NuMale Nebraska LLC Case No. 25-10346-nmc |
| NUMALE ALL DEBTORS, | ☒ | NuMale New Mexico SC Case No. 25-10347-nmc |
| Debtors. | | |

## STIPULATION REGARDING BRAD PALUBICKI CLAIMS

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale

Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

1

1  Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the

2  "Debtors"), by and through his undersigned counsel, and Brad Palubicki ("Palubicki"), by and

3  through his undersigned counsel (the Trustee and Palubicki together, the "Parties"), hereby

4  stipulate and agree as follows:

5         WHEREAS, on or about January 22, 2025 (the "Petition Date"), the Debtors filed their

6  voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the

7  above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

8         WHEREAS, on or about April 2, 2025, this Court entered its *Order on United States*

9  *Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative,*

10 *to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby

11 directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

12        WHEREAS, on or about April 7, 2025, the Trustee was appointed the Chapter 11 Trustee for

13 the Debtors' estates [ECF Nos. 155-157].

14        WHEREAS, on or about June 30, 2025, Palubicki filed Claim No. 29 against Debtor

15 NuMale Corporation in the amount of $74,383.99 as a general unsecured claim based on "Money

16 loaned Personal funds advanced by Brad Palubicki to cover NuMale Corporations marketing

17 expenses" ("Claim 29").

18        WHEREAS, Palubicki asserts that he did not receive wages post-petition in connection

19 with his work at, for, or on behalf of the Debtors.

20        WHEREAS, on or about June 30, 2025, Palubicki filed Claim No. 31 against Debtor

21 NuMale Corporation in the amount of $121,796.60 based on "Wages owed Unpaid salary

22 compensation owed for services performed as an employee/executive of NuMale Corp[,]" and

23 asserting $17,150.00 of this total amount as a priority claim pursuant to 11 U.S.C. § 507(a)(4) with

24 the balance ($104,646.60) asserted as a general unsecured claim (altogether, "Claim 31").

25        WHEREAS, on or about June 30, 2025, Palubicki filed Claim No. 36 against Debtor

26 NuMale Corporation in the amount of $1,799,550.00 as a general unsecured claim based on "Lease

27 Guaranty by Brad Palubicki for NuMale Corporation Las Vegas Location" ("Claim 36").

28

WHEREAS, on or about June 30, 2025, Palubicki filed Claim No. 39 against Debtor NuMale Corporation in the amount of $150,000.00 as a general unsecured claim based on "Guarantee on MCA loan" ("Claim 39").

WHEREAS, on or about June 30, 2025, Palubicki filed Claim No. 4 against Debtor NuMale Nebraska LLC in the amount of $50,000.00 as a general unsecured claim based on "MCA loan Gurantee [sic]" ("Claim 4").

WHEREAS, on or about August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (the "Plan"),[1] which is set for a confirmation hearing date of September 24, 2025, commencing at 9:30 a.m. prevailing Pacific Time.

WHEREAS, the Parties have met and conferred, and seek to resolve their pending disputes associated with the foregoing asserted claims.

NOW, THEREFORE, subject to entry of the Order approving this Stipulation, which Order has been submitted to the Court concurrently herewith, the Parties hereby stipulate and agree as follows:

1. Upon providing written evidence satisfactory to the Trustee, Claim 29 is allowed as a general unsecured claim in the amount of $74,383.99, and Palubicki is the holder of a Class 10 Allowed General Unsecured Claim in this amount.

2. Claim 31 is allowed in part as follows:

   ▪ General unsecured claim in the amount of $29,080.73, and Palubicki is the holder of a Class 10 Allowed General Unsecured Claim in this amount; and

   ▪ Priority Claim in the amount of $15,150.00, and Palubicki is the holder of an Allowed Priority Claim in this amount;

   ▪ Allowed Administrative Claim in the amount of $88,461.45 for unpaid, post-petition wages; and

   ▪ Claim 31 is Disallowed to the extent it seeks any other amounts beyond those

---

[1] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1    identified herein as Allowed.

2    3.  Palubicki shall, by virtue of holding an Allowed General Unsecured Claim in the total

3        amount of $103,464.72, be entitled to vote a Class 10 Ballot under the Plan, which

4        Palubicki will cast to accept the Plan.

5    4.  Upon providing written evidence satisfactory to the Trustee, Palubicki shall have an

6        Allowed Administrative Claim in the amount of $20,000.00 for funds advanced post-

7        petition for Debtors' payroll obligations for the benefit of the Estates.

8    5.  To ensure there is no ambiguity under the Plan, the amount and treatment of the

9        Allowed Claims set forth in paragraphs 2, 3, and 4 of this Stipulation shall be

10        memorialized in the order confirming the Plan.

11    6.  At Palubicki's sole discretion, Palubicki may elect to credit bid some or all of his

12        Allowed Administrative Claims and Allowed Priority Claim set forth herein dollar-for-

13        dollar and his Allowed General Unsecured Claim set forth herein, with each dollar of

14        his Allowed General Unsecured Claim equal to $0.25 Cash.

15    7.  Claim 36 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or

16        paid to Palubicki, on account of Claim 36.

17    8.  Claim 39 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or

18        paid to Palubicki, on account of Claim 39.

19    9.  Claim 4 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or

20        paid to Palubicki, on account of Claim 4.

21    10. Palubicki shall not file, cause to be filed, or assert any other Claims against any of the

22        Debtors, their Estates, the Trustee, the Liquidation Trust, the Liquidation Trustee, or

23        any professionals, agents, representatives, or employees thereof.

24    11. Palubicki and the Trustee stipulate and agree to the following treatment in the Plan,

25        which treatment the Trustee may include in the Confirmation Order:

26

27

28

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**5.12. Prosecution of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims.**[2] In exchange for the benefits and releases provided in the Global Settlement Agreement, the Liquidation Trust and the NuMale Settling Defendants shall jointly prosecute their respective Quintairos Claims and Quintairos Non-Debtor Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee. In exchange for the benefits and releases received under the Global Settlement Agreement, the NuMale Settling Defendants agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims and Quintairos Non-Debtor Claims, though the Liquidation Trustee agrees to consult with, and keep informed, the NuMale Settling Defendants regarding ongoing negotiations, strategy, and any resolution or settlement.

Additionally, the Liquidation Trust, Brad Palubicki, and Carlos Feliciano shall jointly prosecute their respective Quintairos Claims and Quintairos PF Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee. Brad Palubicki and Carlos Feliciano agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims, the Quintairos Non-Debtor Claims, and Quintairos PF Claims, though the Liquidation Trustee agrees to consult with, and keep informed Brad Palubicki and Carlos Feliciano regarding ongoing negotiations, strategy, and any resolution or settlement.

The NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall fully cooperate with, and assist the Liquidation Trustee in, prosecuting the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, including in connection with providing documents and testimony necessary for the successful prosecution of such claims.

To the extent that the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims produce a monetary recovery, and to the extent they cannot otherwise agree, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall participate in a mediation to determine how

---

[2] "Quintairos PF Claims" means all rights, claims, and causes of action against Quintairos, Prieto, Wood & Boyer, P.A. and its attorneys, employees, Insiders, and Affiliates held or controlled by Carlos Feliciano and Brad Palubicki.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

such recovery shall be allocated between the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims after payment of retained counsel and experts' fees and costs. Within ten (10) days' written notice from the Liquidation Trustee that there is a monetary recovery on account of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall jointly select a mediator to determine the allocation of such recovery amongst themselves. If an agreement cannot be reached with respect to the identification of the mediator, one of the following mediators will be selected by the Liquidation Trustee: Bruce Markell or Miles Ruthberg. The mediation will occur within thirty (30) days of the selection of the meditator unless otherwise agreed in writing by the Liquidation Trustee, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feiciano. If the Liquidation Trustee and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feilciano cannot agree on an allocation of the proceeds from the recovery of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims at the mediation and the mediator determines, in the mediator's sole discretion, that the parties have reached an impasse, the mediator shall present a mediator's proposal for the proper allocation of the recovery from the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims between the Liquidation Trust and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano, which mediator's proposal shall be immediately binding on the Liquidation Trust, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano without any further order, act, or approval and without any right of appeal. Any resolution shall be noticed to the full matrix in the Chapter 11 Cases.

**IT IS SO STIPULATED.**

Dated this 24th day of September 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

Dated this 24th day of September 2025.

HOLLAND & HART LLP

By: /s/ Joseph G. Went
JOSEPH G. WENT, ESQ.
LARS K. EVENSEN ESQ.
SYDNEY R. GAMBEE, ESQ.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Brad Palubicki*

6

1

2

3   Dated this 24th day of September 2025.

4   By: /s/ *[signature]*
    MICHAEL W. CARMEL, ESQ.
    80 East Columbus Avenue
5   Phoenix, Arizona 85012
    *Chapter 11 Trustee*

6

7

Dated this ___ day of September 2025.

By: _____
    BRAD PALUBICKI
    9 Paradise Valley Court
    Henderson, Nevada 89052

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7