GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**STIPULATION REGARDING CARLOS FELICIANO CLAIMS**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

1

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through undersigned counsel, and Carlos Feliciano ("Feliciano"; together with the Trustee, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on or about January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). See, e.g., ECF No. 1.

WHEREAS, on or about April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. See ECF No. 132.

WHEREAS, on or about April 7, 2025, the Trustee was appointed the Chapter 11 Trustee for the Debtors' estates [ECF Nos. 155-157].

WHEREAS, Feliciano asserts that he did not receive wages post-petition in connection with his work at, for, or on behalf of the Debtors.

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 30 against Debtor NuMale Corporation in the amount of $121,796.60 as a general unsecured claim based on "Wages owed Unpaid salary compensation owed to for services performed as an employee/executive of NuMale Corp" and asserting $17,150.00 of this total amount as a priority claim pursuant to 11 U.S.C. § 507(a)(4) with the balance ($104,646.60) asserted as a general unsecured claim (altogether, "Claim 30").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 37 against Debtor NuMale Corporation in the amount of $515,000.00 based on "personal guarantor of several Merchant Cash Advance (MCA) loan obligations" ("Claim 37").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 4 against Debtor Feliciano NuMale Nevada PLLC in the amount of $300,000.00 as a general unsecured claim based on "Guarantor on MCA Loans" ("Nevada Claim 4").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 3 against Debtor

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

NuMedical SC in the amount of $230,000.00 as a general unsecured claim based on "Personal Guarnaty [sic] on MCA loans" ("NuMedical Claim 3").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 2 against Debtor NuMale Colorado SC in the amount of $12,675.00 as a general unsecured claim based on "Personal Guarantees on MCA loan" ("Colorado Claim 2").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 2 against Debtor NuMale Florida TB PLLC in the amount of $30,000.00 as a general unsecured claim based on "Personal Guarantee of MCA loan" ("Florida Claim 2").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 2 against Debtor NuMale Nebraska LLC in the amount of $100,000.00 as a general unsecured claim based on "Personal Guarantee of MCA loan" ("Nebraska Claim 2").

WHEREAS, on or about June 30, 2025, Feliciano filed Claim No. 5 against Debtor NuMale New Mexico SC in the amount of $100,000.00 as a general unsecured claim based on "Personal Guarantee on MCA loan" ("New Mexico Claim 5").

WHEREAS, on or about August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (the "Plan"),[1] which is set for a confirmation hearing date of September 24, 2025, commencing at 9:30 a.m. prevailing Pacific Time.

WHEREAS, the Parties have met and conferred, and seek to resolve their pending disputes associated with the foregoing asserted claims.

NOW, THEREFORE, subject to entry of the Order approving this Stipulation, which Order has been submitted to the Court concurrently herewith, the Parties hereby stipulate and agree as follows:

1. Claim 30 is allowed in part as follows:
    - General unsecured claim in the amount of $27,205.73, and Feliciano is the holder of a Class 10 Allowed General Unsecured Claim in this amount; and

---

[1] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

- Priority Claim in the amount of $15,150.00, and Feliciano is the holder of an Allowed Priority Claim in this amount; and
- Claim 30 is Disallowed to the extent it seeks any other amounts beyond those identified herein as Allowed.

2. Feliciano shall, by virtue of holding an Allowed General Unsecured Claim in the total amount of $27,205.73, be entitled to vote a Class 10 Ballot under the Plan (the "Feliciano Ballot"), which Feliciano will cast to accept the Plan.

3. Feliciano shall have an Allowed Administrative Claim in the amount of $63,533.59 for unpaid, post-petition wages.

4. Claim 37 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of Claim 37.

5. Nevada Claim 4 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of Nevada Claim 4.

6. NuMedical Claim 3 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of NuMedical Claim 3.

7. Colorado Claim 2 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of Colorado Claim 2.

8. Florida Claim 2 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of Florida Claim 2.

9. Nebraska Claim 2 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of Nebraska Claim 2.

10. New Mexico Claim 5 is **withdrawn with prejudice**, and no amounts shall be Allowed thereof, or paid to Feliciano, on account of New Mexico Claim 5.

11. Feliciano shall not file, cause to be filed, or assert any other Claims against any of the Debtors, their Estates, the Trustee, the Liquidation Trust, the Liquidation Trustee, or any professionals, agents, representatives, or employees thereof.

12. Feliciano and the Trustee stipulate and agree to the following treatment in the Plan,

4

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

which treatment the Trustee may include in the Confirmation Order:

> **5.12. Prosecution of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims.**[2] In exchange for the benefits and releases provided in the Global Settlement Agreement, the Liquidation Trust and the NuMale Settling Defendants shall jointly prosecute their respective Quintairos Claims and Quintairos Non-Debtor Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee. In exchange for the benefits and releases received under the Global Settlement Agreement, the NuMale Settling Defendants agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims and Quintairos Non-Debtor Claims, though the Liquidation Trustee agrees to consult with, and keep informed, the NuMale Settling Defendants regarding ongoing negotiations, strategy, and any resolution or settlement.
>
> Additionally, the Liquidation Trust, Brad Palubicki, and Carlos Feliciano shall jointly prosecute their respective Quintairos Claims and Quintairos PF Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee. Brad Palubicki and Carlos Feliciano agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims, the Quintairos Non-Debtor Claims, and Quintairos PF Claims, though the Liquidation Trustee agrees to consult with, and keep informed Brad Palubicki and Carlos Feliciano regarding ongoing negotiations, strategy, and any resolution or settlement.
>
> The NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall fully cooperate with, and assist the Liquidation Trustee in, prosecuting the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, including in connection with providing documents and testimony necessary for the successful prosecution of such claims.
>
> To the extent that the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims produce a monetary recovery, and to the extent they cannot otherwise agree, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and

---

[2] "Quintairos PF Claims" means all rights, claims, and causes of action against Quintairos, Prieto, Wood & Boyer, P.A. and its attorneys, employees, Insiders, and Affiliates held or controlled by Carlos Feliciano and Brad Palubicki.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Carlos Feliciano shall participate in a mediation to determine how such recovery shall be allocated between the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims after payment of retained counsel and experts' fees and costs. Within ten (10) days' written notice from the Liquidation Trustee that there is a monetary recovery on account of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall jointly select a mediator to determine the allocation of such recovery amongst themselves. If an agreement cannot be reached with respect to the identification of the mediator, one of the following mediators will be selected by the Liquidation Trustee: Bruce Markell or Miles Ruthberg. The mediation will occur within thirty (30) days of the selection of the meditator unless otherwise agreed in writing by the Liquidation Trustee, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feiciano. If the Liquidation Trustee and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feilciano cannot agree on an allocation of the proceeds from the recovery of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims at the mediation and the mediator determines, in the mediator's sole discretion, that the parties have reached an impasse, the mediator shall present a mediator's proposal for the proper allocation of the recovery from the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims between the Liquidation Trust and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano, which mediator's proposal shall be immediately binding on the Liquidation Trust, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano without any further order, act, or approval and without any right of appeal. Any resolution shall be noticed to the full matrix in the Chapter 11 Cases.

**IT IS SO STIPULATED.**

Dated this 24th day of September 2025.   Dated this 23rd day of September 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner                    By: _____
GREGORY E. GARMAN, ESQ.                  CARLOS E. FELICIANO
TALITHA GRAY KOZLOWSKI, ESQ.             N69W29753 Ridgeview Court
MARY LANGSNER, Ph.D.                     Hartland, WI 53029
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

*(signatures continued next page)*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Dated this 24th day of September 2025.

By: /s/ Michael W. Carmel
MICHAEL W. CARMEL, ESQ.
80 East Columbus Avenue
Phoenix, Arizona 85012
*Chapter 11 Trustee*

7