_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
September 30, 2025

_____

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: September 24, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; AND (IV) GRANTING RELATED RELIEF**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors" or "Seller"), filed his *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief; and (B) (I) Authorizing the Sale of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 631],[1] which was heard and considered by the Court on September 24, 2025, at 9:30 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Bid Procedures Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Bid Procedures Motion is in the best interest of the Debtors' bankruptcy estates, their creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Bid Procedures Motion.

B.    Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of these Chapter 11 Cases and such notice complied with all applicable requirements of Sections 102 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.    Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, is overruled.

D.    The Trustee has articulated good and sufficient reasons for, and the best interests of Debtors' estates, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of: (i) the Stalking Horse Protections; (ii) the Bid Procedures; and (iii) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, and the other matters described herein.

E.    The *Bid Procedures* attached hereto as **Exhibit "A"** (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Chapter 11 Cases, inclusive of the obligations and restrictions imposed by the Global Settlement Agreement and Plan. The Trustee is authorized to take any and all action necessary and appropriate to implement the Bid Procedures.

F.    The *Notice of Bid Procedures, Auction Date, and Sale Hearing* substantially in the form attached hereto as **Exhibit "B"** (the "Auction Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, and the related implications on creditors and other parties-in-interest.

G.    The *Notice of Intent to Assume and Assign Contracts* substantially in the form attached hereto as **Exhibit "C"** (the "Assumption Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, the assumption of certain leases and executory contracts, and the related implications on creditors and other parties-in-interest.

H.  The Trustee has articulated good and sufficient reasons for, and the best interests of Debtors' estates and other parties-in-interest will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale of the 363 Assets free and clear of all liens, claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

I.  Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be conclusion of law.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1. The relief requested in the Bid Procedures Motion is granted as set forth in this Order.

2. The Stalking Horse Protections to Pulliam are approved.

3. The Bid Procedures, which are attached hereto as **Exhibit "A"** and incorporated herein by this reference, are hereby approved in all respects and shall govern all Bids and Bid proceedings relating to the Sale of the 363 Assets.

4. Justin Pulliam is a Qualified Bidder under the Bid Procedures.

5. The Auction Notice attached hereto as **Exhibit "B"** is approved in its entirety.

6. The Assumption Notice attached hereto as **Exhibit "C"** is approved in its entirety.

7. The proposed Sale of the 363 Assets, the Auction, and the Sale Hearing shall be conducted in accordance with the provisions of the Bid Procedures and this Order.

8. The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

9. Within one (1) business day following the entry of this Order, the Trustee shall serve by ECF or first-class mail, the Bid Procedures and Auction Notice on: (i) the Office of the United States Trustee; (ii) all parties known by Trustee to be asserting a lien on any of Debtors' 363 Assets; (iii) the Internal Revenue Service; (iv) all of Debtors' known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

10. The Trustee shall promptly advise any bidder of the Trustee's determination that it has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the Auction. To the extent that any party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for the Trustee of the objecting party's request for an immediate hearing to address the objection.

11. Any other objections to the relief requested at the Sale Hearing or to the proposed form of order attached as Exhibit "B" to the Bid Procedures Motion (the "Sale Order") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before October 10, 2025, and served in accordance with the Auction Notice so as to be received by Trustee's counsel; provided, however, that supplements to any such objections may be presented at the Sale Hearing.

12. Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of the Trustee's proposed Sale of Debtors' 363 Assets, the contemplated assumption and assignment of the Assumed Contracts, and the proposed Cure Amounts, and no additional notice of such contemplated transactions need be given.

13. The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or the consummation and performance of the Sale of the 363 Assets.

14. Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Trustee is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

17. The Trustee shall work with his professionals involved in these confirmed cases, including but not limited to the appointed PCO, but he shall retain his own professional business

judgment when effectuating the terms and selecting the prevailing bidder, if any. For the sake of clarity, the PCO is not stepping into the shoes of the Trustee and rendering determinations based on his business judgment as to which bid to select. This order does not expand the PCO's duties, and he shall carry out his responsibilities as outlined under 11 U.S.C. § 333.

18. The Trustee and the prevailing bidder shall ensure they follow the Debtors' privacy policy to ensure compliance with all applicable federal and state laws when protecting personally identifiable information and private health information.

19. The U.S. Trustee reserves all rights to take any appropriate action including his right to move for the appointment of a consumer privacy ombudsman under 11 U.S.C. § 332.

20. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

21. Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, PH.D
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

    *Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐     The court waived the requirement of approval under LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☒     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated in the Order.

Justin C. Valencia, Esq.                             **APPROVED**
Alyssa Rogan, Esq.
*Attorneys for the United States*
*Trustee for Region 17*

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000