# EXHIBIT A

# EXHIBIT A

## BID PROCEDURES

These bid procedures (the "Bid Procedures") set forth the process by which the Chapter 11 Trustee, Michael Carmel ("Trustee") shall market and sell the following assets owned by bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors" or "Seller") to interested parties and conduct a sale by public auction (the "Auction").

On September 19, 2025, the Trustee filed his *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction;; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 631] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). On September __, 2025, the Bankruptcy Court entered its order approving the Bid Procedures Motion (the "Bid Procedures Order"),[1] thereby approving these Bid Procedures and establishing the time and date of the hearing to approve the sale of Debtors' 363 Assets (the "Sale Hearing").

In accordance with the Bid Procedures, the Trustee will solicit bids ("Bids") to determine the highest or otherwise best offer for the sale of Debtors' 363 Assets at the Auction under the provisions of title 11 of the United States Code (the "Bankruptcy Code"), which sale shall be free and clear of liens, claims, encumbrances, and interests to one or more Qualified Bidder(s) (as defined herein) that are determined to have made the highest or otherwise best offer(s) in accordance with the Bidding Procedures (the "Prevailing Bidder(s)," and the related Bid(s), the "Prevailing Bid(s)").

Potential Bidders seeking information about the due diligence or qualification process should contact:

> Garman Turner Gordon LLP
> Attn: Talitha Gray Kozlowski, Esq.
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> Phone: (725) 777-3000
> Email: tgray@gtg.legal

**A.     363 Assets for Sale.**

At the Auction, the following assets will be sold "as-is," where-is" and "with all faults". The Debtors operate men's health clinics within the United States, and the Trustee is selling all

---

[1] Capitalized terms not otherwise defined in these Bidding Procedures shall have the meanings ascribed to them in the Bidding Procedures Order, Bid Procedures Motion, and the Joint Plan of Reorganization [ECF No. 434], as applicable.

1

of Debtors' right, title, and interest in, to, and under all of the tangible and intangible assets, properties, and rights of every kind and nature and wherever located, which relate to, or are used or held for use in connection with, its business except for the Excluded Assets set forth below (collectively, the "363 Assets"), free and clear of all claims, liens, encumbrances and interests to the fullest extent contemplated by section 363(f) of the Bankruptcy Code, including the following:

    (a)    all accounts receivable held by Seller;

    (b)    all inventory, finished goods, raw materials, work in progress, packaging, supplies, parts, and other inventories;

    (c)    all contracts, leases, licenses, instruments, notes, commitments, undertakings, indentures, joint ventures, and all other agreements, commitments, and legally binding arrangements, whether written or oral set forth on Schedule 1.01(c) of the APA;

    (d)    all furniture, fixtures, equipment, machinery, tools, vehicles, office equipment, supplies, computers, telephones, and other tangible personal property;

    (e)    all intellectual property and industrial property rights and assets, and all rights, interests, and protections that are associated with, similar to, or required for the exercise of, any of the foregoing, whether registered or unregistered, including any and all trademarks, service marks, trade names, brand names, logos, trade dress, design rights, works of authorship, expressions, designs, copyrights, websites, software, trade secrets, and patents, as well as any royalties, fees, income, payments, and other proceeds with respect to any and all of the foregoing;

    (f)    all prepaid expenses, credits, advance payments, claims, security, refunds, rights of recovery, rights of set-off, rights of recoupment, deposits, charges, sums, and fees (including any such item relating to the payment of Taxes);

    (g)    all of Seller's rights under warranties, indemnities, and all similar rights against third parties to the extent related to any 363 Assets that are not an Excluded Asset (defined below);

    (h)    all insurance benefits, including rights and proceeds, arising from or relating to the Business or the 363 Assets;

    (i)    all ownership interests in any corporation, limited liability company, or other business entity owned by the Debtors' business;

    (j)    originals or, where not available, copies, of all books and records, including books of account, ledgers, and general, financial, and accounting records, machinery and equipment maintenance files, customer lists, customer purchasing histories, price lists, distribution lists, supplier lists, production data, quality control records and procedures, customer complaints and inquiry files, research and development files, records, and data (including all correspondence with any federal, state, local, or foreign government or political subdivision thereof, or any agency or instrumentality of such government or political subdivision, or any arbitrator, court, or tribunal of competent jurisdiction, sales material and records, strategic plans and marketing, and promotional surveys, material, and research; and

    (k)    all goodwill and the going concern value of the 363 Assets and the Debtors' business.

For the avoidance of doubt the following assets (identified in the APA as "Excluded Assets") are not being sold: (a) Debtor's 2019 Ford F150; (b) the proceeds of the sale contemplated by the APA; (c) The Equity Interests in each of the Debtors; and (d) the Distributable Assets (as defined in the Plan), including: (i) all Litigation Claims (expressly including the Litigation Claims identified in Schedule 1.1.82 of the Plan); (ii) all claims, rights, and recoveries available with respect to the Liability Insurance Policies; (iii) the Beazley Settlement Payment; (iv) any assets transferred to the Liquidation Trust; and (v) the New Value Contribution.

**B.     Important Dates (as more fully discussed herein).**

- *Bid Deadline* – October 17, 2025, at 4:00 p.m. prevailing Pacific Time
- *Auction* – October 22, 2025, at 9:30 a.m. prevailing Pacific Time
- *Sale Hearing* – October 22, 2025, at 1:30 p.m. prevailing Pacific Time

**C.     Participation Requirements and Due Diligence.**

1. This is an "as-is, where is" sale. Any persons interested in purchasing some or all of the 363 Assets (a "Potential Bidder") shall execute a confidentiality agreement, and the Trustee will provide information readily available or reasonably preparable by the Trustee in light of the circumstances of the Chapter 11 Cases, all with the understanding that this is an "as is, where is" transaction, and ensuring that no patient information is provided to Potential Bidders.

2. The Trustee shall provide these Bidding Procedures, together with a copy of the form APA, to each Potential Bidder.

3. All Potential Bidders, whether deemed Qualified Bidders (as defined below) or not, consent to the jurisdiction of the Bankruptcy Court to determine matters concerning the Sale, their Bid, and otherwise with respect to the process, and waive any right to any other venue.

4. In order to participate in the bidding process, the Auction, or otherwise be considered for any purpose hereunder, a Potential Bidder must provide written evidence that enables the Trustee, in his sole discretion, to determine whether the Potential Bidder has the financial and other ability to close the contemplated sale transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in connection therewith.

5. The Trustee, in connection with his advisors, shall: (a) receive and evaluate any Bids from Potential Bidders; (b) request information from Potential Bidders, engage in discussions with Potential Bidders, and take such other actions to determine whether any Bid constitutes or could lead to a Qualified Bid; and (c) take any other actions contemplated under these Bidding Procedures.

3

**D.     Submission of Bids.**

6.   Any Qualified Bidder interested in purchasing all or a portion of the 363 Assets must submit a Bid prior to 4:00 p.m. (PT) on October 17, 2025 (the "Bid Deadline").

7.   The Trustee and his advisors, in their sole discretion, will determine if a Bid is a Qualified Bid based on the requirements herein. A Potential Bidder will be deemed to be a "Qualified Bidder" if the Trustee, in his sole discretion, determines that such Potential Bidder submitted a Qualified Bid.

8.   A Bid will be considered a "Qualified Bid" only if the Bid fulfills the following requirements on or prior to the Bid Deadline (capitalized terms used in this section are defined later in the Bidding Procedures):

   (a)   Is in an amount no less than $325,000.

   (b)   Provides that the Qualified Bidder's Bid shall remain open and irrevocable until thirty (30) days following the date of entry of a Sale Order;

   (c)   Provides that the Qualified Bidder is obligated to perform as a Back-Up Bidder (as defined below) in the event such Qualified Bidder is not the Prevailing Bidder;

   (d)   Is made by a person or entity that demonstrates evidence of fully committed and available funds to consummate the proposed transaction, in each case acceptable to the Trustee in his sole discretion;

   (e)   Provides written evidence that the Qualified Bidder has obtained authorization and approval from its board of directors (or comparable governing body) and its equity holders, if necessary, with respect to the submission of its Bid and the execution of the APA, or a representation that no such authorization or approval is required;

   (f)   Provides by wire transfer or immediately available funds to Garman Turner Gordon's trust account before the Bid Deadline of an earnest money deposit equal to 20% of the purchase price of such Bid (the "Deposit");

   (g)   Is submitted in a writing in the form of the APA with any proposed changes to the APA set forth in an electronic form both clean and marked to reflect such changes signed by the Qualified Bidder, that:

      (i)   Identifies the Qualified Bidder and any members of its investor group, if applicable;

      (ii)  Identifies with specificity what 363 Assets the Qualified Bidder seeks to purchase;

4

  (iii) Is not subject to conditions, representations, or terms that the Trustee determines to be unacceptable;

  (iv) Does not contain any financing or due diligence contingencies to closing the proposed transaction unless the Trustee otherwise agrees in writing that such contingencies are acceptable;

  (vi) Does not contain any condition to closing the transaction relating to the receipt of any third party or governmental approvals (excluding required Bankruptcy Court approval);

  (vii) Expressly acknowledges and represents that the Qualified Bidder: (A) has had an opportunity to conduct any and all due diligence regarding the 363 Assets and the proposed transaction prior to making its Bid; (B) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the 363 Assets in making its Bid or that of any of its legal, financial, or other advisors; and (C) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtors or the 363 Assets or the proposed transaction, or the completeness or accuracy of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the APA ultimately accepted and executed by the Trustee;

  (viii) Accepts assignment of all executory contracts and unexpired leases assumed by the Debtors under the *Joint Plan of Reorganization*;

  (ix) Identifies all of the executory contracts and unexpired leases that the bidder desires to be assumed and assigned;

  (x) Includes a written acknowledgment by such Qualified Bidder that it does not have any lien rights against Debtors or the 363 Assets and expressly waives any right to assert or file any *lis pendens* or other lien or claim against the 363 Assets; and

  (xi) Contains all other information reasonably requested by the Trustee.

 (h) Demonstrates to the Trustee's satisfaction, in the Trustee's sole discretion, the ability to close the Sale by no later than October 24, 2025.

9. A Qualified Bidder that desires to make a Bid must deliver written electronic copies of its Bid on or prior to the Bid Deadline to Talitha Gray Kozlowski, Garman Turner Gordon, 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, tgray@gtg.legal.

10. After the Bid Deadline, the Trustee, in consultation with the Court-appointed Patient Care Ombudsman (the "PCO"), shall determine which Qualified Bid represents the then-highest or otherwise best bid(s) (the "Initial Highest Bid(s)"; the entity submitting such Bid(s), the "Initial Highest Bidder(s)"). Prior to or at the start of the Auction, each

Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid(s), and the Trustee may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process.

E. **Due Diligence From Potential Bidders or Qualified Bidders.**

11. Each Potential Bidder shall comply with all reasonable requests for additional information by the Trustee or his advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition of the 363 Assets. Failure by a Potential Bidder to comply with requests for additional information is a basis for the Trustee to determine that a Potential Bidder is not a Qualified Bidder. Similarly, each Qualified Bidder shall comply with all reasonable requests for additional information by the Trustee or his advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the 363 Assets as the Auction progresses. Failure by a Qualified Bidder to comply with requests for additional information is a basis for the Trustee to determine that the Qualified Bidder may no longer participate in the Auction.

F. **"As Is, Where Is."**

12. The sale of the 363 Assets shall be on an on an "as is," "where is" and "with all faults" basis without representation or warranty of any kind, either express or implied, including, but not limited to, any warranties as to merchantability, fitness, or usability. Except as otherwise provided in the Prevailing Bidder's APA, all of the Debtors' right, title, and interest in and to the 363 Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests therein (collectively, the "Claims") pursuant to Section 363(f) of the Bankruptcy Code, such Claims to attach to the net proceeds of the sale of the 363 Assets with the same validity and priority as existed immediately prior to such sale, to the extent they validly exist.

G. **The Auction.**

13. If the Trustee timely receives a Qualified Bid other than Justin Pulliam's Qualified Bid, the Auction will be conducted in the Bankruptcy Court on October 22, 2025, at 9:30 a.m., (PT), with respect to the Qualified Bids in order to determine the highest and best Bid(s) (the "Prevailing Bid(s)") to submit for approval by the Bankruptcy Court at the Sale Hearing. The Auction shall be organized and conducted by the Trustee at the Bankruptcy Court located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, NV 89101, in Courtroom 3, or such other location as may be announced prior to the Auction to all Qualified Bidders.

14. The only persons or entities who will be permitted to Bid at the Auction are the authorized representatives of each Qualified Bidder (the "Auction Participants"). While only the Auction Participants may make Qualified Bids at the Auction, the Auction may be attended and viewed also by the Trustee, the Trustee's counsel, and/or other

15. authorized representatives and such other parties as agreed to by Trustee, in his sole discretion.

15. Each Qualified Bidder participating in the Auction shall confirm at the Auction that it has not engaged in any collusion regarding these Bid Procedures with any other Qualified Bidder, concerning the Auction, or any proposed transaction relating to all or a portion of the 363 Assets.

16. The Trustee is authorized to conduct the Auction in accordance with such procedures and requirements as may be established at the discretion of the Trustee and his counsel, which rules may include, but shall not be limited to, the determination of the amount of time between Bids, whether to adjourn the Auction at any time and from time to time, the conducting of multiple rounds of open or sealed bidding with notice only to the parties entitled to attend the Auction, and to declare that the Auction has ended when no further Bids are timely made or otherwise.

17. The first Qualified Bid at the Auction shall be deemed to have been made by the Initial Highest Bidder(s) in the amount of the Initial Highest Bid(s). The next Qualified Bid(s) at the Auction shall be an amount equal to or greater than the Initial Highest Bid(s) plus no less than $10,000. Thereafter, the Auction will continue in the manner determined by the Trustee above.

18. The Trustee shall determine, in consultation with the PCO, whether a Qualified Bid by a Qualified Bidder at the Auction matches or is higher and better than the prior Qualified Bid.

19. At the conclusion of the Auction:

    (a) the Trustee shall, in consultation with the PCO, select: (i) the Prevailing Bid(s), and (ii) the second highest or best offer(s) for the 363 Assets (the "Back-Up Bid");

    (b) the Trustee shall notify the Prevailing Bidder(s) that such person's offer has been determined by the Trustee to be the Prevailing Bid(s) and will be contingent only on Bankruptcy Court approval, and shall notify the person that made the Back-Up Bid(s) (the "Back-Up Bidder(s)") that such person's offer has been determined by the Trustee to be a Back-Up Bid and will be contingent only on the failure of the Prevailing Bid(s) to by approved by the Bankruptcy Court, and the failure of the Prevailing Bid(s) to close timely; and

    (c) the Trustee shall file a notice with the Bankruptcy Court announcing the Prevailing Bidder(s). Prior to the commencement of the Sale Hearing, the Prevailing Bidder(s) shall complete and sign all agreements and documents as necessary to bind the Prevailing Bidder(s) to all of the terms and conditions contemplated by the Prevailing Bid(s).

20. The Deposit of the Prevailing Bidder(s) or the Back-Up Bidder(s), as the case may be, shall be held by the Trustee and applied by the Trustee against the purchase price to be

paid by the Prevailing Bidder(s) or the Back-Up Bidder(s), as applicable, at the closing of the relevant transaction approved by the Bankruptcy Court. The Prevailing Bidder(s)' or Back-Up Bidder(s) Deposits, as applicable, shall be held by the Trustee and forfeited to the Trustee if such parties breach the obligation to close under the APA(s).

21. The Trustee shall not be deemed to have finally accepted any Qualified Bid unless and until such Qualified Bid and the Trustee's acceptance thereof have been authorized by order of the Bankruptcy Court following the conclusion of the Sale Hearing.

**H.     Deposit.**

22. No later than the third business day following the entry of the Sale Order, the Trustee shall return to each Qualified Bidder, other than the Prevailing Bidder(s), its respective Deposit less any transfer fees.

**I.     Sale Hearing and Objection Deadline.**

23. The Sale Hearing to consider the relief requested in the Sale Motion (defined below) and to consider whether to approve the Prevailing Bid(s) and the Back-Up Bid shall be held before the Bankruptcy Court on October 22, 2025, at 1:30 p.m. prevailing Pacific Time (the "Sale Hearing"), at which time the Court will enter the order approving the sale (the "Sale Order").

24. Objections, if any, to the to approval of the sale of 363 Assets to the Prevailing Bidder(s) (the "Sale Motion"), including but not limited to, the sale of the 363 Assets free and clear of Claims pursuant to 11 U.S.C. § 363(f) shall be: (a) be in writing; (b) clearly specify the grounds for the objection; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be filed with the Bankruptcy Court and served so as to be received by the following parties by email (collectively, the "Objection Notice Parties") by October 10, 2025 (the "Objection Deadline"): (1) counsel for the Trustee, Talitha Gray Kozlowski: tgray@gtg.legal, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule.

25. Any person objecting to the Sale Motion that has not filed an objection by the Objection Deadline shall not be heard at the Sale Hearing and shall be barred from objecting to the Sale Motion.

**J.     Modifications.**

26. The Trustee, in his sole discretion, may adopt, implement, and/or waive such other, additional, or existing procedures or requirements that serve to further an orderly Auction and bid process.

###