GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| | *Jointly administered with:* |
| AFFECTS THIS DEBTOR, ☐ | |
| | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, ☐ | |
| | NuMedical SC<br>Case No. 25-10343-nmc |
| NUMEDICAL SC, ☐ | |
| NUMALE COLORADO SC, ☐ | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, ☐ | |
| | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| NUMALE NEBRASKA LLC, ☐ | |
| NUMALE NEW MEXICO SC, ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| NUMALE ALL DEBTORS, ☒ | |
| Debtor. | NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**NOTICE OF ENTRY OF ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; AND (IV) GRANTING RELATED RELIEF**

PLEASE TAKE NOTICE that an *Order: (I) Approving Bid Procedures Relating to Sale of Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief* [ECF No. 698], a copy of which is attached hereto, was entered in the above-entitled matter on September 30, 2025.

Dated this 30th day of September, 2025.

GARMAN TURNER GORDON LLP

By: */s/Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel,*
    *Chapter 11 Trustee*

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
September 30, 2025

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date:   September 24, 2025<br>Hearing Time:  9:30 a.m. |

**ORDER: (I) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS' ASSETS; (II) SCHEDULING A HEARING TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; AND (IV) GRANTING RELATED RELIEF**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors" or "Seller"), filed his *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief; and (B) (I) Authorizing the Sale of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 631],[1] which was heard and considered by the Court on September 24, 2025, at 9:30 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Bid Procedures Motion brought pursuant to Sections 105, 363, and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules for the District of Nevada (the "Local Rules"). The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Bid Procedures Motion is in the best interest of the Debtors' bankruptcy estates, their creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Bid Procedures Motion.

B.     Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of these Chapter 11 Cases and such notice complied with all applicable requirements of Sections 102 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.     Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, is overruled.

D.     The Trustee has articulated good and sufficient reasons for, and the best interests of Debtors' estates, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of: (i) the Stalking Horse Protections; (ii) the Bid Procedures; and (iii) the form, timing, and manner of notice of the proposed Sale, the Bid Procedures, and the other matters described herein.

E.     The *Bid Procedures* attached hereto as **Exhibit "A"** (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Chapter 11 Cases, inclusive of the obligations and restrictions imposed by the Global Settlement Agreement and Plan.  The Trustee is authorized to take any and all action necessary and appropriate to implement the Bid Procedures.

F.     The *Notice of Bid Procedures, Auction Date, and Sale Hearing* substantially in the form attached hereto as **Exhibit "B"** (the "Auction Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, and the related implications on creditors and other parties-in-interest.

G.     The *Notice of Intent to Assume and Assign Contracts* substantially in the form attached hereto as **Exhibit "C"** (the "Assumption Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, the assumption of certain leases and executory contracts, and the related implications on creditors and other parties-in-interest.

H.     The Trustee has articulated good and sufficient reasons for, and the best interests of Debtors' estates and other parties-in-interest will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale of the 363 Assets free and clear of all liens, claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

I.     Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be conclusion of law.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1.     The relief requested in the Bid Procedures Motion is granted as set forth in this Order.

2.     The Stalking Horse Protections to Pulliam are approved.

3.     The Bid Procedures, which are attached hereto as **Exhibit "A"** and incorporated herein by this reference, are hereby approved in all respects and shall govern all Bids and Bid proceedings relating to the Sale of the 363 Assets.

4.     Justin Pulliam is a Qualified Bidder under the Bid Procedures.

5.     The Auction Notice attached hereto as **Exhibit "B"** is approved in its entirety.

6.     The Assumption Notice attached hereto as **Exhibit "C"** is approved in its entirety.

7.     The proposed Sale of the 363 Assets, the Auction, and the Sale Hearing shall be conducted in accordance with the provisions of the Bid Procedures and this Order.

8.     The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

9.     Within one (1) business day following the entry of this Order, the Trustee shall serve by ECF or first-class mail, the Bid Procedures and Auction Notice on: (i) the Office of the United States Trustee; (ii) all parties known by Trustee to be asserting a lien on any of Debtors' 363 Assets; (iii) the Internal Revenue Service; (iv) all of Debtors' known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

10.     The Trustee shall promptly advise any bidder of the Trustee's determination that it has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the Auction.  To the extent that any party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for the Trustee of the objecting party's request for an immediate hearing to address the objection.

11.     Any other objections to the relief requested at the Sale Hearing or to the proposed form of order attached as Exhibit "B" to the Bid Procedures Motion (the "Sale Order") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before October 10, 2025, and served in accordance with the Auction Notice so as to be received by Trustee's counsel; provided, however, that supplements to any such objections may be presented at the Sale Hearing.

12.     Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of the Trustee's proposed Sale of Debtors' 363 Assets, the contemplated assumption and assignment of the Assumed Contracts, and the proposed Cure Amounts, and no additional notice of such contemplated transactions need be given.

13.     The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or the consummation and performance of the Sale of the 363 Assets.

14.     Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     The Trustee is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

17.     The Trustee shall work with his professionals involved in these confirmed cases, including but not limited to the appointed PCO, but he shall retain his own professional business

judgment when effectuating the terms and selecting the prevailing bidder, if any. For the sake of clarity, the PCO is not stepping into the shoes of the Trustee and rendering determinations based on his business judgment as to which bid to select. This order does not expand the PCO's duties, and he shall carry out his responsibilities as outlined under 11 U.S.C. § 333.

18.    The Trustee and the prevailing bidder shall ensure they follow the Debtors' privacy policy to ensure compliance with all applicable federal and state laws when protecting personally identifiable information and private health information.

19.    The U.S. Trustee reserves all rights to take any appropriate action including his right to move for the appointment of a consumer privacy ombudsman under 11 U.S.C. § 332.

20.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

21.    Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, PH.D
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

    *Attorneys for Michael Carmel, Chapter 11 Trustee*

1

## **LR 9021 CERTIFICATION**

2        In accordance with LR 9021, counsel submitting this document certifies that the order

3  accurately reflects the court's ruling and that (check one):

4

5              ☐    The court waived the requirement of approval under LR 9021(b)(1).

6              ☐    No party appeared at the hearing or filed an objection to the motion.

7              ☒    I have delivered a copy of this proposed order to all counsel who appeared
                   at the hearing, and any unrepresented parties who appeared at the hearing,
8                  and each has approved or disapproved the order, or failed to respond, as
                   indicated in the Order.

9

10            Justin C. Valencia, Esq.                    **APPROVED**
             Alyssa Rogan, Esq.
11            *Attorneys for the United States*
             *Trustee for Region 17*

12

13            ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy
                   of this order with the motion pursuant to LR 9014(g), and that no party has
14                 objected to the form or content of the order.

15

16

17                                          ###

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

# BID PROCEDURES

These bid procedures (the "Bid Procedures") set forth the process by which the Chapter 11 Trustee, Michael Carmel ("Trustee") shall market and sell the following assets owned by bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors" or "Seller") to interested parties and conduct a sale by public auction (the "Auction").

On September 19, 2025, the Trustee filed his *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction;; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 631] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). On September __, 2025, the Bankruptcy Court entered its order approving the Bid Procedures Motion (the "Bid Procedures Order"),[1] thereby approving these Bid Procedures and establishing the time and date of the hearing to approve the sale of Debtors' 363 Assets (the "Sale Hearing").

In accordance with the Bid Procedures, the Trustee will solicit bids ("Bids") to determine the highest or otherwise best offer for the sale of Debtors' 363 Assets at the Auction under the provisions of title 11 of the United States Code (the "Bankruptcy Code"), which sale shall be free and clear of liens, claims, encumbrances, and interests to one or more Qualified Bidder(s) (as defined herein) that are determined to have made the highest or otherwise best offer(s) in accordance with the Bidding Procedures (the "Prevailing Bidder(s)," and the related Bid(s), the "Prevailing Bid(s)").

Potential Bidders seeking information about the due diligence or qualification process should contact:

> Garman Turner Gordon LLP
> Attn: Talitha Gray Kozlowski, Esq.
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> Phone: (725) 777-3000
> Email: tgray@gtg.legal

## A.    363 Assets for Sale.

At the Auction, the following assets will be sold "as-is," where-is" and "with all faults". The Debtors operate men's health clinics within the United States, and the Trustee is selling all

---

[1] Capitalized terms not otherwise defined in these Bidding Procedures shall have the meanings ascribed to them in the Bidding Procedures Order, Bid Procedures Motion, and the Joint Plan of Reorganization [ECF No. 434], as applicable.

of Debtors' right, title, and interest in, to, and under all of the tangible and intangible assets, properties, and rights of every kind and nature and wherever located, which relate to, or are used or held for use in connection with, its business except for the Excluded Assets set forth below (collectively, the "363 Assets"), free and clear of all claims, liens, encumbrances and interests to the fullest extent contemplated by section 363(f) of the Bankruptcy Code, including the following:

(a)    all accounts receivable held by Seller;

(b)    all inventory, finished goods, raw materials, work in progress, packaging, supplies, parts, and other inventories;

(c)    all contracts, leases, licenses, instruments, notes, commitments, undertakings, indentures, joint ventures, and all other agreements, commitments, and legally binding arrangements, whether written or oral set forth on Schedule 1.01(c) of the APA;

(d)    all furniture, fixtures, equipment, machinery, tools, vehicles, office equipment, supplies, computers, telephones, and other tangible personal property;

(e)    all intellectual property and industrial property rights and assets, and all rights, interests, and protections that are associated with, similar to, or required for the exercise of, any of the foregoing, whether registered or unregistered, including any and all trademarks, service marks, trade names, brand names, logos, trade dress, design rights, works of authorship, expressions, designs, copyrights, websites, software, trade secrets, and patents, as well as any royalties, fees, income, payments, and other proceeds with respect to any and all of the foregoing;

(f)    all prepaid expenses, credits, advance payments, claims, security, refunds, rights of recovery, rights of set-off, rights of recoupment, deposits, charges, sums, and fees (including any such item relating to the payment of Taxes);

(g)    all of Seller's rights under warranties, indemnities, and all similar rights against third parties to the extent related to any 363 Assets that are not an Excluded Asset (defined below);

(h)    all insurance benefits, including rights and proceeds, arising from or relating to the Business or the 363 Assets;

(i)    all ownership interests in any corporation, limited liability company, or other business entity owned by the Debtors' business;

(j)    originals or, where not available, copies, of all books and records, including books of account, ledgers, and general, financial, and accounting records, machinery and equipment maintenance files, customer lists, customer purchasing histories, price lists, distribution lists, supplier lists, production data, quality control records and procedures, customer complaints and inquiry files, research and development files, records, and data (including all correspondence with any federal, state, local, or foreign government or political subdivision thereof, or any agency or instrumentality of such government or political subdivision, or any arbitrator, court, or tribunal of competent jurisdiction, sales material and records, strategic plans and marketing, and promotional surveys, material, and research; and

(k)    all goodwill and the going concern value of the 363 Assets and the Debtors' business.

2

For the avoidance of doubt the following assets (identified in the APA as "Excluded Assets") are not being sold: (a) Debtor's 2019 Ford F150; (b) the proceeds of the sale contemplated by the APA; (c) The Equity Interests in each of the Debtors; and (d) the Distributable Assets (as defined in the Plan), including: (i) all Litigation Claims (expressly including the Litigation Claims identified in Schedule 1.1.82 of the Plan); (ii) all claims, rights, and recoveries available with respect to the Liability Insurance Policies; (iii) the Beazley Settlement Payment; (iv) any assets transferred to the Liquidation Trust; and (v) the New Value Contribution.

**B.**     **Important Dates (as more fully discussed herein).**

- *Bid Deadline* – October 17, 2025, at 4:00 p.m. prevailing Pacific Time

- *Auction* – October 22, 2025, at 9:30 a.m. prevailing Pacific Time

- *Sale Hearing* – October 22, 2025, at 1:30 p.m. prevailing Pacific Time

**C.**     **Participation Requirements and Due Diligence.**

1.     This is an "as-is, where is" sale.  Any persons interested in purchasing some or all of the 363 Assets (a "Potential Bidder") shall execute a confidentiality agreement, and the Trustee will provide information readily available or reasonably preparable by the Trustee in light of the circumstances of the Chapter 11 Cases, all with the understanding that this is an "as is, where is" transaction, and ensuring that no patient information is provided to Potential Bidders.

2.     The Trustee shall provide these Bidding Procedures, together with a copy of the form APA, to each Potential Bidder.

3.     All Potential Bidders, whether deemed Qualified Bidders (as defined below) or not, consent to the jurisdiction of the Bankruptcy Court to determine matters concerning the Sale, their Bid, and otherwise with respect to the process, and waive any right to any other venue.

4.     In order to participate in the bidding process, the Auction, or otherwise be considered for any purpose hereunder, a Potential Bidder must provide written evidence that enables the Trustee, in his sole discretion, to determine whether the Potential Bidder has the financial and other ability to close the contemplated sale transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in connection therewith.

5.     The Trustee, in connection with his advisors, shall: (a) receive and evaluate any Bids from Potential Bidders; (b) request information from Potential Bidders, engage in discussions with Potential Bidders, and take such other actions to determine whether any Bid constitutes or could lead to a Qualified Bid; and (c) take any other actions contemplated under these Bidding Procedures.

**D.**    **Submission of Bids.**

6.    Any Qualified Bidder interested in purchasing all or a portion of the 363 Assets must submit a Bid prior to 4:00 p.m. (PT) on October 17, 2025 (the "Bid Deadline").

7.    The Trustee and his advisors, in their sole discretion, will determine if a Bid is a Qualified Bid based on the requirements herein.  A Potential Bidder will be deemed to be a "Qualified Bidder" if the Trustee, in his sole discretion, determines that such Potential Bidder submitted a Qualified Bid.

8.    A Bid will be considered a "Qualified Bid" only if the Bid fulfills the following requirements on or prior to the Bid Deadline (capitalized terms used in this section are defined later in the Bidding Procedures):

(a)    Is in an amount no less than $325,000.

(b)    Provides that the Qualified Bidder's Bid shall remain open and irrevocable until thirty (30) days following the date of entry of a Sale Order;

(c)    Provides that the Qualified Bidder is obligated to perform as a Back-Up Bidder (as defined below) in the event such Qualified Bidder is not the Prevailing Bidder;

(d)    Is made by a person or entity that demonstrates evidence of fully committed and available funds to consummate the proposed transaction, in each case acceptable to the Trustee in his sole discretion;

(e)    Provides written evidence that the Qualified Bidder has obtained authorization and approval from its board of directors (or comparable governing body) and its equity holders, if necessary, with respect to the submission of its Bid and the execution of the APA, or a representation that no such authorization or approval is required;

(f)    Provides by wire transfer or immediately available funds to Garman Turner Gordon's trust account before the Bid Deadline of an earnest money deposit equal to 20% of the purchase price of such Bid (the "Deposit");

(g)    Is submitted in a writing in the form of the APA with any proposed changes to the APA set forth in an electronic form both clean and marked to reflect such changes signed by the Qualified Bidder, that:

(i)    Identifies the Qualified Bidder and any members of its investor group, if applicable;

(ii)    Identifies with specificity what 363 Assets the Qualified Bidder seeks to purchase;

(iii) Is not subject to conditions, representations, or terms that the Trustee determines to be unacceptable;

(iv) Does not contain any financing or due diligence contingencies to closing the proposed transaction unless the Trustee otherwise agrees in writing that such contingencies are acceptable;

(vi) Does not contain any condition to closing the transaction relating to the receipt of any third party or governmental approvals (excluding required Bankruptcy Court approval);

(vii) Expressly acknowledges and represents that the Qualified Bidder: (A) has had an opportunity to conduct any and all due diligence regarding the 363 Assets and the proposed transaction prior to making its Bid; (B) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the 363 Assets in making its Bid or that of any of its legal, financial, or other advisors; and (C) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Debtors or the 363 Assets or the proposed transaction, or the completeness or accuracy of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the APA ultimately accepted and executed by the Trustee;

(viii) Accepts assignment of all executory contracts and unexpired leases assumed by the Debtors under the *Joint Plan of Reorganization*;

(ix) Identifies all of the executory contracts and unexpired leases that the bidder desires to be assumed and assigned;

(x) Includes a written acknowledgment by such Qualified Bidder that it does not have any lien rights against Debtors or the 363 Assets and expressly waives any right to assert or file any *lis pendens* or other lien or claim against the 363 Assets; and

(xi) Contains all other information reasonably requested by the Trustee.

(h) Demonstrates to the Trustee's satisfaction, in the Trustee's sole discretion, the ability to close the Sale by no later than October 24, 2025.

9. A Qualified Bidder that desires to make a Bid must deliver written electronic copies of its Bid on or prior to the Bid Deadline to Talitha Gray Kozlowski, Garman Turner Gordon, 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, tgray@gtg.legal.

10. After the Bid Deadline, the Trustee, in consultation with the Court-appointed Patient Care Ombudsman (the "PCO"), shall determine which Qualified Bid represents the then-highest or otherwise best bid(s) (the "Initial Highest Bid(s)"; the entity submitting such Bid(s), the "Initial Highest Bidder(s)"). Prior to or at the start of the Auction, each

Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid(s), and the Trustee may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process.

**E.      Due Diligence From Potential Bidders or Qualified Bidders.**

11.     Each Potential Bidder shall comply with all reasonable requests for additional information by the Trustee or his advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition of the 363 Assets.  Failure by a Potential Bidder to comply with requests for additional information is a basis for the Trustee to determine that a Potential Bidder is not a Qualified Bidder.  Similarly, each Qualified Bidder shall comply with all reasonable requests for additional information by the Trustee or his advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the 363 Assets as the Auction progresses. Failure by a Qualified Bidder to comply with requests for additional information is a basis for the Trustee to determine that the Qualified Bidder may no longer participate in the Auction.

**F.      "As Is, Where Is."**

12.     The sale of the 363 Assets shall be on an on an "as is," "where is" and "with all faults" basis without representation or warranty of any kind, either express or implied, including, but not limited to, any warranties as to merchantability, fitness, or usability.  Except as otherwise provided in the Prevailing Bidder's APA, all of the Debtors' right, title, and interest in and to the 363 Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests therein (collectively, the "Claims") pursuant to Section 363(f) of the Bankruptcy Code, such Claims to attach to the net proceeds of the sale of the 363 Assets with the same validity and priority as existed immediately prior to such sale, to the extent they validly exist.

**G.      The Auction.**

13.     If the Trustee timely receives a Qualified Bid other than Justin Pulliam's Qualified Bid, the Auction will be conducted in the Bankruptcy Court on October 22, 2025, at 9:30 a.m., (PT), with respect to the Qualified Bids in order to determine the highest and best Bid(s) (the "Prevailing Bid(s)") to submit for approval by the Bankruptcy Court at the Sale Hearing.  The Auction shall be organized and conducted by the Trustee at the Bankruptcy Court located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, NV 89101, in Courtroom 3, or such other location as may be announced prior to the Auction to all Qualified Bidders.

14.     The only persons or entities who will be permitted to Bid at the Auction are the authorized representatives of each Qualified Bidder (the "Auction Participants").  While only the Auction Participants may make Qualified Bids at the Auction, the Auction may be attended and viewed also by the Trustee, the Trustee's counsel, and/or other

authorized representatives and such other parties as agreed to by Trustee, in his sole discretion.

15. Each Qualified Bidder participating in the Auction shall confirm at the Auction that it has not engaged in any collusion regarding these Bid Procedures with any other Qualified Bidder, concerning the Auction, or any proposed transaction relating to all or a portion of the 363 Assets.

16. The Trustee is authorized to conduct the Auction in accordance with such procedures and requirements as may be established at the discretion of the Trustee and his counsel, which rules may include, but shall not be limited to, the determination of the amount of time between Bids, whether to adjourn the Auction at any time and from time to time, the conducting of multiple rounds of open or sealed bidding with notice only to the parties entitled to attend the Auction, and to declare that the Auction has ended when no further Bids are timely made or otherwise.

17. The first Qualified Bid at the Auction shall be deemed to have been made by the Initial Highest Bidder(s) in the amount of the Initial Highest Bid(s).  The next Qualified Bid(s) at the Auction shall be an amount equal to or greater than the Initial Highest Bid(s) plus no less than $10,000.  Thereafter, the Auction will continue in the manner determined by the Trustee above.

18. The Trustee shall determine, in consultation with the PCO, whether a Qualified Bid by a Qualified Bidder at the Auction matches or is higher and better than the prior Qualified Bid.

19. At the conclusion of the Auction:

(a) the Trustee shall, in consultation with the PCO, select: (i) the Prevailing Bid(s), and (ii) the second highest or best offer(s) for the 363 Assets (the "Back-Up Bid");

(b) the Trustee shall notify the Prevailing Bidder(s) that such person's offer has been determined by the Trustee to be the Prevailing Bid(s) and will be contingent only on Bankruptcy Court approval, and shall notify the person that made the Back-Up Bid(s) (the "Back-Up Bidder(s)") that such person's offer has been determined by the Trustee to be a Back-Up Bid and will be contingent only on the failure of the Prevailing Bid(s) to by approved by the Bankruptcy Court, and the failure of the Prevailing Bid(s) to close timely; and

(c) the Trustee shall file a notice with the Bankruptcy Court announcing the Prevailing Bidder(s).  Prior to the commencement of the Sale Hearing, the Prevailing Bidder(s) shall complete and sign all agreements and documents as necessary to bind the Prevailing Bidder(s) to all of the terms and conditions contemplated by the Prevailing Bid(s).

20. The Deposit of the Prevailing Bidder(s) or the Back-Up Bidder(s), as the case may be, shall be held by the Trustee and applied by the Trustee against the purchase price to be

paid by the Prevailing Bidder(s) or the Back-Up Bidder(s), as applicable, at the closing of the relevant transaction approved by the Bankruptcy Court. The Prevailing Bidder(s)' or Back-Up Bidder(s) Deposits, as applicable, shall be held by the Trustee and forfeited to the Trustee if such parties breach the obligation to close under the APA(s).

21. The Trustee shall not be deemed to have finally accepted any Qualified Bid unless and until such Qualified Bid and the Trustee's acceptance thereof have been authorized by order of the Bankruptcy Court following the conclusion of the Sale Hearing.

**H.    Deposit.**

22. No later than the third business day following the entry of the Sale Order, the Trustee shall return to each Qualified Bidder, other than the Prevailing Bidder(s), its respective Deposit less any transfer fees.

**I.    Sale Hearing and Objection Deadline.**

23. The Sale Hearing to consider the relief requested in the Sale Motion (defined below) and to consider whether to approve the Prevailing Bid(s) and the Back-Up Bid shall be held before the Bankruptcy Court on October 22, 2025, at 1:30 p.m. prevailing Pacific Time (the "Sale Hearing"), at which time the Court will enter the order approving the sale (the "Sale Order").

24. Objections, if any, to the to approval of the sale of 363 Assets to the Prevailing Bidder(s) (the "Sale Motion"), including but not limited to, the sale of the 363 Assets free and clear of Claims pursuant to 11 U.S.C. § 363(f) shall be: (a) be in writing; (b) clearly specify the grounds for the objection; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be filed with the Bankruptcy Court and served so as to be received by the following parties by email (collectively, the "Objection Notice Parties") by October 10, 2025 (the "Objection Deadline"): (1) counsel for the Trustee, Talitha Gray Kozlowski: tgray@gtg.legal, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule.

25. Any person objecting to the Sale Motion that has not filed an objection by the Objection Deadline shall not be heard at the Sale Hearing and shall be barred from objecting to the Sale Motion.

**J.    Modifications.**

26. The Trustee, in his sole discretion, may adopt, implement, and/or waive such other, additional, or existing procedures or requirements that serve to further an orderly Auction and bid process.

###

# EXHIBIT B

# EXHIBIT B

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| | *Jointly administered with:* |

In re:

NUMALE CORPORATION,

    AFFECTS THIS DEBTOR, ☐

    AFFECTS FELICIANO
    NUMALE NEVADA PLLC, ☐

    NUMEDICAL SC, ☐

    NUMALE COLORADO SC, ☐

    NUMALE FLORIDA TB PLLC, ☐

    NUMALE NEBRASKA LLC, ☐

    NUMALE NEW MEXICO SC, ☐

    NUMALE ALL DEBTORS, ☒

    Debtors.

Lead Case No.: 25-10341-nmc
Chapter 11

*Jointly administered with:*

Feliciano NuMale Nevada PLLC,
Case No. 25-10342-nmc

NuMedical SC
Case No. 25-10343-nmc

NuMale Colorado SC,
Case No. 25-10344-nmc

NuMale Florida TB PLLC,
Case No. 25-10345-nmc

NuMale Nebraska LLC
Case No. 25-10346-nmc

NuMale New Mexico SC
Case No. 25-10347-nmc

**Auction:**
**Date:  October 22, 2025**
**Time: 9:30 a.m.**

**Sale Hearing:**
**Date:  October 22, 2025**
**Time: 1:30 p.m.**

## NOTICE OF BID PROCEDURES, AUCTION DATE, AND SALE HEARING

**PLEASE TAKE NOTICE** that on September 24, 2025, Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), filed the *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief; and (B) (I) Authorizing the Sale of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* [ECF No. 631] (the "Bid Procedures Motion")[1] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that by order dated September ___, 2025, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion [ECF No. ____] (the "Bid Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that Trustee will hold an Auction of the Debtors' 363 Assets free and clear of all liens, claims, encumbrances, and other interests within the meaning of 11 U.S.C. § 363(f) on **October 22, 2025, at 9:30 a.m. (PT)**, which Auction shall be organized and conducted by Trustee in person at the Bankruptcy Court located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, NV 89101, in Courtroom 3, or such other location as may be announced prior to the Auction to all Qualified Bidders.

**PLEASE TAKE FURTHER NOTICE** that all interested parties are invited to submit a Qualified Bid and to make offers to purchase a portion or all of the 363 Assets in accordance with the terms of the Bid Procedures attached hereto as **Exhibit "A"** and the Bid Procedures Order. The deadline to submit bids (the "Bid Deadline") is **October 17, 2025, at 4:00 p.m. (PT)**.

**PLEASE TAKE FURTHER NOTICE** that prior to the Bid Deadline, a Qualified Bidder that desires to make a Bid shall deliver written copies of its Bid to:

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Bid Procedures Motion.

Talitha Gray Kozlowski, Esq.
Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
tgray@gtg.legal

**PLEASE TAKE FURTHER NOTICE** after the Bid Deadline, the Trustee, in his sole discretion, shall determine which Qualified Bid(s) represents the then-highest or otherwise best bid (the "Initial Highest Bid(s)," and the entity submitting such Bid, the "Initial Highest Bidder(s)"). Prior to or at the start of the Auction, each Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid(s) and the Trustee may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process set forth in the Bidding Procedures Order to the extent authorized therein.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Sale must: (a) be in writing; (b) clearly specify the grounds for the objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101; and (d) be served so as to be received by: (1) counsel for Trustee, Talitha Gray Kozlowski: tgray@gtg.legal, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002 by **October 10, 2025**.

**PLEASE TAKE FURTHER NOTICE** that replies to any objection(s) must: (a) be in writing; (b) clearly specify the grounds on which made; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101; and (d) be served so as to be received by: (1) counsel for Trustee, Talitha Gray Kozlowski: tgray@gtg.legal, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002 by **October 20, 2025**.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing shall be conducted by the Bankruptcy Court on **October 22, 2025, at 1:30 p.m.** (PT) (the "Sale Hearing"), or on such other

1    date as the Court may direct.  Requests for any information concerning the sale of the 363 Assets

2    should be directed by written request to Trustee's undersigned counsel.

3         DATED this ____ day of September, 2025.

4                                        GARMAN TURNER GORDON LLP

5

6                                        By: _____
                                             GREGORY E. GARMAN, ESQ.
7                                            TALITHA GRAY KOZLOWSKI, ESQ.
                                             MARY LANGSNER, Ph.D.
8                                            7251 Amigo Street, Suite 210
                                             Las Vegas, Nevada 89119
9
                                             *Attorneys for Michael Carmel, Chapter 11*
10                                           *Trustee*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# EXHIBIT C

1    GARMAN TURNER GORDON LLP
     GREGORY GARMAN, ESQ.
2    Nevada Bar No. 6654
     Email: ggarman@gtg.legal
3    TALITHA GRAY KOZLOWSKI, ESQ.
     Nevada Bar No. 9040
4    Email: tgray@gtg.legal
     MARY LANGSNER, Ph.D.
5    Nevada Bar No. 13707
     Email: mlangsner@gtg.legal
6    7251 Amigo Street, Suite 210
     Las Vegas, Nevada 89119
7    Tel: 725.777.3000
     *Attorneys for Michael Carmel,*
8    *Chapter 11 Trustee*

9                    **UNITED STATES BANKRUPTCY COURT**
                          **DISTRICT OF NEVADA**
10

| 11 | In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
|---|---|---|
| 12 | NUMALE CORPORATION, | |
| | | *Jointly administered with:* |
| 13 | AFFECTS THIS DEBTOR,  ☐ | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| 14 | AFFECTS FELICIANO<br>NUMALE NEVADA PLLC,  ☐ | |
| 15 | NUMEDICAL SC,  ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
| 16 | NUMALE COLORADO SC,  ☐ | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| 17 | NUMALE FLORIDA TB PLLC,  ☐ | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| 18 | NUMALE NEBRASKA LLC,  ☐ | |
| 19 | NUMALE NEW MEXICO SC,  ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| 20 | NUMALE ALL DEBTORS,  ☒ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| 21 | Debtors. | |
| 22 | | **Auction:**<br>Date: October 22, 2025<br>Time: 9:30 a.m. Pacific Time |
| 23 | | |
| 24 | | **Sale Hearing:**<br>Date: October 22, 2025<br>Time: 1:30 p.m. Pacific Time |
| 25 | | |

26           <u>**NOTICE OF INTENT TO ASSUME AND ASSIGN CONTRACTS**</u>

27

28

PLEASE TAKE NOTICE that on September 19, 2025, Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), filed the *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* [ECF No. 631] (the "Bid Procedures Motion")[1] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that by order dated September ___, 2025, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion via an order [ECF No. _____] (the "Bid Procedures Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Bid Procedures Order, the Trustee has indicated an intent to cause Debtors to assume and assign to a buyer the following contracts and unexpired leases (the "Assumed Contracts"), subject to payment of the following cure amounts (the "Cure Amounts"):

| Contract Counterparty | Cure Amount |
|---|---|
| Apple iCloud | $0 |
| Gmail | $0 |
| GoDaddy, Inc. | $0 |
| Insurance Zizzle | $0 |
| Microsoft 365 (OneDrive) | $0 |
| My Bodysite | $0 |
| MyMedLeads/Texting System | $0 |

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Bid Procedures Motion.

| Contract Counterparty | Cure Amount |
|---|---|
| Prospect Rainbow, LLC (Innovative Real Estate Strategies) | $120,424.37 |
| 444 Regency Parkway LLC (Gordman Lake Regency, LLC) | $0 |
| Wyoming Office Park, LLC (Brunacini Companies) | $0 |
| Reliant Capital (New Lane Finance) | $0 |
| Tampa Westshore 500 LLC | $0 |

**PLEASE TAKE FURTHER NOTICE** that objections to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable Assumed Contract, and/or objections to the potential assumption of such Assumed Contract, must be filed by and served, together with all documentation supporting such cure claim or objection, so as to be received by **October 10, 2025**, on Trustee's counsel at the address below:

Garman Turner Gordon LLP
Attn: Talitha Gray Kozlowski, Esq.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
tgray@gtg.legal

**PLEASE TAKE FURTHER NOTICE** that where a counterparty to an Assumed Contract files an objection with the Bankruptcy Court to the assumption by the Debtor and assignment to the Prevailing Bidder(s) of such Assumed Contract (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Amounts listed in this notice (the "Disputed Cure Amounts"), the Trustee, the Prevailing Bidder(s), and the counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the dispute cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Amounts will be determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Assumed Contract that fails to timely object to the proposed Cure amounts set forth herein or the proposed assumption

1    and assignment of an Assumed Contract by **October 10, 2025**, is deemed to have consented to

2    such Cure amounts and the assumption and assignment of such Assumed Contract, and such party

3    shall be forever barred from objecting to the Cure amounts or such assumption and assignment

4    and from asserting any additional cure or other amounts against any of the Debtors, their estates,

5    the Trustee, or the Prevailing Bidders.

6          **PLEASE TAKE FURTHER NOTICE** that Trustee and the Prevailing Bidder(s), as

7    applicable, reserve the right to designate which, if any, executory contracts or unexpired leases

8    will be assumed and assigned.  Inclusion of a contract or lease on this Notice does not indicate that

9    the Prevailing Bidder(s) will ultimately determine to have any of the Debtors assume and seek

10   assignment of such contract or lease.  No executory contract or unexpired lease will be assumed

11   unless and until the occurrence of the closing of the 363 Sale of the 363 Assets.

12         **PLEASE TAKE FURTHER NOTICE** that the inclusion of a contract or lease herein

13   shall not constitute or be deemed a determination or an admission by the Trustee, the Estates, or

14   the Debtors that such document or agreement is in fact an executory contract or an unexpired lease

15   within the meaning of Section 365 of the Bankruptcy Code (all rights with respect thereto being

16   expressly reserved).

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   . . .

28

**PLEASE TAKE FURTHER NOTICE** that a hearing to determine any Disputed Cure Amounts or Disputed Assumption will be conducted at the Sale Hearing on **October 22, 2025, at 1:30 p.m. (prevailing Pacific Time)** at the United States Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101.  Parties are also permitted to appear telephonically by dialing (833) 435-1820 and entering meeting ID (if applicable): 161 166 2815 and entering access code or passcode 115788#.

Dated this ___ day of September, 2025.

GARMAN TURNER GORDON LLP

By: _/s/_
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5