# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>**Vacated Hearing:**<br>Hearing Date: October 22, 2025<br>Hearing Time: 9:30 a.m. |

**STIPULATION RESOLVING ORDER TO SHOW CAUSE AND GRANTING PERMANENT INJUNCTION**

1

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through undersigned counsel Garman Turner Gordon LLP; Brad Palubicki ("Palubicki"), by and through his undersigned counsel; and Carlos Feliciano ("Feliciano"), Eva Gabriela Farmer De La Torre ("De La Torre"), Holly Triplett ("Triplett"), and Ken Braielmeir ("Braielmeir"; collectively with Palubicki, Feliciano, De La Torre, and Triplett, the "Respondents") (the Respondents and the Trustee altogether, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on or about January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

WHEREAS, on or about April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

WHEREAS, on or about April 7, 2025, the Trustee was appointed the Chapter 11 Trustee for the Debtors' estates [ECF Nos. 155-157].

WHEREAS, on August 11, 2025, the Trustee filed a *Motion for Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* [ECF No. 455] (the "Motion").

WHEREAS on August 19, 2025, the Court conducted a hearing on the Motion and entered the *Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* [ECF No. 500] (the "OSC").

WHEREAS, the OSC schedules an in-person evidentiary hearing on October 22, 2025, at

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

9:30 a.m. (the "Evidentiary Hearing").

WHEREAS, the OSC also provides:

**IT IS FURTHER ORDERED** that any subsequent acts by any of the Respondents[1] in (i) contacting, directing, or interfering with any of the Debtors' business operations, vendors, service providers, or pharmacy partners; (ii) altering, removing, disabling, or attempting to access any payment methods, credit cards, ACH arrangements, or platform credentials (including EPCS tokens, multi-factor devices, and administrator accounts); (iii) accessing or attempting to access the Debtors' clinics' EHR or vendor portals; and/or (iv) holding themselves out as having any authority to bind the Estates or the Debtors or to direct patient-care operations, shall subject the Respondents to sanctions by this Court.

**IT IS FURTHER ORDERED** that, for the avoidance of doubt, in accordance with the Trustee Order, none of the Respondents have any authority or control over the Debtors[2] or the Affiliated Nondebtors.[3]

**IT IS FURTHER ORDERED** that all service providers and vendors doing business with any of the Debtors or Affiliated Nondebtors shall comply with the Trustee Order, including recognizing the Trustee's sole control and authority over the Debtors and the Affiliated Nondebtors, which providers and vendors include but are not limited to the following: (i) AdvancedMD EMR; (ii) MDToolbox; (iii) RepeatMD; (iv) Paylocity; (v) Olympia; (vi) Empower; (vii) Wells Pharmacy; (viii) AnazaoHealth; (ix) CarieBoyd; (x) PharmaLink; (xi) Qualgen; (xii) McKesson; (xiii) CardinalHealth; (xiv) OrthoMolecular; (xv) Plymouth Medical; (xvi) Policy Tec; (xvii) Remote TC Systems; and (xviii) MyMedLeads/Texting System/Apex Chat.

**IT IS FURTHER ORDERED** that Respondents shall deliver to the Trustee within forty-eight (48) hours of entry of this Order: (i) administrator-level credentials, passwords, multifactor tokens/devices, recovery codes, and ownership/registrar control for payment processing, electronic prescribing, EHR/PM systems,

---

[1] Defined in the OSC as Palubicki, De La Torre, Triplett, and Braielmeir.

[2] [Appearing as n.1 of the OSC:] NuMale Corporation; Feliciano NuMale Nevada PLLC; NuMedical SC; NuMale Colorado SC; NuMale Florida TB PLLC; NuMale Nebraska LLC; NuMale New Mexico SC (collectively, the "Debtors").

[3] Appearing as n.2 of the OSC:] Nevada NuMale LLC; NMC Illinois, LLC; NuMale Albuquerque LLC; NuMale Charlotte, LLC; NuMale Denver, LLC; NuMale Green Bay, LLC; NuMale Omaha, LLC; NuMale Tampa, LLC; NuFemme Milwaukee, LLC (collectively, the "Affiliated Nondebtors").

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

email and domain services, cloud storage, telephone/communications, accounting/billing, and any other production systems; (ii) hardware and removable media owned by the Debtors (workstations, laptops, phones, external drives, security keys) and any device storing estate data; (iii) recorded information under Section 542(e), including configuration backups, audit logs, access/change histories, vendor tickets, service contracts, and correspondence sufficient to restore full Trustee control; and (iv) cryptographic/API materials (SSH keys, API tokens, OAuth app ownership) enabling access to the foregoing.

**IT IS FURTHER ORDERED** that pursuant to the Trustee Order and Sections 323 and 542 of the Bankruptcy Code, GoDaddy, Inc. shall turnover control of the following domains for the Debtors' businesses from any account held by the Respondents (including account number 60191678) to the Debtors' account (account number 215889822): (i) nufemme.com; (ii) numale.com; (iii) numalemedicalcenter.com; (iv) numalemedical.com; and (v) any variations of the foregoing (i.e. same domains ending in .net, .org, .biz, .medical, .health, .care, .doctors, etc.)

**IT IS FURTHER ORDERED** that the terms of this Order are effective immediately.

*See* OSC [ECF No. 500] at pp. 3-4.

WHEREAS, Respondents each admit that they participated in actions that the Trustee contends, directly or indirectly, violated the automatic stay imposed by 11 U.S.C. § 362, violated the Trustee Appointment Order [ECF Nos. 155-157], and interfered with the Trustee's operation and management of the Estates.

WHEREAS, the Parties wish to resolve their disputes without a judicial determination of liability of any party and to avoid the costs and burdens of litigation.

WHEREAS, the Parties have met and conferred and agree to consensually resolve their disputes that would otherwise be tried at the Evidentiary Hearing set by the OSC.

NOW, THEREFORE, subject to the Court entering the *Stipulated Permanent Injunction*, which has been submitted to the Court concurrently herewith for entry, the Parties hereby stipulate and agree as follows:

1. The terms of the OSC shall remain in full force and effect.

2. Respondents all agree to a permanent injunction enjoining them from engaging in, directly or indirectly:

    (i) (a) contacting, directing, or interfering with any of the Debtors' business operations, vendors, service providers, or pharmacy partners; (b) altering, removing, disabling, or attempting to access any payment methods, credit cards, ACH arrangements, or platform credentials (including EPCS tokens, multi-factor devices, and administrator accounts); (c) accessing or attempting to access the Debtors' clinics' EHR or vendor portals; and/or (d) holding themselves out as having any authority to bind the Estates or the Debtors or to direct patient-care operations, shall subject the Respondents to sanctions by this Court;

    (ii) otherwise participating in any act, action, or activity that interferes with the Trustee's administration of the Estates or disrupts the operations of the Debtors; and

    (iii) engaging in, directly or indirectly, any activity that interferes with the Trustee's administration of the Debtors and their Estates, including contacting all service providers and vendors doing business with any of the Debtors or Affiliated Nondebtors, except to the extent that such contact concerns business unrelated to the Debtors and their Estates, including but not limited to the following: (a) AdvancedMD EMR; (b) MDToolbox; (c) RepeatMD; (d) Paylocity; (e) Olympia; (f) Empower; (g) Wells Pharmacy; (h) AnazaoHealth; (i) CarieBoyd; (j) PharmaLink; (k) Qualgen; (l) McKesson; (m) CardinalHealth; (n) OrthoMolecular; (o) Plymouth Medical; (p) Policy Tec; (q) Remote TC Systems; (r) MyMedLeads/Texting System/Apex Chat; (s) GoDaddy; (t) Paylocity; and (u) any other service providers and vendors of the Debtors and these Estates.

3. The Respondents all agree to a permanent injunction enjoining them from interfering with the Trustee's sole control and authority over the Debtors and the Affiliated Nondebtors.

4. Nothing in this Stipulation or the *Stipulated Permanent Injunction* shall: (i) prevent any Respondent from engaging in lawful business activities unrelated to the Debtors and their Estates; (ii) restrict any Respondent's ability to participate in the bankruptcy proceedings as a creditor, including voting on the Plan; (iii) be construed as an admission of liability by any Respondent; or

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

(iv) prevent Palubicki or De La Toree from participating as qualified bidders in any sale process, subject to the Trustee's reasonable business judgment.

5. The Respondents all agree that the OSC remains in full force and effect and that they will not violate the OSC or the *Stipulated Permanent Injunction*.

6. The in-person Evidentiary Hearing on October 22, 2025, at 9:30 a.m. shall be vacated.

7. The Bankruptcy Court retains sole jurisdiction to enforce the OSC and the *Stipulated Permanent Injunction*.

8. This injunction shall automatically terminate upon the earlier of: (i) mutual agreement of the Parties; or (ii) Palubicki or De La Torre being confirmed as the prevailing bidder and closing on a sale whereby either Palubicki or De La Torre purchase the Estates' assets.

**IT IS SO ORDERED.**

Dated this 23 day of September 2025.

GARMAN TURNER GORDON LLP

By: /s/ *Mary Langsner*
  GREGORY E. GARMAN, ESQ.
  TALITHA GRAY KOZLOWSKI, ESQ.
  MARY LANGSNER, Ph.D.
  7251 Amigo Street, Suite 210
  Las Vegas, Nevada 89119
  *Attorneys for Michael Carmel, Chapter 11 Trustee*

Dated this 24th day of September 2025.

By: /s/ *Michael W. Carmel*
  MICHAEL W. CARMEL, ESQ.
  80 East Columbus Avenue
  Phoenix, Arizona 85012
  *Chapter 11 Trustee*

Dated this 23 day of September 2025.

HOLLAND & HART LLP

/s/ Joseph G. Went
  JOSEPH G. WENT, ESQ.
  LARS K. EVENSEN ESQ.
By: SYDNEY R. GAMBEE, ESQ.
  9555 Hillwood Drive, 2nd Floor
  Las Vegas, NV 89134
  *Attorneys for Brad Palubicki*

Dated this 23 day of September 2025.

  Brad Palubicki
By: _____
  BRAD PALUBICKI
  9 Paradise Valley Court
  Henderson, Nevada 89052

6

**Signature:** *Brad Palubicki*
Brad Palubicki (Sep 23, 2025 20:30:22 PDT)

**Email:** bradpalubicki@outlook.com

Dated this 23 day of September 2025.

By: _____
Carlos Feliciano (Sep 23, 2025 22:53:10 CDT)
CARLOS E. FELICIANO
N69W29753 Ridgeview Court
Hartland, WI 53029

Dated this 23 day of September 2025.

By: *Eva Gabriela Farmer de la Torre*
Eva Gabriela Farmer de la Torre (Sep 23, 2025 21:03:31 PDT)
EVA GABRIELA FARMER DE LA TORRE
9 Paradise Valley Court
Henderson, Nevada 89052

Dated this 23 day of September 2025.

By: _____
HOLLY TRIPLETT
701 Old Settlement Dr.
Watertown, WI 53098

Dated this 23 day of September 2025.

By: _____
Ken Brielmaier (Sep 23, 2025 20:50:36 PDT)
KEN BRAIELMEIR
10964 Salernes Street
Las Vegas, NV 89141

35783725_v1

7

# Stipulation for Permanent Injunction (for execution)

Final Audit Report                                                                                   2025-09-24

| | |
|---|---|
| Created: | 2025-09-24 |
| By: | Eva Gabriela Farmer de la Torre (gabbytorre1@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAR-omU0-wHxcGW6t1p2_WLkuYuegM1QxQ |

## "Stipulation for Permanent Injunction (for execution)" History

- Document created by Gabby de la Torre (gabbytorre1@gmail.com)
  2025-09-24 - 3:02:20 AM GMT

- Document emailed to bradpalubicki@outlook.com for signature
  2025-09-24 - 3:28:18 AM GMT

- Email viewed by bradpalubicki@outlook.com
  2025-09-24 - 3:29:32 AM GMT

- Signer bradpalubicki@outlook.com entered name at signing as Brad Palubicki
  2025-09-24 - 3:30:20 AM GMT

- Document e-signed by Brad Palubicki (bradpalubicki@outlook.com)
  Signature Date: 2025-09-24 - 3:30:22 AM GMT - Time Source: server

- Document emailed to Ken Brielmaier (kobrielmaier@gmail.com) for signature
  2025-09-24 - 3:30:23 AM GMT

- Email viewed by Ken Brielmaier (kobrielmaier@gmail.com)
  2025-09-24 - 3:49:37 AM GMT

- Document e-signed by Ken Brielmaier (kobrielmaier@gmail.com)
  Signature Date: 2025-09-24 - 3:50:36 AM GMT - Time Source: server

- Document emailed to Carlos Feliciano (cefelici@gmail.com) for signature
  2025-09-24 - 3:50:38 AM GMT

- Email viewed by Carlos Feliciano (cefelici@gmail.com)
  2025-09-24 - 3:52:47 AM GMT

Adobe Acrobat Sign

- Document e-signed by Carlos Feliciano (cefelici@gmail.com)
  Signature Date: 2025-09-24 - 3:53:10 AM GMT - Time Source: server

- Document emailed to Gabby de la Torre (gabbytorre1@gmail.com) for signature
  2025-09-24 - 3:53:11 AM GMT

- Email viewed by Gabby de la Torre (gabbytorre1@gmail.com)
  2025-09-24 - 4:02:37 AM GMT

- Signer Gabby de la Torre (gabbytorre1@gmail.com) entered name at signing as Eva Gabriela Farmer de la Torre
  2025-09-24 - 4:03:29 AM GMT

- Document e-signed by Eva Gabriela Farmer de la Torre (gabbytorre1@gmail.com)
  Signature Date: 2025-09-24 - 4:03:31 AM GMT - Time Source: server

- Document emailed to htriplettcpa@outlook.com for signature
  2025-09-24 - 4:03:32 AM GMT

- Email viewed by htriplettcpa@outlook.com
  2025-09-24 - 4:08:38 AM GMT

- Signer htriplettcpa@outlook.com entered name at signing as Holly M. Triplett
  2025-09-24 - 4:23:00 AM GMT

- Document e-signed by Holly M. Triplett (htriplettcpa@outlook.com)
  Signature Date: 2025-09-24 - 4:23:02 AM GMT - Time Source: server

- Agreement completed.
  2025-09-24 - 4:23:02 AM GMT

**Adobe Acrobat Sign**