# EXHIBIT 1

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 AND 9016** |

**TO:** Custodian of Records for Wells Fargo Bank, N.A.
c/o Corporation Service Company – Resident Agent
112 North Curry Street
Carson City, NV 89703

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

1

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in this bankruptcy case.  If you are an organization, you must designate one or more officers directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME: |
|---|---|
| Garman Turner Gordon LLP<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119 | October 27, 2025<br><br>9:30 a.m. (Pacific) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested on **Exhibit "A"** hereto.

| PLACE | DATE AND TIME |
|---|---|
| Garman Turner Gordon LLP[1]<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119 | October 17, 2025<br><br>2:00 p.m. (Pacific) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P.  See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| */s/ Mary Langsner* | October 2, 2025 |

2

---

[1] Responsive documents may also be provided in electronic format to tgray@gtg.legal and mlangsner@gtg.legal on or before October 17, 2025, at 2:00 p.m. (Pacific Time).

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER ||||
|---|---|---|---|
| Talitha Gray Kozlowski, Esq.<br>Mary Langsner, Ph.D.<br>Garman Turner Gordon LLP<br>7251 Amigo Street, Suite 210<br>Las Vegas, NV 89119<br>(725) 777-3000 ||||
| **PROOF OF SERVICE** ||||
| **SERVED** | **DATE** || **PLACE** |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |||
| **SERVED BY (PRINT NAME)** | **TITLE** |||
| **DECLARATION OF SERVER** ||||

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

    Executed on _____
                              (Date)                          SIGNATURE OF SERVER

                                                                   ADDRESS OF SERVER

**Federal Rules of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees —on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

1. As used herein, the term "Document" means a "writing" or "recording" as those terms are defined in NRS 52.225, and refers to those materials in your actual or constructive possession, custody, or control, including but not limited to originals, copies, non-identical copies, and preliminary, intermediate, and final drafts or writings, recordings of oral communications, correspondence, e-mails, texts, books, pamphlets, periodicals, bills, accounts, checks, check registers, letters, photographs, objects, telegrams, notes, minutes, memoranda, inter-office and intra-office communications, reports, studies, surveys, forecasts, analyses, indices, calendars, diaries ,and recordings of every kind and description, whether inscribed by hand or by mechanical, electronic (such as on a computer hard drive), microfilm, phonic (such as tape recordings), photographic, videographic, or other means. Handwritten or other notations of any kind on any copy of a Document render it non-identical. Documents include Communications.

2. As used herein, the term "Communications" shall mean, without limitation, any transmittal, conveyance, or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question, or other information by any medium, whether by written, oral ,or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, WhatsApp messaging, messages via social media, and e-mail. Communications are also Documents.

3. The terms "any" and "all" also include "each and every."

4. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to include the broader range and larger number of documents.

5. As used herein, the terms "You" and "Your" shall refer, collectively, to **Wells Fargo Bank, N.A.**, as well as any agents, officers, attorneys, employees, and/or anyone else acting for or on its or their behalf, in any of its or their offices, and Your agents, employees, attorneys, accountants, advisors, representatives, or any other person over which You have control or have a superior right to compel to do an act or produce an item and any entity You have or had an ownership or beneficial interest (contingent or otherwise) or an entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or

consulting role.

6. "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, phone calls, written correspondence, memoranda, letters, reports, publications, electronic communications, SMS text messaging, instant messaging, WhatsApp messaging, messages via e-mail and direct messaging on social media platforms.

7. "Date" means the exact day, month, and year, if known, or if not known, Your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated than an approximate date may be given.

8. "Identify" shall mean to state the nature and subject matter of the Document, the Date, if any, appearing thereon, the identity of each Person who prepared and received the Document, and the present location of the Document. In all cases where identification of a Document is requested, in lieu of such specification, You may supply legible copies of such Documents.

9. "Person" shall mean any natural person, legal entity, or association of legal entities and/or natural persons, including, but not limited to, a corporation, professional corporation, association, partnership, joint venture, firm, or company.

10. "Relating" or "Relate To" means concerning, referring to, describing, evidencing, or constituting.

11. "Debtors" shall, collectively, mean and refer to NuMale Corporation; Feliciano NuMale Nevada PLLC; NuMedical SC; NuMale Colorado SC; NuMale Florida TB PLLC; NuMale Nebraska LLC; and NuMale New Mexico SC.

12. If any document is withheld under a claim of privilege or work product, a list should be furnished identifying each document for which privilege or work product is claimed, together with sufficient basis to assess the validity of the privilege, including but not limited to the following information for each such document: (a) date, sender, recipient, persons to whom copies were furnished, and job titles of each of these persons; (b) subject matter of the document; (c) number of pages in the document; and (d) the basis or bases upon which the privilege is claimed.

13. If any requested document was but no longer is in your possession, subject to your control, or no longer exists, please state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others, and state the identity of those persons to whom it has been transferred; or (d) has been otherwise disposed of. In each instance, explain the circumstances surrounding the disposition, state the date or approximate date thereof, and identify the persons with knowledge of such circumstances.

14. The documents described in the requests below are to be produced as they are kept in the usual course of business. If there are electronic records or e-mails, such documents are to be produced in electronic format.

## INSTRUCTIONS

1. You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

2. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

3. If any of the information contained in the answers to these Requests is not within Your personal knowledge, please so state. The answers to the Requests should identify every person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

4. If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

5. You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, please state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

6. In the event the Documents called for by any particular request are no longer in Your possession, custody or control, please state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s).

7. In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v) and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

8. If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

9. Documents attached to each other should not be separated.

10. Documents not otherwise responsive to this discovery Request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

11. The fact that a Document has been produced by another party in the Debtors' Chapter 11 Cases does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

12. The terms "each" and "all" shall be construed as "all and each."

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be outside of the scope.

14. The use of the singular form of any word includes the plural and vice versa.

15. The use of the feminine form of any word includes the masculine and vice versa.

16. You are requested and instructed to produce Documents in response to the requests below in accordance with the Federal Rules of Civil Procedure, applicable in the Debtors' bankruptcy cases by way of the Federal Rules of Bankruptcy Procedure.

17. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in response to each of the requests below, electronically stored information is to be produced in a reasonably usable format together with a description of the system from which such information was derived sufficient to permit rendering the records and information intelligible. With the exception of electronically stored information produced in native format, electronically stored information shall be produced as TIFF or PDF images and must be produced with extracted text and metadata reflecting at least the title, author, creation date, modification date, and custodian of such information (and for email correspondence, also the from, to, cc, bcc, sent date and time, and email subject fields) and also with a load file showing the logical unitization of documents and family member groupings. Excel spreadsheets, multimedia, and other similar files (*e.g.*, .csv files) must be produced in native format.

*[Remainder of page left intentionally blank. See next page.]*

## REQUESTS FOR PRODUCTION

1. Regarding the account identified as ▇▇▇▇▇▇▇, please produce all Documents sufficient to identify the $1,000,000.00 "Withdrawal Made In A Branch/Store" on January 2, 2024, including: the front and back of all withdrawal slip(s); the identity and identification of the person making the withdrawal including all forms of identification used to verify this person's identity; all form(s) and paper(s) filled out and/or created in connection with preparing this withdrawal; copies of any cashier's check(s) created or other means used to effectuate this withdrawal; and details including identifying any and all account(s) into which this withdrawal was eventually deposited including statement(s) of such account(s) if any such account(s) are Wells Fargo account(s).

2. Regarding the account identified as ▇▇▇▇▇▇▇, please produce all Documents sufficient to identify the $250,000.00 "Withdrawal Made In A Branch/Store" on January 4, 2024, including: the front and back of all withdrawal slip(s); the identity and identification of the person making the withdrawal including all forms of identification used to verify this person's identity; all form(s) and paper(s) filled out and/or created in connection with preparing this withdrawal; copies of any cashier's check(s) created or other means used to effectuate this withdrawal; and details including identifying any and all account(s) into which this withdrawal was eventually deposited including statement(s) of such account(s) if any such account(s) are Wells Fargo account(s).

# CERTIFICATION OF CUSTODIAN OF RECORDS

STATE OF _____ }
                        } ss.
COUNTY OF _____ }

NOW COMES _____, who after first being duly sworn deposes and says:

1. That the deponent is an authorized Custodian of Records of *Wells Fargo Bank, N.A.*

2. That on the _____ day of the month of _____, of the year 2025, the deponent received a subpoena calling for the production of records pertaining to the Debtors (NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC).

3. That the deponent has made or caused to be made a true and exact copy of records responsive to the subpoena, consisting of \_\_\_\_ pages, and that the reproduction of them attached hereto is true and accurate.

4. The original of the attached records was made at or near the time of the act or event, recited therein by or from information transmitted by a person with knowledge, in the course of a regularly conducted activity of the business.

_____
CUSTODIAN OF RECORDS

SUBSCRIBED AND SWORN to before me
this _____ day of _____, 2025.

_____
NOTARY PUBLIC in and for said
County and State