GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO<br>NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | |

## EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR FIRST AND FINAL FEE APPLICATION OF RUBINBROWN LLP FOR THE ALLOWANCE OF COMPENSATION FOR TAX PREPARATION SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") filed the *First and Final Fee Application of RubinBrown LLP for the Allowance of Compensation for Tax Preparation Services Rendered and Reimbursement of Expenses* (the "Application").[1]

The Trustee submits this *ex parte* application (the "Ex Parte Application") requesting this Court issue an Order Shortening Time to hear the Application before October 31, 2025. This Ex Parte Application is made and based upon Section[2] 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006; the following memorandum of points and authorities inclusive of the Declaration of Mary Langsner, Ph.D. (the "Langsner Decl.") incorporated herein; the Attorney Information Sheet filed concurrently herewith; and the papers and pleading on file with the Court, judicial notice of which is respectfully requested.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### DECLARATION OF MARY LANGSNER, PH.D.

I, Mary Langsner, Ph.D., declare as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am an attorney at the law firm of Garman Turner Gordon LLP, counsel to the Trustee in the above-captioned matter, and am duly licensed to practice law in the State of Nevada (Nevada Bar No. 13707).

3. Good cause exists for this Court to hear the Motion on shortened time as requested herein.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to in the Application.

[2] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

4.      Upon the conclusion of RubinBrown's work in these Chapter 11 Cases, I learned that the Trustee's primary contact at RubinBrown, partner Mr. Thomas Butterfield, will be leaving RubinBrown on October 31, 2025.

5.      Because Mr. Butterfield was the declarant in support of RubinBrown's employment application, has been the Trustee's (and my) primary contact at RubinBrown in connection with the firm's work for the Estates, and is the partner overseeing the engagement, I believe, and I understand the Trustee also believes, Mr. Butterfield is the appropriate declarant in support of the firm's Application.

6.      However because I understand Mr. Butterfield will be leaving RubinBrown effective October 31, 2025, the Application is requested to be heard on shortened time so that the hearing on the Application can take place on or before October 31, 2025, which would provide the opportunity for Mr. Butterfield to appear at the hearing on the Application while he is still a partner with RubinBrown.

7.      I personally contacted the counsel listed on the Attorney Information Sheet, and the response(s) I received are accurately represented.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 6th day of October 2025.

*/s/ Mary Langsner*
MARY LANGSNER, Ph.D.

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code allows this Court to issue such orders as are necessary to carry out the provisions of this title.  Bankruptcy Rule 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules.  Relevantly, Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the Langsner Decl., having a hearing on the Application on shortened time will provide an opportunity for the Application to be heard while Mr. Butterfield, the partner who has overseen the matter at RubinBrown and the Trustee's primary contact at the firm, is still with RubinBrown. Mr. Butterfield leaves RubinBrown effective October 31, 2025.

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet has been filed contemporaneously with this Ex Parte Application.

Through this Ex Parte Application, the Trustee respectfully proffers that cause exists to grant the shortening of time on the Motion, to allow hearing on the Motion to take place on or before October 31, 2025, at the Court's convenience.

The Trustee respectfully proffers that the circumstances set forth in this Ex Parte Application, the Langsner Decl., and papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, warrant a finding that cause exists to shorten the time for a hearing on the Motions, as permitted by the Rule.

**III.**
**CONCLUSION**

WHEREFORE, the Trustee respectfully requests this Court grant this Ex Parte Application and issue an Order Shortening Time to hear the Motion on or before on or before October 31,

. . .

. . .

2025, at 9:30 a.m., and grant such other and further relief as the Court deems just and proper.

Dated this 6th day of October 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Chapter 11*
    *Trustee*