_Natalie M. Cox_ (signature)

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
October 07, 2025

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-10341-nmc |
| | Chapter 11 |
| NUMALE CORPORATION, | |
| | *Jointly administered with:* |
| ☐ AFFECTS THIS DEBTOR, | |
| | Feliciano NuMale Nevada PLLC, |
| ☐ AFFECTS FELICIANO | Case No. 25-10342-nmc |
| NUMALE NEVADA PLLC, | |
| | NuMedical SC |
| ☐ NUMEDICAL SC, | Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, |
| | Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | |
| | NuMale Florida TB PLLC, |
| ☐ NUMALE NEBRASKA LLC, | Case No. 25-10345-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale Nebraska LLC |
| | Case No. 25-10346-nmc |
| ☒ NUMALE ALL DEBTORS, | NuMale New Mexico SC |
| | Case No. 25-10347-nmc |
| Debtors. | |
| | Confirmation Hearing: |
| | Date:  September 24, 2025 |
| | Time: 9:30 a.m. |

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE ORDER CONFIRMING JOINT PLAN OF REORGANIZATION AND APPROVING ON A FINAL BASIS THE DISCLOSURE STATEMENT TO ACCOMPANY <u>JOINT PLAN OF REORGANIZATION</u>**

Michael W. Carmel, the Chapter 11 Trustee (the "<u>Trustee</u>") for the bankruptcy estates ("<u>Estates</u>") of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "<u>Debtors</u>"), having proposed the *Joint Plan of Reorganization* [ECF No. 434] (together with all exhibits thereto, and as may be amended, modified, or supplemented, including via the *Notice of Filing Plan Supplement to Joint Plan of Reorganization* [ECF No. 595], the "<u>Plan</u>"[1]) and the *Disclosure Statement to Accompany Joint Plan of Reorganization* [ECF No. 435] (with all exhibits thereto, the "<u>Disclosure Statement</u>"), and the Court having conducted a hearing to consider confirmation of the Plan on September 24, 2025 (the "<u>Confirmation Hearing</u>"), and the Court having considered (i) the *Order Conditionally Approving Disclosure Statement to Accompany Joint Plan of Reorganization* [ECF No. 447] (the "<u>Solicitation Procedures Order</u>"); (ii) the *Notice of: (i) Hearing to Consider Final Approval of Conditionally Approved Disclosure Statement and Confirmation of Joint Plan of Reorganization; (ii) Procedures for Objecting to Final Approval of Conditionally Approved Disclosure Statement and Confirmation of the Plan and Evidence in Support Thereof; and (iii) Procedures and Deadlines* [ECF No. 449] (the "<u>Confirmation Notice</u>"); (iii) the *Certification of Acceptance and Rejection of Joint Plaint of Reorganization (Ballot Summary)* [ECF No. 611] (the "<u>Ballot Summary</u>"); (iv) *Declaration of Michael W. Carmel in Support of Plan Confirmation and Final Approval of the Disclosure Statement* [ECF No. 622] (the "<u>Carmel Decl.</u>"); (v) *Brief in Support of Confirmation of Joint Plan of Reorganization* [ECF No. 621] (the "<u>Confirmation Brief</u>"); (vi) the *Stipulation Resolving Confirmation Objection* [ECF No. 598] and *Notice of Withdrawal of Creditor Prospect Rainbow, LLC's Limited Objection to the Joint Plan of Reorganization* [ECF No. 596]; (vii) Michael Sanchez's *Joinder in Support of Plan Confirmation* [ECF No. 601]; (viii) Justin Pulliam's joinder

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

in support of the Trustee's Confirmation Brief [ECF No. 627]; (ix) Michael Sanchez's joinder in support of the Trustee's Confirmation Brief [ECF No. 628]; (x) Newtek Bank, N.A.'s joinder in support of the Trustee's Confirmation Brief [ECF No. 630]; (xi) the *Objection of Mayfair Mall, LLC to Confirmation of Proposed Joint Plan of Reorganization* (the "Mayfair Objection") and supporting declaration [ECF Nos. 623 and 624]; (xii) the Trustee's supplemental brief in support of confirmation and reply to the Mayfair Objection and supplemental declaration [ECF Nos. 651 and 652]; (xiii) *The United States Trustee's Reservation of Rights* [ECF No. 647]; (xiv) the notice of revised Plan Schedules 6.1 and 6.3 [ECF No. 648]; (xv) the *Notice of Proposed Confirmation Order and Findings of Fact and Conclusions of Law* [ECF No. 650]; (xvi) all other relevant papers and pleadings on file in the Chapter 11 Cases, including the numerous claim settlements; and (xvii) the arguments of counsel presented at the Confirmation Hearing; it appearing to the Court that notice of the Confirmation Hearing having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Plan Confirmation and the other evidence presented at the Confirmation Hearing having established just cause for the relief granted herein; and the Court having considered any and all responses and objections to the Plan and its Confirmation, and all such objections being consensually resolved or withdrawn, or otherwise addressed as set forth herein and on the record at the Confirmation Hearing and thereafter and herein and hereby overruled in their entirety to the extent not consensually resolved prior to the entry of this Confirmation Order; and after due deliberation thereon and good cause appearing therefor, the Court makes and issues the following findings of fact and conclusions of law, and orders:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

**A.    Findings and Conclusions.**

1.    The findings and conclusions set forth herein, in the recitals, and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under FED. R. CIV. P. 52, made applicable herein by FED. R. BANKR. P. 7052 and 9014. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

2.    The Court further relies upon and incorporates herein the analysis set forth in the Confirmation Brief and the Carmel Decl.

**B.    Unrebutted Evidence.**

3.    The testimony and documentary evidence introduced and admitted into evidence by the Trustee at the Confirmation Hearing, including through the Carmel Decl., were unrebutted, including without limitation the liquidation analysis prepared by Trustee.

**C.    Jurisdiction, Venue, and Core Proceeding.**

4.    The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334 and 157.  The Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code[2] and shall be confirmed.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of this Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**D.    Eligibility for Relief.**

5.    The Debtors were and are entities eligible for relief under Section 109 of the Bankruptcy Code.

**E.    Commencement and Administration of the Debtors' Chapter 11 Cases.**

6.    On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases").  *See, e.g.*, ECF No. 1.

7.    On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*.  *See* ECF No. 130.

8.    On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates*.  *See* ECF No. 132.

9.    On April 2, 2025, the United States Trustee for Region 17 ("US Trustee"),

---

[2] 11 U.S.C. §§ 101 – 1532, et seq. ("Bankruptcy Code").

appointed the Trustee as the Chapter 11 trustee for Debtors' Estates.  *See* ECF No. 140.

10. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment.  Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

11. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' Estates.  *See* ECF No. 157.

12. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*.  See, e.g., ECF No. 209.

**F.** **Burden of Proof – Confirmation of the Plan.**

13. The Trustee as the proponent of the Plan has met his burden of proving the applicable elements of Sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation in the Ninth Circuit.

**G.** **Notice.**

14. Due, adequate, and sufficient notice of the Plan, the Disclosure Statement, and the Confirmation Hearing, together with all deadlines for voting to accept or reject the Plan as well as objecting to the Plan and objecting to the final approval of the Disclosure Statement, and all other materials distributed by the Trustee in connection with the Confirmation in compliance with the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), have been provided to all parties in interest and all necessary parties.  *See* ECF Nos. 540, 541, and 609.  Such notice was adequate and sufficient under the facts and circumstances of these Chapter 11 Cases pursuant to 11 U.S.C. § 1128, Bankruptcy Rules 2002 and 3020, and other applicable law and rules, and no other or further notice is or shall be required.

**H.** **Ballots.**

15. The only classes of Claims entitled to vote to accept or reject the Plan are Class 9 (Sanchez Claim), Class 10 (General Unsecured Claims), Class 11 (Intercompany Claims), and Class 12 (Subordinated Claims) (collectively, the "Voting Classes").

16.     As approved by the Solicitation Procedures Order, the ballots that the Trustee used to solicit votes to accept or reject the Plan from Holders of Claims in the Voting Classes adequately addressed the particular needs of the Chapter 11 Cases and were appropriate for Holders of Claims in the Voting Classes to vote to accept or reject the Plan.

**I.     Solicitation.**

17.     As described in the Carmel Decl., the solicitation of votes on the Plan complied with the solicitation procedures set forth in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("Local Rules"), and any other applicable rules, laws, and regulations.

18.     Following entry of the Solicitation Procedures Order, the Plan (in the form at ECF No. 434), the Disclosure Statement, the Confirmation Hearing Notice, and the ballots were transmitted and served to all Holders of Claims in the Voting Classes, in compliance with the Bankruptcy Code, including Sections 1125 and 1126 thereof; the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018; the Local Rules, including Local Rule 3017; the Solicitation Procedures Order; and any applicable nonbankruptcy law (collectively, the "Solicitation Packages"). *See* ECF No. 451. Transmission and service of the Solicitation Packages and the Confirmation Hearing Notice were timely, adequate, and sufficient under the facts and circumstances of these Chapter 11 Cases. No further or additional notice is required.

19.     Additionally, copies of the Plan, the Disclosure Statement, the Solicitation Procedures Order, and the Confirmation Notice were also mailed to the Holders in the Non-Voting Classes, as well as the entire creditor matrix in these Chapter 11 Cases. *See* ECF No. 451. Thus, transmission and service of the Plan, Disclosure Statement, Solicitation Procedures Order, and the Confirmation Hearing Notice were timely, adequate, and sufficient under the facts and circumstances of these Chapter 11 Cases. No further or additional notice is required.

20.     As set forth in the Carmel Decl., the Solicitation Packages were distributed to Holders of Claims in the Voting Classes that held a Claim as of the Voting Record Date of July 1,

2025.

21.     As approved by the Solicitation Procedures Order, the period during which the Trustee solicited acceptances or rejections to the Plan was a reasonable and sufficient period of time for Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

22.     Under Section 1126(f) of the Bankruptcy Code, Holders of Claims in Class 1 (Newtek Secured Claim), Class 2 (Kalamata Claim), Class 3 (EBF Holdings Claim), Class 4 (Fox Funding Claim), Class 5 (Top Tier Claim), Class 6 (LCF Group Claim), Class 7 (Ford Motor Claim), and Class 8 (Priority Unsecured Claims), are Unimpaired and conclusively presumed to have accepted the Plan.

23.     Pursuant to Bankruptcy Rule 3017(d), the Trustee is not required to transmit a Solicitation Package to the non-voting Classes. Holders of Claims in Class 13 (Equity Interests in the Debtors) are deemed to reject the Plan.

**J.     Voting.**

24.     As evidenced by the Carmel Decl. and approved by the Solicitation Procedures Order, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Solicitation Procedures Order, the Disclosure Statement, and applicable nonbankruptcy laws, rules, and regulations.

**K.     Compliance with Bankruptcy Rule 3016.**

25.     In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Trustee as the plan proponent. The Trustee appropriately filed the Disclosure Statement and the Plan with this Court, thereby satisfying Bankruptcy Rule 3016(b). The injunction provisions of the Plan are set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

**L.     Plan Modifications Addressing US Trustee Concerns.**

26.     As set forth on the record at the Confirmation Hearing, the US Trustee informally raised several concerns with respect to confirmation of the Plan. Accordingly, with the consent of

the US Trustee and the parties to the Global Settlement Agreement, the Plan shall be, and here is, modified as follows, which modification does not alter the treatment of Claims or Equity Interests and does not require re-solicitation.

27.    The following sentence in Section 5.3 of the Plan ("[n]otwithstanding the foregoing substantive consolidation for plan purposes, fees payable, pursuant to 28 U.S.C. § 1930, shall be due and payable by each individual Debtor"), and Sections 12.3, 12.11, and 12.13 of the Plan, are deleted in their entirety and replaced with the following provisions (the "Alternative Combined Provision"):

- Until the Effective Date of a confirmed plan, the debtors through the Chapter 11 Trustee shall continue to contemporaneously file separate UST Form 11-MOR, Monthly Operating Reports, when they become due.

- To comply with 11 U.S.C. § 1129(a)(12), all fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date.

- Within two (2) business days of the Effective Date, the Reorganized Debtors and any other authorized parties who have been charged with administering the confirmed plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred.

- Each Reorganized Debtor and the Liquidating Trust through the respective Chapter 11 Trustee and/or the Liquidating Trustee or successor Liquidating Trustee or other post-confirmation entity created pursuant to the confirmed plan through its authorized party who has been charged with administering the confirmed plan shall contemporaneously file separate UST Form 11-PCR, Post-Confirmation Reports, that shall include all of their respective receipts and disbursements (along with ending cash balance) for that quarter and shall be filed on a quarterly basis in the Chapter 11 cases until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.  If the Court vacates any of the orders or reopens the case for reasons other than administrative purposes, i.e., anything involving substantive judicial relief that is not administrative, then the filing of Post-Confirmation Reports shall resume.

- Each Reorganized Debtor and the Liquidating Trust through the respective Chapter 11 Trustee and/or the Liquidating Trustee or successor Liquidating Trustee or other post-confirmation entity created pursuant to the confirmed plan through its authorized party who has been charged with administering the confirmed plan shall be jointly and severally liable for the payment of all United States Trustee quarterly fees due pursuant to 28 U.S.C. § 1930(a)(6) after the Effective Date.

- All fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) after the Effective Date shall be paid on a quarterly basis until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case. If the Court vacates any of the orders or reopens the case for reasons other than administrative purposes, i.e., anything involving substantive judicial relief that is not administrative, then the

payment of United States Trustee quarterly fees shall resume.

- The reporting requirements and payment of United States Trustee quarterly fees described herein shall comply with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada.

28.     The following Section 7.4 is added to the Plan:

**7.4     Effective Date.**  Subject to all of the conditions set forth in Section 7.2 of the Plan occurring, the Effective Date shall occur on the earlier of: (i) the 363 Sale closing; and (ii) October 24, 2025.

29.     Section 8.7 of the Plan is deleted and replaced in its entirety with the following provision (the "Revised Exculpation Provision"):

**8.7     Exculpation**. From and after the Effective Date, neither Debtors, the Trustee, Sanchez, Beazley, and their respective professionals nor any of their respective present or former members, directors, officers, managers, employees, advisors, attorneys, or agents, shall have or incur any liability to any holder of a Claim or Equity Interest or any other party-in-interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or Affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of (from the Petition Date forward), the Chapter 11 Cases, the pursuit of confirmation of this Plan (including the pursuit of the Global Settlement Agreement and Global Settlement Order incorporated into the Plan), or the consummation of this Plan, except for gross negligence and willful misconduct. Notwithstanding the foregoing, under no condition shall this exculpation apply to any claims previously asserted or which can be asserted against Brad Palubicki, Carlos Feliciano, any entity controlled by Messrs. Palubicki and/or Feliciano, or the Palubicki and Feliciano Claims, nor with respect to any of the preserved Litigation Claims, including the Litigation Claims identified on Schedule 1.1.82 hereto.

Notwithstanding anything to the contrary herein, nothing in the Plan shall release, discharge, enjoin, or otherwise modify or affect the rights of Beazley to pursue the Palubicki and Feliciano Claims or any claims against NuMale Chicago LLC, NuMale Medical Center, LLC, and NuMale North Carolina, PLLC.

**M.     Objections Overruled.**

30.     Any resolutions of objections to Confirmation set forth in filings with this Court or otherwise explained on the record at the Confirmation Hearing are hereby incorporated by reference.  All remaining unresolved objections, statements, informal objections, and reservations of rights related to the Plan, including the Mayfair Objection, are hereby overruled on the merits, with prejudice, in the entirety.

**N.    Compliance with Bankruptcy Code Requirements – Section 1129(a)(1).**

31.    The Plan complies with all applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) of the Bankruptcy Code.

**a.    Proper Classification – Sections 1122 and 1123.**

32.    The Plan satisfies the requirements of Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.  Section 3 of the Plan provides for the separate classification of Claims and Equity Interests into thirteen (13) Classes.  Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Equity Interests.  The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Equity Interests.  Each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.

**b.    Specified Unimpaired Classes – Section 1123(a)(2).**

33.    The Plan satisfies the requirements of Section 1123(a)(2) of the Bankruptcy Code.

34.    Section 3 of the Plan specifies that Claims and Equity Interests, as applicable, in the following Classes (collectively, the "Unimpaired Classes") are Unimpaired under the Plan within the meaning of Section 1124 of the Bankruptcy Code:

| Class | Description | Designation |
|-------|-------------|-------------|
| Class 1 | Newtek Secured Claim | Unimpaired |
| Class 2 | Kalamata Claim | Unimpaired |
| Class 3 | EBF Holdings Claim | Unimpaired |
| Class 4 | Fox Funding Claim | Unimpaired |
| Class 5 | Top Tier Claim | Unimpaired |
| Class 6 | LCF Group Claim | Unimpaired. |
| Class 7 | Ford Motor Claim | Unimpaired |
| Class 8 | Priority Unsecured Claims | Unimpaired |

35.    Additionally, Section 2 of the Plan specifies that Allowed Administrative Claims and Priority Tax Claims will be satisfied in accordance with the terms of the Plan (unless otherwise agreed by the Trustee, Reorganized Debtors, or Liquidation Trustee, as applicable, and the relevant

1   Holder(s) in accordance with the terms of the Plan), although these Claims are not classified under

2   the Plan.

3   **c.    Specified Treatment of Impaired Classes – Section 1123(a)(3).**

4       36.    The Plan satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code.

5   Section 3 of the Plan specifies that Claims and Equity Interests, as applicable, in the following five

6   Classes (collectively, the "Impaired Classes") are Impaired under the Plan within the meaning of

7   Section 1124 of the Bankruptcy Code, and describes the treatment of such Classes:

| Class | Description | Designation |
|---|---|---|
| Class 9 | Sanchez Claim | Impaired; solicitation required |
| Class 10 | General Unsecured Claims | Impaired; solicitation required |
| Class 11 | Intercompany Claims | Impaired; solicitation required |
| Class 12 | Subordinated Claims | Impaired; solicitation required |
| Class 13 | Equity Interests | Impaired; deemed rejected |

**d.    No Discrimination – Section 1123(a)(4).**

15      37.    The Plan satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code.

16  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class

17  unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment

18  of such Claim or Equity Interest.

19  **e.    Adequate Means for Plan Implementation – Section 1123(a)(5).**

20      38.    The Plan satisfies the requirements of Section 1123(a)(5) of the Bankruptcy Code.

21  The provisions in Section 5 and elsewhere in the Plan, and in the exhibits and attachments to the

22  Plan and the Disclosure Statement, provide, in detail, adequate and proper means for the Plan's

23  implementation, including payment of certain Allowed Claims on the Effective Date from the

24  Distributable Assets (i.e., (i) all Litigation Claims; (ii) all claims, rights, and recoveries available

25  with respect to the Liability Insurance Policies; (iii) the Beazley Settlement Payment; (iv) the New

26  Value Contribution; and (v) the proceeds from the 363 Sale), the creation of a Liquidation Trust

27  to liquidate or otherwise dispose of the Liquidation Trust Assets, initially consisting of the

28  Liquidation Trust Reserve plus all Distributable Assets remaining after (i) payment of the

Distributions made by the Reorganized Debtors on the Effective Date in accordance with the terms of the Plan; and (ii) the funding of the Disputed Claim Reserve, and the reorganization of Debtors to effectuate the 363 Sale.

39. Additionally, the Plan calls for the substantive consolidation, pursuant to Section 105 of the Bankruptcy Code, on the Effective Date, of the Debtors' Estates only for purposes of classifying and treating all Claims and Equity Interests under the Plan, including for voting, confirmation, and Distribution purposes. As such, on and after the Effective Date, all Distributable Assets and liabilities of the Debtors shall hereby be treated as though they were merged into a single estate for purposes of treatment of and Distributions on Allowed Claims. All duplicative Claims (identical in both amount and subject matter) filed against more than one of the Debtors are hereby automatically expunged such that only one Claim survives against the consolidated Debtors. All guarantees by any Debtor of the obligations of any other Debtor are hereby eliminated, such that any Claim and any guarantee thereof by any other Debtor, as well as any joint and/or several liability of any Debtor with respect to any other Debtor, are henceforth treated as one single collective obligation of the Debtors. Any alleged defaults under any applicable agreement with one or more of the Debtors arising from substantive consolidation under this Plan are hereby deemed cured as of the Effective Date.

**f.    Voting Power of Equity Securities – Section 1123(a)(6).**

40. The Plan satisfies the requirements of Section 1123(a)(6) of the Bankruptcy Code, as no party is authorized to issue nonvoting equity securities under the Plan and Section 5.16 of the Plan provides that each of the Debtors' operating agreements or articles of incorporation, as applicable, shall be deemed to include a provision prohibiting the issuance of nonvoting equity securities and such other provisions as may be required pursuant to section 1123(a)(6) of the Bankruptcy Code.

**g.    Directors and Officers – Section 1123(a)(7).**

41. The Plan satisfies the requirements of Section 1123(a)(7) of the Bankruptcy Code. The identity and powers of the Liquidation Trustee were disclosed in the Plan and the Liquidation Trust Agreement was filed in the Plan Supplement. The selection of the Liquidation Trustee is

consistent with the interests of Holders of Claims and Equity Interests and with public policy. Additionally, the Plan clearly provides in Section 5.16 that Michael W. Carmel, the Trustee, is shall have sole control and authority over each of the Reorganized Debtors and their property and shall be deemed to have been admitted as the manager or director, as applicable, of each Debtor under applicable non-bankruptcy law and is hereby authorized to exercise all of the rights and powers of as managers or directors, as applicable, as provided by the Plan, including effectuation of the 363 Sale.

### h.    **Impairment/Unimpairment of Classes – Section 1123(b)(1).**

42.    The Plan is consistent with Section 1123(b)(1) of the Bankruptcy Code. Section 3 of the Plan impairs or leaves Unimpaired each Class of Claims and Equity Interests.

### i.    **Assumption and Rejection – Section 1123(b)(2).**

43.    The Plan is consistent with Section 1123(b)(2) of the Bankruptcy Code. Section 6 of the Plan provides for the assumption, effective as of the Effective Date, of the Debtors' Executory Contracts and Unexpired Leases that exist on the Confirmation Date, and provides they shall be deemed assumed by the respective Debtor(s) on the Effective Date and assigned to the prevailing bidder(s) in connection with the 363 Sale, except for: (i) the Beazley Policies, (ii) Executory Contracts and Unexpired Leases specifically addressed in the Plan or set forth on the Schedule 6.1 of Rejected Executed Contracts and Unexpired Leases, (iii) those that have previously expired or terminated pursuant to their own terms or by agreement of the parties thereto, and (iv) those that have been assumed by order of the Bankruptcy Court.

44.    **Schedule 6.1 to the Plan.** Schedule 6.1 at ECF No. 434 p. 54 of 56 (*Rejected Executory Contracts and Unexpired Leases*) is hereby replaced in its entirety by the Schedule 6.1 appended to this Confirmation Order as **Exhibit 1.**

45.    **Schedule 6.3 to the Plan.** Schedule 6.3 at ECF No. 434 p. 55 of 56 (*Cure Amounts Payable By the Reorganized Debtors for Assumed Executory Contracts and Unexpired Leases*) is hereby replaced in its entirety by the Schedule 6.3 appended to this Confirmation Order as **Exhibit 2.**

**j.**    **Compromise, Settlement, Release, Exculpation and Injunction – Section 1123(b)(3).**

46.    The Plan is consistent with Section 1123(b)(3) of the Bankruptcy Code.  Pursuant to Section 1123 of the Bankruptcy Code, and in consideration of the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan will constitute a good faith compromise and settlement of all Claims and Equity Interests and controversies resolved pursuant to the Plan.  The compromise and settlement of such Claims and Equity Interests embodied in the Plan and unimpairment of other Classes identified in the Plan are in the best interests of the Debtors, the Estates, and all Holders of Claims and Equity Interests, and are fair, equitable, and reasonable.

47.    Sections 8.2, 8.5, 8.6, and 8.7 of the Plan, as expressly modified in this Confirmation Order, provide the following release, discharge, injunction, and exculpation as granted by the Plan (collectively, the "Release Provisions").  The Confirmation Hearing Notice sent to Holders of Claims and Equity Interests, and all creditors and parties in interest in these Chapter 11 Cases, unambiguously and prominently stated that the Plan contains the Release Provisions and provided therein a copy of the Release Provisions excerpted from the Plan.  The Trustee has satisfied the applicable standard with respect to the propriety of the Release Provisions.  Such provisions are a necessary and integral element of the Plan and are fair, reasonable, and in the best interests of the Debtors, the Estates, and Holders of Claims and Equity Interests.  Also, the Release Provisions are: (a) in exchange for the good and valuable consideration provided; (b) a good faith settlement and compromise of the Claims released under the Plan; and (c) given, and made, after due notice and opportunity for hearing.  Creditors have voted in favor of the Plan, including the Release Provisions.  The Plan, including the Release Provisions, was negotiated by sophisticated parties represented by able counsel. The Release Provisions are therefore the result of an arm's-length negotiation process.

48.    Further, all creditors and parties in interest were provided notice of the Chapter 11 Cases, the Plan, and the deadline to object to confirmation of the Plan.  Additionally, the Release Provisions of the Plan were conspicuous, emphasized with boldface type in the Disclosure

Statement, and were in the Confirmation Notice.

49.    Further, the Revised Exculpation Provision is appropriate under applicable law because the exculpated parties are limited to fiduciaries of the Estates, and the other primary stakeholders in the Global Settlement Agreement (Sanchez and Beazley) that were necessary to the Plan, and because the provision was proposed in good faith, is appropriately limited in scope, and includes a carve-out for gross negligence and willful misconduct.  The Revised Exculpation Provision is consistent with and satisfies the standards set forth in *Blixseth v. Credit Suisse,* 961 F.3d 1074 (9th Cir. 2020), and as clarified in *In re Astria Health*, 623 B.R. 793 (Bankr. E.D. Wash. 2021).

50.    The exculpated parties subject to the Revised Exculpation Provision have, and, upon entry of this Confirmation Order will be deemed to have, participated in good faith and in compliance with all applicable laws with regard to the distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation or such distributions made pursuant to the Plan.

51.    The limitation of liability of the Liquidation Trustee described in Section 8.3 of the Plan is also appropriate under applicable law because it is essential to protect the Liquidation Trustee who is effectuating the Plan and administering and overseeing the Liquidation Trust, because it was proposed in good faith, because it is appropriately limited in scope, and because it includes a carve-out for gross negligence, willful misconduct, intentional breaches of the Global Settlement Agreement or the Liquidation Trust Agreement, and fraud.  For the avoidance of doubt, to the extent there is any conflict between Section 8.3 of the Plan and Section 4.1 of the revised Liquidation Trust Agreement attached hereto as Exhibit 3, Section 4.1 of the Liquidation Trust Agreement shall control.

52.    The Court has scheduled the 363 Sale auction and sale hearing to occur before the Plan's Effective Date.  The Plan is effectuating a liquidation, and Sections 8.5 and 8.6 of the Plan shall be stricken in their entirety and of no force and effect in accordance with Section 1141(d)(3).

53.    Except as otherwise provided herein, as of the Effective Date, all releases, waivers,

discharges, exculpations, and injunctions set forth in the Plan, as expressly modified by this Confirmation Order, shall be effective and binding on all persons and entities and any representatives thereof.  The Plan and this Confirmation Order shall have res judicata, collateral estoppel, and estoppel (judicial, equitable, or otherwise) effect with respect to all matters provided for in, or resolved pursuant to, the Plan and/or this Confirmation Order, including the Release Provisions, as modified by this Confirmation Order.

### k.   Additional Plan Provisions – Section 1123(b)(6).

54.     The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1123(b)(6) of the Bankruptcy Code.

## O.   Trustee's Compliance with 11 U.S.C. § 1129(a)(2).

55.     The Trustee and his agents have complied in good faith with the applicable provisions of the Bankruptcy Code and, thus, satisfied the requirements of 11 U.S.C. § 1129(a)(2). Specifically:

a.     The Debtors are each an eligible debtor under 11 U.S.C. § 109, and the Trustee is a proper proponent of the Plan under 11 U.S.C. § 1121(a);

b.     The Trustee has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

c.     The Trustee has complied with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1125 and 1126, the Bankruptcy Rules, the Local Rules, any applicable nonbankruptcy laws, rules, and regulations, the Solicitation Procedures Order, and all other applicable law, in transmitting the Solicitation Packages, and related documents and notices, and in soliciting and tabulating the votes on the Plan.

## P.   Plan Proposed in Good Faith – Section 1129(a)(3).

56.     The Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code. The Trustee has proposed the Plan in good faith and not by any means forbidden by law.  In so determining, the Court has examined the totality of the circumstances surrounding the filing of these Chapter 11 Cases, the Plan, the process leading to Confirmation, including the support of the Voting Classes for the Plan, and the transactions to be implemented pursuant thereto.  These Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of allowing

the Trustee to implement an orderly liquidation of Litigation Claims through the Liquidation Trust, to substantively consolidate the Estates for confirmation purposes, and to reorganize the Debtors to effectuate and close the 363 Sale, before the Reorganized Debtors are ultimately wound down.

**Q.      Payment for Services or Costs and Expenses – Section 1129(a)(4).**

57.      The procedures set forth in the Plan for the Court's review and ultimate approval of the Administrative Claims to be paid by the Estates or the Liquidation Trust, as the case may be, in connection with the Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, in either instance, incurred in connection with the Chapter 11 Cases through the Effective Date, satisfy the objectives of, and are in compliance with, Section 1129(a)(4) of the Bankruptcy Code.

**R.      Directors, Officers, and Insiders – Section 1129(a)(5).**

58.      The Trustee has satisfied the requirements of 11 U.S.C. § 1129(a)(5).  The identity and powers of the Liquidation Trustee were disclosed in the Plan and the Liquidation Trust Agreement was filed in the Plan Supplement.  Additionally, the Plan discloses that Michael W. Carmel, the Trustee, shall have sole control and authority over each of the Reorganized Debtors and their property and shall be deemed to have been admitted as the manager or director, as applicable, of each Debtor under applicable non-bankruptcy law.  The selections are consistent with the interest of Holders of Claims and Equity Interests and with public policy.

**S.      No Rate Changes – Section 1129(a)(6).**

59.      Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Chapter 11 Cases.  The Plan proposes no rate change subject to the jurisdiction of any governmental regulatory commission.

**T.      Best Interest of Creditors – Section 1129(a)(7).**

60.      The Plan satisfies the requirements of Section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses attached to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered or adduced at, prior to, or in connection with the Confirmation Hearing: (a) are reasonable, persuasive, and credible as of the dates such analyses or evidence were prepared, presented, or proffered; (b) utilize reasonable and appropriate

methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that each Holder of an Allowed Claim or Equity Interest in each Class will recover at least as much under the Plan on account of such Claim or Equity Interest, as of the Effective Date, as such holder would receive if the Debtors were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.

**U.**     **Acceptance by Certain Classes – Section 1129(a)(8).**

61.     Classes 1 through 8 constitute Unimpaired Classes, each of which is conclusively presumed to have accepted the Plan in accordance with Section 1126(f) of the Bankruptcy Code. The Voting Classes have voted to accept the Plan. Class 13 is not receiving or retaining any property under the Plan on account of their Equity Interests under the Plan and is deemed not to have accepted the Plan in accordance with Section 1126(g) of the Bankruptcy Code. Notwithstanding the deemed rejection of the Plan by Class 13, the Plan is confirmable as a result of its satisfaction of Sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

**V.**     **Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code – Section 1129(a)(9).**

62.     The treatment of Administrative Claims and Priority Tax Claims under Section 2 of the Plan, and of Priority Unsecured Claims under Section 3 of the Plan, satisfies the requirements of, and complies in all respects with, Section 1129(a)(9) of the Bankruptcy Code.

**W.**     **Acceptance by at Least One Impaired Class – Section 1129(a)(10).**

63.     The Plan satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code. As evidenced by the Carmel Decl., the Voting Classes 9 and 10, which are impaired, voted to accept the Plan by the requisite numbers and amounts, determined without including any acceptance of the Plan by any insider (as that term is defined in Section 101(31) of the Bankruptcy Code), as specified under the Bankruptcy Code.

**X.**     **Feasibility – Section 1129(a)(11).**

64.     The Plan satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code. The Global Settlement Agreement was approved by the Global Settlement Order, resulting in the $108.5 million Beazley Settlement Payment being made to the Estates, which funds shall be used

to satisfy the payment obligations under the Plan.  Additionally, the Plan provides for the 363 Sale, which will produce additional value to facilitate payments on account of Allowed Claims in accordance with the Plan. Finally, the Plan provides for the establishment of the Liquidation Trust to prosecute litigation claims, which recovery will further be utilized to satisfy the Allowed Claims in accordance with the terms of the Plan and the Liquidation Trust Agreement. Accordingly, the Plan is feasible and Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan, except as provided in the Plan.

**Y.    Payment of Fees – Section 1129(a)(12).**

65.    Having incorporated Alternative Combined Provision into the Plan, the Plan satisfies the requirements of Section 1129(a)(12) of the Bankruptcy Code.

**Z.    Continuation of Retiree Benefits – Section 1129(a)(13).**

66.    Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for retiree benefits (as defined in Section 1114 of the Bankruptcy Code) at levels established pursuant to Section 1114 of the Bankruptcy Code.  Here, the Plan does not alter retiree benefits, to the extent such benefits exist and are provided by the Debtors.  The Plan therefore satisfies the requirements of Section 1129(a)(13) of the Bankruptcy Code.

**AA.    Non-Applicability of Certain Sections – Sections 1129(a)(14), (15), and (16).**

67.    Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.  The Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations.

**BB.    "Cram Down" Requirements Satisfied – Section 1129(b).**

68.    The requirements of Section 1129(b) of the Bankruptcy Code have been satisfied with respect to Class 13 because the Plan does not discriminate unfairly, and is fair and equitable, with respect to this Class. The Plan follows the "absolute priority" rule with respect to Class 13 because no Class junior to this Classes will receive any distribution under the Plan on account of junior claims or interests, and Class 13 is fairly excluded from the other Classes under the Plan based on its legal character and the circumstances of these Chapter 11 Cases.

**CC.      Only One Plan – Section 1129(c).**

69.     The Plan satisfies the requirements of Section 1129(c) of the Bankruptcy Code. The Plan is the only current chapter 11 plan filed in the Debtors' Chapter 11 Cases.

**DD.      Principal Purpose of the Plan – Section 1129(d).**

70.     The Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.  As evidenced by its terms, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

**EE.      Not Small Business Case – Section 1129(e).**

71.     Section 1129(e) of the Bankruptcy Code does not apply to these Chapter 11 Cases as these are not small business cases.

**FF.      Good Faith Solicitation – Section 1125(e).**

72.     The Trustee has acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of his respective activities relating to support and consummation of the Plan, and solicitation of acceptances of the Plan, and is entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

**GG.      Satisfaction of Confirmation Requirements.**

73.     Based on the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan satisfies the requirements for Confirmation set forth in Section 1129 of the Bankruptcy Code.  Upon Confirmation and the occurrence of the Effective Date, the Plan shall be binding upon all holders of Claims and Equity Interests, including holders of Claims and Equity Interests that voted to reject the Plan.

**HH.      Plan Modifications Relating to Brad Palubicki and Carlos Feliciano.**

74.     Notwithstanding anything contrary in the Plan, any Claims asserted by Brad Palubicki against the Estates shall be treated in accordance with the *Stipulation Regarding Brad Palubicki Claim*s [ECF No. 666-1].

75.      Notwithstanding anything contrary in the Plan, any Claims asserted by Carlos Feliciano against the Estates shall be treated in accordance with the *Stipulation Regarding Carlos*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

*Feliciano Claim*s [ECF No. 667-1].

## II.     Modification of Section 5.12 of the Plan.

76.     Section 5.12 of the Plan is deleted and replaced in its entirety with the following provisions:

> **5.12. Prosecution of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims.**[3]  In exchange for the benefits and releases provided in the Global Settlement Agreement, the Liquidation Trust and the NuMale Settling Defendants shall jointly prosecute their respective Quintairos Claims and Quintairos Non-Debtor Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee.   In exchange for the benefits and releases received under the Global Settlement Agreement, the NuMale Settling Defendants agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims and Quintairos Non-Debtor Claims, though the Liquidation Trustee agrees to consult with, and keep informed, the NuMale Settling Defendants regarding ongoing negotiations, strategy, and any resolution or settlement.
>
> Additionally, the Liquidation Trust, Brad Palubicki, and Carlos Feliciano shall jointly prosecute their respective Quintairos Claims and Quintairos PF Claims, which claims shall be jointly prosecuted under the sole direction and control of the Liquidation Trustee. Brad Palubicki and Carlos Feliciano agree that the Liquidation Trustee shall have sole authority to retain counsel, determine litigation strategy, engage in settlement negotiations, approve a settlement, and/or make other decisions with respect to such joint litigation of the Quintairos Claims, the Quintairos Non-Debtor Claims, and Quintairos PF Claims, though the Liquidation Trustee agrees to consult with, and keep informed Brad Palubicki and Carlos Feliciano regarding ongoing negotiations, strategy, and any resolution or settlement.
>
> The NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall fully cooperate with, and assist the Liquidation Trustee in, prosecuting the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, including in connection with providing documents and testimony necessary for the successful prosecution of such claims.

---

[3] "Quintairos PF Claims" means all rights, claims, and causes of action against Quintairos, Prieto, Wood & Boyer, P.A. and its attorneys, employees, Insiders, and Affiliates held or controlled by Carlos Feliciano and Brad Palubicki.

To the extent that the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims produce a monetary recovery, and to the extent they cannot otherwise agree, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall participate in a mediation to determine how such recovery shall be allocated between the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims after payment of retained counsel and experts' fees and costs. Within ten (10) days' written notice from the Liquidation Trustee that there is a monetary recovery on account of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims, the Liquidation Trustee, the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano shall jointly select a mediator to determine the allocation of such recovery amongst themselves. If an agreement cannot be reached with respect to the identification of the mediator, one of the following mediators will be selected by the Liquidation Trustee: Bruce Markell or Miles Ruthberg. The mediation will occur within thirty (30) days of the selection of the meditator unless otherwise agreed in writing by the Liquidation Trustee, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feiciano. If the Liquidation Trustee and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feilciano cannot agree on an allocation of the proceeds from the recovery of the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims at the mediation and the mediator determines, in the mediator's sole discretion, that the parties have reached an impasse, the mediator shall present a mediator's proposal for the proper allocation of the recovery from the Quintairos Claims, Quintairos Non-Debtor Claims, and Quintairos PF Claims between the Liquidation Trust and each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano, which mediator's proposal shall be immediately binding on the Liquidation Trust, each of the NuMale Settling Defendants, Brad Palubicki, and Carlos Feliciano without any further order, act, or approval and without any right of appeal. Any resolution shall be noticed to the full matrix in the Chapter 11 Cases.

**JJ.** **Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

77. Each of the conditions precedent to the Effective Date, as set forth in Section 7 of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Section 7.3 of the Plan. The Plan shall not become effective unless and until the conditions set forth in Section 7 of the Plan have been satisfied or waived in accordance with the terms thereof.

**KK.**    **Implementation.**

78.    All Plan documents necessary to implement the Plan, including the Liquidation Trust Agreement attached hereto as Exhibit 3, and all other relevant and necessary documents have been negotiated in good faith and at arm's length, are in the best interests of the Debtors and the Estates, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.  The Trustee is authorized to take any action reasonably necessary or appropriate, and consistent with the Plan and this Confirmation Order, to consummate such agreements and the transactions contemplated thereby.

**LL.**    **Disclosure of Facts.**

79.    The Trustee has disclosed all material facts regarding the Plan, including with respect to consummation of the Plan and any and all Plan-related documents.

**MM.**    **Good Faith.**

80.    The Trustee, and to the extent applicable, the Liquidation Trustee, have been and will be acting in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by this Confirmation Order to effectuate the Plan and any and all Plan-related documents.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

81.    **Final Approval of Disclosure Statement.** The Disclosure Statement is approved on a final basis under Section 1125 of the Bankruptcy Code.

82.    **Approval of the Revised Liquidation Trust Agreement.**  The revised Liquidation Trust Agreement attached hereto as **Exhibit 3** is approved in all respects and shall be the final binding form of agreement executed upon the Effective Date.

83.    **Confirmation of the Plan.** The Plan, as expressly modified by this Confirmation Order, is approved in its entirety and **CONFIRMED** under Section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

84. **Binding Effect.** Pursuant to Section 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, the terms of the Plan, the terms of any and all Plan documents (including the Liquidation Trust Agreement), and the terms of this Confirmation Order are immediately effective and enforceable and deemed binding on the Debtors, the Trustee, the Liquidation Trust, the Liquidation Trustee, and any and all parties in interest, Holders of Claims or Equity Interests (regardless of whether such Holders of Claims or Equity Interests have, or are deemed to have, accepted the Plan), all Persons and Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Person or Entity acquiring property under or pursuant to the Plan including the 363 Sale contemplated by the Plan, any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors, any Person or Entity making an appearance in the Chapter 11 Cases or any other Person or Entity in the Chapter 11 Cases; and the successors and assigns of all of the above and foregoing.

85. **Preservation of Litigation Claims**. Unless a Litigation Claim (including the right to any Claim asserted against the Estates) against a Person or Entity is, in writing, expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or by a Final Order, all rights of the Estates from and after the Effective Date with respect to the Litigation Claims are expressly preserved for the benefit of, assigned to, and fully vested in the Liquidation Trust. Unless expressly stated otherwise in this Confirmation Order, nothing in this Confirmation Order shall modify or otherwise affect any provision of the Plan concerning the Litigation Claims.  In accordance with Section 1123(b)(3) of the Bankruptcy Code, the Liquidation Trustee shall be the representative of the Estates, and shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Litigation Claims, whether arising before or after the Petition Date, as set forth in the Plan and consistent with the terms thereof.  For the avoidance of doubt, the Palubicki/Feliciano Claims are transferred to Beazley in accordance with Section X of the Global Settlement Agreement and Section 12 of the Global Settlement Order.

86. **Effectiveness of All Actions.**  All actions contemplated by the Plan, including all actions in connection with any and all Plan documents, are hereby effective and authorized to be

taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to, or order of the Court, or further action by the respective directors, officers, or equity security holders of the Debtors and with the effect that such actions had been taken by unanimous action of such parties.

87. **Transactions.**  This Confirmation Order shall and shall be deemed to, pursuant to Sections 363 and 1123 of the Bankruptcy Code, authorize, among other things, all actions as may be necessary or appropriate, and consistent with the Plan, to effectuate any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan.

88. **Liquidation Trust**. On the Effective Date, the Liquidation Trust shall be established pursuant to the Liquidation Trust Agreement for the purpose of maximizing the value of the Liquidation Trust Assets—which shall initially consist of the Liquidation Trust Reserve, plus all Distributable Assets (including the Litigation Claims) remaining after (i) payment of the Distributions made by the Reorganized Debtors on the Effective Date in accordance with the terms of the Plan; and (ii) the funding of the Disputed Claim Reserve—and effectuating distributions to creditors consistent with the Plan.  The Liquidation Trust will be managed and administered by the Liquidation Trustee in a manner consistent with the Plan, without need for any other notice to or any vote, consent, authorization, approval, ratification, or other action by any entity or any director, stockholder, securityholder, manager, member, or partner (or board thereof) of any entity.

89. **Liquidation Trust Agreement.**  The Trustee is authorized to enter into and effectuate the Liquidation Trust Agreement attached hereto as Exhibit 3, which shall not be inconsistent with this Confirmation Order or the Plan, including the entry into and consummation of the transactions contemplated thereby.  Any transfers of assets affected or any obligations incurred through the Liquidation Trust Agreement are hereby approved and shall not constitute fraudulent conveyances or fraudulent transfers or otherwise be subject to avoidance, reversal, or clawback.

90. **Substantive Consolidation.**  This Confirmation Order hereby authorizes, on the Effective Date, the substantive consolidation of the Debtors' estates only for purposes of classifying and treating all Claims and Equity Interests under the Plan, including for voting,

confirmation, and Distribution purposes. Such substantive consolidation does not (i) alter the state of organization of any Debtor for purposes of determining applicable law of any of the Litigation Claims; (ii) alter or impair the legal and equitable rights of any party in interest including the Liquidation Trustee to enforce any of the Litigation Claims; (iii) otherwise impair, release, discharge, extinguish or affect any of the substantive rights of the parties in interest (including any defenses to any such Litigation Claims); or (iv) alter or impair the 363 Assets. Furthermore, on and after the Effective Date, all Distributable Assets and liabilities of the Debtors shall hereby be treated as though they were merged into a single estate for purposes of treatment of and Distributions on Allowed Claims. All duplicative Claims (identical in both amount and subject matter) filed against more than one of the Debtors are hereby automatically expunged so that only one Claim survives against the consolidated Debtors. All guarantees by any Debtor of the obligations of any other Debtor are hereby eliminated so that any Claim and any guarantee thereof by any other Debtor, as well as any joint and/or several liability of any Debtor with respect to any other Debtor, is hereby treated as one single collective obligation of the Debtors. Any alleged defaults under any applicable agreement with one or more of the Debtors arising from substantive consolidation under the Plan are hereby deemed cured as of the Effective Date.

91. **Compromise of Controversies.** Pursuant to Sections 105(a), 1123(b)(3), 1129, and 1141 of the Bankruptcy Code and Bankruptcy Rules 3016 and 9019, and in consideration for the Distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Equity Interests, and controversies resolved under the Plan, and the entry of this Confirmation Order constitutes approval of such compromises and settlements.

92. **Authorization to Consummate.** The Trustee is authorized to consummate the Plan after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to Consummation set forth in Section 7 of the Plan. The Plan shall not become effective unless and until the conditions set forth in Section 7.2 of the Plan have been satisfied or waived.

93.     **Exemption from Transfer Taxes.** To the extent permitted by applicable law, pursuant to Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp or similar tax or governmental assessment in the United States, or any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and this Confirmation Order hereby directs the appropriate state of local government officials or agents to forego the collection of any such tax or assessment and to accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax or assessment.

94.     **Documents, Mortgages, and Instruments.** This Confirmation Order is and shall be binding upon and shall govern the acts of all persons or entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments (including financing statements under the applicable uniform commercial code) necessary, useful or appropriate to effectuate, implement, or consummate the Plan and this Confirmation Order.

95.     **Nonseverability of Plan Provisions Upon Confirmation.** Each provision of the Plan is: (a) valid and enforceable in accordance with its terms; (b) integral to the Plan and may not be deleted or modified without the Trustee's consent and a Court order (and subject to such other consents and consultation rights set forth in the Plan) in accordance with the terms set forth in the Plan; and (c) nonseverable and mutually dependent.

96.     **Applicable Nonbankruptcy Law.** To the maximum extent permissible under applicable law, the provisions of this Confirmation Order, the Plan and related documents, and any amendments or modifications thereto, shall apply and be enforceable notwithstanding any

otherwise applicable nonbankruptcy law, expressly including Nevada law.

97. **Governmental Approvals Not Required.** To the maximum extent permissible under applicable law, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state, federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan; any certifications, documents, instruments, or agreements; and any amendments or modifications thereto; and any other acts referred to in, or contemplated by, the Plan and this Confirmation Order.

98. **Liquidation Trust Interests Not Securities; Exemption from Registration Requirements.** The Liquidation Trust Interests to be issued, authenticated, and distributed under the Plan are not intended to, and shall not, constitute "securities." If, notwithstanding the foregoing, the Liquidation Trust Interests are deemed to be "securities," the issuance of such Liquidation Trust Interests shall be exempt from registration under the Securities Act and any applicable state and local laws requiring registration of "securities" pursuant to Section 1145 of the Bankruptcy Code or another available exemption from registration under the Securities Act and any other applicable law requiring registration prior to the offering, issuance, distribution, or sale of securities.

99. **Waiver of Stay.** For good cause shown, any stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

100. **References to and Omissions of Plan Provisions.** References to Sections and provisions of, and Schedules or supplements to, the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to specifically include or to refer to any particular Section, provision, supplement, or Schedule of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such Section, provision, supplement, or Schedule, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

101. **Retention of Jurisdiction.** The Court's retention of jurisdiction as set forth in Section 9 of the Plan comports with the parameters contained in 28 U.S.C. § 157. This Court does,

and upon the Effective Date shall, to the full extent set forth in the Plan and herein, retain jurisdiction over all matters arising out of and related to this Confirmation Order and these Chapter 11 Cases, including the matters set forth in Section 9 of the Plan and Section 1142 of the Bankruptcy Code.  The Court retains in all circumstances the jurisdiction to adjudicate any disputes arising from, arising out of, related to, regarding, or concerning the Plan, this Confirmation Order, and any and all transactions contemplated thereby.  For the avoidance of doubt, the Court's retention of jurisdiction provided in Section 19 of the Global Settlement Order is incorporated in this Confirmation Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ Gregory E. Garman*
      GREGORY E. GARMAN, ESQ.
      TALITHA GRAY KOZLOWSKI, ESQ.
      MARY LANGSNER, Ph.D.
      7251 Amigo Street, Suite 210
      Las Vegas, Nevada 89119
      *Attorneys for Michael Carmel, Chapter 11*
      *Trustee*

### LR 9021 CERTIFICATION:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Steven B. Scow, Esq.                             APPROVED
*Attorneys for Christopher Asandra*

Matthew C. Zirzow, Esq.                      APPROVED
Summer Craig, Esq.
*Attorneys for Certain Underwriters*
*at Lloyd's London Syndicates 623/2623*

Ryan Andersen, Esq.                           APPROVED
*Attorneys for Justin Pulliam*

Justin C. Valencia, Esq.                      APPROVED
Alyssa Rogan, Esq.
*Attorneys for U.S. Trustee-LV-11*

Matthew Johnson, Esq.                      APPROVED
*Attorneys for Prospect Rainbow, LLC*

Joseph Went, Esq.                              APPROVED
*Attorneys for Brad Palubicki*

Ogonna Brown, Esq.                           APPROVED
Christina Fox, Esq.
*Attorneys for Michael E. Sanchez*

Ivan Gold, Esq.                                 DISAPPROVED
Louis Bubala, Esq.
*Attorneys for Mayfair Mall LLC*

David Stephens, Esq.                         WAIVED
*NewTeck Bank, N.A.*

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000