# EXHIBIT 1

# EXHIBIT 1

**SCHEDULE 6.1**
**PLAN OF REORGANIZATION**

| **REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES[1]** |
|---|
| Mayfair Mall Mayfair Mall LLC c/o Brookfield Properties, regarding the premises: Suite 1140 of Mayfair North Tower, 2600 North Mayfair Road, Wauwatosa, WI 53226 |
| Mayfair Mall Mayfair Mall LLC c/o Brookfield Properties, regarding the premises: Suite 1150 of Mayfair North Tower, 2600 North Mayfair Road, Wauwatosa, WI 53226 |
| Centrum/Bellview LLC, regarding the premises: Suite 280E of Centrum Complex East Tower, 8200 E. Belleview Ave., Greenwood Village, CO 80111 |
| RepeatMD |
| Tosoh Bioscience, Inc. |
| Public Storage (Tucson), regarding the Suite located at: 7825 East Speedway Boulevard, Tucson, AZ 85710 |
| Public Storage (Omaha), regarding Suite located at: Suite A013, located at 301 South 74th Street, Omaha, NE |
| Towne Storage (Las Vegas), regarding the Suite located at: 6995 W Dewey Drive, Las Vegas, NV 89113 |
| Adobesign - Operations |
| ADT |
| AdvancedMD |
| ADW Diabetes |
| Amazon |
| American Mail Order |
| American Proficiency Institute |
| Anazao |
| AnazaoHealth |
| Apex Chat |
| Belmar |
| BioRad |

---

[1] For clarity and the avoidance of doubt, the listing of any contract or lease herein is not an admission by the Trustee, the Debtors, the Estates, or otherwise that such contract or lease is an "Executory Contract".

**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

| REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES[1] |
|---|
| CardinalHealth |
| CarieBoyd  (a/k/a Carrie Boyd) |
| Cynergy |
| Dagacci Scrubs |
| Docusign |
| Efax |
| Ellis Instruments |
| Empower |
| Fedex |
| Finix |
| Lorex |
| McKesson |
| MDToolbox |
| MessageMedia |
| Olympia |
| OrthoMolecular |
| Paylocity |
| PharmaLink |
| PharmaLink CS Disposal |
| Plymouth |
| Plymouth Medical |
| Policy Tec (a/k/a Policytech) |
| Practice HER |
| Primo Water |
| Qualer Pipettes |
| Qualgen |
| Quest |
| Quickbooks |
| Relaymed |
| Remote TC Systems |
| Save-RX |
| Stamps.com |
| Staples |

**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

| REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES[1] |
|---|
| Stericycle |
| Terminal Server |
| Trocarkit.com |
| Ubereats |
| Uberlube |
| Wells Pharmacy |

### TERMINATED[2]

| |
|---|
| Equity Sales Finance, Inc. |
| SplitIt |
| The N2 Company (a/k/a Hyport Digital N2, a/k/a N2 Company) |

---

[2] These agreements appear to have been terminated, however in an abundance of caution, they are listed.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

# EXHIBIT 2

# EXHIBIT 2

**SECHEDULE 6.3**

**PLAN OF REORGANIZATION**

**CURE AMOUNTS PAYABLE BY THE REORGANIZED DEBTORS FOR ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

| Executory Contract or Unexpired Lease | Cure Amount Payable by the Reorganized Debtors Under the Plan |
|---|---|
| Lease between NuMale Corporation and Prospect Rainbow LLC | $120,424.37 to cure pre- and postpetition arrearages, CAM, and taxes, plus $71,134.17 as a pre-payment for the three months of rent following the Effective Date as adequate assurance of future performance. |
| Apple iCloud | $0 |
| Gmail | $0 |
| GoDaddy, Inc. | $0 |
| Insurance Zizzle | $0 |
| Microsoft 365 (OneDrive) | $0 |
| My Bodysite | $0 |
| MyMedLeads/Texting System | $0 |
| 444 Regency Parkway LLC (Gordman Lake Regency, LLC) | $0 |
| Wyoming Office Park, LLC (Brunacini Companies) | $0 |
| Reliant Capital (New Lane Finance) | $0 |
| Tampa Westshore 500 LLC | $0 |

**For any Executory Contract and/or Unexpired Lease for which no Cure payment is specifically identified on this <u>Schedule 6.3</u>, the Cure amount is $0.00.**

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

# EXHIBIT 3

# EXHIBIT 3

# LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement ("Liquidation Trust Agreement" or "Agreement") dated as of October [●], 2025, by and between Michael W. Carmel, as the Chapter 11 trustee for the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), and Michael W. Carmel, as Liquidation Trustee (the "Liquidation Trustee" or "Trustee") under that certain *Joint Chapter 11 Plan of Liquidation* filed August 1, 2025 (as amended, modified, and/or supplemented, the "Plan"), is hereby being executed to facilitate the implementation of the Plan, which provides for the establishment of the Liquidation Trust (as defined below) created by this Liquidation Trust Agreement and the administration and disposition of the Trust Assets (as defined below), all for the benefit of the holders of certain Claims[1] as set forth in the Plan. The Liquidation Trustee's powers and duties are as set forth herein.

WHEREAS, on January 22, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court" or "Court"), which are jointly administered under case number 25-10341-nmc (the "Chapter 11 Cases");

WHEREAS, on April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates.  *See* ECF No. 132.

WHEREAS, on April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("US Trustee"), appointed Michael Carmel as the Chapter 11 trustee for Debtors' Estates.  *See* ECF No. 140.

WHEREAS, on April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving Mr. Carmel's appointment. Later that same morning, the US Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

WHEREAS, on April 7, 2025, Mr. Carmel filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 157.

WHEREAS, on August 1, 2025, the Chapter 11 Trustee filed a *Joint Plan of Reorganization* (the "Plan") and the Disclosure Statement;

WHEREAS, the Plan incorporates the terms of the Global Settlement Agreement and the Global Settlement Order;

WHEREAS, on September [*], 2025, the Bankruptcy Court entered the order confirming the Plan (the "Confirmation Order");

---

[1] Unless otherwise defined in this Liquidation Trust Agreement, all capitalized terms contained in this Liquidation Trust Agreement have the meanings ascribed to them in the Plan. To the extent that a definition of a term in the text of this Liquidation Trust Agreement and the definition of such term in the Plan are inconsistent, the definition in the Plan shall control.

1

WHEREAS, the Plan and the Confirmation Order provide for the establishment of a Liquidation Trust (as defined in the Plan, the "Liquidation Trust") pursuant to this Liquidation Trust Agreement and the appointment of the Liquidating Trustee to: (i) administer the Liquidation Trust for the benefit of the Holders or beneficiaries, as applicable of Allowed Administrative Claims that deferred payment, the Contingent Expense Reimbursement (the beneficiary of the Contingent Expense Reimbursement, the "Contingent Expense Reimbursement Beneficiary"), the Allowed Sanchez Claim, Allowed General Unsecured Claims, and Allowed Subordinated Claims under the Plan, and (ii) provide administrative services relating to the Plan's implementation;

WHEREAS, the Plan will become effective on the Effective Date;

WHEREAS, Michael W. Carmel, the Chapter 11 trustee for the Estates, is hereby appointed as the Liquidation Trustee;

WHEREAS, the Plan provides for, *inter alia*:

(a)     the transfer to the Liquidation Trust, on the Effective Date, of the Debtors' and their Estates' rights, title, and interest in all of the Liquidation Trust Assets (as used in this Liquidation Trust Agreement, the "Trust Assets"), which shall consist of the (i) Distributable Assets remaining after (a) payment of the Distributions made by the Distribution Agent on the Effective Date in accordance with the terms of the Plan; and (b) the funding of the Disputed Claim Reserve; (ii) such additional or different corpus as the Liquidation Trustee may acquire and hold in trust pursuant to this Liquidation Trust Agreement from time to time, and (iii) any and all proceeds of any Trust Assets, free and clear of all Claims, Liens, charges, other encumbrances, and Equity Interests;

(b)     the Distribution of Net Distributable Assets, in accordance with the terms of the Plan, for the benefit of (i) Allowed Administrative Claims that have agreed in writing to defer payment or partial payment of such Allowed Claims; (ii) the Contingent Expense Reimbursement; (iii) Allowed Sanchez Claim; (iv) Allowed General Unsecured Claims; and (v) Allowed Subordinated Claims (collectively, the "Liquidation Trust Beneficiaries" or "Beneficiaries"); provided, however, for the avoidance of doubt, to the extent any Claim is not an Allowed Claim, the Holder of such Claim shall not be deemed a Beneficiary hereunder);

(c)     Distributions of Net Distributable Assets shall not be made in respect of Allowed General Unsecured Claims and Allowed Subordinated Claims until Disputed Administrative Claims have been Allowed or Disallowed, and until all contingencies that could give rise to a liquidated Contingent Expense Reimbursement Claim have been finally resolved, including, where applicable, by a Final Order, and all payments in respect of the Contingent Expense Reimbursement Claim have been made;

(d)     the federal income tax treatment (i) of the Liquidation Trust Beneficiaries as the grantors and owners of the Liquidation Trust, and (ii) of the transfer of the Trust Assets to the Liquidation Trust as a deemed transfer from the Debtors to the Liquidation Trust

2

Beneficiaries followed by a deemed transfer by the Liquidation Trust Beneficiaries to the Liquidation Trust;

(e)     the establishment of the Liquidation Trust Reserve and other appropriate reserves, including as may be reasonably necessary to pay Liquidation Trust Expenses (also referred to herein as "<u>Trust Expenses</u>");

(f)     the administration of the Liquidation Trust and the Trust Assets by the Liquidation Trustee for the purposes and in the manner set forth in this Liquidation Trust Agreement subject to the Plan.

WHEREAS, the Liquidation Trust is intended to be treated as a liquidating trust pursuant to United States Treasury Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684, and as a grantor trust subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part 1, Subpart E of the Tax Code (hereinafter defined) owned by the Liquidation Trust Beneficiaries as grantors;

NOW, THEREFORE, pursuant to the Plan and in consideration of the premises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

# ARTICLE 1

## DECLARATION OF TRUST

**1.1     Purpose of the Liquidation Trust.**  The Chapter 11 trustee for the Debtors and their Estates and the Liquidation Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the Bankruptcy Code and applicable tax statutes, rules, and regulations, to the extent incorporated in this Agreement, hereby constitute and create a trust (i.e., the Liquidation Trust) for the purpose of liquidating the Trust Assets for the benefit of the Liquidation Trust Beneficiaries, with no objective to continue or engage in the conduct of a trade or business (except to the extent reasonably necessary to carry out, and consistent with, the liquidation purpose of the Liquidation Trust, provided that any such conduct will not affect the Liquidation Trust's tax status as a liquidation trust). In particular, the Liquidation Trust, through the Liquidation Trustee, shall (i) pending the reduction to Cash of the Trust Assets (and any non-Cash proceeds thereof), manage, and collect and obtain proceeds from the Trust Assets, with the goal of reducing the Trust Assets (and any non-Cash proceeds thereof) to Cash; (ii) make distributions pursuant to this Agreement, the Plan, the Global Settlement Agreement, the Global Settlement Order and the Confirmation Order; and (iii) take such steps as are reasonably necessary to accomplish such purposes, all as more fully provided in, and subject to the terms and provisions of, the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, and this Liquidation Trust Agreement. The Liquidation Trust shall not have authority to engage in a trade or business, and no portions of the Trust Assets shall be used in the conduct of a trade or business, except as is reasonably necessary for the prompt and orderly collection and reduction to Cash of the Trust Assets (and any non-Cash proceeds thereof), with the goal of maximizing such assets for the benefit of the Liquidation Trust Beneficiaries.

**1.2**    **Name of the Liquidation Trust.**    The Liquidation Trust established hereby shall be known as the "NuMale Liquidation Trust." In connection with the exercise of the Liquidation Trustee's powers, the Liquidation Trustee may use such name or such variation thereof as the Liquidation Trustee sees fit and may transact the business and affairs of the Liquidation Trust in such name.

**1.3**    **Transfer of Assets to Create Liquidation Trust.**    Pursuant to the Plan and the Confirmation Order, the Chapter 11 trustee for the Debtors and their Estates hereby irrevocably grants, releases, assigns, transfers, conveys, and delivers to the Liquidation Trustee, as of the Effective Date, the Trust Assets, to have and to hold by the Liquidation Trustee and the Liquidation Trustee's successors in trust and to be applied as specified in the Plan and this Liquidation Trust Agreement. On the Effective Date and from time to time thereafter, upon the direction of the Liquidation Trustee, the Chapter 11 trustee for the Debtors and their Estates shall execute and deliver (or cause to be executed and delivered to) the Liquidation Trustee any and all such documents, in recordable form where necessary or appropriate, and the Chapter 11 trustee for the Debtors and their Estates shall take or cause to be taken such further or other action as the Liquidation Trustee may reasonably deem appropriate, to vest or perfect in or confirm to the Liquidation Trustee, title to and possession of all of the Trust Assets. In connection herewith, the Liquidation Trustee shall be responsible for establishing and maintaining such accounts as the Liquidation Trustee shall deem necessary or appropriate to carry out the provisions of this Liquidation Trust Agreement, and to perform all obligations specified for the Liquidation Trustee under the Plan, the Confirmation Order, and this Liquidation Trust Agreement.

**1.4**    **Acceptance by Liquidation Trustee.**    The Liquidation Trustee hereby accepts: (i) the appointment to serve as Liquidation Trustee; (ii) the transfer of the Trust Assets on behalf of the Liquidation Trust; and (iii) the trust imposed on the Liquidation Trustee by this Liquidation Trust Agreement. The Liquidation Trustee agrees to receive, hold, administer, and distribute the Trust Assets and the income or other proceeds derived therefrom, if any, pursuant to the terms of the Plan, the Confirmation Order, and this Liquidation Trust Agreement. The Liquidation Trustee agrees to perform all activities reasonably necessary to ensure the transfer of the Trust Assets to the Liquidation Trustee on behalf of the Liquidation Trust.

## ARTICLE 2

## LIQUIDATION TRUSTEE – GENERALLY

**2.1**    **Appointment.**    The initial Liquidation Trustee shall be Michael W. Carmel, the Chapter 11 trustee for Debtors' Estates.

**2.2**    **Term of Service.**    The Liquidation Trustee shall serve until (i) the termination of the Liquidation Trust in accordance with Article 9 of this Liquidation Trust Agreement, or (ii) the Liquidation Trustee's resignation, death, or removal, all in accordance with the provisions of this Liquidation Trust Agreement.

**2.3** **Services.** The Liquidation Trustee (solely in his, her, or its individual capacity) shall be entitled to engage in such other activities unrelated to the administration of the Liquidation Trust as the Liquidation Trustee deems appropriate and are not in conflict with the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, this Liquidation Trust Agreement, or the interests of the Liquidation Trust Beneficiaries resulting from this Liquidation Agreement. The Liquidation Trustee shall devote such time as is necessary to fulfill all the Liquidation Trustee's duties as Liquidation Trustee.

**2.4** **Resignation, Death, or Removal of Liquidation Trustee.** The Liquidation Trustee may resign at any time upon ninety (90) days' written notice to the Liquidation Trust Beneficiaries, the Bankruptcy Court and the creditor matrix in the Chapter 11 Cases. Such resignation may become effective prior to the expiration of such ninety (90) day notice period upon the appointment of a successor Liquidation Trustee by the Liquidation Trustee, in consultation with the Holder of the Allowed Sanchez Claim and the Contingent Expense Reimbursement Beneficiary. Such appointment of a successor Liquidation Trustee shall not require application to or further order of the Bankruptcy Court if such successor Liquidation Trustee is approved by the Holder of the Allowed Sanchez Claim and is reasonably acceptable to the Contingent Expense Reimbursement Beneficiary, but such successor Liquidation Trustee shall be required to execute an instrument accepting such appointment and file such acceptance in the Liquidation Trust records; provided, however, that the Liquidation Trustee may seek Bankruptcy Court approval of such successor Liquidation Trustee's appointment in the Liquidation Trustee's sole discretion. The Liquidation Trustee may be removed by the Bankruptcy Court upon application for good cause shown. In the event the Liquidation Trustee position becomes vacant, the vacancy shall be filled as determined by (x) the Holder of the Allowed Sanchez Claim, in consultation with the Contingent Expense Reimbursement Beneficiary, or (y) if the Holder of the Allowed Sanchez Claim does not identify or the Contingent Expense Reimbursement Beneficiary does not reasonably agree with the selection of a successor Liquidation Trustee, by the Bankruptcy Court upon submissions from any of the Liquidation Trust Beneficiaries. Upon appointment pursuant to this Section 2.4, any successor Liquidation Trustee, without any further act, shall become fully vested with all the rights, powers, duties, and obligations of such successor Liquidation Trustee's predecessor.

**2.5** **Trust Continuance.** The death, resignation, or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any existing agency (other than any agency of such Liquidation Trustee as Liquidation Trustee) created pursuant to this Liquidation Trust Agreement or invalidate any action theretofore taken by the Liquidation Trustee, and the successor Liquidation Trustee appointed in such event agrees that the provisions of this Liquidation Trust Agreement shall be binding upon and inure to the benefit of such successor Liquidation Trustee and all such successor Liquidation Trustee's heirs and legal and personal representatives, successors, or assigns.

**2.6** **Compensation and Expenses of Liquidation Trustee.** The Liquidation Trustee shall be compensated in accordance with the parameters of Section 326 of the Bankruptcy Code, except that the Liquidation Trustee shall not need to seek Bankruptcy Court approval prior to payment. Payment to the Liquidation Trustee shall be concurrent with distributions to the Liquidation Trust Beneficiaries. All such reimbursements and compensation shall be paid (or

reserved for, as applicable) from the Trust Assets prior to any distribution to the Liquidation Trust Beneficiaries.

**2.7    Retention of Professionals.**    The Liquidation Trustee may, without the necessity for application to or approval of the Bankruptcy Court, retain and engage such attorneys, accountants, and other professionals and persons as may be necessary to carry out the Liquidation Trustee's duties under this Agreement on reasonable terms, including a professional that was retained as a professional in the Debtors' Chapter 11 Cases. The reasonable and documented fees and expenses of all professionals retained consistent with this Section 2.7 shall be borne exclusively by the Liquidation Trust, shall be paid from the Liquidation Trust, and the Liquidation Trustee may establish one or more reserves for this purpose.

**2.8    Court Approval for Payment.**    Neither the Liquidation Trustee nor any professional retained by the Liquidation Trustee is required to seek Bankruptcy Court authorization before the payment of any fees to the Liquidation Trustee or any professional retained by the Liquidation Trustee. In addition, the Liquidation Trustee may pay Professionals in the ordinary course of business for any reasonable and documented fees arising from any work authorized by the Liquidation Trustee performed on and after the Effective Date, including those reasonable and documented fees and expenses incurred by Professionals in connection with the implementation and consummation of the Plan, in each case without further application or notice to or order of the Bankruptcy Court.

## ARTICLE 3

## POWERS AND LIMITATIONS OF LIQUIDATION TRUSTEE

**3.1    General Powers of Liquidation Trustee.**    In connection with the administration of the Liquidation Trust, except as otherwise set forth herein, the Liquidation Trustee shall be a representative of the Debtors and their Estates, and shall have the power and authority to make all decisions with respect to the Trust Assets and perform those acts necessary or desirable to accomplish the purposes of the Liquidation Trust. The Liquidation Trust shall succeed to all the rights of the Debtors and their Estates necessary to protect, conserve, and liquidate the Trust Assets as quickly as reasonably practicable consistent with the purposes of the Liquidation Trust. Subject to the limitations set forth in this Liquidation Trust Agreement, the Plan, and the Confirmation Order, and in addition to any powers and authority conferred by law, by the Plan, and by the Confirmation Order, or by any other section or provision of this Liquidation Trust Agreement, the Liquidation Trustee may exercise all powers granted to the Liquidation Trustee hereunder related to, or in connection with, the administration and liquidation of Trust Assets and distribution of Cash and other net proceeds derived therefrom in accordance with this Liquidation Trust Agreement, the Plan, the Global Settlement Agreement, the Global Settlement Order and the Confirmation Order. Without limitation, but subject to the foregoing, the Liquidation Trustee shall be expressly authorized, without need of further approval of the Bankruptcy Court to:

(a)    Make all decisions with respect to the Trust Assets, including investigation, prosecution, waiver, and/or settlement of any Litigation Claims;

(b)      Implement this Plan, including any other powers necessary or incidental thereto;

(c)      Exercise all power and authority that may be exercised, to commence, pursue, abandon, and/or settle all proceedings (including the power to continue any actions and proceedings that may have been commenced by the Debtors prior to the Effective Date) that may be commenced, and to take all actions that may be taken to consummate the Plan and all transfers thereunder;

(d)      Make Distributions, or enable the Distribution Agent to make Distributions, to Holders of Allowed Claims, and take other actions required under or consistent with the Plan, including the maintenance of appropriate reserves;

(e)      Use, manage, sell, lease, license, abandon, convert to Cash, and/or otherwise dispose of the Trust Assets for the purpose of making distributions and fully consummating the Plan;

(f)      Prosecute objections to Claims, including Administrative Expense Claims, and compromise, settle, and/or litigate any such Claims (Disputed or otherwise);

(g)      Investigate and prosecute any and all Litigation Claims and compromise, settle, waive, and/or litigate any Litigation Claims;

(h)      File motions seeking Bankruptcy Court approval of compromises and settlements, to the extent deemed appropriate by the Liquidation Trustee;

(i)      Prepare and file tax returns for the Liquidation Trust to the extent required by law;

(j)      Employ and compensate any and all such professionals and agents as the Liquidation Trustee, in his sole discretion, deems reasonably necessary to perform his duties under the Plan and Liquidation Trust Agreement, without further order of the Bankruptcy Court;

(k)      Satisfy and pay all Trust Expenses;

(l)      Participate in or file any post Effective Date motion(s) to amend or modify the Plan or this Liquidation Trust Agreement, or any appeal(s) of the Confirmation Order, in each case consistent with the Global Settlement Agreement and the Global Settlement Order;

(m)      Participate in or file any action to enforce or interpret the Plan;

(n)      Bind the Liquidation Trust;

(o)      File periodic reports with the Bankruptcy Court, including quarterly reports required by the Office of the United States Trustee; and

(p)    Take all other actions not inconsistent with the provisions of the Plan, the Global Settlement Agreement, the Global Settlement Order and the Confirmation Order that the Liquidation Trustee deems reasonably necessary or desirable in connection with the administration or implementation of the Plan, including:

(i)    filing all motions, pleadings, reports, and other documents in connection with the administration and closing of the Chapter 11 Cases;

(ii)    paying any statutory fees owed to the U.S. Trustee;

(iii)    seeking an estimation of contingent or unliquidated Claims pursuant to 11 U.S.C. § 502(c) (but for the avoidance of doubt excluding the Contingent Expense Reimbursement);

(iv)    opening and maintaining bank accounts on behalf of or in the name of the Liquidation Trust, calculating and making distributions, and taking other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment, and maintenance of appropriate reserves, in the name of the Liquidation Trust;

(v)    receiving, conserving, and managing the Trust Assets;

(vi)    if the Liquidation Trustee determines that any of the Liquidation Trust Beneficiaries or the Liquidation Trust may, will, or has become subject to adverse tax consequences, taking such actions that the Liquidation Trustee, in the Liquidation Trustee's reasonable discretion, determines are intended to alleviate such adverse tax consequences, including, without limitation, dividing the Trust Assets into several trusts or other structures;

(vii)    holding legal title to any and all Trust Assets;

(viii)    establishing, funding, and administering a reserve for the payment of Trust Expenses;

(ix)    entering into contracts and other business arrangements;

(x)    representing the Liquidation Trust before governmental and other regulatory bodies;

(xi)    removing Trust Assets or the situs of administration of the Liquidation Trust from one jurisdiction to another at any time or from time to time;

(xii)    making decisions regarding the retention or engagement of professionals, employees, and consultants by the Liquidation Trust and paying, from the Liquidation Trust, the reasonable and documented fees and charges incurred by the Liquidation Trust on or after the Effective Date, including the reasonable and documented fees of professionals, disbursements,

expenses, or support services relating to the implementation of the Plan and this Liquidation Trust Agreement, without application to the Bankruptcy Court;

(xiii)    paying all lawful expenses, debts, charges, and liabilities of the Liquidation Trust;

(xiv)    withholding from the amount distributable to any Person or Entity such amount as may be sufficient to pay any tax or other charge that the Liquidation Trustee has determined, in his or her reasonable discretion, may be required to be withheld therefrom under the income tax laws of the United States or of any state or political subdivision thereof; and in the exercise of the Liquidation Trustee's discretion and judgment, entering into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section;

(xv)    entering into any agreement or executing any document required by or consistent with the Plan, Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, or this Liquidation Trust Agreement and the purposes of the Liquidation Trust, and performing all obligations under all the foregoing;

(xvi)    investing Cash as deemed appropriate by the Liquidation Trustee in Cash equivalents; provided, however, that the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a "liquidating trust," within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements, or otherwise; provided further, however, that any investment of Cash must be with institutions and in investment vehicles covered by Federal Deposit Insurance Corporation ("FDIC") insurance;

(xvii)    holding title to any investment in the Liquidation Trustee's name as Liquidation Trustee or in a nominee's name;

(xviii)    suing and being sued, subject to the provisions herein, in the Plan, and in the Confirmation Order, and participating in any proceeding with respect to any matter regarding or relating to this Liquidation Trust Agreement, the Confirmation Order, the Plan, the Liquidation Trust, the Debtors, or the Estates; and

(xix)    taking all other actions consistent with the provisions of this Liquidation Trust Agreement, the Plan, and the Confirmation Order that the Liquidation Trustee deems reasonably necessary or desirable to administer the Liquidation Trust.

**3.2    Limitations on the Liquidation Trustee.**    Notwithstanding anything in this Liquidation Trust Agreement to the contrary, the Liquidation Trustee shall not do or undertake any of the following without both (a) the approval of the Holder of the Allowed Sanchez Claim; (b) the Contingent Expense Reimbursement Beneficiary and (c) an order of the Bankruptcy Court approving such decision or action:

(a)     take any action in contravention of, or inconsistent with the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, or this Liquidation Trust Agreement;

(b)     take any action that would significantly jeopardize treatment of the Liquidation Trust as a "liquidating trust" for federal income tax purposes;

(c)     lend any Trust Assets to the Liquidation Trustee;

(d)     purchase Trust Assets from the Liquidation Trust;

(e)     transfer Trust Assets to another trust with respect to which the Liquidation Trustee serves as trustee;

(f)     grant liens on any of the Trust Assets; or

(g)     guarantee any debt incurred by any third party.

## ARTICLE 4

### LIABILITY OF LIQUIDATION TRUSTEE

**4.1    Trustee Standard of Care; Exculpation; Limitation on Liability; Indemnification.**  The Liquidation Trustee shall not be liable for any act the Liquidation Trustee may do or omit to do as Liquidation Trustee under the Plan and this Liquidation Trust Agreement while acting in good faith and in the exercise of the Liquidation Trustee's reasonable business judgment; nor will the Liquidation Trustee be liable in any event except for an act or omission that is determined by Final Order of a court of competent jurisdiction to have constituted gross negligence, willful misconduct, intentional breaches of the Plan, the Global Settlement Agreement, or this Agreement, or fraud. The foregoing limitation on liability also will apply to any Person employed by the Liquidation Trustee and acting on behalf of the Liquidation Trustee in the fulfillment of the Liquidation Trustee's duties hereunder or under the Plan. In addition, the Liquidation Trustee and any Person employed by the Liquidation Trustee and acting on behalf of the Liquidation Trustee shall be entitled to indemnification and defense out of the assets of the Liquidation Trust against any losses, liabilities, expenses (including reasonable and documented attorneys' fees and disbursements), damages, taxes, suits, or claims that they may incur or sustain by reason of being or having been employed by the Liquidation Trust or the Liquidation Trustee or for performing any functions incidental to such service; provided, however, that the foregoing shall not relieve the Liquidation Trustee, or any Person employed by the Liquidation Trustee from liability, nor entitle any of the foregoing entities to indemnification pursuant to the Plan or this Liquidation Trust Agreement, for an act or omission that is determined by Final Order to have constituted gross negligence, willful misconduct, fraud, or intentional breaches of the Plan, the Global Settlement Agreement, or this Agreement. Persons dealing with the Liquidation Trustee or any of the foregoing parties in their respective capacities as such, or seeking to assert claims against the Liquidation Trustee or any of the foregoing parties in their capacities as such, shall have recourse only to the Trust Assets (excluding any fund or reserve to pay Trust Expenses) to satisfy any liability incurred by the Liquidation Trustee

or any of the foregoing parties in their respective capacities as such to such Persons in carrying out the terms of the Plan and this Liquidation Trust Agreement. Satisfaction of any obligation of the Liquidation Trust arising pursuant to the terms of this section shall be payable only from the Trust Assets, and such right to payment shall be prior and superior to any other rights to receive on behalf of any Beneficiary any distribution of Trust Assets or proceeds thereof. The Liquidation Trust shall have the right to control the defense and settlement of claims as to which it is obligated to indemnify.

For the avoidance of doubt, this Section 4.1: (i) only applies to professionals hired and retained by the Liquidation Trustee, in his capacity as the Liquidation Trustee, to provide services to the Liquidation Trustee (the "LT Professionals"); (ii) only applies to services rendered by the LT Professionals after the Effective Date and after execution and formation of the Liquidation Trust Agreement; and (iii) only applies to services rendered by the LT Professionals to the Liquidation Trustee in the fulfillment of the Liquidation Trustee's duties under the Plan and Liquidation Trust Agreement.  Section 4.1 shall not apply to bankruptcy estate professionals unless they are also separately hired and retained as LT Professionals and even then, this Section 4.1 shall only extend to services rendered after the Effective Date and only with regard to services rendered to the Liquidation Trustee in the fulfillment of the Liquidation Trustee's duties.

**4.2    Bond.**    The Liquidation Trustee shall not be obligated to give any bond or surety for the performance of any of the Liquidation Trustee's duties unless otherwise ordered by the Bankruptcy Court. If so ordered, all costs and expenses of procuring a bond or surety shall be deemed a Trust Expense and payable from the Trust Assets.

**4.3    No Liability for Acts of Predecessor Liquidation Trustees.**    No successor Liquidation Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidation Trustee unless a successor Liquidation Trustee expressly in writing assumes such responsibility.

**4.4    Reliance by Liquidation Trustee on Document or Mistake of Fact.**    Except as may be otherwise provided in this Liquidation Trust Agreement, the Liquidation Trustee may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Liquidation Trustee to be genuine and to have been presented by an authorized party. Also, the Liquidation Trustee shall not be liable if the Liquidation Trustee acts in good faith based on a mistake of fact before having actual knowledge of such mistake.

**4.5    Insurance.**    The Liquidation Trustee may cause the Liquidation Trust to purchase errors and omissions insurance with regard to any liabilities, losses, damages, claims, costs, and expenses the Liquidation Trustee may incur, including but not limited to attorneys' fees, arising out of or due to the Liquidation Trustee's actions or omissions, or consequences of such actions or omissions, other than as a result of the Liquidation Trustee's fraud, gross negligence, or willful misconduct, with respect to the implementation and administration of the Plan, the Liquidation Trust, and this Liquidation Trust Agreement.

## ARTICLE 5

## DUTIES OF LIQUIDATION TRUSTEE

**5.1    General.**    The Liquidation Trustee shall have all the duties specified in the Plan (incorporating the Global Settlement Agreement), the Confirmation Order, and this Liquidation Trust Agreement.

**5.2    Books and Records.**    The Liquidation Trustee shall maintain, in respect of the Liquidation Trust, books and records relating to the Trust Assets and income and proceeds realized therefrom, and the payment of expenses of and claims against or assumed by the Liquidation Trust, in such detail and for such period of time as may be necessary to enable the Liquidation Trustee to make full and proper reports in respect thereof. Except as expressly provided in this Liquidation Trust Agreement, the Plan, or the Confirmation Order, nothing in this Liquidation Trust Agreement is intended to require the Liquidation Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidation Trust, or as a condition for making any payment or distribution out of the Trust Assets or proceeds therefrom.

**5.3    Establishment of Accounts and Reserves.**

(a)    On the Effective Date or as soon as practicable thereafter, the Liquidation Trustee shall establish one or more accounts which shall consist of all Cash belonging to the Liquidation Trust, including all Cash transferred to the Liquidation Trust pursuant to the Plan (the "General Account"); provided, however, that all Cash must be deposited with institutions covered by FDIC insurance.

(b)    Except as otherwise provided in the Plan, Confirmation Order, and this Liquidation Trust Agreement, the Liquidation Trustee shall make distributions to the Liquidation Trust Beneficiaries in accordance with the terms of the Plan in the exercise of the Liquidation Trustee's sound discretion, based on, among other things, the amount of Cash on hand, the amount needed to fund any applicable reserves, including any reserves to cover the Trust Expenses, whether there remain any unpaid Allowed Administrative Expense Claims (including Allowed Professional Fee Claims), and the amount of the Sanchez Claim and General Unsecured Claims that are Allowed at the time, and the status of any pending litigation, if any, affecting such distributions.

## ARTICLE 6

## LIQUIDATION TRUST BENEFICIARIES

**6.1    Effect of Death, Incapacity, or Bankruptcy of Beneficiary.**    The death, incapacity, or bankruptcy of a Beneficiary during the term of the Liquidation Trust shall not operate to terminate the Liquidation Trust during the term of the Liquidation Trust, nor shall it entitle the representatives or creditors of the deceased, incapacitated, or bankrupt Beneficiary to an accounting, or to take any action in any court or elsewhere for the distribution of the Trust Assets or for a petition thereof, nor shall it otherwise affect the rights and obligations of the Beneficiary's representatives and creditors (in such capacity) under this Liquidation Trust Agreement or in the Liquidation Trust.

**6.2    Standing of Beneficiary.**    Except as may be expressly provided in this Liquidation Trust Agreement, the Plan (incorporating the Global Settlement Agreement), or the Confirmation Order, a Beneficiary does not have standing to direct the Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than the Liquidation Trustee) upon or with respect to the Liquidation Assets.

**6.3    Release of Liability of Beneficiary.**    A Beneficiary shall not relieve the Liquidation Trustee from any duty, responsibility, restriction, or liability that would otherwise be imposed under this Liquidation Trust Agreement unless such relief is approved by Final Order of the Bankruptcy Court.

# ARTICLE 7

## DISTRIBUTIONS

**7.1    Distributions from Trust Assets.**    All payments to be made by the Liquidation Trustee to any Person shall be made only in accordance with the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, and this Liquidation Trust Agreement, and from the Cash or Cash proceeds of Trust Assets, and only to the extent that the Liquidation Trust has sufficient Cash to make such payments in accordance with and to the extent provided for in the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, and this Liquidation Trust Agreement. Any distribution made by the Liquidation Trustee in good faith shall be binding and conclusive on all interested parties, absent manifest error. Notwithstanding anything herein to the contrary, no distributions of Trust Assets shall be made in respect of Allowed General Unsecured Claims and Allowed Subordinated General Unsecured Claims until Disputed Administrative Claims have been Allowed or Disallowed and until all contingencies that could give rise to a liquidated Contingent Expense Reimbursement have been finally resolved, including, where applicable, by a Final Order, and all payments in respect of the Contingent Expense Reimbursement have been made.

**7.2    Distributions; Withholding.**    The Liquidation Trustee shall make distributions at such times, consistent with the terms of the Plan, the Global Settlement Agreement, the Global Settlement Order, the Confirmation Order, and this Liquidation Trust Agreement, as the Liquidation Trustee deems appropriate from all net Cash income and all other Cash proceeds received by the Liquidation Trust; provided, however, that the Liquidation Trust may retain such amounts (i) as are reasonably necessary to meet known and contingent liabilities and to maintain the value of the Trust Assets during the term of the Liquidation Trust; (ii) to pay reasonable administrative expenses, including, without limitation, the compensation and the reimbursement of reasonable costs, fees (including attorneys' and other professional fees), and expenses of the Liquidation Trustee in connection with the performance of the Liquidation Trustee's duties under this Liquidation Trust Agreement, the Plan, and the Confirmation Order; and (iii) to satisfy all other liabilities incurred or assumed by the Liquidation Trust (or to which the Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, and this Liquidation Trust Agreement. All such distributions shall be made, subject to any withholding or reserve, as provided in this Liquidation Trust Agreement,

the Plan, or the Confirmation Order. Additionally, the Liquidation Trustee may withhold from amounts otherwise distributable on behalf of Liquidation Trust Beneficiaries any and all amounts, determined in the Liquidation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement. The Liquidation Trustee may withhold the entire distribution to any Beneficiary until such time as the Holder provides the Liquidation Trustee with the necessary information to comply with any withholding requirements of any governmental unit.

Notwithstanding any other provision of this Liquidation Trust Agreement, (i) each Holder of an Allowed Claim that is to receive a distribution pursuant to the Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution; and (ii) no distribution shall be made to or on behalf of such Holder pursuant to this Liquidation Trust Agreement or the Plan unless and until such Holder has made arrangements satisfactory to the Liquidation Trustee for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon any disbursing agent in connection with such distribution. Any property to be distributed pursuant to this Liquidation Trust Agreement or the Plan shall, pending the implementation of such arrangements, be treated as an undeliverable distribution under this Liquidation Trust Agreement or the Plan.

**7.3    Method of Cash Distributions.**    For the avoidance of doubt, the manner of distributions shall be consistent with the distribution procedures set forth in the Plan.

**7.5    Objections to Claims and Distributions.**  For the avoidance of doubt, objections to Claims, the manner of distributions, and the effect of undeliverable distribution shall be in accordance with the Plan, including Section 11 of the Plan.

## ARTICLE 8

## TAXES

**8.1    Income Tax Status.**

(a)    It is intended that the Liquidation Trust be classified for federal income tax purposes as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684 and as a "grantor trust" subject to the provisions of Subtitle A, Chapter 1, Subchapter J, Part I, Subpart E of the Tax Code that is owned by its Liquidation Trust Beneficiaries. Accordingly, the parties hereto intend that the Liquidation Trust Beneficiaries of the Liquidation Trust be treated as if they had received a distribution of the applicable assets transferred to the Liquidation Trust and then contributed such assets to the Liquidation Trust. As such, notwithstanding anything set forth herein, the transfer of assets to the Liquidation Trust shall be treated for all purposes of the Tax Code as a transfer from the Estates to creditors to the extent the creditors are Liquidation Trust Beneficiaries of the Liquidation Trust followed by a deemed transfer by the Liquidation Trust Beneficiaries to the Liquidation Trust. The

Liquidation Trust Beneficiaries will be treated as grantors and deemed owners of the Liquidation Trust.

(b)    All parties, including the Chapter 11 trustee for the Debtors and their Estates, the Liquidation Trustee, and all Liquidation Trust Beneficiaries of the Liquidation Trust, must value all assets transferred to the Liquidation Trust consistently, and those valuations must be used for all federal, state, and local income tax purposes. The Liquidation Trustee must file returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a). The assets shall be valued based upon the Liquidation Trustee's good faith determination of their fair market value.

(c)    Anything set forth herein to the contrary notwithstanding, the Liquidation Trust shall not receive or retain Cash or Cash equivalents in excess of a reasonable amount to meet claims and contingent liabilities or to maintain the value of Trust Assets during liquidation. All income of the Liquidation Trust must be subject to tax on a current basis. The taxable income of the Liquidation Trust will be allocated to and among Liquidation Trust Beneficiaries who are grantors of the Liquidation Trust as required by virtue of their being grantors and deemed owners of the Liquidation Trust, and they shall each be responsible to report and pay taxes due on their appropriate share of Liquidation Trust income.

(d)    The Liquidation Trust shall be classified as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684, and in the event of any inconsistency between any term or provision herein, in the Plan, or in the Confirmation Order necessary for the Liquidation Trust to be deemed at all times a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684 and any other term or provision herein, in the Plan, or in the Confirmation Order, the term(s) and provision(s) necessary for the Liquidation Trust to be deemed a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684 shall govern. Similarly, anything to the contrary set forth herein, in the Plan, or in the Confirmation Order notwithstanding, to the extent any term or provision herein, in the Plan, in the Confirmation Order would result in the Liquidation Trust not being classified as a liquidating trust at all times pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684, such term or provision shall be ineffective and reformed to the extent necessary for the Liquidation Trust to be classified at all times as a liquidating trust pursuant to Treasury Regulations Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 684.

(e)    As used in this Liquidation Trust Agreement, the following terms shall have the following meanings:

"Tax Code" shall mean the Internal Revenue Code of 1986, 26 U.S.C. § 1 et seq., as amended from time to time, and corresponding provisions of any subsequent federal revenue act. A reference to a section of the Tax Code shall include a reference to any and all Treasury Regulations interpreting, limiting or expanding such section of the Tax Code; and

"Treasury Regulations" shall mean regulations promulgated under the Tax Code, including, but not limited to the Procedure and Administration Regulations, as such regulations may be amended from time to time.

**8.2    Tax Returns.**    The Liquidation Trustee shall prepare and provide to, or file with, the appropriate parties such notices, tax returns, information returns, and other filings as may be required by the Tax Code and may be required by applicable law of other jurisdictions. The Liquidation Trustee shall be responsible for filing all required federal, state, and local tax returns and information returns of the Liquidation Trust. The Liquidation Trustee shall, when specifically requested by a Beneficiary in writing, make such tax information available to the Beneficiary for inspection and copying at the Beneficiary's expense, as is necessary for the preparation by such Beneficiary of its income tax return.

**ARTICLE 9**

**TERMINATION OF TRUST**

**9.1    Term.**    The Liquidation Trust shall terminate upon the earlier of (a) the date on which all of the Trust Assets are liquidated in accordance with the Plan, the funds in the Liquidation Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities and the order closing the Chapter 11 Cases is a Final Order, or (b) ten (10) years from the date of creation of the Liquidation Trust, unless extended by the Bankruptcy Court as provided herein. The Liquidation Trustee shall at all times endeavor to liquidate expeditiously the Trust Assets (or any non-Cash proceeds thereof), and in no event shall the Liquidation Trustee unduly prolong the duration of the Liquidation Trust. The foregoing notwithstanding, in the event that the Liquidation Trustee determines that all of the Trust Assets and/or proceeds thereof will not, despite reasonable efforts, be distributed by the date which is ten (10) years from the date of creation of the Liquidation Trust, or for any other reason consistent with this Liquidation Trust Agreement and the Plan, and if warranted by the facts and circumstances, the Liquidation Trustee or the Contingent Expense Reimbursement Beneficiary may petition the Bankruptcy Court to extend the term of the Liquidation Trust. Each and every such extension must be for a reasonable finite period based on the particular facts and circumstances, must be subject to the approval of the Bankruptcy Court and approved upon a finding that the extension is necessary to the liquidating purpose of the Liquidation Trust and must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term. At such time as the Liquidation Trust has been fully administered (i.e., when all things requiring action by the Liquidation Trustee have been done, and the Plan has been substantially consummated) and in all events within sixty (60) days after the date of the final distribution under the Plan (the "Final Distribution Date"), the Liquidation Trustee will file an application for approval of the Liquidation Trustee's final accounting and the entry of the final decree by the Bankruptcy Court. Upon final distribution pursuant to this Agreement, the Liquidation Trustee shall retain the books, records, and files that shall have been delivered to or created by the Liquidation Trustee. At the Liquidation Trustee's discretion, all such records and documents may be destroyed at any time after two (2) years after the Final Distribution Date.

**9.2    Event Upon Termination.**    Upon the termination of the Liquidation Trust, the Liquidation Trustee shall distribute the remaining Trust Assets (including any proceeds thereof), if any, consistent with the terms of this Agreement, the Plan, the Confirmation Order, or another order of the Bankruptcy Court.

**9.3**    **Winding Up and Discharge of the Liquidation Trustee.**    For the purposes of winding up the affairs of the Liquidation Trust at its termination, the Liquidation Trustee shall continue to act as Liquidation Trustee until the Liquidation Trustee's duties have been fully discharged. After doing so, the Liquidation Trustee, and the Liquidation Trustee's agents, employees, and professionals, shall have no further duties or obligations hereunder, except as required by this Liquidation Trust Agreement, the Plan, the Confirmation Order, or applicable law concerning the termination of a trust. Upon a motion by the Liquidation Trustee, the Bankruptcy Court may enter an order discharging the Liquidation Trustee, and the Liquidation Trustee's agents, employees, and professionals, and relieving them of any further duties.

## ARTICLE 10

## ADMINISTRATIVE EXPENSES

**10.1**    **Funding.**    The costs and expenses of the Liquidation Trust, including, without limitation, the compensation to and the reimbursement of reasonable, actual, and necessary costs, fees (including attorneys' and other professional fees), and expenses of the Liquidation Trustee in connection with the performance of the Liquidation Trustee's duties in connection with the Plan and this Liquidation Trust Agreement, including the Trust Expenses and quarterly fees due to the Office of the United States Trustee, shall be paid from the applicable reserves, including the Liquidating Trust Reserve provided under the Plan, without the necessity for any approval by the Bankruptcy Court (the "Trustee's Administrative Expense Fund"). The Trustee's Administrative Expense Fund shall not be subject to charge for claims against the Liquidation Trust or the Trust Assets (including any proceeds thereof), including, without limitation, any claims under Section 4.1 of this Agreement.

## ARTICLE 11

## MISCELLANEOUS PROVISIONS

**11.1**    **Amendments.**    The Liquidation Trustee may propose to the Bankruptcy Court the modification, supplementing, or amendment of this Liquidation Trust Agreement. Such proposed modification, supplementing, or amendment shall be in writing and filed with the Bankruptcy Court. Unless otherwise ordered by the Bankruptcy Court, notice of such filing shall be served on the full mailing matrix. No modification, supplementing, or amendment of this Liquidation Trust Agreement shall be effective except upon a Final Order of the Bankruptcy Court.

**11.2**    **Waiver.**    No failure by the Liquidation Trustee, or any Beneficiary to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**11.3**    **Cumulative Rights and Remedies.**    The rights and remedies provided in this Liquidation Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

**11.4    Irrevocability**.    The Liquidation Trust is irrevocable.

**11.5    Division of Trust.**    Under no circumstances shall the Liquidation Trustee have the right or power to divide the Liquidation Trust unless authorized to do so by the Bankruptcy Court.

**11.6    Governing Law.**    This Agreement shall be governed and construed in accordance with the laws of the State of Nevada, without giving effect to rules governing the conflict of laws.

**11.7    Retention of Jurisdiction.**    To the fullest extent permitted by law, and except as expressly set forth in the Plan, the Bankruptcy Court shall retain exclusive jurisdiction over the Liquidation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits, and issues that may arise in connection therewith, or this Liquidation Trust Agreement, or any Person or Entity's obligations incurred in connection therewith or herewith, including, without limitation, any action against the Liquidation Trustee or any professional retained by the Liquidation Trustee or the Liquidation Trust, in each case in its capacity as such. Each party to this Liquidation Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret, or construe any provision of this Liquidation Trust Agreement, or of any other agreement or document delivered in connection with this Liquidation Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that (i) any action to enforce, interpret, or construe any provision of this Liquidation Trust Agreement will be brought only in the Bankruptcy Court and (ii) all determinations, decisions, rulings, and holdings of the Bankruptcy Court shall be final and non-appealable and not subject to reargument or reconsideration.

**11.8    Severability.**    In the event that any provision of this Liquidation Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this of this Liquidation Trust Agreement, or the application of such provision to persons or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Liquidation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**11.9    Limitation of Benefits.**    Except as otherwise specifically provided in this Liquidation Trust Agreement, the Plan, or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Liquidation Trust Beneficiaries any rights or remedies under or by reason of this Liquidation Trust Agreement.

**11.10  Notices**.    All notices, requests, demands, consents, and other communication hereunder shall be in writing and shall be deemed to have been duly given, if delivered in person, by facsimile with an electromechanical report of delivery, sent by overnight courier or by registered or certified mail with postage prepaid, return receipt requested, or sent via electronic

mail to the following addresses (as applicable to the particular notice, request, demand, consent, or other communication at issue).

| | |
|---|---|
| If to the Liquidation Trustee: | Law Offices of Michael W. Carmel, Ltd.<br>Attn:  Michael Carmel<br>80 East Columbus Avenue<br>Phoenix, Arizona 85012<br>Email:  michael@mcarmellaw.com |
| With a copy to: | Garman Turner Gordon LLP<br>Attn:  Gregory E. Garman, Esq.<br>       Talitha Gray Kozlowski, Esq.<br>       Mary Langsner, Ph.D.<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119 |

The parties may designate in writing from time to time other and additional places to which notices may be sent. All demands, requests, consents, notices, and communications shall be deemed to have been given (i) at the time of actual delivery thereof if by facsimile or electronic mail; (ii) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid, and properly addressed; or (iii) if given by overnight courier, the next business day after being sent, charges prepaid, and properly addressed.

**11.11  Further Assurances.**    From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Liquidation Trust Agreement, and to consummate the transactions contemplated hereby.

**11.12  Integration.**    This Liquidation Trust Agreement, the Plan, the Global Settlement Agreement, the Global Settlement Order and the Confirmation Order constitute the entire agreement, by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, or in the Confirmation Order. This Liquidation Trust Agreement, together with the Plan, the Global Settlement Agreement, the Global Settlement Order, and the Confirmation Order, supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.

**11.13  Successors or Assigns.**    The terms of this Liquidation Trust Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.14  Interpretation.**    The enumeration and section headings contained in this Liquidation Trust Agreement are solely for convenience of reference and shall not affect the

meaning or interpretation of this Liquidation Trust Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Liquidation Trust Agreement, the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder, and words with similar import, refer to this Liquidation Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**11.15  Relationship to the Plan.** The principal purpose of this Liquidation Trust Agreement is to aid in the implementation of the Plan and Global Settlement Agreement and, therefore, this Liquidation Trust Agreement incorporates and is subject to the provisions of the Plan, the Global Settlement Agreement, the Global Settlement Order and the Confirmation Order. In the event that any provision of this Liquidation Trust Agreement is found to be inconsistent with a provision of the Plan, the Global Settlement Agreement, the Global Settlement Order or the Confirmation Order that does not pertain specifically to the Liquidation Trust and its administration with respect to matters not addressed in the Plan, the Global Settlement Agreement, the Global Settlement Order or the Confirmation Order, the provisions of the Plan, the Global Settlement Agreement, the Global Settlement Order or the Confirmation Order, as applicable, shall control.

**11.16  Counterparts.** This Liquidation Trust Agreement may be signed by the parties hereto in counterparts, each of which shall be deemed an original, and which, when taken together, shall constitute one and the same document. Delivery of any executed counterpart may be in "wet ink" form, via telecopy, or via electronic transmission attaching a copy in pdf format or the like.

**IN WITNESS WHEREOF**, the parties hereto have either executed this Liquidation Trust Agreement, or caused it to be executed on its behalf by its duly authorized officer, all as of the date first above written.

**DEBTORS:**

**NUMALE CORPORATION**

By: _____
    Michael W. Carmel, Chapter 11 Trustee

**FELICIANO NUMALE NEVADA PLLC**

By: _____
    Michael W. Carmel, Chapter 11 Trustee

**NUMEDICAL SC**

By: _____
     Michael W. Carmel, Chapter 11 Trustee

**NUMALE COLORADO SC**

By: _____
     Michael W. Carmel, Chapter 11 Trustee

**NUMALE FLORIDA TB PLLC**

By: _____
     Michael W. Carmel, Chapter 11 Trustee

**NUMALE NEBRASKA LLC**

By: _____
     Michael W. Carmel, Chapter 11 Trustee

**NUMALE NEW MEXICO SC**

By: _____
     Michael W. Carmel, Chapter 11 Trustee

**LIQUIDATION TRUSTEE:**

By: _____
     Michael W. Carmel