NVB 2016 (05/2022)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

# Fee Application Cover Sheet

Case No.: 25-10341-nmc        Chapter: 11        Hearing Date/Time: OST Requested

Debtor: NuMale Corporation

Applicant: RubinBrown LLP

Date of Employment: August 26, 2025

Interim Fee Application No: _____    OR    Final Fee Application   X

**Amounts Requested:**        Client Approval: Yes ☑  No ☐

**Fees:**      $ 29,013.10
**Expenses:** $ 5,880.00
**Total:**    $ 34,893.10

Hours: 92.55        Blended Rate: $ 313.49

Fees Previously Requested: $ 0.00        Awarded: $ 0.00
Expenses Previously Requested: $ 0.00    Awarded: $ 0.00
Total Previously Requested: $ 0.00       Awarded: $ 0.00
Total Amount Paid: $ 0.00

**Chapter 13 Cases ONLY:**

Yes ☐ No ☐ Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐ No ☐ Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

/s/ Mary Langsner        Date 10/06/2025
Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: **OST Requested**<br>Hearing Time: **OST Requested** |

**FIRST AND FINAL FEE APPLICATION OF RUBINBROWN LLP FOR THE ALLOWANCE OF COMPENSATION FOR TAX PREPARATION SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES[1]**

---

[1] This amends ECF No. 718 in its entirety, which inadvertently contained the wrong image at the time of filing. For clarity, the Application will be heard on October 21, 2025, at 9:30 a.m. as noticed and set forth at ECF No. 725.

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through undersigned counsel, respectfully submits the first and final application (the "Application") pursuant to Sections[2] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016 for the allowance of compensation for professional services performed by RubinBrown for Debtors' Chapter 11 Cases, and for reimbursement of its actual and necessary expenses incurred therein, during August 26, 2025, through September 29, 2025 (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein, the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith; the declaration of Thomas Butterfield (the "Butterfield Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the time of hearing on the Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

In the course of the Trustee's administration of these Estates, he came to understand that the Debtors' calendar year 2024 tax returns had not been completed. After further investigation, the Trustee determined that the Debtors' prior accountant who prepared tax returns for one or more prior years, KMA, S.C. and/or KMA Accountants & Advisors, n/k/a Sorren, Inc., Sorren, and/or Sorren CPAs ("Sorren"), was not disinterested. And, the Debtors' tax returns were due on September 15, 2025. As such, the Trustee made a decision to engage RubinBrown to assist with the preparation of the Debtors' 2024 tax returns. RubinBrown moved with alacrity, and was able

---

[2] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

to prepare all of the Debtors' 2024 tax returns in time for them to be timely filed. With RubinBrown's work now complete, the Trustee hereby submits this Application, requesting Court approval for the fees and expenses incurred by RubinBrown in preparing these tax returns. This is the first and final compensation application for RubinBrown, and the amounts requested herein—compensation of $29,013.10 and reimbursement of expenses in connection with services provided during the Application Period of $5,880.00, for a total of $34,893.10—are requested on a final basis.

## II.
## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

| Application Period Fees Earned | $30,134.40 |
|---|---|
| Courtesy Discount | ($ 1,121.30) |
| Application Period Fees Requested | $29,013.10 |
| Application Period Expenses Requested[3] | $ 5,880.00 |
| Application Period Number of Hours | 92.55 |
| Application Period Blended Hourly Rate | $    313.49 |
| Summary of Amounts Requested | **Exhibit "2"** hereto |
| Invoices substantiating Amounts Requested | **Exhibit "1"** to Butterfield Decl. |

## III.
## SUMMARY OF RELIEF REQUESTED

1.      This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[4] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[5] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

---

[3] As set forth in the Butterfield Decl., the expenses incurred by RubinBrown for each tax return prepared are the firm's fees covering software expenses, IRS and state government filing fees, and other administrative expenses incurred by the firm in connection with preparing tax returns. For consistency, the firm bills these expenses on a consolidated basis, per return, as a fixed fee. *See* Butterfield Decl. ¶ 3.

[4] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025)

[5] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

2. This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by RubinBrown in the Chapter 11 Cases. This Application covers the period of August 26, 2025, through September 29, 2025 (the Application Period).

3. Pursuant to this Application, RubinBrown requests allowance of compensation of **$29,013.10** and reimbursement of expenses of **$5,880.00** in connection with services provided during the Application Period (for a total of **$34,893.10** requested herein). This is net of a courtesy discount of $1,121.30. During the Application Period, RubinBrown's professional expended a total of 92.55 hours for which compensation is sought. A billing summary is attached hereto as **Exhibit "2"**.

4. **Exhibit "1"** to the Butterfield Decl. identifies and provides for each tax return prepared: (a) each person performing such services; (b) the amount of time spent by each person on each day that the person performs such services; (c) specific descriptions of the services performed by each person; and (d) the application of any courtesy discount on the return(s) preparation(s).

5. **Exhibit "1"** to the Butterfield Decl. also contains a detailed statement describing the nature of expenses incurred in connection with preparation of each Debtor's return, which expenses were incurred by RubinBrown during the Application Period in its representation of Debtor and include filing fees that were paid by RubinBrown directly. *See* Butterfield Decl. ¶ 4.

6. During the Chapter 11 Period, RubinBrown's professionals expended a total of 92.55 hours at a blended rate of $313.49.

7. The fees charged by RubinBrown in these Chapter 11 Cases are billed in accordance with its existing procedures in effect during the Application Period. Such fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive market. *See* Butterfield Decl. ¶ 5.

8. Additionally, courtesy discounts were taken on the preparations of certain of the Debtors' tax returns. These were taken pursuant to Mr. Butterfield's judgment, upon evaluation of the services performed. *See* Butterfield Decl. ¶ 6.

IV.

# JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 328, 330, 331, 503, 507, 1107, 1108, and 105 of the Bankruptcy Code and FED. R. BANKR. P. 2016. Pursuant to Local Rule 9014.2, the Trustee and RubinBrown consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

# V.
# PERTINENT FACTS

9. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

10. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

11. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 132.

12. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

13. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

14. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

15. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

16. On September 2, 2025, this Court entered its *Order Approving the Employment of RubinBrown LLP as Accountant for Tax Preparation Services* [ECF No. 573] (the "Employment Order"), which granted the *Ex Parte Application for Order Approving the Employment of RubinBrown LLP as Accountant for Tax Preparation Services* [ECF No. 564] ("Employment Application").

17. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

18. The Plan was confirmed at hearing on September 24, 2025. *See* Carmel Decl. ¶ 4.

19. Under the Plan, an Administrative Claim[6] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." *See* ECF No. 434 at § 1.1.10.

20. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." *See* ECF No. 434 at § 1.1.106.

---

[6] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

21. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* ECF No. 434 at § 1.1.9.

22. The Plan's Effective Date is anticipated to occur on or before October 24, 2025. *See* Carmel Decl. ¶ 5.

23. As such, this Application is timely.

## VI.
## TASKS PERFORMED BY RUBINBROWN DURING THE APPLICATION PERIOD

During the Application Period, RubinBrown performed actual and necessary services in the form of preparing and filing the Debtors' calendar year 2024 tax returns which were due, and for which the Debtors' prior accountant had prepared and filed extensions prior to the Trustee's appointment. The work involved in preparing each of the Debtors' returns is detailed in the invoices attached as **Exhibit 1** to the Butterfield Decl. (collectively, the "Invoices"). Additionally, as the work involved in preparing the lead Debtor, NuMale Corporation, tax return was more complicated than the other Debtors given, *inter alia*, its ownership interests in other entities and the Debtors' overall corporate structure, that Debtor's tax return took additional time to prepare and complete. This is also reflected in the invoices attached as **Exhibit 1** to the Butterfield Decl. *See* Butterfield Decl. ¶ 7.

## VII.
## ACTUAL AND NECESSARY DISBURSEMENTS

RubinBrown submits that the expenses that it has incurred and paid in rendering tax preparation services during the Application Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to RubinBrown for such expenses is appropriate and should be allowed. As set forth in the Butterfield Decl., the expenses incurred by RubinBrown for each tax return prepared are the firm's fees covering software expenses, IRS and state government filing fees, and other administrative expenses incurred by the firm in connection with preparing tax returns. For consistency, the firm bills these expenses on a consolidated basis, per return, as a fixed fee. *See* Butterfield Decl. ¶ 8.

RubinBrown charges a standard fixed fee cost per return without any profit on such expenses. *See* Butterfield Decl. ¶ 9.

. . .

## VIII.
## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

Section 331 provides that a professional employed under Section 327 may apply to the Court "not more than 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title." 11 U.S.C. § 331. More than 120 days have passed since the Petition Date, and thus this Application is proper at this time. Additionally, the Plan was confirmed at hearing on September 24, 2025, and the Plan's Effective Date is anticipated to occur no later than October 24, 2025. With the Administrative Claim Bar Date coming shortly thereafter, this Application is timely within the deadlines set forth in the confirmed Plan. Additionally, the Court may allow and disburse requested compensation and reimbursements following notice and a hearing. *See id.*

Section 330 provides that a court may award a professional employed pursuant to Section 327 "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) elaborates that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" each of the following:

    (A)  the time spent on such services;

    (B)  the rates charged for such services;

    (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity,

                importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). In addition, a bankruptcy court examines the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet),* 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

    (a)    Were the services authorized?

    (b)    Were the services necessary or beneficial to the administration of the estate at the time they were rendered?

    (c)    Are the services adequately documented?

    (d)    Are the fees required reasonable, taking into consideration the factors set forth in section 330(a)(3)?

    (e)    In making the determination, the court must consider whether the professional exercised reasonable billing judgment.

*Id.; see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

In the instant case, RubinBrown respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to Debtors' orderly administration because it is necessary that complete and accurate tax returns for calendar year 2024 for each of the Debtors be timely filed,

in order to avoid penalties assessed by the taxing authorities. Additionally, the services performed by RubinBrown were authorized, they were adequately documented, and the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3). *See* Carmel Decl. ¶ 6. Furthermore, RubinBrown proffers that it exercised reasonable billing judgment and that the Invoices submitted with this Application reflect this reasonable billing judgment. *See* Butterfield Decl. ¶ 10. Additionally, RubinBrown worked to anticipate and respond to Debtors' needs, and the services performed and expenses invoiced were necessary to and in the best interests of Debtors' Estates. *See* Carmel Decl. ¶ 7. Furthermore, the time spent on the tax preparation services was reasonable, the charges incurred for the more than ninety-two hours of work performed within a matter of weeks are reasonable under the circumstances of these Chapter 11 Cases, the services performed were necessary to the administration of and beneficial at the time rendered, the services were performed efficiently and within a reasonable amount of time that was commensurate with the complexity and importance and nature of the tasks and issues addressed, Mr. Butterfield is a Certified Public Accountant and the team lead on this retention and therefore is certified and has demonstrated skill and expertise in accounting matters, and the compensation of RubinBrown is reasonable particularly in light of the nature of services performed and the very quick timeline in which multiple tax returns were prepared on behalf of these Debtors. Accordingly, RubinBrown further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their Estates, and all parties-in-interest, and thus approval of the Application is warranted. *See* Butterfield Decl. ¶ 11.

## VIII.
## CONCLUSION

WHEREFORE, RubinBrown respectfully requests that the Court enter an order pursuant to Sections 330 and 331:

1. For the Application Period, allowing RubinBrown professional compensation for actual, necessary services rendered in the amount of $29,013.10, and reimbursement of actual

and necessary expenses incurred in the amount of $5,880.00, for a total of $34,893.10, awarded on a final basis;

2.   Authorizing, empowering, and directing Michael Carmel, the Chapter 11 Trustee for the Debtors' Estates, and the sole person with control and authority over each of the Reorganized Debtors and their property, to pay RubinBrown the fees and expenses allowed upon the entry of the Order and in connection with the confirmed Plan; and

3.   Granting such other and further relief as is just and proper.

Dated this 6th day of October 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

*Attorneys for Michael Carmel, Chapter 11 Trustee*