Joseph G. Went, Esq.
Nevada Bar No. 9220
Lars K. Evensen, Esq.
Nevada Bar No. 8061
Sydney R. Gambee, Esq.
Nevada Bar No. 14201
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
jgwent@hollandhart.com
lkevensen@hollandhart.com
srgambee@hollandhart.com

*Attorneys for Brad Palubicki*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>    AFFECTS THIS DEBTOR, ☐<br><br>    AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>    NUMEDICAL SC, ☐<br><br>    NUMALE COLORADO SC, ☐<br><br>    NUMALE FLORIDA TB PLLC, ☐<br><br>    NUMALE NEBRASKA LLC, ☐<br><br>    NUMALE NEW MEXICO SC, ☐<br><br>    NUMALE ALL DEBTORS, ☒<br><br>        Debtors. | Lead Case No.: 25-10341-NMC<br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**OBJECTION TO JUSTIN PULLIAM AS A QUALIFIED BIDDER**

BRAD PALUBICKI ("Palubicki"), by and through his attorneys of record, hereby submits his *Objection* (the "Objection") to Justin Pulliam ("Pulliam") as a Qualified Bidder. This Objection is made and based on the attached memorandum of points and authorities, the exhibits attached hereto, and any oral argument that this Court may permit at the Sale Hearing on October 22, 2025.

DATED this 10th day of October, 2025.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went, Esq.*
Joseph G. Went, Esq.
Las K. Evensen, Esq.
Sydney R. Gambee, Esq.
9555 Hillwood Drive 2nd Floor
Las Vegas, NV 89134

*Attorneys for Brad Palubicki*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**RELEVANT BACKGROUND**

1. On January 22, 2025, NuMale Corporation ("NuMale") and six bankruptcy affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. NuMale affiliates that filed bankruptcy petitions include Feliciano NuMale Nevada PLLC ("Feliciano NuMale"), NuMedical SC ("NuMale SC"), NuMale Colorado SC ("NuMale Colorado"), NuMale Florida TB PLLC ("NuMale Florida"), NuMale Nebraska LLC ("NuMale Nebraska"), and NuMale New Mexico SC ("NuMale New Mexico") (collectively, the "Debtors").

3. On or around July 29, 2025, the employment of Palubicki and others, including Holly Triplett ("Triplett"), at NuMale and/or other Debtors was terminated.

4. On or around August 2025, Pulliam began taking actions as if he was in operational control of the Debtors. Pulliam began asserting unauthorized operational control over

the Debtors, taking unilateral actions that fundamentally altered the businesses and created competitive advantages unavailable to other potential bidders.

      a.    Pulliam transferred patient medical records to a new electronic medical records (EMR) system known as Zenoti. While both existing and new patients are now being entered into Zenoti, not all patient records from the Debtors' legacy EMR system have been migrated. Pulliam unilaterally transferred patient medical records to Zenoti—a system controlled exclusively by Pulliam—thereby seizing control of the Debtors' most valuable assets: patient data.

      b.    Pulliam rebranded Debtor clinics using his personal business brand "VidaVital."

5.    On or around August 22, 2025, Pulliam interfered with the federal regulators who conduct the CLIA certificate evaluation for non-debtor NuMale Chicago LLC. A true and correct copy of the email communications between the CLIA Program Administrator, Pulliam, and others is attached hereto as **Exhibit 1** and incorporated herein by reference.

      a.    On August 22, 2025, CLIA Program Administrator Brandon Rakowski emailed Pulliam to "follow-up on our phone call" regarding the CLIA certificate.

      b.    On August 26, 2025, Dr. Gengembre emailed the CLIA Program Administrator to indicate his wish to "remain on as Lab Director for the Skokie Clinic" and to apologize for his confusion arising from the multiple "half-truths."

6.    On September 17, 2025, Pulliam submitted a Discharge Questionnaire to the Wisconsin Department of Workforce Development, Unemployment Insurance Division, containing incorrect information. A true and correct copy of the Discharge Questionnaire is attached hereto as **Exhibit 2** and incorporated herein by reference.

      a.    Pulliam misrepresented that Triplett was fired from NuMale in "connection with an ongoing criminal investigation." *Id.*

      b.    Pulliam misrepresented that this "matter is part of an ongoing investigation by several U.S. Agencies." *Id.*

   c. Pulliam misrepresented that "Holly is employed with Men's Wellness Centers since 8-1-25." *Id.*

 7. On or around September 25, 2025, as a direct result of these misstatements, the Wisconsin Department of Workforce Development, Unemployment Insurance Division, issued a *Findings and Determination of the Deputy* formally concluding that the employer did not "provide correct and complete information during a fact-finding investigation requested by telephone on 9/17/25." A true and correct copy of the Findings and Determination of the Deputy is attached hereto as **Exhibit 3** and incorporated herein by reference.

 8. Since August 2025, Pulliam has continuously operated the rebranded Debtor clinics as "VidaVital." *See* www.vidavitalmedical.com. This ongoing rebrand diminishes the value of the NuMale brand for other bidders while providing Pulliam with real-world operational data, patient response metrics, and market intelligence unavailable to competing purchasers.

 9. On September 30, 2025, this Court entered its *Order: (I) Approving Bid Procedures Relating to Sale of Debtors' Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale by Auction; and (IV) Granting Related Relief* (the "Order Approving Bid Procedures"). *See* ECF No. 698.

## II.

## LEGAL ARGUMENT

**A. Good Faith Purchaser Standard Under 11 U.S.C. sec. 363(m).**

Pulliam was designated as a "Qualified Bidder" and entitled to the Stalking Horse Protections identified in the Bid Procedures Motion. *See* ECF No. 698. However, given Pulliam's actions leading up to the proposed sale date, as detailed above, Pulliam cannot qualify as a good faith purchaser under 11 U.S.C. sec. 363(m). Section 363(m) protects only purchasers who act in good faith. As the Ninth Circuit Bankruptcy Appellate Panel has explained, 'Good faith' encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct, would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers." 240 N. Brand *Partners v. Colony GFP Partners,*

*Ltd. P'ship (In re 240 N. Brand Partners)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996), *citing to In re Wild Horse Enterprises, Inc.*, 136 Bankr. 830, 842 (Bankr. C.D. Cal. 1991).

More specifically, "[A] good faith purchaser is one who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992). "Typically, lack of good faith is shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Id.* (citation omitted). For the reasons set forth below, the record does not reflect that Pulliam can act as a good faith purchaser. The facts demonstrate that the integrity of the proposed sale has been compromised to the detriment of the Debtors and other potential purchasers.

**B.     Pulliam Cannot Qualify as a Good Faith Purchaser.**

The undisputed facts establish that Pulliam has engaged in precisely the type of conduct that disqualifies a purchaser from good faith status under Section 363(m).

**1.     Unauthorized Operational Control Creates Unfair Competitive Advantage.**

Pulliam has exerted operational control over the Debtors and embarked on a systematic rebranding campaign before the sale. *See* www.vidavitalmedical.com. Consequently, Pulliam has gained exclusive access to real-time operational data about the patient responses, marketing effectiveness and brand reception that other bidders cannot access. This information asymmetry is not the natural result of due diligence available to all parties. Rather, it is the product of Pulliam's unilateral seizure of control over the Debtors' operations. His rebrand effort operates to his benefit while harming others that valued the original NuMale brand equity. The rebrand negatively effects NuMale brand value that other bidders may want to acquire. Pulliam's rebrand creates two distinct harms to the sale process. First, it destroys value for bidders interested in the NuMale brand by diminishing the goodwill and market recognition developed over years. Second, it operates exclusively to Pulliam's benefit by migrating the business to his personal corporate infrastructure, making him the natural successor while forcing competing bidders to overcome significant operational disruption if they prevail.

The rebrand to Pulliam's personal business infrastructure of "VidaVital" and his operational control constitutes an attempt to "take grossly unfair advantage of other bidders"

-5-

within the meaning of *Ewell*. This is not a level playing field—it is a sale process tilted decisively in favor of one bidder who created that advantage through unauthorized actions.

### 2. Other Bad Faith Activity by Pulliam.

Moreover, Pulliam's misstatements to the Wisconsin Department of Workforce Development, Unemployment Insurance Division, and the interference with the CLIA certification of the NuMale Chicago, LLC laboratory demonstrate a pattern of misrepresentations that is fundamentally incompatible with the "good faith" standard necessary for Pulliam to qualify as a good faith purchaser entitled to the protections under 11 U.S.C. sec. 363(m), should he be the successful bidder.

### 3. Totality of Circumstances Precludes a Good Faith Finding.

Good faith is not determined by examining isolated incidents in a vacuum. Rather, courts must consider the totality of circumstances to assess whether the transaction's integrity has been compromised. Here, the cumulative effect of Pulliam's conduct is clear:

- Unauthorized operational takeover providing exclusive competitive advantages;
- Systematic rebranding benefiting him while harming other bidders and estate value;
- Documented false statements to state agencies resulting in official findings;
- Interference with federal regulatory processes beyond his authority; and
- Control over proprietary operational data unavailable to competitors.

Each of these actions, standing alone, raises substantial concerns about good faith. Together, they establish a pattern of conduct that is fundamentally inconsistent with the good faith purchaser standard required for protection under Section 363(m).

## III.

## CONCLUSION

Palubicki respectfully objects to Pulliam's status as a Qualified Bidder and requests that this Court withdraw his "Qualified Bidder" status. The integrity of a bankruptcy sale depends on all participants competing on a level playing field within appropriate boundaries. Pulliam has systematically violated those boundaries through unauthorized operational control, strategic

-6-

rebranding that advantages him while harming others, documented misrepresentations to government agencies, and interference with regulatory processes.

These actions constitute an attempt to "take grossly unfair advantage of other potential purchasers" within the meaning of *Ewell*. For these reasons, Palubicki respectfully requests that this Court: (1) Withdraw Pulliam's designation as a Qualified Bidder; and (2) Prohibit Pulliam from participating in the sale process unless and until he demonstrates that he has unwound the competitive advantages he has improperly obtained.

DATED this 10th day of October, 2025.

**HOLLAND & HART LLP**

*/s/ Joseph G. Went, Esq.*
Joseph G. Went, Esq.
Las K. Evensen, Esq.
Sydney R. Gambee, Esq.
9555 Hillwood Drive 2nd Floor
Las Vegas, NV 89134

*Attorneys for Brad Palubicki*

# CERTIFICATE OF SERVICE

1. On the October 10, 2025 I served the following document(s) *(specify):*

   A. **OBJECTION TO JUSTIN PULLIAM AS A QUALIFIED BIDDER**

2. I served the above-named document(s) by the following means to the persons as listed below: *(Check all that apply)*

 X   a.   ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary):*

RYAN A. ANDERSEN on behalf of Creditor JUSTIN PULLIAM
ryan@aandblaw.com, melissa@aandblaw.com, ecf-df8b00a4597e@ecf.pacerpro.com

LORI M. BENCOE on behalf of Creditor Michael E. Sanchez
lori@bencoelaw.com, maggie@bencoelaw.com

OGONNA M. BROWN on behalf of Creditor Michael E. Sanchez
Ogonna.Brown@wbd-us.com, ogonna-brown-4984@ecf.pacerpro.com,
dberhanu@lewisroca.com, ombcalendar@lewisroca.com,
klopez@lewisroca.com, Renee.Creswell@wbd-us.com

CANDACE C CARLYON on behalf of Creditor TOP TIER CAPITAL
ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com,
nrodriguez@carlyoncica.com, jang@carlyoncica.com,
9232006420@filings.docketbird.com, Dcica@carlyoncica.com,
tfrey@carlyoncica.com

MICHAEL W. CARMEL
michael@mcarmellaw.com

GREGORY E GARMAN on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE
ggarman@gtg.legal, bknotices@gtg.legal

GREGORY E GARMAN on behalf of Trustee MICHAEL W. CARMEL
ggarman@gtg.legal, bknotices@gtg.legal

TALITHA B. GRAY KOZLOWSKI on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE
tgray@gtg.legal, bknotices@gtg.legal

TALITHA B. GRAY KOZLOWSKI on behalf of Trustee MICHAEL W. CARMEL
tgray@gtg.legal, bknotices@gtg.legal

RICHARD F. HOLLEY on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S

LONDON SYNDICATES 623/2623
rholley@spencerfane.com, oswibies@spencerfane.com,
richard-holley-0715@ecf.pacerpro.com

MATTHEW L. JOHNSON on behalf of Creditor Prospect Rainbow, LLC
mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com, kristi@mjohnsonlaw.com, kathra@mjohnsonlaw.com, admin@mjohnsonlaw.com

MARY LANGSNER on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE
mlangsner@gtg.legal, bknotices@gtg.legal

MARY LANGSNER on behalf of Trustee CHAPTER 11 - LV
mlangsner@gtg.legal, bknotices@gtg.legal

MARY LANGSNER on behalf of Trustee MICHAEL W. CARMEL
mlangsner@gtg.legal, bknotices@gtg.legal

DAVID A RIGGI on behalf of Debtor FELICIANO NUMALE NEVADA PLLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMALE COLORADO SC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMALE CORPORATION
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMALE FLORIDA TB PLLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMALE NEBRASKA LLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMALE NEW MEXICO SC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Debtor NUMEDICAL SC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor FELICIANO NUMALE NEVADA PLLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE COLORADO SC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE FLORIDA TB PLLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE NEBRASKA LLC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE NEW MEXICO SC
darnvbk@gmail.com, 2782@notices.nextchapterbk.com

DAVID A RIGGI on behalf of Jnt Admin Debtor NUMEDICAL SC
, 2782@notices.nextchapterbk.com

ALYSSA A. ROGAN on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
alyssa.rogan@usdoj.gov

DAVID A. STEPHENS on behalf of Creditor NEWTEK SMALL BUSINESS FINANCE INC
dstephens@davidstephenslaw.com, dstephens@lvcoxmail.com

DAVID A. STEPHENS on behalf of Creditor NEWTEK SMALL BUSINESS FINANCE, LLC
dstephens@davidstephenslaw.com, dstephens@lvcoxmail.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
justin.c.valencia@usdoj.gov

MARK M. WEISENMILLER on behalf of Creditor JUSTIN PULLIAM
mark@abwfirm.com,mark-weisenmiller-1991@ecf.pacerpro.com,
weisenmiller.markm.b117998@notify.bestcase.com, melissa@abwfirm.com

JOSEPH G. WENT on behalf of Debtor BRAD PALUBICKI
jgwent@hollandhart.com, vlarsen@hollandhart.com,
IntakeTeam@hollandhart.com, tlpond@hollandhart.com

STUART FREEMAN WILSON-PATTON on behalf of Creditor TN Dept of Revenue
stuart.wilson-patton@ag.tn.gov

RYAN J. WORKS on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com, bgrubb@mcdonaldcarano.com

MATTHEW C. ZIRZOW on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
mzirzow@lzlawnv.com, hannah@lzlawnv.com,
carey@lzlawnv.com, trish@lzlawnv.com,
jennifer@lzlawnv.com, bchambliss@lzlawnv.com

**X**     **b.**     **US Mail** by depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

SUMMER CRAIG on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
SIMPSON THACHER AND BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, NY 10017

BRYCE FRIEDMAN on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
SIMPSON THACHER AND BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, NY 10017

Ford Motor Credit Company, LLC, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

GARMAN TURNER GORDON LLP on behalf of Trustee MICHAEL W. CARMEL
7251 AMIGO ST., STE. 210
LAS VEGAS, NV 89119

MCAFEE AND TAFT LLP
,

PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
,

RIGGI LAW FIRM on behalf of Debtor NUMALE CORPORATION
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor FELICIANO NUMALE NEVADA PLLC
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor NUMALE COLORADO SC
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor NUMALE FLORIDA TB PLLC
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor NUMALE NEBRASKA LLC
7900 W SAHARA AVE

SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor NUMALE NEW MEXICO SC
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RIGGI LAW FIRM on behalf of Jnt Admin Debtor NUMEDICAL SC
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117

RODEY, DICKASON, SLOAN, AKIN AND ROBB, P.A.
,

Jacob Nathan Rubin
,

ZACHARY WEINER on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
SIMPSON THACHER AND BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, NY 10017

Ryan J Works on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
McDonald Carano LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102

DAVID ZYLBERBERG on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623
SIMPSON THACHER AND BARTLETT LLP
425 LEXINGTON AVENUE
NEW YORK, NY 10017

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 10th day of October, 2025.

                                                */s/ Tiffany Pond*
                                                SIGNATURE OF DECLARANT

35918976_v1

35921790_v1
35922824_v1

-13-