# EXHIBIT 1

# EXHIBIT 1

Law Offices of
# MICHAEL W. CARMEL, LTD.
80 East Columbus Avenue
Phoenix, Arizona 85012-2334

---

Telephone: (602) 264-4965
Facsimile: (602) 277-0144
E-mail: michael@mcarmellaw.com
Also Admitted in New York

October 1, 2025

Department of Workforce Development
Unemployment Insurance Division
P.O. Box 7905
Madison, WI 53707

      ***Re:***   ***UI Account No.*** ▓▓▓▓▓
              ***Holly M. Triplett***
              ***SSN: XXX-XX-6753***
              ***NuMale Corporation***

To Whom it May Concern:

      This is in follow-up to my prior correspondence sent to your office on or about September 3, 2025.

      I am the Court-appointed Chapter 11 Trustee, appointed over the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"). The Debtors' jointly administered Chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases") were all commenced on January 22, 2025, and are all administered under the lead bankruptcy case of *In re NuMale Corporation*, Case No. 25-10341-nmc pending in the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

      On April 7, 2025, the Bankruptcy Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], approving my appointment as Chapter 11 trustee over the Debtors' jointly administered bankruptcy estates. A copy of this *Order* is enclosed herewith.

Department of Workforce Development
Unemployment Insurance Division
September 29, 2025
Page 2

    I caused Ms. Triplett's termination from employment by the Debtors; Ms. Triplett was terminated for cause. A copy of Ms. Triplett's termination letter is enclosed herewith.

    It has recently come to my attention that the management team at NuMale had completed a *Discharge Questionnaire* regarding Ms. Triplett. I ask that the previous *Discharge Questionnaire*, completed without my signature, be vacated in its entirety, and replaced in the entirety with the attached *Discharge Questionnaire*, which I have prepared.

    As noted in my September 3, 2025, correspondence to your office, I formally contest any claim(s) Ms. Triplett may make for unemployment compensation.

                                   Very truly yours,

                                   Michael W. Carmel

Encl. (as noted)

cc: Talitha Gray Kozlowski, Esq.
    Mary Langsner, Ph.D.

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
April 07, 2025

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Lead Case No. 25-10341-NMC |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with*: |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-NMC, |
| ☐ NUMEDICAL SC, | NuMedical SC, Case No. 25-10343-NMC, |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-NMC, |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-NMC |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC, |

1

| | | |
|---|---|---|
| NUMALE NEW MEXICO SC, | ☐ | Case No. 25-10346-NMC, |
| AFFECTS ALL DEBTORS, | ☒ | NuMale New Mexico SC, Case No. 25-10347-NMC |
| Debtors. | | |

## ORDER APPROVING APPOINTMENT OF CHAPTER 11 TRUSTEE

The Court having considered the *United States Trustee's Application for Order Approving the Appointment of Chapter 11 Trustee* ("Application") [ECF No. 140] seeking the approval of Michael W. Carmel as the Chapter 11 Trustee in the above-named jointly administered cases,

IT IS HEREBY ORDERED that the Application is approved; and

IT IS HEREBY FURTHER ORDERED that the appointment of Michael W. Carmel as the Chapter 11 Trustee is approved.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Terri H. Didion*
     Terri H. Didion
     Assistant United States Trustee

###

July 29, 2025

Michael W. Carmel, Esq.
*Chapter 11 Trustee*

**Via Electronic E-mail and United States Mail to:**
Holly Triplett
701 Old Settlement Dr.
Watertown, WI 53098
htriplett@charter.net

Re:  Immediate Termination from all Positions with the Debtors and the Debtors' Estates

Dear Ms. Triplett,

I am the Court-appointed Chapter 11 Trustee, appointed over the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").  The Debtors' jointly administered Chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases") were all commenced on January 22, 2025, and are all administered under the lead bankruptcy case of *In re NuMale Corporation*, Case No. 25-10341-nmc pending in the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

On April 7, 2025, the Bankruptcy Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], approving my appointment as Chapter 11 trustee over the Debtors' jointly administered bankruptcy estates, a copy of which is enclosed herewith. Pursuant to 11 U.S.C. §§ 1104 and 1108, I am charged with managing the Debtors' operations and affairs in the best interests of their estates and creditors.

Please be advised that, effective immediately as of close of business (5:00 p.m. prevailing Pacific Time) on July 29, 2025, your employment and all positions you hold with any of the following Debtors are hereby immediately and irrevocably terminated:

- NuMale Corporation
- Feliciano NuMale Nevada PLLC
- NuMedical SC
- NuMale Colorado SC
- NuMale Florida TB PLLC
- NuMale Nebraska LLC
- NuMale New Mexico SC

You are directed to **immediately** return any and all keys, documents, records, hardware, vendor materials, accounts, or other property or information or equipment including computer equipment belonging to or owned by any of the Debtors, including any access information you may have or possess to any of the foregoing, including but not limited to passwords, log-ins, account manager contacts, and email addresses and/or accounts.  This property must be returned and turned over **to Justin Pulliam** by **close of business (5:00 p.m. prevailing Pacific Time) on**

*In re NuMale Corp., et al.*
Termination Letter
Page 2

**Thursday July 31, 2025**.  To coordinate the return of this property, please contact Justin Pulliam at:

>Justin Pulliam
>6590 S. Rainbow Blvd # 200
>Las Vegas, Nevada 89118
>(702) 389-4829
>justinp@numale.com

Additionally, you are directed to **immediately** return any and all digital or electronic keys, passwords, digital or electronic records, software, digital or electronic vendor materials, apps or application log-ins, back-ups, accounts access or accounts, or other digital or electronic property or information belonging to or owned by any of the Debtors, including any access information you may have or possess to any of the foregoing, including but not limited to passwords, log-ins, account manager contacts, and email addresses and/or accounts.  This property must be returned and turned over **to me at michael@mcarmellaw.com** by **close of business (5:00 p.m. prevailing Pacific Time) on Thursday July 31, 2025**.

You are further instructed to preserve any records or information relating to any of the Debtors that is in your possession, custody, or control, whether in paper or electronic form, regardless of how you came into such possession, custody, or control.  You are further instructed to not destroy, conceal, alter, mutilate, change, or dispose of any records or any other information relating to any of the Debtors, whether in hard copy form or on computers or other electronic storage media, including cloud storage, or any other electronic data, such as but not limited to security camera footage, videos, emails, text messages, social media, or voice mail.  **These must be preserved until the above-referenced legal matter—the Chapter 11 Cases, including any affiliated litigation or adversary proceedings related thereto—are each and all completely resolved**.

In accordance with, *inter alia*, Wisconsin Statutes 109.03, you will receive your final wages, including any accrued and unpaid compensation, no later than you would have been paid under your employer's established payroll schedule. If you are enrolled in any group health insurance plans through the Debtors, you may be eligible for continuation of coverage under federal COBRA or any applicable Nevada state continuation coverage laws.  You will receive additional information from the plan administrator or appropriate party regarding your rights.

You may be eligible to apply for unemployment insurance benefits through the Nevada Department of Employment, Training and Rehabilitation. For more information, please visit: https://detr.nv.gov/.

If you have any questions regarding your final wages and/or accrued and unpaid compensation, COBRA, insurance, or other benefits, please contact:

>Kelly Peterson
>2600 N. Mayfair Rd. Suite 1140
>Wauwatosa, WI  53226
>(262) 347-6252
>kpeterson@numale.com

*In re NuMale Corp., et al.*
Termination Letter
Page 3

      If you have any questions regarding this termination please contact me or my counsel at the information below:

| | |
|---|---|
| Michael W. Carmel, Esq.<br>Chapter 11 Trustee<br>Law Offices of Michael W. Carmel, Ltd.<br>80 E. Columbus Avenue<br>Phoenix, Arizona 85012<br>michael@mcarmellaw.com | Garman Turner Gordon LLP<br>Talitha G. Kozlowski, Esq.<br>7251 Amigo Street Suite 210<br>Las Vegas, NV 89119<br>tgray@gtg.legal |

      Sincerely,

*[signature]*

MICHAEL W. CARMEL, ESQ.
*CHAPTER 11 TRUSTEE*

Encl.  ECF No. 155; Litigation Preservation Instructions
cc:    Gregory E. Garman, Esq.
       Talitha Gray Kozlowski, Esq.
       Mary Langsner, Ph.D.

**Litigation Preservation Instructions**

Michael Carmel is the Court-appointed Chapter 11 Trustee, appointed over the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), in the following bankruptcy cases:

- NuMale Corporation (Lead Case No. 25-10341-NMC)
- Feliciano NuMale Nevada PLLC (Case No. 25-10342-NMC)
- NuMedical SC (Case No. 25-10343-NMC)
- NuMale Colorado SC (Case No. 25-10344-NMC)
- NuMale Florida TB PLLC (Case No. 25-10345-NMC)
- NuMale Nebraska LLC (Case No. 25-10346-NMC)
- NuMale New Mexico SC (Case No. 25-10347-NMC)

Collectively, the "Chapter 11 Cases". The Debtors' jointly administered Chapter 11 Cases were all commenced on January 22, 2025, and are all administered under the lead bankruptcy case of *In re NuMale Corporation*, Case No. 25-10341-nmc pending in the U.S. Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

This enclosure serves as notice that documents in your possession will be the subject of discovery in connection with, related to, arising out of, arising under, and/or regarding the Chapter 11 Cases and any adversary proceedings connected thereto (collectively, the "Litigation") and **must be preserved until the Litigation and the Chapter 11 Cases are completely resolved**. As such, you are not to destroy, conceal, or alter any paper or electronic documents, files, and other data related to this legal matter, whether in hard copy form or on computers or other electronic storage media, including cloud storage, or any other electronic data, such as security camera footage, videos, emails, text messages, social media, or voice mail. Please also instruct all employees, partners, agents, or other individuals who may have relevant information to comply with this notice.

*Electronically Stored Information*

Once a party has received or anticipates receiving a claim against it, the party must immediately identify, collect, and preserve all relevant information and evidence. *Bass-Davis v. Davis*, 122 Nev. 442, 134 P.3d 103 (2006); *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148 (1st Cir. 1996). This includes the preservation of documents, paper, and all electronically stored information ("ESI") related to this matter. *See* NRCP 37(e).

ESI should be afforded the broadest possible definition and includes (by way of example *and not as an exclusive list*) potentially relevant information electronically, magnetically, or optically stored as:

- Digital communications (*e.g.*, e-mail, voice mail, instant messaging);
- Word processed documents (*e.g.*, Word or WordPerfect documents and drafts);
- Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);

LITIGATION PRESERVATION INSTRUCTIONS
Page 2

- Accounting Application Data (*e.g.*, QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (*e.g.*, .WAV and .MP3 files);
- Video and Animation (*e.g.*, .AVI and .MOV files);
- Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
- Calendar and Diary Application Data (*e.g.*, Outlook PST, Yahoo, blog tools);
- Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
- Presentations (*e.g.*, PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Back Up and Archival Files (*e.g.*, Zip, .GHO).

Moreover, courts have long made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. *See, e.g.*, *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443 (C.D. Cal. 2007) (holding that information held in a computer's random access memory (RAM) constitutes "electronically stored information" and thus is within the scope of discoverable information); *Easley, McCaleb & Assocs., Inc. v. Perry*, No. E-26663 (Ga. Sup. Ct. Jul. 13, 1994) (holding that deleted files on a party's computer hard drive were discoverable and expert was allowed to retrieve all recoverable files); *Santiago v. Miles*, 121 F.R.D. 636 (W.D.N.Y. 1988) (holding that a request for raw information in computer banks was proper and obtainable under the discovery rules); and *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 167 F.R.D. 90, 112 (D. Colo. 1996) (holding that a mirror-image copy of everything on a hard drive as the method which would yield the most complete and accurate results and chastising a party's expert for failing to do so).

*Preservation Requires Immediate Intervention*

You must act immediately to preserve potentially relevant ESI concerning the Debtors, the Chapter 11 Cases, and the Litigation. Adequate preservation of ESI requires more than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene to prevent loss due to routine operations and employ proper techniques and protocols suited to the protection of ESI. Be advised that sources of ESI are altered and erased by continued use of your computers and other devices.

*Suspension of Routine Destruction*

You are also directed to immediately initiate a litigation hold for potentially relevant ESI, documents, and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

LITIGATION PRESERVATION INSTRUCTIONS
Page 3

- Purging the contents of e-mail repositories by age, capacity, or other criteria;
- Using data or media wiping, disposal, erasure, or encryption utilities or devices;
- Overwriting, erasing, destroying, or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices, or media;
- Running antivirus or other programs affecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and
- Executing drive or file defragmentation or compression programs.

*Guard Against Deletion*

You should anticipate that your colleagues, employees, agents, or partners may seek to hide, destroy, or alter ESI. You must act to prevent or guard against such actions. This concern is not one unique to you or those associated with you. It is simply an event that occurs with such regularity in electronic discovery efforts that any custodians of ESI and their counsel are obliged to anticipate and guard against its occurrence.

*Preservation in Native Form*

You should anticipate that certain ESI, including but not limited to spreadsheets and databases, will be sought in the form or forms in which it is ordinarily maintained. Accordingly, you should preserve ESI in such native forms, and you should not select methods to preserve ESI that remove or degrade the ability to search your ESI by electronic means or make it difficult or burdensome to access or use the information efficiently in the litigation. You should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms, particularly if the effect of such actions is to make such ESI not reasonably accessible.

*Metadata*

You should further anticipate the need to disclose and produce system and application metadata and act to preserve it. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files, which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data, and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to preserve ESI.

LITIGATION PRESERVATION INSTRUCTIONS
Page 4

*Servers*

With respect to servers like those used to manage electronic mail (*e.g.*, Microsoft Exchange, Lotus Domino) or network storage (often called a user's "network share"), the complete contents of each user's network share and e-mail account should be preserved. There are several ways to preserve the contents of a server depending upon, *e.g.*, its RAID configuration and whether it can be downed or must be online 24/7. If you question whether the preservation method you pursue is one that we will accept as sufficient, please contact Trustee Michael W. Carmel, at **michael@mcarmellaw.com**, to discuss.

*Ancillary Preservation*

You must preserve documents and other tangible items that may be required to access, interpret, or search potentially relevant ESI, including logs, control sheets, specifications, indices, naming protocols, file lists, network diagrams, flow charts, instruction sheets, data entry forms, abbreviation keys, user ID, and password rosters or the like.

You must preserve any passwords, keys, or other authenticators required to access encrypted files or run applications, along with the installation disks, user manuals, and license keys for applications required to access the ESI. You must also preserve any cabling, drivers, and hardware if needed to access or interpret media on which ESI is stored.

*Preservation Protocols*

Trustee Carmel has have available to him an acceptable protocol for forensically sound preservation and can supply a suitable protocol if you will furnish an inventory of the systems and media to be preserved. A successful and compliant ESI preservation effort requires expertise. If you do not currently have such expertise at your disposal, you are urged to engage the services of an expert in electronic evidence and computer forensics, if you choose not to engage Trustee Carmel's expert.

*Do Not Delay Preservation*

Trustee Carmel is available to discuss reasonable preservation steps; however, you should not defer preservation steps pending such discussions if ESI may be lost or corrupted because of delay. Should your failure to preserve potentially relevant evidence result in the corruption, loss, or delay in production of evidence, such failure would constitute spoliation of evidence, and Trustee Carmel will not hesitate to seek sanctions. Trustee Carmel is otherwise available to discuss any aspect of this preservation demand.

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
April 07, 2025

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
Alyssa A. Rogan, Trial Attorney
State Bar No. CA 354257
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC, | Lead Case No. 25-10341-NMC<br>Chapter 11<br><br>*Jointly administered with*:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-NMC,<br><br>NuMedical SC,<br>Case No. 25-10343-NMC,<br><br>NuMale Colorado SC,<br>Case No. 25-10344-NMC,<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-NMC<br><br>NuMale Nebraska LLC, |

1

| | | |
|---|---|---|
| NUMALE NEW MEXICO SC, | ☐ | Case No. 25-10346-NMC, |
| AFFECTS ALL DEBTORS, | ☒ | NuMale New Mexico SC, Case No. 25-10347-NMC |
| Debtors. | | |

# ORDER APPROVING APPOINTMENT
## OF CHAPTER 11 TRUSTEE

The Court having considered the *United States Trustee's Application for Order Approving the Appointment of Chapter 11 Trustee* ("Application") [ECF No. 140] seeking the approval of Michael W. Carmel as the Chapter 11 Trustee in the above-named jointly administered cases,

IT IS HEREBY ORDERED that the Application is approved; and

IT IS HEREBY FURTHER ORDERED that the appointment of Michael W. Carmel as the Chapter 11 Trustee is approved.

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Terri H. Didion*
      Terri H. Didion
      Assistant United States Trustee

###

| | |
|---|---|
| Department of Workforce Development<br>Unemployment Insurance Division<br>P.O. BOX 7905<br>MADISON, WI 53707 | **Discharge Questionnaire**<br>Re: Work Rule Violation<br><br>Adjudicator: SUPPORT - 1211<br>Telephone: 414-435-7069 Ext.: 1211<br>Fax:  608-260-3075 |
| | Date Mailed: 09/11/25 |
| | Claimant:<br>CCN: |
| NUMALE CORPORATION<br>6590 S RAINBOW BLVD<br>LAS VEGAS, NV 89118-3327 | Employer: NUMALE CORPORATION |
| | Employer No.: 367478 |

We are requesting information regarding this separation in order to make a decision on eligibility for Unemployment Insurance Benefits. Return this form to the Unemployment Insurance office shown above within 7 days of the date it was mailed. If possible, please fax (see the fax number above).

1. First day worked: ___/___/___   Last day of actual work: 07/29/2025   Date of discharge: 07/29/2025
   Employer Address: 2600 N. Mayfair Road.   City: Wauwatosa   Telephone: 702-381-6550

2. Name and title of the person who discharged the employee: Michael Carmel, Chapter 11 Trustee of NuMale Corporation

3. How was the employee notified of the discharge? Letter, via e-mail and United States first class mail, postage prepaid

4. If discharged for a work rule violation, what work rule was violated? When did it occur? How was the employee made aware of the work rule (handbook, state or federal law, etc.)? Please provide specifics on what occurred, including the date(s) of the incident(s):
   Ms. Triplett was terminated for cause.

5. If discharged for insubordination, what occurred? When did it occur? Please provide specifics on what occurred, including the date(s) of the incident(s):
   Ms. Triplett was terminated for cause.

6. List any prior warnings given to the employee for work rule violations and/or insubordination, including dates:
   Ms. Triplett was terminated for cause.

If this is not the reason for separation, please explain why the employee is no longer working for you on a separate sheet of paper.
Additionally, I am informed and believe Ms. Triplett has been working elsewhere since about August 2025.

| Contact Name (if we need more information) | Contact Title | Contact Telephone Number |
|---|---|---|
| Michael Carmel | Chapter 11 Trustee | (602) 264-4965 |

Name and title of person completing this form (if other than contact)
Michael Carmel, Chapter 11 Trustee, Attn: Law Offices of Michael W Carmel, Ltd., 80 East Columbus Avenue, Phoenix, Arizona 85012

If you don't return the completed form by fax or mail within 7 days of the date it was mailed, a decision based on the information on file will be issued. Your account will be charged for all benefits that are paid to the claimant in error if you fail to provide correct and complete information during a fact-finding investigation.

☐ Check here if you do not wish to provide any information on this separation.

UCB-15203-4-E (R. 11/2021) (DschgWRV.doc)                    Er. No. 367478