GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
|     AFFECTS THIS DEBTOR, ☐ | *Jointly administered with:* |
|     AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐ | Feliciano NuMale Nevada PLLC Case No. 25-10342-nmc |
|     NUMEDICAL SC, ☐ | NuMedical SC Case No. 25-10343-nmc |
|     NUMALE COLORADO SC, ☐ | NuMale Colorado SC Case No. 25-10344-nmc |
|     NUMALE FLORIDA TB PLLC, ☐ | NuMale Florida TB PLLC Case No. 25-10345-nmc |
|     NUMALE NEBRASKA LLC, ☐ | NuMale Nebraska LLC Case No. 25-10346-nmc |
|     NUMALE NEW MEXICO SC, ☐ | NuMale New Mexico SC Case No. 25-10347-nmc |
|     NUMALE ALL DEBTORS, ☒ | |
| Debtors. | |

**STIPULATION REGARDING ADMINISTRATIVE CLAIM**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

1

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel of record, the law firm Garman Turner Gordon LLP, and KMA, S.C. and/or KMA Accountants & Advisors, n/k/a Sorren, Inc., Sorren, and/or Sorren CPAs ("Sorren") (the Trustee and Sorren together, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on or about January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

WHEREAS, on or about April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

WHEREAS, on or about April 7, 2025, the Trustee was appointed the Chapter 11 Trustee for the Debtors' estates [ECF Nos. 155-157].

WHEREAS, in the course of the Trustee's investigation of the Debtors, their estates, and their financial affairs, he came to learn that, post-petition and prior to the Trustee's appointment, Sorren had prepared and filed various federal tax return extensions and/or state returns for, on behalf of, and/or for the benefit of the Debtors (collectively, the "Pre-Appointment Filings").

WHEREAS, the Pre-Appointment Filings benefited each of the Debtors and their estates because the Pre-Appointment Filings either timely complied with state tax return filing obligations or obtained extensions for the filing of federal tax returns, to the estates' benefit.

WHEREAS, Sorren asserts that, in connection with the Pre-Appointment Filings, Sorren incurred, post-petition, out-of-pocket costs and overhead including filing fees totaling approximately $4,800.00, for which Sorren has not been reimbursed by any of the Debtors or their estates (collectively, the "Expenses").

WHEREAS, the Trustee evaluated Sorren's contention regarding the Expenses and requested, and was provided with and reviewed, records from Sorren detailing the Expenses in connection with the Pre-Appointment Filings.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

WHEREAS, Sorren contends that the Expenses are separate and apart from any and all amounts sought in Sorren's proof of claim filed against Debtor NuMale Corporation on or about June 30, 2025, as a general unsecured claim in the amount of $30,000.00 ("Prepetition Claim"), and, therefore, the Expenses are separate, distinct, and wholly different from the amounts requested in its Prepetition Claim. As such, this Stipulation does not touch upon the Prepetition Claim, and, the Trustee has reserved all rights to contest the Prepetition Claim.

WHEREAS, the Parties entered into settlement discussions regarding the Expenses incurred in connection with the Pre-Appointment Filings, and have reached a resolution regarding the Expenses, as reflected herein.

NOW, THEREFORE, subject to entry of the Order approving this Stipulation, which Order has been submitted to the Court concurrently herewith, the Parties hereby stipulate and agree as follows:

1. Sorren shall have an Administrative Claim in the amount of $4,800.00 for the Expenses it incurred in connection with the Pre-Appointment Filings (the "Sorren Admin Claim").

2. The allowance of the Sorren Admin Claim as set forth herein is without prejudice to the Trustee's evaluation of Sorren's Prepetition Claim, as to which the Parties reserve all rights, including the Trustee's reservation of his rights to object to the Prepetition Claim on any grounds.

**IT IS SO STIPULATED**.

Dated this 24th day of October 2025.

GARMAN TURNER GORDON LLP

By: /s/ *Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

Dated this 24 day of October 2025.

KMA, S.C. and/or KMA ACCOUNTANTS & ADVISORS, N/K/A SORREN, INC., SORREN, and/or SORREN CPAS

By: _____
JASON R. KADOW, Regional Managing Partner
1200 John Q Hammons Drive, Ste. 500
Madison, WI
*KMA, S.C. and/or KMA ACCOUNTANTS & ADVISORS, N/K/A SORREN, INC., SORRE. and/or SORREN CPAS*