GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br>NUMALE CORPORATION,<br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br>*Jointly administered with:*<br>Feliciano NuMale Nevada PLLC, Case No. 25-10342-nmc<br>NuMedical SC Case No. 25-10343-nmc<br>NuMale Colorado SC, Case No. 25-10344-nmc<br>NuMale Florida TB PLLC, Case No. 25-10345-nmc<br>NuMale Nebraska LLC Case No. 25-10346-nmc<br>NuMale New Mexico SC Case No. 25-10347-nmc<br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |
|---|---|

**DECLARATION OF MICHAEL CARMEL, ESQ. IN SUPPORT OF**
**FIRST AND FINAL APPLICATION BY PATIENT CARE OMBUDSMAN FOR**
<u>**ALLOWANCE OF FEES AND REIMBURSEMENTS OF COSTS**</u>

I, Michael Carmel, Esq., hereby declare as follows:

1.  I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *First and Final Application by Patient Care Ombudsman for Allowance of Fees and Reimbursements of Costs* (the "Application").[1]

2. I am the duly appointed Chapter 11 trustee ("Trustee") over the estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors").

3. I have reviewed the amounts of compensation and fees, and expense reimbursement, requested by the Court-appointed Patient Care Ombudsman in these Chapter 11 Cases ("PCO") and set forth in the Application, and I approve.

4. I believe the services for which the PCO seeks compensation and the expenditures for which the PCO seeks reimbursement in the Application were necessary for and beneficial to Debtors' orderly administration of their Chapter 11 Cases because, as the PCO identified in both his First Report and Second Report, the Debtors qualify as a "health care business" within the meaning of 11 U.S.C. § 101(27)(A). Under the circumstances of the Debtors' Chapter 11 Cases, I believe the appointment of a patient care ombudsman, and the services provided by the PCO, were necessary to the administration of the Debtors' estates. Additionally, the services performed by the PCO appear to me to be adequately documented, and I also believe the fees and expenses are reasonable within the meaning of 11 U.S.C. § 330, and in the best interests of the Debtors' estates.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 28th day of October 2025.

/s/ Michael Carmel
MICHAEL CARMEL, CHAPTER 11 TRUSTEE

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning(s) ascribed to them in the Application.