NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 25-10341-nmc    Chapter: 11    Hearing Date/Time: 12/9/2025 09:30

Debtor: NuMale Corporation

Applicant: Burr & Forman LLP

Date of Employment: May 29, 2025

Interim Fee Application No: _____    OR    Final Fee Application 1

**Amounts Requested:**    Client Approval: Yes ☑ No ☐

**Fees:** $ 13,569.00

**Expenses:** $ 0.74

**Total:** $ 13,569.74

Hours: 24.50    Blended Rate: $ 553.84

Fees Previously Requested: $ 0.00    Awarded: $ 0.00

Expenses Previously Requested: $ 0.00    Awarded: $ 0.00

Total Previously Requested: $ 0.00    Awarded: $ 0.00

Total Amount Paid: $ 0.00

**Chapter 13 Cases ONLY:**

Yes ☐ No ☐  Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐ No ☐  Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

/s/ Mary Langsner    Date 11/4/2025

Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF BURR & FORMAN LLP AS SPECIAL COUNSEL TO CHAPTER 11 ESTATE FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF <u>EXPENSES</u>**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC,

NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through undersigned counsel, respectfully submits the first and final application (the "Application") of estate special counsel Burr & Forman LLP ("Burr & Forman") pursuant to Sections[1] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016, for the allowance of compensation for professional services performed by Burr & Forman for the estate of NuMale Corporation, and for reimbursement of its actual and necessary expenses incurred therein, during May 29, 2025, through October 24, 2025 (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein, the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith; the declaration of Emily C. Taube, Esq. (the "Taube Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the time of hearing on the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

On January 22, 2025 ("Petition Date"), a voluntary petition was filed under Chapter 11 of the Bankruptcy Code in this Court by NuMale Corporation (the "Debtor"), along with the Debtors affiliates, thereby commencing the lead Case 25-10341- NMC. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, Burr & Forman consents to the entry of final orders and judgments by the bankruptcy Judge as to the matters at issue in this Application. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; all references to "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

## II.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors including Debtor NuMale Corporation ("NuMale Corp.") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 132.

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. On September 4, 2025, this Court entered its *Order Approving Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* [ECF No. 581] (the "Employment Order"), which granted the *Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* [ECF No. 417] ("Employment Application").

9. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

10. The Plan was confirmed. See ECF No. 727 ("Confirmation Order").

11. Under the Plan, an Administrative Claim[2] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." See ECF No. 434 at § 1.1.10.

12. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." See ECF No. 434 at § 1.1.106.

13. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." See ECF No. 434 at § 1.1.9.

14. The Plan's Effective Date occurred October 24, 2025. See ECF No. 762 ("Effective Date Notice").

15. As such, this Application is timely.

## III.
## RELIEF REQUESTED

16. This Application is the first and final fee application for allowance of compensation for services rendered and reimbursement of expenses incurred by Burr & Forman in the Chapter 11 Cases. This Application covers the Application Period of May 29, 2025, to October 24, 2025.[3] During the Application Period, Burr & Forman requests allowance of total compensation of $13,569.00 in fees for services rendered, and reimbursement of total expenses of $0.74 incurred in connection with services provided, for a total award requested of $13,569.74. Burr & Forman attorneys and paraprofessionals expended a total of 24.5 hours for

---

[2] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

[3] For the avoidance of doubt, the amount of $337.50 incurred on May 28, 2025, has been written off and, though reflected in the invoices and exhibits to the Taube Decl., is not sought to be paid. The total amounts set forth herein are ***net of*** this voluntary reduction by Burr & Forman. See Taube Decl. ¶ 7.

which compensation is sought (including the 0.5 hours incurred on May 28, 2025, which was no-charged). Based upon 24.5 total hours worked, Burr & Forman seeks compensation at an effective blended hourly rate of $553.84. *See* Taube Decl. ¶¶ 6, 8.

17. **Exhibit "1"** to the Taube Decl. provides a summary of professional services rendered, which summary identifies the professionals who rendered services during the Application Period, the total hours expended by each professional, and each professional's hourly rate. *See* Taube Decl. ¶ 9.

18. **Exhibit "2"** to the Taube Decl. identifies and provides chronologically for the Application Period: (a) the dates on which Burr & Forman performed professional services for the NuMale Corp. estate; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category and include a summary by each professional and task code, as well as a detailed listing. *See* Taube Decl. ¶ 10.

19. **Exhibit "3"** to the Taube Decl. contains a summary of actual and necessary out-of-pocket expenses incurred and paid by Burr & Forman during the Application Period in its representation of NuMale Corp., as well as a breakdown by category. *See* Taube Decl. ¶ 11.

20. This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[4] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[5] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

### IV.
### TASKS PERFORMED BY RUBINBROWN DURING THE APPLICATION PERIOD

---

[4] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025).

[5] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

  <u>Case Administration</u>. Burr & Forman billed 4.0 hours ($1,934.50, less a $337.50 voluntary reduction, for a total of $1,597.00 for which compensation is actually sought) during the Application Period relating to administration of the case.

  <u>Burr & Forman Retention & Compensation and Fee Applications (B160)</u>. Burr & Forman billed 11.1 hours ($6,165.00) during the Application Period relating to its retention application and preparing the final fee application, including the Application, Taube Decl., and supporting exhibits.

  <u>Other Contested Matters (B190).</u> Burr & Forman billed 9.2 ($5,717.00) during the Application Period relating to special litigation proceedings in the District Court for the Eastern District of North Carolina, Case No. 7:24-cv-00927-D-RN, *The N2 Company v. NuMale Medical Center, LLC and NuMale Corporation* ("<u>EDNC Litigation</u>").

  <u>Plan and Disclosure Statement (B320).</u> Burr & Forman billed 0.2 ($90.00) during the Application Period relating to reviewing the confirmed plan and fee application filing deadline. *See* Taube Decl. ¶ 12.

V.<br>
<u>ANALYSIS</u>

A. <u>Applicable Legal Standard.</u>

  Section 330 of the Bankruptcy Code provides that a court may award a professional employed pursuant to Section 327 of the Bankruptcy Code "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) of the Bankruptcy Code provides that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including the following:

  (A) the time spent on such services;

  (B) the rates charged for such services;

  (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

A customary review of a fee application starts with a determination of the "lodestar," by multiplying a reasonable number of hours expended by a reasonable hourly rate. See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 960 (9th Cir. 1991); In re Powerine Oil Co., 71 B.R. 767, 770-71 (B.A.P. 9th Cir. 1986) (quoting In re Yermakov, 718 F.2d 1465, 1471 (9th Cir. 1983)) (other citations omitted).

B. **The Fees Requested Should Be Allowed.**

Burr & Forman's requested professional compensation during the Application Period is fair and reasonable under the circumstances of its retention as special litigation counsel for the NuMale Corp. estate in connection with the EDNC Litigation. Each Burr & Forman professional and paraprofessional brought a high level of expertise and experience that inured to the benefit of the Estate. Emily C. Taube was the lead counsel on this matter, and she has practiced bankruptcy law for more than twenty-seven (27) years. See Taube Decl. ¶ 13.

The professional services performed by Burr & Forman were necessary and appropriate to the administration of the NuMale Corp. estate and were in the best interests of this estate, all creditors, and all parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved. The professional services were performed expeditiously, thoroughly, and in an efficient manner. Burr & Forman submits that its fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive legal market. Burr &

Forman also has carefully reviewed the detailed time records submitted with the Application and exercised appropriate billing judgment and requests that the compensation requested therein, the amount of $13,569.00 in compensation plus expense reimbursement of $0.74 for a total of $13,569.74, be approved in its entirety on a final basis. *See* Taube Decl. ¶ 14.

Burr & Forman has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which Burr & Forman is seeking compensation and reimbursement as set forth in this Application, except as permitted by Section 504(b)(1) of the Bankruptcy Code. *See* Taube Decl. ¶ 15.

The professional fees for legal services rendered are reasonable, actual and necessary under the circumstances of NuMale Corp.'s Chapter 11 Case as well as the EDNC Litigation and therefore should be allowed. *See* Taube Decl. ¶ 16. *See* Carmel Decl. ¶ 5.

C.      **The Expense Requested Should Be Allowed.**

The expense for which reimbursement is sought is not included in Burr & Forman's overhead, and is not, therefore, a part of the hourly rates charged by Burr & Forman. The expense that Burr & Forman incurred and paid during the Application Period was actual and necessary under the circumstances of the litigation, and the reimbursement to Burr & Forman for such expense is appropriate and should be allowed. *See* Taube Decl. ¶ 17.

## VIII.
## CONCLUSION

WHEREFORE, Burr & Forman requests that the Court enter an order, substantially in the form attached hereto as **Exhibit "1"**, thereby ordering as follows:

1.      For the Application Period, allowing Burr & Forman total professional compensation of $13,569.00 for services rendered, plus expense reimbursement of $0.74, for a grand total of $13,569.74, and further finding that such fees and expenses are all reasonable, actual and necessary pursuant to 11 U.S.C. § 330, and allowing them in the entirety on a final basis;

2.      Authorizing, empowering, and directing Michael Carmel, the Chapter 11 Trustee for the Debtors' Estates, and the sole person with control and authority over each of the

Reorganized Debtors and their property, to pay Burr & Forman the fees and expenses allowed upon the entry of the Order and in connection with the confirmed Plan; and

    3.    Granting such other and further relief as is just and proper.

Dated this 4th day of November 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

*Attorneys for Michael Carmel, Chapter 11 Trustee*