GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☒ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE ALL DEBTORS,<br>Debtors. | Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**DECLARATION OF EMILY C. TAUBE, ESQ. IN SUPPORT OF
FIRST AND FINAL FEE APPLICATION OF BURR & FORMAN LLP AS SPECIAL
COUNSEL TO CHAPTER 11 ESTATE FOR THE ALLOWANCE OF COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES**

63350327 v1

I, Emily C. Taube, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *First and Final Fee Application of Burr & Forman LLP as Special Counsel to Chapter 11 Estate for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

3. I am a partner with Burr & Forman LLP ("Burr & Forman"). Burr & Forman maintains offices in eight states, including North Carolina. My partner, Kristen Peters Watson, Esq., is licensed to practice in North Carolina.

4. On July 30, 2025, the Trustee filed the *Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* [ECF No. 417].

5. On September 4, 2025, the Court entered an *Order Approving Application to Employ Burr & Forman as Special Counsel to the Chapter 11 Estate* [ECF No. 581].

6. The Application is the first and final fee application for allowance and compensation for services rendered and reimbursement of expenses incurred by Burr & Forman in connection with its retention by NuMale Corp. as special litigation counsel in the EDNC Litigation. The Application covers the period of May 29, 2025, through October 24, 2025 (the "Application Period"). Burr & Forman requests allowance of total compensation of $13,569.00 in fees for services rendered, and reimbursement of total expenses of $0.74 incurred in connection with services provided, for a total award requested of $13,569.74.

7. For the avoidance of doubt, the amount of $337.50 incurred on May 28, 2025, has been written off and, though reflected in the attached invoices, is not sought to be paid. The total amounts set forth herein and in the Application are net of this voluntary reduction.

8. Burr & Forman attorneys and paraprofessionals expended a total of 24.5 hours for which compensation is sought (including the 0.5 hours incurred on May 28, 2025, which was no-

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meanings ascribed to them in the Application.

2

63350327 v1

charged). Based upon 24.5 total hours worked, Burr & Forman seeks compensation at an effective blended hourly rate of $553.84.

9. Attached hereto as **Exhibit 1** is a summary of professional services rendered, which summary identifies the professionals who rendered services during the Application Period, the total hours expended by each professional, and each professional's hourly rate.

10. **Exhibit 2** hereto identifies and provides chronologically for the Application Period: (a) the dates on which Burr & Forman performed professional services for the NuMale Corp. estate; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performed such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category and include a summary by each professional and task code, as well as a detailed listing.

11. Attached hereto as **Exhibit 3** is a summary of actual and necessary out-of-pocket expenses incurred and paid by Burr & Forman during the Application Period in its representation of NuMale Corp., as well as a breakdown by category.

12. Tasks performed during the Application Period include:

Case Administration. Burr & Forman billed 4.0 hours ($1,934.50, less a $337.50 voluntary reduction, for a total of $1,597.00 for which compensation is actually sought) during the Application Period relating to administration of the case.

Burr & Forman Retention & Compensation and Fee Applications (B160). Burr & Forman billed 11.1 hours ($6,165.00) during the Application Period relating to its retention application and preparing the final fee application, including the Application, Taube Decl., and supporting exhibits.

Other Contested Matters (B190). Burr & Forman billed 9.2 ($5,717.00) during the Application Period relating to special litigation proceedings in the District Court for the Eastern District of North Carolina, Case No. 7:24-cv-00927-D-RN, *The N2 Company v. NuMale Medical Center, LLC and NuMale Corporation* ("EDNC Litigation").

3

<u>Plan and Disclosure Statement (B320).</u>  Burr & Forman billed 0.2 ($90.00) during the Application Period relating to reviewing the confirmed plan and fee application filing deadline.

13. Burr & Forman's requested professional compensation during the Application Period is fair and reasonable under the circumstances of its retention as special litigation counsel for the NuMale Corp. estate in connection with the EDNC Litigation.  Each Burr & Forman professional and paraprofessional brought a high level of expertise and experience that inured to the benefit of the Estate.  I am the lead counsel on this matter; I have practiced bankruptcy law for more than twenty-seven (27) years.

14. The professional services performed by Burr & Forman were necessary and appropriate to the administration of the NuMale Corp. estate and were in the best interests of this estate, all creditors, and all parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  The professional services were performed expeditiously, thoroughly, and in an efficient manner. Burr & Forman submits that its fees are reasonable based on the customary compensation charged by comparably skilled practitioners in a competitive legal market.  Burr & Forman also has carefully reviewed the detailed time records submitted with the Application and exercised appropriate billing judgment and requests that the compensation requested therein, the amount of $13,569.00 in compensation plus expense reimbursement of $0.74 for a total of $13,569.74, be approved in its entirety on a final basis.

15. Burr & Forman has not entered into any arrangement or agreement with any person or entity with respect to the sharing of fees and expenses for which Burr & Forman is seeking compensation and reimbursement as set forth in this Application, except as permitted by Section 504(b)(1) of the Bankruptcy Code. *See* Taube Decl. ¶ 15.

16. The professional fees for legal services rendered are reasonable, actual and necessary under the circumstances of NuMale Corp.'s Chapter 11 Case as well as the EDNC Litigation and therefore should be allowed.  *See* Taube Decl. ¶ 16.

63350327 v1

17. The expense for which reimbursement is sought is not included in Burr & Forman's overhead, and is not, therefore, a part of the hourly rates charged by Burr & Forman. The expense that Burr & Forman incurred and paid during the Application Period was actual and necessary under the circumstances of the litigation, and the reimbursement to Burr & Forman for such expense is appropriate and should be allowed.

18. The professional fees for legal services rendered, and the expense incurred, are all reasonable, actual, and necessary under the circumstances and should be allowed in the entirety.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 4th day of November, 2025.

/s/ Emily C. Taube
EMILY C. TAUBE

63350327 v1