NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 25-10341-nmc    Chapter: 11    Hearing Date/Time: 12/9/2025 09:30

Debtor: NuMale Corporation

Applicant: J.S. Held LLC

Date of Employment: August 12, 2025

Interim Fee Application No: _____    OR    Final Fee Application   X

**Amounts Requested:**    Client Approval: Yes ☑  No ☐

**Fees:**     $ 157,701.00

**Expenses:** $ 0.00

**Total:**    $ 157,701.00

Hours: 447.90    Blended Rate: $ 352.09

Fees Previously Requested: $ 0.00    Awarded: $ 0.00

Expenses Previously Requested: $ 0.00    Awarded: $ 0.00

Total Previously Requested: $ 0.00    Awarded: $ 0.00

Total Amount Paid: $ 0.00

**Chapter 13 Cases ONLY:**

Yes ☐  No ☐   Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____.

Yes ☐  No ☐   Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

/s/ Mary Langsner    Date 11/07/2025

Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF J.S. HELD LLC AS FINANCIAL ADVISOR AND ACCOUNTANT TO THE CHAPTER 11 ESTATES FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits the first and final application (the "Application") pursuant to Sections[1] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016 for the allowance of compensation for professional services performed by J.S. Held LLC ("JSH"), as financial advisor and accountant to the estates during August 12, 2025, through October 24, 2025 (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein; the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith; the declaration of Peter Davis (the "Davis Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the hearing on the Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

JSH was employed by the estates at a time when the Debtors' former principal and Chief Financial Officer, and others, had been terminated for cause. JSH was hired to assist the Trustee with an investigation into the Debtors' financial affairs, to prepare monthly operating reports for the Debtors, and to provide financial advisory services in the lead-up to Plan confirmation and a Section 363 Sale of assets. Amidst all that, at the time JSH was hired the Debtors' former principal and officer, and others working in concert with them, intentionally interfered with the Debtors' business and clinic operations, causing the Trustee and those working under his auspice at the clinics to find and implement solutions to operational concerns, which necessarily also took the time and attention of in-house clinic staff (who would have otherwise been available to assist with accounting matters). Amidst this milieu, JSH stood in, and provided resources and accounting

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

support that enabled the Debtors to ultimately operate until the closing of a successful 363 Sale, and a successful Plan confirmation. Without doubt, JSH's services were timely, appropriate, and necessary, and benefited the Debtors and their estates.

## II.
## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

| | |
|---|---:|
| Application Period Fees Earned | $162,701.00 |
| Courtesy Discount | ($5,000.00) |
| Application Period Fees Requested | $157,701.00 |
| Application Period Expenses Requested | $0.00 |
| Application Period Total | $157,701.00 |
| Application Period Number of Hours | 447.9 |
| Application Period Blended Hourly Rate | $352.09 |
| Invoices substantiating Amounts Requested, with breakdown by timekeeper | Davis Decl. **Exhibit "1"** |

## III.
## SUMMARY OF RELIEF REQUESTED

1.  This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[2] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[3] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

2.  This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by JSH in the Chapter 11 Cases. This Application covers the period of August 12, 2025, through October 24, 2025 (the Application Period). *See* Davis Decl. ¶ 6.

3.  Pursuant to this Application, JSH requests allowance of compensation of **$157,701.00** and reimbursement of expenses of **$0.00** in connection with services provided during the Application Period (for a total of **$157,701.00** requested herein). This is net of a courtesy

---

[2] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025)

[3] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

discount of $5,000.00. During the Application Period, JSH timekeepers spent a total of 447.9 hours, incurring $162,701.00 in fees and $0.00 in expenses, which, after a courtesy discount of $5,000.00, results in a total requested in this Application of $157,701.00. *See* Davis Decl. ¶ 7. Invoices detailing the time incurred are attached as composite **Exhibit "1"** to the Davis Decl. (collectively, the "<u>Invoices</u>").

4. **Exhibit "1"** to the Davis Decl. identifies and provides chronologically throughout the Application Period: (a) the dates on which JSH performed professional services for the Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. *See* Davis Decl. ¶ 8.

5. During the Application Period, JSH's professionals expended a total of 447.9 hours at a blended rate of $352.09. *See* Davis Decl. ¶ 9.

6. The fees charged by JSH are billed in accordance with its existing procedures in effect during the Application Period. JSH submits that its fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive market. *See* Davis Decl. ¶ 10.

7. Additionally, a courtesy discount of $5,000.00 was taken in Mr. Davis's billing discretion. *See* Davis Decl. ¶ 11.

8. As reflected in **Exhibit "1"** to the Davis Decl., no actual and necessary out-of-pocket expenses were incurred and paid by JSH during the Application Period; as such, no expense reimbursement is requested through this Application. *See* Davis Decl. ¶ 12.

9. Additionally, the Invoices attached as **Exhibit "1"** to the Davis Decl. break down, by timekeeper and task code, the extensive work performed, *see* Davis Decl. ¶ 13, which, without question, benefited the Debtors, their estates, creditors, and all parties-in-interest.

### IV.
### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue

of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 328, 330, 331, 503, 507, 1107, 1108, and 105 of the Bankruptcy Code and Bankruptcy Rule 2016. Pursuant to Local Rule 9014.2, the Trustee and JSH consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## V.
## PERTINENT FACTS

10. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

11. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

12. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 132.

13. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

14. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

15. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

16. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

17. On July 21, 2025, this Court entered its *Order Granting Application to Employ J.S. Held LLC as Financial Advisor and Accountant to the Chapter 11 Estates* [ECF No. 620] (the "Employment Order"), which granted the *Application to Employ J.S. Held LLC as Financial Advisor and Accountant to the Chapter 11 Estates* [ECF No. 496] (collectively with ECF Nos. 497, 498, 562, and 563, the "Employment Application").

18. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

19. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

20. Under the confirmed Plan, an Administrative Claim[4] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." *See* ECF No. 434 at § 1.1.10.

21. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." *See* ECF No. 434 at § 1.1.106.

22. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* ECF No. 434 at § 1.1.9.

23. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762 ("Notice of Effective Date").

---

[4] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

24. The Application is timely as it is on file filed prior to the Administrative Claim Bar Date.

## VI.
## TASKS PERFORMED DURING THE APPLICATION PERIOD

During the Application Period, JSH performed actual and necessary services for the estate as set forth in detail in **Exhibit "1"** to the Davis Decl., which includes time spent in accounting, with data preservation, attending to and preparing Monthly Operating Reports, assisting with the Trustee's investigation, fielding information requests, and performing financial analysis. Time was also spent on JSH's Employment Application and this Application. Additionally, JSH's October invoice reflects the significant effort necessary to make adjustments to the accounting records to more accurately reflect the activities of the Debtor entities on an accrual as opposed to a cash basis, following Ms. Triplett's termination for cause. *See* Davis Decl. ¶ 14.

## VII.
## ACTUAL AND NECESSARY DISBURSEMENTS

JSH did not incur any out-of-pocket expenses during the Application Period. *See* **Exhibit 1** to the Davis Decl. As such, no reimbursement to JSH for expenses is requested herein. *See* Davis Decl. ¶ 15.

## VIII.
## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

Section 331 provides that a professional employed under Section 327 may apply to the Court "not more than 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title." 11 U.S.C. § 331. The Court may allow and disburse requested compensation and reimbursements following notice and a hearing. *See id.* Here, more than 120 days have passed since the Petition Date. Thus this Application is proper and timely. Additionally, the Administrative Claim Bar Date under the confirmed Plan has not yet passed. Accordingly, this Application is timely within the deadlines set forth in the confirmed Plan.

Section 330 provides that a Court may award a professional employed pursuant to Section 327 "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) elaborates that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" each of the following:

    (A)  the time spent on such services;

    (B)  the rates charged for such services;

    (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). In addition, a bankruptcy court examines the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

    (a)  Were the services authorized?

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

8

(b) Were the services necessary or beneficial to the administration of the estate at the time they were rendered?

(c) Are the services adequately documented?

(d) Are the fees required reasonable, taking into consideration the factors set forth in section 330(a)(3)?

(e) In making the determination, the court must consider whether the professional exercised reasonable billing judgment.

*Id.*; *see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

JSH respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates. *See* Davis Decl. ¶ 16. Additionally, the services performed by JSH were authorized, they were adequately documented, and the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3). *See* Davis Decl. ¶ 17. JSH worked to anticipate and respond to the estates' multiple, urgent needs, and such services performed by JSH were necessary to and in the best interests of Debtors' estates. *See* Davis Decl. ¶ 18. *See* Carmel Decl. ¶ 5. Accordingly, JSH further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted. *See* Davis Decl. ¶ 19.

## VIII.
## CONCLUSION

WHEREFORE, JSH respectfully requests that the Court enter an order pursuant to Sections 330 and 331:

1. For the Application Period, approving on a final basis and allowing JSH professional compensation in the amount of $157,701.00 and reimbursement of actual and necessary expenses in the amount of $0.00 for a total of $157,701.00, awarded on a final basis;

2. Authorizing, empowering, and directing Michael Carmel, the Chapter 11 Trustee for the Debtors' Estates, and the sole person with control and authority over each of the Reorganized Debtors and their property, to immediately pay JSH the fees and expenses allowed upon the entry of the Order and in connection with the confirmed Plan; and

3. Granting such other and further relief as is just and proper.

Dated this 7th day of November 2025.

                                          GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Ch. 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000