GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: December 9, 2025 Hearing Time: 9:30 a.m. |

**DECLARATION OF PETER DAVIS IN SUPPORT OF
FIRST AND FINAL FEE APPLICATION OF J.S. HELD LLC AS FINANCIAL
ADVISOR AND ACCOUNTANT TO THE CHAPTER 11 ESTATES FOR THE
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES**

I, Peter Davis, CPA, ABV, CFF, CIRA, CTP, CFE, hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *First and Final Fee Application of J.S.. Held LLC as Financial Advisor and Accountant to the Chapter 11 Estates for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

3. I am a Senior Managing Director with J.S. Held LLC ("JSH"). JSH is a global consulting firm that maintains offices throughout North America and internationally. JSH's offices in Phoenix, Arizona, are at 2700 North Central Avenue, Suite 1275, Phoenix, AZ 85004.

4. JSH is an international consulting firm with a significant footprint in North America and a strong presence in the Southwest region. JSH has specialized expertise in complex situations and in high stakes matters demanding urgent attention, such as that of these Debtors.

5. Attached hereto as **Exhibit "1"** are true and correct copies of redacted invoices (collectively, the "Invoices") generated by JSH detailing the work performed by JSH in connection with its work as financial advisor and accountant to the Debtors' estates.

6. The Application is the first and final fee application for allowance of compensation and reimbursement of expenses filed by JSH in the Chapter 11 Cases. The Application covers the period of August 12, 2025, through October 24, 2025 (the Application Period).

7. Pursuant to the Application, JSH requests allowance of compensation of **$157,701.00** and reimbursement of expenses of **$0.00** in connection with services provided during the Application Period (for a total of **$157,701.00** requested in the Application). This is net of a courtesy discount of $5,000.00. During the Application Period, JSH timekeepers spent a total of 447.9 hours, incurring $162,701.00 in fees and $0.00 in expenses, which, after a courtesy discount of $5,000.00, results in a total requested in the Application of $157,701.00.

. . .

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning(s) ascribed to them in the Application.

8. **Exhibit "1"** hereto identifies and provides chronologically throughout the Application Period: (a) the dates on which JSH performed professional services for the Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.

9. During the Application Period, JSH's professionals expended a total of 447.9 hours at a blended rate of $352.09.

10. The fees charged by JSH are billed in accordance with its existing procedures in effect during the Application Period. JSH submits that its fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive market.

11. Additionally, a courtesy discount of $5,000.00 was taken in my billing discretion.

12. As reflected in **Exhibit "1"** hereto, no actual and necessary out-of-pocket expenses were incurred and paid by JSH during the Application Period; as such, no expense reimbursement is requested through the Application.

13. Additionally, the Invoices attached as **Exhibit "1"** hereto break down, by timekeeper and task code, the extensive work performed,

14. JSH performed actual and necessary services for the estate as set forth in detail in **Exhibit "1"** hereto, which includes time spent in accounting, with data preservation, attending to and preparing Monthly Operating Reports, assisting with the Trustee's investigation, fielding information requests, and performing financial analysis. Time was also spent on JSH's Employment Application and the Application. Additionally, JSH's October invoice reflects the significant effort necessary to make adjustments to the accounting records to more accurately reflect the activities of the Debtor entities on an accrual as opposed to a cash basis, following Ms. Triplett's termination for cause.

15. JSH did not incur any out-of-pocket expenses during the Application Period.

16. JSH respectfully submits that the services for which it seeks compensation in the Application were necessary for and beneficial to the orderly administration of the Debtors' estates.

17. JSH submits that the services it performed were authorize and adequately

documented, and the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3).

18. JSH worked to anticipate and respond to the estates' multiple, urgent needs, and I submit that such services performed by JSH were necessary to and in the best interests of Debtors' estates.

19. JSH further submits that the compensation requested in the Application is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 7th day of November 2025.

*/s/ Peter Davis*
PETER DAVIS