NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 25-10341-nmc    Chapter: 11    Hearing Date/Time: 12/9/2025 09:30

Debtor: NuMale Corporation

Applicant: Rodey, Dickason, Sloan, Akin, & Robb, P.A.

Date of Employment: May 1, 2025

Interim Fee Application No: _____    OR    Final Fee Application  X

**Amounts Requested:**    Client Approval: Yes ☑ No ☐

**Fees:** $ 33,736.13

**Expenses:** $ 26.00

**Total:** $ 33,762.13

Hours: 84.60    Blended Rate: $ 398.77

Fees Previously Requested: $ 0.00    Awarded: $ 0.00

Expenses Previously Requested: $ 0.00    Awarded: $ 0.00

Total Previously Requested: $ 0.00    Awarded: $ 0.00

Total Amount Paid: $ 0.00    No estate funds have been paid to the Applicant; however certain amounts have been remitted by Beazley in accordance with the Court's Employment Order [ECF No. 336], as detailed in the Application.

**Chapter 13 Cases ONLY:**

Yes ☐ No ☐  Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐ No ☐  Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

/s/ Mary Langsner    Date  11/07/2025

Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | | Lead Case No.: 25-10341-nmc |
|---|---|---|
| NUMALE CORPORATION, | | Chapter 11 |
| ☒ AFFECTS THIS DEBTOR, | | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☒ NUMALE NEW MEXICO SC, | | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☐ NUMALE ALL DEBTORS, | | |
| Debtors. | | Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits the first and final application (the "Application") pursuant to Sections[1] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016 for the allowance of compensation for professional services performed by Rodey, Dickason, Sloan, Akin, & Robb, P.A. ("Rodey Law"), as special litigation counsel to the estates in connection with the New Mexico State Court Case No. D-202-CV-202006336 and any appeal(s) therefrom or related thereto (collectively, the "Sanchez Litigation"), and for reimbursement of its actual and necessary expenses incurred therewith, during May 1, 2025, through October 24, 2025 (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein; the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith; the declaration of Edward Ricco (the "Ricco Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the time of hearing on the Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Rodey, Dickason, Sloan, Akin, & Robb, P.A. (the "Rodey Firm") was employed by the estate as special local litigation counsel to the estates of NuMale Corporation and NuMale New Mexico SC, in connection with the New Mexico State Court Case No. D-202-CV-202006336 and any appeal(s) therefrom or related thereto (collectively, the Sanchez Litigation). As set forth in the Rodey Firm's employment application papers and this Court's *Order Approving the Employment of Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the*

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

*Chapter 11 Estates* [ECF No. 336] ("Employment Order"), the Rodey Firm's fees and expense reimbursement are not being paid by any of the Debtors' estates but rather are paid by Certain Underwriters at Lloyd's London Syndicates 623/2623 (collectively, "Beazley"). Nevertheless, this Application is being filed for transparency, as a first and final fee application for the Rodey Firm in connection with its services as special litigation counsel to the estates in the Sanchez Litigation.

## II.
## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

| | |
|---|---:|
| Application Period Fees Earned | $31,774.40 |
| Courtesy Discount | ($428.40) |
| Application Period Fees Requested | $31,346.00 |
| New Mexico Gross Receipts Tax on Compensation Requested | $2,390.13 |
| Application Period Expenses Requested | $26.00 |
| Application Period Total | $33,762.13 |
| Application Period fees and costs already paid by Beazley[2] | $30,356.70 |
| Application Period fees and costs remaining unpaid | $3,405.43 |
| Application Period Number of Hours | 84.6 |
| Application Period Blended Hourly Rate | $398.77 |
| Invoices substantiating Amounts Requested | **Exhibit "1"** to Ricco Decl. |

## III.
## SUMMARY OF RELIEF REQUESTED

1. This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[3] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[4] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

---

[2] *See* Employment Order [ECF No. 336] at ¶ 4 ("Rodey Law shall be compensated for the services described in the Application in accordance with the procedures set forth in Sections 330 and 331, and any other applicable procedures and orders of the Court, and shall be paid exclusively by Beazley and not from estate funds.").

[3] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025)

[4] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

2.  This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by the Rodey Firm in the Chapter 11 Cases. This Application covers the period of May 1, 2025, through October 24, 2025 (the Application Period).

3.  Pursuant to this Application, the Rodey Firm requests allowance of compensation of **$33,736.13** (of which $2,390.13 is New Mexico Gross Receipts Tax incurred on the requested compensation), and reimbursement of expenses of **$26.00** in connection with services provided during the Application Period (for a total of **$33,762.13** requested herein). This is net of a courtesy discount of $428.40 for 1.4 hours of time that was no-charged. During the Application Period, the Rodey Firm's professionals expended a total of 84.6 hours (of which 1.4 was no-charged, leaving 83.2 hours for which compensation is sought). *See* Ricco Decl. ¶ 5. Invoices substantiating these billings are attached to the Ricco Decl. as **Exhibit "1"** (collectively, the "Invoices").

4.  **Exhibit "1"** to the Ricco Decl. identifies and provides chronologically throughout the Application Period: (a) the dates on which the Rodey Firm performed professional services for Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. *See* Ricco Decl. ¶ 6.

5.  During the Application Period, the Rodey Firm's professionals expended a total of 84.6 hours at a blended rate of $398.77. *See* Ricco Decl. ¶ 8.

6.  The fees charged by the Rodey Firm in connection with its representation of the estates are billed in accordance with the firm's existing procedures in effect during the Application Period. Such fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market. *See* Ricco Decl. ¶ 9.

7.  Additionally, a courtesy discount of 1.4 hours of attorney time was taken for certain services performed that related to a ministerial matter. *See* Ricco Decl. ¶ 10.

8.  **Exhibit "1"** to the Ricco Decl. details the actual and necessary out-of-pocket expenses incurred and paid by the Rodey Firm during the Application Period in its representation of the estates: Court filing fees, as reflected on Invoice No. 288647. *See* Ricco Decl. ¶ 11.

. . .

## IV.
## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).  Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 328, 330, 331, 503, 507, 1107, 1108, and 105 of the Bankruptcy Code and FED. R. BANKR. P. 2016.  Pursuant to Local Rule 9014.2, the Trustee and the Rodey Firm consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## V.
## PERTINENT FACTS

9. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases").  *See, e.g.*, ECF No. 1.

10. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*.  *See* ECF No. 130.

11. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates.  *See* ECF No. 132.

12. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates.  *See* ECF No. 140.

13. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment.  Later that same morning,

the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

14. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

15. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

16. On June 10, 2025, this Court entered its *Order Approving the Employment of Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 336] (the Employment Order), which granted the *Application to Employ Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 272] (and as thereafter supplemented through ECF Nos. 273, 274, 330, 331, 707, collectively, the "Employment Application").

17. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

18. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

19. Under the confirmed Plan, an Administrative Claim[5] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." *See* ECF No. 434 at § 1.1.10.

20. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the

---

[5] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." *See* ECF No. 434 at § 1.1.106.

21. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* ECF No. 434 at § 1.1.9.

22. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762 ("Notice of Effective Date").

23. Pursuant to the Employment Order, no estate funds will be used to pay the Rodey Firm's fees and expenses. However, given the Employment Order, this Application is submitted for transparency and clarity of the record.

24. The Application is timely as it is on file filed prior to the Administrative Claim Bar Date.

## VI.
## TASKS PERFORMED BY THE RODEY FIRM DURING THE APPLICATION PERIOD

The Rodey Firm performed actual and necessary services to the estates of NuMale Corporation and NuMale New Mexico SC, which are set forth in detail in the Invoices attached as **Exhibit 1** to the Ricco Decl. Additionally, the overall work carried out by the Rodey Firm in connection with the Sanchez Litigation can be summarized as follows:

- The Rodey Firm was contacted soon after the verdict was returned in the Sanchez Litigation in late November 2024. While the Rodey Firm's initial activities were to fend off the plaintiff's efforts to have an executable judgment entered expeditiously, the firm also addressed issues concerning pre- and post-judgment interest, the scope of liability for compensatory and punitive damages, and the proper form of judgment in post-trial motions and submissions as well as being involved in preparing a motion to stay enforcement of the judgment without bond pending the adjudication of anticipated post-trial motions. The Rodey Firm also reviewed in detail the full trial record plus key pleadings filed in the New Mexico State Court (for the Sanchez Litigation) and, based on that review, began to identify and evaluate potential grounds for post-trial relief from the verdict. The firm also prepared a motion for new trial or remittitur for

filing following entry of judgment in the Sanchez Litigation. Most recently, the Rodey Firm also evaluated certain documents to be filed in connection with the Global Settlement (which was a cornerstone of the confirmed Plan). Much of the firm's work in the Sanchez Litigation was in conjunction with counsel from Paul, Weiss, Rifkind, Wharton & Garrison LLP, although the Rodey Firm also handled filings in the Sanchez Litigation and dialogue with opposing counsel in that case. Time was also spent addressing the firm's employment by the estates and this Application, and evaluating bankruptcy-related matters.

See Ricco Decl. ¶ 13.

## VII.
## ACTUAL AND NECESSARY DISBURSEMENTS

The Rodey Firm has incurred and paid out-of-pocket expenses totaling $26.00 during the Application Period. See **Exhibit 1** to Ricco Decl. at Invoice No. 288647. These include Court filing fees. The Rodey Firm charges all costs at the actual cost, without any profit on such expenses. See Ricco Decl. ¶ 14.

The Rodey Firm submits that the expenses that it has incurred and paid in rendering special litigation services to the estates during the Application Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to the Rodey Firm for such expenses is appropriate and should be allowed, and is appropriately paid by Beazley. See Ricco Decl. ¶ 15.

## VIII.
## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

Section 331 provides that a professional employed under Section 327 may apply to the Court "not more than 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title." 11 U.S.C. § 331. The Court may allow and disburse requested compensation and reimbursements following notice and a hearing. See id. Here, more than 120 days have passed

since the Petition Date, and more than 120 days have passed since the Rodey Firm was employed. Thus this Application is proper and timely. Additionally, the Administrative Claim Bar Date under the confirmed Plan has not yet passed. Accordingly, this Application is timely within the deadlines set forth in the confirmed Plan, even though no estate funds will be used to pay the Rodey Firm's compensation or expenses.

Section 330 provides that a Court may award a professional employed pursuant to Section 327 "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) elaborates that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" each of the following:

 (A) the time spent on such services;

 (B) the rates charged for such services;

 (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

 (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

 (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

 (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). In addition, a bankruptcy court examines

the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet),* 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

    (a)  Were the services authorized?

    (b)  Were the services necessary or beneficial to the administration of the estate at the time they were rendered?

    (c)  Are the services adequately documented?

    (d)  Are the fees required reasonable, taking into consideration the factors set forth in section 330(a)(3)?

    (e)  In making the determination, the court must consider whether the professional exercised reasonable billing judgment.

*Id.; see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

In the instant case, although the estates will not be paying any of the fees or expenses requested through the Application, the Rodey Firm respectfully submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for and beneficial to Debtors' orderly administration of their estates. *See* Ricco Decl. ¶ 16. Additionally, the services performed by the Rodey Firm were authorized, they were adequately documented, and although the estates will not be paying any of the fees or expenses requested through the Application, the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3). *See* Ricco Decl. ¶ 17. The Rodey Firm worked to anticipate and respond to the estates' needs in the Sanchez Litigation, and such services and expenses were necessary to and in the best interests of Debtors' estates. *See* Ricco Decl. ¶18_. *See* Carmel Decl. ¶ 5. Accordingly, the Rodey Firm further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted. *See* Ricco Decl. ¶ 19.

. . .

# VIII.
# CONCLUSION

WHEREFORE, the Rodey Firm respectfully requests that the Court enter an order pursuant to Sections 330 and 331:

1. For the Application Period, allowing the Rodey Firm professional compensation in the amount of $33,736.13 (of which $2,390.13 is New Mexico Gross Receipts Tax incurred on the requested compensation), and reimbursement of actual and necessary expenses in the amount of $26.00 for a total of **$33,762.13**, awarded on a final basis and paid by Beazley directly;

2. Ratifying all payments made by Beazley to date for services performed during the Application Period, on a final basis; and

3. Ratifying Beazley's authority to immediately remit any unpaid fees and expenses for the Chapter 11 Cases to the Rodey Firm (including the remaining balance of $3,405.43) directly, without further order of this Court; and

4. Granting such other and further relief as is just and proper.

Dated this 7th day of November 2025.

> GARMAN TURNER GORDON LLP
>
> By: */s/ Mary Langsner*
>     GREGORY E. GARMAN, ESQ.
>     TALITHA GRAY KOZLOWSKI, ESQ.
>     MARY LANGSNER, Ph.D.
>     7251 Amigo Street, Suite 210
>     Las Vegas, Nevada 89119
>
>     *Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

11