GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☒ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |
|---|---|

**DECLARATION OF EDWARD RICCO IN SUPPORT OF
FIRST AND FINAL FEE APPLICATION OF RODEY, DICKASON, SLOAN, AKIN &
ROBB, P.A. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES
FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES**

I, Edward Ricco, Esq., hereby declare as follows:

1.      I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so.

2. I make this declaration in support of the *First and Final Fee Application of Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

3. I am an attorney licensed to practice law in the State of New Mexico, Bar No. 2194. I am a shareholder and director of Rodey, Dickason, Sloan, Akin, & Robb, P.A. ("Rodey Firm"). Rodey Law maintains offices in Albuquerque and Santa Fe, New Mexico.

4. I am admitted to practice law before all New Mexico state courts, the United States District Court for the District of New Mexico, the United States Court of Federal Claims, the United States Court of Appeals for the First, Ninth, Tenth and District of Columbia Circuits, and the United States Supreme Court.

5. Pursuant to the Application, the Rodey Firm requests allowance of compensation of **$33,736.13** (of which $2,390.13 is New Mexico Gross Receipts Tax incurred on the requested compensation), and reimbursement of expenses of **$26.00** in connection with services provided during the Application Period (for a total of **$33,762.13** requested herein). This is net of a courtesy discount of $428.40 for 1.4 hours of time that was no-charged. During the Application Period, the Rodey Firm's professionals expended a total of 84.6 hours (of which 1.4 was no-charged, leaving 83.2 hours for which compensation is sought).

6. Attached hereto as **Exhibit "1"** are true and correct, redacted copies of Invoices generated by the Rodey Firm.

7. **Exhibit "1"** hereto identifies and provides chronologically throughout the Application Period: (a) the dates on which the Rodey Firm performed professional services for Debtors; (b) each person performing such services; (c) the amount of time spent by each person

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning(s) ascribed to them in the Application.

on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.

8. During the Application Period, the Rodey Firm's professionals expended a total of 84.6 hours at a blended rate of $398.77.

9. The fees charged by the Rodey Firm in connection with its representation of the estates are billed in accordance with the firm's existing procedures in effect during the Application Period. Such fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market.

10. Additionally, a courtesy discount of 1.4 hours of attorney time was taken for certain services performed that related to a ministerial matter.

11. **Exhibit "1"** hereto also details the actual and necessary out-of-pocket expenses incurred and paid by the Rodey Firm during the Application Period in its representation of the estates: Court filing fees, as reflected on Invoice No. 288647.

12. The Rodey Firm performed actual and necessary services to the estates of NuMale Corporation and NuMale New Mexico SC, which are set forth in detail in the Invoices attached as **Exhibit 1** hereto.

13. Additionally, the overall work carried out by the Rodey Firm in connection with the Sanchez Litigation can be summarized as follows:

- The Rodey Firm was contacted soon after the verdict was returned in the Sanchez Litigation in late November 2024. While the Rodey Firm's initial activities were to fend off the plaintiff's efforts to have an executable judgment entered expeditiously, the firm also addressed issues concerning pre- and post-judgment interest, the scope of liability for compensatory and punitive damages, and the proper form of judgment in post-trial motions and submissions as well as being involved in preparing a motion to stay enforcement of the judgment without bond pending the adjudication of anticipated post-trial motions. The Rodey Firm also reviewed in detail the full trial record plus key pleadings filed in the New Mexico State Court (for the Sanchez Litigation) and, based on that review, began to identify and evaluate potential grounds for post-trial relief from the verdict. The firm also

prepared a motion for new trial or remittitur for filing following entry of judgment in the Sanchez Litigation. Most recently, the Rodey Firm also evaluated certain documents to be filed in connection with the Global Settlement (which was a cornerstone of the confirmed Plan). Much of the firm's work in the Sanchez Litigation was in conjunction with counsel from Paul, Weiss, Rifkind, Wharton & Garrison LLP, although the Rodey Firm also handled filings in the Sanchez Litigation and dialogue with opposing counsel in that case. Time was also spent addressing the firm's employment by the estates and this Application, and evaluating bankruptcy-related matters.

14.  The Rodey Firm incurred and paid out-of-pocket expenses totaling $26.00 during the Application Period. These include Court filing fees. The Rodey Firm charges all costs at the actual cost, without any profit on such expenses.

15.  The Rodey Firm submits that the expenses that it has incurred and paid in rendering special litigation services to the estates during the Application Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to the Rodey Firm for such expenses is appropriate and should be allowed, and is appropriately paid by Beazley.

16.  Although the estates will not be paying any of the fees or expenses requested through the Application, the Rodey Firm respectfully submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for and beneficial to Debtors' orderly administration of their estates.

17.  Additionally, the Rodey Firm submits that the services performed by the Rodey Firm were authorized, they were adequately documented, and although the estates will not be paying any of the fees or expenses requested through the Application, the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3).

18.  The Rodey Firm worked to anticipate and respond to the estates' needs in the Sanchez Litigation, and such services and expenses were necessary to and in the best interests of Debtors' estates.

19.  Accordingly, the Rodey Firm further submits that the compensation requested in the Application is reasonable in light of the nature, extent, and value of such services to Debtors, their

estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 7th day of November 2025.

                                              */s/ Edward Ricco*
                                              EDWARD RICCO, ESQ.