NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 25-10341-nmc    Chapter: 11    Hearing Date/Time: 12/9/2025 09:30

Debtor: NuMale Corporation

Applicant: McAfee & Taft

Date of Employment: June 1, 2025

Interim Fee Application No: _____    OR    Final Fee Application   X

**Amounts Requested:**    Client Approval: Yes ☑ No ☐

**Fees:**        $ 24,221.00

**Expenses:**    $ 103.40

**Total:**       $ 24,324.40

Hours: 64.00    Blended Rate: $ 378.45

Fees Previously Requested: $ 0.00    Awarded: $ 0.00

Expenses Previously Requested: $ 0.00    Awarded: $ 0.00

Total Previously Requested: $ 0.00    Awarded: $ 0.00

Total Amount Paid: $ 0.00

**Chapter 13 Cases ONLY:**

Yes ☐ No ☐   Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐ No ☐   Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

/s/ Mary Langsner                                    Date  11/07/2025
Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,*
*Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF MCAFEE & TAFT AS SPECIAL COUNSEL FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the

"Debtors"), by and through its undersigned counsel, respectfully submits the first and final application (the "Application") pursuant to Sections[1] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016 for the allowance of compensation for professional services performed by McAfee & Taft ("McAfee & Taft"), as special counsel to the estates, and for reimbursement of its actual and necessary expenses incurred therewith, during June 1, 2025, through October 24, 2025 (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein; the declaration of Michael Carmel (the "Carmel Decl.") filed concurrently herewith; the declaration of Justin Hiersche, Esq. (the "Hiersche Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the time of hearing on the Application.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

McAfee & Taft was engaged by the NuMale Corporation estate for the purpose of aiding in the collection of that certain judgment rendered on or about August 25, 2022 ("Judgment") against Dr. Basel Hassoun ("Dr. Hassoun"), with Dr. Hassoun as judgment debtor in the case styled *Basel Hassoun, MD, v. NuMale Corporation*, Oklahoma County Case No. CJ-2020-206 (the "Oklahoma Lawsuit"). McAfee & Taft had, prepetition, undertaken state court collection activities including garnishments, levies, and hearings on assets to collect upon the Judgment against Dr. Hassoun. After the Debtors commenced these Chapter 11 Cases, and the Trustee was appointed, the Trustee engaged McAfee & Taft to proceed with collections on the Judgment against Dr. Hassoun, which collection efforts have been successful.

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

## II.
## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

| | |
|---|---:|
| Application Period Fees Earned | $25,931.00 |
| Courtesy Discount | ($1,710.00) |
| Application Period Fees Requested | $24,221.00 |
| Application Period Expenses Requested | $103.40 |
| Application Period Total | $24,324.40 |
| Application Period Number of Hours | 64.0 |
| Application Period Blended Hourly Rate | $378.45 |
| Summary of Amounts Requested | Hiersche Decl. **Exhibit "1"** |
| Invoice substantiating Amounts Requested | Hiersche Decl. **Exhibit "2"** |

## III.
## SUMMARY OF RELIEF REQUESTED

1. This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[2] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[3] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

2. This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by McAfee & Taft in the Chapter 11 Cases. This Application covers the period of June 1, 2025, through October 24, 2025 (the Application Period). *See* Hiersche Decl. ¶ 5.

3. Pursuant to this Application, McAfee & Taft requests allowance of compensation of **$24,221.00** and reimbursement of expenses of **$103.40** in connection with services provided during the Application Period (for a total of **$24,324.40** requested herein). This is net of a courtesy discount of $1,710.00. During the Application Period, McAfee & Taft timekeepers spent a total of 64.0 hours, incurring $25,931.00 in fees and $103.40 in expenses, which, after a courtesy

---

[2] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025)

[3] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

discount of $1,710.00, results in a total requested in this Application of $24,324.40. *See* Hiersche Decl. ¶ 6. A summary of all time including no-charged time is attached to the Hiersche Decl. as **Exhibit "1"**; the invoice detailing these billings is attached to the Hiersche Decl. as **Exhibit "2"** (the "Invoice").

4. **Exhibit "1"** to the Hiersche Decl. identifies and provides chronologically throughout the Application Period: (a) the dates on which McAfee & Taft performed professional services for the Debtor; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. *See* Hiersche Decl. ¶ 7.

5. During the Application Period, McAfee & Taft's professionals expended a total of 64.0 hours at a blended rate of $378.45. *See* Hiersche Decl. ¶ 8.

6. The fees charged by McAfee & Taft are billed in accordance with its existing procedures in effect during the Application Period. McAfee & Taft submits that its fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market. *See* Hiersche Decl. ¶ 9.

7. Additionally, a courtesy discount of $1,710.00 reflecting 3.8 hours of attorney time was taken in Mr. Hiersche's billing discretion. *See* Hiersche Decl. ¶ 10.

8. **Exhibit "2"** to the Hiersche Decl. details the actual and necessary out-of-pocket expenses incurred and paid by McAfee & Taft during the Application Period in its representation of the estate: Court filing fees and a shipping charge. *See* Hiersche Decl. ¶ 11.

## IV.
## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief sought herein arise from Sections 328, 330, 331, 503, 507,

1107, 1108, and 105 of the Bankruptcy Code and FED. R. BANKR. P. 2016. Pursuant to Local Rule 9014.2, the Trustee and McAfee & Taft consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## V.
## PERTINENT FACTS

9. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

10. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

11. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' Estates. *See* ECF No. 132.

12. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

13. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

14. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

15. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

16. On July 21, 2025, this Court entered its *Order Approving Application to Employ McAfee & Taft as Special Counsel to the Chapter 11 Estates* [ECF No. 405] (the "Employment Order"), which granted the *Application to Employ McAfee & Taft as Special Counsel to the Chapter 11 Estates* [ECF No. 349].

17. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

18. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

19. Under the confirmed Plan, an Administrative Claim[4] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." *See* ECF No. 434 at § 1.1.10.

20. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." *See* ECF No. 434 at § 1.1.106.

21. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* ECF No. 434 at § 1.1.9.

22. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762 ("Notice of Effective Date").

23. The Application is timely as it is on file filed prior to the Administrative Claim Bar Date.

. . .

---

[4] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

## VI.
## TASKS PERFORMED DURING THE APPLICATION PERIOD

During the Application Period, McAfee & Taft performed actual and necessary services for the estate as summarized on **Exhibit "1"** to the Hiersche Decl. and as itemized in detail on **Exhibit "2"** to the Hiersche Decl. The work performed by McAfee & Taft can be further described in summary as follows:

- McAfee & Taft engaged with Dr. Hassoun's counsel to obtain a consensual resolution for the release of a fifty-thousand dollar ($50,000.00) bond that was being held Oklahoma State District Court in relation to the Oklahoma Lawsuit ("Bond"). The Bond was released by Order of the Oklahoma County District Court (less approximately $300.00 in statutory poundage) in October of 2025. Additionally, McAfee & Taft recovered an immediate payment by Dr. Hassoun in the amount of $25,000.00 and procured Dr. Hassoun's agreement to pay an additional $16,500.00 on or before October 31, 2025. The Bond funds and voluntary payments have been tendered. Additionally, through McAfee & Taft's work, Dr. Hassoun has now agreed to the payback of nearly the full amount of the outstanding Judgment, including post-judgment interest payable by Dr. Hassoun, at amounts of $9,000.00 per month beginning November of 2025 and continuing through March of 2027. McAfee & Taft prepared an agreement with Dr. Hassoun to this effect which ensures that, upon receipt of the final payment by Dr. Hassoun in March of 2027, approximately $235,200.00 will have been paid over by Dr. Hassoun.

See Hiersche Decl. ¶ 12.

## VII.
## ACTUAL AND NECESSARY DISBURSEMENTS

McAfee & Taft has incurred and paid out-of-pocket expenses totaling $103.40 during the Application Period. See **Exhibit 2** to the Hiersche Decl. These include Court filing fees and a shipping cost. McAfee & Taft charges all costs at the actual cost, without any profit on such expenses. See Hiersche Decl. ¶ 13.

McAfee & Taft submits that the expenses that it has incurred and paid in rendering special litigation services to the estate during the Application Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to McAfee & Taft for such expenses is appropriate and should be allowed.  *See* Hiersche Decl. ¶ 14.

## VIII.
## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

Section 331 provides that a professional employed under Section 327 may apply to the Court "not more than 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title." 11 U.S.C. § 331.  The Court may allow and disburse requested compensation and reimbursements following notice and a hearing.  *See id.*  Here, more than 120 days have passed since the Petition Date.  Thus this Application is proper and timely.  Additionally, the Administrative Claim Bar Date under the confirmed Plan has not yet passed.  Accordingly, this Application is timely within the deadlines set forth in the confirmed Plan.

Section 330 provides that a Court may award a professional employed pursuant to Section 327 "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330(a)(3) elaborates that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" each of the following:

    (A)  the time spent on such services;

    (B)  the rates charged for such services;

    (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

  (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

  (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). In addition, a bankruptcy court examines the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

  (a) Were the services authorized?

  (b) Were the services necessary or beneficial to the administration of the estate at the time they were rendered?

  (c) Are the services adequately documented?

  (d) Are the fees required reasonable, taking into consideration the factors set forth in section 330(a)(3)?

  (e) In making the determination, the court must consider whether the professional exercised reasonable billing judgment.

*Id.*; *see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

McAfee & Taft respectfully submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the estates. *See* Hiersche Decl. ¶ 15. Additionally, the services performed by McAfee & Taft were authorized, they were adequately documented, and the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3). *See* Hiersche Decl. ¶ 16. McAfee & Taft worked to anticipate and respond to the estate's needs, and

9

such services and expenses were necessary to and in the best interests of Debtor's estate. *See* Hiersche Decl. ¶ 17. *See* Carmel Decl. ¶ 5. Accordingly, McAfee & Taft further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted. *See* Hiersche Decl. ¶ 18.

## VIII. CONCLUSION

WHEREFORE, McAfee & Taft respectfully requests that the Court enter an order pursuant to Sections 330 and 331:

1. For the Application Period, approving on a final basis and allowing McAfee & Taft professional compensation in the amount of $24,221.00 and reimbursement of actual and necessary expenses in the amount of $103.40 for a total of $24,324.40, awarded on a final basis;

2. Authorizing, empowering, and directing Michael Carmel, the Chapter 11 Trustee for the Debtors' Estates, and the sole person with control and authority over each of the Reorganized Debtors and their property, to immediately pay McAfee & Taft the fees and expenses allowed upon the entry of the Order and in connection with the confirmed Plan; and

3. Granting such other and further relief as is just and proper.

Dated this 7th day of November 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*