GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date:  December 9, 2025<br>Hearing Time:  9:30 a.m. |

**DECLARATION OF JUSTIN HIERSCHE, ESQ. IN SUPPORT OF
FIRST AND FINAL FEE APPLICATION OF MCAFEE & TAFT AS SPECIAL
COUNSEL FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

I, Justin Hiersche, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *First and Final Fee Application of McAfee & Taft as Special Counsel for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

2. I am a shareholder with the law firm McAfee & Taft ("McAfee & Taft") and am licensed to practice law in all state and federal courts in the State of Oklahoma. McAfee & Taft maintains offices at 8th Floor, Two Leadership Square, 211 N Robinson Avenue, Oklahoma City, Oklahoma, 73102.

3. Attached hereto as **Exhibit "1"** is a true and correct summary of the hours worked, compensation earned, expenses incurred, and time no-charged by McAfee & Taft in connection with its work as special litigation counsel to the NuMale Corporation estate.

4. Attached hereto as **Exhibit "2"** is a true and correct copy of a redacted complete invoice ("Invoice") generated by McAfee & Taft detailing the work performed by McAfee & Taft, and the expenses incurred, in connection with its work as special litigation counsel to the NuMale Corporation estate.

5. The Application is the first and final fee application for allowance of compensation and reimbursement of expenses filed on behalf of McAfee & Taft in the Chapter 11 Cases. The Application covers the period of June 1, 2025, through October 24, 2025 (the Application Period).

6. Pursuant to the Application, McAfee & Taft requests allowance of compensation of **$24,221.00** and reimbursement of expenses of **$103.40** in connection with services provided during the Application Period (for a total of **$24,324.40** requested in the Application). This is net of a courtesy discount of $1,710.00. During the Application Period, McAfee & Taft timekeepers spent a total of 64.0 hours, incurring $25,931.00 in fees and $103.40 in expenses, which, after a courtesy discount of $1,710.00, results in a total requested in the Application of $24,324.40.

7. **Exhibit "1"** hereto identifies and provides chronologically throughout the

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning(s) ascribed to them in the Application.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

2

Application Period: (a) the dates on which McAfee & Taft performed professional services for the Debtor; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.

8. During the Application Period, McAfee & Taft's professionals expended a total of 64.0 hours at a blended rate of $378.45.

9. The fees charged by McAfee & Taft are billed in accordance with its existing procedures in effect during the Application Period. McAfee & Taft submits that its fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market.

10. Additionally, a courtesy discount of $1,710.00 reflecting 3.8 hours of attorney time was taken in my billing discretion.

11. **Exhibit "2"** hereto details the actual and necessary out-of-pocket expenses incurred and paid by McAfee & Taft during the Application Period in its representation of the estate: Court filing fees and a shipping charge.

12. The work performed by McAfee & Taft can be further described in summary as follows:

- McAfee & Taft engaged with Dr. Hassoun's counsel to obtain a consensual resolution for the release of a fifty-thousand dollar ($50,000.00) bond that was being held Oklahoma State District Court in relation to the Oklahoma Lawsuit ("Bond"). The Bond was released by Order of the Oklahoma County District Court (less approximately $300.00 in statutory poundage) in October of 2025. Additionally, McAfee & Taft recovered an immediate payment by Dr. Hassoun in the amount of $25,000.00 and procured Dr. Hassoun's agreement to pay an additional $16,500.00 on or before October 31, 2025. The Bond funds and voluntary payments have been tendered. Additionally, through McAfee & Taft's work, Dr. Hassoun has now agreed to the payback of nearly the full amount of the outstanding Judgment, including post-judgment interest payable by Dr. Hassoun, at amounts of $9,000.00 per month beginning November of 2025 and continuing through March of 2027.

McAfee & Taft prepared an agreement with Dr. Hassoun to this effect which ensures that, upon receipt of the final payment by Dr. Hassoun in March of 2027, approximately $235,200.00 will have been paid over by Dr. Hassoun.

13. McAfee & Taft has incurred and paid out-of-pocket expenses totaling $103.40 during the Application Period. *See* **Exhibit 2** hereto. These include Court filing fees and a shipping cost. McAfee & Taft charges all costs at the actual cost, without any profit on such expenses.

14. McAfee & Taft submits that the expenses that it has incurred and paid in rendering special litigation services to the estate during the Application Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to McAfee & Taft for such expenses is appropriate and should be allowed.

15. McAfee & Taft respectfully submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in the Application were necessary for and beneficial to the orderly administration of the estates.

16. Additionally, the services performed by McAfee & Taft were authorized, they were adequately documented, and the fees and expenses are reasonable taking into the factors set forth in Section 330(a)(3).

17. McAfee & Taft worked to anticipate and respond to the estate's needs, and such services and expenses were necessary to and in the best interests of Debtor's estate.

18. Accordingly, McAfee & Taft further submits that the compensation requested in the Application is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application in its entirety is warranted.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 7th day of November 2025.

*/s/ Justin Hiersche*
JUSTIN HIERSCHE, ESQ.

4