NVB 2016 (05/2022)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

## Fee Application Cover Sheet

Case No.: 25-10341-nmc     Chapter: 11     Hearing Date/Time: 12/9/2025 09:30

Debtor: NuMale Corporation

Applicant: Paul, Weiss, Rifkind, Wharton & Garrison LLP

Date of Employment: May 1, 2025

Interim Fee Application No: _____     OR     Final Fee Application   X

**Amounts Requested:**     Client Approval: Yes ☑  No ☐

**Fees:**       $  36,427.95
**Expenses:**   $       0.00
**Total:**      $  36,427.95

Hours: 21.70     Blended Rate: $ 1,865.23

Fees Previously Requested: $ 0.00     Awarded: $ 0.00
Expenses Previously Requested: $ 0.00     Awarded: $ 0.00
Total Previously Requested: $ 0.00     Awarded: $ 0.00

Total Amount Paid: $ 0.00     No estate funds have been paid to the Applicant; however certain amounts have been remitted by Beazley in accordance with the Court's Employment Order [ECF No. 335], as detailed in the Application.

**Chapter 13 Cases ONLY:**

Yes ☐  No ☐     Elected to accept the Chapter 13 Presumptive Fee pursuant to LR 2016.2, and filed the "Notice of Election to Accept the Presumptive Fee" on _____ .

Yes ☐  No ☐     Participated in the Mortgage Mediation Program: **If yes,** amount received: $ _____

I certify under penalty of perjury that the above is true.

*/s/ Mary Langsner*     Date 11/07/2025
Signature

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☒ NUMALE NEW MEXICO SC,<br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date:  December 9, 2025<br>Hearing Time:  9:30 a.m. |
|---|---|

**FIRST AND FINAL FEE APPLICATION OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits its first and final application (the "Application") pursuant to Sections[1] 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016 for the allowance of compensation for professional services performed by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), as special litigation counsel to the estates in connection with the New Mexico State Court Case No. D-202-CV-202006336 and any appeal(s) therefrom or related thereto (the "Sanchez Litigation"), during May 1, 2025, through August 31, 2025[2] (the "Application Period"), awarded on a final basis. A proposed form of order granting this Application is attached hereto as **Exhibit "1"**.

This Application is made and based on the memorandum of points and authorities provided herein, the declaration of Kannon K. Shanmugam (the "Shanmugam Decl.") filed concurrently herewith; all papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b); and any argument of counsel at the time of hearing on the Application.

<b>MEMORANDUM OF POINTS AND AUTHORITIES</b>

<b>I.<br>SUMMARY OF PROFESSIONAL COMPENSATION AND<br>REIMBURSEMENT OF EXPENSES REQUESTED</b>

| | |
|---|---:|
| Application Period Fees Earned | $40,475.50 |
| Courtesy Discount | ($4,047.55) |
| Application Period Fees Requested | $36,427.95 |
| Application Period Expenses Requested | $0.00 |
| Application Period Total | $36,427.95 |
| Application Period fees and costs already paid by Beazley[3] | $36,427.95 |

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

[2] Paul, Weiss did not incur any fees and expenses in connection with the Special Litigation Services during the period from September 1 through October 24, 2025, the Plan Effective Date.

[3] Certain Underwriters at Lloyd's London Syndicates 623/2623 ("Beazley"). *See also Order Approving the Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates*

| Application Period fees and costs remaining unpaid | $0.00 |
|---|---|
| Application Period Number of Hours | 21.70 |
| Application Period Blended Hourly Rate | $1,865.23 |
| Summary of Fees by Professional | **Exhibit "2"** hereto |
| Summary of Fees by Task Code | **Exhibit "3"** hereto |
| Invoices substantiating Amounts Requested | **Exhibit "4"** hereto |

## II.
## SUMMARY OF RELIEF REQUESTED

1. This Application has been prepared in accordance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*[4] adopted by the Executive Office for United States Trustees, as referenced by the *Region 17 United States Trustee Guidelines*,[5] as well as in accordance with Bankruptcy Rule 2016 and Local Rule 2016.

2. This is the first and final fee application for allowance of compensation and reimbursement of expenses filed by Paul, Weiss in the Chapter 11 Cases. This Application covers the period of May 1, 2025, through August 31, 2025 (the "Application Period").

3. Pursuant to this Application, Paul, Weiss requests allowance of compensation of $36,427.95 in connection with services provided during the Application Period (for a total of $36,427.95 requested herein). This is net of a ten percent (10%) discount, in the amount of $4,047.55, that Paul, Weiss applied during these Chapter 11 Cases as described in the Engagement Agreement. During the Application Period, Paul, Weiss's professional expended a total of 21.70 hours for which compensation is sought. A billing summary is attached hereto as **Exhibit "2"**.

4. **Exhibit "2"** to the Application contains a schedule of Paul, Weiss attorneys who have performed services for the Debtors during the Application Period, the capacities in which

---

[ECF No. 335] at ¶ 6 ("Paul, Weiss shall be compensate for the service described in the Application in accordance with the procedures set forth in Sections 330 and 331, and any other applicable procedures and orders of the Court, and shall be paid exclusively by Beazley and not from estate funds.").

[4] Available at https://www.justice.gov/sites/default/files/ust/legacy/2013/06/28/Fee_Guidelines.pdf (last accessed Oct. 2, 2025)

[5] Available at https://www.justice.gov/sites/default/files/ust-regions/legacy/2012/06/06/guidelines.pdf (last accessed Oct. 2, 2025).

each individual is employed by Paul, Weiss, the department in which the individual practices, the hourly billing rate charged by Paul, Weiss for services performed by such individuals, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed in connection therewith. *See* Shanmugam Decl. ¶ 5.

5. **Exhibit "3"** contains a summary of Paul, Weiss's time records during the Application Period by task code. *See* Shanmugam Decl. ¶ 6.

6. **Exhibit "4"** identifies and provides chronologically throughout the Application Period: (a) the dates on which Paul, Weiss performed professional services for the Debtors; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person. These time entries are grouped by task category.

7. The fees charged by Paul, Weiss in these Chapter 11 Cases are billed in accordance with its existing procedures in effect during the Application Period. Such fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market. *See* Shanmugam Decl. ¶ 8.

### III.
### JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This contested matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a "core proceeding" over which the Court has jurisdiction to render a decision.

9. The statutory bases for the relief sought herein arise from Sections 328, 330, 331, 503, 507, 1107, 1108, and 105 of the Bankruptcy Code and FED. R. BANKR. P. 2016. Pursuant to Local Rule 9014.2, the Trustee and Paul, Weiss consent to entry of final order(s) or judgment(s) on this Application by the bankruptcy judge if it is determined that the bankruptcy judge, absent

consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## IV.
## PERTINENT FACTS

10. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

11. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

12. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

13. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

14. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

15. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

16. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

17. On June 10, 2025, this Court entered its *Order Approving the Employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 335] (the "Employment Order"), which granted the *Application to Employ Paul, Weiss,*

*Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 269] (and as thereafter supplemented through ECF Nos. 322, 328, 329, collectively, the "Employment Application"). Pursuant to the Employment Order, the Trustee was authorized to employ Paul, Weiss as special litigation counsel to perform the Special Litigation Services (as defined in the Employment Application).

18. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").

19. The Plan was confirmed at hearing on September 24, 2025.

20. Under the Plan, an Administrative Claim[6] includes "all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances." *See* ECF No. 434 at § 1.1.10.

21. Under the Plan, Professional Fees include "The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 328, 330, 331, or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1102 of the Bankruptcy Code; . . ." *See* ECF No. 434 at § 1.1.106.

22. Under the Plan, the Administrative Claim Bar Date is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* ECF No. 434 at § 1.1.9.

23. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762.

24. Pursuant to the Employment Order, no estate funds were, or will be, used to pay Paul, Weiss's fees or expenses. However, given the contours of the Employment Order, this Application is submitted for transparency. Regardless, the Application is also timely as filed prior to the Administrative Claim Bar Date.

## V.
## TASKS PERFORMED BY PAUL, WEISS DURING THE APPLICATION PERIOD

25. During the Application Period, Paul, Weiss performed a wide range of actual and necessary services, which are summarized herein by task category and itemized in detail in the attached exhibits.

---

[6] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

A. **Litigation (LIT)**
   Total Fees:    $7,035.00
   Total Hours:  4.20

26. This category includes time spent by Paul, Weiss attorneys and paraprofessionals providing services relating to drafting documentation related to post-closing trial motions in connection with the Sanchez litigation and litigation strategy. Among other things, Paul, Weiss attorneys spent time:

    (a) preparing a post-trial motion for new trial or remittitur in the Sanchez Litigation;

    (b) advising on strategy regarding a hearing on pre-judgment interest and costs in the Sanchez Litigation; and

    (c) reviewing and analyzing settlement issues with respect to the Sanchez Litigation.

B. **Retention and Fee Applications (FEEAPP)**
   Total Fees:    $33,440.50
   Total Hours:  17.50

27. This category includes time spent by Paul, Weiss attorneys and paraprofessionals assisting the Debtors with issues related to Paul, Weiss' retention in these Chapter 11 Cases. Among other things, Paul, Weiss attorneys spent time:

    (a) preparing and obtaining approval of its retention application, and attending a hearing thereon; and

    (b) conducting a comprehensive conflicts analysis and implementing internally established procedures to continually analyze potential new conflicts.

## VI.
## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

28. Section 331 provides that a professional employed under Section 327 may apply to the Court "not more than 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title." 11 U.S.C. § 331. More than 120 days have passed since the Petition Date, and thus this Application is proper at this time. Additionally, the Plan was confirmed at hearing on

September 24, 2025, and the Plan's Effective Date occurred on October 24, 2025. With the Administrative Claim Bar Date coming shortly thereafter, this Application is timely within the deadlines set forth in the confirmed Plan, even though no estate funds will be used to pay Paul, Weiss's compensation or expenses. Further, the Court may allow and disburse requested compensation and reimbursements following notice and a hearing. *See id.*

29. Section 330 provides that a court may award a professional employed pursuant to Section 327 "reasonable compensation for actual and necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) elaborates that "[i]n determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including" each of the following:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

"A customary review of a fee application under § 330 starts with a determination of the 'lodestar,' by multiplying a reasonable number of hours expended by a reasonable hourly rate." *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 960 (9th Cir. 1991); *In re Yermakov*, 718 F.2d 1465, 1471 (9th Cir. 1983). In addition, a bankruptcy court examines

the circumstances and manner in which services are performed and results achieved to determine a reasonable fee. *See Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). Such examination includes a review of the following factors:

    (a) Were the services authorized?

    (b) Were the services necessary or beneficial to the administration of the estate at the time they were rendered?

    (c) Are the services adequately documented?

    (d) Are the fees required reasonable, taking into consideration the factors set forth in section 330(a)(3)?

    (e) In making the determination, the court must consider whether the professional exercised reasonable billing judgment.

*Id.; see also Leichty v. Neary (In re Strand)*, 375 F.3d 854, 860 (9th Cir. 2004).

    30.    In the instant case, Paul, Weiss respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to Debtors' orderly administration of their estates. The Trustee retained Paul, Weiss to represent the estates' interest in connection with post-trial motion practice pending and potential appeals practice anticipated in the Sanchez Litigation. While the parties were able to reach a settlement of the Sanchez Litigation embodied in the Plan, resolving any potential appeals therefrom, Paul, Weiss incurred time and effort to address certain issues related to post-trial briefing in the Sanchez Litigation prior to the settlement. Paul, Weiss respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively provide Special Litigation Services to the Debtors, and were performed economically, effectively, and efficiently. *See* Shanmugam Decl. ¶ 9. Additionally, the services performed by Paul, Weiss were authorized, they were adequately documented, and the fees are reasonable taking into the factors set forth in Section 330(a)(3). *See* Shanmugam Decl. ¶ 10. Paul, Weiss worked to anticipate and respond to the estates' needs in the Sanchez Litigation, and such services and expenditures were necessary to and in the best interests of Debtors' estates. *See* Shanmugam Decl. ¶ 11. Accordingly, Paul, Weiss further submits that

the compensation requested herein is reasonable in light of the nature, extent, and value of such services to Debtors, their estates, and all parties-in-interest, and thus approval of the Application is warranted. *See* Shanmugam Decl. ¶ 12.

31. In sum, Paul, Weiss respectfully submits that the professional services provided by Paul, Weiss as Special Litigation Counsel to the Debtors during these Chapter 11 Cases were necessary and appropriate given the complexity of the Sanchez State Court Litigation, the time expended by Paul, Weiss, the nature and extent of Paul, Weiss's services provided, the value of Paul, Weiss's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, Paul, Weiss respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## VIII. CONCLUSION

WHEREFORE, Paul, Weiss respectfully requests that the Court enter an order pursuant to Sections 330 and 331:

1. For the Application Period, allowing Paul, Weiss professional compensation in the amount of $36,427.95, awarded on a final basis and paid by Beazley directly;

2. Ratifying all payments made by Beazley to date for services performed during the Application Period, on a final basis; and

3. Ratifying Beazley's authority to remit any unpaid balance to Paul, Weiss directly; and

4. Granting such other and further relief as is just and proper.

Dated this 7th day of November 2025.

                                             GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119

    *Attorneys for Michael Carmel, Chapter 11 Trustee*

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000