GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
Email: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date:  December 9, 2025<br>Hearing Time:  9:30 a.m. |
|---|---|

**DECLARATION OF GREGORY GARMAN, ESQ. IN SUPPORT OF SECOND AND FINAL FEE APPLICATION OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR MICHAEL CARMEL, CHAPTER 11 TRUSTEE, FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**

I, Greogry Garman, Esq., hereby declare as follows:

1. I am over the age of 18 and mentally competent. I have personal knowledge of the

facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Second and Final Fee Application of Garman Turner Gordon, LLP as Attorneys for Michael Carmel, Chapter 11 Trustee, for the Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* (the "Application").[1]

2. I am an attorney licensed to practice law in the State of Nevada, Nevada Bar No. 6654. I am a partner with the law firm of Garman Turner Gordon LLP ("GTG"). GTG maintains offices in Nevada at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119. I am admitted to practice law before this Court.

3. The Application is the second and final fee application for allowance of compensation and reimbursement of expenses filed on behalf of GTG in the Chapter 11 Cases.

4. Pursuant to the Application, GTG requests final approval of reimbursement of its actual and necessary expenses incurred during the Current Compensation Period from August 16, 2025, through October 28, 2025, in the amount of $40,899.98. This is net of voluntary discounts including a total waiver of $179,044.50 in compensation earned at one-half GTG's prevailing hourly rates.

5. Pursuant to the Application, GTG also requests final approval of amounts previously approved on an interim basis, and awarded, authorized, and approved pursuant to 11 U.S.C. §§ 328 and 331 in the Interim Approval Order, as professional compensation for actual, necessary services rendered in the amount of $9,338,543.40 and reimbursement of actual and necessary expenses in the amount of $42,575.51.

6. The total amounts for which final approval is requested in this Application—compensation of $9,338,543.40 and expense reimbursement of $83,475.49—are net of voluntary discounts including a total discount on all hourly compensation earned ($588,965.50), and a $1,037,615.93 discount on GTG's earned contingency compensation, for a total discount of $1,626,581.43 provided during the Final Application Period.

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Application.

7. During the Current Compensation Period, GTG's attorneys expended a total of 756.0 hours. A billing summary is attached to the Application as **Exhibit 2**. GTG is not seeking to be paid compensation based on the hours of work performed and its professionals' hourly rates. Rather, GTG waives in the entirety the hourly compensation associated with these 756.0 hours worked during the Current Compensation Period.

8. **Exhibit 3** to the Application identifies and provides chronologically throughout the Current Compensation Period: (a) the dates on which GTG performed professional services for the Trustee; (b) each person performing such services; (c) the amount of time spent by each person on each day that the person performs such services (charged in units of one-tenth [0.1] of an hour); and (d) specific daily descriptions of the services performed by each person.

9. **Exhibit 4** to the Application contains a detailed statement of actual and necessary out-of-pocket expenses incurred and paid by GTG during the Current Compensation Period in its representation of the Trustee.

10. The fees charged by GTG in these Chapter 11 Cases are billed in accordance with its existing procedures in effect during the Compensation Period. GTG submits that fees are reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market.

11. The compensation requested in the Application is reasonable in light of the customary compensation charged by comparably skilled practitioners in a competitive legal market, because (as set forth in the Employment Order[2]), it is a reduced contingency percentage, is not calculated based on earnings from operations and is calculated based on recoveries for the estates, and is further subject to a step-down reduction for any amounts brought recovered by the Trustee over $10 million, and, has additionally been already discounted by 10%.

12. During the Current Compensation Period, GTG performed a wide range of actual and necessary services as set forth in **Exhibits 2 and 3** to the Application. The majority of the

---

[2] *Order Approving Employment of Garman Turner Gordon LLP as Attorneys for Michael Carmel, Chapter 11 Trustee* [ECF No. 293] ("Employment Order").

services performed by GTG were rendered by attorneys in the Business Restructuring and Bankruptcy Department. GTG's attorneys have had a pre-eminent practice in this area and enjoy a strong reputation in the State of Nevada and Nationally for their expertise in complex financial reorganizations, restructurings of troubled entities, and bankruptcy litigation.

13. GTG submits that the services it has provided to the Trustee during the Current Compensation Period were reasonable and necessary under the circumstances of the Chapter 11 Cases, and the compensation to GTG is appropriate and should be allowed.

14. GTG has incurred and paid out-of-pocket expenses totaling $40,899.98 during the Current Compensation Period. *See* **Exhibit 4** to the Application. These include mailings, postage, and printing for noticing motions, hearings, and orders, as well as the costs associated with noticing multiple contested matters as well as the Effective Date Notice, and service of the Show Cause Motion and its related filings to the persons subject of it. Other items include subpoena service, court filing fees, forensic imaging costs, deposition and transcript charges related to the Bankruptcy Rule 2004 examination of Mr. Palubicki, marketing and other costs associated with the 363 Sale and its closing, and other charges.

15. GTG charges all costs at the actual cost, without any profit on such expenses.

16. GTG submits that the expenses that it has incurred and paid in rendering legal services to the Trustee during the Current Compensation Period are reasonable and necessary under the circumstances of the Chapter 11 Cases, and that the reimbursement to GTG for such expenses is appropriate and should be allowed.

17. I am not aware of any developments that render the terms and conditions of GTG's employment improvident. I believe the compensation requested in the Application on a final basis, and the approval of expenses, should be approved in their entirety.

18. GTG respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the estate and effectuation of the Trustee's Plan.

19. GTG worked to anticipate and respond to Trustee's needs and assist in the Chapter 11 process, and such services and expenditures were necessary to and in the best interests of the Debtors' estates.

20. GTG's work in these Chapter 11 Cases contributed significantly to their success, and GTG respectfully submits that the Application should be approved in its entirety.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 10th day of November, 2025.

/s/   Greg Garman
GREGORY GARMAN, ESQ.