LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

ISABELLA R. GOLDSMITH
Nevada Bar No. 16870
KAEMPFER CROWELL
1980 Festival Plaza Dr., Ste. 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
E-Mail: igoldsmith@kcnvlaw.com

IVAN M. GOLD, California Bar No. 121486
*Admitted Pro Hac Vice*
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
E-Mail: igold@allenmatkins.com

Attorneys for Landlord-Creditor
Mayfair Mall, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>NUMALE CORPORATION,<br><br>AFFECTS:<br>  THIS DEBTOR,                           ☐<br><br>  FELICIANO NUMALE NEVADA<br>  PLLC,                                 ☐<br><br>  NUMEDICAL SC,                        ☑<br><br>  NUMALE COLORADO SC,                  ☐<br><br>  NUMALE FLORIDA TB PLLC,              ☐<br><br>  NUMALE NEBRASKA LLC,                 ☐<br><br>  NUMALE NEW MEXICO SC,                ☐<br><br>  ALL DEBTORS,                         ☐<br><br>              Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly Administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>**REQUEST OF MAYFAIR MALL, LLC FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**<br><br>Hearing Date: TBD<br>Hearing Time: TBD |

Mayfair Mall, LLC (the "Mayfair Landlord") files its *Request of Mayfair Mall, LLC for Payment of Administrative Expense Claim* ("Request") and asserts as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. As of the Petition Date, debtor NuMedical SC, as successor-in-interest to NuMale Medical Center, LLC, as tenant, and the Mayfair Landlord, as landlord, were parties to two substantially identical leases, dated February 9, 2021 (collectively, the "Mayfair Leases") for office premises identified as Suite 1140 (consisting of approximately 4,437 square feet) and Suite 1150 (consisting of approximately 1,946 square feet) of the Mayfair North Tower, 2600 North Mayfair Road, Wauwatosa, Wisconsin. *See* previously-filed Declaration of Julie Minnick Bowden ("Bowden Declaration") [Docket No. 624] at ¶¶ 4-5 and Debtors' Schedules and Statement of Affairs.

3. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 130] and thereafter, on April 28, 2025, entered its final order authorizing joint administration of these Chapter 11 cases [Docket No. 209].

4. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights* [Docket No. 132], directing the appointment of a Chapter 11 trustee for the Debtors' bankruptcy estates.

5. On April 7, 2025, this Court entered its *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 155], approving the appointment of Michael W. Carmel (the "Trustee") as the Chapter 11 Trustee in these jointly administered cases.

6. On August 1, 2025, the Trustee filed his *Joint Plan of Reorganization* [Docket No. 434] (the "Plan") along with the *Disclosure Statement to Accompany Joint Plan of Reorganization* [Docket No. 435].

7. On August 5, 2025, this Court entered its *Order Conditionally Approving Disclosure Statement to Accompany Joint Plan of Reorganization* [Docket No. 447].

8. On August 20, 2025, this Court entered its *Order Granting Second Motion To Extend Deadline Pursuant to 11 U.S.C. § 365(d)(4) to Assume or Reject Unexpired Leases* [Docket No. 501], extending the Trustee's deadline to assume or reject unexpired real property leases in Debtors' Chapter 11 cases through and including October 24, 2025.

9. Section 6.1 of the Plan provides as follows:

> **6.1. Executory Contracts.** Except for: (i) the Beazley Policies, and (ii) Executory Contracts and Unexpired Leases specifically addressed in this Plan or set forth on the schedule of Rejected Executed Contracts and Unexpired Leases attached as <u>Schedule 6.1</u> hereto (which may be *supplemented and amended up to the date the Bankruptcy Court enters the Confirmation Order*), all Executory Contracts and Unexpired Leases that exist on the Confirmation Date shall be *deemed assumed* by the respective Debtor(s) on the Effective Date *and assigned to* the prevailing bidder(s) in connection with the 363 Sale.

(Emphasis added.)

10. On September 23, 2025, the Trustee filed his *Notice of Revised Schedules 6.1 and 6.3 to Joint Plan of Reorganization* [Docket No. 648], amending Schedule 6.1 of the Plan to designate the two Mayfair Leases for rejection as of the "Effective Date" of the Plan.

11. On October 7, 2025, this Court entered its *Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization* [Docket No. 726].

12. As confirmed by the *Notice of Effective Date of Joint Plan of Reorganization* [Docket No. 762], the "Effective Date" of the Plan was October 24, 2025.

13. On October 24, 2025 (the "<u>Rejection Date</u>"), the Trustee vacated and returned possession of the Leased Premises to Landlord.

14. Following the Petition Date and prior to the Rejection Date, the Debtors and Trustee failed to pay post-Petition Date rent and charges under the terms of the Mayfair Leases in the aggregate sum of $38,770.69. As set forth in the Mayfair Landlord's previously-filed Proofs of

Claims (Claims No. 6-1 and 7-1) and Exhibit A hereto, this sum consists of unpaid post-Petition Date of $16,853.13 with respect to Suite 1140 and $21,917.56 with respect to Suite 1150.

## II. LANDLORD IS ENTITLED TO PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION LEASE OBLIGATIONS

15. The Bankruptcy Code affords lessors of nonresidential real property specific protections with regard to post-petition, pre-rejection rent. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) if this title.

16. The plain language of Section 365(d)(3) and applicable case law requires Debtor's immediate payment of the pre-rejection obligations under the Lease. In In re Pacific-Atlantic Trading Co., 27 F.3d 401, 405 (9th Cir. 1994), the Ninth Circuit Court of Appeals held that Section 365(d)(3) mandates immediate payment of rent to a landlord at the full lease amount during the period the debtor-in-possession or trustee is deciding to reject or assume a lease "regardless of the benefit to the estate." (27 F.3d at 405.)[1] The Ninth Circuit further concluded that "section 365(d)(3) authorizes administrative status for the unpaid rent for the 60-day [now 120-day] period" (Id.) and, indeed, there is a substantial question as to whether this Request is necessary as the Ninth Circuit also held that Section 365(d)(3) "does not require the lessor to take any action" to secure priority treatment for post-petition, pre-rejection rent. In re Pacific-Atlantic Trading Co., supra, 27 F.3d at 405.[2]

---

[1] Rent under Section 365(d)(3) "is not, nor is it intended to be, measured in any way by benefit to the debtor or the estate." In re C.Q., LLC, 343 B.R. 915, 917 (Bankr. W.D. Wisc. 2005).

[2] See also In re Valley Media, Inc., 290 B.R. 73, 77 (Bankr. D. Del. 2003) (In rejecting argument that a landlord must file a request for payment of an administrative expense claim for unpaid post-petition rent, the bankruptcy court concluded: "There is no suggestion of any such filing requirement in § 365(d)(3). Indeed, just the opposite is suggested. The timely payment of the obligation is dictated by statute.").

17. The legislative history of Bankruptcy Code section 365 suggests that its purpose of the 1984 Amendments to Section 365 was "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." Omni Partners, L.P. v. Pudgie's Development of NY, Inc. (In re Pudgie's Development of NY, Inc.), 239 B.R. 688, 692 (S.D.N.Y. 1999) (citing 130 Cong. Rec. S8894-95 (daily ed. June 29, 1994) (statement of Sen. Hatch). Prior to these amendments, the Bankruptcy Code did not require a trustee to perform its obligations under a nonresidential lease, but the landlord was forced to provide services to the debtor-tenant. Congress specifically chose to protect real property lessors because "the Landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment. No other creditor is put in this position." Id.; accord, In re Cukierman, 265 F.3d 846, 850-851 (9th Cir. 2001); see also In re Warehouse Club, Inc., 184 B.R. 316, 317 (Bankr, N.D. Ill. 1995) ("The purpose of § 365(d)(3) is to prevent landlords from becoming involuntary post-petition creditors of the bankruptcy estate."). The Ninth Circuit has "interpreted § 365(d)(3) broadly, consistent with its purpose of ensuring immediate payment of lease obligations to protect landlords pending the trustee's [or debtor-in-possession's] decision to assume or reject a lease." In re LPM Corporation, 300 F.3d 1134, 1138 (9th Cir. 2002).

18. Here, to date, in violation of the mandate of the Bankruptcy Code, the Trustee did not make timely payments to the Mayfair Landlord for accruing post-Petition Date rent under the Mayfair Leases in the aggregate sum of $38,770.69, consisting of $16,853.13 due under the Suite 1140 Lease and $21,917.56 under the Suite 1150 Lease. These sums are calculated on a per diem, pro-rata basis, consistent with the pro-ration approach to post-petition lease obligations that has been utilized by bankruptcy courts in the Ninth Circuit. See, e.g., In re Treesource Industries, Inc., 363 F.3d 994, 998 (9th Cir. 2004)(endorsing pro-ration approach); In re Leather Factory, Inc., 475 B.R. 710, 714-715 (Bankr, C.D. Cal. 2012); In re National Refractories & Minerals Corp., 297 B.R. 614, 619-620 (Bankr. N.D. Cal. 2003); In re Ernst Home Center, Inc., 209 B.R. 955, 963-964

(Bankr. W.D. Wash. 1997) (finding that the "billing date" theory "produces results that are inconsistent with the priority and distribution schemes under the Bankruptcy Code").

19. In addition to the Mayfair Landlord's claims for unpaid post-Petition Date monetary obligations under the Mayfair Leases, as set forth above, following Trustee's return of possession of the Leased Premises, approximately 25 pounds of medical waste (so-called "sharps waste") remained in Suite 1140 of the Leased Premises. See Exhibit B hereto. A trustee in bankruptcy may not abandon property in contravention of statutes or regulations reasonably designed to protect the public health or safety. See Midlantic Nat'l Bank v. NJDEP, 474 U.S. 494, 495 (1986). A bankruptcy court does not have the power to authorize an abandonment without formulating conditions that will adequately protect the public's health and safety. Id. The Midlantic view was employed in the Ninth Circuit in In re Baker & Drake, Inc., 35 F.3d 1348, 1351-1352 (9th Cir. 1994).

20. The Ninth Circuit has also held that a bankruptcy trustee must "manage a business in accordance with state law, as any other person must." Hillis Motors, Inc. v. Hawaii Auto Dealers' Ass'n, 997 F.2d 581, 592 (9th Cir. 1993); see also 28 U.S.C. §959(b). Under Wisconsin law, while landlords must store unused prescription medications or equipment left behind by a vacating tenant for 7 days (Wis. Stat. § 704.05(5).am), actual medical waste does not qualify as "personal property" and cannot be abandoned—it is treated as hazardous material requiring proper professional disposal, not landlord storage. Further, the proper handling and removal of "Hazardous Materials" is required by the terms of the Mayfair Leases (at Section 8.3), with an accompanying obligation to indemnify and hold Landlord harmless from costs and expenses associated therewith (Section 22 of Mayfair Leases).

21. Wisconsin Admin. Code ch. NR 526 (Management of Infectious Waste) classifies medical waste as infectious waste (defined under Wis. Stat. § 287.07(7)(c)1.c. as solid waste containing pathogens that could transmit disease) and imposes ongoing responsibilities on the generator for segregation (§ NR 526.06), containment (§ NR 526.07), storage (§ NR 526.09), treatment/disinfection (§ NR 526.11), and disposal (§ NR 526.13). There is no provision under

Wisconsin law for abandonment and the "generator" (Debtors here) remains liable until proper disposal occurs, even after moving out, with records required for 3 years (§ NR 526.14).

22. While Trustee's counsel was notified of the abandoned medical waste in the Leased Premises on October 29, 2025, and the Trustee has purportedly retained Veolia North America to effectuate its removal, as of the date of filing this Request, such removal has not been completed. Accordingly, out of abundance of caution, the Mayfair Landlord asserts an additional, contingent administrative expense claim in the estimated amount of $2,000.00 should Landlord be required to undertake the proper removal and disposal of such medical waste if the Trustee fails to do so.

### III. CONCLUSION

Contrary to Bankruptcy Code section 365(d)(3) and applicable case law, Landlord plainly did not receive "current payment" for the "current services" which it was compelled to provide pending the assumption or rejection of the Mayfair Leases. The Trustee should be compelled to promptly pay all post-Petition Date rent and charges due to the Mayfair Landlord under the Mayfair Leases in the aggregate sum of $38,770.69, plus an additional contingent claim for medical waste removal from the Leased Premises in the sum of $2,000.00. There can be no serious question that the Mayfair Landlord is entitled to allowance of such an administrative claim and payment thereof under Bankruptcy Code section 365(d)(3).

By: _____
KAEMPFER CORWELL
Louis M. Bubala III
Isabella R. Goldsmith

-and-

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
Ivan M. Gold
*Admitted Pro Hac Vice*

Attorneys for Landlord-Creditor
Mayfair Mall, LLC

## CERTIFICATE OF SERVICE

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Kaempfer Crowell, that I am over the age of 18 and not a party to the above-referenced case. I further certify that on Monday, November 10, 2025 the following document(s) was/were filed and served as indicated below.

**REQUEST OF MAYFAIR MALL, LLC FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

  X    **BY NOTICE OF ELECTRONIC FILING** through Electronic Case Filing System of the United States Bankruptcy Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

RYAN A. ANDERSEN on behalf of Creditor JUSTIN PULLIAM
ryan@aandblaw.com, melissa@aandblaw.com; ecf-df8b00a4597e@ecf.pacerpro.com

LORI M. BENCOE on behalf of Creditor Michael E. Sanchez
lori@bencoelaw.com, maggie@bencoelaw.com

OGONNA M. BROWN on behalf of Creditor Michael E. Sanchez
Ogonna.Brown@wbd-us.com, ogonna-brown-4984@ecf.pacerpro.com, dberhanu@lewisroca.com ,ombcalendar@lewisroca.com; klopez@lewisroca.com, Renee.Creswell@wbd-us.com

LOUIS M BUBALA, III on behalf of Creditor Mayfair Mall LLC
lbubala@kcnvlaw.com, cdroessler@kcnvlaw.com; cadkins@kcnvlaw.com

CANDACE C CARLYON on behalf of Creditor TOP TIER CAPITAL
ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com; narceneaux@carlyoncica.com; 9232006420@filings.docketbird.com; Dcica@carlyoncica.com;tfrey@carlyoncica.com; pfalkensammer@carlyoncica.com

MICHAEL W. CARMEL
michael@mcarmellaw.com

GREGORY E GARMAN on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE
ggarman@gtg.legal, bknotices@gtg.legal

GREGORY E GARMAN on behalf of Trustee MICHAEL W. CARMEL
ggarman@gtg.legal, bknotices@gtg.legal

IVAN M. GOLD on behalf of Creditor Mayfair Mall LLC
igold@allenmatkins.com

TALITHA B. GRAY KOZLOWSKI on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE
tgray@gtg.legal, bknotices@gtg.legal

| | |
|---|---|
| 1 | |
| 2 | TALITHA B. GRAY KOZLOWSKI on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE<br>tgray@gtg.legal, bknotices@gtg.legal |
| 3 | |
| 4 | TALITHA B. GRAY KOZLOWSKI on behalf of Trustee MICHAEL W. CARMEL<br>tgray@gtg.legal, bknotices@gtg.legal |
| 5 | STEVEN T GUBNER on behalf of Interested Party BG LAW LLP<br>sgubner@bg.law, ecf@bg.law |
| 6 | |
| 7 | MATTHEW L. JOHNSON on behalf of Creditor Prospect Rainbow, LLC<br>mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com; kristi@mjohnsonlaw.com; kathra@mjohnsonlaw.com; admin@mjohnsonlaw.com |
| 8 | |
| 9 | MARY LANGSNER on behalf of Plaintiff MICHAEL W. CARMEL, CHAPTER 11 TRUSTEE<br>mlangsner@gtg.legal, bknotices@gtg.legal |
| 10 | MARY LANGSNER on behalf of Trustee CHAPTER 11 - LV<br>mlangsner@gtg.legal, bknotices@gtg.legal |
| 11 | |
| 12 | MARY LANGSNER on behalf of Trustee MICHAEL W. CARMEL<br>mlangsner@gtg.legal, bknotices@gtg.legal |
| 13 | DAVID A RIGGI on behalf of Debtor FELICIANO NUMALE NEVADA PLLC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 14 | |
| 15 | DAVID A RIGGI on behalf of Debtor NUMALE COLORADO SC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 16 | DAVID A RIGGI on behalf of Debtor NUMALE CORPORATION<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 17 | |
| 18 | DAVID A RIGGI on behalf of Debtor NUMALE FLORIDA TB PLLC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 19 | DAVID A RIGGI on behalf of Debtor NUMALE NEBRASKA LLC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 20 | |
| 21 | DAVID A RIGGI on behalf of Debtor NUMALE NEW MEXICO SC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 22 | DAVID A RIGGI on behalf of Debtor NUMEDICAL SC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 23 | |
| 24 | DAVID A RIGGI on behalf of Jnt Admin Debtor FELICIANO NUMALE NEVADA PLLC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 25 | DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE COLORADO SC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 26 | |
| 27 | DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE FLORIDA TB PLLC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| | DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE NEBRASKA LLC |

KAEMPFER CROWELL

| | |
|---|---|
| 1 | riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 2 | DAVID A RIGGI on behalf of Jnt Admin Debtor NUMALE NEW MEXICO SC |
| 3 | riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 4 | DAVID A RIGGI on behalf of Jnt Admin Debtor NUMEDICAL SC<br>riggilaw@gmail.com, 2782@notices.nextchapterbk.com |
| 5 | ALYSSA A. ROGAN on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11 |
| 6 | alyssa.rogan@usdoj.gov |
| 7 | STEVEN B. SCOW on behalf of Creditor CHRISTOPHER ASANDRA<br>sscow@kskdlaw.com, dscow@kskdlaw.com |
| 8 | DAVID A. STEPHENS on behalf of Creditor NEWTEK SMALL BUSINESS FINANCE INC |
| 9 | dstephens@davidstephenslaw.com, dstephens@lvcoxmail.com |
| 10 | DAVID A. STEPHENS on behalf of Creditor NEWTEK SMALL BUSINESS FINANCE, LLC<br>dstephens@davidstephenslaw.com, dstephens@lvcoxmail.com |
| 11 | U.S. TRUSTEE - LV - 11 |
| 12 | USTPRegion17.lv.ecf@usdoj.gov |
| 13 | JUSTIN CHARLES VALENCIA on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11<br>justin.c.valencia@usdoj.gov |
| 14 | MARK M. WEISENMILLER on behalf of Creditor JUSTIN PULLIAM |
| 15 | mark@abwfirm.com, mark-weisenmiller-1991@ecf.pacerpro.com<br>;weisenmiller.markm.b117998@notify. bestcase.com;melissa@abwfirm.com |
| 16 | JOSEPH G. WENT on behalf of Defendant BRAD PALUBICKI |
| 17 | jgwent@hollandhart.com, vlarsen@hollandhart.com; IntakeTeam@hollandhart.com;<br>tlpond@hollandhart.com |
| 18 | JOSEPH G. WENT on behalf of Defendant EVA GABRIELA FARMER DE LA TORRE |
| 19 | jgwent@hollandhart.com, vlarsen@hollandhart.com ;IntakeTeam@hollandhart.com<br>;tlpond@hollandhart.com |
| 20 | JOSEPH G. WENT on behalf of Interested Party BRAD PALUBICKI |
| 21 | jgwent@hollandhart.com, vlarsen@hollandhart.com ;IntakeTeam@hollandhart.com;<br>tlpond@hollandhart.com |
| 22 | STUART FREEMAN WILSON-PATTON on behalf of Creditor TN Dept of Revenue |
| 23 | stuart.wilson-patton@ag.tn.gov |
| 24 | RYAN J. WORKS on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623<br>rworks@mcdonaldcarano.com, kkirn@mcdonaldcarano.com; bgrubb@mcdonaldcarano.com |
| 25 | |
| 26 | MATTHEW C. ZIRZOW on behalf of Creditor CERTAIN UNDERWRITERS AT LLOYD'S LONDON SYNDICATES 623/2623 |
| 27 | mzirzow@lzlawnv.com, hannah@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com;<br>jennifer@lzlawnv.com; bchambliss@lzlawnv.com |

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 10, 2025

By: _____
Courtney Droessler
An Employee of KAEMPFER CROWELL