GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,
Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>NUMALE CORPORATION,<br>☐ AFFECTS THIS DEBTOR,<br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br>☐ NUMEDICAL SC,<br>☐ NUMALE COLORADO SC,<br>☐ NUMALE FLORIDA TB PLLC,<br>☐ NUMALE NEBRASKA LLC,<br>☐ NUMALE NEW MEXICO SC,<br>☒ NUMALE ALL DEBTORS,<br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br>*Jointly administered with:*<br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br>NuMedical SC<br>Case No. 25-10343-nmc<br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**STIPULATION REGARDING CLAIM NO. 6**

Michael Carmel, as the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale

1

1 Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (together, the "Debtors")
2 and as the Liquidation Trustee of the NuMale Liquidation Trust, (collectively, "Trustee"), by and
3 through his counsel of record, the law firm Garman Turner Gordon LLP, and 8712 Investors
4 Partnership & 444 Regency, LLC (together, "Regency"), by and through their undersigned counsel
5 Shaun James, Esq. of Smith Pauley LLP (the Trustee and Regency together, the "Parties"), hereby
6 stipulate and agree as follows:

7    WHEREAS, on or about January 22, 2025 (the "Petition Date"), the Debtors filed their
8 voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the
9 above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

10    WHEREAS, on or about April 2, 2025, this Court entered its *Order on United States*
11 *Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative,*
12 *to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*,
13 thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No.
14 132.

15    WHEREAS, on or about April 7, 2025, the Trustee was appointed the Chapter 11 Trustee
16 for the Debtors' estates [ECF Nos. 155-157].

17    WHEREAS, Regency is the landlord of premises located at 444 Regency Parkway Drive,
18 Suite 204, Omaha, Nebraska, 68114 ("Premises"), leased by Debtor NuMale Nebraska LLC
19 ("Nebraska Debtor").

20    WHEREAS, on November 10, 2025, Regency filed proof of Claim No. 6 as a general
21 unsecured claim against the Nebraska Debtor in the amount of $5,508.41, asserting a basis of claim
22 for October 2025 rent of the Premises. *See* Claim No. 6 (the "Regency Claim").

23    WHEREAS, the Debtors' bankruptcy estate occupied the Premises through October 24,
24 2025.

25    WHEREAS, the Trustee evaluated the Regency Claim.

26    WHEREAS, Regency contends that the Regency Claim is separate and apart from any and
27 all amounts sought in Regency's other proof of claim filed against the Nebraska Debtor, claim no.

28

2

5 as a general unsecured claim in the amount of $7,406.10, for prepetition amounts asserted as owing ("Prepetition Claim"), and, therefore, the Regency Claim is separate, distinct, and wholly different from the amounts requested in the Prepetition Claim. As such, this Stipulation does not touch upon the Prepetition Claim.

WHEREAS, the Parties entered into settlement discussions regarding the Regency Claim and have reached a resolution regarding the Regency Claim, as reflected herein.

NOW, THEREFORE, subject to entry of the Order approving this Stipulation, which Order has been submitted to the Court concurrently herewith, the Parties hereby stipulate and agree as follows:

1. The Regency Claim is hereby allowed as an Administrative Claim[1] in the total amount of $4,264.58.

2. The allowance of the Regency Claim as set forth herein is final, and no amendment, supplementation, augmentation, or other change to the allowed amount of the Regency Claim, which is hereby established as $4,264.58 as an Administrative Claim, shall be sought.

**IT IS SO STIPULATED**.

Dated this 17th day of November 2025.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel,*
    *Chapter 11 Trustee*

Dated this 17tth day of November 2025.

SMITH PAULEY LLP

By: /s/ Shaun James
    SHAUN JAMES, ESQ.
    3555 Farnam Street, Suite 1000
    Omaha, NE 68131

    *Attorneys for 8712 Investors Partnership*
    *& 444 Regency, LLC*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Joint Plan of Reorganization* [ECF No. 434] (as confirmed, the "Plan").