GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: January 13, 2026<br>Hearing Time: 9:30 a.m. |

**OBJECTION TO CLAIM NO. 12 FILED BY U.S. BANK NATIONAL ASSOCIATION**
**D/B/A ELAN FINANCIAL SERVICES**

Michael Carmel, the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, as the Liquidating Trustee of the NuMale Liquidation Trust and as the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities, the "Trustee") hereby files the *Objection to Claim No. 12 Filed By U.S. Bank National Association d/b/a Elan Financial Services* (the "Objection").[1]  The Objection seeks to disallow Claim No. 12 (the "Claim") filed by U.S. Bank d/b/a Elan Financial Services ("US Bank") in its entirety.  The Claim is unsupported by documentation evidencing that the asserted debt is owed by a Debtor.  Therefore, the Claim should be disallowed in its entirety.

This Objection is made and based upon the following Memorandum of Points and Authorities; the declaration of Michael Carmel ("Carmel Decl.") and Mary Langsner, Ph.D. ("Langsner Decl.") filed concurrently herewith; the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel entertained by the Court at the time of the hearing on this Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

This Objection is brought to address a proof of claim filed by claimant US Bank, which was filed without supporting documentation to substantiate that the debt asserted is owed by a Debtor.  The Claim asserts that $48,104.98 is owed as a general unsecured claim, on the basis of "credit card"; however no statements are attached to the filed Claim and, instead, a one-page "Account Summary Statement" is attached that identifies Customer Information as Brad Palubicki and NuMale Corporation.  The Trustee, through counsel, reached out to US Bank multiple times

---

[1] A true and correct copy of Claim No. 12 is attached hereto as **Exhibit 2**.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

requesting supporting documentation but to date has received no response. As the Trustee is unable to corroborate the allegations in the Claim, Claim No. 12 should be disallowed in its entirety.

## II.
## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This Objection is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief requested herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007.

Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

. . .

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving the Trustee's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, the Trustee filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").[2]

9. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

10. Under the confirmed Plan, the deadline to file an objection to claim is "not later than the first (1st) Business Day that is thirty (30) days after the Effective Date[,] . . ." *See* ECF No. 434 at § 11.1.2.

11. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762 ("Notice of Effective Date").

12. This Objection is timely filed in accordance with the confirmed Plan.

---

[2] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

4

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

# III.
# LEGAL ARGUMENT

### A. The Claim Should Be Disallowed In Its Entirety.

Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. *See* 11 U.S.C. § 502(b); FED. R. BANKR. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim as follows:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the Proof of Claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. ***But the ultimate burden of persuasion is always on the claimant.*** Thus, it may be said that the Proof of Claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quotations and citations omitted) (emphasis added); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See Lundell*, 223 F.3d at 1039 (citations

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

omitted).

Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1).  The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws.  A debtor is therefore allowed to raise any federal or state law defenses to a claim.  *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law); *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

This Objection is brought to obtain the disallowance of Claim No. 12.  This Claim was filed seeking the amount of $48,104.98 as a general unsecured claim, with a basis of claim of "Credit Card."  However, no statements are attached to the Claim.  Rather, attached is a one-page "Account Summary Statement" identifying US Bank's "Customer" as (non-Debtor) Brad Palubicki and NuMale Corporation.  The Claim contains no supporting documentation showing that there is a debt owed by any of the Debtors.  The one page "Account Summary Statement" attached to the Claim also states, "Further information about this claim may be obtained  . . . via email at poc@ourcardhelp.com[.]"  Although the Trustee, through counsel, reached out to US Bank at this email address on multiple occasions, US Bank has not responded and has to date not provided supporting documentation substantiating that the Claim is for a debt owed by a Debtor.  *See* **Exhibit "1"** to Langsner Decl.; *see also* Langsner Decl. ¶¶ 5-6.  *See also* Carmel Decl. ¶ 4.  Based on the lack of evidence substantiating the Claim, US Bank has failed to carry its ultimate burden of showing that the Claim is enforceable against one or more Debtors.  Additionally, despite the Trustee's investigations, he has not encountered evidence that substantiates the amount sought through Claim No. 12 as an obligation of the Debtors.  *See* Carmel Decl. ¶ 5.

Therefore Claim No. 12 should be disallowed in the entirety.

## IV.
## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court sustain this Objection and disallow Claim No. 12 in its entirety, by entering an order substantially in the form attached hereto as **Exhibit "1"**, and for any other relief the Court finds just and appropriate.

Dated this 17th day of November 2025.

                GARMAN TURNER GORDON LLP

                By: */s/ Mary Langsner*
                    GREGORY E. GARMAN, ESQ.
                    TALITHA GRAY KOZLOWSKI, ESQ.
                    MARY LANGSNER, Ph.D.
                    7251 Amigo Street, Suite 210
                    Las Vegas, Nevada 89119
                    *Attorneys for Michael Carmel, Trustee*