GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: January 13, 2026<br>Hearing Time: 9:30 a.m. |

**OBJECTION TO CLAIM NO. 15 OF THE N2 COMPANY**

Michael Carmel, the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation,

1

Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, as the Liquidating Trustee of the NuMale Liquidation Trust and as the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities together, the "Trustee") hereby files the *Objection to Claim No. 15 of The N2 Company* (the "Objection").[1]  The Objection seeks to disallow Claim No. 15 (the "Claim") filed by The N2 Company ("N2") in its entirety.  Among other issues, the supporting documentation of the Claim indicates that amounts allegedly owed are not owed by the Debtors.

This Objection is made and based upon the following Memorandum of Points and Authorities; the declaration of Michael W. Carmel, Esq. ("Carmel Decl.") filed concurrently herewith; the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel and further evidence entertained by the Court at the hearing on this Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

This Objection is brought to address a proof of claim filed by claimant N2, which alleges that the amount of $920,617.94 is owed as a general unsecured claim.  However the documentation attached to the Claim—consisting primarily of Invoices, a "Terms and Conditions" printout, and a narrative summary—does not carry N2's burden of showing that the amounts requested through the Claim are an obligation of any of the Debtors,[2] and, as such, the documentation attached to the Claim does not substantiate the Claim amount of $920,617.94 as an obligation of any of the Debtors.  Claim No. 15 should be disallowed in its entirety.

---

[1] Claim No. 15 is attached hereto as **Exhibit 2**.

[2] Curiously, even though N2 is a party to litigation in the District Court for the Eastern District of North Carolina, Case No. 7:24-cv-00927-D-RN, The N2 Company v. NuMale Medical Center, LLC and NuMale Corporation ("EDNC Litigation"), through which N2 sought judgment against Debtor NuMale Corporation and non-Debtor NuMale Medical Center LLC on the basis of the Invoices, the Claim was not filed as a contingent or disputed litigation claim but rather asserts N2 is owed $920,617.94 on the basis of "Money owed."

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## II.
## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This Objection is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief requested herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007.

Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*11 Trustee* [ECF No. 155], thereby approving Trustee Carmel's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, Trustee Carmel filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. On May 5, 2025, Trustee Carmel filed his *Motion for Entry of Order (A) Setting a Bar Date for Filing Proofs of Claim and (B) Approving Notice Thereof* [ECF No. 237], which was ultimately granted by the Court [ECF No. 289] ("Bar Date Order").

9. The Bar Date Order established June 30, 2025, at 11:59 p.m. prevailing Pacific Time as the general bar date ("Claims Bar Date"). *See* ECF No. 289 at ¶ 3(a).

10. On or about May 22, 2025, N2 filed the Claim, which asserts a total amount of $920,617.94 is owed, comprised of: (i) "principal balance" of $686,593.14 (the "Advertising Component"); (ii) interest accrued from January 1, 2024, through the Petition Date of $131,1035.83 ("Interest Component"); and (iii) $102,988.97 in "prepetition statutory attorneys fees" of $102,988.97 ("Fees Component"). *See* Claim.

11. Attached to the Claim are approximately fifteen invoices for marketing services (collectively, the "Invoices"), with the following entities:

- NuMale Medical Albuquerque
- NuFemme Rejuvenation Clinic Albuquerque
- NuMale Medical Charlotte LLC
- NuMale Medical Chicago LLC
- NuMale Medical Denver LLC
- NuMale Medical Green Bay LLC
- NuFemme Rejuvenation Clinic Green Bay
- NuMale Medical Las Vegas LLC

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

- NuFemme Rejuvenation Clinic Las Vegas
- NuMale Medical Tampa LLC
- NuFemme Rejuvenation Clinic Tampa
- NuMale Medical Omaha LLC
- NuFemme Rejuvenation Clinic Omaha
- NuMale Medical Milwaukee
- NuFemme Rejuvenation Clinic Milwaukee

(Collectively, the "Invoice Counterparties").  *See* Claim.

12. None of the Invoice Counterparties are Debtors.  *Compare* Claim*, with* Docket in these Chapter 11 Cases.

13. None of the Invoices attached to the Claim are with any of the Debtors.  *See* Claim.

14. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, and, as confirmed, the "Plan").[3]

15. The Plan was confirmed.  *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

16. Under the confirmed Plan, the deadline to file an Administrative Claim is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date."  *See* Plan ECF No. 434 at § 1.1.9.

17. The Plan's Effective Date occurred on October 24, 2025.  *See* ECF No. 762.

18. Pursuant to the terms of the confirmed Plan, the Administrative Claim Bar Date was November 10, 2025.  *See* Carmel Decl. ¶ 5.

19. Under the confirmed Plan, the deadline to file an objection to claim is "not later than the first (1st) Business Day that is thirty (30) days after the Effective Date[,] . . ."  *See* ECF

---

[3] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

5

No. 434 at § 11.1.2.

20. This Objection is timely filed in accordance with the confirmed Plan.

## III.
## LEGAL ARGUMENT

**A.    The Claim Should Be Disallowed In Its Entirety.**

Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. *See* 11 U.S.C. § 502(b); FED. R. BANKR. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim as follows:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the Proof of Claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. ***But the ultimate burden of persuasion is always on the claimant.*** Thus, it may be said that the Proof of Claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quotations and citations omitted) (emphasis added); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate one or

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See Lundell*, 223 F.3d at 1039 (citations omitted).

Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . ." 11 U.S.C. § 502(b)(1). The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws. A debtor is therefore allowed to raise any federal or state law defenses to a claim. *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law); *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

This Objection is brought to obtain the disallowance of Claim No. 15 in full, as it is prepetition claim based on a series of Invoices that N2 made with Invoice Counterparties who are not Debtors. While the narrative attachment to the Claim asserts that "NuMale Corporation . . . executed and delivered to The N2 Company, . . .", none of the Invoices or other documentation attached to the Claim support this bald assertion. Rather, the Invoices identify that fifteen separate Invoice Counterparties apparently contracted with N2 for digital advertising services in or about April of 2023; none of these Invoice Counterparties are a Debtor. Because N2 does not demonstrate that any component of the Claim is a debt owed by any of the Debtors, the Claim must be disallowed in its entirety.[4]

Second, *even if* the Invoices did name any of the Debtors, the amount asserted in the Claim appears to be vastly overstated. The total amount of all Invoices together is, collectively, $208,625.00—less than one-third of the $686,593.14 amount asserted by N2 as the "principal

---

[4] Though the narrative attachment to the Claim briefly mentions the EDNC Litigation, N2 appears to have filed the Claim on the basis of the Invoices. To the extent N2 amends the Claim or supplements to clarify that the Claim is or includes an unliquidated litigation claim related to the EDNC Litigation, the Trustee reserves all rights and remedies, including counterclaim(s).

7

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

balance" owed. And although the narrative summary of the Claim states that the Invoices represent work which would be performed for twelve (12) months, none of the Invoices comprising the $208,625.00 amount name a Debtor as the counterparty; instead, the Invoices name several non-debtors (the Invoice Counterparties), and the documentation attached to the Claim does not appear to substantiate that services were provided over time and not paid for. Nor does the Claim demonstrate that the Invoices represent amounts due by any of the Debtors—for example, the summary description of the Invoices, *see* Claim at p. 4 of 47, lists different amounts than are stated on the Invoices, without providing how those amounts are calculated, and, as such, the summary appears to bear limited to no relation to the Invoices. N2 bears the ultimate burden of proof on its Claim, and, the documentation attached to the Claim simply does not support that the Debtors owe $686,593.14 as a principal balance. For this reason, the Advertising Component of the Claim should be disallowed in its entirety.

Third, the Interest Component should also be disallowed in its entirety. To begin with, Section 3.4 of the Terms and Conditions, *see* Claim p. 39 of 47, provides that interest is applicable on past due amounts at 1.5% per month; however it is unclear from the documentation supporting the Claim what are the past due amounts, because the "principal balance" owed as of the Petition Date does not appear to be supported by the Invoices, and, the Interest Component appears to be calculated from and entirely based on the "principal balance". Additionally, because none of the Invoice Counterparties are Debtors, the application of interest to amounts allegedly owed by the Debtors appears improper. For these reasons, the Interest Component of the Claim should be disallowed in the entirety.

Last, the Fees Component should also be disallowed. The Claim asserts that "pre-petition Statutory Attorneys' Fees" are owed in the amount of $102,988.97, however the alleged statutory basis for attorneys' fees being owed by any of the Debtors, when none of the Debtors are Invoice Counterparties, is not provided in the Claim. Additionally, missing from the Claim is the basis upon which attorney fees allegedly incurred by N2 in connection with the Invoices that do not name a Debtor, are an obligation of the Debtors. Last, there is no breakdown of these alleged

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

attorney fees, nor are attorney fees invoices provided with the Claim; as such, there is no supporting documentation for this component of the Claim. The documentation attached to the Claim simply does not substantiate the Fees Component sought. As such, the Fees Component of the Claim must also be disallowed in the entirety.

Despite the Trustee's investigations he has not encountered evidence that substantiates the amount sought through Claim No. 15 as owed by the Debtors. *See* Carmel Decl. ¶ 4. As such, Claim No. 15 should be disallowed in the entirety.

For all of these reasons, the Claim should be disallowed in its entirety, as it is not a claim that is enforceable against the Debtors. N2 has failed to carry its ultimate burden of persuasion on the Claim.

### 1. **N2's Reservation Attempting to Extend the Claims Bar Date and the Administrative Claim Bar Date Should Be Stricken.**

The narrative attachment to the Claim contains curious language by which N2 purports to "assert[] the following additional claims, to the extent that any such claims exist, . . . [including, among others, 'claims for administrative expenses']" and names a number of unquantified, unspecified, alleged "claims" that do not appear to exist. *See* Claim p. 5 of 47. However, the Administrative Claim Bar Date has passed. *See, e.g.*, Carmel Decl. ¶ 5. Any administrative expense claim N2 might hereafter lodge would be untimely under the confirmed Plan, and, N2's attempted reservation of rights to file an Administrative Claim should be disallowed. Similarly, the narrative attachment also purports to "reserve[] the right to . . . file additional proofs of claim for additional claims." *See* Claim p. 5 of 47. However because the Claims Bar Date has long since passed, this reservation is inapt, as any such additional claims filed by N2 would be woefully late by more than four months.

N2's attempted reservations do not accord with this Court's orders establishing the Claims Bar Date and confirming the Plan and should likewise be disallowed.

### 2. **Reservation of Rights.**

As formal discovery into the merits of the Claim has not yet commenced, the Trustee

reserves all rights to object to the Claim on any further and additional bases, reserves all remedies available at law and in equity, and reserves the rights to bring claims against N2, including those which may become known through discovery, those which are not asserted herein, and those asserted in connection with the EDNC Litigation.  This Objection is intended to reserve and preserve all the Trustee's rights and remedies, and all the Liquidation Trust's rights, remedies, and defenses against the Claim and N2, including those not specifically raised herein.

## IV.
## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court sustain this Objection and disallow Claim No. 15 in its entirety, by entering an order substantially in the form attached hereto as **Exhibit "1"**, and for any other relief the Court finds just and appropriate.

Dated this 24th day of November 2025.

GARMAN TURNER GORDON LLP

By: */s/Mary Langsner*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Trustee*