GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with:* |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| ☐ NUMEDICAL SC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | Hearing Date: January 13, 2026<br>Hearing Time: 9:30 a.m. |

**OBJECTION TO CLAIM NO. 46 OF KELCIE JIMENEZ**

Michael Carmel, the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation,

1

Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, as the Liquidating Trustee of the NuMale Liquidation Trust and as the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities together, the "Trustee") hereby files the *Objection to Claim No. 46 of Kelcie Jimenez* (the "Objection").[1] The Objection seeks to disallow Claim No. 46 (the "Claim") filed by Ms. Kelcie Jimenez ("Ms. Jimenez") in its entirety. Among other issues, the supporting documentation of the Claim indicates it is for a prepetition debt, yet the Claim was filed more than four months after the Claims Bar Date. The Objection requests that the Claim be disallowed in its entirety.

This Objection is made and based upon the following Memorandum of Points and Authorities; the declarations of Michael W. Carmel, Esq. ("Carmel Decl.") and Mary Langsner, Ph.D. ("Langsner Decl.") filed concurrently herewith; the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel and further evidence entertained by the Court at the hearing on this Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

This Objection is brought to address a proof of claim filed by claimant Ms. Jimenez, which was filed more than four (4) months after the Claims Bar Date. The Claim alleges that $300,000.00 is owed as a general unsecured claim; however the documentation attached to the Claim indicates that Ms. Jimenez signed up and began paying for treatment prepetition. The Claims Bar Date in these Chapter 11 Cases was June 30, 2025. In addition to the Claim being severely late filed, the documentation attached to it does not substantiate the Claim amount of $300,000.00 and also indicates Ms. Jimenez's payment arrangements were made with a third party (SplitIt) and not the

---

[1] Given that Ms. Jimenez's personal information is included in the supporting documentation of Claim No. 46, a true and correct copy of solely the first three pages of Claim No. 46 is attached hereto as **Exhibit 2**.

Debtors. Accordingly, Claim No. 46 should be disallowed in its entirety.

## II.
## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This Objection is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief requested herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007.

Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving Trustee Carmel's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, Trustee Carmel filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. On May 5, 2025, Trustee Carmel filed his *Motion for Entry of Order (A) Setting a Bar Date for Filing Proofs of Claim and (B) Approving Notice Thereof* [ECF No. 237], which was ultimately granted by the Court [ECF No. 289] ("Bar Date Order").

9. The Bar Date Order established June 30, 2025, at 11:59 p.m. prevailing Pacific Time as the general bar date ("Claims Bar Date"). *See* ECF No. 289 at ¶ 3(a).

10. No proof of claim was filed by Ms. Jimenez as of the Claims Bar Date. *See generally* Debtors' Claims Registers.

11. On or about August 29, 2025, Ms. Jimenez, in violation of the automatic stay, commenced Case No. T-4-CV-2025008034 ("Jimenez Case") with the Metropolitan Court of the State of New Mexico, County of Bernalillo ("New Mexico Court"); the Jimenez Case was ultimately stayed by the New Mexico Court, after *Notice of Bankruptcy* was received. *See* **Exhibit "1"** to Langsner Decl.

12. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (together with all supplements and amendments thereto, the "Plan").[2]

13. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order*

---

[2] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

4

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

14. Under the confirmed Plan, the deadline to file an objection to claim is "not later than the first (1st) Business Day that is thirty (30) days after the Effective Date[,] . . ." *See* ECF No. 434 at § 11.1.2.

15. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762.

16. More than four months after the Claims Bar Date, and after the Plan's Effective Date, Ms. Jimenez sent informal claim correspondence to the Trustee's counsel which included a draft claim form and what appeared to be personal medical information; this claim correspondence was immediately returned to Ms. Jimenez with instructions for filing a proof of claim with the Court. *See* **Exhibit "2"** to Langsner Decl. (letter, minus enclosure).

17. The Claim was filed on or about November 12, 2025. *See* Claim No. 46.

18. This Objection is timely filed in accordance with the confirmed Plan.

### III.
### LEGAL ARGUMENT

**A. The Claim Should Be Disallowed In Its Entirety.**

Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. *See* 11 U.S.C. § 502(b); FED. R. BANKR. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim as follows:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the Proof of Claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to

5

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

> produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. **But the ultimate burden of persuasion is always on the claimant.** Thus, it may be said that the Proof of Claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quotations and citations omitted) (emphasis added); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See Lundell*, 223 F.3d at 1039 (citations omitted).

Section 502(b)(9) requires disallowance of a claim if "proof of such claim is not timely filed[.]" *See In re Barker*, 839 F.3d 1189, 1194 (9th Cir. 2016) ("A bankruptcy court may disallow a claim for many reasons, including if the proof of claim was untimely." (citations omitted)). *See also In re Zetta Jet USA, Inc.*, 2024 WL 3198826, *55 (C.D. Cal. Mar. 26, 2024) ("When 'proof of [a] claim is not timely filed,' it can be denied." (citing 11 U.S.C. § 502(b)(9)). *See also In re Peak Web LLC*, 2017 WL 5197117, *1 (Bankr. D. Or. 2017) ("A claim that is not timely will be disallowed." (citing 11 U.S.C. § 502(b)(9)).

Furthermore, Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . ." 11 U.S.C. § 502(b)(1). The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws. A debtor is therefore allowed to raise any federal or state law defenses to a claim. *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law);

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1 *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

This Objection is brought to obtain the disallowance of Claim No. 46 in full, as it is a prepetition claim that was late filed more than four months after the Claims Bar Date. More specifically, the documentation supporting the Claim indicates that Ms. Jimenez began payment for treatment in approximately December 2024—in other words, prepetition. However the Claim was not lodged until more than four (4) months after the June 30, 2025, Claims Bar Date. On this basis alone the Claim should be disallowed in its entirety.

Furthermore, the documentation attached to the Claim does not substantiate the amount sought. The Claim requests $300,000.00, yet none of the documentation attached to it supports this amount; at best, the Claim indicates that less than fourteen hundred dollars may have been paid to a *third party*, SplitIt, for services that Ms. Jimenez voluntarily terminated before completion. In the documentation supporting the Claim Ms. Jimenez admits she made payment arrangements through SplitIt. Thus, at best, the Claim appears to be an extremely late-filed claim for amounts that are less than 0.5% of the facial amount alleged in the proof of claim, related to charges the claimant incurred to a third party, SplitIt (and not the Debtors), beginning prepetition. For these additional reasons, the Claim should be disallowed in its entirety, as it is not a claim that is enforceable against the Debtors and, even to the extent it were enforceable against the Debtors, the Claim amount of $300,000 is wholly unsubstantiated and not supported by the documentation attached to the Claim. In other words, Ms. Jimenez has failed to carry her ultimate burden of persuasion on the Claim.

Furthermore, despite the Trustee's investigations he has not encountered evidence that substantiates the amount sought through Claim No. 46 as an obligation of the Debtors. *See* Carmel Decl. ¶ 4. As such, Claim No. 46 should be disallowed in the entirety.

**21.    Reservation of Rights.**

As formal discovery into the merits of the Claim has not yet commenced, the Trustee

reserves all rights to object to the Claim on any further and additional bases, reserves all remedies available at law and in equity, and reserves the rights to bring further claims against Ms. Jimenez, including those which may become known through discovery and those which are not asserted herein. This Objection is intended to reserve and preserve all the Trustee's rights and remedies, and all the Liquidation Trust's rights, remedies, and defenses against the Claim and Ms. Jimenez, including those not specifically raised herein, including, without limitation, damages for violation of the automatic stay in connection with Ms. Jimenez's post-petition attempts to collect from the Debtors any amounts asserted in the Claim.

## IV.
## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court sustain this Objection and disallow Claim No. 46 in its entirety, by entering an order substantially in the form attached hereto as **Exhibit "1"**, and for any other relief the Court finds just and appropriate.

Dated this 24th day of November 2025.

                                        GARMAN TURNER GORDON LLP

                                      By: */s/Mary Langsner*
                                              GREGORY E. GARMAN, ESQ.
                                              TALITHA GRAY KOZLOWSKI, ESQ.
                                              MARY LANGSNER, Ph.D.
                                              7251 Amigo Street, Suite 210
                                              Las Vegas, Nevada 89119
                                              *Attorneys for Michael Carmel, Trustee*