GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: January 13, 2026<br>Hearing Time: 9:30 a.m. |
|---|---|

**OBJECTION TO CLAIM NO. 45 OF EVA GABRIELA FARMER DE LA TORRE**

Michael Carmel, the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation,

1

Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, as the Liquidating Trustee of the NuMale Liquidation Trust and as the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities together, the "Trustee") hereby files the *Objection to Claim No. 45 of Eva Gabriela Farmer De La Torre* (the "Objection").[1] The Objection seeks to disallow Claim No. 45 (the "Claim") filed by Ms. Eva Gabriela Farmer De La Torre ("Ms. De La Torre") in its entirety. Among other things, the Claim alleges it is for post-petition administrative expenses, but it was filed after the Administrative Claim Bar Date. The Objection requests that the Claim be disallowed in its entirety.

This Objection is made and based upon the following Memorandum of Points and Authorities; the declaration of Michael W. Carmel, Esq. ("Carmel Decl.") filed concurrently herewith; the papers and pleadings on file herein, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel and further evidence entertained by the Court at the hearing on this Objection.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

This Objection is brought to address a proof of claim filed by claimant Ms. De La Torre, which was filed after the Administrative Claim Bar Date. The Claim alleges that $20,247.13 is owed as an "Administrative claim for wages, accrued PTO, bonus, and car allowance for Post Petition items[.]" The Claim was filed on November 12, 2025; however, the Administrative Claim Bar Date in these Chapter 11 Cases was November 10, 2025. In addition to the Claim being late filed, the documentation attached to it does not substantiate that the Claim amount of $20,247.13 was incurred for the benefit of the Debtors' estates: Among other issues, Ms. De La Torre was terminated for cause on July 29, 2025, yet the Claim asserts, *inter alia*, an entitlement to a car

---

[1] Claim No. 45 is attached hereto as **Exhibit "2"**.

2

allowance and a bonus; nearly all "business expense reimbursements" asserted in the Claim were for "Charlotte Cinic Closure – Travel," yet the Charlotte, North Carolina, clinic was not a Debtor clinic; there is no evidence a Qualgen charge asserted as a "business expense reimbursement" was for the benefit of any Debtor; and there is no evidence that Ms. De La Torre is entitled to additional compensation beyond what she was paid at her termination, nor entitled to a PTO payout, a bonus, or a car stipend/allowance pursuant to an alleged employment agreement, or that she actually performed services that benefitted the estates, particularly given that Ms. De La Torre was terminated for cause on July 29, 2025.[2]  Accordingly, Claim No. 45 should be disallowed in its entirety.

## II.
## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This Objection is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (C), and (O). Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection is a "core proceeding" over which the Court has jurisdiction to render a decision.

The statutory bases for the relief requested herein are Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007.

Pursuant to Local Rule 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary

---

[2] Notably, after her termination, Ms. De La Torre proceeded to intentionally interfere with the Trustee's administration of the estates, ultimately necessitating an *Order to Show Cause* which was resolved through a permanent injunction that Ms. De La Torre agreed to, in order to put a stop to her intentional harm of the estates. *See* ECF Nos. 455, 500, 663, 708.

1. petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 1, 2025, this Court entered its *Interim Order Directing Joint Administration of Chapter 11 Cases*. *See* ECF No. 130.

3. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132.

4. On April 2, 2025, Tracy Hope Davis, then United States Trustee for Region 17 ("U.S. Trustee"), appointed the Trustee as the Chapter 11 trustee for Debtors' estates. *See* ECF No. 140.

5. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving Trustee Carmel's appointment. Later that same morning, the U.S. Trustee filed its *Notice of Appointment of Chapter 11 Trustee* [ECF No. 156].

6. Also on April 7, 2025, Trustee Carmel filed his *Notice of Acceptance of Appointment of Chapter 11 Trustee* accepting his appointment as the Chapter 11 Trustee for the Debtors' estates. *See* ECF No. 157.

7. On April 28, 2025, the Court entered its *Final Order Approving Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)*. *See, e.g.*, ECF No. 209.

8. On July 29, 2025, Ms. De La Torre, among others, was terminated for cause. *See* Carmel Decl. ¶ 4; *see also* **Exhibit 1** to Carmel Decl.

9. On August 11, 2025, the Trustee filed a *Motion for Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* [ECF No. 455] (the "Show Cause Motion").

10. On August 19, 2025, the Court conducted a hearing on the Show Cause Motion and entered the *Order to Show Cause for Willful Violation of the Order Appointing the Trustee, Willful*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*Violation of the Automatic Stay, and Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 105, 362, and 542* [ECF No. 500] (the "OSC").

11. *Inter alia*, the OSC provides:

> **IT IS FURTHER ORDERED** that any subsequent acts by any of the Respondents[3] in (i) contacting, directing, or interfering with any of the Debtors' business operations, vendors, service providers, or pharmacy partners; (ii) altering, removing, disabling, or attempting to access any payment methods, credit cards, ACH arrangements, or platform credentials (including EPCS tokens, multi-factor devices, and administrator accounts); (iii) accessing or attempting to access the Debtors' clinics' EHR or vendor portals; and/or (iv) holding themselves out as having any authority to bind the Estates or the Debtors or to direct patient-care operations, shall subject the Respondents to sanctions by this Court.
>
> * * *
>
> **IT IS FURTHER ORDERED** that Respondents shall deliver to the Trustee within forty-eight (48) hours of entry of this Order: (i) administrator-level credentials, passwords, multifactor tokens/devices, recovery codes, and ownership/registrar control for payment processing, electronic prescribing, EHR/PM systems, email and domain services, cloud storage, telephone/communications, accounting/billing, and any other production systems; (ii) hardware and removable media owned by the Debtors (workstations, laptops, phones, external drives, security keys) and any device storing estate data; (iii) recorded information under Section 542(e), including configuration backups, audit logs, access/change histories, vendor tickets, service contracts, and correspondence sufficient to restore full Trustee control; and (iv) cryptographic/API materials (SSH keys, API tokens, OAuth app ownership) enabling access to the foregoing.

*See* OSC [ECF No. 500] at pp. 3-4.

12. Thereafter, in a *Stipulation Resolving Order to Show Cause and Granting Permanent Injunction* [ECF No. 663] (as approved by the Court via ECF No. 708, the "Stipulated Injunction"), Ms. De La Torre "admit[ted] that [she] participated in actions that the Trustee contends, directly or indirectly, violated the automatic stay imposed by 11 U.S.C. § 362, violated

---

[3] Defined in the OSC to include Ms. De La Torre.

the Trustee Appointment Order [ECF Nos. 155-157], and interfered with the Trustee's operation and management of the Estates." *See* Stipulated Injunction ECF No. 663 at 4:16-19.

13.  Ms. De La Torre also "agree[d] to a permanent injunction enjoining [her] from engaging in, directly or indirectly:

>     (i)  (a) contacting, directing, or interfering with any of the Debtors' business operations, vendors, service providers, or pharmacy partners; (b) altering, removing, disabling, or attempting to access any payment methods, credit cards, ACH arrangements, or platform credentials (including EPCS tokens, multi-factor devices, and administrator accounts); (c) accessing or attempting to access the Debtors' clinics' EHR or vendor portals; and/or (d) holding themselves out as having any authority to bind the Estates or the Debtors or to direct patient-care operations, shall subject the Respondents to sanctions by this Court;
>
>     (ii) otherwise participating in any act, action, or activity that interferes with the Trustee's administration of the Estates or disrupts the operations of the Debtors; and
>
>     (iii) engaging in, directly or indirectly, any activity that interferes with the Trustee's administration of the Debtors and their Estates, including contacting all service providers and vendors doing business with any of the Debtors or Affiliated Nondebtors, except to the extent that such contact concerns business unrelated to the Debtors and their Estates, including but not limited to the following: (a) AdvancedMD EMR; (b) MDToolbox; (c) RepeatMD; (d) Paylocity; (e) Olympia; (f) Empower; (g) Wells Pharmacy; (h) AnazaoHealth; (i) CarieBoyd; (j) PharmaLink; (k) Qualgen; (l) McKesson; (m) CardinalHealth; (n) OrthoMolecular; (o) Plymouth Medical; (p) Policy Tec; (q) Remote TC Systems; (r) MyMedLeads/Texting System/Apex Chat; (s) GoDaddy; (t) Paylocity; and (u) any other service providers and vendors of the Debtors and these Estates."

*See* Stipulated Injunction ECF No. 663 at 5:1-20.

14.  Additionally, Ms. De La Torre also "agree[d] to a permanent injunction enjoining [her] from interfering with the Trustee's sole control and authority over the Debtors and the Affiliated Nondebtors." *See* Stipulated Injunction ECF No. 663 at 5:21-22.

15.  On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

434] (together with all supplements and amendments thereto, and, as confirmed, the "Plan").[4]

16. The Plan was confirmed. *See* ECF Nos. 726 (*Findings of Fact and Conclusions of Law in Support of the Order Confirming Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) and 727 (*Order Confirming the Joint Plan of Reorganization and Approving on a Final Basis the Disclosure Statement to Accompany Joint Plan of Reorganization*) (collectively, "Confirmation Order").

17. Under the confirmed Plan, the deadline to file an Administrative Claim is "The first (1st) Business Day occurring on or after the fifteenth (15th) day after the Effective Date." *See* Plan ECF No. 434 at § 1.1.9.

18. The Plan's Effective Date occurred on October 24, 2025. *See* ECF No. 762.

19. Pursuant to the terms of the confirmed plan, the Administrative Claim Bar Date was November 10, 2025. *See* Carmel Decl. ¶ 6.

20. Ms. De La Torre filed the Claim on November 12, 2025. *See* Claim.

21. The Claim states its basis is "Administrative claim for wages, accrued PTO, bonus, and car allowance for Post Petition items[,]" although the supporting documentation tabulates the Claim as comprised of (i) $2,921.55 in alleged "business expense reimbursements" (the "Reimbursements Component"); (ii) $5,325.58 allegedly for a PTO payout (the "PTO Component"); (iii) $5,000.00 for a quarterly bonus allegedly earned during the second quarter of 2025 ("Bonus Component"); and (iv) $7,000.00 for an alleged "Monthly allowance per employment agreement[]" ("Car Stipend Component"). *See* Claim.

22. Although the Claim self-describes as seeking post-petition amounts as an Administrative Claim, Part 12 of the Claim also asserts a priority claim in the full amount of the Claim. *See* Claim.

23. Under the confirmed Plan, the deadline to file an objection to claim is "not later than the first (1st) Business Day that is thirty (30) days after the Effective Date[,] . . ." *See* ECF No. 434 at § 11.1.2.

24. This Objection is timely filed in accordance with the confirmed Plan.

---

[4] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Plan.

7

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

# III.
# LEGAL ARGUMENT

A. **The Claim Should Be Disallowed In Its Entirety as It Was Tardily Filed After the Administrative Claim Bar Date.**

Section 503(a) provides, "An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." Here, the Administrative Claim Bar Date occurred on November 10, 2025, and, the Claim was not filed until November 12, 2025. The Claim is late filed, and Ms. De La Torre failed to obtain permission from the Court to tardily file her administrative expense claim or show cause that might otherwise provide a basis for the Court to authorize a tardily filed administrative expense claim (were permission for a tardy filing even requested—which it was not). For this reason alone, the Claim should be disallowed in full.

B. **The Claim Should Also Be Disallowed In Its Entirety as an Administrative Claim.**

Section 503(b)(1)(A) provides:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
> (1) the actual, necessary costs and expenses of preserving the estate including—[wages, salaries, and commissions; and, under certain circumstances, wages and benefits.]

*See* 11 U.S.C. § 503(b)(1).

"The burden of proving an administrative expense claim is on the claimant." *In re DAK Indust., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995) (citation omitted). The claimant:

> [M]ust show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.

*DAK Indust.*, 66 F.3d at 1094 (citation and internal quotation notation omitted). This test is conjunctive. The Ninth Circuit has adopted this approach "[t]o limit the administrative expense priority to those situations where the purpose of rehabilitation will be served, . . ." *In re Abercrombie*, 139 F.3d 755, 757 (9th Cir. 1998). "'[T]he actual, necessary costs and expenses of

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

preserving the estate, . . . are construed narrowly.'" *DAK Indust.*, 66 F.3d at 1094, citing *In re Palau*, 139 B.R. 942, 944 (B.A.P. 9th Cir. 1992) (*aff'd*, 18 F.3d 746 (9th Cir. 1994)).

Here, Ms. De La Torre fails to carry her burden of showing that any of the Claim's components substantially benefited the estate and that they all arose from transactions with the Debtors. First, the Reimbursement Component identifies that all but one of the alleged "business expense reimbursements" were for the Charlotte, North Carolina, clinic, which is not a Debtor. And as to the remaining portion of the Reimbursement component, a charge for Qualgen, there is zero proof this arose from a transaction with any of the Debtors, or that this substantially benefited the estate or was a purchase of an item actually used by any of the Debtors in the course of business. As such, the Reimbursement Component should be denied in its entirety.

Second, Ms. De La Torre fails to carry her burden of showing that the PTO Component is allowable as an Administrative Claim. There is no proof that Ms. De La Torre was entitled to the PTO that is subject of the PTO Component, nor has Ms. De La Torre demonstrated that she earned and did not use the PTO for which she now seeks to be paid. Simply put, the Claim fails to demonstrate how the PTO Component directly and substantially benefited the estate, or is actual compensation owing to Ms. De La Torre as an Administrative Claim beyond what she was paid at the time of her termination for cause. For these reasons, the PTO Component should be denied in its entirety.

Third, Ms. De La Torre has failed to demonstrate an entitlement to a quarterly bonus in the second quarter of 2025—the quarter Trustee Carmel was appointed over the Debtors for, *inter alia*, the Debtors' failures to timely file monthly operating reports, to provide information to the U.S. Trustee, to timely provide full and accurate disclosures, and to expeditiously prosecute the Chapter 11 Cases. *Cf.* ECF No. 64 at ¶ 3. There is zero supporting documentation included with the Claim demonstrating that Ms. De La Torre was entitled to a quarterly bonus; moreover, amidst the circumstances of the Debtors' Chapter 11 Cases it is outlandish to suggest that Ms. De La Torre earned a performance bonus the same quarter Trustee Carmel was appointed. There is no indication that Ms. De La Torre so substantially benefited the estates at that time, or that a four-

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

figure quarterly bonus was earned by her and is payable as an Administrative Claim. For these reasons, the Bonus Component should also be denied, as Ms. De La Torre has failed to carry her burden of showing she is entitled to an Administrative Claim on this basis.

Last, Ms. De La Torre has failed to carry her burden of showing she is entitled to the Car Stipend Component. The Claim alleges she should be paid this "Monthly allowance per employment agreement[,]" but no such documentation is included with the Claim. Simply, there is no basis to support the Claim's allegations that Ms. De La Torre is entitled to a monthly vehicle allowance or that an employment agreement provides for this unequivocally. More impactfully, there is no proof that Ms. De La Torre's asserted monthly car allowance arose from a transaction with any of the Debtors (and not a non-debtor), nor is there proof of a direct and substantial benefit to the estate. Ms. De La Torre has failed to carry her burden of proof on the Car Stipend Component and, as such, this must also be denied.

Ms. De La Torre failed to carry her burden of showing that any portion of the Claim is an actual, necessary cost and expense of preserving the estate, or that any of the Claim's components are appropriate for an administrative expense priority, which are limited to those situations where the purpose of rehabilitation will be served. The Claim must therefore be denied in its entirety as an Administrative Claim for these additional reasons.

**C.     The Claim Must Also Be Denied as a Priority Unsecured Claim.**

Section 502(a) provides that any proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. *See* 11 U.S.C. § 502(b); FED. R. BANKR. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim as follows:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the

10

> amount of the claim is that of the objector to that claim. In short, the allegations of the Proof of Claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. ***But the ultimate burden of persuasion is always on the claimant.*** Thus, it may be said that the Proof of Claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

*Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quotations and citations omitted) (emphasis added); *see also Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); *Spencer v. Pugh (In re Pugh)*, 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *See Lundell*, 223 F.3d at 1039 (citations omitted).

Section 502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). The "applicable law" referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws. A debtor is therefore allowed to raise any federal or state law defenses to a claim. *See In re G.I. Indus., Inc.*, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under nonbankruptcy law); *Johnson v. Righetti*, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the validity of the claim may be determined under state law); *In re Eastview Estates II*, 713 F.2d 443, 447 (9th Cir. 1983) (applying California law).

Here, Claim 45 asserts it is filed as an Administrative Claim but curiously also asserts that Ms. De La Torre is entitled to a priority claim in the full amount ($20,247.13). All of the amounts

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

requested in the Claim relate to post-petition events. *See generally* Claim. As such, for the avoidance of doubt and in an abundance of caution this Objection also seeks to disallow the Claim in full to the extent the Claim seeks any prepetition amounts including any classification as a priority claim. Nothing in the Claim demonstrates that Ms. De La Torre is entitled to a claim for any amounts preceding the Petition Date, nor a priority claim.

Furthermore, despite the Trustee's investigations he has not encountered evidence that substantiates that Ms. De La Torre is owed any prepetition amounts. *See* Carmel Decl. ¶ 7. As such, Claim No. 45 should be disallowed in the entirety on this basis as well.

**21.    Reservation of Rights.**

As formal discovery into the merits of the Claim has not yet commenced, the Trustee reserves all rights to object to the Claim on any further and additional bases, reserves all remedies available at law and in equity, and reserves the rights to bring further claims against Ms. De La Torre, including those which may become known through discovery and those which are not asserted herein. This Objection is intended to reserve and preserve all the Trustee's rights and remedies, and all the Liquidation Trust's rights, remedies, and defenses against the Claim and Ms. De La Torre, including those not specifically raised herein.

## IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court sustain this Objection and disallow Claim No. 45 in its entirety, by entering an order substantially in the form attached hereto as **Exhibit "1"**, and for any other relief the Court finds just and appropriate.

Dated this 24th day of November 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000