GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☐ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: December 9, 2025<br>Hearing Time: 9:30 a.m. |

**SUPPLEMENT TO:**
**FIRST AND FINAL FEE APPLICATION OF BURR & FORMAN LLP AS SPECIAL COUNSEL TO CHAPTER 11 ESTATE FOR THE ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF <u>EXPENSES</u>**

Michael Carmel, former Chapter 11 trustee of the bankruptcy estates of NuMale

Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, the Liquidating Trustee of the NuMale Liquidation Trust, and the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities together, "Trustee") hereby files this *Supplement* ("Supplement") to the *First and Final Fee Application of Burr & Forman LLP as Special Counsel to Chapter 11 Estate for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses* ("Application") [ECF No. 785].[1]  This Supplement is filed to address informal concerns raised by the Office of the United States Trustee for Region 17 in its dialogue with the Trustee regarding the Application.

**Preservation of Litigation**

After the Trustee's appointment, the U.S. District Court for the Eastern District of North Carolina ("District Court") issued an order requiring Debtor NuMale Corporation (a defendant in the EDNC Litigation) to appear through counsel in that case.  *See* **Exhibit 1** to Langsner Declaration in support of retention [ECF No. 419-1].  The Trustee's general bankruptcy counsel, Garman Turner Gordon LLP ("GTG"), was unable to obtain a stipulation with the plaintiff in the EDNC Litigation, The N2 Company ("N2").  *See* Langsner Declaration in support of retention [ECF No. 419] at ¶ 8.  GTG was, however, able to secure a limited extension of the deadline for NuMale Corporation to appear through counsel, so as to enable the Trustee to secure counsel to represent the estate in the EDNC Litigation.  *See id.* at ¶ 9.  Because the Court in the EDNC Litigation required NuMale Corporation to appear through counsel, and GTG does not routinely appear in the Eastern District of North Carolina, the Trustee determined the retention of Burr & Forman LLP was in the best interests of the estate.  *See* Carmel Declaration in support of retention [ECF No. 420] at ¶¶ 6, 8.

Were it not for Burr & Forman agreeing to serve as the estate's counsel in the EDNC Litigation, the estate would have not only been bereft of representation in ongoing, active litigation before an Article III Court, but the estate would have failed to comply with a direct

---

[1] All capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to them in the Application, and the *Joint Plan of Reorganization* [ECF No. 434] (as supplemented, and, as confirmed, the "Plan"), in that sequence.

order of that court—and, failure to comply with that order would potentially have subjected the estate to sanctions in the EDNC Litigation.

Furthermore, no judgment was entered against NuMale Corporation in the EDNC Litigation, thereby ensuring that the N2 Litigation Claim could be addressed pursuant to the confirmed Plan. Because N2 was a litigation plaintiff in an ongoing, active case, and had separately filed a proof of claim in the Chapter 11 Cases, it was necessary for Burr & Forman to consider litigation strategy in connection with its representation of the estate. Additionally, because the District Court had issued the Withdrawal Order (after the Trustee's appointment), directing counsel to appear for Debtor NuMale Corporation on penalty of sanction and separately later issued a scheduling order without an order from this court terminating the automatic stay, Burr & Forman's work necessarily involved litigation strategy and analysis regarding the handling of such matters. Without question, reminding the District Court of the application of the automatic stay to needed to be handled carefully, and Burr & Forman's work and attention to strategy informed the Trustee's approach.

Last: Burr & Forman is the estate's counsel in the EDNC Litigation against N2, and, the N2 Litigation Claim is a preserved litigation claim under the confirmed Plan. Once Burr & Forman was retained by the estate, it utilized its paralegal Ms. Ahtes to track high-level case developments in the Bankruptcy Cases, namely those which were impactful to the handling of litigation claims, and overall bankruptcy case success—such as Plan confirmation, Disclosure Statement approval, the 363 Sale, and Mr. Palubicki's and his cohorts' interference in estate matters and case administration. Burr & Forman's very limited monitoring of major case events in the Chapter 11 Cases that were or could have been potentially impactful to the N2 Litigation Claim that was ultimately transferred to the Liquidation Trust, were for the benefit of the estate because these events informed Burr & Forman's work on behalf of the estate in the EDNC Litigation.

. . .

. . .

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

Attached hereto as **Exhibit "1"** is a supplemental declaration of the Trustee regarding the benefit to the estate conferred by Burr & Forman's

Dated this 2nd day of December 2025.

GARMAN TURNER GORDON LLP

By: */s/ Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee*