**Jacob Nathan Rubin, M.D., F.A.C.C.**
4955 Van Nuys Blvd, No. 308
Sherman Oaks, CA 91403
**Telephone:** (818) 929-1455
**Email:** JNRubinMD@yahoo.com

*Patient Care Ombudsman*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | | Lead Case No. 25-10341-NMC |
| | | Chapter 11 |
| NUMALE CORPORATION, | | |
| | | *Jointly administered with*: |
|    AFFECTS THIS DEBTOR, | ☐ | |
| | | Feliciano NuMale Nevada PLLC, |
|    AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | Case No. 25-10342-NMC, |
| | | NuMedical SC, |
|    NUMEDICAL SC, | ☐ | Case No. 25-10343-NMC, |
|    NUMALE COLORADO SC, | ☐ | NuMale Colorado SC, |
| | | Case No. 25-10344-NMC, |
|    NUMALE FLORIDA TB PLLC, | ☐ | NuMale Florida TB PLLC, |
| | | Case No. 25-10345-NMC, |
|    NUMALE NEBRASKA LLC, | ☐ | NuMale Nebraska LLC, |
|    NUMALE NEW MEXICO SC, | ☐ | Case No. 25-10346-NMC, |
| | | NuMale New Mexico SC, |
|    AFFECTS ALL DEBTORS, | ☒ | Case No. 25-10347-NMC. |
|                        Debtors. | | Hearing Date: December 9, 2025 |
| | | Hearing Time: 9:30 a.m. |

**SUPPLEMENTAL DECLARATION OF JACOB NATHAN RUBIN, M.D., F.A.C.C. IN SUPPORT OF FIRST AND FINAL APPLICATION BY PATIENT CARE OMBUDSMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENTS OF COSTS FOR THE PERIOD APRIL 30, 2025 THROUGH OCTOBER 22, 2025**

I, Jacob Nathan Rubin, M.D., F.A.C.C., declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. I was appointed as the Patient Care Ombudsman ("PCO") in the seven-jointly administered Chapter 11 cases of NUMALE CORPORATION, et al. (hereinafter collectively, the "Debtor").

3. I submit this supplemental declaration in support of my *First and Final Application for Allowance of Fees* [Docket No. 779] ("Fee Application").

4. The United States Trustee (the "UST") raised the following three concerns regarding the Fee Application – my answers are below.

5. *Further information about emergency papers not filed with the Court.* The emergency papers entries in question relate to a documented emergency in which the Debtors' owners abruptly disabled the electronic health record system, jeopardizing the ability of licensed providers to prescribe medications safely. This constituted an imminent threat to patient care and a potential violation of state medical board requirements. Consistent with my statutory duties under 11 U.S.C. § 333(b)(2), I prepared an emergency declaration for the Chapter 11 Trustee to file if the problem could not be resolved immediately. The declaration was not ultimately filed because my team and I resolved the issue directly with stakeholders, preventing service disruption and avoiding additional cost to the estate. The work was necessary, time-sensitive, and directly tied to patient safety.

6. *Explain how my monitoring bankruptcy-specific pleadings and actions benefited the estate.* Review of these documents falls into my core statutory obligations under § 333, including: monitoring patient care systems affected by bankruptcy; reviewing court filings that impact clinical operations; alerting the Trustee to risks of disruption; ensuring continuity of care through the sale process; providing timely guidance to prevent harm and reduce liability. Additional entries reflect emergency

communications and review cycles with the Trustee regarding continuity-of-care risks and § 363 sale implications, including evaluating whether potential buyers could provide services meeting the standard of care. In preparing the fee application, I personally reviewed all billing entries and removed 159 document-review items that I determined did not provide a discernible benefit to the estate.

7. On request of the estate Trustee, PCO continued tasks to ensure continuity of care after October 10th, 2025.

8. In my professional opinion, all billed tasks were necessary to fulfill my statutory duties and were beneficial to the estate by ensuring continuity of care, reducing liability exposure, and supporting the safe administration of the Debtors' operations. Each task directly benefited the estate by preventing clinical and regulatory exposure and ensuring continuity of services.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 1, 2025, at Sherman Oaks, California.

By: _____
**Dr. Jacob Nathan Rubin, M.D., F.A.C.C.**
*Patient Care Ombudsman*

3