PETER C. ANDERSON
UNITED STATES TRUSTEE
TERRI H. DIDION, SBN CA 133491
ASSISTANT UNITED STATES TRUSTEE
JUSTIN C. VALENCIA, SBN NE 25375 | SBN IA AT0012006
TRIAL ATTORNEY
ALYSSA A. ROGAN, SBN CA 354257
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Fax: (702) 388-6658
Email: *Alyssa.Rogan@usdoj.gov*

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Lead Case No. 25-10341-NMC |
|---|---|
| NUMALE CORPORATION, | Chapter 11 |
| ☐ AFFECTS THIS DEBTOR, | *Jointly administered with*: |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | Feliciano NuMale Nevada PLLC, Case No. 25-10342-NMC, |
| ☐ NUMEDICAL SC, | NuMedical SC, Case No. 25-10343-NMC, |
| ☐ NUMALE COLORADO SC, | NuMale Colorado SC, Case No. 25-10344-NMC, |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Florida TB PLLC, Case No. 25-10345-NMC, |
| ☐ NUMALE NEBRASKA LLC, | NuMale Nebraska LLC, Case No. 25-10346-NMC, |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC, Case No. 25-10347-NMC. |
| ☒ AFFECTS ALL DEBTORS, | |
| Debtors. | Hearing Date: *Ex Parte* <br> Hearing Time: *Ex Parte* |

1

**U.S. TRUSTEE'S EX PARTE MOTION SEEKING TERMINATION**
**OF THE PATIENT CARE OMBUDSMAN'S SERVICE**

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

Peter C. Anderson, the United States Trustee for Region 17 ("U.S. Trustee"), by and through his undersigned counsel, hereby files the *U.S. Trustee's Ex Parte Motion Seeking Termination of the Patient Care Ombudsman's Service* ("Motion") under 11 U.S.C. § 333 and FRBP 2007.2(d) seeking the entry of an order terminating the patient care ombudsman's, Jacob Nathan Rubin, M.D., F.A.C.C. (the "PCO"), appointment and services and reservation of rights.[1]

**INTRODUCTION**

The U.S. Trustee seeks termination of the PCO in the above-captioned jointly administered cases because the Court confirmed a chapter 11 plan (the "Plan") [ECF Nos. 726, 727, 728], which contemplated, *inter alia*, the sale of all the Reorganized Debtors' medical clinics. As such, because the Reorganized Debtors are no longer operating, and therefore have no patients to monitor, represent, or protect, the PCO's services are no longer required. Considering this, counsel for the former chapter 11 trustee and current liquidating trustee, Michael W. Carmel (the "Trustee"), informed the Office of the U.S. Trustee (the "OUST") that a PCO is no longer needed in these post-confirmation cases.

---

[1] Unless otherwise noted: "Section" refers to a section of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; "FRE" refers to the Federal Rules of Evidence; "LR" refers to the Local Rules of Bankruptcy Practice for the U.S. Bankruptcy Court District of Nevada; and "ECF No." refers to documents filed in the lead bankruptcy, Case No. 25-10341-NMC.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case under FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by the Reorganized Debtor's, the former chapter 11 trustee, liquidating trustee, or any agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

Consistent with his statutory duties, the U.S. Trustee reserves all rights with respect to the matter, including, but not limited to his right to take appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

The Motion is supported by the following memorandum of points and authorities, declaration of Bryan G. Coleman ("Coleman Declaration") filed contemporaneously herewith, and the pleadings and papers filed in these cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND FACTS

1. On January 22, 2025, the above-captioned jointly administered debtors filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code. [ECF No. 1].

2. On April 7, 2025, the Court appointed the Trustee to administer these cases. [ECF Nos. 155, 156, 157].

3. On April 10, 2025, the Court granted the U.S. Trustee's motion to appoint a patient care ombudsman. and approved the PCO's appointment. [ECF Nos. 172, 205, 206, 212, 234].

4. On October 7, 2025, the Court confirmed the Trustee's Plan, which required, *inter alia*, the sale of all the Reorganized Debtors' clinics before the Plan's effective date. [ECF Nos. 726, 727, 728].

5. On October 23, 2025, the Court entered the *Order: (I) Authorizing the Sale of Debtors' Assets Outside of the Ordinary Course of Business* . . . (the "Sale Order"), which approved the sale of all the Reorganized Debtors' medical clinics. [*See* ECF No. 751].

6. On October 24, 2025, the Trustee filed a notice indicating the Plan's effective date. [ECF No. 762].

3

7.      The Court awarded the PCO fees on December 10, 2025, based on his final fee application. [ECF Nos. 779, 780, 781, 859, 860, 861, 870].

## JURISDICTION AND STANDING

8.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O). Under 28 U.S.C. § 586(a)(3), the United States Trustee is charged with supervising the administration of cases and trustees "by, whenever the United States trustee considers it to be appropriate" taking certain action. 28 U.S.C. § 586(a)(3)(A)-(I). Under 11 U.S.C. § 307, the United States Trustee has standing to be heard.

## ARGUMENT

9.      Section 333(b) indicates,

> An ombudsman appointed under subsection (a) shall--
>
> (1) *monitor the quality of patient care provided to patients of the debtor*, to the extent necessary under the circumstances, including interviewing patients and physicians;
> (2) not later than 60 days after the date of appointment, and not less frequently than at 60-day intervals thereafter, report to the court after notice to the parties in interest, at a hearing or in writing, regarding the quality of patient care provided to patients of the debtor; and
> (3) if such ombudsman determines that the quality of patient care provided to patients of the debtor is declining significantly or is otherwise being materially compromised, file with the court a motion or a written report, with notice to the parties in interest immediately upon making such determination.

(Emphasis added).

10.      FRBP 2007.2(d) provides that "[o]n motion of the United States trustee or a party in interest, the court may terminate a patient-care ombudsman's appointment that it finds to be unnecessary to protect patients."

11.      As indicated in the Plan, Sale Order, and Coleman Declaration, the Reorganized Debtors are no longer operating the medical clinics and thus there are no patients to monitor,

4

represent, or protect.  Accordingly, the PCO's services under section 333 are no longer necessary. Further, the original purpose for the appointment of the PCO no longer exists and the U.S. Trustee is requesting termination of his appointment and all related obligations as soon as practicable.

12. Counsel for the U.S. Trustee consulted with the Trustee's counsel before filing this Motion to confirm that the PCO is no longer needed in any of the cases.

## CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court grant the Motion and enter an order in the form of **Exhibit 1**, attached hereto, terminating the PCO from his appointment and related obligations effective immediately upon entry of the order, and any other relief as the Court deems just and proper.

Dated: December 12, 2025          Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ *Alyssa A. Rogan*
  Alyssa A. Rogan, Esq.
  Trial Attorney for United States Trustee