1
2
3
4
5
6
7
8
9

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee*

10
11

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

12
13
14
15
16
17
18
19
20
21
22
23
24
25

In re:

NUMALE CORPORATION,

    AFFECTS THIS DEBTOR, ☐

    AFFECTS FELICIANO ☐
    NUMALE NEVADA PLLC,

    NUMEDICAL SC, ☐

    NUMALE COLORADO SC, ☐

    NUMALE FLORIDA TB PLLC, ☐

    NUMALE NEBRASKA LLC, ☐

    NUMALE NEW MEXICO SC, ☐

    NUMALE ALL DEBTORS, ☒

       Debtors.

Lead Case No.: 25-10341-nmc
Chapter 11

*Jointly administered with:*

Feliciano NuMale Nevada PLLC
Case No. 25-10342-nmc

NuMedical SC
Case No. 25-10343-nmc

NuMale Colorado SC
Case No. 25-10344-nmc

NuMale Florida TB PLLC
Case No. 25-10345-nmc

NuMale Nebraska LLC
Case No. 25-10346-nmc

NuMale New Mexico SC
Case No. 25-10347-nmc

Hearing Date: January 13, 2026
Hearing Time: 9:30 a.m.

26

**REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 46 OF KELCIE JIMENEZ**

27
28

**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Michael Carmel, the Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, as the Liquidating Trustee of the NuMale Liquidation Trust, and as the sole person with control and authority over each of the Reorganized Debtors and their property (all capacities together, the "Trustee") hereby files his *Reply* ("Reply") in support of the *Objection to Claim No. 46 of Kelcie Jimenez* [ECF No. 832] (the "Objection"),[1] and in response to Ms. Jimenez's *Objection to Trustee's Objection to Claim No. 46* [ECF No. 883] (the "Response").  The Objection seeks to disallow Claim No. 46 (the "Claim") filed by Ms. Kelcie Jimenez ("Ms. Jimenez").

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## ANALYSIS

The Claim should be disallowed in its entirety because the claimant, Ms. Jimenez, has not proven that the amounts alleged in the Claim are owed by any of the Debtors.  The lone payment receipts provided are receipts that show Ms. Jimenez ***paid a third party***, SplitIt, a total of $1,375.02, for medical services that Ms. Jimenez voluntarily terminated.  *See* Claim at p. 7 of 31; *see also* ECF No. 883 (Response) at p. 16 of 26.  These are the sole payment receipts provided by Ms. Jimenez pertinent to a NuMale entity, and, they do not show she paid any of the Debtors.  There are no receipts that show Ms. Jimenez paid, or is owed money by, the Debtors.  As such, Ms. Jimenez fails to demonstrate she has a claim against the Debtors.[2]

. . .

---

[1] Unless otherwise expressly stated herein, all undefined, capitalized terms shall have the meaning ascribed to them in the Objection.

[2] Additionally, there can be no doubt the Claim was late filed.  There can also be no doubt Ms. Jimenez failed to act quickly after learning of the Debtors' Chapter 11 Cases.  Ms. Jimenez learned in early September 2025 of the Debtors' Chapter 11 Cases.  *See* Response ECF No. 883 at p. 3 of 26; *see also* Exhibit 1 to Langsner Decl. [ECF No. 883-1 at p. 2 of 4] (notice of the Debtors' Chapter 11 Cases appearing on the docket of the New Mexico state court case Ms. Jimenez filed in violation of the automatic stay).  Yet, Ms. Jimenez did not file the Claim until November 2025 (nearly sixty days later) and did not request an extension of the claims bar date.  Nevertheless, the Trustee is aware Ms. Jimenez is pro se and representing herself in this matter.

Furthermore, the documentation attached to the Claim does not support the amounts requested.  At best, Ms. Jimenez has shown she may be owed the $1,375.02 she paid to SplitIt— again, these amounts were paid to a third party for medical services, not paid to the Debtors, but the receipts reference "SPT*NuMale" and Ms. Jimenez has represented she paid these amounts in connection with medical services.  However, Ms. Jimenez has admitted that, of this $1,375.02 paid to SplitIt, she was partially refunded an unspecified amount.  *See* Response ECF No. 883 at p. 3 of 26 ¶ 6 (noting "partially refunded" but not itemizing any recovery already obtained).  So, even allowing the Claim at the amount Ms. Jimenez paid to SplitIt, $1,375.02, is generous.

Last, there is no evidence to support the Claim's allegations that three hundred thousand dollars in damages were caused to Ms. Jimenez, and the documentation provided does not prove she is owed this amount by the Debtors.  In other words, the Claim amount of $300,000 is unsubstantiated.  Under prevailing case law in the Ninth Circuit, Ms. Jimenez bears the ultimate burden of persuasion on her Claim, and she has not carried it.

For these reasons, and for the reasons stated in the Objection, the Claim should be disallowed in its entirety, or alternatively allowed as a general unsecured claim in the amount of $1,375.02.

Dated this 6th day of January 2026.

GARMAN TURNER GORDON LLP

By: */s/Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee*