LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
lbubala@kcnvlaw.com

ISABELLA R. GOLDSMITH
Nevada Bar NO. 16870
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
igoldsmith@kcnvlaw.com

IVAN M. GOLD
*Admitted pro hac vice*
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: igold@allenmatkins.com

Attorneys for Landlord-Creditor
Mayfair Mall, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re | Lead Case No.: 25-10341-nmc |
|---|---|
| NUMALE CORPORATION, | Chapter 11<br>Jointly administered with: |
| ☐ AFFECTS THIS DEBTOR, | Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc |
| ☐ AFFECTS FELICIANO NUMALE NEVADA PLLC, | NuMedical SC<br>Case No. 25-10343-nmc |
| ☐ NUMEDICAL SC, | NuMale Colorado SC,<br>Case No. 25-10344-nmc |
| ☐ NUMALE COLORADO SC, | NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc |
| ☐ NUMALE FLORIDA TB PLLC, | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| ☐ NUMALE NEBRASKA LLC, | |
| ☐ NUMALE NEW MEXICO SC, | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| ☒ NUMALE ALL DEBTORS, | |
| Debtors. | **DECLARATION OF LOUIS M. BUBALA III SUPPORTING RESPONSE OF MAYFAIR MALL, LLC TO TRUSTEE'S OBJECTION TO CLAIMS**<br><br>**Prelim. Hrg. Date: Feb. 17, 2026**<br>**Hrg. Time:    9:30 a.m.** |

I, LOUIS M. BUBALA III, declare:

1. I am an attorney at law, duly admitted to practice in the State of Nevada and a member of the bar of this Court. I am of counsel in the law firm of Kaempfer Crowell, which is co-counsel to Ivan M. Gold of Allen Matkins Leck Gamble Mallory & Natsis LLP in the representation of Mayfair Mall, LLC ("Landlord") in these Chapter 11 cases.

2. This declaration is submitted in support of the Response of *Mayfair Mall, LLC to Trustee's Objection to Claims,* filed herewith. If called upon to testify in this proceeding, as to the matters set forth in this declaration, I could and would competently testify thereto, since the facts set forth herein are personally known to me to be true, unless otherwise stated.

3. The first communications that Mr. Gold and I had with counsel for Michael Carmel (the "Trustee"), the Chapter 11 Trustee in these cases, were in July 2025. In response to the filing of the Trustee's proposed *Joint Plan of Reorganization* [Docket No. 434] and accompanying disclosure statement, on September 17, 2025, Landlord filed its *Objection of Mayfair Mall, LLC to Confirmation of Proposed Joint Plan of Reorganization* [Docket No. 623] and accompanying declaration, which, among other things, asserted cure amounts due under Debtors' leases with Landlord in the event of assumption and requested adequate assurance of future performance. Less than a week earlier, in an exchange of e-mails on September 11 and 12, 2025, Talitha Gray Kozlowski, one of the Trustee's counsel, proposed a "stipulation [with Landlord] memorializing their admin claim and pre-petition claim" in the event of assumption, depending on whether the stalking horse bidder elected to seek an assignment of the Mayfair Mall leases. True and correct copies of Ms. Gray's e-mails to me dated September 11 and 12, 2025 are attached hereto as **Exhibit 1**.

4. On Friday evening, September 19, 2025, the Trustee filed a motion for an order shortening time [Docket No. 633] for consideration a bidding and sale procedures motion [Docket No. 631] with respect to the proposed sale of substantially all of Debtors' assets. While this expedited motion potentially impacted Landlord's interests, neither Mr. Gold nor I were consulted in advance regarding the motion, evidenced by our exclusion from the attorney information sheet [Docket No. 634].

5. On Saturday, September 20, 2025, I spoke by telephone with Ms. Gray Kozlowski, Trustee's counsel, regarding the *ex parte* motion and request for underlying relief. During that conversation, I was advised, for the first time, that the Trustee will not be assuming or assuming and assigning leases with Landlord and that Trustee's counsel was preparing amended papers regarding the decisions not to assume and assign Landlord's leases. This was Landlord's first notification that the Trustee now did not intend to assume or assume and assign the Mayfair Mall leases. At no time during that conversation did Ms. Gray Kozlowski refer to the Trustee's current contention that neither of the Mayfair Mall leases are with a Debtor entity.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed on February 3, 2026 at Reno, Nevada.

/s/ L. M. Bubala

LOUIS M. BUBALA III