GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Liquidating Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☐ AFFECTS THIS DEBTOR,<br><br>☐ AFFECTS FELICIANO NUMALE NEVADA PLLC,<br><br>☐ NUMEDICAL SC,<br><br>☐ NUMALE COLORADO SC,<br><br>☐ NUMALE FLORIDA TB PLLC,<br><br>☐ NUMALE NEBRASKA LLC,<br><br>☐ NUMALE NEW MEXICO SC,<br><br>☒ NUMALE ALL DEBTORS,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: February 17, 2026<br>Hearing Time: 9:30 a.m. |

**REPLY IN SUPPORT OF TRUSTEE'S OBJECTION TO CLAIM NO. 6, TO CLAIM NO. 7, AND TO THE REQUEST OF MAYFAIR MALL, LLC FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Michael Carmel, the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, and as the Liquidating Trustee of the NuMale Liquidation Trust (all capacities together, the "Trustee") hereby files this *Reply* ("Reply") in support of the Trustee's *Objection to Claim No. 6, to Claim No. 7, and to the Request of Mayfair Mall, LLC for Payment of Administrative Expense Claim* [ECF No. 845] (the "Claim Objection"),[1] and in opposition to the *Response of Mayfair Mall LLC to Trustee's Objection to Claims* [ECF No. 919] ("Response") filed by Mayfair Mall, LLC ("Mayfair").

The Claim Objection seeks the total disallowance of (i) Claim No. 6, (ii) Claim No. 7, and (iii) the *Request of Mayfair Mall, LLC for Payment of Administrative Expense Claim* [ECF No. 809] ("Admin. Claim Request"), all filed by Mayfair. Among other issues, **Mayfair did not have a lease with any of the Debtors**—a fact Mayfair unequivocally admits.

# I.
# ANALYSIS

A. **Claim 6 and Claim 7, Which Both Seek Rejection Damages and Contractual Pre-Petition Rent, Must Be Denied in Their Entirety Because Mayfair Admits It Did Not Have a Lease With Any of the Debtors.**

Mayfair admits that it has no lease with the Debtors.[2] The evidence before the Court establishes that Mayfair has no lease with the Debtors.[3] Mayfair's own internal documents, including ledgers appended to the proofs of claim, confirm their tenant was non-debtor NuMale Medical Center, LLC.[4] And before its current counsel got involved, Mayfair repeatedly took the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Claim Objection.

[2] *See, e.g.*, Bowden Decl. ECF No. 923 at ¶ 5 ("the named tenant under both the [Leases] is identified as NuMale Medical Center, LLC . . .").

[3] *See* Declaration of Trustee Carmel in support of Claim Objection [ECF No. 846] ("Carmel Decl.") at Exhibits 1A, 1B, 2A, 2B. *See also* Bowden Decl. at ¶¶ 4-5 (acknowledging Mayfair's Leases are attached to the Carmel Decl., and Mayfair's tenant is NuMale Medical Center, LLC).

[4] Both Claim 6 and Claim 7, signed by Brookfield Properties Retail Inc. National Bankruptcy Director, swear under

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

position that it did not have a lease with any of the Debtors. *See* emails attached to the *Declaration of Julie Bowden* in support of Mayfair's Response [ECF No. 923] ("Bowden Decl."), as ECF Nos. 923-1 and 923-2.

As the Leases make clear that the Debtors were not the lessees, Mayfair instead points to Debtors' schedules. However, the Debtors did not originally schedule Mayfair as a creditor. It was only at Mayfair's insistence that the Debtors eventually added Mayfair to the Schedules. *See, e.g.*, Exhibit 2 to Bowden Decl. [ECF No. 923-2]. Moreover, the Debtors' Schedules were so unreliable that they were part of the basis for why a Chapter 11 trustee was appointed in these Chapter 11 Cases in the first instance. *See, e.g.*, ECF No. 59 (motion to appoint a chapter 11 trustee) at pp. 13-15 of 20; *cf. id.* at 12:18 (noting lack of transparency in the Debtors' financial affairs). So, the Debtors listing Mayfair in their (unreliable) Schedules at Mayfair's insistence does not overcome the overwhelmingly plain language of Mayfair's own Leases[5] (and internal documents), which unequivocally show that Mayfair's contractual relationship is with nondebtor NuMale Medical Center, LLC. *See* ECF Nos. 846-1 (1140 Lease) and 846-2 (1150 Lease). Nothing in the record before this Court (including in Mayfair's four declarations) demonstrates otherwise.[6]

Therefore, Claim 6 and Claim 7, which both seek rejection damages and pre-petition contractual rent on the bases of Leases that Mayfair had **with a non-Debtor** (NuMale Medical Center, LLC[7]), must be both denied in the entirety.

---

penalty of perjury that the statements therein are true and correct. The documents attached to Claim 6 and Claim 7 clearly identify "tenant" as "NuMale Medical Center, LLC". *See* Claim 6 at pp. 4-6 of 6 (including ledger and "tenant profile" all naming NuMale Medical Center, LLC); *see* Claim 7 at pp. 4-6 of 6 (including ledger and "tenant profile" all naming NuMale Medical Center, LLC).

[5] *See, e.g.*, ECF No. 923 at ¶ 4 (noting that the Leases, of which Mayfair is a party, are attached to the Carmel Decl.).

[6] Mayfair's counsel attaching settlement communications as declaration exhibits, *see, e.g.*, ECF No. 921-1, is improper. *See, e.g.*, FED. R. EVID. 408. Trustee's counsel's statements inviting a stipulation regarding an administrative claim are not an admission that Mayfair has a lease with any Debtor, nor can such communications be used as a basis for the allowance of a claim held by Mayfair. They are improperly disclosed. In any event, the communications make clear that the Trustee attempted to reach a consensual resolution as far back as September of 2025 in an effort to reduce legal fees; the Trustee's efforts were repeatedly rejected by Mayfair.

[7] NuMale Medical Center, LLC is not a Debtor. *See, e.g.*, ECF No. 1 (petition) in each of the Debtors' Chapter 11

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**B.  Mayfair Admits It Holds No Administrative Expense Claim for Premises Clean-up.**

The Response is clear: Mayfair concedes it has no entitlement to the two thousand dollars ($2,000.00) it originally requested as a "contingent administrative expense claim."[8] The Trustee agrees.

**C.  At Best, the Only Thing Left for the Parties to Fight Over Is Whether Mayfair Holds an Administrative Claim for Post-Petition Co-Occupation of Premises Leased By a Non-Debtor, and, if so, in What Amount.**

Mayfair never had a lease with any of the Debtors. However Mayfair contends it should be paid $38,770.69 as an administrative expense claim for post-petition rent for the Premises. The Trustee has indicated he believes the Estates did not solely occupy the Premises post-petition.[9] *See* Carmel Decl. ¶ 7. Mayfair's records support the Trustee's contention: Mayfair's Leases,[10] ledgers and tenant profiles,[11] and non-attorney representatives[12] all concur that Mayfair's tenant was non-debtor NuMale Medical Center, LLC. Mayfair's request for an administrative expense claim should therefore be denied in its entirety.

However, to the extent this Court disagrees, the Trustee acknowledges that Mayfair may potentially hold an administrative expense claim for post-petition rent for the Debtors' co-occupation of the Premises post-petition. As such, to the extent this Court orders an evidentiary hearing, the sole issue subject of the evidentiary hearing should be: What portion of the $38,770.69 asserted by Mayfair as an administrative expense claim should be borne by the Debtors for co-occupation of the Premises post-petition.

**II.**

---

Cases; *see also* Docket in these Chapter 1 Cases; *see also* ECF No. 30 at pp. 16-17 of 17 (SOFA).

[8] *See* Response ECF No. 919 at pp. 9-10 (withdrawing contingent administrative claim request "as moot").

[9] Mayfair's threat of invasive discovery on this point is curious—particularly when one considers that more than five (5) months ago (and well in advance of confirmation) the Trustee offered a stipulation to resolve any asserted administrative expense claim in an effort to save on legal fees. *See, e.g.*, Declaration of Louis Bubala [ECF No. 921] ("Bubala Decl.") at Exhibit 1 thereto. Mayfair did not respond, however, to the Trustee's olive branch.

[10] ECF Nos. 846-1 and 846-2.

[11] *See* Claim 6 at pp. 4-6 of 6; *see* Claim 7 at pp. 4-6 of 6.

[12] *See* Exhibits 1 and 2 to Bowden Decl.

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court sustain the Claim Objection in its entirety and (i) disallow Claim 6 and Claim 7 in their entirety; (ii) disallow and deny the Admin. Claim Request in its entirety, or in the alternative deny the $2,000 contingent component of the Admin. Claim Request and order an evidentiary hearing on the remaining $38,770.69; and (iii) issue other and further relief as is just and proper.

Dated this 10 day of February 2026.

GARMAN TURNER GORDON LLP

By: /s/ Mary Langsner
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Attorneys for Michael Carmel, Liquidating Trustee*

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000