E-filed:  March 31, 2026

Blakeley E. Griffith, Esq. (NV Bar No. 12386)
Molly Stubblefield, Esq. (NV Bar No. 16993)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: bgriffith@swlaw.com
        mstubblefield@swlaw.com

*Attorneys for N2 Company*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>☒  AFFECTS THIS DEBTOR<br>☐  AFFECTS FELICIANO NUMALE NEVADA PLLC<br>☐  AFFECTS NUMEDICAL SC<br>☐  AFFECTS NUMALE COLORADO SC<br>☐  AFFECTS NUMALE FLORIDA TB PLLC<br>☐  AFFECTS NUMALE NEBRASKA LLC<br>☐  AFFECTS NUMALE NEW MEXICO SC<br>☐  AFFECTS ALL DEBTORS<br><br>Debtors. | Case No. 25-10341-nmc<br><br>Chapter 11<br><br>Jointly Administered with: |

| 25-10342-nmc | Feliciano NuMale Nevada PLLC |
|---|---|
| 25-10343-nmc | NuMedical SC |
| 25-10344-nmc | NuMale Colorado SC |
| 25-10345-nmc | NuMale Florida TB PLLC |
| 25-10346-nmc | NuMale Nebraska LLC |
| 25-10347-nmc | NuMale New Mexico SC |

**THE N2 COMPANY'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM**

**THE N2 COMPANY'S RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM**

The N2 Company ("N2"), by its undersigned attorneys, respectfully submits this Response to the *Objection to Claim No. 15 of The N2 Company* ("Claim Objection") [ECF No. 828] filed by Michael Carmel ("Trustee"), the chapter 11 trustee of the bankruptcy estates of the above-captioned Debtor.

## I.  INTRODUCTION

N2 filed a proof of claim in the amount of $920,617.94 for advertising services provided to NuMale Corporation ("NuMale") under fifteen Print and Digital Advertising Orders.  The Trustee

4924-1761-3465

objects on three grounds: that the contracts were with non-debtor entities, that the principal claim amount is overstated, and that the interest calculations are unverifiable.  Each objection fails.  As shown below, NuMale entered into the contracts using "d/b/a" designations for its regional clinics—not separate legal entities—and previously acknowledged as much in legal proceedings.  The principal and interest are fully supported by detailed records and comply with the contractual terms.  The claim should be allowed in full.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  The Bankruptcy Case

On January 22, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  On May 22, 2025, N2 timely filed a proof of claim in the amount of $920,617.94 (the "N2 Claim").  *See* Proof of Claim No. 15.  Trustee filed the Claim Objection on November 24, 2025.

### B.  The Relevant Contracts and NuMale's Default

N2's claim seeks recovery of amounts due for services provided to NuMale.  Specifically, on or about April 25, 2023, NuMale executed and delivered fifteen Print and Digital Advertising Orders (collectively, the "Contracts").  Declaration of Domenique Schmitt ("Schmitt Dec."), ¶ 2, Ex. 1.  Pursuant to the Contracts, N2 agreed to provide services beginning on or about May 3, 2023, and continuing for a period of twelve (12) monthly cycles.  The prices reflected in the Contracts are the cost of services per cycle, not the total cost of the contracted work.  *Id*.

The Contracts provide that N2's general terms and conditions apply ("Terms and Conditions").  Schmitt Dec., ¶ 3, Ex. 2.  Under the Terms and Conditions, N2 is able to charge interest on past-due amounts at the rate of 1.5% per month and can recover all costs of collection and reasonable attorney's fees resulting from a default.  *Id*., Ex. 2 at §§ 4, 10.1, 15.4.m.

Beginning on or about May 3, 2023, and continuing for twelve (12) monthly cycles, NuMale defaulted on its payment obligations under the Contract.  As of the Petition Date, the total aggregate sum owing on the Contracts, after accounting for all payments and credits, is as follows:

///

///

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

- 2 -

4924-1761-3465

| Contract No. | Principal Balance as of 1/1/2024 | Accrued Interest on Petition Date | Balance Due |
| --- | --- | --- | --- |
| 222095 | $34,824.40 | $6,646.21 | $41,470.61 |
| 222098 | $14,493.55 | $2,766.08 | $17,259.63 |
| 222099 | $78,267.10 | $14,937.22 | $93,204.32 |
| 222101 | $107,902.43 | $20,593.10 | $128,495.53 |
| 222103 | $64,924.21 | $12,390.74 | $77,314.95 |
| 222104 | $24,863.08 | $4,745.10 | $29,608.18 |
| 222106 | $9,373.61 | $1,788.95 | $11,162.56 |
| 222107 | $60,828.05 | $11,608.99 | $72,437.04 |
| 222109 | $15,190.39 | $2,899.08 | $18,089.47 |
| 222111 | $80,845.18 | $15,429.25 | $96,274.43 |
| 222114 | $24,826.78 | $4,738.17 | $29,564.95 |
| 222115 | $54,346.78 | $10,372.05 | $64,718.83 |
| 222116 | $22,253.41 | $4,247.05 | $26,500.46 |
| 222117 | $68,826.85 | $13,135.56 | $81,962.41 |
| 222118 | $24,827.32 | $4,738.28 | $29,565.60 |
| **Subtotal** | **$686,593.14** | **$131,035.83** | **$817,628.97** |

Schmitt Dec., ¶ 4, Ex. 6.  Following NuMale's payment default, interest began to accrue on the principal balance as of January 1, 2024 at the rate of 1.5% per month.  *Id*. ¶ 5.

### C. **Each of the Contract Counterparties are DBAs of NuMale**

Trustee argues in the Claim Objection that the claim should be disallowed because each of the counterparties identified in the Contracts are non-debtor entities.  This is incorrect. NuMale is identified in the Contracts under the assumed business names for its regional clinics, and the Contracts are signed by Justin Pulliman, the former vice president of NuMale. Schmitt Dec., ¶ 6. None of the assumed business names identified in the Contracts are legal entities.  *Id*.

On or about August 27, 2024, N2 filed a Verified Complaint against NuMale and its affiliate NuMale Medical Center, LLC (the "Complaint").  Schmitt Dec., ¶ 7, Ex. 3.  The Complaint alleges breach of contract damages against NuMale.  The Complaint notes that each of Contracts was executed by NuMale through a "d/b/a" designation and itemizes the exact amounts owed after accounting for amounts paid by NuMale.

On or about November 13, 2024, after the litigation was removed to federal court, NuMale filed an answer to the Complaint (the "Answer").  Schmitt Dec., ¶ 8, Ex. 4.  Notably, NuMale admitted in the Answer that the entities named in the Contracts were not separate legal entities.  *Id*., Ex. 4 ¶¶ 18, 35, 51, 67, 83, 99, 115, 131, 147, 163, 179, 195, 211, 227, 243.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

4924-1761-3465

NuMale further acknowledges that it entered into the Contracts and hired N2 for advertising services. For example, NuMale asserts in its affirmative defenses that "N2 fraudulently induced [NuMale] to enter into the referenced agreements" and "[NuMale has] fully performed [its] obligations under the modified scope of the contracts." *See Id.*, Ex. 4 (Affirmative Defense Nos. 3, 5). Likewise, NuMale acknowledges in its counterclaim that it purchased services from N2. *See Id.*, Ex. 4 (Counterclaim ¶ 10) ("[NuMale] relied on these representations when deciding to purchase marketing services from N2."); ¶ 19 ("[T]he paid advertising that N2 was conducting on NuMale's] behalf was ineffective.").

On January 15, 2026, after NuMale filed its bankruptcy petition, the Eastern District of North Carolina entered judgment in favor of N2 and against NuMale's non-debtor affiliate in the amount of $686,593.14 plus interest, and attorney fees and costs in the amount of $102,988.96. Schmitt Dec., ¶ 9, Ex. 5. Because N2 was seeking joint and several liability, a reasonable inference can be drawn that N2 would have received a similar judgment against NuMale had it not filed its chapter 11 petition.

### III. ARGUMENT

#### A. NuMale's Use of DBAs in the Contracts Does Not Create a Separate Legal Entity

Trustee argues that the N2 Claim should be disallowed in its entirety because NuMale did not sign the Contracts under its legal entity name. While it is true that NuMale's legal name does not appear in the Contracts, NuMale nevertheless entered into and performed under those agreements and is legally bound by their terms.

It is widely accepted as black-letter law that "[a] corporation's use of a fictitious or assumed business name does not create a separate legal entity, and the designation 'd/b/a' is merely descriptive of a corporation that does business under some other name." 18 C.J.S. Corporations § 135 (citing cases); *see, e.g., Colorado Milling & Elevator Co. v. Proctor*, 58 Idaho 578, 76 P.2d 438, 440 (1938) ("If a note or deed is executed by a corporation under an assumed name, it is just as much bound as if it had used its proper name, and the same is true of any other contract. A contract entered into by or with a corporation under an assumed name may be enforced by either of the parties, if the identity of the corporation is established by the proof.").

- 4 -

4924-1761-3465

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

Here, the Contracts were all executed by NuMale using "d/b/a" designations. The Contracts were signed by Justin Pulliman, in his capacity as Vice President of NuMale. Prior to filing its bankruptcy petition, NuMale acknowledged in its Answer that it entered into the Contracts and engaged N2 for advertising services. For these reasons, the Contracts are legally binding against NuMale and support allowance of N2's claim.

**B.   The Principal Balance Calculations in the N2 Claim Are Correct**

The Trustee also argues that N2's claim is overstated. In support, the Trustee notes that the aggregate amount of the fees in the Contracts totals $208,625.00, less than the principal amount claimed of $686,593.14.

However, the fee amounts identified in the Contracts represent the "First Cycle Payment For Digital Advertising." Schmitt Dec., Ex. 1. Pursuant to the Contracts, N2 billed NuMale on a monthly basis and is entitled to collect the unpaid amounts due. A detailed accounting supporting the N2 Claim is attached to the Schmitt Dec. as Exhibit 6. Accordingly, the N2 Claim should be allowed in the full amount requested.

**C.   The Interest Calculations in the N2 Claim Are Correct**

The Trustee's third objection centers on N2's interest calculation. Although the Trustee acknowledges that the Terms and Conditions allow interest to be charged, he states that he is unable to verify the interest calculations based on the Contracts themselves.

As shown above, the N2 Claim appropriately includes interest at the rate of 1.5% per month per the Contract. N2 began to charge interest at this rate as of January 1, 2024, following NuMale's payment default. Accordingly, N2 respectfully requests that the Court allow the interest component of its claim.

///

///

///

///

///

///

- 5 -

4924-1761-3465

## IV.    CONCLUSION

For all the reasons stated above, N2 respectfully requests that the Court allow the N2 Claim in its entirety.

DATED this 31st day of March 2026.          SNELL & WILMER L.L.P.

 /s/  Blakeley E. Griffith
Blakeley E. Griffith (NV Bar No. 12386)
Molly Stubblefield, Esq. (NV Bar No. 16993)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135

*Attorneys for The N2 Company*

- 6 -

4924-1761-3465