# EXHIBIT 1

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 AND 9016** |

**TO: ERIC BOYER, ESQ.**
**Quintairos, Prieto, Wood & Boyer, P.A.**
**9300 South Dadeland Blvd., 4th Floor**
**Miami, Florida 33156**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| **PLACE** | **COURTROOM** |
|---|---|
| | **DATE AND TIME** |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in this bankruptcy case. If you are an organization, you must designate one or more officers directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| **PLACE** | **DATE AND TIME:** |
|---|---|
| Berger Singerman<br>1450 Brickell Avenue, Suite 1900<br>Miami, Florida 33131 | October 6, 2026<br>8:30 a.m. (Eastern) |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested on **Exhibit "A"** hereto.

| **PLACE** | **DATE AND TIME** |
|---|---|
| Responsive documents shall be provided in electronic format to tgray@gtg.legal on or before October 1, 2026, at 10:00 a.m. (Eastern). | October 1, 2026<br>10:00 a.m. (Eastern) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| **PREMISES** | **DATE AND TIME** |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| **ISSUING OFFICER SIGNATURE AND TITLE** | **DATE** |
|---|---|
| */s/ Talitha Gray Kozlowski* | September 17, 2026 |

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**

Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
Mary Langsner, Ph.D.
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
(725) 777-3000

**PROOF OF SERVICE**

| **SERVED** | **DATE** | **PLACE** |
|---|---|---|
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** | |
| **SERVED BY (PRINT NAME)** | **TITLE** | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.United States of America

Executed on ______________________
(Date)

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

**Federal Rules of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees —on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013))

**EXHIBIT A**

These requests are served pursuant to Fed. R. Bankr. P. 2004 and 9016 and the Court's Order Granting Ex Parte Application for Examination of Eric Boyer Pursuant to Bankruptcy Rule 2004 [ECF No. 973], which directs examination regarding matters within the scope of Rule 2004, "including without limitation the litigation claims expressly preserved for the NuMale Liquidation Trust under the confirmed Joint Plan of Reorganization [ECF No. 434]." The Quintairos Claims are assets of the Liquidation Trust. These requests are limited to Your receipt of money and property from QPWB and the subsequent disposition of that money and property, which bear on the collectability of the Quintairos Claims.

**DEFINITIONS**

1. "Communications" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, phone calls, written correspondence, memoranda, letters, reports, publications, electronic communications, instant messaging, messages via e-mail, direct messaging on social media platforms, text messaging (SMS, MMS, iMessage), WhatsApp, Signal, Telegram, Microsoft Teams, Slack, or other messaging or collaboration platforms, voicemail, audio or video recordings, and notes or summaries of telephone calls, video conferences, or meetings, and is to be interpreted broadly.

2. "Date" means the exact day, month, and year, if known, or if not known, Your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated than an approximate date may be given.

3. "Debtors" shall, collectively, mean and refer to NuMale Corporation; Feliciano NuMale Nevada PLLC; NuMedical SC; NuMale Colorado SC; NuMale Florida TB PLLC; NuMale Nebraska LLC; and NuMale New Mexico SC.

4. "Document" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

a. the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting

of any kind) of writings of every kind and description that are fixed in any kind of physical media;[1]

b. any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed Documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any Documents.

c. For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

5. "Family Member" means a person's spouse or domestic partner, former spouse, child, stepchild, parent, stepparent, sibling, niece, nephew, cousin, and the spouse of any of the foregoing, and any trust or entity established for the benefit of, or owned or controlled by, any of the foregoing.

6. "Financial Account" means any checking, savings, money market, brokerage, investment, retirement, annuity, trust, digital-asset, or other account at any bank, broker, custodian, exchange, or other financial institution, whether held individually, jointly, or through any trust or entity.

7. "Identify" shall mean to state the nature and subject matter of the Document, the Date, if any, appearing thereon, the identity of each Person who prepared and received the Document, and the present location of the Document. In all cases where identification of a Document is requested, in lieu of such specification, You may supply legible copies of such Documents.

---

[1] Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

8. "Liquidation Trust" and "Trustee" mean the NuMale Liquidation Trust and Michael W. Carmel, in his capacities as former Chapter 11 trustee of the Debtors and as Liquidating Trustee of the Liquidation Trust.

9. "Person" shall mean any natural person, legal entity, or association of legal entities and/or natural persons, including, but not limited to, a corporation, professional corporation, association, partnership, joint venture, firm, or company.

10. "QPWB" means Quintairos, Prieto, Wood & Boyer, P.A., and its predecessors, successors, and offices.

11. "QPWB Affiliate" means any entity that, at any time since January 1, 2023, controlled, was controlled by, or was under common control with QPWB, or in which QPWB or You held an ownership interest and which transacted business with or received any payment from QPWB.

12. "QPWB Payment" means each Transfer made by QPWB or any QPWB Affiliate to You or for Your benefit, or to any Family Member or entity You own or control, during the Transfer Period.

13. "Quintairos Claims" means all claims and causes of action held by or preserved for the Liquidation Trust under the confirmed Joint Plan [ECF No. 434] against QPWB or any of its current or former attorneys, including the claims defined in the Plan as the Quintairos Claims, the Quintairos Non-Debtor Claims, and the Quintairos PF Claims, and all claims asserted in the Trustee's demand correspondence to QPWB.

14. "Relating" or "Relate To" means concerning, referring to, describing, evidencing, or constituting.

15. "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with money, property, or an interest in property, including payment of salary, bonus, draw, distribution, dividend, return of capital, redemption or repurchase of stock, loan or advance, loan forgiveness, payment of personal expenses or premiums, retirement or deferred compensation contribution, gift, conveyance, re-titling, and the grant of any security interest.

16. "Transfer Period" means January 1, 2023 through the date of Your production,

unless a request states a different period. An agreement that was in effect at any time during the Transfer Period is within the Transfer Period regardless of the date on which it was executed.

17. As used herein, the terms "You" and "Your" shall refer, collectively, to **Eric W. Boyer**, individually and in any capacity, and Your agents, employees, attorneys, accountants, advisors, representatives, or any other person over which You have control or have a superior right to compel to do an act or produce an item and any entity You have or had an ownership or beneficial interest (contingent or otherwise) or an entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

18. If any document is withheld under a claim of privilege or work product, a list should be furnished identifying each document for which privilege or work product is claimed, together with sufficient basis to assess the validity of the privilege, including but not limited to the following information for each such document: (a) date, sender, recipient, persons to whom copies were furnished, and job titles of each of these persons; (b) subject matter of the document; (c) number of pages in the document; and (d) the basis or bases upon which the privilege is claimed.

19. If any requested document was but no longer is in your possession, subject to your control, or no longer exists, please state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others, and state the identity of those persons to whom it has been transferred; or (d) has been otherwise disposed of. In each instance, explain the circumstances surrounding the disposition, state the date or approximate date thereof, and identify the persons with knowledge of such circumstances.

20. The documents described in the requests below are to be produced as they are kept in the usual course of business. If there are electronic records or e-mails, such documents are to be produced in electronic format.

## INSTRUCTIONS

1. You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for

any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

2. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

3. If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

4. You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, please state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

5. In the event the Documents called for by any particular request are no longer in Your possession, custody or control, please state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s).

6. In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v) and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

7. If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

8. Documents attached to each other should not be separated.

9. A request may be answered, in whole or in part, by identifying by Bates number responsive Documents produced to the Trustee or his counsel by QPWB (including in response to the subpoena served on QPWB in connection with the Rule 2004 examination of its person most knowledgeable), provided the response specifies which Bates-numbered Documents respond to which request.

10. The terms "each" and "all" shall be construed as "all and each."

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be outside of the scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. The use of the feminine form of any word includes the masculine and vice versa.

14. You are requested and instructed to produce Documents in response to the requests below in accordance with the Federal Rules of Civil Procedure, applicable in the Debtors' bankruptcy cases by way of the Federal Rules of Bankruptcy Procedure.

15. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), in response to each of the requests below, electronically stored information is to be produced in a reasonably usable format together with a description of the system from which such information was derived sufficient to permit rendering the records and information intelligible. With the exception of electronically stored information produced in native format, electronically stored information shall be produced as TIFF or PDF images and must be produced with extracted text and metadata reflecting at least the title, author, creation date, modification date, and custodian of such information (and for email correspondence, also the from, to, cc, bcc, sent date and time, and email subject fields) and also with a load file showing the logical unitization of documents and family member groupings. Excel spreadsheets, multimedia, and other similar files (*e.g.*, .csv files) must be produced in native format.

[*Remainder of page left intentionally blank. See next page.*]

**REQUESTS FOR PRODUCTION**

Please produce:

1. Documents sufficient to show each QPWB Payment, stating for each: (a) payor; (b) payee; (c) date; (d) amount; (e) type (for example, salary, draw, bonus, year-end or residual-profit distribution, dividend, return of capital, redemption payment, loan or advance, loan forgiveness, expense payment, benefit, or retirement or deferred compensation contribution); and (f) the Financial Account into which it was deposited (institution, last four digits, and titleholder).

2. The Forms W-2 and 1099 and Schedules K-1 You received from QPWB or any QPWB Affiliate for tax years 2023, 2024, and 2025.

3. Documents sufficient to show all expenses, perquisites, and personal benefits paid by QPWB for You or on Your behalf during the Transfer Period that were not billed to and reimbursed by a client, including vehicles, aircraft, travel, club or membership dues, housing, life or disability insurance premiums, payments to Family Members, tax payments or gross-ups, and personal charges on any QPWB-paid credit card, together with the statements for any such card.

4. Monthly statements, for the Transfer Period, for each Financial Account into which any QPWB Payment was deposited.

5. Documents sufficient to show each Transfer of $25,000 or more out of any Financial Account identified in response to Request No. 4 during the Transfer Period, stating for each the date, amount, recipient, and receiving Financial Account (institution, last four digits, and titleholder). This request does not seek payments to unrelated third parties for ordinary household living expenses.

6. Documents sufficient to show each Transfer of money or property having a value of $25,000 or more (individually, or in the aggregate to the same transferee within any 12-month period) made during the Transfer Period by You, or by any entity You own or control, to (a) any Family Member; (b) any trust; (c) any entity in which You or any Family Member holds an interest; or (d) any other person for less than reasonably equivalent value, stating for each the date, amount or description of property, transferee, receiving Financial Account (if any), and consideration received.

7. Your federal gift tax returns (Form 709), with all attachments and appraisals, for tax years 2023, 2024, and 2025.

8. For (a) each trust that received any Transfer identified in response to Request No. 5 or 6, and (b) each trust in existence at any time during the Transfer Period of which You are a settlor or grantor and also a current, discretionary, or contingent beneficiary: the trust agreement or declaration of trust, all amendments, schedules of assets, and all assignment or funding Documents.

9. All premarital, marital, postnuptial, transmutation, or property-characterization agreements executed or amended during the Transfer Period, and all deeds, assignments, and account re-titling Documents by which any property was conveyed to or re-titled in the name of Your spouse or any other Family Member during the Transfer Period.

10. All deeds, closing statements, mortgages, and homestead declarations for any real property acquired, transferred, improved (at a cost of $50,000 or more), or encumbered during the Transfer Period by You, Your spouse, or any trust or entity for the benefit of either of You, together with Documents sufficient to show the source of the funds used.

11. Documents sufficient to show all contributions, premium payments, or deposits of $25,000 or more made by You or on Your behalf during the Transfer Period to annuity contracts, cash-value life insurance policies, retirement accounts (other than ordinary-course payroll deferrals), or education savings accounts, stating for each the date, amount, and account or policy.

12. Documents sufficient to show each entity formed during the Transfer Period in which You, Your spouse, or any trust for the benefit of either of You holds an interest, and each Transfer of money or property to any such entity.