GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: OST Requested<br>Hearing Time: OST Requested |

**OMNIBUS MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH RULE 2004 ORDERS AND PRODUCTION OF SUBPOENAED DOCUMENTS**

Michael Carmel, the Liquidation Trustee of the NuMale Liquidation Trust (the "Trustee") and the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano

NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors"), by and through his counsel, Garman Turner Gordon LLP, which also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "Individuals"), hereby move this Court for an order compelling the production of documents by Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos"), Eric Boyer ("Boyer"), and Edward Prieto ("Prieto"), and compliance with the Rule 2004 Orders scheduling Rule 2004 examinations of Quintairos, Boyer, Prieto, Frank Alvarez ("Alvarez"), John Andrew Robertson ("Robertson"), Dominique Barrett ("Barrett"), Erin Chavez ("Chavez"), and Jack Oliver ("Oliver").

This Motion is based upon the following Memorandum of Points and Authorities; the Declaration of Talitha Gray Kozlowski (the "Gray Kozlowski Decl."); the papers and pleadings on file in this action, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument of counsel and further evidence entertained by the Court at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee's confirmed Plan of Reorganization expressly preserved the Debtors' claims against Quintairos and its attorneys for the NuMale Liquidating Trust, and those claims are the Trust's principal asset. In fact, the pursuit of such claims is the primary purpose of the Trust. Since May 2026, the Trustee has tried, without litigation, to discover and resolve the full extent of those claims and of the parties liable on them. The Trustee is investigating the malpractice and related claims against Quintairos and its attorneys, as well as fraudulent transfer and improper distribution claims arising after Quintairos was on notice of the Debtors' estates' malpractice claims.

After four months of informal discovery requests and negotiations, Quintairos has produced limited information regarding the potential fraudulent transfer and improper distribution



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

claims and those documents were produced under a non-disclosure agreement, which bars its use outside of the parties' settlement negotiations. When further informal requests were ignored or rejected, the Trustee sought, and this Court ordered, examinations and document productions pursuant to Federal Rules of Bankruptcy Procedure 2004 and 9016.

The response was not production. It was a letter from Quintairos threatening the Trustee and alleging the Trustee failed to conduct an adequate investigation, demanding that the Trustee drop the estates' claims, and threatening the Trustee and his counsel with referrals to the Office of the United States Trustee and "law enforcement" for the deficiencies in the Trustee's investigation and claims analysis. The Trustee immediately responded dismissing the baseless letter. Days later, Quintairos retained its third law firm, who objected to the Rule 2004 examinations and related subpoenas seeking the production of documents "in their entirety." With the most conservative statute of limitations date falling on November 23, 2026, the Trustee asks the Court to enforce its Rule 2004 Orders and require the examinees to appear for the Rule 2004 examinations and to produce the subpoenaed documents.

## II.

## PERTINENT FACTS

1. On January 22, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. On April 2, 2025, this Court entered its *Order on United States Trustee's Motion to Appoint Chapter 11 Trustee Under 11 U.S.C. § 1104(a), or in the Alternative, to Convert or Dismiss this Case Pursuant to 11 U.S.C. § 1112(b), and Reservation of Rights*, thereby directing the appointment of a Chapter 11 trustee for the Debtors' estates. *See* ECF No. 132. On April 7, 2025, the Court entered its *Order Approving Appointment of Chapter 11 Trustee* [ECF No. 155], thereby approving Trustee Carmel's appointment.



**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

3. On August 1, 2025, the Trustee filed the *Joint Plan of Reorganization* [ECF No. 434] (the "Plan"), which was confirmed on October 7, 2025 (the "Confirmation Order") [ECF Nos. 726-727].

4. The Plan and Confirmation Order expressly preserved litigation claims against Quintairos and its attorneys for the NuMale Liquidation Trust. *See* ECF No. 434 and 726.

5. On May 18, 2026, the Trustee sent Quintairos and the individual attorneys who handled the underlying *Sanchez* matter a pre-litigation demand letter (the "Demand Letter"). *See* Gray Kozlowski Decl., Ex. A. The Demand Letter made no monetary demand ("The Plaintiffs are not making a monetary demand at this stage.") and instead requested information to aid in the Trustee's investigation. *See id.*

6. Since May 2026, the Trustee has negotiated with Quintairos, including in connection with its initial counsel, Alex Fuggazi of Snell & Wilmer, in an effort to resolve the matter amicably and obtain the necessary informal discovery. As part of those negotiations, the Trustee sought information into not only the asserted malpractice-related claims, but also potential fraudulent transfer and improper distribution claims against Quintairos and its shareholders and partners. During negotiations, Quintairos provided some, but not all, of the information the Trustee requested; however, the Trustee cannot use the information Quintairos provided because it is subject to a non-disclosure agreement precluding its use outside of the negotiations. Unfortunately, negotiations broke down on September 10, 2026. Gray Kozlowski Decl. ¶ 3.

7. Thereafter, the Trustee filed three *Ex Parte Applications for Examination Pursuant to Rule 2004*. *See* ECF Nos. 969-971. The Applications sought to examine the person most knowledgeable for Quintairos, as well as Boyer and Prieto, whom the Trustee believes to be Quintairos' managing partners and shareholders, pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"). *Id.* This Court issued its Rule 2004 Orders approving these 2004 Applications on September 15, 2026 and September 22, 2026. *See* ECF Nos. 972, 973, 981.[1]

---

[1] For ease of reference, the Rule 2004 Orders and related subpoenas filed on the docket are also attached hereto as Exhibits 1 through 8.



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

8. To the extent the Trustee was seeking production of documents, in addition to examinations under Rule 2004, the Rule 2004 Orders directed the Trustee to issue a separate subpoena for documents pursuant to Bankruptcy Rule 9016. *See* ECF Nos. 972, 973, 981.

9. In accordance therewith, the Trustee served subpoenas on Quintairos, Prieto, and Boyer, together with their respective Rule 2004 Orders, confirming their examinations and seeking the production of documents. *See* ECF Nos. 974, 975, 987.

10. The Boyer and Prieto subpoenas set the deadline to produce documents as October 1, 2026 and the Rule 2004 examinations for October 6, 2026, in Florida, where Boyer and Prieto are located.

11. The Quintairos subpoena initially set the deadline to produce documents as October 1, 2026 and the Rule 2004 examination for October 5, 2026. *See* ECF No. 974. However, on September 28, 2026, to resolve an objection raised by Quintairos, the Trustee reissued the subpoena to Quintairos at its office in Henderson, Nevada. *See* ECF No. 994. The reissued subpoena requires Quintairos to produce documents in Las Vegas, Nevada, or electronically, by October 8, 2026, and to produce its person most knowledgeable for examination at the offices of Garman Turner Gordon LLP in Las Vegas, Nevada on October 14, 2026. *Id.*, Ex. 1 at 2.

12. On September 18, 2026, the Trustee filed five additional *Ex Parte Applications for Examination Pursuant to Rule 2004*. *See* ECF Nos. 976-980. The Applications sought pursuant to Rule 2004 to examine Chavez, Barrett, Alvarez, Oliver, and Robertson, each of whom is believed to have been involved in the *Sanchez* case giving rise to the potential litigation claims. *Id.*; *see also* Gray Kozlowski Decl., at Ex. A. This Court issued its Rule 2004 Orders approving these 2004 Applications on September 23, 2026. *See* ECF Nos. 982-986.

13. The Barrett, Robertson, Alvarez, Oliver, and Chavez Rule 2004 examinations are scheduled via zoom for October 14, 16, and 19. No documents are sought from these individuals. *See* ECF Nos. 988-992.

14. The Rule 2004 discovery is aimed at continued investigation of the NuMale Liquidation Trust's and the Individuals' malpractice-related claims, as well as their fraudulent



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

transfer and improper distribution-related claims. By way of example, Quintairos has over three hundred attorneys identified as "partners." It is unclear what the compensation and distribution structure is for these partners and whether the NuMale Liquidation Trust holds fraudulent transfer and/or improper distribution-related claims against them for payments made after Quintairos was put on notice of its alleged malpractice. Gray Kozlowski Decl. ¶ 4.

15. On September 14, 2026, Quintairos' counsel, Anthony Sgro of Sgro Roger, sent a sixteen-page letter (the "September 14 Letter") complaining that the Trustee failed to do an adequate investigation, demanding that the Trustee "[w]ithdraw any and all pending demands against QPWB," and announcing that Quintairos would seek leave to sue the Trustee individually and pursue referrals to the Office of the United States Trustee and "any other regulatory or law enforcement agency." Gray Kozlowski Decl., Ex. B at 1-2, 4, 9, 13. The September 14 Letter is extraordinary in its threats, both overt and implied, and borders on extortion.

16. The Trustee responded to the September 14 Letter on September 15, 2026, rejecting Quintairos' meritless allegations and copying counsel for the Office of the United States Trustee. Gray Kozlowski Decl., Ex. C. However, what the Sgro letter confirms is that additional discovery is warranted prior to the NuMale Liquidation Trust commencing litigation against Quintairos and some subset of its shareholders and partners.

17. Apparently abandoning Mr. Sgro's threats, on September 23, 2026, new counsel for Quintairos, Boyer, and Prieto, Luis Salazar of Cole Schotz P.C., sent a letter to the Trustee objecting to the Rule 2004 Subpoenas "in their entirety" primarily based on the pending proceeding rule and stated that they "intend to move on September 29 at the latest to quash and for a protective order prohibiting the examinations and production" (the "September 23 Letter"). Gray Kozlowski Decl., Ex. D at 4.

18. The following counsel met and conferred in good faith by writing and in a video conference conducted on September 29, 2026, without resolution: (i) Luis Salazar of Cole Schotz P.C. for Quintairos, Prieto, and Boyer; (ii) Alex Fugazzi and Bob Olson of Snell and Wilmer for all of the examinees; and (iii) Greg Garman, Talitha Gray Kozlowski, and Jamie Garman of



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Garman Turner Gordon for the NuMale Liquidation Trust. Gray Kozlowski Decl. ¶ 8.

19. During the meet and confer, counsel expressed that Barrett, Robertson, Alvarez, Chavez, and Oliver all object to the Rule 2004 examinations on principally the same basis as detailed in the September 23 Letter. Gray Kozlowski Decl. ¶ 9.

20. Based on publicly available information, the individuals who have been ordered to comply with the Rule 2004 examinations are located in at least four different states. Boyer and Prieto are believed to reside in Florida. Barrett is believed to reside in Arizona. Robertson, Alvarez and Oliver are believed to reside in Texas. Chavez is believed to reside in New Mexico. Accordingly, the Trustee agreed to travel to Florida to conduct the examinations of Boyer and Prieto and the other individual examinations will be conducted by zoom to minimize any burden on the witnesses. Additionally, because the witnesses are in multiple states, enforcement of this Court's 2004 Orders and the subpoenas is properly before this Court. Gray Kozlowski Decl. ¶ 10.

21. The Trustee needs to complete his investigation expeditiously as the most conservative date on which the statute of limitations period on the estates' claims against Quintairos could run is November 23, 2026. *Id.* ¶ 11.

## III.

## LEGAL ANALYSIS

### A. The Rule 2004 Examinations Are Appropriate and the Orders Should be Enforced.

"[O]n a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The examination may relate to the acts, conduct, property, liabilities, or financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. *See* Fed. R. Bankr. P. 2004(b). "The range of discoverable subject matter in a Rule 2004 examination is 'unfettered and broad,'" *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (citation omitted), and its legitimate goals include "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (internal quotation marks omitted) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)). Attendance and production may be compelled



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

by subpoena under Rule 9016, whether the examination occurs within or outside the district where the case is pending. *See* Fed. R. Bankr. P. 2004(c), 9016.

The claims against Quintairos are the NuMale Liquidation Trust's principal asset. Determining their full extent (which attorneys, shareholders, and transferees are liable, what insurance and other assets exist to satisfy a judgment, and whether firm value has moved to insiders such as Boyer and Prieto) is "discovering assets, examining transactions, and determining whether wrongdoing has occurred" in the most literal sense. *Washington Mutual*, 408 B.R. at 50. The Trustee first sought this information voluntarily, and what he received (which was only a small subset of what he requested) cannot be used due to Quintairos' required nondisclosure agreement. And this Court has already found the examinations and production appropriate by entering the Rule 2004 Orders. *See* ECF Nos. 972, 973, 981–986.

**B. The Examinees Have Refused to Appear for the 2004 Examinations and Quintairos, Boyer, and Prieto Have Refused to Produce Any Documents.**

The September 14 Letter and the September 23 Letter leave no doubt that Quintairos, Boyer, and Prieto will not comply. Rather than provide information, they demanded that the Trustee abandon the estates' claims, threatened the Trustee and his counsel personally, and objected to every request. This Court, which approved the Plan and entered the Rule 2004 Orders, is in the best position to enforce the Rule 2004 Orders.

Moreover, the principal objection in the September 23 Letter is a variant of the pending proceeding rule. However, under the pending proceeding rule, "once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy Procedure 7026 et seq., rather than by a [Rule] 2004 examination." *In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (citation omitted). The Trustee has not commenced an adversary proceeding against Quintairos, Boyer, Prieto, or any of the individual examinees. No contested matter involving any of them is pending before this Court or any other. There are no procedural safeguards for the Rule 2004 Orders and the associated subpoenas to circumvent, because there is no proceeding to which those safeguards would attach. In other words, the



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

predicate requirement for the pending proceeding rule to apply is a pending proceeding. No such proceeding exists here.

Further, the September 14 Letter aggressively asserted that the Trustee did not adequately investigate the estates' claims. Quintairos' counsel professed to be "unaware of any analysis completed that sought to crystalize QPWB's legally supportable, causally attributable exposure." Counsel insisted that "it is still unclear exactly what QPWB did that would give rise to any malpractice claim." Gray Kozlowski Decl., Ex. B at 1–2, 4. Nine days later, Quintairos, through different counsel, took the opposite position. It now contends that the Trustee "long ago crossed the line from preliminary investigation into active pursuit of claims" and has already obtained "the documents, information, and explanations necessary to evaluate and pursue his asserted claims." *Id.*, Ex. D at 1–2. To borrow Quintairos' own phrase, it cannot have it both ways. Quintairos cannot fault the Trustee for an inadequate investigation while resisting the very investigation that Rule 2004 permits and this Court has ordered.

Furthermore, there can be no doubt that the 2004 examinations and subpoenaed documents are proper. The NuMale Liquidation Trust believes it holds fraudulent transfer and improper distribution claims against some subset of Quintairos' partners for transfers made in late 2024, 2025, and 2026. Discovery is necessary to determine the scope of those transfers, the priority of those transfers, and the recipients of those transfers. This is precisely the intended purpose of Rule 2004.

Moreover, the alternative to enforcement in this Court is piecemeal and potentially conflicting enforcement across the country. The examinees are located in at least four states (Florida, Arizona, Texas, and New Mexico). *See* Gray Kozlowski Decl. ¶ 10. The objections do not differ from examinee to examinee. Counsel — who is located in Nevada — has confirmed that the individual examinees object on principally the same basis stated in the September 23 Letter. Gray Kozlowski Decl. ¶ 9. If those objections are litigated separately wherever each examinee happens to reside, the Trustee will be forced to defend the same Rule 2004 Orders on the same objections before as many as four courts that have no familiarity with these Chapter 11 Cases.



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

That invites inconsistent rulings on identical issues and delay that would carry the dispute past the limitations date. This Court entered the Rule 2004 Orders, approved the Plan that preserved the claims under investigation, and is the only court familiar with the record. It should enforce its own orders.

Timing matters. With a conservative limitations date of November 23, 2026, delay would force the Trustee to file suit without the information Rule 2004 entitles him to obtain, which is precisely the result the refusal to comply is designed to produce. The Court should compel compliance with its own 2004 Orders and require the examinees to appear for examination on a date no later than October 31, 2026. The Court should also compel Quintairos, Prieto, and Boyer to produce the subpoenaed documents.

**IV.**

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) compelling compliance with the Court's 2004 Orders and requiring the examinees to appear for examination no later than October 31, 2026; (ii) compelling Quintairos, Prieto, and Boyer to produce the subpoenaed documents no later than October 8, 2026; and (iii) granting such other relief as the Court deems just and proper.

Dated this 29th day of September 2026.

GARMAN TURNER GORDON LLP

By: _/s/ Gregory E. Garman_
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidating Trust*



**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000