# EXHIBIT 4

EXHIBIT 4

Honorable Natalie M. Cox
United States Bankruptcy Judge

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Liquidating Trustee of the NuMale Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**ORDER GRANTING EX PARTE APPLICATION FOR EXAMINATION OF DOMINIQUE BARRETT, ESQ. PURSUANT TO BANKRUPTCY RULE 2004**

Upon the *Ex Parte Application for Examination of Dominique Barrett, Esq. Pursuant to Bankruptcy Rule 2004* (the "Ex Parte Application") filed by Michael Carmel, the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, "Debtors"), and the Liquidating Trustee of the NuMale Liquidation Trust, and good cause appearing therefor;

**IT IS HEREBY ORDERED** that *Dominique Barrett* shall appear for a Rule 2004 examination pursuant to FED. R. BANKR. P. 2004, regarding matters that are within the scope of Rule 2004, including without limitation the acts, assets, conduct, property, liabilities, financial condition, and business dealings of the Debtors, including without limitation the litigation claims expressly preserved for the NuMale Liquidation Trust under the confirmed *Joint Plan of Reorganization* [ECF No. 434]. The Trustee shall issue a separate subpoena pursuant to Fed. R. Bankr. P. 9016 for the production of documents.

**IT IS FURTHER ORDERED** that the examination may be continued from day to day until concluded and that the examination will be recorded by a certified court reporter by stenographic means.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED BY:

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Liquidating Trustee of the NuMale Liquidating Trust*

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Liquidating Trustee of the NuMale Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**NOTICE OF ISSUANCE OF SUBPOENA TO DOMINIQUE BARRETT**

Michael Carmel (the "Trustee"), the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), and the Liquidating Trustee of the NuMale Liquidation Trust, by and through his

counsel, Garman Turner Gordon LLP, hereby provides notice of the issuance of a subpoena for the production of documents and examination of Dominique Barrett. A copy of the subpoena is attached hereto as **Exhibit 1**.

Dated this 24th day of September, 2026.

GARMAN TURNER GORDON LLP

By: _/s/ Talitha Gray Kozlowski_
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Liquidating Trustee of the NuMale Liquidating Trust*



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

# EXHIBIT 1

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE FOR EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004 AND 9016** |

**TO:**

**DOMINIQUE BARRETT, ESQ.**
**Quintairos, Prieto, Wood & Boyer, P.A.**
**14350 N. 87th St., Suite 265**
**Scottsdale, Arizona 85260**

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| **PLACE** | **COURTROOM** |
|---|---|
| | **DATE AND TIME** |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in this bankruptcy case. If you are an organization, you must designate one or more officers directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| **PLACE** | **DATE AND TIME:** |
|---|---|
| Via Zoom:<br>https://zoom.us/j/97934508888?pwd=2W8asHY2rvRJ0DObWc3yl5crNKfX2j.1 | October 14, 2026<br>1:00 p.m. (Pacific) |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the documents requested on **Exhibit "A"** hereto.

| **PLACE** | **DATE AND TIME** |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| **PREMISES** | **DATE AND TIME** |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| **ISSUING OFFICER SIGNATURE AND TITLE** | **DATE** |
|---|---|
| */s/ Talitha Gray Kozlowski* | September 24, 2026 |

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**

Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
(725) 777-3000

| **PROOF OF SERVICE** | | |
|---|---|---|
| **SERVED** | **DATE** | **PLACE** |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** | |
| **SERVED BY (PRINT NAME)** | **TITLE** | |
| **DECLARATION OF SERVER** | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ (Date)

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

**Federal Rules of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**
*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.
*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees —on a party or attorney who fails to comply.
*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises —or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)