# EXHIBIT D

EXHIBIT D

80 SW 8th St., Suite 1900
Miami, FL 33130
305.374.4848 305.503.6976 fax

COLE SCHOTZ P.C.

New Jersey
New York
Delaware
Maryland
Texas
Washington, DC

Luis Salazar
Member
Admitted in FL, NJ, and NY

Reply to Florida Office
Writer's Direct Line: 305.374.4802
Writer's E-Mail: LSalazar@coleschotz.com

September 23, 2026

**VIA E-MAIL**
Gregory E. Garman, Esq.
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
ggarman@gtg.legal
tgray@gtg.legal

Re: *In re NuMale Corporation, et al.*, Lead Case No. 25-10341-nmc (Bankr. D. Nev.); Objection to Rule 2004 Subpoenas Served on Quintairos, Prieto, Wood & Boyer, P.A., Eric Boyer, and Eddie Prieto; Request to Meet and Confer

Dear Mr. Garman:

We represent Quintairos, Prieto, Wood & Boyer, P.A. ("**QPWB**"), Eric Boyer, and Eddie Prieto (collectively, the "**Non-Parties**"), and write to object to the Rule 2004 subpoenas served on QPWB and Mr. Boyer on September 18, 2026, and on Eddie Prieto on September 23, 2026 (the "**Subpoenas**"). We request an immediate meet and confer regarding their withdrawal, as required by the applicable local rules.

**The Subpoenas Are an Improper Use of Rule 2004.**

The Trustee's issuance of these Subpoenas is nothing more than an attempt to exploit Rule 2004 for purposes beyond its intended scope. Rule 2004 permits a trustee to conduct preliminary fact-gathering to determine whether sufficient grounds exist to bring claims on behalf of the estate. It cannot replace the procedural safeguards of conventional discovery under the Federal Rules of Civil Procedure or serve as a means of preparing litigation against identified targets after the investigation is complete. The facts here show that the Trustee long ago crossed the line from preliminary investigation into active pursuit of claims against the Non-Parties.

The Trustee settled with Beazley through a Global Settlement Agreement approved by the Nevada Bankruptcy Court, which expressly carved out and preserved claims against QPWB. The confirmed Joint Plan of Reorganization, entered September 24, 2025, provides that the Liquidation Trust and the NuMale Settling Defendants "shall jointly prosecute their respective Quintairos Claims" under "the sole direction and control of the Liquidation Trustee." Those claims are the primary estate asset intended to compensate NuMale's creditors, underscoring how thoroughly the Trustee has already investigated and relied upon them.

In March 2026, the Non-Parties voluntarily transferred to the Trustee NuMale's client file from the underlying representation. By stepping into the shoes of QPWB's former client, the Trustee obtained a file consisting of thousands of pages of documents and privileged communications between QPWB and NuMale. That file gave the Trustee more comprehensive discovery than most parties receive throughout the life of a case.

Armed with that file, the Trustee sent QPWB a 28-page demand letter on May 18, 2026, supported by 39 exhibits, detailing the alleged basis for malpractice, breach of fiduciary duty, fraud, and related claims and expressly demanding settlement. The letter stated that the Trustee was "prepared to file suit immediately." Settlement negotiations continued over the summer and included an initial settlement offer by the Trustee. On August 28, 2026, the Trustee sent a revised term sheet presenting two detailed settlement structures and warning that rejection would result in the filing of a complaint on September 11, 2026. In parallel, the Trustee sent Mr. Boyer and Mr. Prieto formal notices of fraudulent transfer claims demanding preservation of assets and records. The letters identified "separate claims" against Mr. Boyer and Mr. Prieto individually and stated that the Trustee "may pursue these claims now."

Throughout that process, QPWB cooperated extensively with the Trustee's investigation. Among other things, QPWB:

- participated in multiple telephone conferences and substantive meetings with Mr. Garman;
- sent QPWB attorney Mike Connery from Philadelphia to Newport Beach, California, to participate in the parties' first extensive settlement meeting;
- provided access to hundreds of pages of QPWB company structure and financial documents;
- explained the significance of those documents and what they demonstrated concerning the Trustee's asserted claims;
- participated in a lengthy interview during which QPWB answered every question posed by you; and
- provided a comprehensive explanation of QPWB's relevant financial processes and protocols.

Thus, the Subpoenas do not represent the beginning, or even a continuation, of a preliminary investigation. They follow months of extraordinary voluntary cooperation through which the Trustee obtained the documents, information, and explanations necessary to evaluate and pursue his asserted claims.

Nevertheless, after settlement negotiations broke down on September 10, 2026, the Trustee did not file the complaint he had repeatedly represented was ready. Instead, he served Rule 2004 subpoenas demanding voluminous financial and personal information from QPWB, Mr. Boyer, and Mr. Prieto. Such information exceeds any legitimate remaining investigative need and falls outside the permissible scope of 2004.

**The Trustee Cannot Use Rule 2004 to Circumvent the Federal Rules.**

Courts consistently reject the use of Rule 2004 as a substitute for conventional discovery where a litigation target has already been identified. As the court held in *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983), a party that is "in a position to file an action" may not use Rule 2004 "to circumvent the procedural safeguards provided a litigant by the Federal Rules of Civil Procedure." Similarly, in *In re Defoor Centre, LLC*, 634 B.R. 630, 632 (Bankr. M.D. Fla. 2021), the court denied Rule 2004 discovery where "the Debtor already has th[e] information" needed to file a complaint. The same result obtained in *In re Transmar Commodity Group, Ltd.* (Bankr. S.D.N.Y. 2017), where the court denied Rule 2004 discovery because the movant had "identified [the recipient] as a litigation target."

Here, the Trustee has done far more than identify the Non-Parties as potential litigation targets. He has articulated the factual and legal basis for his claims in exhaustive demand letters, issued specific monetary settlement proposals, set filing deadlines, and threatened suit. The issue is *when* the Trustee will commence litigation. Under these circumstances, Rule 2004 discovery is impermissible. If the Trustee wishes to take discovery from the Non-Parties, he must do so after filing suit subject to the full protections of the Federal Rules of Civil Procedure, including the right to representation, the ability to raise objections, and proportionality safeguards that are absent in a Rule 2004 examination.

**The Trustee's Own Representations Confirm the Subpoenas Are Improper.**

The Trustee's own correspondence eliminates any argument that the Subpoenas serve a legitimate investigative purpose. In obtaining the Court's *Order Granting Ex Parte Application for Examination Pursuant to Bankruptcy Rule 2004*, the Trustee necessarily represented that he required discovery to evaluate potential claims. Yet the Trustee's demand letters to the Non-Parties represent exactly the opposite. The May 18, 2026 demand letter details the factual and legal basis for the Trustee's claims across 28 pages and 39 exhibits and states that the Trustee is "prepared to file suit immediately." The August 28, 2026 term sheet presents specific settlement structures and warns that non-acceptance will result in the filing of a complaint. The September 10, 2026 fraudulent transfer notices to Mr. Boyer and Mr. Prieto identify "separate claims" and state that the Trustee "may pursue these claims now." These are not the statements of a party that needs Rule 2004 discovery to decide whether claims exist.

The Trustee cannot have it both ways. If the demand letters are accurate and the Trustee has a sufficient factual basis to pursue claims against the Non-Parties, then the Subpoenas serve no legitimate Rule 2004 purpose and should be withdrawn. If the Trustee lacks a sufficient factual basis for the representations in those letters, then a different set of problems arises under Bankruptcy Rule 9011, which requires that factual contentions in papers filed with the Court have evidentiary support or are likely to have such support after a reasonable opportunity for further investigation. *See* Fed. R. Bankr. P. 9011(b)(3). Either way, the Subpoenas are improper.

**The Subpoenas Are Overbroad and Harassing.**

The breadth of the Subpoenas further confirms their improper purpose. They demand tax returns, monthly bank statements, marital agreements, real property deeds and closing statements, trust

agreements, and other voluminous personal financial information. Those requests bear no relationship to the underlying malpractice claims the Trustee purports to investigate. The requests resemble a judgment debtor examination and have no place in a legitimate pre-litigation inquiry. As the court cautioned in *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985), “Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs.” By serving Rule 2004 discovery without commencing litigation, the Trustee is seeking to increase leverage and gain a strategic advantage without the safeguards of the Federal Rules. This approach is improper.

**Request to Meet and Confer.**

The Non-Parties object to the Subpoenas in their entirety for the reasons set forth above. Under the S.D. Fla. Bankr. Local Rule 9013-1, we request that you confer with us at an agreeable time on Thursday, September 24 between 12 and 3 p.m. PT; Friday September 25 between 11:30 a.m. and 2:30 p.m. PT; or Monday September 28 between 9 and 11 a.m. PT, regarding the voluntary withdrawal of the Subpoenas. If the Trustee is unwilling to withdraw them, the Non-Parties intend to move on September 29 at the latest to quash and for a protective order prohibiting the examinations and production.

Please contact the undersigned to arrange a time on September 24, 25, or 28 to discuss these matters.

Nothing in this letter shall be deemed a waiver of any right, objection, privilege, or defense available to the Non-Parties, whether under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, or applicable law. The Non-Parties expressly reserve all rights and objections, including but not limited to objections based on relevance, proportionality, undue burden, privilege, work-product protection, confidentiality, privacy, overbreadth, and any other applicable ground, and reserve the right to assert additional objections, defenses, and grounds in any subsequent motion to quash, for a protective order, or in any other proceeding. The Non-Parties further expressly reserve the right to seek an award of attorneys’ fees and costs incurred as a result of the Trustee’s unreasonable and vexatious conduct in serving the Subpoenas, pursuant to 28 U.S.C. § 1927 and any other applicable authority.

Very truly yours,

*/s/ Luis Salazar*

Luis Salazar

LS:amls

cc: Alex L. Fugazzi, Esq., Snell & Wilmer L.L.P.
Bob Olson, Esq., Snell & Wilmer L.L.P.