# EXHIBIT A

[Proposed Order]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ■<br><br>Debtor. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

Hearing Date: November 17, 2026 Hearing Time: 10:30 A.M.

**ORDER GRANTING MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. FOR RELIEF UNDER FED. R. CIV. P. 60(b) AS APPLIED TO QPWB, REMOVAL OF LIQUIDATION TRUSTEE, DISQUALIFICATION OF COUNSEL, AND RELATED RELIEF**

Upon the Motion ECF 1007 of Quintairos, Prieto, Wood & Boyer, P.A. ("**QPWB**"); the Court having jurisdiction under 28 U.S.C. §§ 157 and 1334, Plan § 9, Confirmation Order ¶ 101, and LTA § 11.7; notice being adequate; and after a hearing on November 17, 2026, the Court having made findings on the record which are incorporated herein pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, the Confirmation Order (ECF 727), the Findings (ECF 726), the Plan, the Global Settlement Order and 363 Sale Order (ECF 582) (collectively, the "**Orders**") shall not bind, be preclusive against, or otherwise prejudice QPWB with respect to: (a) any finding, recital, or determination concerning QPWB, the Quintairos Claims, or the Quintairos Non-Debtor Claims, including any finding that the settlements and releases were fair, reasonable, in good faith, or in the best interests of the estates; (b) any allocation, setoff, judgment-reduction, contribution, or comparative-fault effect of the releases; (c) the exculpation, injunction, and limitation-of-liability provisions, insofar as they would bar or limit QPWB's defenses, counterclaims, setoff or recoupment, or claims against the Liquidation Trustee or GTG; and (d) Plan § 12, insofar as it would determine the validity, assignability, or combination of any claim against QPWB or prejudice any defense of QPWB.

3. Nothing in this Order revokes or vacates confirmation of the Plan, disturbs any distribution, or affects the Orders as to any party other than QPWB.

4. Michael W. Carmel is removed as Liquidation Trustee effective __________. A successor shall be appointed pursuant to LTA § 2.4.

5. Garman Turner Gordon LLP is disqualified from representing the Liquidation Trustee or any successor in any matter involving QPWB, its shareholders, or principals.

6. The rights of all parties in interest to seek relief under 11 U.S.C. §§ 328(c) and 330 as to GTG's compensation, including the deferred payment of $4,669,271.70, are reserved.

7. To the extent required, QPWB is granted leave under the Barton doctrine to assert claims, defenses, counterclaims, setoffs, and recoupment against Michael W. Carmel and GTG, individually and in their official capacities, in this Court.

8. The Rule 2004 subpoenas served on September 18 and 23, 2026 on QPWB, Eric Boyer, and Eddie Prieto are **STAYED** pending further order.

9. Pending further order, the Liquidation Trustee shall not commence any action against QPWB, Eric Boyer, or Eddie Prieto.

10. The Liquidation Trustee, GTG, and Paul Weiss shall preserve all documents and communications described in Part VI.I of the Motion.

11. To the extent any relief herein requires an adversary proceeding, QPWB is granted leave to file an adversary complaint within 30 days.

12. The Court retains jurisdiction over all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

**ANTHONY P. SGRO, ESQ.**
Nevada Bar No. 3811
**COLLEEN N. SAVAGE, ESQ**
Nevada Bar No. 14947
**SGRO & ROGER**
2901 El Camino Ave., Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
csavage@sgroandroger.com

**LR 9021 CERTIFICATION:**

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all attorneys who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected.