# EXHIBIT B

[Eric Boyer Declaration]

**EXHIBIT B**

**DECLARATION OF ERIC BOYER IN SUPPORT OF MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

I, Eric Boyer, declare as follows:

1. I am a founding partner and the Managing Partner of Quintairos, Prieto, Wood & Boyer, P.A. ("**QPWB**"). I am over eighteen years of age and competent to testify. I make this declaration based on my personal knowledge. If called, I could and would testify competently hereto.

2. I am also the designated registered agent for service of process for QPWB in Florida. In that capacity, I am responsible for receiving and routing legal process and formal notices directed to the firm. My contact information as registered agent is publicly available through the Florida Department of State, Division of Corporation's public website: www.SunBiz.org.

3. Given that publicly available information, and the fact that QPWB appears to be the central part of the confirmed plan, the Trustee could easily have addressed any notice to me by name, in my capacity as Managing Partner and/or Registered Agent, at the firm's principal office.

4. I have reviewed the Certificate of Service filed at ECF 451, which reflects a mailing dated August 6, 2025 to QPWB at three addresses. None of those mailings was addressed to me by name, to any other named partner or officer of the firm, or to the "Registered Agent" or "Managing Partner" of QPWB. The mailings were addressed simply to "Quintairos, Prieto, Wood & Boyer, P.A." without any individual recipient identified.

5. QPWB is a national law firm with over 600 attorneys and offices in multiple states. Like many large organizations, QPWB receives substantial volumes of mail daily at each of its office locations. Mail that is not addressed to a specific individual or department, and that does not

identify itself as legal process or a court filing requiring immediate attention, may be routed through general administrative channels and may not reach a responsible partner or officer promptly, if at all.

6. The mailings reflected in ECF 451 were sent to a "Non-Vote" matrix. The envelope and contents, to my knowledge, did not prominently state that QPWB was the target of litigation claims preserved in the Plan, that findings affecting QPWB's rights would be entered, or that QPWB needed to take any action. A "Non-Vote" designation would reasonably convey to a recipient that the recipient had no voting stake in the proceeding — not that the recipient was being put on notice of findings that would later be used as evidentiary swords against it.

7. Further, based on a diligent search of QPWB's records that I have caused to be conducted, QPWB did not receive service of: (a) the Confirmation Order (ECF 727); (b) the Findings of Fact and Conclusions of Law (ECF 726); (c) the Notice of Entry (ECF 728); (d) the Notice of Effective Date; or (e) the Global Settlement motion or Global Settlement Order (ECF 582).

8. I personally did not receive any of the foregoing documents prior to the Trustee's Demand Letter. I first learned of the specific findings in the Confirmation Order — including the findings characterizing the releases as fair and in good faith, the exculpation provisions, and the Plan § 12 joint-prosecution structure — upon receipt of the Demand Letter and its review by bankruptcy counsel.

**The Trustee Knew How to Reach Me When He Wanted Something From Me**

9. On or about August 28, 2026, I received a so-called "fraudulent-transfer notice" from the Liquidation Trustee addressed to me individually at the firm's main office.

10. On September 18, 2026, I was personally served with a Rule 2004 subpoena issued at the direction of the Liquidation Trustee.

11. The contrast is striking. When the Liquidation Trustee sought to extract discovery from me and to threaten me with personal liability, he knew exactly how to find me and addressed his communications to me by name. But when he sought Court approval of a Plan that was expressly designed to target QPWB and that would be used to prejudice QPWB's defenses, he sent a generic mailing to a "Non-Vote" list without addressing it to me, to any other named partner, or to QPWB's registered agent.

12. Had the Disclosure Statement mailing been addressed to me as Managing Partner or Registered Agent, I would have reviewed it personally or ensured it was routed to appropriate personnel for immediate review. Had I reviewed it, I would have consulted with counsel and taken steps to protect QPWB's interests, including by appearing at the confirmation hearing and objecting to any findings, releases, or plan provisions that would prejudice QPWB.

13. I am informed and believe that the Liquidation Trustee and GTG intentionally chose not to direct the pre-confirmation mailings to me or to any responsible officer of QPWB, despite knowing that QPWB was the Plan's designated litigation target and despite having the ability to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 5, 2026

[signature]

Eric Boyer
Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.