ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
COLLEEN N. SAVAGE, ESQ.
Nevada Bar No. 14947
SGRO & ROGER
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102
Telephone: 702-384-9800
Facsimile: 702-665-4120
tsgro@sgroandroger.com
csavage@sgroandroger.com
*Attorneys for Quintairos, Prieto, Wood & Boyer, P.A.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

NUMALE CORPORATION, *et al.*,

Debtors.

Jointly administered with:
Feliciano NuMale Nevada PLLC,Case No. 25-10342-nmc, NuMedical SC, Case No. 25-10343-nmc, NuMale Colorado SC, Case No. 25-10344-nmc, NuMale Florida TB PLLC, Case No. 25-10345-nmc, NuMale Nebraska LLC, Case No. 25-10346-nmc, NuMale New Mexico SC, Case No. 25-10347-nmc

Lead Case No. 25-10341-nmc
(Jointly Administered)

Chapter 11

**DECLARATION OF COLLEEN N. SAVAGE IN SUPPORT OF THE MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. FOR (I) AN ORDER CONFIRMING THAT THE AUTOMATIC STAY AND PLAN INJUNCTION ARE INAPPLICABLE TO ITS PROPOSED DECLARATORY-JUDGMENT ACTION, OR (II) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION, AND FOR LEAVE UNDER THE BARTON DOCTRINE; AND IN COMPLIANCE WITH LOCAL RULE 4001(a)(2)**

I, Colleen N. Savage, declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada (Nevada Bar No. 14947) and am an attorney with the law firm Sgro & Roger, counsel of record for Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") in the above-captioned cases. I am over the age of eighteen, and I submit this declaration in support of QPWB's Motion for (I) an Order Confirming That the Automatic Stay and Plan Injunction Are Inapplicable to Its Proposed Declaratory-Judgment Action, or (II) in the Alternative, Relief from the Automatic Stay and Plan Injunction, and for Leave Under the Barton Doctrine (the "Motion").
2. Except where stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently to them. I make this declaration to satisfy the meet-and-confer certification required by Rule 4001(a)(2) of the Local Rules of Bankruptcy Practice for the District of Nevada.
3. Before QPWB filed the Motion, I, together with my co-counsel Benjamin B. Gordon, Esq. of Sgro & Roger, met and conferred in good faith with Gregory E. Garman, Esq. of Garman Turner Gordon LLP, counsel for Michael W. Carmel, the Liquidating Trustee, regarding the relief requested in the Motion.
4. On October 5, 2026, Mr. Gordon and I participated in a telephonic conference with Mr. Garman that lasted approximately 20 minutes. The conference was preceded by an exchange of correspondence on September 29, 2026, September 30, 2026, October 1, 2026, and October 2, 2026.
5. During the conference, Mr. Gordon and I explained QPWB's position that (a) the automatic stay under 11 U.S.C. § 362 and the injunction in the confirmed Plan do not apply to, and do not bar, QPWB's proposed declaratory-judgment action concerning ownership and control

of the Individual NuMale Parties' personal legal-malpractice claims; and (b) to the extent the Court concludes otherwise, cause exists to grant relief from the stay and to modify the Plan injunction, and QPWB requests Barton leave to the extent required. We asked whether the Trustee would stipulate that the stay and Plan injunction do not bar the proposed action or otherwise consent to the relief sought.

6. Mr. Garman, on behalf of the Trustee, did not agree to the relief requested and took the position that our filing is premature and that federal law disfavors declaratory relief actions under these circumstances. He further contends that, because there is a confirmed plan retaining jurisdiction, the appropriate course would be to seek modification of the plan, notwithstanding that the plan does not currently provide a mechanism for the relief at issue.

7. The meet-and-confer communication described above occurred no less than three (3) business days before the filing of the Motion.

8. Notwithstanding the parties' good-faith efforts, QPWB and the Trustee were unable to resolve the matters raised in the Motion, and QPWB therefore respectfully submits the Motion for the Court's determination.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of October 2026,

**SGRO & ROGER**

*/s/ Colleen N. Savage.*
COLLEEN N. SAVAGE, ESQ.
Nevada Bar No. 14947
2901 El Camino Avenue, Suite 204
Las Vegas, NV 89102
*Attorney for Quintairos, Prieto, Wood & Boyer, P.A.*