GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE**

I, Talitha Gray Kozlowski, Esq., declare as follows:

1. I am over the age of eighteen years and competent to testify on the matters set forth



GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

herein. I am an attorney licensed to practice law in the State of Nevada and am a partner with Garman Turner Gordon LLP ("GTG"), counsel to Michael Carmel, the Liquidation Trustee of the NuMale Liquidation Trust (the "Trustee"). GTG also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "Individuals"). I have personal knowledge of the facts stated in this declaration, except where stated on information and belief, and could testify competently to them if called as a witness. Capitalized terms not defined herein have the meanings given to them in the *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at its Nevada Office* (the "Motion"), filed contemporaneously herewith.

2. On October 6, 2025, the Trustee terminated the representation of Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos") and demanded immediate transfer of the entire client file from Quintairos' representation of the Debtors and the Individuals in the Sanchez matter. The demand enclosed the order appointing the Trustee, explained that the Trustee is the sole holder of the attorney-client privilege, invoked Rules 16-116(D) and 16-115(D) NMRA, and itemized the categories of materials required, including pleadings, correspondence with the client, co-counsel, opposing counsel, the court, and the insurer, and attorney work product and notes. A true and correct copy of the October 6, 2025 demand is attached hereto as Exhibit A.

3. Quintairos produced only a fraction of the client file in response to the October 6, 2025 demand letter. On December 17, 2025, GTG served a second demand on behalf of the Trustee identifying entire categories of documents that were "wholly absent" from the production, among them a signed engagement agreement, conflicts waivers, scope amendments, and termination notices, and advising that failure to surrender the file within fourteen days violates Rule 16-116(D) NMRA. A true and correct copy of the December 17, 2025 demand is attached hereto as Exhibit B. Quintairos did not respond to it.

4. On January 7, 2026, GTG served a "THIRD AND FINAL DEMAND" on behalf of the Trustee, noting that Quintairos had "now been provided three opportunities to comply with these ethical and legal obligations," that its production "remain[ed] grossly deficient," and that it had failed "to respond in any way" to the December 17 demand letter. A true and correct copy of



GARMAN TURNER
GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

the January 7, 2026 demand is attached hereto as Exhibit C. Thereafter, an email titled "FOURTH AND FINAL" was sent when Quintairos failed to produce documents.

5. Quintairos produced what it indicated was the balance of the client file on February 19, 2026, more than four months after the Trustee's first demand. On February 24, 2026, GTG wrote to Quintairos regarding materials in that production that appeared to be the files of other Quintairos clients and outside the scope of the NuMale client file, and requested that Quintairos identify any document it contended had been produced inadvertently. On March 3, 2026, GTG wrote again, enclosing the February 24 letter. True and correct copies of the February 24, 2026 and March 3, 2026 letters are attached hereto as Exhibits D and E. Quintairos did not respond to either letter.

6. On May 18, 2026, the Trustee sent Quintairos and the individual attorneys who handled the underlying Sanchez matter a pre-litigation demand letter (the "Demand Letter"). The Demand Letter made no monetary demand and requested information to aid the Trustee's investigation. A true and correct copy of the Demand Letter is attached hereto as Exhibit F.

7. From May through September 2026, the Trustee sought that information voluntarily, including through Quintairos' then-counsel, Alex Fugazzi of Snell & Wilmer. Quintairos produced a subset of the information the Trustee requested and conditioned that production on a non-disclosure agreement that bars the Trustee from using the material outside the parties' negotiations. The Trustee therefore cannot use that material to plead the Trust's claims or to determine which transferees to pursue. The Trustee made two settlement offers to Quintairos, to which Quintairos did not provide a counteroffer, and discussions ended on September 10, 2026.

8. On September 14, 2026, Quintairos' counsel, Anthony Sgro of Sgro & Roger, sent a sixteen-page letter demanding that the Trustee "[w]ithdraw any and all pending demands against QPWB," stating that Quintairos would seek leave to sue the Trustee individually and would pursue referrals to the Office of the United States Trustee and "any other regulatory or law enforcement agency," and demanding that "no monies should be distributed" and that distributions already made "be immediately returned." A true and correct copy of that letter is attached hereto as Exhibit G. The Trustee responded on September 15, 2026, rejecting the allegations and copying counsel



GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

for the Office of the United States Trustee. A true and correct copy of the September 15, 2026 response is attached hereto as Exhibit H.

9. On September 15, 2026, this Court entered its Rule 2004 Order as to Quintairos [ECF No. 972], which directed the Trustee to issue a separate subpoena for documents under Bankruptcy Rule 9016. On September 18, 2026, the Trustee served a subpoena on Quintairos at its Florida office [ECF No. 974].

10. On September 23, 2026, Luis Salazar of Cole Schotz P.C., the third law firm to appear for Quintairos in connection with this dispute, sent a letter objecting to the subpoenas "in their entirety" and stating that Quintairos "intend[ed] to move on September 29 at the latest to quash and for a protective order prohibiting the examinations and production." A true and correct copy of the September 23 Letter is attached hereto as Exhibit I.

11. The most conservative date on which the statute of limitations period on the estates' malpractice claims against Quintairos could run is November 23, 2026. The limitations periods applicable to the Trust's potential fraudulent transfer and improper distribution claims remain under review. Because of that deadline, upon the breakdown of negotiations, the Trustee moved promptly to complete the investigation of the Trust's claims.

12. On September 28, 2026, the Trustee issued the subpoena to Quintairos at its office located at 2370 Corporate Circle, Suite 160, Henderson, Nevada 89074 (the "Nevada Subpoena") [ECF No. 994], and caused it to be hand delivered to that office the same day. A copy of the Nevada Subpoena was also served on Quintairos' Nevada resident agent. The Nevada Subpoena commands production in Las Vegas, Nevada, or electronically, by October 8, 2026, and the appearance of Quintairos' person most knowledgeable at GTG's Las Vegas offices on October 14, 2026.

13. Based on information publicly available, including Quintairos' own website: (i) Quintairos regularly transacts business in person at its Henderson, Nevada office; (ii) that office is a genuine, operating office of the firm and is not a registered-agent address or a nominal presence; and (iii) Quintairos holds the office out to the public on its website as one of its offices and identifies one managing partner, two additional partners, and two associates who work there. The



GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

place of compliance identified in the Nevada Subpoena is in Las Vegas, Nevada, which is within one hundred miles of the Henderson office.

14. On September 29, 2026, Quintairos, Eric Boyer, and Edward Prieto filed a motion to quash and for a protective order in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Motion"), directed to the subpoenas that commanded compliance in Miami. A true and correct copy of the Florida Motion is attached hereto as Exhibit J. The Trustee is opposing the Florida Motion in that court.

15. Counsel met and conferred in good faith, in writing and by video conference, on the following occasions, without resolution: (i) on September 29, 2026, with Luis Salazar of Cole Schotz P.C. for Quintairos, Mr. Prieto, and Mr. Boyer, Alex Fugazzi and Bob Olson of Snell & Wilmer for all of the examinees, and Greg Garman, Talitha Gray Kozlowski, and Jamie Garman of GTG for the Trustee; (ii) on October 1, 2026, with Alex Fugazzi, Charles Gianelloni, Steven Jerome, and Bob Olson of Snell & Wilmer for the examinees and Talitha Gray Kozlowski of GTG for the Trustee; (iii) on October 5, 2026, with Charles Gianelloni, Alex Fugazzi, Bob Olson, Joe Layzell, and Steven Jerome of Snell & Wilmer for all of the examinees and Talitha Gray Kozlowski and Jamie Garman of GTG for the Trustee; and (iv) on October 6, 2026, with the same participants as the October 5 conference.

16. During those conferences, Quintairos first objected to producing any documents. The Trustee offered a reduced production, which Quintairos rejected. Quintairos instead offered to produce information generally describing the compensation of the approximately eighty to one hundred attorneys it identifies as "rainmakers" or heads of "business units," without identifying those attorneys, without detailing the terms of their employment and compensation, and without stating the amounts they received. The Trustee offered to accept that limited production if the unidentified recipients would agree to toll any fraudulent transfer claims against them. On October 6, 2026, Quintairos refused the Trustee's request for a tolling agreement.

17. On October 7, 2026, the Trustee narrowed the Nevada Subpoena in writing. The Trustee replaced eleven requests, request numbers 3, 7 through 14, 16, and 17, with two requests seeking, for the attorneys Quintairos describes as "rainmakers" or heads of "business units," (i)

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

the agreements governing their compensation and (ii) documents sufficient to identify their aggregate compensation for 2024, 2025, and year-to-date 2026, and withdrew request numbers 21, 22, 23, 26, 27, and 28 without prejudice. A true and correct copy of the October 7, 2026 letter is attached hereto as Exhibit K.

18. Also on October 7, 2026, Quintairos filed its motion seeking, among other relief, relief from the Confirmation Order and related orders as applied to it, removal of Mr. Carmel as Liquidation Trustee, disqualification of GTG as the Trustee's counsel, leave under the Barton doctrine to assert claims against the Trustee and his counsel individually, and an order quashing or staying the Rule 2004 subpoenas and staying the commencement of litigation against Quintairos [ECF No. 1007].

19. On October 8, 2026, the date the Nevada Subpoena set for production, Quintairos served written objections under Fed. R. Civ. P. 45(d)(2)(B). A true and correct copy of the October 8 Objections is attached hereto as Exhibit L.

20. Quintairos has produced no documents in response to either the subpoena served on September 18, 2026 or the Nevada Subpoena, and it has not produced its person most knowledgeable for examination. No court has stayed the Rule 2004 Order or the Nevada Subpoena.

21. Quintairos identifies more than three hundred attorneys as "partners." It remains unclear what the compensation and distribution structure is for those attorneys and whether the Trust holds fraudulent transfer or improper distribution claims against any of them on account of payments made after Quintairos was placed on notice of the claims against it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of October, 2026.

*/s/ Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.

GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000