# EXHIBIT A

EXHIBIT A

Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334

Telephone: (602) 264-4965
Facsimile: (602) 277-0144
E-mail: michael@mcarmellaw.com
Also Admitted in New York

October 6, 2025

***Via E-mail and Federal Express***
Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110
frank.alvarez@qpwblaw.com

***Re: NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC – Demand for Immediate Transfer of Entire Client File***

Dear Mr. Alvarez:

I am the Court appointed Chapter 11 Trustee over the Bankruptcy Estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"). For your convenience I enclose a copy of the order pursuant to which I was appointed. You firm previously represented, *inter alia*, NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC (collectively, the "Client"). Such representation is hereby terminated.

In my capacity as the Chapter 11 Trustee I am the sole holder of the attorney-client privilege. Accordingly, by way of this letter, pursuant to Rules 16-116(D) NMRA and 16-115(D) NMRA, I hereby direct you to transfer the ***entire client file*** for the Client, including but not limited to all materials for, relating to, regarding, concerning, pertinent, and in connection with the New Mexico State Court Case No. D-202-CV-202006336, to my counsel, immediately, at the address below:

Garman Turner Gordon LLP
c/o Gregory Garman, Esq.
7251 Amigo Street, Suite 210
Las Vegas, NV 89119

For the avoidance of doubt, the complete file for the Client includes but is not limited to:

- Pleadings, motions, briefs, discovery responses and requests (including all drafts), deposition/ hearing transcripts, exhibits, demonstratives, and all correspondence (letters and email with attachments) with the Client, co-counsel, opposing counsel, courts, the insurer, and third parties.
- Attorney work product and notes (handwritten or electronic), research, research memos, strategy memos, all memoranda, outlines, witness interview notes, and investigator reports. As you are aware, New Mexico recognizes the client's entitlement to attorney work product.
- ESI and messages: text/iMessage/WhatsApp/SMS with any party (including internal) about the representation, the Client, and/or the matter; internal firm messaging (*e.g.*, Teams/Slack) relating to the representation, the Client, and/or the matter; voicemail audio and call/phone logs; calendar/docket entries; contact records; and all metadata associated with such items.
- Engagement documents: signed engagement/retainer agreement(s), conflicts waivers, scope amendments, and termination notices.
- Billing and accounting: invoices, time entries, expense backup, trust account ledgers, and balance detail for this matter and the Client, payments/credits, and any third party vendor bills charged to or for or on behalf of the Client.
- Case administration: docketing/tickler reports, task lists, litigation calendar, hearing notices, trial settings, and any case-management orders or scheduling orders.
- Third party materials: expert/consultant engagement letters, drafts, work papers, and correspondence; all records obtained by subpoena or other discovery or authorization; and any imagery, databases, or native data sets.

Please confirm by email within three (3) business days of this Letter that you intend to comply with the transfer and produce the Client file no later than fourteen (14) calendar days from the date of this Letter. Failure to promptly transfer the Client file within fourteen (14) days is a violation of Rule 16-116(D) NMRA.

You are obligated to produce ESI in reasonably usable form: emails as a PST (or MBOX) with attachments; documents as text-searchable PDFs with original foldering preserved; spreadsheets in native format; and text messages as exported transcripts (CSV/PDF) with device/time metadata. If you cannot export in these formats, please propose a comparably usable alternative.

Providing my counsel with a secure download link is acceptable; otherwise please ship an encrypted USB to the address above.

If you intend to withhold any item, (i) produce the remainder without delay, and (ii) provide a withholding log by the deadline that identifies each withheld item with its date, author, recipient(s), a brief description, and the asserted basis for withholding. *See* the "orderly termination" requirement of Rule 16-116(D) NMRA.

I appreciate your prompt response. Should you have any questions please reach out to me.

Sincerely,

Michael W. Carmel, Esq.
*Chapter 11 Trustee*

Encl.: (as noted)
Cc: Garman Turner Gordon LLP
Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
Mary Langsner, Ph.D.