GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Liquidation Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**_EX PARTE_ APPLICATION FOR ORDER SHORTENING TIME TO HEAR AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE**

Michael Carmel, the Liquidation Trustee of the NuMale Liquidation Trustee (the "Trustee"), and the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB

PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel, Garman Turner Gordon LLP, which also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "Individuals"), has filed the *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at its Nevada Office* ("Motion").[1] The Trustee submits this *ex parte* application (the "Ex Parte Application") requesting the Court issue an order shortening time to hear the Motion on or before the week of October 19, 2026, or as soon thereafter as the Court can accommodate.

This Ex Parte Application is made and based upon Section[2] 105(a) of the Bankruptcy Code, Bankruptcy Rules 9006, and Local Rules 9006; the following memorandum of points and authorities inclusive of the Declaration of Talitha Gray Kozlowski, Esq. (the "Gray Kozlowski Decl.") incorporated herein; the *Attorney Information Sheet* filed concurrently herewith; and the papers and pleadings on file with the Court in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ.**

I, Talitha Gray Kozlowski, Esq., declare as follows:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2. I am a partner at the law firm of Garman Turner Gordon LLP ("GTG"), counsel to the Debtors in the above-captioned matter and am duly licensed to practice law in the State of Nevada (Nevada Bar No. 9040).

3. Good cause exists for this Court to hear the Motion on shortened time as requested

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] All references to "Chapter" and "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

herein. The most conservative date on which the statute of limitations period on the NuMale Liquidation Trust's claims against Quintairos could run is November 23, 2026. The Rule 2004 examination and subpoenaed documents at issue bear directly on the scope of those claims, including which Quintairos attorneys, shareholders, and transferees are liable; the compensation and distribution structure under which Quintairos paid its partners after it was on notice of the Debtors' malpractice claims; and the insurance and other assets available to satisfy a judgment.

4. Pursuant to the Rule 2004 Order and the subpoenas issued thereunder, Quintairos' document production was due October 8, 2026[3] and the examination of the person most knowledgeable is scheduled for October 14, 2026. To date, Quintairos has only served objections and not produced a single document.

5. Further, Quintairos has filed motions in a smattering of jurisdictions, including Florida, Texas, New Mexico, and Arizona. The deadlines in these various jurisdictions differ, but the first hearing is scheduled to take place in Florida — a jurisdiction that neither issued the Rule 2004 Order nor confirmed the Plan creating the Liquidation Trust at issue here. With the prospect of conflicting rulings from other jurisdictions with no interest and no institutional knowledge of these proceedings, this Court should proceed expeditiously to enforce its own order.

6. Quintairos has not only fought these Rule 2004 Orders across the country, but has also filed frivolous and defamatory motions before this Court, which are set to be heard on November 17, 2026, with the Trustee's oppositions due on November 3, 2026. Such pending motions underscore the extent to which Quintairos will go to avoid complying with this Court's Rule 2004 Order and should not prevent this Court from enforcing its previously-issued Order.

7. Absent an order shortening time, the Motion would not be heard on regular notice until after the examination scheduled for October 14, 2026, after one or more of the hearings proceed in the other jurisdictions on this Court's Rule 2004 Orders, and potentially after the earliest possible statute of limitations passes. A hearing on or before October 19, 2026, would permit the Court to resolve these objections, reset the examination deadline within the November 4, 2026

[3] During the parties' meet and confer negotiations, this was extended for one week.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

deadline requested in the Motion; and to compel production of the subpoenaed documents in time for their use at the examination. It would also leave the Trustee sufficient time after the examination to review the testimony and documents, and to seek further relief from this Court if necessary, before November 23, 2026.

I declare under penalty of perjury under the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 12th day of October, 2026.

*/s/ Talitha Gray Kozlowski*
Talitha Gray Kozlowski, Esq.

## II.
## LEGAL ARGUMENT

Section 105, Title 11 United States Code (the "Bankruptcy Code") allows this Court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and, in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Relevantly, Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the Gray Kozlowski Decl., good cause exists for this Court to hear the Motion on shortened time because the most conservative limitations date on the NuMale Liquidation Trust's claims is November 23, 2026, and the Rule 2004 examination and document production that the Motion seeks to enforce are scheduled to occur on October 14, 2026 and October 8, 2026[4], respectively. *See* ECF No. 972,

[4] During the parties' meet and confer negotiations, this was extended for one week.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

994.

Quintairos objects to each and every topic of the examination and each and every document request in the narrowed Nevada Subpoena. Absent an order shortening time, the Motion would not be heard until after the examination was scheduled to occur. Conducting a hearing on the Motion during the week of October 19, 2026, by contrast, allows the Court to resolve the examinee's objections and to reset within the October 31, 2026 deadline requested in the Motion, and to compel production of the subpoenaed documents in advance of the examination. It also preserves a necessary window between the conclusion of the examination and November 23, 2026, in which the Trustee can review the testimony and documents, and seek further relief from this Court if necessary, before the NuMale Liquidation Trust must determine whom to sue and on what claims.

The Trustee respectfully proffers that, based on the circumstances set forth in this Ex Parte Application, the Gray Kozlowski Declaration, and papers and pleadings on file in these Chapter 11 Cases—judicial notice of which is respectfully requested—cause exists to grant the shortening of time for a hearing on the Motion, so that a hearing on the Motion can take during the week of October 19, 2026, or as soon thereafter as the Court can accommodate.

## III.
## CONCLUSION

WHEREFORE, the Trustee respectfully requests this Court grant this Ex Parte Application and issue an Order Shortening Time to hear the Motion during the week of October 19, 2026, or as soon thereafter as the Court can accommodate.

DATED this 12th day of October 2026.

GARMAN TURNER GORDON LLP

By: /s/ *Talitha Gray Kozlowski*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Liquidation Trustee of the NuMale Liquidation Trust*