**E-filed: October 13, 2026**

Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Charles E. Gianelloni, Esq. (NV Bar No. 12747)
Bob L. Olson, Esq. (NV Bar No. 3783)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: afugazzi@swlaw.com
cgianelloni@swlaw.com
bolson@swlaw.com

*Attorneys for Quintairos, Prieto, Wood & Boyer P.A., Eric Boyer, and Eddie Prieto*

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

NUMALE CORPORATION,

☐ AFFECTS THIS DEBTOR
☐ AFFECTS FELICIANO NUMALE NEVADA PLLC
☐ AFFECTS NUMEDICAL SC
☐ AFFECTS NUMALE COLORADO SC
☐ AFFECTS NUMALE FLORIDA TB PLLC
☐ AFFECTS NUMALE NEBRASKA LLC
☐ AFFECTS NUMALE NEW MEXICO SC
☒ AFFECTS ALL DEBTORS

Debtors.

Case No. 25-10341-nmc

Chapter 11

Jointly Administered with:

| | |
|---|---|
| 25-10342-nmc | Feliciano NuMale Nevada PLLC |
| 25-10343-nmc | NuMedical SC |
| 25-10344-nmc | NuMale Colorado SC |
| 25-10345-nmc | NuMale Florida TB PLLC |
| 25-10346-nmc | NuMale Nebraska LLC |
| 25-10347-nmc | NuMale New Mexico SC |

**OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME TO HEAR AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE**

**Hearing Date:**
**Hearing Time:**

Quintairos, Prieto, Wood & Boyer P.A. ("QPWB") by and through its attorneys, Snell & Wilmer L.L.P., submits its opposition ("Opposition") to Michael Carmel's, the Liquidation Trustee of the NuMale Liquidation Trustee (the "Trustee") *Ex Parte Application for Order Shortening Time*

*to Hear Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at its Nevada Office* ("OST Motion") [ECF No. 1017]. This Opposition is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument the Court may entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Declaration of Bob Olson, Esq.**

1. On Tuesday September 29, 2026, Michael Carmel, Trustee of the NuMale Liquidating Trust ("Trustee"), filed an *Omnibus Motion to enforce and Compel Compliance with Rule 2004 Orders and Production of Subpoenaed Documents* [ECF No. 997] (the "Compliance Motion"). In the Compliance Motion, the Trustee sought to enforce subpoenas ("Subpoenas") served upon the following eight parties ("Subpoenaed Parties"):

a. Date of Service: September 18, 2026

i. Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") which is headquartered in Miami, Florida and required compliance in Miami ("Florida QPWB Subpoena"). [ECF No. 974]

ii. Eric W. Boyer ("Boyer") who resides in Florida and the subpoena requires compliance in Miami. [ECF No. 975].

b. Date of Service: September 22, 2026

i. Edward Prieto ("Prieto") who resides in Florida and the subpoena requires compliance in Miami. [ECF No. 987].

c. Date of Service: September 24, 2026

i. Erin Chavez ("Chavez") who resides in New Mexico and improperly requires deposition via Zoom. [ECF No. 991].

ii. Frank Alvarez ("Alvarez") who resides in Texas and improperly requires deposition via Zoom. [ECF No. 992].

iii. John Robertson ("Robertson") who resides in Texas and improperly requires deposition via Zoom. [ECF No. 988].

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

iv. Jack Oliver ("Oliver") who resides in Texas and improperly requires deposition via Zoom. [ECF No. 989].

v. Dominique Barrett ("Barrett") who resides in Arizona and improperly requires deposition via Zoom. [ECF No. 990].

d. Date of Service: September 28, 2026

i. A second subpoena on QPWB at its Henderson, Nevada satellite office requiring compliance in Las Vegas, Nevada [ECF No. 994] ("Rogue Nevada Subpoena") that was identical to the Florida QPWB Subpoena.

2. Prior to the Trustee's filing of the Compliance Motion, QPWB, Boyer, and Prieto ("Florida Parties") had sent a conferral letter to the Trustee on September 23, 2026. *See* September 23, 2026 Conferral Letter, **Exhibit 1**. That letter objected to the subpoenas [ECF Nos. 974, 975, and 987] ("Florida Subpoenas") that had been served on the Florida Parties at that time.

3. The letter requested a meet and confer conference and further explained that the Florida Parties would move to quash and for a protective order in the Bankruptcy Court for the S.D. Florida if the Trustee did not withdraw the Florida Subpoenas. *See* September 23, 2026 Conferral Letter, **Exhibit 1**.

4. A meet and confer conference was held on September 29, 2026 ("Florida Meet and Confer"), where counsel could not resolve the Parties' dispute. Counsel for the Trustee ("GTG") refused to narrow the subpoenas and counsel for the Florida Parties reiterated that Florida, not Nevada, was the proper jurisdiction to litigate the Florida Subpoenas because compliance was required in Florida. GTG disagreed Florida was proper without identifying any caselaw to the contrary calling it a "circumstances driven determination."

5. Immediately after the Florida meet and confer, Florida Parties moved to quash the Florida Subpoenas and for a protective order on September 29, 2026, at 3:14 pm ET/12:14 pm PT in the Bankruptcy Court for the S.D. of Florida ("Florida Motion"). *See* Florida Motion to Quash Subpoenas and For Protective Order, **Exhibit 2**. Per the S.D. Fla. Bankr. Court's local rules, compliance with the Florida Subpoenas was automatically stayed upon filing. *See* S.D. Fla. Bankr. Local Rule 2004-1(e).

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

6. A copy of the Florida Motion was sent to GTG at 5:34 pm ET/2:34 pm PT. *See* Email from A. Lee-Sin to GTG, **Exhibit 3**. GTG read that email less than five minutes later at 5:38 pm ET/ 2:38 pm PT. *See* Read receipt for email from A. Lee-Sin to GTG, **Exhibit 4**. The Trustee then filed his Compliance Motion almost four hours later at 6:24 pm PT. *See* [ECF No. 997]. When the Compliance Motion was filed, the parties had not conferred on the Barrett, Chavez, Alvarez, Robertson, Oliver, or Rogue Nevada Subpoenas.

7. Indeed, GTG did not inform Florida Parties' Counsel that it had served the Rogue Nevada Subpoena on September 28, 2026, or raise that subpoena during the Florida Meet and Confer.

8. The Florida QPWB Subpoena was never withdrawn and the Rogue Nevada Subpoena improperly requires compliance in Las Vegas, Nevada, even though: (a) QPWB is headquartered in Florida; (b) QPWB is organized under the laws of Florida; (c) QPWB's person most knowledgeable is not located in Nevada; (d) QPWB's Nevada satellite office has no connection to the Trustee's claims, and (e) the original place of compliance was designated to take place in Miami, Florida.

9. After the Trustee filed the Compliance Motion, counsel for the Subpoenaed Parties and GTG held multiple meet and confer conferences on October 1, 5, and 6 in an attempt to resolve the Subpoenas and Compliance Motion.

10. During those meet and confer conferences, GTG, for the first time, offered to narrow the Subpoenas. *See* October 7, 2026 Conferral Letter, **Exhibit 5**. However, the Trustee's concessions were still not workable for QPWB because they still required disclosure of its employee's confidential information. *See* October 9, 2026 Conferral Letter, **Exhibit 6**. QPWB has employees in 35 states and is subject to regulation in each of those states; it cannot disclose its W2 employee confidential information without each employee's consent. *See* October 9, 2026 Conferral Letter, **Exhibit 6**. Nor could QPWB accept the Trustee's request for a tolling agreement with the eighty to one hundred QPWB employees because QPWB would have to get the requisite consent from each of those employees.

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

11. QPWB offered to provide certain corporate structure and financial documents as well as an affidavit attesting that it only has two shareholders, does not distribute general firm profits to its partners, and a description of the limited distributions it has made for pass-through taxes.

12. On October 2, 2026, the Bankruptcy Court for the S.D. of Florida issued an order setting the Trustee's response deadline for the Florida Motion on October 13, 2026, and a hearing for October 21, 2026. *See* Florida Order Setting Hearing, **Exhibit 7**.

13. On October 13, 2026, the Trustee filed his Opposition to Quintairos, Prieto, Wood & Boyer, P.A., Eric Boyer, and Edward Prieto's: (1) Motion to Quash Subpoenas, and (II) for Protective Order. **See Exhibit 8**. This Opposition seeks to compel performance of the QPWB subpoena in the same manner requested in the Motion.

I declare under penalty of perjury under the laws of the State of Nevada and the United States of America that the above statements are true.

DATED: October 13, 2026.

*/s/ Bob L. Olson*
BOB OLSON, ESQ.

**B. Argument**

On October 12, 2026, the Trustee filed an *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at its Nevada Office* ("Amended Compliance Motion"). [ECF No. 1015]. The Amended Compliance Motion seeks only to enforce production of a subset of the documents originally designated in the Rogue Nevada Subpoena. The Rogue Nevada Subpoena, however, is identical to the previously served Florida QPWB Subpoena besides the identified place of compliance in Las Vegas, Nevada. *See* [ECF No. 1015].

The OST Motion requests the Court hear the Amended Compliance Motion during the week of October 19, 2026; a request QPWB believes is a tactical move by the Trustee to obtain a ruling before the hearing in the Southern District of Florida. QPWB objects to the Amended Compliance Motion being heard on an order shortening time for three primary reasons.

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

First, the Bankruptcy Court for the S.D. Florida has already set a hearing to determine the permissible scope of the Florida Subpoena which seeks the same information as the Rogue Nevada Subpoena. FRCP 45(d)(3)(A), which was in the attachment to the Subpoenas, requires proceedings to quash or enforce a subpoena to be held before the court where compliance is required. *See id.* ("on timely motion, *the court for the district where compliance is required* must quash or modify a subpoena" (emphasis added)). The Florida QPWB Subpoena required compliance in Miami, Florida, which is why QPWB filed the Florida Motion in the S.D. Florida two weeks ago. This was filed four hours before the Compliance Motion and two weeks before the Amended Compliance Motion. After filing, the Bankruptcy Court for the S.D. Florida set the briefing schedule and a hearing on October 21, 2026. The Florida Subpoena and Rogue Nevada Subpoena request the same information, meaning there is already a hearing set to resolve the issues the Trustee raises in his Motion. Thus, the Trustee's request to have the Amended Compliance Motion heard the week of October 19 is already occurring because of the Florida Court's Order.

Second, the Rogue Nevada Subpoena was designed to undermine the Florida QPWB Subpoena and anticipated Florida Motion. QPWB sent a conferral letter objecting to that subpoena, held the Florida Meet and Confer, and filed the Florida Motion after conferral was unsuccessful. GTG never raised the Rogue Nevada Subpoena at the Florida Meet and Confer and never withdrew the Florida Subpoena. The issuance and service of the Rogue Nevada Subpoena only occurred so the Trustee could forum shop its enforcement. Indeed, the OST Motion seeks to justify its requested relief, in part, by stating "[a]bsent an order shortening time, the Motion would not be heard on regular notice until … after one or more of the hearings proceed in the other jurisdictions on this Court's Rule 2004 Orders." *See* [ECF No. 1017, at 3]. The OST Motion is explicitly attempting to avoid adjudication in the proper districts of compliance mandated by FRCP 45(d)(3).[1]

Moreover, regardless of the facially identified place of compliance, this Court does not have either authority or jurisdiction to enforce the Rogue Nevada Subpoena because compliance will still take place in the S.D. Florida. *See York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 629 (D. Nev.

[1] FRCP 45(d)(3) provides: "On timely motion, *the court for the district where compliance is required* must quash or modify a subpoena" . . (emphasis added).

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

2024). (holding "it would eviscerate the entire purpose of these provisions in Rule 45 to interpret them as meaning that a subpoenaing party may force a subpoenaed nonparty to litigate a subpoena-related dispute in an inconvenient district by simply listing that location on the face of the subpoena" and "the intent could not be clearer that the location of the subpoenaed nonparty, as identified in Rule 45(c), is meant to control which district is the place of compliance for the purpose of filing a motion to quash under Rule 45(d).").[2] Here, the Trustee changed the location on the face of the subpoena after learning that QPWB would be seeking an order quashing the subpoena in the Southern District of Florida.

Third, the Trustee's other justifications do not warrant an order shortening time. The OST Motion contends, "[a]bsent an order shortening time, the Motion would not be heard on regular notice until after the examination scheduled for October 14, 2026, after one or more of the hearings proceed in the other jurisdictions on this Court's Rule 2004 Orders, and potentially after the earliest possible statute of limitations passes." *See* [ECF No. 1017, at 3]. The scheduled October 14 examination is irrelevant because the Trustee does not request a hearing until the week of October 19. Under that requested relief, it is impossible for the Court to resolve the Parties' dispute before the scheduled examination date. Additionally, as stated above, Rule 45 mandates that subpoena disputes be resolved in the district of compliance. An improper attempt to have an issuing court resolve a subpoena attempt does not justify an order shortening time. Lastly, the Trustee references a "statute of limitations," but cites to none in any court filing. There is no basis for the Court to determine what claims the alleged statute of limitations applies to or when it will run. Regardless, if the Trustee was Truly concerned about a statute of limitations, he should not have waited over a

[2] *See also In re Kirkland*, 75 F.4th 1030, 1051–52 (9th Cir. 2023) ("the rule governing the court's subpoena power has not changed and does not except remote appearances from the geographical limitations on the power to compel a witness to appear and testify at trial."); *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1065 (N.D. Cal. 2023) ("Applicants' proposed subpoena, as written, purports to require Discord, headquartered in San Francisco, to produce documents in Los Angeles, California. … [This] violates the 100-mile restriction on subpoenas duces tecum, because San Francisco is more than 100 miles from Los Angeles, California."); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("the Court finds that district is the Northern District of California because it is within 100 miles of where (1) Google is headquartered; (2) Google's custodians of records reside, are employed, and regularly transact business in person; and (3) Google's custodians produced records in response to the Subpoena. … Plaintiffs argue that the Central District of California is the proper district to hear this motion because Google has an office in Venice, California. However, despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered.").

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

year since confirmation when the litigation trust was established to seek Rule 2004 on "the Liquidation Trust's principal asset." *See* [ECF No. 1015, at 2].

**C. <u>Conclusion</u>**

To summarize, the Amended Compliance Motion is nothing more than an effort by the Trustee to forum shop after learning that QPWB filed a motion to quash in Florida even though the QPWB subpoena required compliance in Florida. QPWB's motion to quash that was filed in Florida is set for a hearing on October 21, 2026. The Rogue Nevada Subpoena's facial identification of Nevada as the place of compliance does not change QPWB's location for purposes of Rule 45(c). Its sole purpose was an attempt to invoke the jurisdiction of this court at the last minute without regard to the 100-mile rule in FRCP 45(c)(1)(A). Such forum-shopping efforts should not be tolerated.

The subpoenaed parties will be filing a comprehensive opposition to the Amended Compliance Motion that will include admissible evidence of the foregoing facts as well as an analysis of why it should be denied on the merits. For the foregoing reasons, QPWB objects to the Amended Compliance Motion being heard on an order shortening time.

Dated: October 13, 2026

SNELL & WILMER L.L.P.

<u>*/s/ Bob L. Olson*</u>
Alex L. Fugazzi (NV Bar No. 9022)
Charles E. Gianelloni (NV Bar No. 12747)
Bob L. Olson (NV Bar No. 3783)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135

*Attorneys for Quintairos, Prieto, Wood & Boyer P.A., Eric Boyer, and Eddie Prieto*