# EXHIBIT A

EXHIBIT A

**E-filed: October 14, 2026**

Bob L. Olson, Esq. (NV Bar No. 3783)
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Charles E. Gianelloni, Esq. (NV Bar No. 12747)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com
afugazzi@swlaw.com
cgianelloni@swlaw.com

*Attorneys for Quintairos, Prieto, Wood & Boyer P.A., Eric Boyer, and Eddie Prieto*

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

NUMALE CORPORATION,

☐ AFFECTS THIS DEBTOR
☐ AFFECTS FELICIANO NUMALE NEVADA PLLC
☐ AFFECTS NUMEDICAL SC
☐ AFFECTS NUMALE COLORADO SC
☐ AFFECTS NUMALE FLORIDA TB PLLC
☐ AFFECTS NUMALE NEBRASKA LLC
☐ AFFECTS NUMALE NEW MEXICO SC
☒ AFFECTS ALL DEBTORS

Debtors.

Case No. 25-10341-nmc

Chapter 11

Jointly Administered with:

| | |
|---|---|
| 25-10342-nmc | Feliciano NuMale Nevada PLLC |
| 25-10343-nmc | NuMedical SC |
| 25-10344-nmc | NuMale Colorado SC |
| 25-10345-nmc | NuMale Florida TB PLLC |
| 25-10346-nmc | NuMale Nebraska LLC |
| 25-10347-nmc | NuMale New Mexico SC |

**DECLARATION OF ERIC BOYER IN SUPPORT OF QUINTAIROS, PRIETO, WOOD & BOYER P.A.'S OPPOSITION TO AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE [ECF NO. 1015]
AND
COUNTERMOTION QUASH SUBPOENA [ECF NO. 994] AND FOR PROTECTIVE ORDER**

I, Eric Boyer, make this Declaration in support of Quintairos, Prieto, Wood & Boyer P.A.'s ("QPWB") Opposition to Michael Carmel's (the "Trustee") *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer*

*P.A. at its Nevada Office* [ECF No. 1015] and Countermotion to Quash Subpoena [ECF No. 994] and for Protective Order (the "Motion") and state as follows:

1. I have personal knowledge of all matters set forth herein, except for those matters stated to be based upon information and belief. If called to do so, I would competently and truthfully testify to all matters set forth herein, except for those matters stated to be based upon information and belief.

2. I am the managing partner of QPWB which is a professional associate organized under the laws of Florida.

3. QPWB has offices in 35 states with its main office and headquarters located in Miami, Florida.

4. Myself and Edward Prieto are the only two shareholders and directors of QPWB.

5. QPWB's "Partners" are partners in name only and do not own any shares in QPWB. They do not have any right to manage, direct, or control over QPWB's corporate decisions and are W2 employees. The only people who may exercise such authority are myself and Edward Prieto.

6. Neither do QPWB's partners have any rights to share in or receive any of QPWB's general profits or revenues.

7. QPWB has agreements with approximately 80–100 of its partners which entitle those partners to a percentage of the business they generate for the firm referred to as "rainmakers" or "heads of business." This is a set percentage that is negotiated at arms-length between QPWB and the relevant partner at the commencement of their employment. It does not entitle the partner to any general firm profits and is strictly tied to the business that they originate and generate for the firm.

8. None of these 80 to 100 attorneys hold any equity in QPWB, serve as an officer or director, or have authority to direct QPWB's management, compensation decisions, or distributions. They are W-2 employees compensated for the legal services they provide.

9. On September 18, 2026, through my legal assistant, I was served with multiple documents individually and behalf of QPWB. Those documents include:

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

(a) Subpoena For the Production of Documents and Examination of Eric Boyer ("Boyer Subpoena") [ECF No. 975];

(b) Ex Parte Application for Examination of Eric Boyer Pursuant to Bankruptcy Rule 2004 [ECF No. 970];

(c) Order Granting Ex Parte Application for Examination of Eric Boyer Pursuant to Bankruptcy Rule 2004 [ECF No. 973];

(d) Subpoena For the Production of Documents and Examination of the Person Most Knowledgeable for Quintairos, Prieto, Wood & Boyer, P.A. ("Florida QPWB Subpoena") [ECF No. 974];

(e) Ex Parte Application for Examination of the Person Most Knowledgeable for Quintairos, Prieto, Wood & Boyer, P.A. Pursuant to Bankruptcy Rule 2004 [ECF No. 971]; and

(f) Order Granting Ex Parte Application for Examination of the Person Most Knowledgeable for Quintairos, Prieto, Wood & Boyer, P.A. Pursuant To Bankruptcy Rule 2004 [ECF No. 972].

10. Both the Boyer Subpoena and the Florida QPWB Subpoena identified Berger Singerman 1450 Brickell Avenue, Suite 1900 Miami, Florida 33131 as the place of compliance.

11. Additionally, on September 28, 2026, QPWB's Henderson, Nevada satellite office was served with a second subpoena ("Rogue Nevada Subpoena") that listed the same document demands and examination topics as the Florida QPWB Subpoena [ECF No. 994]. However, it identifies Garman Turner Gordon LLP 7251 Amigo Street, Suite 210 Las Vegas, NV 89119 as the place of compliance.

12. QPWB's Henderson, Nevada satellite office is a small office with only five attorneys. The earliest an employee at this office began working was May 19, 2025, and none are the 80–100 partners that are rainmakers or heads of business.

13. Any potential designees that could testify to the topics in the Florida QPWB Subpoena or Rogue Nevada Subpoena are located in Florida. Similarly, QPWB's custodian of

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

records that could collect and provide responsive documents is located in Florida. The Rogue Nevada Subpoena would require the person most knowledgeable to travel to Las Vegas to testify.

14. I understand that the Boyer Subpoena, Florida QPWB Subpoena, and Rogue Nevada Subpoena relate to claims that the Trustee intends to pursue against QPWB, Edward Prieto, myself, and some of QPWB's attorneys relating to QPWB's representation of NuMale and some of its officers during pre-petition litigation in New Mexico ("*Sanchez* Lawsuit").

15. These claims are more fully detailed in a Demand Letter that the Trustee sent to QPWB on May 18, 2026 ("Demand Letter"), as well as "Fraudulent Transfer Notices" sent to myself and Edward Prieto on June 30, 2026; August 4, 2026; and September 10, 2026.

16. Prior to receipt of the Demand Letter, QPWB provided the Trustee thousands of pages of documents related to the *Sanchez* Lawsuit that included otherwise privileged NuMale communications because the Trustee is asserting malpractice claims against QPWB

17. Myself, Edward Prieto, Frank Alvarez, and Jack Oliver did not participate in the trial or in any pretrial discovery for the *Sanchez* Lawsuit. Additionally, Erin Chavez was only an associate acting under the direction of Dominique Barrett and Andrew Robertson.

18. Additionally, QPWB's Henderson, Nevada satellite office had no involvement with the *Sanchez* Lawsuit. Neither of the two partners in QPWB's office were employees at the time the 2024 *Sanchez* Verdict occurred, and they did not work on the *Sanchez* matter.

19. After receiving the Demand Letter, QPWB cooperated extensively with the Trustee. QPWB participated in multiple telephone conferences and substantive meetings with the Trustee's counsel. One of our attorneys, Mike Connery, traveled from Philadelphia to Newport Beach, California, for the parties' first extensive settlement meeting where it received the first settlement offer. QPWB did not accept the offer, and the parties kept negotiating.

20. To facilitate the continued discussions, QPWB provided the Trustee access on a confidential basis to hundreds of pages of company structure and financial documents, under a Non-Disclosure and Confidentiality Agreement ("NDA").

21. While doing so, QPWB explained what those documents showed about the Trustee's asserted claims. On August 14, 2026, QPWB participated in a lengthy interview during

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

which QPWB provided a comprehensive explanation of its relevant financial processes and protocols and answered every question posed by the Trustee's counsel.

22. On August 28, 2026, the Trustee sent a revised settlement term sheet which warned that rejecting the proposal would result in the filing of a complaint on September 11, 2026.

23. Rejection of that offer led to the Trustee issuing the various subpoenas at issue

24. On September 23, 2026, QPWB's counsel Luis Salazar sent GTG a formal objection to the Florida QPWB Subpoena and advised the Trustee's counsel, Garman Turner Gordon LLP ("GTG"), that if the objections were not resolved, the Florida Parties would be filing a motion to quash in Florida.

25. On September 29, 2026, Mr. Salazar filed a motion seeking to quash the Florida Subpoenas with the United States Bankruptcy Court for the District of Florida.

26. I am informed and believe that counsel for trustee did not inform QPWB's counsel of the Rogue Nevada Subpoena at the parties September 29, 2026, meet and confer, the subject of which was the Florida QPWB Subpoena.

27. I am informed and believe that GTG served this second Rogue Nevada Subpoena upon QPWB to create the appearance that the place of compliance was changed from Florida to Nevada solely to interfere with the motion to quash QPWB filed in the Southern District of Florida as required Fed. R. Civ. P. 45(d)(3).

28. After the Trustee filed his initial Motion to Enforce Compliance [ECF No. 997], I understand that QPWB's attorneys held meet and confer conferences with the Trustee's counsel on October 1, 5, and 6 2026.

29. As a result of those meet and confers, the Trustee the Trustee proposed replacing eleven of QPWB's document requests with two requests directed to the 80 to 100 attorneys QPWB describes as "rainmakers" or heads of "business units."

30. This was the first concession made by the Trustee on any of the Subpoenas and posed significant hurdles for QPWB.

31. First, QPWB, has offices in 35 states, and must comply with each jurisdiction's laws protecting employee personnel and compensation information. Disclosing these employees'

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

compensation could run afoul of one or more of those laws. Each employee would also have a right to object to such a disclosure in the relevant proceeding.

32. Second, a tolling agreement was not feasible. QPWB cannot consent on behalf of approximately 100 employees to toll claims against them personally, and asking each of them to toll claims the Trustee has not filed risks prompting those attorneys to seek employment elsewhere, which could result in substantial attrition and the closure of offices.

33. Moreover, compliance with the Subpoenas, the original and narrowed, would impose substantial cost and burden on a professional services firm and individuals who are not parties to this bankruptcy. It would also force QPWB to disclose confidential commercial information concerning its internal operations, compensation structures, ownership, capitalization, financial condition, and governance.

34. Nevertheless, QPWB offered to produce certain corporate formation documents, certain financial documents, and a sworn statement attesting that it has only two shareholders, does not distribute general firm profits to its partners, and has made only limited distributions for pass-through taxes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 14 day of October 2026.

[signature]

Eric Boyer

Snell & Wilmer L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200