# EXHIBIT 1

EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

Hearing Date: October 16, 2026
Hearing Time: 9:30 a.m.

**ORDER GRANTING AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE AND DENYING COUNTERMOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

The Court considered the *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at Its Nevada Office* [ECF No. 1015] (the "Motion")[1] and its supporting declaration and reply filed by Michael Carmel, the Trustee of the NuMale Liquidation Trust, and Quintairos, Prieto, Wood & Boyer, P.A.'s ("QPWB") opposition to the Motion, supporting declaration, and countermotion to quash the Nevada Subpoena and for protective order [ECF No. 1028] (the "Countermotion"). The Court has considered the modifications to the Nevada Subpoena offered by the Trustee (the "Modified Nevada Subpoena"). The Court, having held a hearing on the Motion on October 16, 2026, at which appearances were noted on the record; the Court having determined that notice of the Motion and the hearing was proper and sufficient under the circumstances; and good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES** as follows:

A. The Confirmation Order was entered on October 7, 2025. ECF Nos. 726, 727. The Plan preserves for the NuMale Liquidation Trust (the "Trust") "[a]ll of the Debtors and the Estates' Causes of Action against Quintairos, Prieto, Wood & Boyer, P.A. and its attorneys, employees, Insiders, and Affiliates." Plan § 1.1.114; *see id.* Sched. 1.1.82. The Plan further provides that the Trust "shall also be vested with the Estates' rights, as such rights existed prior to the Effective Date, to conduct discovery and oral examinations of any party under Bankruptcy Rule 2004." *Id.* § 5.8. The Trustee is "deemed a representative of the Debtors and the Estates with respect to all applicable Litigation Claims" and holds "exclusive standing and authority" to prosecute them. *Id.* § 5.10; *see also* Confirmation Order ECF No. 726 ¶ 85; 11 U.S.C. § 1123(b)(3)(B).

[1] All undefined, capitalized terms shall have the meanings ascribed to them in the Motion.



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

B. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. A Rule 2004 motion arises in a case under title 11, including after confirmation. *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 622-23 (Bankr. D. Del. 2016). This Court further retained jurisdiction under the Plan, *see* Plan § 9 and ECF No. 726 at ¶ 101, and may interpret and enforce its own orders, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). QPWB does not dispute that this Court may enforce its own Rule 2004 Order. ECF No. 1028 at p. 21.

C. On September 15, 2026, the Court entered its order authorizing the Rule 2004 examination of QPWB [ECF No. 972] (the "Rule 2004 Order") regarding, among other things, "the acts, assets, conduct, property, liabilities, financial condition, and business dealings of the Debtors, including without limitation the litigation claims expressly preserved for the NuMale Liquidation Trust," and directing the Trustee to issue a separate subpoena for documents under Fed. R. Bankr. P. 9016. On September 28, 2026, the Trustee issued the Nevada Subpoena [ECF No. 994] and served it on QPWB at its office located at 2370 Corporate Circle, Suite 160, Henderson, Nevada 89074 (the "Henderson Office"), and subsequently, on its Nevada resident agent. ECF No. 1016 ¶ 12; *see* ECF No. 996; Fed. R. Civ. P. 45(b)(1). On October 8, 2026, QPWB served written objections, and has not produced any documents or agreed to appear for an examination. ECF No. 1016 ¶¶ 19-20.

D. QPWB maintains the Henderson Office as an operating office of the firm, holds it out to the public as one of its offices, and identifies attorneys who work there, and it does not dispute that it maintains that office, ECF No. 1028 at p. 26. Civil Rule 45(c) permits a subpoena to command attendance and production within 100 miles of where the subpoenaed person "resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), (c)(2)(A); it does not limit the place of compliance for an entity to the location of its headquarters. Las Vegas, Nevada, the place of compliance designated in the Nevada Subpoena, is within 100 miles of the Henderson Office, ECF No. 1016 ¶ 13, and the Nevada Subpoena permits document production in electronic form, ECF No. 994. The Nevada Subpoena therefore commands compliance at a place



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

permitted by Rule 45(c).

E. This Court is the court for the district where compliance with the Nevada Subpoena is required and may compel production. Fed. R. Civ. P. 45(d)(2)(B)(i). The Court expressly declines QPWB's request to defer ruling pending the hearing on the Florida Motion.

F. Rule 2004 permits the examination of any entity relating to, among other things, "the debtor's acts, conduct, or property[.]" Fed. R. Bankr. P. 2004(a) & (b)(1)(A). The Debtors' causes of action against QPWB and its attorneys are property of the Debtors' estates that the Plan preserved and transferred to the Trust. Plan §§ 1.1.114, 5.8. The Modified Nevada Subpoena seeks information concerning those causes of action and relevant information concerning certain QPWB attorneys. It therefore falls within Rule 2004(b)(1)(A) and the Rule 2004 Order. Rule 2004 examinations remain available after confirmation to investigate causes of action preserved under a confirmed plan. *See Millennium*, 562 B.R. at 622-23, 627-29; *see also Rhodes v. Litig. Tr. of the Rhodes Cos. (In re Rhodes Cos.)*, 475 B.R. 733 (D. Nev. 2012).

G. The Court found good cause in entering the Rule 2004 Order, and good cause continues to exist with respect to the Modified Nevada Subpoena.

H. The Court further finds QPWB has not shown specific prejudice or harm warranting a protective order, or that compliance would impose undue burden or significant expense, *see* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (d)(3)(A)(iv). QPWB's confidentiality and privilege concerns are addressed by paragraphs 3 and 4 *infra*. *See also* Fed. R. Civ. P. 45(e)(2)(A).

I. No adversary proceeding or contested matter concerning the subject matter of the Modified Nevada Subpoena is pending between the Trust and QPWB, and the pending-proceeding rule does not bar the discovery sought.

J. Nothing herein shall constitute a determination by this Court as to the merits of any potential claim being investigated by the Trustee or the pending Rule 60(b) Motion filed by QPWB [ECF No. 1007].

K. Any finding of fact that constitutes a conclusion of law is adopted as such, and any conclusion of law that constitutes a finding of fact is adopted as such.



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**IT IS HEREBY ORDERED** that the Motion is GRANTED as set forth herein:

1. QPWB shall produce all documents responsive to the Modified Nevada Subpoena on or before October 30, 2026, at 5:00 p.m. (Pacific Time).

2. QPWB shall produce its person most knowledgeable for examination on the matters identified in the Modified Nevada Subpoena at the offices of Garman Turner Gordon LLP, 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, on a date and at a time agreed upon in writing by the Trustee and QPWB that is on or before November 4, 2026, or, absent such agreement, on November 4, 2026, at 9:00 a.m. (Pacific Time).

3. To the extent QPWB withholds any document responsive to the Modified Nevada Subpoena on the basis of the attorney-client privilege or the work-product doctrine, QPWB shall serve on counsel for the Trustee a privilege log that complies with Fed. R. Civ. P. 45(e)(2)(A), made applicable by Fed. R. Bankr. P. 9016, on or before October 30, 2026, at 5:00 p.m. (Pacific Time).

4. QPWB and the Trustee shall meet and confer in furtherance of a protective order for this production. To the extent the parties cannot agree on a form of protective order, QPWB may designate any document it deems confidential as "confidential," which designation shall require any public use of the document to be filed under seal unless an order of this Court de-designates the document as confidential. No dispute concerning the terms of a protective order or confidentiality designation shall delay production as required by this Order.

**IT IS FURTHER ORDERED** that the Countermotion is denied.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to interpret and enforce this Order.

**IT IS SO ORDERED.**



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

PREPARED AND SUBMITTED BY:

GARMAN TURNER GORDON LLP

By: ______________________________
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###



Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000