Bob L. Olson, Esq. (NV Bar No. 3783)
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Charles E. Gianelloni, Esq. (NV Bar No. 12747)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: bolson@swlaw.com
afugazzi@swlaw.com
cgianelloni@swlaw.com

*Attorneys for Quintairos, Prieto, Wood & Boyer P.A., Eric Boyer, and Eddie Prieto*

**E-filed: October 23, 2026**

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:

NUMALE CORPORATION,

☐ AFFECTS THIS DEBTOR
☐ AFFECTS FELICIANO NUMALE NEVADA PLLC
☐ AFFECTS NUMEDICAL SC
☐ AFFECTS NUMALE COLORADO SC
☐ AFFECTS NUMALE FLORIDA TB PLLC
☐ AFFECTS NUMALE NEBRASKA LLC
☐ AFFECTS NUMALE NEW MEXICO SC
☒ AFFECTS ALL DEBTORS

Debtors.

QUINTAIROS, PRIETO, WOOD & BOYER P.A.,

Appellants,

v.

MICHAEL CARMEL, the Liquidation Trustee for the NuMale Liquidation Trust,

Appellee.

Case No. 25-10341-nmc

Chapter 11

Jointly Administered with:

| | |
|---|---|
| 25-10342-nmc | Feliciano NuMale Nevada PLLC |
| 25-10343-nmc | NuMedical SC |
| 25-10344-nmc | NuMale Colorado SC |
| 25-10345-nmc | NuMale Florida TB PLLC |
| 25-10346-nmc | NuMale Nebraska LLC |
| 25-10347-nmc | NuMale New Mexico SC |

**QUINTAIROS, PRIETO, WOOD & BOYER P.A.'S AMENDED EMERGENCY MOTION FOR LEAVE TO FILE APPEAL**

**Hearing Date: N/A**
**Hearing Time: N/A**

Quintairos, Prieto, Wood & Boyer P.A. ("QPWB") by and through its attorneys, Snell & Wilmer L.L.P., hereby files this motion for leave to file an appeal ("Motion") as to the Bankruptcy Court's *Order Granting Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. and Denying Countermotion*

*to Quash Subpoena and for Protective Order* [ECF No. 1046] ("Order"). A copy of the Order is attached hereto as **Exhibit 1**. This Motion is filed with the clerk of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 8004(a) and is directed to the United States District Court for the District of Nevada, to which QPWB has elected to have its appeal heard.

This Motion is supported by the following points and authorities; the Declaration of Eric Boyer (the "Boyer Decl.") previously filed in support of *Quintairos, Prieto, Wood & Boyer P.A.'s Opposition to Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer P.A. at Its Nevada Office [ECF No. 1015] and Countermotion to Quash Subpoena [ECF No. 994] and for Protective Order* [ECF No. 1028 at Ex. A] (the "Opposition and Countermotion"), the Opposition and Countermotion, the other papers and pleadings on file in these jointly administered bankruptcy cases, and any argument the Court may entertain.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Order compels a non-party law firm headquartered in Miami to produce, by October 30, 2026, personal information, compensation agreements, and compensation records for up to one hundred of its attorneys and to produce its most knowledgeable person for Fed. R. Bankr. P. 2004 examination in Las Vegas, Nevada by November 4, 2026. QPWB is not a creditor, has not previously participated in these bankruptcy proceedings, and is not a party to any adversary proceeding. The Order is ripe for review now. There will be no judgment or determination by which QPWB may seek appellate relief at any point in the future. Without a meaningful review by the appellate court, QPWB will be left with two draconian choices – face contempt sanctions or disclose highly sensitive information. The cost of compliance for QPWB is substantial. QPWB fears that production of some of its attorneys' names and compensation information may result in many of those employees leaving the firm and possibly multiple office closures. If QPWB were to comply with the Order, confidential employee compensation data from employees residing in up to 35 states will be in the hands of the firm's future litigation adversary, and the forum and scope protections of Rule 45 and Rule 2004 will have been permanently lost. If QPWB tries to avoid

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

these dramatic consequences by not complying, it risks being held in contempt. The Ninth Circuit has clearly held that third parties "could not be expected" to seek review through contempt proceedings. *In re Kirkland*, 75 F.4th 1030, 1048 (9th Cir. 2023) (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 913-14 (9th Cir. 1999)).

The Order also adopts a position on the law on which courts are divided. The bankruptcy court held that Rule 45(c) "does not limit the place of compliance for an entity to the location of its headquarters," and that the liquidation trustee (the "Trustee") could therefore compel compliance in Nevada by serving a small satellite office. That holding adopts the approach of a single out-of-circuit district court, *Conservation Law Foundation, Inc. v. Equilon Enterprises LLC*, 2025 WL 2821238 (D.R.I. Oct. 3, 2025), and departs from *York Holding, Ltd. v. Waid*, 345 F.R.D. 626 (D. Nev. 2024), and a line of district court authority within the Ninth and Second Circuits holding that an entity complies where it is headquartered and where its custodians and designees are located. The Order further holds that a liquidation trustee who has issued a formal demand letter "organized as [the] complaint will be," and who has declared himself "prepared to file suit immediately," may nonetheless proceed under Rule 2004 because he elected not to file. These legal questions warrant immediate review.

## II. QUESTIONS PRESENTED AND RELIEF SOUGHT

QPWB's appeal would present the following questions and would ask the District Court to reverse or vacate the Order and to remand with instructions to deny the Amended Motion and grant the Countermotion or, alternatively, to defer to the Florida Bankruptcy Court on the Florida Motion.

**Question 1**: Whether, under Fed. R. Civ. P. 45(c) and (d), made applicable by Fed. R. Bankr. P. 9016 and 2004(c), the "place of compliance" and the "court for the district where compliance is required" for a subpoena directed to a non-party entity is determined by the entity's headquarters and the location of its custodians and designees, or instead by any location where the non-party has an office.

**Question 2**: Whether the issuing bankruptcy court may compel compliance with, and deny a motion to quash, a duplicate Rule 2004 subpoena re-served on a satellite office while a motion to quash the identical, earlier-served subpoena is pending in the district where the non-party is

headquartered.

**Question 3**: Whether Rule 2004 may be used post-confirmation to obtain discovery from a non-party that the Trustee has identified as a litigation target, against whom he has served a formal pre-suit demand stating he is prepared to file suit immediately, where no adversary proceeding is pending only because the trustee elected not to file.

## III. JURISDICTION AND TIMELINESS

The Bankruptcy Court entered the Order on October 19, 2026 [ECF No. 1046]. QPWB filed its Notice of Appeal and this Motion on October 22, 2026, within fourteen days of entry of the Order. *See* Fed. R. Bankr. P. 8002(a)(1). The District Court has jurisdiction under 28 U.S.C. § 158(a)(1) because the Order is final as to QPWB, as set forth below. Alternatively, the District Court may hear the appeal upon a grant of leave under 28 U.S.C. § 158(a)(3), and QPWB files this Motion under Fed. R. Bankr. P. 8004 to the extent leave is required.

## IV. RELEVANT FACTS

1. QPWB is organized under Florida law and maintains its principal place of business in Miami. Boyer Decl. ¶¶ 2-3. Its custodian of records, its records, and every person it could designate to testify on the noticed topics are located in Florida. *Id.* ¶ 13. QPWB has more than six hundred and sixty (660) attorneys; its satellite Nevada office has five (5), none of whom had any role in the *Sanchez* Lawsuit, QPWB's compensation decisions, or the documents and testimony sought via the Nevada Subpoena. *Id.* ¶¶ 12-13, 18; ECF No. 1036 (Oct. 16, 2026 Hr'g Tr.) at 31:21-32:5.

2. On October 7, 2025, the Bankruptcy Court entered the plan confirmation order [ECF Nos. 726, 727]. QPWB was never a creditor, never filed a claim, never voted, and never appeared in these jointly administered bankruptcy cases. [*See* ECF No. 1015 at 10] (quoting ECF No. 1007).

3. Nearly a year after plan confirmation, on September 15, 2026, on the Trustee's *ex parte* application, the Bankruptcy Court entered an order pursuant to Fed. R. Bankr. P. 2004 directed to QPWB [ECF No. 972] (the "Rule 2004 Order"). The Rule 2004 Order authorized the examination of QPWB regarding "the acts, assets, conduct, property, liabilities, financial condition, and business dealings of the Debtors, including without limitation the litigation claims expressly

Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

preserved for the NuMale Liquidation Trust" under the confirmed plan, and directed the Trustee to issue a separate subpoena for documents under Fed. R. Bankr. P. 9016. The Rule 2004 Order relates to the Trustee's alleged legal malpractice claims arising from QPWB's pre-petition representation of some of the Debtors (as well as non-debtors) in a prior New Mexico lawsuit (the "*Sanchez* Lawsuit").

4. On September 18, 2026, the Trustee served a subpoena on QPWB at its Miami, Florida headquarters commanding compliance in Miami, Florida (the "Florida Subpoena") [ECF Nos. 974, 1028 at 1]. On September 23, 2026, QPWB objected and advised that it would move to quash the Florida Subpoena in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court") [ECF No. 1028 at 9].

5. On September 28, 2026, the Trustee issued a second subpoena with the same examination topics and document requests, served on a law clerk at QPWB's Henderson, Nevada office and commanding compliance in Las Vegas, Nevada (the "Nevada Subpoena") [ECF Nos. 994, 996, 1028 at 10]. The Trustee did not withdraw the Florida Subpoena [ECF No. 1028 at 10].

6. On September 29, 2026, QPWB moved to quash the Florida Subpoena and for a protective order in the Florida Bankruptcy Court (the "Florida Motion") [ECF No. 1028 at 9]. The Florida Bankruptcy Court set the Florida Motion for hearing on October 21, 2026. *Id.* at 12.

7. On October 7, 2026, the Trustee proposed replacing eleven (11) document requests with two (2) requests directed to the approximately eighty (80) to one hundred (100) attorneys the Trustee described as "rainmakers" or heads of "business units": (i) the agreements governing their compensation, and (ii) documents sufficient to identify their aggregate compensation for 2024, 2025, and year-to-date 2026 (the "Modified Nevada Subpoena") [ECF No. 1015 at 9-10]. Those attorneys hold no equity in QPWB, are not officers or directors, and have no authority over its management, compensation decisions, or distributions; they are W-2 employees. Boyer Decl. ¶¶ 4, 7-8. QPWB has offices in thirty-five (35) states and one (1) territory, each with its own laws protecting employee personnel and compensation information. *Id.* ¶¶ 30-33.

8. On October 12, 2026, thirteen days after QPWB filed the Florida Motion, the Trustee filed his *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the*

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

*Subpoena Issued to Quintairos, Prieto, Wood & Boyer P.A. at Its Nevada Office* [ECF No. 1015] (the "Amended Motion"). On October 14, 2026, QPWB filed its Opposition and Countermotion [ECF No. 1028]. The Trustee replied on October 15, 2026 [ECF No. 1030].

9. On October 16, 2026, the Bankruptcy Court heard the Amended Motion and took the matter under submission. [ECF No. 1036 (Oct. 16, 2026 Hr'g Tr.) at 45:3-5, 48:1-4].

10. On October 19, 2026, the Bankruptcy Court entered the Order, adopting the Trustee's proposed order [ECF No. 1031-1] [ECF No. 1046 at 5]. Among other things, the Order: (i) found that Fed. R. Civ. P. 45(c) "does not limit the place of compliance for an entity to the location of its headquarters," and that Las Vegas, Nevada is a permissible place of compliance, *id.* at ¶ D; (ii) found that the Bankruptcy Court is the court for the district where compliance is required and "expressly decline[d] QPWB's request to defer ruling pending the hearing on the Florida Motion," *id.* at ¶ E; (iii) found that the Modified Nevada Subpoena falls within Fed. R. Bankr. P. 2004(b)(1)(A) and the Rule 2004 Order, *id.* at ¶ F; (iv) found that QPWB had not shown specific prejudice warranting a protective order, *id.* at ¶ H; and (v) found the pending-proceeding rule inapplicable, *id.* at ¶ I. The Order also summarily denied QPWB's Countermotion. *Id.* at 5.

11. The Order requires QPWB to: (i) produce all documents responsive to the Modified Nevada Subpoena by October 30, 2026, at 5:00 p.m. (Pacific); (ii) serve any privilege log by the same deadline; and (iii) produce its most knowledgeable person for examination in Las Vegas, Nevada on or before November 4, 2026, at 9:00 a.m. (Pacific) [ECF No. 1046 at ¶¶ 1-3].

12. On October 21, 2026, counsel for QPWB attended the hearing on the Florida Motion and advised the Florida Bankruptcy Court that this Court had entered the Order and that, consequently, the Trustee had withdrawn the Florida subpoenas.

13. QPWB filed its Notice of Appeal and Statement of Election [ECF No. 1050] and its Amended Notice of Appeal and Statement of Election [ECF No. 1052] on October 22, 2026.

## V. ARGUMENT

### A. The Order Is Appealable as of Right Because It Finally Resolves a Discrete Dispute

In bankruptcy cases, an order is final if it conclusively resolves a discrete dispute within the larger case. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020). Final orders

conclude a "proceeding" by "alter[ing] the status quo and fix[ing] the rights and obligations of the parties." *Id*. at 42.

The "proceeding" here is QPWB's challenge to the Modified Nevada Subpoena, a contested matter between the Trustee and a non-party related to Rule 2004 discovery. That proceeding will not lead to any judgment or further bankruptcy determinations. The Order decides every issue: it grants the Amended Motion, denies the Opposition and Countermotion, fixes compliance dates, and retains jurisdiction only to enforce. Nothing further remains for the bankruptcy court to adjudicate as between the Trust and QPWB. Unlike typical discovery orders, which are generally part of a larger proceeding, the Order was a stand-alone matter that is purportedly being used by the Trustee to determine whether he is going to commence an adversary proceeding, not for any other purpose in the bankruptcy. Accordingly, the Order resolves a final issue and is appealable as a matter of right.

**B. The Collateral Order Doctrine Applies**

The collateral order doctrine permits immediate appeal from orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Mont. Dep't of Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837, 842-43 (9th Cir. 2024). The doctrine applies when the order being appealed "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *Id*. (internal citation omitted). If the collateral order doctrine applies, the order in question is treated as final. *See e.g.*, *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 946 (9th Cir. 2002). Each requirement of the collateral order doctrine is met here.

First, the Order conclusively determines contested issues. It rejects QPWB's place-of-compliance, forum, scope, and protective-order arguments, and sets fixed dates and locations for production and examination. Unlike discovery orders entered within ongoing litigation, a Rule 2004 order against a non-party is not a step toward any judgment in which that non-party will

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

participate. For QPWB, the Order is the end of the line: it conclusively resolves every issue QPWB has raised.

Second, the Order implicates important issues that are separate from the merits of the bankruptcy proceeding. Whether Rule 45 permits a subpoenaing party to select the forum for a nationwide entity by choosing which branch to serve, and whether the issuing court may decide a subpoena dispute already pending in the district of the entity's headquarters, are questions of significant importance. Contrary to *Conservation Law Foundation*, several courts have held that the place of compliance for a subpoena to a corporate non-party is where it is headquartered. *See York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 628-29 (D. Nev. 2024); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *The Marshall Project, Inc. v. City of Cleveland*, 2024 WL 4589667 (S.D. N.Y. Oct. 28, 2024). Moreover, if the place of compliance is Florida, as QPWB maintains, this court lacks jurisdiction to compel compliance. Courts in this District hold that "when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014); *accord Taddeo v. Am. Invsco Corp.*, No. 2:12-CV-01110-APG-NJK, 2016 WL 593522, at *1 (D. Nev. Feb. 12, 2016); *Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*, No. 2:23-CV-01492-APG-NJK, 2025 WL 1159944, at *3 (D. Nev. Apr. 21, 2025). Bankruptcy courts apply the same rule to Fed. R. Bankr. P. 2004 subpoenas. *See In re SBN Fog Cap II LLC*, 562 B.R. 771, 775-76 (Bankr. D. Colo. 2016); *In re Correra*, 589 B.R. 76, 110-13 (Bankr. N.D. Tex. 2018).

Likewise, whether a bankruptcy trustee can compel pre-litigation Rule 2004 discovery after serving an entity with a pre-suit demand is a substantial issue worthy of review. Multiple courts have held that Rule 2004 discovery is not available under such circumstances. *See, e.g.*, *In re Defoor Ctr., LLC*, 634 B.R. 630, 639-40 (Bankr. M.D. Fla. 2021); *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983); *In re Transmar Commodity Grp. Ltd.*, 2018 WL 4006324, at *5 (Bankr. S.D.N.Y. Aug. 17, 2018).

These issues are discrete and distinct from the underlying bankruptcy proceedings. QPWB has never participated in these bankruptcy cases, which were filed more than one year ago.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

Finally, the Order is effectively unreviewable after the fact. There will be no final judgment in which QPWB can challenge the Order. In a similar case, the Ninth Circuit elected to hear a writ petition challenging an order denying a motion to quash in part "because the scope of the court's subpoena power is a collateral matter; this issue is likely to evade direct appellate review. *Kirkland*, 75 F.4th at 1036 (citing *Perry v. Schwarzenegger*, 591 F.3d 1147, 1158-59 (9th Cir. 2010)).

QPWB is a non-party to the bankruptcy case, and any later malpractice action the Trustee may file would be a separate proceeding in which this Order is not reviewable. Absent an appeal, QPWB must either comply with the Nevada Subpoena or face contempt. The Ninth Circuit has recognized that a non-party should not be required to incur contempt sanctions to obtain appellate review. *See In re Kirkland*, 75 F.4th 1030, 1036 (9th Cir. 2023). And if QPWB produces the compensation agreements and other sensitive information of up to 100 attorneys across 35 states, the harm which will include creating a hostile work environment at QPWB and possibly causing attorneys to leave and office closures is complete and cannot be undone by reversal. Without immediate appellate review, the Order cannot be meaningfully challenged.

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

**C. In the Alternative, the Court Should Grant Leave to Review the Order as Interlocutory.**

Even if the Court were to determine that the Order is interlocutory and the collateral order doctrine does not apply, the Court should grant leave to hear the appeal pursuant to 28 U.S.C. § 158(a)(3).

Leave to appeal is warranted where the appeal involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (9th Cir. BAP 2001). Each factor is met here.

***i. The Order Involves a Controlling Question of Law***

A question is controlling if its resolution on appeal "could materially affect the outcome of litigation in the district court" (or, in this case, the bankruptcy court). *Williams v. Alameda Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1983)). The question on appeal here is purely legal: whether the issuing court had

authority to compel compliance with a subpoena served on a satellite Nevada office rather than at the Miami headquarters, where the records, designees and records custodians are located. That question turns on the construction of Rule 45(c), which limits compliance to a place within 100 miles of where the person "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c). Resolution of that legal question would dispose of the Order in its entirety.

The Rule 2004 questions are equally controlling. The key question is whether the judicially recognized bar on using Rule 2004 to gain a tactical advantage against an identified litigation target applies when a trustee has completed his pre-suit investigation but elects not to file suit so that he can pursue pre-litigation discovery. This, too, is a legal question that will determine whether the Trustee may obtain the discovery at all.

***ii. There is a Substantial Ground for Difference of Opinion***

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). That is precisely the situation here:

| Issue | Authority supporting QPWB | Authority relied on in Order |
|---|---|---|
| Place of compliance for an entity | *York Holding, Ltd. v. Waid*, 345 F.R.D. 626, 628-29 (D. Nev. 2024); *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018); *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, 2022 WL 2820667, at *7-9 (S.D. Cal. July 18, 2022); *The Marshall Project, Inc. v. City of Cleveland*, 2024 WL 4589667, at *3 (S.D.N.Y. Oct. 28, 2024); *Dellaportas v. Shahin*, 2025 WL 3019810, at *1 (S.D.N.Y. Oct. 29, 2025) | *Conservation Law Found., Inc. v. Equilon Enters. LLC*, 2025 WL 2821238, at *1-2 (D.R.I. Oct. 3, 2025) (cited by Trustee, ECF No. 1015 at 13) |
| Rule 2004 against identified litigation target | *In re Defoor Ctr., LLC*, 634 B.R. 630, 639-40 (Bankr. M.D. Fla. 2021); *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983); *In re Transmar Commodity Grp. Ltd.*, 2018 WL 4006324, at *5 (Bankr. S.D.N.Y. Aug. 17, 2018) | *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614 (Bankr. D. Del. 2016); *In re Rhodes Cos.*, 475 B.R. 733 (D. Nev. 2012) (cited in Order ¶ F)[1] |
| Scope as to non-debtor private affairs | *In re Mastro*, 585 B.R. 587, 597 & n.12 (B.A.P. 9th Cir. 2018); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) | Order ¶ F (Rule 2004(b)(1)(A) and Plan §§ 1.1.114, 5.8) |

[1] The identified litigation targets in *Rhodes* were parties to whom the debtor allegedly made fraudulent transfers that were avoidable under the Bankruptcy Code for the benefit of the debtor's insider James Rhodes. This case does not involve the Trustee's avoidance powers.



Snell & Wilmer L.L.P. LAW OFFICES 1700 South Pavilion Center Drive, Suite 700 Las Vegas, Nevada 89135 702.784.5200

Notably, the Order departs from *York Holding*, a decision from this District, in favor of a single out-of-circuit decision. The Ninth Circuit has not resolved any of these issues, and courts within and outside this Circuit have reached conflicting results. These conflicting authorities show that the controlling law is unclear and therefore support an interlocutory appeal.

***iii. An Immediate Appeal Would Materially Advance the Litigation***

Reversal on the Rule 45 question would end this subpoena dispute in this forum and return it to the Southern District of Florida, where it was first filed, eliminating the duplicative litigation and risk of inconsistent rulings that the Trustee himself identified [ECF No. 1028 at 12-13]. Reversal on the Rule 2004 questions would also channel any discovery into the litigation the Trustee has threatened to file against QPWB, governed by either the Federal Rules of Civil Procedure or the applicable state's rules of civil procedure, where relevance, proportionality, privilege, and burden can be addressed in the ordinary course. By contrast, if review is deferred, the dispute will never be resolved on the merits. QPWB will have to either comply with the Nevada Subpoena or face contempt sanctions, which would generate further litigation.

***iv. Exceptional Circumstances and Irreparable Harm Support Leave***

The Order requires production of the confidential compensation terms and information on up to one hundred non-party employees protected by the laws of numerous states, each of whom would ordinarily have the right to object; ownership, capitalization, and financial records of a private professional firm; and testimony on topics concerning privileged attorney-client communications and work product. Boyer Decl. ¶¶ 30-33; [ECF No. 1028 at 29-30]. The Trustee has represented that QPWB faces exposure exceeding $2 billion and that he intends to sue the firm and individual attorneys [ECF No. 1028-4]. Compelled pre-suit disclosure to an announced adversary, outside the safeguards of the Federal Rules of Civil Procedure or applicable state's rules of civil procedure, is the type of harm that cannot be remedied later.

///

///

///

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

## VI. CONCLUSION

For all these reasons, QPWB respectfully submits that the Order is a final order appealable as of right under 28 U.S.C. § 158(a)(1). However, to the extent the Court concludes it is interlocutory, QPWB respectfully requests that the Court grant leave to appeal the Order under 28 U.S.C. § 158(a)(3) for the reasons stated herein.

Dated: October 23, 2026

SNELL & WILMER L.L.P.

*/s/ Bob L. Olson*

Bob L. Olson (NV Bar No. 3783)
Alex L. Fugazzi (NV Bar No. 9022)
Charles E. Gianelloni (NV Bar No. 12747)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135

*Attorneys for Quintairos, Prieto, Wood & Boyer P.A., Eric Boyer, and Eddie Prieto*

# EXHIBIT 1

EXHIBIT 1

Honorable Natalie M. Cox
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: October 16, 2026<br>Hearing Time: 9:30 AM |

**ORDER GRANTING AMENDED MOTION TO ENFORCE RULE 2004 ORDER AND COMPEL COMPLIANCE WITH THE SUBPOENA ISSUED TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A. AT ITS NEVADA OFFICE AND DENYING COUNTERMOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

The Court considered the *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at Its Nevada Office* [ECF No. 1015] (the "Motion")[1] and its supporting declaration and reply filed by Michael Carmel, the Trustee of the NuMale Liquidation Trust, and Quintairos, Prieto, Wood & Boyer, P.A.'s ("QPWB") opposition to the Motion, supporting declaration, and countermotion to quash the Nevada Subpoena and for protective order [ECF No. 1028] (the "Countermotion"). The Court has considered the modifications to the Nevada Subpoena offered by the Trustee (the "Modified Nevada Subpoena"). The Court, having held a hearing on the Motion on October 16, 2026, at which appearances were noted on the record; the Court having determined that notice of the Motion and the hearing was proper and sufficient under the circumstances; and good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES** as follows:

A. The Confirmation Order was entered on October 7, 2025. ECF Nos. 726, 727. The Plan preserves for the NuMale Liquidation Trust (the "Trust") "[a]ll of the Debtors and the Estates' Causes of Action against Quintairos, Prieto, Wood & Boyer, P.A. and its attorneys, employees, Insiders, and Affiliates." Plan § 1.1.114; *see id.* Sched. 1.1.82. The Plan further provides that the Trust "shall also be vested with the Estates' rights, as such rights existed prior to the Effective Date, to conduct discovery and oral examinations of any party under Bankruptcy Rule 2004." *Id.*

§ 5.8. The Trustee is "deemed a representative of the Debtors and the Estates with respect to all applicable Litigation Claims" and holds "exclusive standing and authority" to prosecute them. *Id.* § 5.10; *see also* Confirmation Order ECF No. 726 ¶ 85; 11 U.S.C. § 1123(b)(3)(B).

[1] All undefined, capitalized terms shall have the meanings ascribed to them in the Motion.

B. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. A Rule 2004 motion arises in a case under title 11, including after confirmation. *See In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 622-23 (Bankr. D. Del. 2016). This Court further retained jurisdiction under the Plan, *see* Plan § 9 and ECF No. 726 at ¶ 101, and may interpret and enforce its own orders, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). QPWB does not dispute that this Court may enforce its own Rule 2004 Order. ECF No. 1028 at p. 21.

C. On September 15, 2026, the Court entered its order authorizing the Rule 2004 examination of QPWB [ECF No. 972] (the "<u>Rule 2004 Order</u>") regarding, among other things, "the acts, assets, conduct, property, liabilities, financial condition, and business dealings of the Debtors, including without limitation the litigation claims expressly preserved for the NuMale Liquidation Trust," and directing the Trustee to issue a separate subpoena for documents under Fed. R. Bankr. P. 9016. On September 28, 2026, the Trustee issued the Nevada Subpoena [ECF No. 994] and served it on QPWB at its office located at 2370 Corporate Circle, Suite 160, Henderson, Nevada 89074 (the "<u>Henderson Office</u>"), and subsequently, on its Nevada resident agent. ECF No. 1016 ¶ 12; *see* ECF No. 996; Fed. R. Civ. P. 45(b)(1). On October 8, 2026, QPWB served written objections, and has not produced any documents or agreed to appear for an examination. ECF No. 1016 ¶¶ 19-20.

D. QPWB maintains the Henderson Office as an operating office of the firm, holds it out to the public as one of its offices, and identifies attorneys who work there, and it does not dispute that it maintains that office, ECF No. 1028 at p. 26. Civil Rule 45(c) permits a subpoena to command attendance and production within 100 miles of where the subpoenaed person "resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), (c)(2)(A); it does not limit the place of compliance for an entity to the location of its headquarters. Las Vegas, Nevada, the place of compliance designated in the Nevada Subpoena, is within 100 miles of the Henderson Office, ECF No. 1016 ¶ 13, and the Nevada Subpoena permits document production in electronic form, ECF No. 994. The Nevada Subpoena therefore commands compliance at a place

permitted by Rule 45(c).

E. This Court is the court for the district where compliance with the Nevada Subpoena is required and may compel production. Fed. R. Civ. P. 45(d)(2)(B)(i). The Court expressly declines QPWB's request to defer ruling pending the hearing on the Florida Motion.

F. Rule 2004 permits the examination of any entity relating to, among other things, "the debtor's acts, conduct, or property[.]" Fed. R. Bankr. P. 2004(a) & (b)(1)(A). The Debtors' causes of action against QPWB and its attorneys are property of the Debtors' estates that the Plan preserved and transferred to the Trust. Plan §§ 1.1.114, 5.8. The Modified Nevada Subpoena seeks information concerning those causes of action and relevant information concerning certain QPWB attorneys. It therefore falls within Rule 2004(b)(1)(A) and the Rule 2004 Order. Rule 2004 examinations remain available after confirmation to investigate causes of action preserved under a confirmed plan. *See Millennium*, 562 B.R. at 622-23, 627-29; *see also Rhodes v. Litig. Tr. of the Rhodes Cos. (In re Rhodes Cos.)*, 475 B.R. 733 (D. Nev. 2012).

G. The Court found good cause in entering the Rule 2004 Order, and good cause continues to exist with respect to the Modified Nevada Subpoena.

H. The Court further finds QPWB has not shown specific prejudice or harm warranting a protective order, or that compliance would impose undue burden or significant expense, *see* Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (d)(3)(A)(iv). QPWB's confidentiality and privilege concerns are addressed by paragraphs 3 and 4 *infra*. *See also* Fed. R. Civ. P. 45(e)(2)(A).

I. No adversary proceeding or contested matter concerning the subject matter of the Modified Nevada Subpoena is pending between the Trust and QPWB, and the pending-proceeding rule does not bar the discovery sought.

J. Nothing herein shall constitute a determination by this Court as to the merits of any potential claim being investigated by the Trustee or the pending Rule 60(b) Motion filed by QPWB [ECF No. 1007].

K. Any finding of fact that constitutes a conclusion of law is adopted as such, and any conclusion of law that constitutes a finding of fact is adopted as such.

**IT IS HEREBY ORDERED** that based on the papers and arguments, the court is adopting the Numales Debtors' Proposed Order at [ECF No. 1031-1], the Motion is GRANTED as set forth herein:

1. QPWB shall produce all documents responsive to the Modified Nevada Subpoena on or before October 30, 2026, at 5:00 p.m. (Pacific Time).

2. QPWB shall produce its person most knowledgeable for examination on the matters identified in the Modified Nevada Subpoena at the offices of Garman Turner Gordon LLP, 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, on a date and at a time agreed upon in writing by the Trustee and QPWB that is on or before November 4, 2026, or, absent such agreement, on November 4, 2026, at 9:00 a.m. (Pacific Time).

3. To the extent QPWB withholds any document responsive to the Modified Nevada Subpoena on the basis of the attorney-client privilege or the work-product doctrine, QPWB shall serve on counsel for the Trustee a privilege log that complies with Fed. R. Civ. P. 45(e)(2)(A), made applicable by Fed. R. Bankr. P. 9016, on or before October 30, 2026, at 5:00 p.m. (Pacific Time).

4. QPWB and the Trustee shall meet and confer in furtherance of a protective order for this production. To the extent the parties cannot agree on a form of protective order, QPWB may designate any document it deems confidential as "confidential," which designation shall require any public use of the document to be filed under seal unless an order of this Court de-designates the document as confidential. No dispute concerning the terms of a protective order or confidentiality designation shall delay production as required by this Order.

**IT IS FURTHER ORDERED** that the Countermotion is denied.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to interpret and enforce this Order.

**IT IS SO ORDERED.**