GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: [TBD]<br>Hearing Time: [TBD] |

**OPPOSITION TO QUINTAIROS, PRIETO, WOOD & BOYER, P.A.'S MOTION FOR ORDER SHORTENING TIME TO HEAR ITS EMERGENCY MOTION FOR STAY OF ORDER PENDING APPEAL**

Michael W. Carmel, the Liquidation Trustee of the NuMale Liquidation Trust (the "Trustee"), by and through his counsel, Garman Turner Gordon LLP ("GTG")[1], submits this

[1] GTG also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam

opposition (the "Opposition") to the motion of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") for an order shortening time [ECF No. 1069] (the "OST Motion") to hear QPWB's Emergency Motion for Stay of Order Pending Appeal, or, Alternatively, Temporary Stay [ECF No. 1057] (the "Emergency Motion"). This Opposition is based upon the following Memorandum of Points and Authorities, the Declaration of Talitha Gray Kozlowski, Esq. (the "Gray Kozlowski Declaration") filed concurrently herewith, the papers and pleadings on file herein, and any argument of counsel the Court may entertain.[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

QPWB's Emergency Motion has no predicate emergency[3]. The only harm QPWB claims is disclosure of dividends, distributions and compensation information to its partners — a harm this Court has previously considered and rejected. But the stated harm of disclosure (as weak as it is) attempts to hide QPWB's true goal, to thwart the Trustee in his duty to commence actions against QPWB and its attorneys by an impending statute of limitations deadline[4]. Moreover, all the information is protected by this Court's *Order Granting Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at Its Nevada Office and Denying Countermotion to Quash Subpoena and for Protective Order*, ECF No. 1046 (the "Compliance Order") which provides that:

> 4. QPWB and the Trustee shall meet and confer in furtherance of a protective order for this production. **To the extent the parties cannot agree on a form of protective order, QPWB may designate any document it deems confidential as "confidential," which designation shall require any public use of the document to be filed under seal unless an order of this Court de-designates the document as confidential. No dispute**

---

(collectively, the "Individuals").

[2] This Opposition addresses only whether the Emergency Motion should be heard on shortened time. The Trustee reserves all rights to oppose the Emergency Motion, and QPWB's Emergency Motion for Leave to File Appeal [ECF Nos. 1058, 1059], on the merits.

[3] Among other indicia of a lack of emergency is the fact that this court entered its Compliance Order on a Monday and QPWB waited until near the end of day on a Friday to seek "emergency relief".

[4] For the avoidance of doubt, the upcoming November deadline is the first potential statute of limitations, and nothing herein constitutes an admission by the Trustee on that point.

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

> **concerning the terms of a protective order or confidentiality designation shall delay production as required by this Order.**

*See* Compliance Order ¶ 4 (emphasis added).

The Court further rejected QPWB's argument in a specific finding that:

> H. The Court further finds QPWB has not shown specific prejudice or harm warranting a protective order, or that compliance would impose undue burden or significant expense, see Fed. R. Civ. P. 45(d)(1), (d)(2)(B)(ii), (d)(3)(A)(iv). QPWB's confidentiality and privilege concerns are addressed by paragraphs 3 and 4 infra. See also Fed. R. Civ. P. 45(e)(2)(A).

*See* Compliance Order ¶ H.

The Trustee has since gone further and proposed a stipulated protective order that alleviates the very concerns that QPWB raises by prohibiting dissemination and public use of any potentially confidential information. (Gray Kozlowski Decl. ¶ 3, Ex. 2).

This is a non-crisis of the movant's own timing for information that is already protected and will be protected going forward. The OST Motion should be denied, and the Emergency Motion should be heard on regular notice.

## II.
## THERE IS NO EMERGENCY JUSTIFYING A SHORTENED HEARING BECAUSE THE ORDER AND THE TRUSTEE'S PROPOSED PROTECTIVE ORDER ADDRESS THE HARM QPWB CLAIMS

A party seeking to have a matter heard on shortened time must show cause for doing so. Local Rule 9006 requires that every motion for an order shortening time "be accompanied by an affidavit or declaration containing the facts and circumstances as to why cause exists for an expedited hearing," together with a statement of, among other things, "[t]he date beyond which relief would no longer be necessary." LR 9006(a), (a)(6). In deciding whether to depart from default briefing procedures, courts in this District require the movant to show "(1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) (citing *Mission Power Eng'g Co. v. Cont'l Cas.*

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Because the question is whether the movant will be prejudiced if its motion is heard on the regular schedule, “it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial.” *Mission Power*, 883 F. Supp. at 492. QPWB cannot make the first showing.

The irreparable harm QPWB asserts is the disclosure of non-privileged information. *See* ECF No. 1069 at ¶¶5-6; ECF No. 1057 at 12–13. The Court has already considered and addressed that concern. In granting the Trustee’s motion to enforce the Court’s Rule 2004 order, the Court found that QPWB “has not shown specific prejudice or harm warranting a protective order” and that “QPWB’s confidentiality and privilege concerns are addressed by paragraphs 3 and 4” of the Order. Compliance Order ¶ H. Paragraph 4 orders the parties to meet and confer on a protective order, permits QPWB to designate documents as confidential, requires that any public use of a designated document be filed under seal, and provides that “[n]o dispute concerning the terms of a protective order or confidentiality designation shall delay production as required by this Order.” *Id.* ¶ 4. The Emergency Motion identifies no harm that the Court did not consider when it entered the Compliance Order.

The Trustee has also done what paragraph 4 contemplates. On October 25, 2026, the Trustee provided QPWB a proposed stipulated protective order. (Gray Kozlowski Decl. ¶ 3, Ex. 2.) The proposed order permits QPWB to designate material “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL/OUTSIDE COUNSEL’S EYES ONLY”; limits or prohibits the public dissemination of confidential information to any creditor or beneficiary of the Trust, including Michael Sanchez and requires designated material to be filed under seal. (*See id.*, Ex. 2). Those terms answer and solve the privacy concerns QPWB raises.

QPWB’s remaining objections are not to public disclosure at all. QPWB contends that “[t]he injury is the disclosure to the Trustee itself and his use of it; not the disclosure of it in the public record.” ECF No. 1057 at 13; ECF No. 1069 ¶ 6 (asserting, without citation to any legal authority, that disclosure of employee personnel and compensation information is problematic, and that production of the material may cause business harm). That is an effort to seek reconsideration of the Order itself. The Court ordered QPWB to produce the information to the

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Trustee, denied QPWB's countermotion for a protective order, and found that QPWB had not shown specific prejudice. The emergency Motion is not one governed under Rule 60 and producing documents to a litigant under a court order, subject to limits on access and use, is the ordinary operation of discovery; it is not the kind of prejudice that requires the Court and the Trustee to abandon the regular briefing schedule. And because the Emergency Motion largely re-argues positions the Court rejected in the Order, including the place of compliance, deference to the Southern District of Florida, the scope of Rule 2004, and the pending-proceeding rule, QPWB cannot show prejudice from having it heard on the ordinary schedule outside of Rule 60. *Compare* ECF No. 1057 at 8–12, *with* ECF No. 1046 ¶¶ D–F, I; *see Mission Power*, 883 F. Supp. at 492.

## III.
## ANY URGENCY IS OF QPWB'S OWN MAKING

Even if QPWB could show prejudice, it cannot show that it is "without fault in creating the crisis." *Cardoza*, 141 F. Supp. 3d at 1142. "It is the creation of the crisis — the necessity for bypassing regular motion procedures — that requires explanation." *Id.* at 1143 (quoting *Mission Power*, 883 F. Supp. at 493). That inquiry asks "when did the movant become aware of the issue in dispute" and whether the movant was "diligent in attempting to resolve the dispute and/or in bringing that dispute to the Court's attention as soon as practicable." *Id.*

The Order was entered on Monday, October 19, 2026, and it sets the October 30, 2026 production deadline and the November 4, 2026 examination date on its face. Compliance Order ¶¶ 1–2. QPWB has known since that day exactly when its production is due. QPWB nonetheless did not ask the Trustee whether he would consent to a hearing on shortened time until the afternoon of Friday, October 23, 2026. (Gray Kozlowski Decl. ¶ 2, Ex. 1). In the interim, QPWB attended the October 21, 2026 hearing in the Southern District of Florida on its motion to quash the Florida subpoena. ECF No. 1057 ¶ 16.

QPWB's four-day delay is not extraordinary in itself, but it is effectively half of the business days QPWB had until the Court ordered production. Additionally, the lead GTG attorney will the doing a solo backpacking trip from the morning of October 28, 2026 through the evening of October 30, 2026, without access to the internet or electronic devices during that time. (Gray

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Kozlowski Decl. ¶ 4). A deadline the movant allowed to approach — particularly in light of GTG's unavailability — is not cause for an expedited hearing under Local Rule 9006(a).

## IV.
## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny the OST Motion and set the Emergency Motion for hearing on regular notice.

Dated this 25th day of October, 2026.

GARMAN TURNER GORDON LLP

By: /s/ *Gregory Garman*
Gregory E. Garman, ESQ.
Talitha Gray Kozlowski, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*