Richard F. Holley, Esq.
Nevada Bar No. 3077
R. McKay Holley, Esq.
Nevada Bar No. 15934
SPENCER FANE, LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone (702) 408-3400
Facsimile (702) 408-3401
Email: rholley@spencerfane.com
mholley@spencerfane.com

*Attorneys for John Doe 1, John Doe 2 and Jane Doe*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>☒ NUMALE CORPORATION,<br>☒ FELICIANO NUMALE NEVADA PLLC,<br>☒ NUMEDICAL SC,<br>☒ NUMALE COLORADO SC,<br>☒ NUMALE FLORIDA TB PLLC.<br>☒ NUMALE NEBRASKA LLC,<br>☒ NUMALE NEW MEXICO SC,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br>Jointly Administered with:<br>Case No.: 25-10342-nmc<br>Case No.: 25-10343-nmc<br>Case No.: 25-10344-nmc<br>Case No.: 25-10345-nmc<br>Case No.: 25-10346-nmc<br>Case No.: 25-10347-nmc<br><br>Judge: Hon. Natalie M. Cox |

**_EX PARTE_ APPLICATION FOR ORDER SHORTENING TIME AND NOTICE OF HEARING ON INTERESTED PARTIES DOES' MOTION[1]**

Interested parties John Doe 1, John Doe 2 and Jane Doe (collectively, "Doe Parties" or "Does"), by and through the undersigned attorneys, hereby file this *ex parte* application for an order shortening time and notice of hearing ("Application") in connection with the *Interested Parties Does' Motion To Quash Or In The Alternative Motion For Protective Order* (the "Motion").[2]

[1] Unless otherwise provided, all defined terms have the same meaning ascribed to them in the Motion.

[2] In this Application, all references to "ECF No." are to the number assigned to the documents filed in the case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to provisions of the Federal Rules of Bankruptcy Procedure. The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules" or "LR".

This Application is made and based upon FRBP 9006 and LR 9006; the Memorandum of Points and Authorities herein; the Declaration of Richard F. Holley, Esq. ("Holley Decl.") filed concurrently herewith pursuant to LR 9014(c)(2); the Attorney Information Sheet for Proposed Order Shortening Time And Notice Of Hearing ("Attorney Information Sheet") filed concurrently herewith pursuant to LR 9006; the papers and pleadings on file in this case; and any argument the Court may entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**LEGAL ARGUMENT**

FRBP 9006(c)(1) provides as follows:

> Except as provide in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

FED. R. BANKR. P. 9006(c)(1).

LR 9006 sets forth the procedure for obtaining an order shortening the time for a hearing. Specifically, every motion for an order shortening time must be accompanied by a sworn declaration stating the reasons for an expedited hearing. The moving party must also submit an Attorney Information Sheet For Proposed Order Shortening Time And Notice Of Hearing, indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided.

Cause exists to shorten time here. Absent an expedited hearing before the October 30, 2026 production deadline, the very relief the Motion seeks will be lost—once the Doe Parties' confidential personal financial information is disclosed to the Trustee, it cannot be clawed back, and the Motion will be rendered moot. An expedited hearing on the Motion is necessary for the following reasons:

1. The Motion seeks to protect confidential personal financial information of the Doe Parties—employees of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB")—in which the Doe Parties hold privacy interests under federal and state constitutional, statutory, and common

law.[3] The reasons for the Motion on an order shortening time likewise apply to all W-2 Employees of QPWB. Holley Decl., ¶ 2.

2. The relief the Motion seeks will be irretrievably lost absent an expedited hearing. The Order requires QPWB to produce the Doe Parties' private and confidential personal financial information on October 30, 2026. Once that information is disclosed, it cannot be un-disclosed; no subsequent order can restore the Doe Parties' privacy or undo the resulting harm. A hearing held after the production deadline would be an empty exercise, and the Motion would be effectively mooted. The irreversible nature of the disclosure—and the absence of any adequate remedy once it occurs—is itself cause to shorten time. Holley Decl., ¶ 3.

3. The production deadline is imminent. Production is due October 30, 2026—only days away—and the notice period for a regularly noticed hearing cannot run before that date. Only shortened time can place the Motion before the Court while meaningful relief remains available. Holley Decl, ¶ 4.

4. The deadline under the Order for QPWB to produce the Doe Parties' private and confidential personal financial information is October 30, 2026. Without expedited relief, the Doe Parties will be deprived of the opportunity to assert their personal privacy rights afforded to them by federal and state constitutional, statutory, and common law. Holley Decl., ¶ 5.

5. The Doe Parties have acted diligently and through no fault of their own require expedited relief. No subpoena for a 2004 examination was ever issued to them requesting confidential private financial information. This is believed to also be true for the balance of the similarly situated QPWB employees. They therefore had no earlier procedural vehicle through which to protect their privacy, and they have moved promptly upon learning that their confidential personal financial information is slated for imminent production. Denying expedited relief would compound the due-process deprivation already suffered by the Doe Parties and other similarly

[3] For example, the Trustee is seeking "For any person, trust, or entity to which You transferred $250,000 or more, in the aggregate, during the 2024 [2025, and 2026] calendar year[s], produce Documents sufficient to show: (i) **the identity of the transferee**, (ii) the amount transferred, (iii) the date of the transfer(s); and (iv) the reason for the transfer(s). This request excludes real property purchases for property that You continue to own."

situated employees by foreclosing any opportunity to be heard before their privacy rights are extinguished. Holley Decl., ¶ 6.

6. Expedited relief serves judicial economy and prejudices no party. On October 23, 2026, QPWB moved the Court for an order shortening time to hear its *Emergency Motion for Stay of Order Pending Appeal, or Alternatively, Temporary Stay*. ECF No. 1069. The Court granted that relief and set the hearing for October 29, 2026. ECF No. 1074. The Motion concerns the same impending production and can be heard on the same October 29, 2026 11:30 a.m. docket, conserving the resources of the Court and the parties and avoiding duplicative hearings. *Id.* No party is prejudiced by the modest acceleration the Doe Parties request: the information sought will remain available to the Trustee should the Motion be denied, whereas the Doe Parties will lose their privacy rights entirely if the Motion is not heard before the October 30, 2026 deadline. Holley Decl., ¶ 7.

7. Finally, the Trustee has not established any immediate need for the requested information beyond conclusory statements about unidentified statute of limitations deadlines, and certainly no need that supersedes proper adjudication of the Doe Parties' constitutional, statutory, and common law privacy rights. Holley Decl, ¶8.

Doe Parties have satisfied the procedural requirements to obtain the requested Order Shortening Time and Notice of Hearing. Specifically, Doe Parties submit a declaration by counsel with sufficient facts and circumstances to establish cause for an expedited hearing and an Attorney Information Sheet indicating consultation with opposing counsel and interested parties, the consent or lack of consent by such counsel and parties, the date and means of such consultation, the estimated time for hearing, and the date beyond which relief would no longer be necessary.

Dated this 27th day of October 2026.

SPENCER FANE LLP

/s/ Richard F. Holley

Richard F. Holley, Esq. (NBN 3077)
R. McKay Holley, Esq. (NBN 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Phone: (702) 408-3400 | Fax: (702) 408-3401
*Attorneys for John Doe 1, John Doe 2 and Jane Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 27th day of October 2026, I caused to be served a true and correct copy of EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND NOTICE OF HEARING ON DOES' MOTION in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Spencer Fane LLP