Richard F. Holley, Esq.
Nevada Bar No. 3077
R. McKay Holley, Esq.
Nevada Bar No. 15934
SPENCER FANE, LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone (702) 408-3400
Facsimile (702) 408-3401
Email: rholley@spencerfane.com
mholley@spencerfane.com

*Attorneys for John Doe 1, John Doe 2 and Jane Doe*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>☒ NUMALE CORPORATION,<br>☒ FELICIANO NUMALE NEVADA PLLC,<br>☒ NUMEDICAL SC,<br>☒ NUMALE COLORADO SC,<br>☒ NUMALE FLORIDA TB PLLC.<br>☒ NUMALE NEBRASKA LLC,<br>☒ NUMALE NEW MEXICO SC,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br>Jointly Administered with:<br>Case No.: 25-10342-nmc<br>Case No.: 25-10343-nmc<br>Case No.: 25-10344-nmc<br>Case No.: 25-10345-nmc<br>Case No.: 25-10346-nmc<br>Case No.: 25-10347-nmc<br><br>Judge: Hon. Natalie M. Cox |

**DECLARATION OF RICHARD F. HOLLEY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME AND NOTICE OF HEARING ON INTERESTED PARTIES DOES' MOTION**[1]

I, Richard F. Holley, declare the following to be true:

1. I am an attorney at Spencer Fane LLP. I am one of the attorneys for interested parties John Doe 1, John Doe 2 and Jane Doe (collectively, "Does" or "Doe Parties"). I submit this declaration in support of Does' Ex Parte *Application For Order Shortening Time And Notice Of Hearing On Interested Parties Does' Motion* ("Application To Shorten Time"), filed contemporaneously herewith pursuant to LR 9006.

2. Good cause exists to have the Motion heard on shortened time. The Motion seeks to protect confidential personal financial information of the Doe Parties—employees of

[1] Unless otherwise provided, all defined terms have the same meaning ascribed to them in the Application To Shorten Time.

Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB")—in which the Doe Parties hold privacy interests under federal and state constitutional, statutory, and common law. The reasons for the Motion on an order shortening time likewise apply to all W-2 Employees of QPWB. Holley Decl., ¶ 2.

3. The relief the Motion seeks will be irretrievably lost absent an expedited hearing. The Order requires QPWB to produce the Doe Parties' private and confidential personal financial information on October 30, 2026. Once that information is disclosed, it cannot be un-disclosed; no subsequent order can restore the Doe Parties' privacy or undo the resulting harm. A hearing held after the production deadline would be an empty exercise, and the Motion would be effectively mooted. The irreversible nature of the disclosure—and the absence of any adequate remedy once it occurs—is itself cause to shorten time.

4. The production deadline is imminent. Production is due October 30, 2026—only days away—and the notice period for a regularly noticed hearing cannot run before that date. Only shortened time can place the Motion before the Court while meaningful relief remains available.

5. The deadline under the Order for QPWB to produce the Doe Parties' private and confidential personal financial information is October 30, 2026. Without expedited relief, the Doe Parties will be deprived of the opportunity to assert their personal privacy rights afforded to them by federal and state constitutional, statutory, and common law.

6. The Doe Parties have acted diligently and through no fault of their own require expedited relief. No subpoena for a 2004 examination was ever issued to them requesting confidential private financial information. Upon information and belief this is also true for the balance of the similarly situated QPWB employees. They therefore had no earlier procedural vehicle through which to protect their privacy, and they have moved promptly upon learning that their confidential personal financial information is slated for imminent production. Denying expedited relief would compound the due-process deprivation already suffered by the Doe Parties and other similarly situated employees by foreclosing any opportunity to be heard before their privacy rights are extinguished.

7. Expedited relief serves judicial economy and prejudices no party. On October 23, 2026, QPWB moved the Court for an order shortening time to hear its *Emergency Motion for Stay of Order Pending Appeal, or Alternatively, Temporary Stay*. ECF No. 1069. The Court granted that relief and set the hearing for October 29, 2026. ECF No. 1074. The Motion concerns the same impending production and can be heard on the same October 29, 2026 11:30 a.m. docket, conserving the resources of the Court and the parties and avoiding duplicative hearings. ***Id.*** No party is prejudiced by the modest acceleration the Doe Parties request: the information sought will remain available to the Trustee should the Motion be denied, whereas the Doe Parties will lose their privacy rights entirely if the Motion is not heard before the October 30, 2026 deadline.

8. Finally, the Trustee has not established any immediate need for the requested information beyond conclusory statements about unidentified statute of limitations deadlines, and certainly no need that supersedes proper adjudication of the Doe Parties' constitutional, statutory, and common law privacy rights.

9. Therefore, it is logical and appropriate for the Motion to be heard on shortened time.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 27th day of October 2026.

/s/ Richard F. Holley
RICHARD F. HOLLEY

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 27th day of October 2026, I caused to be served a true and correct copy of DECLARATION OF RICHARD F. HOLLEY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME AND NOTICE OF HEARING ON INTERESTED PARTIES DOES' MOTION in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Spencer Fane LLP