ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
COLLEEN N. SAVAGE, ESQ
Nevada Bar No. 14947
**SGRO & ROGER**
2901 El Camino Ave., Suite 204
Las Vegas, Nevada 89102
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
csavage@sgroandroger.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ■<br>Debtor. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**Ex Parte Application for Order Shortening Time to Hear (I) Motion Of Quintairos, Prieto, Wood & Boyer, P.A. (i) for Relief From The Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(B), Made Applicable By Fed. R. Bankr. P. 9024, As Applied to QPWB, (ii) To Remove Michael W. Carmel As Liquidation Trustee, (iii) To Disqualify Garman Turner Gordon LLP As Counsel To The Liquidation Trustee, And (iv) For Related Relief; and (II) Motion Of Quintairos, Prieto, Wood & Boyer, P.A. for (i) An Order Confirming That The Automatic Stay And Plan Injunction Are Inapplicable To Its Proposed Declaratory-Judgment Action, Or (ii) In The Alternative, Relief From The Automatic Stay And Plan Injunction, And For Leave Under The Barton Doctrine.**

Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), a non-debtor party in interest, by and through its undersigned counsel, respectfully submits this Ex Parte Application for Order Shortening Time (the "Application") and requests that the Court shorten the time for hearing the two motions described below (collectively, the "Motions") so that they may be heard at the earliest date the Court's calendar permits, and in all events before the October 30, 2026 document-production deadline and the November 4, 2026 Rule 2004 examination now pending against QPWB.

The Motions are: (i) the *Motion of Quintairos, Prieto, Wood & Boyer, P.A. (I) for Relief from the Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(b), Made Applicable by Fed. R. Bankr. P. 9024, as Applied to QPWB; (II) to Remove Michael W. Carmel as Liquidation Trustee; (III) to Disqualify Garman Turner Gordon LLP as Counsel to the Liquidation Trustee; and (IV) for Related Relief; and Memorandum of Points and Authorities* (the "Rule 60(b) Motion"); and (ii) the *Motion of Quintairos, Prieto, Wood & Boyer, P.A. for (I) an Order Confirming that the Automatic Stay and Plan Injunction Are Inapplicable to Its Proposed Declaratory-Judgment Action, or (II) in the Alternative, Relief from the Automatic Stay and Plan Injunction, and for Leave Under the Barton Doctrine* (the "Stay Motion"). Both Motions are presently set for hearing on November 17, 2026.

This Application is made and based upon section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006 of the Local Rules of Bankruptcy Practice for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"); the following Memorandum of Points and Authorities, inclusive of the Declaration of Anthony P. Sgro, Esq. (the "Sgro Declaration") incorporated herein; the Attorney Information Sheet filed concurrently herewith; and the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to Federal Rules of Evidence 201(b) and (c) and 1101(a) and (b).

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. DECLARATION OF ANTHONY P. SGRO, ESQ.

I, Anthony P. Sgro, Esq., declare as follows:

1. I am over the age of 18, am mentally competent, and have personal knowledge of the facts set forth herein, except those stated on information and belief, and as to those I believe them to be true. If called upon to testify, I could and would competently testify to the matters stated herein.

2. I am a partner at the law firm of Sgro & Roger, counsel of record for QPWB in the above-captioned Chapter 11 Cases, and I am duly licensed to practice law in the State of Nevada (Nevada Bar No. 3811).

3. QPWB has filed the two Motions identified above. The Rule 60(b) Motion seeks relief from the order confirming the Debtors' plan of liquidation and related orders as applied to QPWB, the removal of Michael W. Carmel as Liquidation Trustee (the "Trustee"), and the disqualification of Garman Turner Gordon LLP ("GTG") as counsel to the Trustee. The Stay Motion seeks an order confirming that the automatic stay and the plan injunction do not bar QPWB's proposed declaratory-judgment action, or, in the alternative, relief from the stay and plan injunction and leave under the Barton doctrine. Both Motions are presently set for hearing on November 17, 2026, with the Trustee's oppositions due on or about November 3, 2026.

4. Good cause exists for the Court to hear the Motions on shortened time, in advance of the November 17, 2026, setting. On or about October 16, 2026, the Court entered an order granting the Trustee's motion to enforce its Rule 2004 order and to compel QPWB's compliance with the subpoena issued to QPWB (the "Enforcement Order"). Under the Enforcement Order and the operative subpoena, QPWB must produce documents, together with a privilege log, by October 30, 2026, and must produce a witness to sit for a Rule 2004 examination in Nevada on November 4, 2026. Both deadlines precede the November 17, 2026, hearing on the Motions.

**5.** The Motions go to the heart of the examination the Trustee seeks to conduct. The Rule

2004 examination and subpoenaed documents are, by the Trustee's own account, in aid of the legal-malpractice and related claims the Trustee intends to assert against QPWB, the same claims whose ownership, and the Trustee's authority to prosecute which, are squarely at issue in the Motions. The Stay Motion contends that the individual former defendants' personal legal-malpractice claims never became property of the estate and that the purported transfer of control over those claims to the Trustee is void under Nevada public policy, such that the Trustee lacks authority to assert or prosecute them. The Rule 60(b) Motion seeks to remove the Trustee and to disqualify GTG, both of whom QPWB contends are fact witnesses to the matters the examination would probe and are disqualified from receiving the confidential firm, partner, and employee information the subpoena demands.

6. If the examination and production proceed before the Motions are heard, QPWB will be compelled to disclose confidential and privileged firm records, and to produce a witness for examination, to the very Trustee and counsel whose authority and qualification to act are the subject of the Motions. That disclosure cannot be undone. A ruling on the Motions after November 4, 2026 would come too late to protect QPWB from the irreparable harm of producing privileged and confidential information to persons who, if the Motions are granted, had no authority to demand it. Hearing the Motions first will allow the Court to resolve these threshold questions, who controls the claims, and whether the Trustee and his counsel may continue to act, before QPWB's rights are irretrievably compromised.

7. The threshold issues raised by the Motions are substantial and, if resolved in QPWB's favor, dispose of or materially narrow the matters the examination purports to support. Among other things, the Motions contend that: (a) the order confirming the Debtors' plan is void as applied to QPWB under Rule 60(b)(4) because QPWB, an affected party, did not receive proper service of the plan and disclosure statement and was afforded no meaningful opportunity to object to or be heard on the plan; (b) under New Mexico law the punitive damages component of the underlying Sanchez

verdict is attributable to, and must remain connected to, the defendant company that engaged in the punishable conduct, and is not recoverable against defense counsel such as QPWB; and (c) the compensatory liability arising from the Sanchez verdict has already been satisfied and extinguished through the global settlement funded by the insurer, Beazley, leaving no uncompensated compensatory loss recoverable against QPWB. These are not frivolous contentions; they bear directly on whether the Trustee may lawfully pursue QPWB at all, and therefore on whether the examination should proceed on the Trustee's timetable.

8. The records establishing these threshold facts are matters of this Court's own record and of the underlying New Mexico action, and true and correct copies are attached to this Declaration for the Court's convenience: (a) the Special Verdict Form entered in Sanchez v. NuMale Medical Center LLC, et al., No. D-202-CV-2020-06336 (Second Judicial District Court, Bernalillo County, New Mexico), filed on or about November 26, 2024, reflecting a total award of $412,005,149, comprising $37,005,149 in compensatory damages and $375,000,000 in punitive damages assessed against NuMale Corporation (Exhibit A); (b) the global settlement agreement approved by this Court and incorporated into the confirmed Plan, including the provision expressly preserving all claims against QPWB (Exhibit B); (c) the settlement-allocation records reflecting that $37,005,149 of the Beazley settlement was allocated to, and satisfied, the Sanchez compensatory award (Exhibit C); and (d) the allocation of the $108,500,000 in settlement funds paid by Beazley, including the $96,500,000 initial distribution to the Sanchez claimant (Exhibit D). QPWB respectfully requests that the Court take judicial notice of these records pursuant to Federal Rules of Evidence 201(b) and (c).

9. The Trustee himself has represented that the most conservative date on which the limitations period on the estate's claims against QPWB could run is November 23, 2026, and that the examination and production are the predicate for the complaint he intends to file before that date. Hearing the Motions on shortened time, before the October 30, 2026, production deadline and the

November 4, 2026, examination, will permit the Court to decide the threshold questions of the Trustee's authority and the confirmation order's validity in an orderly sequence, without prejudice to any party, and without the need for piecemeal or duplicative proceedings.

10. No party will be prejudiced by hearing the Motions on shortened time. The Trustee has already prepared and filed extensive papers concerning QPWB and is well positioned to respond promptly. By contrast, absent shortened time, the Motions would not be heard until after the examination and production have occurred, defeating the very relief the Motions seek.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 28th day of October, 2026.

*<u>/s/Anthony P. Sgro</u>*
ANTHONY P. SGRO, ESQ.

///

///

///

///

///

///

///

///

///

///

///

///

**II. LEGAL ARGUMENT**

Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(c)(1) in turn permits the Court, "for cause shown," and in its discretion, "with or without motion or notice," to "order the period reduced" when an act is required or allowed to be done within a specified time by the Bankruptcy Rules, a notice, or an order of the court. Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006, in combination with 11 U.S.C. § 105(a) and Rule 9006(c)(1), provides further authority for shortening the time for a hearing and requires that an application for an order shortening time be accompanied by a declaration stating the reasons an expedited hearing is warranted. LR 9006(b).

Good cause exists here. As set forth in the Sgro Declaration, the Court's October 16, 2026 Enforcement Order requires QPWB to produce documents and a privilege log by October 30, 2026 and to produce a witness for a Rule 2004 examination in Nevada on November 4, 2026, both well before the November 17, 2026 setting on the Motions. The Motions raise threshold questions that logically precede the examination: whether the Trustee has authority to assert or prosecute the claims the examination is said to support; whether the Trustee should be removed and his counsel disqualified; and whether the order confirming the plan binds QPWB at all, where QPWB contends it was never properly served and never heard. If those questions are resolved in QPWB's favor, the premise for the examination falls away. Resolving them only after the examination has occurred would afford QPWB no effective relief, because the compelled disclosure of its confidential and privileged information, to the very Trustee and counsel whose authority is challenged, cannot be undone.

Shortening time serves, rather than disrupts, the orderly administration of these cases. A prompt hearing will allow the Court to decide discrete, predominantly legal questions in a logical sequence; will avoid the risk that QPWB is compelled to act under orders that may be void or that

may be set aside; and will work no prejudice to the Trustee, who has already briefed the underlying issues extensively and will have a full and fair opportunity to oppose the Motions. For the same reasons the Court previously found cause to hear the Trustee's own motion to enforce the Rule 2004 order on shortened time, cause exists to hear QPWB's Motions on shortened time now.

## III. CONCLUSION

WHEREFORE, QPWB respectfully requests that the Court enter an order (i) shortening the time for hearing the Rule 60(b) Motion and the Stay Motion so that both may be heard at the earliest date the Court's calendar permits, and in all events before the October 30, 2026 document-production deadline and the November 4, 2026 Rule 2004 examination, or as soon thereafter as the Court can accommodate; (ii) setting corresponding deadlines for any opposition and reply; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 28th day of October, 2026.

Respectfully submitted,

**SGRO & ROGER**

*/s/ Anthony P. Sgro*
Anthony P. Sgro, Esq.
Nevada Bar No. 3811
Colleen N. Savage, Esq
Nevada Bar No. 14947
2901 El Camino Ave., Suite 204
Las Vegas, Nevada 89102
tsgro@sgroandroger.com
csavage@sgroandroger.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2026, I caused the foregoing Ex Parte Application for Order Shortening Time:

- ■ By CM/ECF electronic service on all registered users in these cases;
- ■ By U.S. Mail, first-class postage prepaid, to: [Office of the U.S. Trustee; Michael W. Carmel, Liquidation Trustee; Garman Turner Gordon LLP; Paul, Weiss, Rifkind, Wharton & Garrison LLP; counsel to Sanchez; counsel to Beazley; counsel to NuMale Settling Defendants; ADDRESSES]
- ☐ By email to: [LIST]
- ☐ Other: [____]

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Caitlin Ferguson*
Employee of Sgro and Roger