GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-Mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date:<br>Hearing Time: |

**OPPOSITION TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR (I) MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. (i) FOR RELIEF FROM THE CONFIRMATION ORDER AND RELATED ORDERS UNDER FED. R. CIV. P. 60(B), MADE APPLICABLE BY FED. R. BANKR. P. 9024, AS**

**APPLIED TO QPWB, (ii) TO REMOVE MICHAEL W. CARMEL AS LIQUIDATION TRUSTEE, (iii) TO DISQUALIFY GARMAN TURNER GORDON LLP AS COUNSEL TO THE LIQUIDATION TRUSTEE, AND (iv) FOR RELATED RELIEF; AND (ii) MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. FOR (i) AN ORDER CONFIRMING THAT THE AUTOMATIC STAY AND PLAN INJUNCTION ARE INAPPLICABLE TO ITS PROPOSED DECLARATORY-JUDGMENT ACTION, OR (ii) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION, AND FOR LEAVE UNDER THE BARTON DOCTRINE**

Michael Carmel (the "Trustee"), the Liquidation Trustee of the NuMale Liquidation Trust (the "Trust") and the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel, Garman Turner Gordon LLP ("GTG"), which also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "Individuals"), by and through their counsel of record, Garman Turner Gordon LLP, hereby submits this Opposition (the "Opposition") to *Ex Parte Application for Order Shortening Time to Hear (I) Motion of Quintairos, Prieto, Wood & Boyer, P.A. (i) for Relief from the Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(B), Made Applicable by Fed. R. Bankr. P. 9024, as Applied to QPWB, (ii) to Remove Michael W. Carmel as Liquidation Trustee, (iii) to Disqualify Garman Turner Gordon LLP as Counsel to the Liquidation Trustee and (iv) for Related Relief; and (II) Motion of Quintairos, Prieto, Wood & Boyer, P.A. for (i) an Order Confirming that the Automatic Stay and Plan Injunction are Inapplicable to its Proposed Declaratory-Judgment Action, or (ii) in the Alternative, Relief from the Automatic Stay and Plan Injunction, and for Leave Under the Barton Doctrine* [ECF No. 1086] (the "Application").

This Opposition is made and based upon the Memorandum of Points and Authorities herein; the Declaration of Gregory E. Garman (the "Garman Decl."), filed contemporaneously herewith; as well as the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any further argument and evidence the Court may consider.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

QPWB'S Application is more of the same: obfuscation, omissions, and lies aimed at stymying the Trustee in exercising his fiduciary duties.

QPWB asks this Court to decide, on days' notice, whether the order confirming the Debtors' plan is void as applied to QPWB, whether Michael W. Carmel should be removed as Liquidation Trustee, and whether the Trustee's counsel should be disqualified [ECF Nos. 1007 & 1010] (collectively, the "Sgro Motions"). Those are not scheduling questions. They are among the most consequential motions on this docket, and they have been set for a hearing on November 17, 2026, with the Trustee's oppositions due on November 3, 2026, since filing. Application at 3 ¶ 3. Nothing has changed since QPWB selected that setting except that the Trustee served a Rule 9011 letter with a motion for sanctions; and the approach of two deadlines that have appeared on the face of this Court's Compliance Order since October 19, 2026.

The Application should be denied for four independent reasons. First, QPWB did not comply with Local Rule 9006(a). It did not consult the Trustee or his counsel before filing, did not ask whether the Trustee would consent to a hearing on shortened time, and did not attempt to do either. The Application says nothing at all about consultation — including omitting filing the attorney information sheet it references — because there was none. Second, the Application fails to establish that it will be irreparably prejudiced if the Sgro Motions are not heard on shortened time and it is not to blame for any delay. Third, the Sgro Motions are contested matters in which the Trustee is entitled to take discovery, and the Trustee has served notices of deposition for November 9 and November 11, 2026, directed to the very factual assertions on which the Motions depend. Shortening time would not simply accelerate a hearing; it would eliminate that discovery and deny the Trustee due process.

Fourth, the Sgro Motions are the subject of a motion for sanctions under Federal Rule of Bankruptcy Procedure 9011 that the Trustee has already served on QPWB and its counsel. Garman Decl. ¶ 6, Exs. 1-2). The twenty-one-day period that Rule 9011(c)(2)(B) affords QPWB to



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

withdraw the Sgro Motions has not expired. Hearing and deciding the Sgro Motions within the safe harbor period would deprive the Trustee of the remedy the rule exists to provide.

What QPWB actually complains of — the October 30, 2026 production deadline and the November 4, 2026 examination — is a complaint about the Compliance Order. The Application asks the Court to reach two dispositive motions early in order to solve a discovery problem that QPWB has elsewhere asked the Court to solve directly. The Application should be denied and the Sgro Motions should be heard on November 17, 2026, as noticed.

## II. ARGUMENT

### A. Any OST Would Severely Prejudice the Trustee.

#### 1. The Sgro Motions are contested matters in which the Trustee is entitled to discovery, and the Trustee has noticed depositions for November 9 and November 11, 2026.

The Sgro Motions are contested matters. Federal Rule of Bankruptcy Procedure 9014(c) provides that, "[u]nless this rule or a court order provides otherwise," the rules it enumerates — including Rules 7028 through 7037 — "apply in a contested matter." Fed. R. Bankr. P. 9014(c)(1). Rule 7030 falls within that range and makes Federal Rule of Civil Procedure 30 applicable. The Trustee is therefore entitled to take discovery, including depositions, before the Sgro Motions are heard.

That entitlement is not academic here, because the Sgro Motions rest on contested questions of fact peculiarly within QPWB's knowledge. The Rule 60(b) Motion asserts, among other things, that the confirmation order is void as applied to QPWB "because QPWB, an affected party, did not receive proper service of the plan and disclosure statement and was afforded no meaningful opportunity to object to or be heard on the plan." Application at 4 ¶ 7(a). Whether that is so depends on what QPWB received, at which of its offices, when, and who within the firm saw it — matters established by QPWB's own records and testimony and by the Declaration of Eric Boyer that QPWB filed in support of the Rule 60(b) Motion [ECF No. 1007-2]. The Trustee is entitled to test such factual assertions before the Sgro Motions are adjudicated.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

The Trustee has moved to do exactly that. On October 22, 2026, the Trustee served a Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition of Quintairos, Prieto, Wood & Boyer, P.A., setting the examination of QPWB's designee for November 9, 2026, and a Notice of Deposition of Eric W. Boyer, setting his examination for November 11, 2026. (Garman Decl. ¶¶ 4–5). Both notices are directed expressly to the Sgro Motions. Both depositions are set to be completed before the November 17, 2026 hearing.

Shortening time would eliminate that discovery, and it would compress the Trustee's briefing to the vanishing point. The Application asks that the Motions be heard "at the earliest date the Court's calendar permits, and in all events before the October 30, 2026 (2 days from now) document-production deadline and the November 4, 2026 Rule 2004 examination." Application at 8. On that timetable the Trustee would defend against his own removal and the disqualification of his counsel with two business days in which to write — or orally, with no brief at all — and without having taken either deposition. That is prejudice to the Trustee, and it is precisely the prejudice that the Court must weigh. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015).

QPWB's contrary assertion — that "[n]o party will be prejudiced by hearing the Motions on shortened time" because the Trustee "has already prepared and filed extensive papers concerning QPWB and is well positioned to respond promptly," Application at 6 ¶ 10 — hides the ball from the Court. The Trustee's Motion for Sanctions, as further discussed below, is not the same as responding to the Sgro Motions. Having briefed one dispute does not position a party to defend a different one on two days' notice.

**2. The Trustee served QPWB and Sgro with a Motion for Sanctions under Rule 9011, and the 21-day safe harbor has not expired.**

On October 26, 2026, the Trustee served QPWB and its counsel with a Rule 9011 letter and a Motion for Sanctions under Fed. R. Bankr. P. 9011, 11 U.S.C. § 105, and the Court's Inherent Authority (the "Sanctions Motion"), which seeks a determination that the Sgro Motions violate Rule 9011(b) and an award of the fees the Trustee has incurred in opposing them. (Garman Decl.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

¶ 6, Exs. 1-2). The Sanctions Motion was served, and not filed, because Rule 9011 requires that sequence. *See* Rule 9011(c)(2)(B). The rule affords the served party a defined period in which to reconsider and withdraw. It is a safe harbor for QPWB's benefit. Measured from service, that period expires on November 16, 2026.

The Application would consume the safe harbor before it runs. If the Sgro Motions are heard and decided before November 17, 2026, QPWB will never have been put to the choice the rule contemplates — withdraw the Motions, or answer for them — and the Trustee will never have been permitted to file the Sanctions Motion at all, because the papers it challenges will by then have been adjudicated. Where the practical effect of shortening time is to extinguish an opposing party's ability to seek a sanction the rules expressly afford, that effect is prejudice, and it weighs heavily against departing from the ordinary schedule — all the more so where the movant did not consult the opposing party and did not disclose the circumstance to the Court.

**B. <u>QPWB Fails to Meet its Burden.</u>**

Independent of the local rule, courts in this District require a movant seeking to bypass regular motion procedures to show "(1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief, or at the very least that the crisis occurred because of excusable neglect." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). "It is the creation of the crisis — the necessity for bypassing regular motion procedures — that requires explanation." *Id.* at 1143 (quoting *Mission Power*, 883 F. Supp. at 493). The inquiry asks, "when did the movant become aware of the issue in dispute" and whether the movant was "diligent in attempting to resolve the dispute and/or in bringing that dispute to the Court's attention as soon as practicable." *Id.*

QPWB cannot make either showing. QPWB filed the Sgro Motions earlier this month and set them for hearing on November 17, 2026. *See* Application at 3 ¶ 3. The Compliance Order was entered on October 19, 2026, and set the October 30, 2026 production deadline and the November



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

4, 2026 examination on its face. QPWB has therefore known since October 19 that its production would come due before the hearing date it had selected for its own motions. It waited until the morning of October 28 — two days before the production deadline — to ask the Court to move that hearing, and it did so without a word to the Trustee. A crisis assembled from the movant's own scheduling choices and the passage of time is no reason at all.

QPWB's asserted urgency reduces to a single proposition: that QPWB will have to produce documents on October 30, 2026, and sit for an examination on November 4, 2026, before the Motions are heard. Application at 4 ¶ 6. But that is a complaint about the Compliance Order, and QPWB has a separate pending request addressed to the Compliance Order. Hearing two dispositive motions early is not the remedy for a production deadline.

In any event, this Court has also already weighed the harm QPWB describes. In entering the Compliance Order, the Court found that QPWB "has not shown specific prejudice or harm warranting a protective order, or that compliance would impose undue burden or significant expense," and that QPWB's "confidentiality and privilege concerns are addressed by paragraphs 3 and 4" of that order. Compliance Order ¶ H. Paragraph 4 directs the parties to meet and confer regarding a protective order, permits QPWB to designate material as confidential, requires that any public use of designated material be filed under seal, and provides that "[n]o dispute concerning the terms of a protective order or confidentiality designation shall delay production as required by this Order." *Id.* ¶ 4. The Trustee has done what paragraph 4 contemplates: he provided QPWB a proposed stipulated protective order on October 25, 2026, and the parties have since exchanged revised drafts. (Garman Decl. ¶ 7).

### C. <u>QPWB Did Not Comply with Local Rule 9006(a), Which Requires Consultation or an Account of Attempted Consultation.</u>

Local Rule 9006 governs applications to shorten time. Subsection (a) requires that "every motion for an order shortening time and notice of hearing thereof must be filed as a single document and be accompanied by an affidavit or declaration containing the facts and circumstances as to why cause exists for an expedited hearing," together with a copy of the



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

underlying motion and an "Attorney Information Sheet For Proposed Order Shortening Time and Notice of Hearing," or similar statement, indicating the following:

> (1) Whether opposing counsel and other interested parties and persons were consulted regarding the proposed order shortening time;
> (2) Whether opposing counsel or other persons consent to a hearing on shortened time;
> (3) The date counsel or other persons were consulted;
> (4) How the consultation was accomplished or, if counsel or other persons were not consulted, how the moving party attempted to consult with that person or persons;
> (5) The estimated time for the hearing; and
> (6) The date beyond which relief would no longer be necessary.

LR 9006(a)(1)–(6).

QPWB satisfied none of subparagraphs (1) through (4). Before QPWB filed the Application on the morning of October 28, 2026, neither QPWB nor any of its counsel contacted the Trustee, GTG, or any attorney at GTG — by telephone, electronic mail, letter, carrier pigeon, or any other means — to discuss a hearing on shortened time, to ask whether the Trustee would consent, or to attempt to do either. (Garman Decl. ¶ 3). The Sgro Declaration, which constitutes the entirety of the Application's evidentiary support, addresses the Compliance Order, the merits of the Motions, and the allocation of the Beazley settlement. It is silent as to consultation. *See* Application at 3–6.

A movant that neither consulted nor attempted to consult has not complied with Rule 9006. That QPWB styled its request as an "Ex Parte Application" does not supply the missing element; Local Rule 9006(a) imposes the consultation requirement on every motion for an order shortening time, and an applicant cannot escape it by captioning the application ex parte. The Application should be denied for failure to comply with the Local Rules.

## III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny the Application and set the Sgro Motions for the hearing on November 17, 2026, as initially set and noticed by Movant.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

Dated this 28th day of October, 2026.

GARMAN TURNER GORDON LLP

By: _/s/ Gregory E. Garman_
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*