# EXHIBIT B

EXHIBIT B

**MODIFIED NEVADA SUBPOENA REQUESTS FOR PRODUCTION**

1. QPWB's articles of incorporation, shareholder agreements, stock purchase, redemption, or buy-sell agreements, and all amendments, in effect at any time during the Transfer Period.

2. Documents sufficient to show the formation, ownership, and function of any entity using the name "Quintairos, Prieto, Wood & Boyer" or any variation (including any professional corporation, P.C., or PLLC) or any Affiliate, and each payment between QPWB and any such entity during the Transfer Period.

Requests 3, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 17 replaced with the following single request:

For the 80 to 100 attorneys described by QPWB as "rainmakers" or as heads of "business units" within QPWB, produce the: (i) agreement between QPWB and such lawyer(s) governing their compensation and other rights with respect to QPWB; and (ii) Documents sufficient to identify their aggregate compensation in 2024, 2025, and year to date 2026.

4. Documents sufficient to show the composition of QPWB's board of directors and its executive, management, operating, and compensation committees for each year from January 1, 2022 through the present, and the individual or body with authority to approve year-end or residual-profit distributions during that period.

5. QPWB's stock ledger, stock transfer records, shareholder register, capitalization tables, and share certificates (or Documents sufficient to show the information they contain) reflecting (a) each holder of any share or other equity interest in QPWB at any time during the Transfer Period; (b) the number and class of shares, or percentage interest, held by each; and (c) each issuance, redemption, repurchase, transfer, or pledge of any share or equity interest, including its date and the consideration paid.

6. Documents sufficient to show, at any time during the Transfer Period, who served as (a) an officer or director of QPWB; (b) a member of any executive, management, operating, or compensation committee of QPWB; (c) a managing partner or office managing partner of any QPWB office; or (d) a practice group leader, chair, or co-chair at QPWB.

[Requests 7 through 14 replaced as set forth above.]

15. All loan, credit facility, and line-of-credit agreements to which QPWB was a party during the Transfer Period, with all compliance certificates, borrowing-base certificates, financial covenant calculations, guaranties (including any personal guaranty by a Covered Lawyer), and notices of default, together with Documents sufficient to show each deposit account held by QPWB during the Transfer Period (institution and last four digits of account number).

[Requests 16 and 17 replaced as set forth above.]

18. All notices of claim, notices of circumstances, or tenders to any insurer relating to the Sanchez Action, any NuMale Defendant, or the Quintairos Claims, and all non-privileged Communications with any insurer or insurance broker relating to the tender, notice, or coverage of those matters.

19. All reservation-of-rights letters, coverage position letters, and denials of coverage issued by any insurer relating to the Sanchez Action, any NuMale Defendant, or the Quintairos Claims, and any coverage litigation or coverage analysis relating to them.

20. Documents sufficient to show the date on which each member of QPWB's executive or management committee, each officer and director, and QPWB's general counsel first learned of (a) the jury verdict in the Sanchez Action; (b) any assertion by or on behalf of a NuMale Defendant that QPWB committed malpractice or breached a duty (including Dr. Asandra's November 20, 2024 e-mail and Arash Homampour's December 10, 2024 correspondence); and (c) the Trustee's assertion of the Quintairos Claims.

[Requests 21, 22, and 23 withdrawn]

24. All conflict waivers, informed-consent Documents, joint-representation disclosures or advisements (including drafts and unsigned versions) provided to, requested from, or executed by any NuMale Defendant, and all Communications relating to whether any such waiver or consent was necessary, requested, or obtained.

25. Documents sufficient to show, for the Representation Period, the QPWB attorney(s) with supervisory responsibility for the Sanchez Action, the QPWB office(s) and practice group(s) to which they were assigned, and the managing partner and practice group leader of each.

[Requests 26, 27, and 28 withdrawn]

29. All Documents relating to the Joint Defense Agreement between Stephen Chapman, PA-C and the NuMale entities, including all drafts, executed versions, and Communications with Beazley relating to its preparation.

30. For the period November 1, 2024 through the present, all Documents relating to the Rael Order that refer to the Sanchez Action or any NuMale Defendant, or that relate to any change in QPWB's policies or practices concerning conflicts of interest in joint representations, together with Documents sufficient to show whether and when QPWB disclosed the Rael Order to any NuMale Defendant or to Beazley.

31. All Documents reflecting any evaluation, valuation, verdict-range analysis, or settlement recommendation by QPWB relating to the Sanchez Action, including Documents reflecting the basis for any recommendation that the matter be settled for $950,000 or any other amount, and all

Documents reflecting any communication of such evaluation or recommendation to Beazley or to any NuMale Defendant.

32. All Documents relating to (a) the Stipulation of the Parties regarding vicarious liability proposed on or about November 8, 2024 and filed November 22, 2024; (b) the stipulated special verdict form; and (c) the stipulated final jury instructions in the Sanchez Action, including all Communications with any NuMale Defendant or Beazley regarding whether to enter into each stipulation.

33. All Documents constituting or relating to the "numerous pieces of evidence which completely absolve QPWB from any liability" referenced in the letter dated September 14, 2026 from Anthony P. Sgro, Esq. of Sgro & Roger, on behalf of QPWB, to Gregory E. Garman, Esq.