GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-Mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | | Lead Case No.: 25-10341-nmc<br>Chapter 11 |
| NUMALE CORPORATION, | | *Jointly administered with:* |
| AFFECTS THIS DEBTOR, | ☐ | Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc |
| AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | NuMedical SC<br>Case No. 25-10343-nmc |
| NUMEDICAL SC, | ☐ | NuMale Colorado SC<br>Case No. 25-10344-nmc |
| NUMALE COLORADO SC, | ☐ | NuMale Florida TB PLLC<br>Case No. 25-10345-nmc |
| NUMALE FLORIDA TB PLLC, | ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| NUMALE NEBRASKA LLC, | ☐ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| NUMALE NEW MEXICO SC, | ☐ | |
| NUMALE ALL DEBTORS, | ☒ | Hearing Date: October 29, 2026<br>Hearing Time: 11:30 a.m. |
| Debtors. | | |

**DECLARATION OF TALITHA GRAY KOZLOWSKI, ESQ. IN SUPPORT OF OPPOSITION TO QUINTAIROS, PRIETO, WOOD & BOYER P.A.'S EMERGENCY MOTION FOR STAY OF ORDER PENDING APPEAL, OR, ALTERNATIVELY, <u>TEMPORARY STAY</u>**



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

I, Talitha Gray Kozlowski, Esq., declare as follows:

1. I am over the age of eighteen years and competent to testify on the matters set forth herein. I am an attorney licensed to practice law in the State of Nevada and am a partner with Garman Turner Gordon LLP ("GTG"), counsel to Michael Carmel, the Liquidation Trustee of the NuMale Liquidation Trust (the "Trustee"). GTG also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "Individuals"). I have personal knowledge of the facts stated in this declaration, except where stated on information and belief, and could testify competently to them if called as a witness. Capitalized terms not defined herein have the meanings given to them in the *Opposition to Quintairos, Prieto, Wood & Boyer, P.A.'s Emergency Motion for Stay of Order Pending Appeal, or Alternatively, Temporary Stay* (the "Opposition"), filed contemporaneously herewith.

2. On October 7, 2026, the Trustee replaced eleven financial requests with two. Those two requests reach only the attorneys *QPWB itself* identified as its "rainmakers" or heads of "business units," and ask for (i) the agreements governing their compensation and (ii) documents *sufficient to identify* their compensation for 2024, 2025, and year-to-date 2026. ECF No. 1015, at 9–10, 17. That *is not* a demand for personnel files, payroll registers, W-2s, or benefits records. It is not even a request for inherently protected information (for which the Trustee has provided a proposed protective order in any event). It is a request for QPWB's own business records (not the individuals), *i.e.*, its contracts and a firm-generated summary of firm-level payouts — information QPWB has readily available as it already offered to provide it in anonymized form.

3. The Trustee proposed an even more restrictive protective order that is market norm on October 25, 2026, which is being negotiated, and an expected agreed form of protective order will be submitted shortly.

4. In response to the Trustee's repeated requests for QPWB to turn over the entire client file, Mr. Alvarez (associated with the following QPWB offices according to its website: Dallas, Texas, Albuquerque, New Mexico) sent a series of emails, including on February 5, 2026 and February 19, 2026, producing documents related to the Sanchez Action to the Trustee. In each



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

email, Mr. Alvarez's signature block indicates his office is in Dallas, Texas — not Florida. True and correct copies are attached hereto as **Exhibits 1** and **2**.

5. During a meet and confer call discussing the Enforcement Order, QPWB's Nevada counsel indicated that it had the complete NuMale client file from the Sanchez Action—necessarily including documents responsive to the Nevada Subpoena. Thus, these documents are in Nevada counsel's possession.

6. While Ms. Chavez was working at the Albuquerque, New Mexico QPWB office, she was apparently able to access and modify the file, as she (inexplicably) billed 6.9 hours for *removing* documents before the NuMale client file was provided to the clients, as detailed below in the QPWB billing records produced to the Trustee

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 03/21/25 | EC9 | Examine and analyze emails between counsel and clients on Litify to remove internal communications for production of client file to clients. | L320 | A104 | 2.70 | 190.00 | 513.00 |
| 03/21/25 | EC9 | Examine and analyze emails to and from others on Litify to remove internal communications for production of client file to clients. | L320 | A104 | 2.90 | 190.00 | 551.00 |
| 03/21/25 | EC9 | Examine and analyze emails to and from opposing counsel on Litify to remove internal communications for production of client file to clients. | L320 | A104 | 1.30 | 190.00 | 247.00 |

7. The most recent draft of the Proposed Protective Order, which incorporates comments from the Trustee and QPWB's counsel, is filed herewith, as **Exhibit 3**.

8. On October 26, 2026, the Trustee issued a Rule 9011 letter accompanied by the proposed sanctions motion to Sgro Roger and QPWB for its frivolous filings made for an improper purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October, 2026.

*/s/ Talitha Gray Kozlowski*
TALITHA GRAY KOZLOWSKI, ESQ.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126