# EXHIBIT 1

EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-Mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐ | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC |



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

| | |
|---|---|
| NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: October 29, 2026<br>Hearing Time: 11:30 a.m. |

**ORDER DENYING QUINTAIROS, PRIETO, WOOD & BOYER P.A.'S EMERGENCY MOTION FOR STAY OF ORDER PENDING APPEAL, OR, ALTERNATIVELY, TEMPORARY STAY**

The Court considered Quintairos, Prieto, Wood & Boyer P.A.'s *Emergency Motion for Stay of Order Pending Appeal, or, Alternatively, Temporary Stay* [ECF No. 1057] (the "Stay Motion")[1] filed by Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), and the Declaration of Eric Boyer on which it relies [ECF No. 1028, Ex. A] (the "Boyer Declaration"); and the opposition to the Stay Motion and the supplemental declaration of Talitha Gray Kozlowski in support thereof filed by Michael Carmel (the "Trustee"), the Trustee of the NuMale Liquidation Trust (the "Trust"). The Court, having held a hearing on the Stay Motion on October 29, 2026, pursuant to its Order Shortening Time [ECF No. 1074], at which appearances were noted on the record; the Court having determined that notice of the Stay Motion and the hearing was proper and sufficient under the circumstances; and good cause appearing therefor:

**THE COURT HEREBY FINDS AND CONCLUDES** as follows:

A. On October 19, 2026, the Court entered its *Order Granting Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at Its Nevada Office and Denying Countermotion to Quash Subpoena and for Protective Order* [ECF No. 1046] (the "Compliance Order"). The Compliance Order directs QPWB to produce all documents responsive to the Modified Nevada Subpoena, and to serve any privilege log, on or before October 30, 2026, and to produce its person most knowledgeable for examination on or before November 4, 2026. Compliance Order ¶¶ 1–3. QPWB has appealed the

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Compliance Order (as defined below).



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

Compliance Order and sought leave from the Nevada District Court to file its interlocutory appeal. Stay Motion ¶ 17. The Stay Motion seeks a stay of the Compliance Order pending appeal under Fed. R. Bankr. P. 8007 or, alternatively, a temporary stay of the compliance deadlines set forth in the Compliance Order to permit QPWB to seek a stay from the Nevada District. Stay Motion at 1–2, 15.

B. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. A party ordinarily must move first in the bankruptcy court for a stay of an order pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A). The Court further retained jurisdiction to interpret and enforce the Compliance Order. Compliance Order at 5.

C. A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). It is an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at 433–34. In deciding whether to grant a stay, courts consider (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the most critical. *Nken*, 556 U.S. at 434.

D. Under the Ninth Circuit's approach, the stay factors are balanced, but the movant must, at a minimum, show that irreparable harm is probable if a stay is not granted. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam). If the movant does not make that threshold showing, a stay may not issue, regardless of the movant's showing on the remaining factors. *Id.* at 965; *Doe #1 v. Trump*, 957 F.3d 1050, 1062 (9th Cir. 2020). "[S]imply showing some 'possibility of irreparable injury'" does not satisfy this factor. *Nken*, 556 U.S. at 434–35 (citation omitted).

E. QPWB has not shown that irreparable harm is probable absent a stay. QPWB's showing rests on the Boyer Declaration, which QPWB previously filed in opposition to the Trustee's *Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the*



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

*Subpoena Issued to Quintaiors, Prieto, Wood & Boyer, P.A.* [ECF No. 1046] (the "Motion to Enforce") and which the Court considered before entering the Compliance Order. Stay Motion at 2. In the Compliance Order, the Court found that QPWB had not shown specific prejudice or harm warranting a protective order, and that QPWB's confidentiality and privilege concerns were addressed by paragraphs 3 and 4 of the Compliance Order. Compliance Order ¶ H. The Stay Motion presents no additional evidence warranting a different conclusion.

F. The Compliance Order permits QPWB to designate any document it deems confidential as "confidential," requires that any public use of a designated document be filed under seal, and directs QPWB and the Trustee to meet and confer regarding a protective order. Compliance Order ¶ 4. On October 25, 2026, the Trustee tendered to QPWB a proposed stipulated protective order that, among other things, limits the use of designated material to the examination, the administration of the Trust, and the Trust's claims; restricts the persons to whom designated material may be disclosed; bars disclosure of designated material to creditors and beneficiaries of the Trust; and requires that designated material be filed under seal. ECF No. 1071 ¶ 3 & Ex. 2. The Trustee and QPWB have further negotiated the proposed protective order. Supp. Gray Kozlowski Decl., Ex. 3 These protections address the confidentiality concerns on which QPWB relies.

G. QPWB contends that it will be injured by the disclosure of the information to the Trustee and the Trustee's use of it to potentially prosecute claims. Stay Motion at 13. The Trustee is the representative of the Debtors and the Estates with respect to the Quintairos Claims preserved under the Plan, and the Rule 2004 Order authorizes the examination of QPWB to investigate those claims. Compliance Order ¶¶ A, C, F. Use of information obtained through a Court-authorized examination for its authorized purpose is not irreparable harm. Nor is the prospect that information produced may be used to evaluate or assert claims against QPWB or others. "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974).



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

H. Because QPWB has not made the threshold showing of probable irreparable harm, a stay may not issue regardless of QPWB's showing on the remaining factors. *Leiva-Perez*, 640 F.3d at 965. The Court nevertheless finds that the remaining factors also weigh against a stay.

I. QPWB has not made a showing that it is likely to succeed on the merits, nor has it shown a substantial case for relief on the merits. The arguments presented in the Stay Motion were presented in QPWB's opposition and countermotion [ECF No. 1028], were addressed at the October 16, 2026 hearing, and were resolved in the Compliance Order. Compliance Order ¶¶ D–I. Civil Rule 45(c) permits a subpoena to command compliance within 100 miles of where the subpoenaed person "regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A), (c)(2)(A), and QPWB does not dispute that it maintains the Henderson Office. Compliance Order ¶ D. QPWB acknowledges that the subpoena commanding compliance in Florida has been withdrawn, Stay Motion ¶ 16, and QPWB identifies no motion concerning the Trustee's subpoenas that remains pending in any other court.

J. The Trustee has established that a stay would injure the Trust and its beneficiaries. The Plan preserves for the Trust all of the Debtors' and the Estates' Causes of Action against QPWB and its attorneys, employees, Insiders, and Affiliates, and vests the Trust with the Estates' rights to conduct examinations under Bankruptcy Rule 2004. Compliance Order ¶ A. A stay pending resolution of QPWB's appeal would suspend the Court-authorized investigation of the preserved claims during that period.

K. The public interest favors the prompt and efficient administration of bankruptcy estates, including the investigation of claims preserved for the benefit of creditors under a confirmed plan, and compliance with this Court's orders. Denial of a stay does not foreclose QPWB's pursuit of its appeal, and the confidentiality interests QPWB invokes are addressed by the Compliance Order and the Proposed Protective Order.

L. QPWB's alternative request for a temporary stay of the compliance deadlines set forth in the Compliance Order is governed by the same considerations and is denied for the same reasons. Because the Stay Motion is denied, the Court does not reach QPWB's request that no



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126

bond be required.

M. The Court finds the Trustee's additional analysis in its Opposition compelling and further supports denial of the Stay Motion.

N. Nothing herein shall constitute a determination by this Court as to the merits of any potential claim being investigated by the Trustee or the pending Rule 60(b) Motion filed by QPWB [ECF No. 1007].

O. Any finding of fact that constitutes a conclusion of law is adopted as such, and any conclusion of law that constitutes a finding of fact is adopted as such.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. The Stay Motion is denied in its entirety.
2. The Compliance Order remains in full force and effect.
3. This Court retains jurisdiction to interpret and enforce this Order.

**IT IS SO ORDERED.**



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(702)-483-6126