Honorable Natalie M. Cox
United States Bankruptcy Judge

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**STIPULATED PROTECTIVE ORDER**

Before the Court is this *Stipulated Protective Order* by and between Michael W. Carmel, the Liquidating Trustee of the NuMale Liquidating Trust (the "Trustee") and Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB" and, together with the Trustee, the "Parties"), by and through their respective counsel of record.[1] The Parties request entry of this order (the "Order"), agreed pursuant to paragraph 4 of the Order Granting Amended Motion to Enforce Rule 2004 Order and Compel Compliance with the Subpoena Issued to Quintairos, Prieto, Wood & Boyer, P.A. at its Nevada Office and Denying Countermotion to Quash Subpoena and for Protective Order [ECF No. 1046] (the "Compliance Order"), and subject to the reservation of rights set forth in paragraph 33, to govern documents, information, and testimony produced or given in connection with the order authorizing the Rule 2004 examination of QPWB [ECF No. 972], the subpoena served on QPWB at its Nevada office [ECF No. 994], as modified (the "Subpoena"), and the examination of QPWB under Fed. R. Bankr. P. 2004 (the "Examination").

The Parties agree that this Order is appropriate to: (i) expedite the flow of discovery materials that may contain confidential personnel, compensation, ownership, financial, or other proprietary commercial information; (ii) facilitate the prompt resolution of future disputes over the confidentiality of such materials; (iii) protect materials that the Parties are entitled or obligated to keep confidential; (iv) ensure that only such materials are subject to such treatment; and (v) ensure that the Parties are permitted, as reasonably necessary, to use such materials as contemplated herein and in the Compliance Order. Finding good cause for entry of this Order:

Documents and information designated as PROTECTED INFORMATION (as set forth below) that are contained in QPWB's production compelled by the Compliance Order or under the Subpoena, or that are otherwise produced to the Trustee, shall be afforded the protections of this Order as set forth below.

---

[1] Garman Turner Gordon LLP, counsel to the Trustee, also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam (collectively, the "NuMale Individuals") in actions against QPWB and its attorneys. The NuMale Individuals are not Parties to this Order or to the relief requested herein.

**IT IS HEREBY ORDERED THAT:**

The following definitions shall apply to the terms of this Order:

A. The term "PROTECTED INFORMATION" shall mean information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, any deposition testimony, testimony given at the Examination, exhibits used at any deposition, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated by the producing Party as, and bears the label, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ ATTORNEY'S EYES ONLY" in accordance with this Order.

B. The term "material" shall include, but shall not be limited to: documents, agreements, correspondence, memoranda, bulletins, personnel files, employment and compensation agreements, payroll and compensation records, tax returns, financial statements, ownership and capitalization records, emails, PowerPoint presentations, invoices, minutes, letters, statements, cancelled checks, contracts, invoices, drafts, books of account, worksheets, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated into reasonably usable form through detection devices, notes, reports, instructions, disclosures, and other writings.

C. For purposes of this Order, the term "document" is used in the broadest possible sense and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, or otherwise recorded or tangible matter, however produced or reproduced, and all writings, recordings, photographs, and records, whether on paper, magnetic tape or other information storage means, including film, computer memory devices, and electronic mail (e-mail).

D. The term "<u>Oral Testimony</u>" means any oral or written testimony provided at any deposition, examination, hearing, or other proceeding.

E. The term "<u>Discovery Responses</u>" means any response to a subpoena, document request, request for production, interrogatory, request for production, or other written discovery response.

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

F. The term "counsel" or "attorneys" shall mean: (a) outside counsel of record, and including any such other attorneys, paralegals, secretaries, copy vendors, and other support staff employed by the law firms identified below:

- Garman Turner Gordon LLP
- Snell & Wilmer L.L.P.

(collectively, "Outside Counsel"); and (b) in-house counsel employed by a Party ("In-House Counsel").

G. The term "Debtors" means the collective debtors in the jointly administered bankruptcy of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, Numale Florida TB PLLC, Numale Nebraska LLC, and Numale New Mexico SC in the Bankruptcy Court for the U.S. D. Nevada Lead Case No.: 25-10341-nmc.

H. "Trustee" refers to Michael W. Carmel, the Liquidating Trustee of the NuMale Liquidating Trust

I. "QPWB" refers to Quintairos, Prieto, Wood & Boyer, P.A.

J. Together, the Trustee and QPWB are the "Parties" and "Party" shall reference to either individually.

K. The term "Trust Claims" shall mean the claims and causes of action held by or investigated and prosecuted by the Trustee, including the Quintairos Claims (as defined in the Plan), against QPWB and its attorneys, employees, Insiders, and Affiliates, as those claims are preserved by section 1.1.114 of the Plan.

L. The term "Client File Materials" shall mean documents constituting or contained in QPWB's file for its representation of any of the Debtors and the NuMale Individuals in *Michael Sanchez v. NuMale Medical Center LLC, et al.*, Case No. D-202-CV-2020-06336 (N.M. 2d Jud. Dist. Ct.), including communications between QPWB and any of the Debtors or the NuMale Individuals; *provided, however*, that Client File Materials shall not include Internal QPWB Communications not produced prior to the date of the entry of this Order, subject to the reservation in Paragraph N below. For the avoidance of doubt, any Internal QPWB Communications produced

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

to the Trustee prior to the entry of this Order, constitute Client File Materials.

M. The term "Pleading Information" shall mean, as to any person which the Trustee intends to pursue a Trust Claim, (i) that person's name and state of residence; (ii) the fact that the person received transfers, payments, distributions, or other compensation from QPWB, and the period during which they were received; and (iii) a general description of the facts and legal theories and the elements of the Trust Claims asserted against the person, not to exceed the level of generality reasonably necessary to satisfy Fed. R. Civ. P. 8 and 9(b) (or the applicable pleading standard in the court in which the Subsequent Action is pending), *provided, however*, that Pleading Information shall not include (i) exact transfer amounts, account numbers, or other specific financial information; (ii) any quotation, excerpt, paraphrase, or summary of the contents of any document or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY"; (iii) any information as to which QPWB has asserted attorney-client privilege or work-product protection; (iv) the terms of any compensation, employment, ownership, or other agreement; or (v) any information concerning QPWB's clients (other than the Debtors), personnel evaluations, or internal firm governance (collectively the "Protected Pleading Information"). To the extent the Protected Pleading Information is used to pursue a Trust Claim, the Trustee will take all steps reasonably necessary to file such information under seal. Pleading Information shall be construed narrowly, and any doubt as to whether information constitutes Pleading Information shall be resolved in favor of treating it as Protected Pleading Information.

N. The term "Internal QPWB Communications" shall mean documents or materials consisting of communications, including emails, memoranda, and notes, exchanged solely among QPWB's attorneys, employees, or agents and not sent to or received from any of the Debtors, the NuMale Individuals, or any other third-party. For avoidance of doubt, any communications, including emails, memoranda, and notes already produced prior to the entry of this Order do not constitute Internal QPWB Communications and the Trustee reserved the right to compel turnover of such documents or materials to the extent they constitute Client File Materials.

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

O. The term "Plan" means the chapter 11 Joint Plan of Reorganization filed in the above-captioned cases at ECF No. 434, which was confirmed on October 7, 2025 at ECF Nos. 726-727.

## **SCOPE**

A. This Stipulated Protective Order applies to all:

i. Documents, materials, items, information, exhibits, Discovery Responses, or Oral Testimony that a Party designates as PROTECTED INFORMATION;

ii. Documents, materials, items, information, exhibits, Discovery Responses, or Oral Testimony that otherwise constitute or contain information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL/ ATTORNEY'S EYES ONLY;

iii. Documents, materials, Discovery Responses, or Oral Testimony that QPWB produces or discloses to the Trustee in response to the Subpoena;

iv. Current or future Discovery Responses, Oral Testimony, or other responses to any subpoena, Rule 2004 Discovery, or other discovery between the Parties;

v. Any future discovery, litigation, or other proceeding between the Parties regarding the Trust Claims;

vi. And communications between counsel, the Parties, or any combination thereof regarding any of the above.

## **AGREED TERMS**

1. Designation. When a Party produces or discloses any documents, material or information through discovery responses, subpoena responses, or otherwise, and a Party believes it should be considered PROTECTED INFORMATION, any Party may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" by so marking the materials. A Party shall designate material "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" only if the Party believes, in good faith, that disclosure to persons other than those identified in paragraph 5 would cause specific harm to the Party or to the persons whose information is disclosed.

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

a) Any Party may designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" to protect against the unrestricted disclosure of information that could be prejudicial to the business or operations of such Party or that is subject to a non-disclosure agreement between either of the Parties and a third-party. No Party may designate Client File Materials as PROTECTED INFORMATION; *provided, however*, that QPWB may designate Internal QPWB Communications as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," but only if produced for the first time after the entry of this Order.

2. Dissimilar Designations. In the event that a Party inadvertently produces two or more identical copies of any material with dissimilar designations, once such a discrepancy is discovered, all copies of that material shall be treated in accordance with the most restrictive confidentiality designation used for such material.

3. Depositions, Examinations, Hearings, or other Proceedings. Whenever a deposition, examination, hearing, or other proceeding takes place where testimony involves a disclosure of PROTECTED INFORMATION of any Party:

(a) relevant portions thereof may be designated as containing PROTECTED INFORMATION subject to the provisions of this Order; such designation shall be made on the record, but a Party may designate portions of depositions as containing PROTECTED INFORMATION after transcription of the proceedings. A Party shall have until seven (7) calendar days after receipt of the rough draft of such transcript to inform the other Party of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY";

(b) the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," as appropriate, or any other individual by agreement of the Parties; and

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

(c) the disclosing Party will have the right to exclude from attendance at the deposition or the Examination, during such time as the PROTECTED INFORMATION is to be disclosed, any person other than the deponent, the Parties, Outside Counsel (including their staff and associates), In-House Counsel, the court reporter and videographer, and the persons authorized under paragraph 4 or 5, as applicable.

4. Confidential. Except as otherwise indicated in this Order, information designated "CONFIDENTIAL" shall be viewed only by the individuals listed below:

(a) Outside Counsel (as defined in Paragraph F) of the receiving Party including their staff;

(b) Outside experts and consultants, such as independent accountants, statisticians, economists, or technical experts, retained by a Party or its attorneys of record in connection with the Examination or the Trust Claims for the purpose of developing a litigation strategy or serving as an expert witness, provided each such individual has read this Order in advance of disclosure and has agreed in writing (according to the form attached at Attachment A) to be bound by its terms;

(c) The Trustee, In-House Counsel, the officers and directors of QPWB, and professionals retained by a Party (other than Outside Counsel and the persons described in subparagraph (b)), provided each such professional has agreed in writing (according to the form attached at Attachment A) to be bound by this Order; and

(d) Personnel of the Parties with whom counsel for a Party finds it necessary to consult, in the discretion of such counsel, in connection with the Examination or the Trust Claims, provided each such individual has read this Order in advance of disclosure and has agreed in writing (according to the form attached at Attachment A) to be bound by its terms.

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

5. Highly Confidential/Attorney's Eyes Only. Except as otherwise indicated in this Order, information designated "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" shall be viewed only by the individuals listed below:

(a) Outside Counsel (as defined in Paragraph F) of the receiving Party;

(b) The Trustee and In-House Counsel;

(c) Outside experts and consultants, such as independent accountants, statisticians, economists, or technical experts, retained by a Party or its attorneys of record in connection with the Examination or the Trust Claims for the purpose of developing a litigation strategy or serving as an expert witness, provided each such individual has read this Order in advance of disclosure and has agreed in writing (according to the form attached at Attachment A) to be bound by its terms; and

(d) The Court, pursuant to the procedures detailed in paragraph 15.

6. Authorship. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," any person indicated on the face of the document to be its originator, its author, or a recipient of a copy thereof may be shown the same if the document was produced by a Party.

7. Permitted Third-Party Disclosure. Personnel of third-party vendors engaged by a Party or by counsel for purposes of the following activities may have access to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY": (i) the coding, imaging, duplication, or other management of documents produced in connection with the Examination or the Subpoena; (ii) the translation of any foreign language document or testimony; and (iii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial. However, such personnel shall execute the form attached hereto as Attachment A before receiving access to PROTECTED INFORMATION.

8. Permitted Use. PROTECTED INFORMATION shall not be disclosed by the receiving Party to anyone other than those persons specifically identified in this Order, shall be handled in the manner set forth below, and, in any event, shall not be used for any purpose other than the: (i) categories outlined in the Scope of this Order, (ii) administration of the Trust and the

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

above-captioned cases, and (iii) investigation, evaluation, prosecution, defense, and settlement of the Trust Claims, including in any suit or motion practice brought by or against the Trust (each, a "Subsequent Action"), unless and until such designation is removed either by agreement of the Parties or by order of the Court. Any other use is a violation of this Order unless agreed to in writing by the Parties or otherwise ordered by this Court. PROTECTED INFORMATION shall not be disclosed to any creditor or beneficiary of the Trust, including Michael Sanchez and the NuMale Individuals, or to their counsel, except as permitted by paragraph 6 or by order of the Court. Notwithstanding the foregoing, the receiving Party may use PROTECTED INFORMATION as provided in paragraph 31.

9. Custody. All information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" by the producing or disclosing Party, and any and all reproductions thereof, shall be retained in the custody of Outside Counsel for the receiving Party, except that independent experts or consultants authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in the Examination or the Trust Claims, and persons identified under paragraph 7 may take possession of the PROTECTED INFORMATION as needed to perform their duties.

10. Inadvertent Disclosure. All PROTECTED INFORMATION shall be held in confidence by those inspecting or receiving it and shall be used only for the purposes permitted by paragraph 8. Counsel for each Party and any other person authorized to receive PROTECTED INFORMATION shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If PROTECTED INFORMATION is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Party and, without prejudice to any rights and remedies of the other Party, make every effort to obtain the return of all copies of the PROTECTED INFORMATION and to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

11. Designation After Disclosure. If a Party, through inadvertence, produces any PROTECTED INFORMATION without labeling or marking or otherwise designating it as such

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

in accordance with this Order, the designating Party may give written notice to the receiving Party that the document or thing produced is deemed PROTECTED INFORMATION, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving Party must treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials before receiving the designation, the receiving Party must notify the designating Party in writing of each such disclosure. Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY." No Party shall be responsible to another Party for disclosure of PROTECTED INFORMATION under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12. Third-Party Production. A third-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" pursuant to the terms of this Order. A third-party's use of this Order to protect its information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" does not entitle that third-party to access information so designated by any other Party.

13. Public and Prior Knowledge. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated PROTECTED INFORMATION; (b) the producing and receiving Parties agree, or the Court rules, is already public knowledge; (c) the producing and receiving Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving Party's legitimate knowledge independently of the production by the producing Party. Prior knowledge must be established by documentation that pre-dates the document production; in such instance, the restrictions and obligations in this Order shall not be deemed to prohibit discussions of any

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

PROTECTED INFORMATION with anyone if that person already has or obtains legitimate possession thereof.

14. Objection to Designation. At any stage of these proceedings, any Party may object to a designation of materials as PROTECTED INFORMATION, including any dispute whether information constitutes Pleading Information under paragraph 31, and any dispute regarding restrictions on who may attend depositions or other proceedings, specifically including the NuMale Individuals. The Party objecting to such designation shall notify counsel for the designating Party in writing of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the Parties within seven (7) calendar days of receipt of such a notice of objection, the objecting Party may move the Court for a ruling on the objection. The materials at issue shall be treated as PROTECTED INFORMATION, as designated by the designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved. A Party shall not be obligated to challenge the propriety of a designation of materials as PROTECTED INFORMATION at the time made, and a failure to do so shall not preclude a subsequent challenge thereto and shall not be used as evidence that such information should be deemed protected. In any such motion, the designating Party bears the burden of establishing that the challenged designation is appropriate.

15. Filing and Submission. The Parties will follow and abide by applicable law, including Local Rules, with respect to filing documents under seal in this Court. Except as provided in paragraph 31, if any Party wishes to submit to the Court exhibits, transcripts of depositions, exhibits used during any deposition, answers to interrogatories, pleadings, briefs, and other documents which have been designated and marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" or which contain PROTECTED INFORMATION, including summaries, compilations, or extracts of documents marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" or containing PROTECTED INFORMATION, the Party shall move the Court for a sealing order under LR 9018. The Parties (i) consent to any request for an order shortening time if a hearing is required for any motion to file under seal, and (ii) agree not to object to any request to file a

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

document under seal unless an objection to the designation was previously made under Paragraph 14. If a sealing order is issued, all documents marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" or containing PROTECTED INFORMATION shall be filed under seal in accordance with LR 9018 and the Court's electronic filing procedures. In addition, the Parties agree that the Court may provide protections for trial testimony and exhibits containing PROTECTED INFORMATION presented in Court.

16. Compelled Disclosure. Any Party served with a subpoena or other notice compelling by law the production of any information, documents, or things reflecting PROTECTED INFORMATION designated pursuant to this Order must give prompt written notice to the disclosing Party of such subpoena or other notice. If the disclosing Party takes steps to oppose the subpoena, then the Party served with the subpoena shall not disclose the pertinent information until the court has resolved the issue or unless otherwise compelled by a court of competent jurisdiction. Absent court order, production or disclosure shall not in any event be made before notice is given to the disclosing Party and the disclosing Party has had reasonable time to act. Upon receiving such notice, the disclosing Party shall bear the burden to move to quash or limit the subpoena.

17. No waiver. Except as provided in paragraph 27, inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege or protection from disclosure or other communication shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product doctrine or any other applicable privilege or protection from disclosure. Such inadvertently produced documents, materials, or other information, including all copies thereof, shall be destroyed or returned to the producing Party or its counsel immediately upon request. The receiving Party and its counsel must destroy all copies, electronic or otherwise, and ensure that any person or entity that the Party or its counsel has disclosed the information to similarly destroys all copies. Additionally:

(a) No use shall be made of such documents, materials, or information, including, but not limited to, during deposition, or at trial, nor shall such documents or

Garman Turner Gordon
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

information be shown to anyone who has not already been given access to them after the request that they be returned; provided, however, that the receiving Party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production or the contents thereof.

(b) Upon inadvertent production of a privileged document, the Party requesting the document be returned and destroyed, as provided for above, shall, if necessary, provide within seven (7) calendar days of such request a privilege log to the other Party listing the document and applicable information concerning the document including at a minimum the recipient, sender, author and brief description of the basis for the privilege. This privilege log shall provide a sufficient description of each document and/or information withheld and shall state the basis for withholding the document and/or information. The Party receiving the request for return and destruction of the privileged document shall not wait for the privilege log before returning and destroying the privileged document requested.

(c) This Order constitutes an order under Fed. R. Evid. 502(d). The production of documents or information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, is not a waiver of that privilege or protection in this case or in any other federal or state proceeding.

18. Privilege. Subject to paragraph 27, nothing herein shall prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Evidentiary Objection. This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of PROTECTED INFORMATION as governed by this Order. This Order should not be interpreted to prevent either Party from seeking greater protection as needed. The

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

existence of this Order shall not be used by either Party as a basis for discovery that is otherwise not proper under the federal discovery rules, this Court's orders, or other applicable law.

20. Client Advice. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to the Examination or the Trust Claims and, in the course thereof, relying upon any document designated as "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," provided that counsel shall not disclose the contents of any such document.

21. Enforcement. In the event that anyone shall violate or threaten to violate the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to this Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved Party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law. The Parties to this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

22. Termination. Within sixty (60) days after the final resolution of all Trust Claims against QPWB and its attorneys, including any and all appeals, counsel for each Party shall, at the election of the producing Party, either return all PROTECTED INFORMATION, including any copies, excerpts, and summaries thereof, to the producing Party or destroy it, including by purging it from all machine-readable media on which it resides. Notwithstanding anything herein to the contrary, the deletion of electronic copies of the data of the other Party shall be subject to the receiving Party's routine data backup and retention policies, and the actual deletion of such electronic copies may occur as such backup media is overwritten and as part of such retention policies. If the producing Party elects for such PROTECTED INFORMATION to be returned, the producing Party shall bear the reasonable costs associated with such return. Counsel for each Party shall provide written confirmation to the other Party that all PROTECTED INFORMATION produced by the other Party has been returned or destroyed. Further, attorney work product materials, pleadings, and briefs that contain PROTECTED INFORMATION need not be destroyed, but if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Further, counsel

for each Party need not destroy other materials and documents that contain PROTECTED INFORMATION, including materials and documents attached to emails, if destroying such materials and documents would present a substantial burden, but if they are not destroyed, the person in possession of such information will continue to be bound by this Order with respect to all such retained information.

23. Jurisdiction and Enforcement. This Court retains jurisdiction over the Parties and any other person subject to the terms of this Order to interpret and enforce this Order. All disputes concerning information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ ATTORNEY'S EYES ONLY" pursuant to this Order shall be resolved by this Court.

24. Modification. This Order may be modified by agreement of the Parties, in writing, subject to approval by the Court. Further, the Court may modify the terms and conditions of this Order for good cause, in the interest of justice, or on its own motion at any time in these proceedings.

25. Subsequent Actions. The designations and restrictions of this Order shall continue to apply to PROTECTED INFORMATION used in any Subsequent Action. Except as provided in paragraph 31, before filing or otherwise disclosing PROTECTED INFORMATION in a Subsequent Action pending in a court other than this Court, the receiving Party shall give the producing Party at least seven (7) days' written notice and shall seek entry of a protective order providing protection substantially equivalent to this Order or leave to file the PROTECTED INFORMATION under seal. Nothing in this Order limits the right of the producing Party to seek further protection in any Subsequent Action.

26. Prior Non-Disclosure Agreement. All documents and information that QPWB provided to the Trustee or his counsel under the Non-Disclosure and Confidentiality Agreement between QPWB and the Trustee (the "Non-Disclosure Agreement") are deemed produced under this Order and designated "CONFIDENTIAL," subject to QPWB's right to designate any such document "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" by written notice given within seven (7) days after entry of this Order. Upon entry of this Order, this Order supersedes the

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

Non-Disclosure Agreement as to all such documents and information, which may be used as permitted by paragraph 8.

27. Client File Materials and Privilege. Nothing in this Order restricts the Trustee's use of Client File Materials, or of any document or information that the Trustee obtained other than through production under this Order or the Non-Disclosure Agreement. Nothing in this Order permits QPWB to withhold from the Trustee, or to assert against the Trustee, any privilege or protection held by any of the Debtors. Notwithstanding the foregoing, nothing in this Order (a) waives, limits, or determines any attorney-client privilege, work-product protection, or other privilege or protection held by QPWB with respect to Internal QPWB Communications not yet produced, or (b) precludes QPWB from withholding Internal QPWB Communications on the basis of any such privilege or protection, subject to the privilege log requirements of paragraph 3 of the Compliance Order, or from designating them under this Order. The Trustee reserves all rights to challenge any such assertion of privilege or protection. QPWB asserts that it inadvertently produced documents subject to attorney-client privilege, work-product protection, or other protections held by QPWB as part of the Client File Materials. Nothing herein impacts or prejudices QPWB's rights to seek recovery of such documents; however, such documents are not subject to the "clawback" mechanism otherwise set forth in this Paragraph 27. For the avoidance of doubt, nothing in this Order requires the Trustee to return, or requires QPWB to obtain a court order before seeking the return of, any Client File Materials produced prior to the entry of this Order; the Parties' respective rights, burdens, and obligations with respect to any such return shall be governed by applicable law.

28. The NuMale Individuals. Garman Turner Gordon LLP shall not disclose PROTECTED INFORMATION to any of the NuMale Individuals, and shall not use PROTECTED INFORMATION on behalf of any of the NuMale Individuals, except (i) as permitted by paragraph 31 and as otherwise permitted herein, (ii) with the prior written consent of the producing Party, or (iii) by order of the Court. For the avoidance of doubt, none of the NuMale Individuals are a Party, In-House Counsel, or personnel of a Party for purposes of this Order.

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

29. Interim Treatment. Pending entry of this Order, and for seven (7) days after the production of any document pursuant to the Subpoena, the Examination, or the Compliance Order, the receiving Party shall treat such document or information as "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY." Consistent with the express provisions of this Court's Compliance Order (including but not limited to paragraph 4), no dispute concerning the terms of this Order or any designation shall delay any production or examination.

30. Persons Whose Information Is Produced. Any person whose personal financial information (including distributions, dividends, or compensation from QPWB) is contained in PROTECTED INFORMATION may apply to the Court for additional protection with respect to that information. No such application shall delay any production or examination unless the Court orders otherwise.

31. Commencing Subsequent Actions. Notwithstanding any other provision of this Order, the receiving Party may use PROTECTED INFORMATION (a) to determine whether to commence a Subsequent Action and against whom; (b) to identify, name, and join any person as a defendant in a Subsequent Action; (c) to state the Pleading Information concerning each defendant or prospective defendant in any complaint, amended complaint, or other pleading or paper filed on the public docket in a Subsequent Action, and in any pre-suit demand or notice delivered to a prospective defendant; and (d) to serve process on, and communicate with, any defendant or prospective defendant concerning the claims against that person. None of these uses, and no public filing or delivery of Pleading Information, requires notice to the producing Party, a sealing order, or a protective order in the Subsequent Action, or violates this Order. PROTECTED INFORMATION other than Pleading Information, including copies or excerpts of designated documents, the terms of any compensation, employment, or other agreement, and itemized payment or compensation records, shall be stated on the public docket only in general terms; if the receiving Party elects to plead such information in detail, it shall file a redacted public version and file the unredacted version under seal in accordance with LR 9018 or the rules of the court in which the Subsequent Action is pending, and any notice required by paragraph 25 may be given concurrently with that filing. Pleading Information filed on the public docket in accordance with

GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

this paragraph ceases to be PROTECTED INFORMATION, but its public filing does not waive the confidentiality of any other PROTECTED INFORMATION or of the documents from which the Pleading Information was derived.

32. Use of Artificial Intelligence. PROTECTED INFORMATION may not be used with an open artificial intelligence ("AI") system.

(a) PROTECTED_INFORMATION may be used with a closed AI system only where the user has a good-faith basis to believe that (1) the system does not use submitted materials to train publicly accessible models, and (2) access to such materials is restricted in a manner consistent with this Order.

(b) For purposes of this paragraph, an "open AI system" means an AI system for which the source code, training data, or underlying models are publicly accessible. A "closed AI system" means any AI system that is not an open AI system, that is subject to contractual, technical, or administrative safeguards reasonably designed to prevent unauthorized access, disclosure, or use of submitted materials, and that does not use PROTECTED INFORMATION to train, improve, or refine its models or algorithms or otherwise incorporate PROTECTED INFORMATION into outputs generated for other matters.

33. Reservation of Rights; No Waiver. Neither the stipulation to or entry of this Order, nor any production, disclosure, designation, testimony, or examination made pursuant to this Order, the Compliance Order, or the Subpoena, shall constitute a waiver of, or prejudice to, any right, claim, defense, objection, privilege, or remedy of any Party, including the right to seek further protection from the Court, all of which are expressly reserved. For the avoidance of doubt, the foregoing includes QPWB's appeal of the Compliance Order noticed at ECF No. 1050, and the Trustee's right to oppose that appeal.

Dated: November 2, 2026.

GARMAN TURNER GORDON LLP
By: */s/ Gregory E. Garman*
Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
7251 Amigo Street, Suite 210

Dated: November 2, 2026.

SNELL & WILMER L.L.P.
By: */s/ Charles E. Gianelloni*
Bob L. Olson, Esq.
Alex L. Fugazzi, Esq.

Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Liquidating Trustee of the NuMale Liquidating Trust*

Charles E. Gianelloni, Esq.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
*Attorneys for Quintairos, Prieto, Wood & Boyer, P.A.*

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, ____________________________________ , declare and say that:

1. I have received a copy of and have read the Stipulated Protective Order entered in the above-referenced action.

2. I agree that I will use any and all information designated as "CONFIDENTIAL"



GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000

or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," as applicable, pursuant to the Stipulated Protective Order provided to me only in a manner authorized by the Stipulated Protective Order, and only for the purposes permitted by the Stipulated Protective Order.

3. I agree to be bound by the terms of the Stipulated Protective Order and not to disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY," as applicable, except in accordance with the terms of the Stipulated Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of any court with competent jurisdiction with respect to enforcement of the Stipulated Protective Order.

5. I understand that any disclosure or use of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY" pursuant to the Stipulated Protective Order in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: ____________________________________

Name: ______________________________________

Title: ______________________________________

Organization: _________________________________

Date: _______________________________________



GARMAN TURNER GORDON
7251 Amigo St., Ste. 210
Las Vegas, NV 89119
725-777-3000