# EXHIBIT 1

EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | | Lead Case No.: 25-10341-nmc |
| NUMALE CORPORATION, | | Chapter 11 |
| AFFECTS THIS DEBTOR, | ☐ | *Jointly administered with:* |
| AFFECTS FELICIANO NUMALE NEVADA PLLC, | ☐ | Feliciano NuMale Nevada PLLC Case No. 25-10342-nmc |
| NUMEDICAL SC, | ☐ | NuMedical SC Case No. 25-10343-nmc |
| NUMALE COLORADO SC, | ☐ | NuMale Colorado SC Case No. 25-10344-nmc |
| NUMALE FLORIDA TB PLLC, | ☐ | |
| NUMALE NEBRASKA LLC, | ☐ | NuMale Florida TB PLLC Case No. 25-10345-nmc |

| | | |
|---|---|---|
| NUMALE NEW MEXICO SC, | ☐ | NuMale Nebraska LLC<br>Case No. 25-10346-nmc |
| NUMALE ALL DEBTORS, | ☒ | NuMale New Mexico SC<br>Case No. 25-10347-nmc |
| Debtors. | | Hearing Date: November 17, 2026<br>Hearing Time: 10:30 a.m. |

**ORDER DENYING THE MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. FOR (I) AN ORDER CONFIRMING THAT THE AUTOMATIC STAY AND PLAN INJUNCTION ARE INAPPLICABLE TO ITS PROPOSED DECLARATORY JUDGMENT ACTION, OR (II) IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION, AND FOR LEAVE UNDER THE BARTON DOCTRINE**

The Court having considered the *Motion of Quintairos, Prieto, Wood & Boyer, P.A. for (I) an Order Confirming that the Automatic Stay and Plan Injunction are Inapplicable to its Proposed Declaratory Judgment Action, or (II) in the Alternative, Relief from the Automatic Stay and Plan Injunction, and for Leave Under the Barton Doctrine* [ECF No. 1010] (the "Standing Motion") filed by Quintairos, Prieto, Wood & Boyer P.A. ("Quintairos"); the opposition to the Standing Motion [ECF No. ____] ("Opposition")[1] filed on behalf Michael Carmel (the "Trustee"), the Trustee of the NuMale Liquidation Trust (the "Trust"), and the accompanying *Omnibus Declaration of Talitha G. Kozlowski, Esq.* [ECF No. ____] ("Gray Kozlowski Decl."); having come on for hearing before the above-captioned Court on November 17, 2026, at 10:30 a.m. ("Hearing"). Gregory E. Garman, Esq. and Talitha G. Kozlowski, Esq. appeared on behalf of the Trustee; all other appearances were noted on the record.

The Court, having reviewed the Standing Motion, the Opposition, the Gray Kozlowski Decl. and all matters submitted therewith; having taken judicial notice of the papers and pleadings on file in these Chapter 11 Cases germane to the matters raised in the Standing Motion, Opposition, and Gray Kozlowski Decl.; having considered the argument of counsel made at the Hearing; having stated the Court's findings of fact and conclusions of law on the record at the Hearing, which are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Opposition.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

of Civil Procedure, made applicable pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure; and good cause appearing:

**IT IS HEREBY ORDERED that:**

1. The Standing Motion is an impermissible collateral attack on the Court's Global Settlement 9019 Order, Findings, and Confirmation Order, and the Court-approved Liquidation Trust Agreement, all of which were issued or filed in these Chapter 11 Cases more than one (1) year before the Standing Motion was filed. Quintairos has not demonstrated an entitlement to relief, and the Standing Motion is **DENIED** in its entirety.
2. As the confirmed Plan has been substantially consummated, and Quintairos is neither the plan proponent nor the reorganized debtor, Quintairos cannot seek modification of the confirmed Plan pursuant to 11 U.S.C. § 1127. To the extent the Standing Motion seeks modification of the confirmed Plan, the Standing Motion is **DENIED**.
3. More than one hundred eighty (180) days have passed between this Court issuing its Confirmation Order and Findings and Quintairos filing the Standing Motion, and, Quintairos has not shown an entitlement to revocation of the confirmed Plan. 11 U.S.C. § 1144. To the extent the Standing Motion seeks revocation of the confirmed Plan, the Standing Motion is **DENIED**.
4. This Court has jurisdiction to adjudicate and render a decision on the Standing Motion, which is a "core" proceeding. 28 U.S.C. § 157(b). This Court has jurisdiction "to interpret and enforce" its own prior orders such as a confirmed plan. *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 219 (D. Hawai'i 2006) ("A post-confirmation proceeding involving a bankruptcy court's enforcement of its own order is a core proceeding." (citations omitted)). And, actions enforcing or interpreting this Court's prior orders are in effect "a continuation of the original proceeding[.]" *McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 3-4 (B.A.P. 9th Cir. 2003) (citations omitted). *See also Gray v. CPF Assocs.*, 614 B.R. at 105.
5. Balancing the interests at hand, and evaluating the factors set forth in *Kashani v. Fulton*



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

*(In re Kashani)*, 190 B.R. 875, 886-87 (B.A.P. 9th Cir. 1995), and *In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1096 (9th Cir. 2016), this Court finds that four of the factors *and the balance of interests* favor denial of the Standing Motion to the extent it seeks leave under the *Barton* doctrine. As such, the Standing Motion is **DENIED** to the extent it seeks leave under the *Barton* doctrine.

6. The Standing Motion is **DENIED** in its entirety.

**IT IS SO ORDERED**.

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: ___
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000