**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, **X**<br><br>Debtor. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**NOTICE OF ISSUANCE OF SUBPOENA**

Quintairos, Prieto, Wood & Boyer, P.A (“**QPWB**”), pursuant to Federal Rule of Civil Procedure 45, as made applicable by Fed. R. Bankr. P. 7030 and 9014, gives notice of issuance of the *Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding)* on November 3, 2026 directed to Gregory E. Garman. A true and correct copy of the Subpoena is attached hereto as **Exhibit A.**

Dated: November 4, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**
Brickell City Tower
80 SW 8th Street, Suite 1900
Miami, Florida 33130
Telephone: 305-374-4848
Email: lsalazar@coleschotz.com
Secondary Email: Alee-Sin@coleschotz.com
Secondary Email: CS-eservice-miami@coleschotz.com

By: */s/ Luis Salazar*
Luis Salazar (admitted *pro hac vice*)
Florida Bar No. 147788

-and-

Bob L. Olson, Esq.
Nevada Bar No. 3783
Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Charles E. Gianelloni, Esq.
Nevada Bar No. 12747
SNELL & WILMER, LLP
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Email: bolson@swlaw.com
Email: Afugazzi@swlaw.com
Email: cgianelloni@swlaw.com

*Counsel for Quintairos, Prieto, Wood & Boyer, P.A., Eric Boyer, and Edward Prieto*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record in this case and parties in interest registered to receive notices via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Nelson Cohen*
An Employee of SGRO & ROGER

# Exhibit “A”

Exhibit “A”

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, **X**<br><br>Debtor. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**SUBPOENA TO TESTIFY AT A DEPOSITION**
**IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Gregory E. Garman**
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE: | DATE AND TIME: |
|---|---|
| **Video Conference ,**<br>**via Zoom Video Communications, Inc.** | **November 12, 2026**<br>**at 9:00 a.m. (Pacific) / 12:00 p.m. (Eastern)** |

The deposition will be recorded by this method: Stenography

☒ *Production:* You, or your representatives, must also produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: ***See Schedule A.***

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 3, 2026

CLERK OF COURT

OR

______________________________
*Signature of Clerk or Deputy Clerk*

______________________________
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing **Quintairos, Prieto, Wood & Boyer, P.A.**, who issues or requests this subpoena, are: **Luis Salazar, Esq., Cole Schotz P.C., Brickell City Tower, 80 SW 8th Street, #1900, Miami, FL 33130, lsalazar@coleschotz.com , cs-eservice-miami@coleschotz.com, 305-374-4802.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________ on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ___________________________

__________________________________________________________________________________________

__________________________________ on *(date)* ___________________ ; or

☐ I returned the subpoena unexecuted because: ___________________________________________________

__________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, **X**<br><br>Debtor. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.'S NOTICE OF DEPOSITION *DUCES TECUM* OF GREGORY E. GARMAN**

PLEASE TAKE NOTICE that Quintairos, Prieto, Wood & Boyer, P.A ("**QPWB**") pursuant to Fed. R. Civ. P. 30(b)(1), as made applicable by Fed. R. Bankr. P. 7030 and 9014, will take the deposition of the following individual (the "**Deponent**"), upon oral examination on the date, time, and location set forth below.

| PERSON | DATE & TIME | LOCATION |
|---|---|---|
| Gregory E. Garman, Esq. | November 12, 2026<br>at 9:00 a.m. (Pacific) /<br>12:00 p.m. (Eastern) | Video Conference<br>Via Zoom Video Communications, Inc.<br>(link to be provided) |

The deposition will take place via video conference by Zoom Communications, Inc., which will require all participants to have access to an internet connection and a computer with a webcam.

The Deponent will be provided with access information prior to the commencement of the deposition. The deposition will be recorded by stenographic means by a certified court reporter, Notary Public, or some other person or officer authorized to record the testimony.

If the Deponent requires an interpreter, it is the Deponent's responsibility to engage such an interpreter to be present at the deposition.

The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Federal Rules of Evidence, and other applicable law, and shall continue day to day until completed or adjourned. Any objection must be heard prior to the taking of the deposition.

Pursuant to Fed. R. Civ. P. 30(b)(1) and 45, made applicable by Fed. R. Bankr. P. 7030, 9014, and 9016, the Deponent is requested to produce the Documents described in **Schedule A**, which will also be the subject of a subpoena issued pursuant to Fed. R. Bankr. P. 9016, at the offices of **Cole Schotz P.C., Attention Luis Salazar, Esq., Brickell City Tower, 80 SW 8th Street, Suite 1900, Miami, Florida 33130**, no later than five (5) business days before the deposition, or at such other time as counsel may agree in writing.

Dated: November 3, 2026

Respectfully submitted,

**COLE SCHOTZ P.C.**
Brickell City Tower
80 SW 8th Street, Suite 1900
Miami, Florida 33130
Telephone: 305-374-4848
Email: lsalazar@coleschotz.com
Secondary Email: Alee-Sin@coleschotz.com
Secondary Email: CS-eservice-miami@coleschotz.com

By: */s/ Luis Salazar*
Luis Salazar (admitted *pro hac vice*)
Florida Bar No. 147788

-and-

Bob L. Olson, Esq.
Nevada Bar No. 3783
Alex L. Fugazzi, Esq.
Nevada Bar No. 9022
Charles E. Gianelloni, Esq.

Nevada Bar No. 12747
SNELL & WILMER, LLP
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Email: bolson@swlaw.com
Email: Afugazzi@swlaw.com
Email: cgianelloni@swlaw.com

*Counsel for Quintairos, Prieto, Wood & Boyer, P.A., Eric Boyer, and Edward Prieto*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, the foregoing document is being served via electronic mail, and via U.S. Mail, postage pre-paid on:

Gregory E. Garman, Esq.
Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Email: ggarman@gtg.legal

Talitha B. Gray Kozlowski, Esq.
Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Email: tgray@gtg.legal

*/s/ Luis Salazar*
Luis Salazar

## SCHEDULE A

### I. INSTRUCTIONS.

1. The Deponent is to testify as to all Information within his personal knowledge. Any claim of privilege or work product must be asserted on a question-by-question basis in accordance with Fed. R. Civ. P. 26(b)(5) and 30(c)(2).

2. Unless otherwise stated, the relevant period for each request is January 1, 2024, through the date of production.

3. Produce Documents as kept in the usual course of business or organized and labeled to correspond to each request, with ESI produced in native format or as searchable images with load files and metadata preserved.

4. If any Document is withheld under a claim of privilege or work product, provide a privilege log complying with Fed. R. Civ. P. 26(b)(5) identifying the date, author, recipients, subject matter, and privilege asserted.

5. If any responsive Document has been lost, discarded, or destroyed, identify the Document, the date and circumstances of its loss, and each Person with knowledge of it.

6. QPWB reserves the right to seek supplemental production.

### II. DEFINITIONS.

1. "**Bankruptcy Case**" refers to the above-captioned jointly administered bankruptcy proceeding, lead case no.: 25-10341-nmc.

2. "**Bankruptcy Recovery**" means Bankruptcy Recovery Group, Bankruptcy Recovery Services, and any related firm or entity referenced in the Rule 60(b) Motion, and any of its principals, attorneys, employees, or affiliates.

3. "**Carmel**" means Michael W. Carmel, individually and in any capacity other than as Liquidation Trustee of the NuMale Liquidation Trust, together with his agents, employees, representatives, and anyone acting on his behalf.

4. "**Communication**" means and refers to the transmission of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting,

conversation, discussion, conference, correspondence, message, instant message (including Bloomberg, Facebook, Instagram, WhatsApp, Gchat, iMessage), test message or other written or oral transmission, exchange or transfer of information in any form between two or more Persons, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium.

5. "**Confirmation Order**" means the *Findings of Fact and Conclusions of Law* [ECF No. 726] and the *Order Confirming the Plan* [ECF No. 727], and any related or amended orders.

6. "**Demand Letter**" means the demand letter transmitted by GTG on behalf of the Trustee to QPWB on or about May 18, 2026, and any attachments, supplements, or follow-up demands.

7. "**Document**" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and includes, without limitation: electronically-stored information ("**ESI**"), meaning the original any non-identical copies of writings of any kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means; accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; bank statements; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects; opinions; papers; photographs; diagrams; drawings; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they

typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description; and Social Media.

8. "**Garman Declaration**" means the Declaration of Gregory E. Garman, Esq. in support of the application to employ GTG [ECF No. 200], together with any supplemental declarations.

9. "**Global Settlement**" means the settlement approved by the 9019 Order, together with the motion seeking its approval [ECF No. 541], the settlement agreement and any term sheet, the order approving it [ECF No. 582] (the "**9019 Order**"), and any releases, bar orders, or good-faith findings entered in connection therewith.

10. "**GTG**" means Garman Turner Gordon LLP.

11. "**Individual NuMale Parties**" means Christopher Asandra, Carlos Feliciano, Brad Palubicki, and Justin Pulliam.

12. "**Information**" shall be expansively construed and shall include, but not be limited to, facts, data, opinions, images, impressions, concepts and formulae.

13. "**Motion for Stay Relief**" refers to QPWB's *Motion for (I) an Order Confirming that the Automatic Stay and Plan Injunction are Inapplicable to its Proposed Declaratory Judgment Action, or (II) in the Alternative, Relief from the Automatic Stay and Plan Injunction, and for Leave Under the Barton Doctrine* [ECF No. 1010].

14. "**Person**" shall mean any natural person or any entity, including, without limitation, any individual, present or former director, officer, employee, contractor, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents, and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

15. "**QPWB**" means Quintairos, Prieto, Wood & Boyer, P.A.

16. "**Quintairos Claims**" means any claim or cause of action asserted, threatened, or preserved by the Trustee, the Trust, the Debtors, or the Individual NuMale Parties against QPWB or any of its attorneys, employees, insiders, or affiliates, including those identified in Schedule 1.1.82 of the Plan and the Demand Letter.

17. "**Rule 60(b) Motion**" refers to QPWB's *Motion for (I) Relief from the Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(b), Made Applicable by Fed. R. Bank. P. 9024, as Applied to QPWB; (II) to Remove Michael W. Carmel as Liquidation Trustee; (III) to Disqualify Garmen Turner Gorden LLP as Counsel to Liquidation Trustee; (IV) for Related Relief; and Memorandum of Law* [ECF No. 1007].

18. "**Sanchez Litigation**" means the lawsuit styled *Sanchez v. NuMale*, case number D-202-CV-2020-06336, which was brought in the state of New Mexico.

19. "**Sanctions Motion**" means the *Motion for Sanctions Under Fed. R. Bankr. P. 9011, 11 U.S.C. § 105, and the Court's Inherent Authority* served on October 26, 2026, together with its exhibits, timelines, and the supporting Declaration of Talitha Gray Kozlowski.

20. "**Seven Milestones**" means: (i) the motion to approve the Global Settlement [ECF No. 541] and the 9019 Order [ECF No. 582]; (ii) the sale motion and the order approving the sale under 11 U.S.C. § 363 (the "**363 Sale Order**"); (iii) the Disclosure Statement [ECF No. 435] and the order conditionally approving it [ECF No. 447]; (iv) the Plan [ECF No. 434] and Plan Supplement [ECF No. 595]; (v) the notice of the confirmation hearing [ECF No. 449]; (vi) the Confirmation Order; and (vii) the Notice of Effective Date [ECF No. 762].

21. "**Trust**" means the NuMale Liquidation Trust established pursuant to the confirmed plan of reorganization and Confirmation Order in the Bankruptcy Case, including its trustee, agents, professionals, and anyone acting on its behalf.

22. "**Trustee**" means Michael W. Carmel, in his capacity as Liquidation Trustee of the NuMale Liquidation Trust.

23. "**Unrelated Client Files**" means any file, Document, or Information concerning any QPWB client or matter other than the Sanchez Litigation that the Trustee, the Trust, or GTG

obtained, received, reviewed, or retained, including the 255 or more client files referenced in connection with the Demand Letter.

24. "**You**" and "**Your**" means Gregory E. Garman, individually and in his capacity as a partner of GTG, and, where the context permits, GTG and any Person acting on his or GTG's behalf.

25. The terms "**Concerning**," "**Referring**," "**Relating/Relate(s) to**," "**Reflecting**," "**Evidencing**," "**Constituting**," or "**Supporting**," or any variant thereof include, but are not limited to, the following meanings: bearing upon, addressing, respecting, discussing, mentioning, describing, demonstrating, depicting, responding to, identifying, constituting, having to do with, or being in any way relevant to the given subject matter.

26. The connectives "**And**" and "**Or**" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to encompass all responses that might otherwise be construed to be outside of the scope.

## III. DOCUMENTS REQUESTED.

Pursuant to Fed. R. Civ. P. 30(b)(2) and 45, made applicable by Fed. R. Bankr. P. 7030, 9014, and 9016, QPWB requests that You produce the following Documents in Your or GTG's possession, custody, or control.

1. Documents and Communications in Your or GTG's possession, custody, or control sufficient to show the Trustee's compensation as chapter 11 trustee and Liquidation Trustee, including any compensation that depends on recoveries from the Quintairos Claims, and the Liquidation Trust Agreement with all amendments.

2. All Documents and Communications in Your or GTG's possession, custody, or control consisting of service lists, mailing matrices, and address sources used to serve each of the Seven Milestones, and all Documents reflecting the decision to include or omit QPWB, Eric Boyer, Edward Prieto, or any QPWB attorney from any service list.

3. All Documents and Communications in Your or GTG's possession, custody, or control consisting of certificates of service, mailing agent affidavits, proofs of mailing, tracking

records, and returned or undeliverable mail relating to any paper served on QPWB in the Bankruptcy Case, including those underlying ECF Nos. 445, 451, 540, 588, and 609.

4. All Documents and Communications in Your or GTG's possession, custody, or control concerning whether, how, or to whom notice of any Seven Milestone should be directed to QPWB, including any consideration of service on a QPWB officer or agent under Fed. R. Bankr. P. 7004(b)(3), by email, or through counsel.

5. All Documents and Communications in Your or GTG's possession, custody, or control relied upon in preparing the Global Timeline and the Court Timelines attached to the Sanctions Motion, including all drafts and source materials.

6. All Documents and Communications in Your or GTG's possession, custody, or control consisting of term sheets, drafts, and executed versions of the Global Settlement, and concerning its negotiation, releases, bar orders, good-faith findings, or effect on QPWB, including Communications among the settling parties, Beazley, the Sanchez plaintiff, and the Individual NuMale Parties.

7. All Documents and Communications in Your or GTG's possession, custody, or control consisting of evidence submitted or prepared in support of the 9019 Motion and the good-faith findings, including declarations, valuations, and analyses of comparative fault, contribution, or indemnity.

8. All Documents and Communications in Your or GTG's possession, custody, or control consisting of stipulations, agreements, and Communications with the Individual NuMale Parties, and/or their counsel or representative(s), at any time, concerning the transfer, assignment, control, prosecution, or allocation of recovery of any claim against QPWB, including Documents relating to Section 5.12 of the Plan and GTG's engagement by the Individual NuMale Parties.

9. All Documents and Communications in Your or GTG's possession, custody, or control concerning post-verdict decisions in the Sanchez Litigation, including any analysis of remittitur, new trial, judgment notwithstanding the verdict, appeal, or entry of judgment, and any stipulated or allowed claim of the Sanchez plaintiff.

10. All Documents and Communications in Your or GTG's possession, custody, or control concerning GTG's retention, including Your drafts of and notes concerning the Garman Declaration [ECF No. 200], any supplemental Rule 2014 disclosure, the Trustee's supporting declaration, the retention hearing transcript, and any Document reflecting a reservation of the right to contest GTG's contingency fee.

11. All Documents and Communications in Your or GTG's possession, custody, or control consisting of engagement letters, fee agreements, invoices, and fee applications concerning GTG's contingency, hybrid, or deferred fee, including Documents sufficient to show all amounts paid, deferred, or payable from any recovery from QPWB.

12. Documents and Communications in Your or GTG's possession, custody, or control sufficient to identify each matter in which Carmel served as mediator, trustee, receiver, or other fiduciary in which GTG or Gregory E. Garman represented any party, and all fee, referral, or fee-sharing arrangements among Carmel, GTG, and Bankruptcy Recovery.

13. All Documents and Communications in Your or GTG's possession, custody, or control concerning Your investigation of QPWB, including interview notes, analyses, memoranda, and Documents reflecting the date You first concluded that claims against QPWB existed.

14. All Documents and Communications in Your or GTG's possession, custody, or control supporting the claims and damages stated in the Demand Letter, including all damages calculations, models, expert or consultant work product relied upon, and Documents reflecting credits or offsets considered.

15. All Documents and Communications in Your or GTG's possession, custody, or control You contend show that QPWB, Eric Boyer, or any QPWB attorney knew of the Bankruptcy Case, the Global Settlement, the Plan, or the Confirmation Order before the Demand Letter, including the QPWB invoices and emails cited in the Sanctions Motion.

16. The QPWB NuMale File in Your or GTG's possession, custody, or control as received by You, all Documents and Communications in Your or GTG's possession, custody, or control reflecting the location of the 9019 Order or any other Seven Milestone paper within it, and

all Communications in Your or GTG's possession, custody, or control concerning the termination of QPWB's representation, turnover of the file, and any non-disclosure agreement.

17. Documents and Communications in Your or GTG's possession, custody, or control sufficient to identify each Unrelated Client File in Your or GTG's possession, and all Documents in Your or GTG's possession, custody, or control concerning its receipt, review, use, disclosure, segregation, or return.

18. All Communications in Your or GTG's possession, custody, or control between You or GTG and QPWB or its counsel from May 18, 2026, to the present, including settlement offers, the September 14, 2026 letter from Sgro & Roger, GTG's September 15, 2026 response, and all Communications with the Office of the United States Trustee concerning QPWB.

19. All Rule 2004 subpoenas, fraudulent-transfer notices, and similar demands in Your or GTG's possession, custody, or control directed to QPWB or its shareholders, partners, or attorneys, and all Documents and Communications in Your or GTG's possession, custody, or control concerning their purpose, timing, or anticipated effect on settlement.

20. All Documents and Communications in Your or GTG's possession, custody, or control relied upon in the Motion to Enforce [ECF No. 998], the supporting declaration [ECF No. 999], Your oppositions to the Rule 60(b) Motion and Motion for Stay Relief, the Sanctions Motion, and the Declaration of Talitha Gray Kozlowski, including all exhibits in complete and unredacted form.

21. All notes, memoranda, and Communications in Your or GTG's possession, custody, or control concerning the October 5, 2026 meet-and-confer conference.

22. Time records and invoices in Your or GTG's possession, custody, or control supporting the attorneys' fees and expenses sought in the Sanctions Motion.

23. All reports to Trust beneficiaries or any oversight committee, and all minutes, approvals, or Communications in Your or GTG's possession, custody, or control concerning the Quintairos Claims, GTG's engagement on them, the oppositions to QPWB's motions, or the Sanctions Motion.

24. Documents and Communications in Your or GTG's possession, custody, or control sufficient to show the Trust's receipts from each settling party, all distributions made, and any projected allocation of recoveries from the Quintairos Claims.

25. All Communications in Your or GTG's possession, custody, or control between You or GTG and Beazley, the Sanchez plaintiff or his counsel, or the Individual NuMale Parties concerning QPWB or the Quintairos Claims.

26. Any litigation hold notice in Your or GTG's possession, custody, or control issued by You or GTG relating to QPWB, the Quintairos Claims, or the subjects of this notice, and Documents and Communications in Your or GTG's possession, custody, or control sufficient to show its date and recipients.