# EXHIBIT 19

EXHIBIT 19

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/20/2025 12:03 PM
KATINA WATSON
CLERK OF THE COURT
Marilyn D Crane

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MICHAEL E. SANCHEZ,

Plaintiff,

vs. No. D-202-CV-2020-06636

NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, JUSTIN PULIAM, and BLACK & WHITE Corps. 1-10 and JOHN & JANE DOES 1-10,

Defendants.

**DEFENDANTS' MOTION TO STAY EXECUTION OF THE JUDGMENT WITHOUT BOND DURING THE PENDENCY OF THE POST-TRIAL MOTION PROCEEDINGS**

Defendants NuMale Albuquerque, L.L.C. d/b/a NuMale Medical Center, Christopher Asandra M.D., Carlos Feliciano M.D., Brad Palubicki, and Justin Pulliam (collectively, "Defendants") file the following motion to stay execution of the judgment without any bond requirement during the post-trial motion phase of the case.[1] Before any notice of appeal, such a stay is within this Court's discretion. Defendants anticipate moving for post-trial relief that, if granted, would reduce the size of the judgment or result in a new trial and therefore reduce the size of or eliminate the need for a bond. In light of the extraordinary amount of the judgment and the irreparable harm

[1] On January 22, 2025, Defendants NuMale Corporation and NuMale New Mexico S.C. Corp. (the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code, resulting in an automatic stay of these proceedings. (*See* Rule 1-084 Notice of Bankruptcy Proceedings by Defendants NuMale Corporation and NuMale S.C. Corporation d/b/a NuMale Medical Center (filed Feb. 20, 2025).) On March 19, 2025, the bankruptcy court partially lifted the stay, which nonetheless remains in place with respect to enforcement of any judgment against the Debtors. The Debtors accordingly do not seek relief in this motion. The bankruptcy court has not imposed any stay of proceedings as to the non-debtor Defendants.

that the costs of a bond would inflict on Defendants, a temporary stay without bond during the pendency of the post-trial motion proceedings would promote the interests of justice.

Opposing counsel have been contacted by trial counsel regarding their position on this motion but, as of the time of filing, no response has been received.

### 1. ***This Court has discretion to stay execution of the judgment without requiring a bond during the pendency of the post-trial motion proceedings.***

This Court is empowered to stay execution of a judgment both by rule and through its inherent powers. *See* Rule 1-062(A) NMRA; *see also Belser v. O'Cleireachain*, 2005-NMCA-073, ¶ 3, 137 N.M. 623. Execution may specifically be stayed while a post-trial motion challenging the judgment is pending. Rule 1-062(B) NMRA.

Before the commencement of any appeal, the defendant is not required to post any bond in order to obtain a stay. *See Segal v. Goodman*, 1993-NMSC-018, ¶ 26, 115 N.M. 349. At this stage, granting a temporary stay without any bond requirement is a matter of this Court's discretion. A trial court may order such a stay whenever doing so is necessary to promote the interests of justice. *See id*. ¶ 27. Any such stay must be limited in its duration. *See id.* ¶ 33 (citing *United States v. Denver & Rio Grande W.R.R.*, 223 F.2d 126, 127 (10th Cir. 1955)).

To determine whether a stay absent a bond is appropriate, the Court should undertake a "flexible balancing of the parties' respective interests," paying particular attention to "the circumstances of each individual case" and "weighing the interests of the judgment creditor and the judgment debtor." *Segal*, 1993-NMSC-018, ¶ 29. Within that balancing test, "protecting the interests of the judgment creditor by means of a bond" is "a factor for the court to consider," but it is not the only factor of potential importance. *Id*. ¶ 31. Staying execution of the judgment absent a bond is particularly appropriate when "posting a full bond is impossible or impractical." *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873-74 (10th Cir. 1986). In those circumstances, a court

should seek to avoid "irreparably injuring judgment debtors" in exercising its discretion to issue a stay without a bond. *Id*. at 874 (citation omitted).

**2. *A stay of execution of the judgment without bond during the pendency of the post-trial motion proceedings is necessary to promote the interests of justice.***

The jury in this matter awarded Plaintiff compensatory damages of more than $37 million.[2] Defendants anticipate moving for remittitur or a new trial challenging the legality of that award. Requiring a bond to stay execution of the judgment during the motion proceedings would benefit neither side and would be contrary to the interests of justice.

a. The more than $37 million award for compensatory damages is shocking. Even in cases of wrongful death, it is unusual for compensatory damages to exceed $10 million, let alone thrice that. This unusually high award, together with the award for punitive damages, has drawn media attention. *See* Marilyn Upchurch & Fallon Fischer, *Lawyers: New Mexico Man Receives Largest Medical Malpractice Payout For Botched Penile Injections*, KRQE (Nov. 26, 2024) <tinyurl.com/ydttfc6x> (last visited Jan. 13, 2025). The amount of the judgment is an "unusual circumstance[]," *Miami Int'l Realty*, 807 F.2d at 873 (citation omitted), that warrants particularly careful consideration of the balance of equities presented by any requirement for a bond during the post-trial motion proceedings.

The extraordinary size of the award means that requiring a bond at this stage would impose irreparable harm on Defendants that may ultimately be to Plaintiff's detriment. *See Miami Int'l Realty*, 807 F.2d at 874. After accounting for any award of pre- and post-judgment interest and costs, as required by Rule 1-062(D) NMRA, the total amount of any bond would likely approach

[2] The jury additionally awarded Plaintiff punitive damages of $375 million only as to NuMale Corporation. Because NuMale Corporation is one of the Debtors subject to a bankruptcy stay, those damages are irrelevant to the analysis of this motion.

and could potentially exceed a hundred million dollars. Although the precise cost of obtaining such a bond are uncertain, it would likely exceed $1 million. That cost would be difficult, if not impossible, for Defendants to bear. That Defendants might be able to recover those costs from Plaintiff should they succeed on any eventual appeal offers cold comfort, given the extreme burden that would be imposed before an appeal is even filed. And should the costs of the bond force the remaining Defendants into bankruptcy, Plaintiff would also be harmed by the ensuing delay in collecting whatever part of his award the estate may be able to pay.

b. Imposing a bond requirement on the full amount of the judgment would be particularly unjust given the limited nature of and reasons for the stay being sought here. Defendants anticipate moving for post-trial relief that will directly challenge the legality of the damages awarded, including by asserting that the compensatory damages award is not supported by the evidence of injury and is the result of jury passion or prejudice. The stay Defendants request would remain in effect only during the pendency of the post-trial motion proceedings.

Should this Court grant Defendants post-trial relief, the amount of damages awarded could be substantially reduced or the award could be set aside in favor of a new trial, affecting the size of and potentially even the need for a bond. In light of that possibility, requiring Defendants to bear the burden of costs to bond the full amount of the original award would be particularly unjust. Indeed, given the amounts involved, such a requirement might ultimately be detrimental to the interests of both parties by impairing Defendants' ability to fully pay even a reduced award.

Finally, a stay during the pendency of the post-trial motion proceedings would be limited in time. *See Segal*, 1993-NMSC-018, ¶ 33. Defendants acknowledge that, if a notice of appeal is filed, this Court's discretion to continue a stay of execution of the judgment without a bond will end. *See id.* ¶ 26. Under these circumstances, the balance of equities favors granting a brief stay

to permit litigation of Defendants' post-trial motions without requiring that they incur the unmanageable costs of a bond during that limited period.

**Conclusion**

For the reasons set forth, execution of the judgment should be stayed without any bond pending this Court's resolution of all post-trial motions.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A**

By: */s/ J. Andrew Robertson*

**DOMINIQUE BARRETT, ESQ.**
**New Mexico Bar No. 148351**
Dominique.barrett@qpwblaw.com
**FRANK ALVAREZ, ESQ.**
**New Mexico Bar No. 27610**
frank.alvarez@qpwblaw.com
**J. ANDREW ROBERTSON, ESQ.**
**Pro Hac Vice**
andrew.robertson@qpwblaw.com

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75202
Telephone: (214) 754-8755
Facsimile: (214) 754-8744

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Edward Ricco
Jocelyn Drennan
Charles J. Vigil
201 Third St., N.W., Suite 2200
Albuquerque, New Mexico 87102
Telephone: (505) 765-5900
Fax: (505) 768-7395
*ericco@rodey.com*
*jdrennan@rodey.com*
*cvigil@rodey.com*

**ATTORNEYS FOR DEFENDANTS, NUMALE ALBUQUERQUE L.L.C d/b/a NUMALE MEDICAL CENTER, CHRISTOPHER ASANDRA M.D.,**

**CARLOS FELICIANO M.D., BRAD PALUBICKI, AND JUSTIN PULIAM**

CERTIFICATE OF SERVICE

We certify that the foregoing pleading was filed through the Odyssey File-and-Serve electronic filing system, which caused a copy to be served automatically on all counsel of record this 20th day of March, 2025.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

*s/ Edward Ricco*
By________________________________
Edward Ricco

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing Service Only, Envelope Number: 12274969
**Date:** Thursday, March 20, 2025 11:12:44 AM

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12274969

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 3/20/2025 12:11 PM MST |
| **Filing Type** | Service Only |
| **Filing Description** | Motion to Stay Execution of Judgment Without Bond During Pendency of Post-Trial Motion Proceedings |
| **Filed By** | Edward Ricco |
| | Michael E Sanchez:<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br>Nicholas Rowley (NR@TL4J.com)<br><br>Keith Bruno (keith@brunonalu.com)<br><br>R Sexton (scott@bencoelaw.com) |

| | |
|---|---|
| **Service Contacts** | Elizabeth Martinez (elizabeth@brunonalu.com)<br><br>Numale Corporation:<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br><br>Jocelyn Drennan (jdrennan@rodey.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>Other Service Contacts not associated with a party on the case:<br><br>Linda Lopez (linda.lopez@qpwblaw.com)<br><br>Kenneth Stalter (ken@stalterlaw.com)<br><br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br><br>Daisy Mora (karen.edwards@qpwblaw.com)<br><br>Stephen G Chapman PA-C:<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>Teresa Montoya (admin@kerrykiernanpc.com) |

| | |
|---|---|
| | John Klecan (jklecan@jshfirm.com)<br><br>Pam Pullem (ppullem@jshfirm.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |