# EXHIBIT 20

EXHIBIT 20

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/26/2025 2:09 PM
KATINA WATSON
CLERK OF THE COURT
Christopher Waites

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No: D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

## PLAINTIFF’S REPLY IN SUPPORT OF MOTION FOR PREJUDGMENT INTEREST

COMES NOW Plaintiff, through undersigned counsel of record, and submits this Reply to Defendants’ Response to Plaintiff’s Motion for Prejudgment Interest filed on December 27, 2024.[1] The court should reject the contentions set forth in Defendants’ Response to the extent they are contrary with New Mexico law, and exercise its broad discretion in awarding the full ten percent (10%) of simple interest on Plaintiff’s compensatory verdict, commencing on November 16, 2020

---

1 Plaintiff submits this Reply as to all Defendants **except for** Numale Corp. and Numale N.M. S.C. Corp., as to whom an automatic stay under 11 U.S.C. § 362 is currently in place due to their status as Debtors in Chapter 11 voluntary bankruptcy cases filed on January 22, 2025 and pending in the U.S. Bankruptcy Court, District of Nevada, before the Honorable Natalie Cox, Cases No. 25-10341 and 25-10347. Out of abundance of caution, Plaintiff also does not submit this filing against Numale Albuquerque LLC d/b/a Numale Medical Center, which was determined by the Court in equity at trial to be a wholly owned subsidiary of Debtor Numale Corp. based on evidence and testimony including but not limited to Stipulated Trial Ex. 182 (Numale Abq. LLC Operating Agreement), *and see*, *Plaintiff’s Trial Brief on Numale Corp.’s Liability for Conduct of Numale Albq. LLC and Numale NM SC Corp*. (filed 11/25/2024) and ***Exhibit 1*** (Trial TS excerpt from 11/22/2024 at P95:L9-19 granting Plaintiff’s Motion) and ***Exhibit 2*** (*Stipulated Final Jury Inst. No. 17*; Numale Abq LLC and Numale NM SC subsidiaries of Numale Corp). Plaintiff further states that on March 18, 2025 a *Stipulation for Entry of Order Terminating Automatic Stay as to New Mexico State Court Post-Trial Proceedings to Judgment Only and Comfort Order As to Non-Debtors* was filed in both Debtors’ Bankruptcy Cases [Numale Corp. ECF Doc. No. 70; Numale NM SC ECF Doc. No. 64], on March 20, 2025, nonparty Beazley Insurance filed an *Ex Parte Motion* Objecting to same [Numale Corp. ECF Doc. No. 82], and on March 25, 2025 Sanchez filed a Motion in U.S. Bankruptcy Court to lift the Stay in light of Debtors’ stipulation. There is no reason to further delay post-trial proceedings as to Non-Debtors at this time.

when he filed a detailed, 56-page Verified Civil Complaint for Damages with sixteen exhibits (not just a notice pleading), or at the latest on December 31, 2020 as he asked, since that is the date when Defendants first rejected Plaintiff Sanchez's first of many offers to settle his case in a reasonable and timely manner, as §56-8-4(B) NMSA 1978 states. *See **Plf. Mtn at Exhibit 2*** (12/31/2020 Beazley Letter Rejecting Plaintiff's First Policy Limit Offer).

## I. LEGAL ANALYSIS OF DEFENDANTS' RESPONSE

### 1. Plaintiff did not cause unreasonable delay, but Defendants did

Defendants concedes it is proper for the court to consider unreasonable delay when deciding a motion for prejudgment interest in its discretion. But the Court should plainly reject Defendants' contention that Mr. Sanchez somehow caused unreasonable delay in this case early after it was filed. They state in error that Mr. Sanchez did nothing in 2021, and that his case was administratively dismissed for three weeks late that year. That hardly tells the whole story.

First, from March 11, 2020 when Gov. Michelle Lujan-Grisham entered Executive Order 2020-004 declaring a state of public health emergency due to the Covid-19 coronavirus well through calendar year 2021, that remained in effect through all of 2021, when this case was reactivated and the parties began to engage actively in discovery and motion practice. *See, e.g.*, https://cv.nmhealth.org/wp-content/ uploads/2020/03/Executive-Order-2020-004-r.pdf; and https://cv.nmhealth.org/wp-content/uploads/2022/02/021722-PHO-Masksfv.pdf (accessed 3/25/2025).2

Next, in point of fact, before filing suit in late 2020 during the Covid-pandemic, Plaintiff Sanchez did the hard work and preparation necessary to file a **detailed, specific and Verified**

2 The New Mexico Supreme Court did not lift Covid-19 restrictions until March 31, 2023. *See,* https://supremecourt.nmcourts.gov/update-covid-19-changes-effective-after-march-31-2023-in-new-mexico-courthouses/ (accessed 3/25/2025).

**Complaint** with supportive documentary evidence attached, in order provide not just a notice pleading, but sufficient specific evidence of the conduct and injuries at issue to support his initial demand "for payment of the full insurance policy limits for each Defendant and documentation confirming the policy limits of each policy that is in effect and does or may provide coverage in this matter."3 ***Plf. Mtn. at Ex. 1***. Defendants rejected his initial

offer, citing "lack of information" about claims, defenses and Plaintiff's damages in their December 31, 2020 letter. ***Plf. Mtn. at Ex. 2***. So Plaintiff Sanchez opted in 2021 to first serve detailed discovery responses. *See, Court file, COS* (filed 3/8/2021). Then, he chose to cooperate **extensively** with Defendants' need for damages documentation by providing them with **many** (over ten) Limited Medical Authorizations so they could obtain his records that they wanted.4 Defendants' prior lawyers with Butt Thornton & Baehr PC then spent months obtaining Mr. Sanchez's records in 2021, a process they asked for which was governed by a *Stipulated Order Governing Records Defendant Obtains Through Use of Limited Authorizations Plaintiff Signs*. *See Court File, Order* (filed 4/16/2021). Having done that, it is grossly inaccurate for Defendants' current lawyer state in their Response that "*Plaintiff did nothing more to advance his case in all of 2021*." *Def. Resp. at p. 3*.

The Court should also consider events in 2022 as it weighs the conduct that in its discretion should justify granting Plaintiff's request for Prejudgment Interest. Defendants' Response fails to disclose that between November 2021 and April 25, 2022, Plaintiff made **six** requests for Mr. Chapman's deposition, but was stalled by Mr. Blake's excuse, counter to Rule 1-026(D) NMRA,

---

3 This is borne out by comparing Counts in *Plaintiff's Verified Complaint* with Plaintiff's 302 Instruction on legal theories and *Stipulated Special Verdict Form* at trial, which match. *See, Court File*, *Complain*t (filed 11/16/2020); *Stipulated Final Jury Instructions at Instruction No. 3 (*filed 11/26/2024); and *Stipulated Final Verdict* (filed 11/26/2024).

4 Plaintiff will gladly provide copies of these Limited Authorizations to the Court upon request.

that he needed to depose Mr. Sanchez first (but when?). *See* ***Exhibit 3a-3f****, emails and letters from 11/30/2021 to 4/25/2022.* Notably, Plaintiff's March 29, 2022 Rule 37 Good Faith letter to Mr. Blake sought Chapman's deposition, but also Defendants' supplemental discovery responses to produce applicable insurance policies Plaintiff had first requested in his Original Settlement Offer Letter in November 2020! Plaintiff had served discovery requests and received only partial information in response; his counsel's request to Mr. Blake for Defendants' insurer to conform its policies to comply with New Mexico law fell on deaf ears. *See* ***Exhibit 3b, Bencoe 3/29/2022 letter to Blake****, and see* ***Plf. Mtn. at Exhibit 1****.*

While Plaintiff was awaiting a response to his June 10, 2022 Good Faith discovery letter, on July 1, 2022 Mr. Blake disclosed a conflict that would require withdrawal and substitution of counsel. *See* ***Exhibit 4 (8/19/2022 to 8/22/2022 email thread about conflict, new counsel and pending discovery dispute)***. Substitution took six weeks. *See Court File*, Sub. Counsel (filed 8/19/2022). After Kiernan/ Gutterson entered appearance for Mr. Chapman and Quintairos etal entered appearance for the remaining Defendants, more delay ensued. First, Ms. Gutterson served discovery requests for, *inter alia*, new medical authorizations for more of Mr. Sanchez's medical records. *See, Court File, COS filed 9/29/2022.* This required further work for Sanchez to disclose approximately **sixteen new** Limited Authorizations, subject to another *Stipulated Order Governing Record Requests*. ***See, Exhibit 5, November 9, 2022 email*** (regarding need for Stip Order to protect Sanchez) *and see, court file*, Stip. Order filed 12/1/2022.5

Second, throughout 2022, Defendants' new counsel continued to deflect Plaintiff's continued requests to depose Mr. Chapman, and to cure deficiencies in, or merely respond to Plaintiff's written discovery requests. ***See, Exhibit 5 at p. 2 last paragraph*** (offering do to Sanchez

5 Again, Plaintiff will gladly provide copies of these Limited Authorizations to the Court upon request.

and Chapman depos in Jan 2023), ***Exhibit 4*** *(August 2022 good faith discovery email referencing June 2022 Good Faith Letter), and see, court file, Plaintiff's First Motions to Compel filed against Defendants (1) Christopher Asandra MD; (2) Carlos Feliciano MD; (3) Numale Albuquerque LLC; (4) Numale Corp.; (5) Numale Medical Center LLC; (6) Numale New Mexico S.C. Corp.; (7) Brad Palubicki; (8) Brad Pulliam; and (9) Michael Rivera* (all filed on 9/22/2023 with **more** 2022 Good Faith Letters attached); *and see, court file, Plaintiff's Memorandum of Law In Support of His (First) Motions to Compel* (filed 9/22/2023 with **still more** good faith discovery emails from October 2022-Jan 2023 attached). As the Court is aware, all nine Numale Defendants failed to file any Responses to these Motions, culminating in a *Notice of Completion of Briefing on Motions to Compel* disclosing no responsive briefing (filed on 10/19/2023, a Notice of Hearing on February 7, 2024 requiring counsel to meet and confer (filed 11/8/2023) and ultimately, entry of multiple Stipulated Discovery Orders filed on February 6, 2024. This caused substantial delay in the case.

Even as Plaintiff worked from 2022 until early 2024 to obtain responses to the written discovery they had propounded (in order to take party depositions with the material documents at issue), Defendants continued causing delay with depositions they did request. After providing her Mr. Sanchez's many Limited Medical Authorizations, Ms. Gutterson for Defendant Chapman continued refusing to make him available throughout 2023. *See,* ***Exhibit 6*** *(October 2023 emails).* After making requests since November 24, 2021, Plaintiff finally got to take Mr. Chapman's deposition with Defendants' responsive discovery documents, **twenty-eight months later**. See, court file, NOD for Chapman on March 12, 2024 (filed 2/5/2024).

Defendant's Response utterly fails to show "dilatory" conduct by Plaintiff as they call it. The actual facts show the opposite; he prosecuted his case despite their substantial delay conduct, warranting the prejudgment interest he requests.

**2. <u>Defendant's actual offers made to Plaintiff were not reasonable or timely.</u>**

There is no merit to Defendants' contention that "the reasonableness of [their] offers cannot be assessed based on the size of the jury's compensatory damages award" in this case. As Defendants state, reasonableness is to be assessed on the information available to them when offers to settle were made. Plaintiff has established that since inception of this case, he was available and produced ample proof for Defendants to assess their exposure. In fact, the only proof he lacked was that which was in Defendants' possession because they failed and refused to produce it for literally years during the litigation. This is appropriate for the Court to consider in its discretion when awarding prejudgment interest on the verdict.

The "policy limits" tender Defendants made before Plaintiff's rebuttal at trial was not timely, and it was not even a valid offer. While Plaintiff does not dispute that after his lawyers told the jury in closing that the verdict should be between $25 and $50 million in compensatory damages and $375 million in punitive damages, Defendants' counsel stated they were "tendering limits in exchange for a full and final release…." *See **Exhibit** 7 (email*). in addition to being "too little too late", this did not constitute a valid offer because the term "limits" was unreasonably vague. When the offer was made, there was no clarification if Defendants' offer was for the full extent of the existing policies, or the remainder, reduced by whatever amount defense costs had eroded it. , as this provision in its primary and excess policies stated:

> 2. It is agreed that the Limit of Liability available to pay **Damages** shall be reduced and may be completely exhausted by payment of **Claims Expenses**. **Damages** and **Claims Expenses** shall be applied against the Deductible set forth in Item 4. of the Declarations.

Plaintiff had raised his concern multiple times that the policies needed to be conformed to New Mexico law, so they would not violate New Mexico Administrative Code §13.11.8 and §13.11.9, prohibiting medical malpractice liability policies in New Mexico to be reduced by "defense within

limits." *See*, ***Exhibit 3b****, 3/29/2022 Good Faith Letter at p. 2; and see court file, Notice to Court Regarding Defendants' Failure to Comply with Court Order of Referral to Settlement Conference* (filed 10/11/2023) at ¶¶ 12-15 and at Exs. 1-3 thereto (10/2/2023 Good Faith Letter and Insurance Policy Excerpts); *and see Plf. Motion* at ¶ 13. There had been absolutely no response at any time. An agreement to settle is a contract. But an offer cannot be accepted in order to form a contract, unless the terms are reasonably certain. Neither the parties or a court can enforce a contract unless they can determine what it is. *Las Cruces Urban Renewal Agency v. El Paso Elec. Co*., 1974-NMSC-004, ¶ 14, 86 N.M. 305, 523 P.2d 549. Its terms must be more explicit than "tendering limits" under the circumstances here.

In contrast, in addition to the seven offers Plaintiff identified in his Motion, Plaintiff's offers made to settle with Defendants Asandra and Feliciano during trial in exchange for Defendants' stipulation that their conduct was in the course and scope of their work for their businesses, **were** additional offers with specific terms, thus enforceable as well as reasonable, that Defendants chose to reject at the peril of those particular Defendants. That factor should also weigh in Plaintiff's favor when the court exercises discretion in awarding prejudgment interest.

3. **The Court should award prejudgment interest on Plaintiff's Compensatory Damages in addition to permitting his punitive damages award to stand.**

Plaintiff concedes that New Mexico precedent only clearly supports awarding prejudgment interest on his $37,005,149 compensatory damages award, in addition to his punitive damages. In *Coates v. Wal-Mart Stores, Inc.,* 1999-NMSC-13, 127 N.M. 47, 976 P.2d 999, a tort case where the jury awarded compensatory and punitive damages, the New Mexico Supreme Court upheld the trial court's discretionary decision to award ten percent prejudgment interest on the compensatory damages awarded by the jury **only**, stating that "[b]ecause a tort victim can be made whole even if prejudgment interest is not awarded on punitive damages, we find that the district court did not

abuse its discretion in not awarding prejudgment interest on the punitive damage award. *Id* at ¶¶ 55-56. The court explained, "[i]nterest is awarded to make the tort victim whole, and has no bearing on the question of punishing the tortfeasor and comprises a sanction wholly separate from any punitive damages awarded." *Id* at ¶ 55, citing *d' Arc Turcotte v. Estate of LaRose*, 153 Vt. 196, 569 A.2d 1086, 1088 (Vt. 1989). Though the Court in the Coates versus WalMart opinion explained, “prejudgment interest serves two purposes, promoting early settlements and compensating persons; however, it was never intended to encompass an award of punitives that prejudgment” but emphasized that “awarding prejudgment interest “ensures that just compensation of the tort victim is not eroded by the dilatory tactics of the tortfeasor.” *Id*. (citations omitted).

## II. <u>Conclusion</u>

The facts clearly support this Court’s discretion in awarding 10% simple prejudgment interest on Plaintiff’s compensatory damages of $37,005,149.00 commencing when he filed his Complaint on November 16, 2020, or at the latest on December 31, 2020 when Defendants’ insurer rejected Plaintiff’s first of **not seven but nine** offers to settle. The collective facts justify this Court’s discretion in entering such an Order to compensate Plaintiff for Defendants’ unreasonable delays, dilatory tactics, and choice not to make reasonable and timely settlement offers to him during the litigation. Such interest is wholly consistent with our State legislature’s direction in Section 56-8-4(B) NMSA. It is also consistent with New Mexico case law to award Plaintiff this interest in addition to the jury’s $375 million punitive damages verdict, because the simple prejudgment interest on compensatory damages and punitive damage are distinctly different remedies intended to serve different purposes. Ten percent interest per annum on the compensatory damages November 10, 2020 until the Judgment is ultimately entered is calculated as follows:

$37,005,149.00 X 10% = $3,700,514.90/year

$3,700,514.90/year ÷ 365 = $10,138.40 per day

November 16, 2020 – March 26, 2025 = 1,590 days

1,590 X $10,138.40 = $16,120,056 to date of filing of this Reply

WHEREFORE, Plaintiff respectfully renews his Request for this Court to enter an Order assessing ten percent prejudgment interest on the $37,005,149 compensatory damages in this case at 10% per annum, which is $10,138.40 per day, from November 16, 2020 when Plaintiff filed his Complaint until the date when the Judgment is ultimately entered, and for such other relief this Court deems proper in its discretion pursuant to New Mexico law.

Respectfully Submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */s/ Lori M. Bencoe*
Lori M. Bencoe NM Bar ID 7525
Cherie L. LaCour NM Bar ID 9526
9201 Montgomery Blvd NE #404
Albuquerque, NM 87111
(505) 247-8800 ~ (505) 247-8801
lori@bencoelaw.com / cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley NM Bar ID 159410
421 W. Water Street, Third Floor
Decorah, IA 52101
(866) 854-5529
NR@TL4J.com

**BOWEN HATCH LAW, P.C.**
Theresa Bowen Hatch NM Bar ID 160899
1902 Wright Place Suite 200
Carlsbad, CA 92008
(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine, CA 92612
(310) 745-7811
keith@brunonalu.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2025, I caused this Reply to be submitted for electronic filing in the Second Judicial District Court's electronic filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I also hereby certify a true and correct copy of same was electronically mailed to all parties entitled to notice.

By: *_/s/ Lori M. Bencoe_*
Lori M. Bencoe

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

MICHAEL E. SANCHEZ,

Plaintiff,

v. Cause No: D-202-CV-2020-06336

NUMALE MEDICAL CENTER LLC (a Wisconsin Corp.), NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, JUSTIN PULLIAM, STEPHEN G. CHAPMAN P.A.-C and MIKE RIVERA, and BLACK & WHITE Corps. 1-10 and JOHN & JANE DOES 1-10,

Defendants.

Transcript of Proceedings

On the 22nd day of November 2024, at approximately 9:40 a.m., this matter came on for trial before THE HONORABLE BEATRICE J. BRICKHOUSE, Division IV, Judge of the Second Judicial District.

The Plaintiff appeared by Counsels of Record, LORI BENCOE, CHERIE LaCOUR, DANIELLE CEBALLES, NICHOLAS ROWLEY and KEVIN BRUNO.

The NuMale Defendants appeared by Counsels of Record, DOMINIQUE BARRETT, ERIN CHAVEZ and ANDREW ROBERTSON.



EXHIBIT 1

come in, I don't want there to be any question with the Court of Appeals and the Supreme Court. So we do want the jurors to answer those questions.

THE COURT: Okay.

MR. ROWLEY: But we do have a motion with respect to --

MS. BENCOE: Your Honor, the other motion we have is a motion in equity. And Ms. LaCour will present that motion.

THE COURT: I didn't hear you -- oh, you said Ms. LaCour is gonna handle that. That's the part I didn't hear.

MS. LaCOUR: Yes, Your Honor. With permission of the Court, I have a bench brief for the Court regarding piercing the corporate veil. May I provide that?

THE COURT: Sure.

MS. LACOUR: With the Court's permission, may I use the podium? Because I would like to be able to show some exhibits on the screen.

THE COURT: Sure.

MS. LACOUR: So, Your Honor, we moved for directed verdict on the liability of NuMale Corporation for the acts of both NuMale Albuquerque LLC and NuMale New Mexico SC Corp. By piercing the corporate veil, I'm

the arguments are --

MS. LACOUR: Yes.

THE COURT: -- as to the cause prong.

MR. ROBERTSON: I think I know which way the wind is blowing, so --

THE COURT: Well, I don't know why you would say that, Mr. Robertson. Maybe I should take offense at that or something. I don't know.

The motion for directed verdict is granted. I think it's clear from the exhibits, the testimony that NuMale Corporation, they were running everything and therefore they should be liable for the acts or omissions of NuMale SS -- is it NuMale New Mexico SC Corporation and NuMale Albuquerque LLC? I think I got it straight.

So the motion for directed verdict is granted. I'm assuming you-all will give the special verdict form that is applicable to the Court's ruling on this issue, then, right?

And so I've got to get going. I have a 12:30 hearing that I need to sign on to. And so what I understood -- okay. So the jury has been directed to come back at 1:30. And so what I understood is that you-all are gonna give me a packet, a final packet. Am I correct? You-all are gonna give me a final packet

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
11/26/2024 1:51 PM
KATINA WATSON
CLERK OF THE COURT
DyAnna Garcia

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

MICHAEL E. SANCHEZ,

Numale Corps subsidiaries instruction

Plaintiff,

v.

No. D-202-CV-2020-06336

NUMALE MEDICAL CENTER LLC (a Wisconsin Corp.), NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE, L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, JUSTIN PULIAM, STEPHEN G. CHAPMAN P.A.-C and MIKE RIVERA, and BLACK & WHITE Corps. 1-10 and JOHN & JANE DOES 1-10,

Defendants.

**STIPULATED FINAL JURY INSTRUCTIONS**

EXHIBIT 2

JURY INSTRUCTION NO. 17

The Court has found that at the time of the occurrence, Numale Albuquerque LLC and Numale New Mexico S.C. Corporation were subsidiaries of their parent company, Numale Corporation, and that Numale Corporation completely dominated its subsidiaries' finances, policy and business practices and used them for an improper purpose that was a cause of harm to Plaintiff Michael E. Sanchez.

**From:** Lori Bencoe
**To:** Neil R. Blake; Cheryl Clements; Daphne Russell; Charles B. Kraft
**Cc:** Theresa Bowen; Cherie LaCour; Maggie Golike; Danielle Ceballas
**Subject:** RE: Sanchez v Numale et al - reinstatement and Chapman deposition dates
**Date:** Tuesday, November 30, 2021 3:07:07 PM

---

Neil,

Thanks for agreeing to the Unopposed Mtn and Stip Order. I'll get them entered. When do you want to take our client's deposition? Let's try to get both his and Mr. Chapman's set in January, you want to?


Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
www.bencoelaw.com


---

**From:** Neil R. Blake <nrblake@btblaw.com>
**Sent:** Tuesday, November 30, 2021 7:14 AM
**To:** Lori Bencoe <lori@bencoelaw.com>
**Cc:** Cheryl Clements <cdclements@btblaw.com>; Daphne Russell <dlrussell@btblaw.com>; Maggie Golike <maggie@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Theresa Bowen <theresa@bowenhatchlaw.com>; Sharon Walker <sywalker@btblaw.com>; Charles B. Kraft <cbkraft@btblaw.com>
**Subject:** Re: Sanchez v Numale et al - reinstatement and Chapman deposition dates

Lori,

I won't oppose, but we need to get Mr. Sanchez's deposition on the calendar before we start deposing defendants.

Thanks.

Neil

On Nov 24, 2021, at 1:53 PM, Lori Bencoe <lori@bencoelaw.com> wrote:

EXHIBIT 3a

Ms. Clements, I'm forwarding this to you with attachments at ms. Walker's direction. Please see that Neil gets it, thank you.

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
www.bencoelaw.com

---

**From:** Sharon Walker <sywalker@btblaw.com>
**Sent:** Wednesday, November 24, 2021 1:50 PM
**To:** Lori Bencoe <lori@bencoelaw.com>; Neil R. Blake <nrblake@btblaw.com>; Daphne Russell <dlrussell@btblaw.com>; Cheryl Clements <cdclements@btblaw.com>
**Cc:** Maggie Golike <maggie@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Theresa Bowen <theresa@bowenhatchlaw.com>
**Subject:** RE: Sanchez v Numale et al - reinstatement and Chapman deposition dates

Cheryl Clements (cdclements@btblaw.com) should replace sywalker@btblaw.com on future emails, please.

---

**From:** Lori Bencoe <lori@bencoelaw.com>
**Sent:** Wednesday, November 24, 2021 1:43 PM
**To:** Neil R. Blake <nrblake@btblaw.com>; Sharon Walker <sywalker@btblaw.com>; Daphne Russell <dlrussell@btblaw.com>
**Cc:** Maggie Golike <maggie@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Theresa Bowen <theresa@bowenhatchlaw.com>
**Subject:** Sanchez v Numale et al - reinstatement and Chapman deposition dates
**Importance:** High

Hello Neil, I hope this finds you doing well.

I'm attaching a form of Unopposed Motion and Stipulated Order to reinstate this case. Will you stipulate to these so I can submit them to Judge Brickhouse? Please let me know by close of business on Monday November 29, 2021.

We are preparing written discovery requests to serve soon, and would also like to get your dates of availability to depose Mr Chapman sometime in January. Thank you.

BENCOE & LACOUR LAW, PC

**Medical malpractice, wrongful death,**
**catastrophic injury & insurance law litigation**

**Lori M. Bencoe, JD • Cherie L. LaCour, JD • Danielle L. Ceballes, JD**
**www.bencoelaw.com**

**VIA EMAIL ONLY**

March 29, 2022

Email to: nrblake@btblaw.com
Neil R. Blake
Butt Thornton & Baehr PC
PO Box 3170
Albuquerque NM 87190-3170

*RE: Michael Sanchez v. Numale et al.; Good faith letter re disclosure of all insurance policies pursuant to Rule 1-026 NMRA and request for written certification that Beasley Insurance Co. has conformed policies to comply with NM Insurance Regulations*

Dear Neil:

The narrow purpose of this good faith letter is to assure that your clients, and each and all of them, have produced all applicable insurance policies that do or which may provide coverage for the conduct alleged in the Verified Civil Complaint, consistent with Rule 26 and our recent discovery requests. Your written discovery responses to our RFPs 3-13 to NuMale sought seeking all policies for each named Defendant (see captain above), were all the same and all simply said "Pursuant to Rule 1-033 (E ) NMRA, please see attached." Problematically, the RFP 3 that we served to the individual codefendants in their sets all merely referred generically to the policies NuMale produced. To determine whether to participate in the mediation you recently suggested, and to determine how to otherwise plan the rest of this litigation, our client is entitled under black letter law (Rule 26B4) to discover complete insurance policy information not just from Numale but from any and all of the other codefendants he has sued, to understand what coverage may be available for direct and vicarious liability as to each of the party defendants he has asserted different claims against. He is legally entitled to understand what policies would insure them against a judgment for claims against each of them at trial.

Ideally we need to receive supplemental responses to each of the Defendants' Responses to our RFPs about insurance. Alternatively, we would be willing to waive any individual codefendant's obligation to supplement their RFP Response in exchange for Numale's full supplementation of

Responses to RFPs 3-8 regarding all of the individual policies for these parties. For each party addressed in an RFP, if they have no further coverage we would ask that NuMale confirm that in its supplemental Response.

With regard to the two Beasley policies that NuMale has produced, we respectfully request assurance in writing that your clients' insureds have asked Beasley to conform them to comply with New Mexico law. As you should be aware from your many years of former work as a plaintiffs' personal injury / medical negligence lawyer and current work defending such claims, our Public Regulation Commission enacted regulations prohibiting insurers from writing policies that contained "defense within the limits" clauses years ago here in New Mexico. See NMAC 13.11.2.8 and .9 (Defense Costs and Deductions Within Limits). I am enclosing a copy of the provision for your convenience and courtesy in forwarding same to your clients' insurers.

We respectfully ask for your response to this letter within ten (ten) business days, and specifically for this discovery supplementation and certification of coverage conformation to NM Law ***by close of business on Tuesday April 12, 2022***.

A more comprehensive discovery good faith letter will follow. Also, we are still awaiting the opportunity to depose Mr. Chapman and would like dates of his/your availability. Thank you.

**Sincerely,**

[signature]

**Lori M. Bencoe**

Encl: NMAC provision
CC (via email w/ encls): Michael Sanchez, client
Nick Rowley
Courtney Rowley
Theresa Bowen Hatch

**From:** Maggie Golike
**To:** Neil R. Blake; Sharon Walker
**Cc:** Lori Bencoe; Cherie LaCour; Danielle Ceballas; Nicholas Rowley; Courtney Rowley; Theresa Bowen Hatch; Zachary Coffin
**Subject:** SANCHEZ / Chapman Depo Dates
**Date:** Tuesday, April 5, 2022 11:08:16 AM

---

Mr. Blake:

Do you have dates of availability for PA Chapman in April or May?

Maggie Golike
Paralegal
Bencoe & LaCour Law PC
9201 Montgomery Blvd NE
Suite 404
Albuquerque NM 87111
(505) 247-8800 / (505) 247-8801
maggie@bencoelaw.com
www.bencoelaw.com

**Confidentiality Notice:** This e-mail, including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this message

EXHIBIT 3c

**From:** Maggie Golike
**To:** Neil R. Blake; Sharon Walker
**Cc:** Lori Bencoe; Cherie LaCour; Danielle Ceballas; Nicholas Rowley; Courtney Rowley; Theresa Bowen Hatch; Zachary Coffin
**Subject:** RE: SANCHEZ / Chapman Depo Dates
**Date:** Tuesday, April 12, 2022 9:51:37 AM

---

Mr. Blake:

Do you have dates of availability for PA Chapman in April or May?

Maggie Golike
Paralegal
Bencoe & LaCour Law PC
9201 Montgomery Blvd NE
Suite 404
Albuquerque NM 87111
(505) 247-8800 / (505) 247-8801
maggie@bencoelaw.com
www.bencoelaw.com

**Confidentiality Notice:** This e-mail, including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this message

EXHIBIT 3d

**From:** Maggie Golike
**To:** Neil R. Blake; Sharon Walker
**Cc:** Lori Bencoe; Cherie LaCour; Danielle Ceballas; Nicholas Rowley; Courtney Rowley; Theresa Bowen Hatch
**Subject:** SANCHEZ / Chapman Depo Dates
**Date:** Monday, April 18, 2022 3:07:21 PM

---

Mr. Blake:

Do you have dates of availability for PA Chapman in April or May yet?

Maggie Golike
Paralegal
Bencoe & LaCour Law PC
9201 Montgomery Blvd NE
Suite 404
Albuquerque NM 87111
(505) 247-8800 / (505) 247-8801
maggie@bencoelaw.com
www.bencoelaw.com

**Confidentiality Notice:** This e-mail, including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this message

EXHIBIT 3e

**From:** Neil R. Blake
**To:** Maggie Golike
**Cc:** Lori Bencoe; Cherie LaCour; Danielle Ceballas; Nicholas Rowley; Courtney Rowley; Theresa Bowen Hatch; Linda Perkins; Daphne Russell; Joyce Fischer; Charles B. Kraft
**Subject:** Re: SANCHEZ / Chapman Depo Dates
**Date:** Monday, April 25, 2022 9:42:26 AM

---

Hi Maggie,

We are working on dates on this end. Have you been able to get dates for Mr. Sanchez's deposition? As discussed a while back, we need to get this done first.

Also, please copy my partner, Charles Kraft, and my legal assistant, Linda Perkins, on these emails.

Thanks.

Neil

On Apr 25, 2022, at 9:24 AM, Maggie Golike <maggie@bencoelaw.com> wrote:

Mr. Blake:

Do you have dates of availability for PA Chapman in April or May?

Maggie Golike
Paralegal
Bencoe & LaCour Law PC
9201 Montgomery Blvd NE
Suite 404
Albuquerque NM 87111
(505) 247-8800 / (505) 247-8801
maggie@bencoelaw.com
www.bencoelaw.com

**Confidentiality Notice:** This e-mail, including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this message

EXHIBIT 3f

**From:** Lori Bencoe
**To:** Frank Alvarez; Jack Oliver; Beth Severson
**Cc:** theresa@bowenhatchlaw.com; Cherie LaCour; Danielle Ceballas; Maggie Golike; therowleylawfirm@gmail.com; nick@tl4j.com
**Subject:** RE: Sanchez v NuMale et al. -- Good Faith Discovery email
**Date:** Monday, August 22, 2022 5:48:16 PM
**Attachments:** image001.jpg
image002.png

---

Ok, thanks for letting me know.

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
https://www.bencoelaw.com/
https://TL4J.com/lori-bencoe/

---

**From:** Frank Alvarez <frank.alvarez@qpwblaw.com>
**Sent:** Monday, August 22, 2022 5:44 PM
**To:** Lori Bencoe <lori@bencoelaw.com>; Jack Oliver <jack.oliver@qpwblaw.com>; Beth Severson <beth.severson@qpwblaw.com>
**Cc:** theresa@bowenhatchlaw.com; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Maggie Golike <maggie@bencoelaw.com>; therowleylawfirm@gmail.com; nick@tl4j.com
**Subject:** RE: Sanchez v NuMale et al. -- Good Faith Discovery email

Lori,

It was an oversight and was not intentional.

Thanks.

Frank

EXHIBIT 4

**Frank Alvarez | Managing Partner - Dallas Office**
**Quintairos, Prieto, Wood & Boyer, P.A.**
Licensed in Texas and New Mexico
1700 Pacific Avenue, Suite 4545, Dallas, Texas 75201
Ph: (214) 754-8755 x2202 Fax: (214) 754-8744
Email: frank.alvarez@qpwblaw.com Web: www.qpwblaw.com
Mobile: (214) 394.6554

II

Arizona ♦ California ♦ Colorado ♦ Florida ♦ Georgia ♦ Illinois ♦ Indiana ♦ Kentucky ♦ Louisiana ♦ Maryland
Michigan ♦ Mississippi ♦ Nevada ♦ New Jersey ♦ New York ♦ Oklahoma ♦ Tennessee ♦ Texas ♦ USVI

---

**From:** Lori Bencoe <lori@bencoelaw.com>
**Sent:** Monday, August 22, 2022 6:38 PM
**To:** Jack Oliver <jack.oliver@qpwblaw.com>; Frank Alvarez <frank.alvarez@qpwblaw.com>; Beth Severson <beth.severson@qpwblaw.com>
**Cc:** theresa@bowenhatchlaw.com; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Maggie Golike <maggie@bencoelaw.com>; therowleylawfirm@gmail.com; nick@tl4j.com
**Subject:** RE: Sanchez v NuMale et al. -- Good Faith Discovery email

Jack,

Regarding "what we are looking for in discovery," we need your clients whose discovery responses are addressed in our June 10, 2022 Good Faith letter to respond by supplementing or notifying us in writing what objections you will stand by. We would hope to have that no later than September 1, 2022 unless you specifically tell us that you cannot produce supplemental discovery with or without a written response letter by that date.

If you have specific questions about the Good Faith letter, please feel free to contact me or my partner, Cherie LaCour who wrote the letter back in June.

In another vein, I sent you a separate email regarding not being asked to concur in any form of Order for substitution of counsel. I likely would have concurred without question, but did not get an opportunity - that never happened to me before.

Sincerely,

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
https://www.bencoelaw.com/
https://TL4J.com/lori-bencoe/

---

**From:** Jack Oliver <jack.oliver@qpwblaw.com>
**Sent:** Monday, August 22, 2022 11:55 AM
**To:** Lori Bencoe <lori@bencoelaw.com>
**Cc:** Nrblake <nrblake@btblaw.com>; Cbkraft <cbkraft@btblaw.com>; Frank Alvarez <frank.alvarez@qpwblaw.com>; ankasprzyk@btblaw.com; lsperkins@btblaw.com; dlrussell@btblaw.com; sywalker@btblaw.com; clsaavedra@btblaw.com; theresa@bowenhatchlaw.com; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Maggie Golike <maggie@bencoelaw.com>; therowleylawfirm@gmail.com; nick@tl4j.com; admin@kerrykiernanpc.com; Mike Sanchez <mes4law@outlook.com>
**Subject:** Re: Sanchez v NuMale et al. (D-202-CV-2020-06336)-Good Faith email

Hi Lori,

We have filed the substitution pleadings and are getting up to speed after the file transfer. I'm happy to set up a call this week to discuss what you were looking for in discovery and what we can do to supplement. Let me know your schedule the rest of this week as I am fairly flexible.

Thank you,
Jack

**Jack Oliver**
Partner
Quintairos, Prieto, Wood & Boyer, P.A.
(Licensed in Texas and New Mexico)
1700 Pacific Avenue, Suite 4545, Dallas, Texas 75201
Ph: (214) 754-8755 x2207
Fax: (214) 754-8744

On Aug 19, 2022, at 12:30 PM, Lori Bencoe <lori@bencoelaw.com> wrote:

Good morning Neil, Charles and also Frank and Jack –

In March of this year, the Numale Defendants responded to written discovery. Thereafter we started the good faith process that our Rules require before filing of Motions to Compel. After obtaining additional rule 26(B)(4) insurance information, Ms. LaCour sent the June 10 Good Faith letter that I attach. While that was pending, on July 1 we were informed that a conflict arose and the Numale Defendants would be seeking to substitute new counsel, and Frank Alvarez' firm was mentioned. We were assured it would not take long to accomplish this substitution so we agreed to wait.

Over two months have now passed since Ms. LaCour's Good Faith letter. The only Substitution of Counsel I have seen is for Steven Chapman PA, whose discovery was not at issue in the pending GF Letter (though we may send him one

at some point).

Charles, I called you about this yesterday and left a message. This email follows that. As we cannot wait indefinitely, next week we will proceed with our Motion to Compel on the matters addressed in our June 10, 2022 GF letter and will serve counsel of record for the Numale Defendants. Additional Good Faith letters addressed to the other Numale Defendants' discovery responses will follow. We need to get this done to proceed with this case.

Please do not hesitate to call us if any of you wish to discuss this matter. You have our office and my cell number below. Thank you.

Sincerely,

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
https://www.bencoelaw.com/
https://TL4J.com/lori-bencoe/

**From:** Lori Bencoe
**To:** MCG@kerrykiernanpc.com; sanchezadmin@kerrykiernanpc.com
**Cc:** Cherie LaCour; Danielle Ceballas; Theresa Bowen; Maggie Golike
**Subject:** RE:Sanchez v NuMale etal; Response to Chapman GF Discovery Letter
**Date:** Wednesday, November 9, 2022 6:10:23 PM
**Attachments:** Stip Order Governing Records to D Chapman.docx

---

Dear Ms. Gutterson,

This responds to your good faith emails below, regarding our client's Responses to Defendant Chapman's RFPs 1-3 (COS 2022.1026). Mr. Sanchez's medical records received to date were produced/attached.

Thank you for agreeing to our proposed form of Stipulated Order Governing Records Obtained through the Use of Authorizations Plaintiff Provides. I attach a form of that Order with your signature block revised. If it still meets with your approval, please enter your electronic signature and submit it to Judge Brickhouse for signature and entry. Once it has been filed/served, we will gladly provide you with Limited Medical Authorizations signed by our client for specific providers whose medical records you seek that we can agree are reasonably calculated to lead to the discovery of admissible evidence at trial. Though you did not serve any Interrogatories asking for a list of our client's providers, you are aware of them from the written discovery that was exchanged before your firm's entry in the case.

New Mexico state law does not require a plaintiff to produce a medical authorization at all. It is incredibly invasive, scary, and absolutely unnecessary to ask a client who is suing for negligence and damages, to give the entity they are suing a blank undated HIPAA Authorization. So for many years now it has been our firm's custom and practice to respond to requests for a client's medical documents, information and signed Authorizations, by:

a. Producing the records and bills that we have/ the client has;
b. In response to an Interrogatory, identifying health care providers dating back "five (5) years before the occurrence set forth in the pleadings continuing to present," consistent with U.S. District Court DNM Local Federal Rule LR-CV 26.3(d); and
c. subject to entry of a Stipulated Order Governing Records, providing Limited HIPAA Authorizations consistent with Local Federal Rule LR-CV 26.3(d) and Form 1 (and Form 2 if applicable), and facility specific forms as agreed to between the parties.

EXHIBIT 5

This is what we agree to do here, as well. We trust that once the Stipulated Order is entered, you will tell us what providers you wish to independently request records from so we can provide signed Auths for all those we do not object to. If we maintain objection to any of your requests as overly broad in scope, not limited to time, seeking information that is not reasonably calculated to lead to discovery of admissible evidence, or as a Hickman v. Taylor fishing expedition, we will inform you of our position in writing. If the terms of the Stipulated Order Governing Records is not followed, we reserve the right to withdraw our client's HIPAA Authorizations entirely until the matter is resolved between us. Though I do not expect that, it has unfortunately occurred before, and my utmost obligation is to protect my client's interests, including his HIPAA protected health information and physician patient privilege interests. Thank you for understanding.

We will inquire about Mr. Sanchez and trial counsel's availability for depositions in this case in January. We hereby renew our request for dates to depose Mr. Chapman as well. If we can agree to a week in January that works for everyone that might be best.

Thank you.

Sincerely,

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800
(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
https://www.bencoelaw.com/
https://TL4J.com/lori-bencoe/

---

**From:** M. Clea Gutterson <MCG@kerrykiernanpc.com>
**Sent:** Wednesday, November 09, 2022 4:15 PM
**To:** Lori Bencoe <lori@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>
**Cc:** 'Frank Alvarez' <frank.alvarez@qpwblaw.com>
**Subject:** Sanchezadmin@kerrykiernanpc.com. v NuMale Chapman discovery

Good afternoon. To follow up on Friday's email:

-Please let me know about Plaintiff's response the RFP for previously unproduced records.
- I agree to the Stipulated Order Governing Records if you still feel a second Order, identical to the first is necessary.
- Your medical records release procedure seems cumbersome and unnecessary. As I understand it, you will not allow a release allowing defendants to determine to whom to send it. You will only provide individual releases directed to specific providers. This is contrary to common practice and to the language of the Order you've drafted. The Order allows for Defendants to
" independently discover documents." Pursuant to the requirements of New Mexico law and as set out in the Stipulated Order, you will timely get copies of all documents requested as well as a copy of the request itself. Your requirement that Plaintiffs serve as gatekeepers of each and every release is redundant and time consuming. You require defendants to ask your permission and wait for a new release with each new relevant provider found. I ask that you reconsider your position and provide a customary release which will avoid the multiple, time consuming steps you propose.
- Finally, please provide dates for Mr. Sanchez' deposition in early January 2023.

Thank you

M. Clea Gutterson
*Attorney/Shareholder*
KERRY KIERNAN,P.C.
PO Box 7778 Albuquerque, New Mexico 87194
500 Marquette Ave. N.W., Suite 1200 Albuquerque, New Mexico 87102
www.kckpc.com

505.926.2148

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

---

**From:** M. Clea Gutterson <MCG@kerrykiernanpc.com>
**Sent:** Friday, November 4, 2022 11:35 AM
**To:** 'Lori' <lori@bencoelaw.com>; 'Cherie' <cherie@bencoelaw.com>; 'Frank Alvarez' <frank.alvarez@qpwblaw.com>
**Subject:** Sanchezadmin@kerrykiernanpc.com. v NuMale Chapman discovery

Thank you for Mr. Sanchez' discovery responses. However, the RFP asked for records not already produced. The intent was to obtain more recent treatment records. If records not previously produced were included in your response, kindly identify the new records. If you

have recent records, not produced, please supplement Mr. Sanchez' production.

I will address the medical releases and Stipulation in a separate email with you next week. I do know there are providers seen by Mr. Sanchez who are not on the releases you provided. I will follow up with you once I have a better idea of additional providers from whom we'd like records. As stated before, we understand we are bound by the existing Stipulation regarding medical records. If you'd like to enter a new order, identical to the old, we have no objection.

Enjoy your weekend

M. Clea Gutterson
*Attorney/Shareholder*
KERRY KIERNAN,P.C.
PO Box 7778 Albuquerque, New Mexico 87194
500 Marquette Ave. N.W., Suite 1200 Albuquerque, New Mexico 87102
www.kckpc.com

505.926.2148

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

**From:** M. Clea Gutterson
**To:** Maggie Golike; Lori Bencoe; "John Andrew Robertson"; "Frank Alvarez"; "Joshua D. Smentek"; admin@kerrykiernanpc.com
**Cc:** "Theresa Bowen Hatch"; Cherie LaCour; Danielle Ceballas; "Keri Paralegal"; "Danielle Jordan"
**Subject:** RE: SANCHEZ v NUMALE - Deposition Scheduling Please
**Date:** Monday, October 23, 2023 3:01:07 PM

November is not going to work for me. I will defer to new counsel for Mr. Chapman, once they are on board, regarding December dates.

M. Clea Gutterson
*Attorney/Shareholder*
KERRY KIERNAN,P.C.
PO Box 7778 Albuquerque, New Mexico 87194
500 Marquette Ave. N.W., Suite 1200 Albuquerque, New Mexico 87102
www.kckpc.com

505.926.2148

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

---

**From:** Maggie Golike <maggie@bencoelaw.com>
**Sent:** Friday, October 20, 2023 10:09 AM
**To:** Lori Bencoe <lori@bencoelaw.com>; mcg@kerrykiernanpc.com; John Andrew Robertson <andrew.robertson@qpwblaw.com>; Frank Alvarez <frank.alvarez@qpwblaw.com>; Joshua D. Smentek <joshua.smentek@qpwblaw.com>; admin@kerrykiernanpc.com
**Cc:** Theresa Bowen Hatch <theresa@bowenhatchlaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Keri Paralegal <kerri@tl4j.com>; Danielle Jordan <danielle@trialbywoman.com>
**Subject:** RE: SANCHEZ v NUMALE - Deposition Scheduling Please

Counsel:

Do you have any dates of availability for Steven Chapman and Dr. Asandra for November or December yet?

Maggie Golike
Paralegal
Bencoe & LaCour Law PC
9201 Montgomery Blvd NE

EXHIBIT 6

Suite 404
Albuquerque NM 87111
(505) 247-8800 / (505) 247-8801
maggie@bencoelaw.com
www.bencoelaw.com

**Confidentiality Notice:** This e-mail, including all attachments is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this message

---

**From:** Lori Bencoe <lori@bencoelaw.com>
**Sent:** Thursday, October 12, 2023 5:46 PM
**To:** mcg@kerrykiernanpc.com; John Andrew Robertson <andrew.robertson@qpwblaw.com>; Frank Alvarez <frank.alvarez@qpwblaw.com>; Joshua D. Smentek <joshua.smentek@qpwblaw.com>; admin@kerrykiernanpc.com
**Cc:** Theresa Bowen Hatch <theresa@bowenhatchlaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Maggie Golike <maggie@bencoelaw.com>; Keri Paralegal <kerri@tl4j.com>; Danielle Jordan <danielle@trialbywoman.com>
**Subject:** RE: SANCHEZ v NUMALE - Deposition Scheduling Please

Counsel,

Plaintiff would like dates of availability in November and December to take the depositions of Steven Chapman PA and Christopher Asandra MD, please.

Ms. Gutterson, we respect your personal decision to hold off on deposing Mr. Sanchez at this time. But we cannot permit that to prevent us from deposing Mr. Chapman and Dr. Asandra without further delay. Thank you in advance for your understanding, and we look forward to receiving dates of availability from you both soon.

Sincerely,

Lori Bencoe
Bencoe & LaCour Law, P.C.
9201 Montgomery Blvd., NE Ste. 404
Albuquerque NM 87111
(505) 247-8800

(505) 238-9095 cell
(505) 247-8801 fax
(866) 921-8800 toll free
lori@bencoelaw.com
https://www.bencoelaw.com/
https://TL4J.com/lori-bencoe/

---

**From:** mcg@kerrykiernanpc.com <mcg@kerrykiernanpc.com>
**Sent:** Thursday, October 12, 2023 5:40 PM
**To:** Maggie Golike <maggie@bencoelaw.com>
**Cc:** Frank Alvarez <frank.alvarez@qpwblaw.com>; John Andrew Robertson <andrew.robertson@qpwblaw.com>; joshua.smentek@qpwblaw.com; admin@kerrykiernanpc.com; Lori Bencoe <lori@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>; Theresa Bowen Hatch <theresa@bowenhatchlaw.com>; Danielle Ceballas <DCeballas@bencoelaw.com>; Courtney Rowley <therowleylawfirm@gmail.com>; Keri Paralegal <kerri@tl4j.com>; Danielle Jordan <danielle@trialbywoman.com>
**Subject:** Re: SANCHEZ v NUMALE et al / Sanchez Depo Availability

Good afternoon. We will need to hold off on scheduling Mr. Sanchez' deposition, please. I have advised Beasley that I plan to retire within the next few months and that they need to secure new counsel. Please allow time for this transition.
Thank you

On 2023-10-11 13:09, Maggie Golike wrote:

> Counsel:
>
> Mike Sanchez is available for a deposition by Zoom at 10:00 a.m. Mountain time on both November 2 and November 3. Please let us know which date will work.
>
> Thank you,
>
> Maggie Golike
>
> Paralegal
>
> Bencoe & LaCour Law PC
>
> 9201 Montgomery Blvd NE

**From:** Lori Bencoe
**To:** Lori Bencoe
**Subject:** Sanchez v. NuMale / TENDER
**Date:** Thursday, February 20, 2025 6:34:48 PM

---

**From:** J. Andrew Robertson <andrew.robertson@qpwblaw.com>
**Sent:** Friday, November 22, 2024 4:17 PM
**To:** Danielle Ceballas <DCeballas@bencoelaw.com>; Josette Greene <josette.greene@qpwblaw.com>; Lori Bencoe <lori@bencoelaw.com>; Cherie LaCour <cherie@bencoelaw.com>; 'Theresa Bowen Hatch ' <theresa@bowenhatchlaw.com>; Keith J. Bruno <keith@brunonalu.com>; Maggie Golike <maggie@bencoelaw.com>; Jeannine Kammann <JKammann@bencoelaw.com>; Scott Sexton <SSexton@bencoelaw.com>; Elizabeth Morales <Elizabeth@brunonalu.com>
**Cc:** Erin L. Chavez <erin.chavez@qpwblaw.com>; Dominique Barrett <dominique.barrett@qpwblaw.com>; Frank Alvarez <frank.alvarez@qpwblaw.com>; Dianna Saxton <dianna.saxton@qpwblaw.com>
**Subject:** Sanchez v. NuMale / TENDER

Nick,

Per our chat in the hallway right before Plaintiff's rebuttal closing, the Defendants are tendering limits in exchange for a full and final release of all Defendants of any and all Plaintiff's claims and execution of a dismissal of the above-referenced action.

Best
Andrew

QPWB ATTORNEYS

**J. Andrew Robertson** | **Partner**
**Quintairos, Prieto, Wood & Boyer, P.A.**
1700 Pacific Avenue, Suite 4545, Dallas, TX 75201
Ph: (214) 754-8755 x Fax: (214) 754-8744
Email: andrew.robertson@qpwblaw.com Web: www.qpwblaw.com

Arizona ◆ California ◆ Colorado ◆ Connecticut ◆ Florida ◆ Georgia ◆ Idaho ◆ Illinois ◆ Indiana ◆ Kentucky ◆ Louisiana ◆ Maryland ◆ Massachusetts ◆ Michigan Mississippi ◆ Missouri ◆ Nevada ◆ New Jersey ◆ New Mexico ◆ New York ◆ North Carolina ◆ Rhode Island ◆ Tennessee ◆ Texas ◆ USVI ◆ Washington

EXHIBIT 7

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **To:** | Frank Alvarez |
| **Subject:** | Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing REPLY, Envelope Number: 12303160 |
| **Date:** | Friday, March 28, 2025 10:01:27 AM |

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12303160

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 3/26/2025 2:09 PM MST |
| **Filing Type** | REPLY |
| **Filing Description** | in Support of Motion For Prejudgment Interest |
| **Filed By** | Randyl Sexton |
| | Numale Corporation:<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com) |

| | |
|---|---|
| **Service Contacts** | Jocelyn Drennan (jdrennan@rodey.com)<br><br>Stephen G Chapman PA-C:<br>Pam Pullem (ppullem@jshfirm.com)<br>John Klecan (jklecan@jshfirm.com)<br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br>Teresa Montoya (admin@kerrykiernanpc.com)<br><br>Michael E Sanchez:<br>Keith Bruno (keith@brunonalu.com)<br>R Sexton (scott@bencoelaw.com)<br>Elizabeth Martinez (elizabeth@brunonalu.com)<br>Nicholas Rowley (NR@TL4J.com)<br>Courtney Rowley (therowleylawfirm@gmail.com)<br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br>Lori Bencoe (lori@bencoelaw.com)<br>Maggie Golike (maggie@bencoelaw.com)<br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Other Service Contacts not associated with a party on the case:<br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br>Daisy Mora (karen.edwards@qpwblaw.com)<br>Kenneth Stalter (ken@stalterlaw.com) |

| | |
|---|---|
| | Linda Lopez (linda.lopez@qpwblaw.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |