# EXHIBIT 23

EXHIBIT 23

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/26/2025 2:09 PM
KATINA WATSON
CLERK OF THE COURT
Christopher Waites

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No: D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S NOTICE OF RELEVANT BANKRUPTCY FILINGS**
***MOTION FOR ORDER TERMINATING AUTOMATIC STAY AS TO N.M. STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORP. & NUMALE NM SC AND COMFORT ORDER AS TO NON-DEBTORS FILED IN U.S. BANKRUPTCY COURT, DISTRICT OF NEVADA***

COMES NOW Plaintiff, through his undersigned counsel of record, and submits this Notice of documents relevant to this matter that he has filed in another jurisdiction. These matters are relevant to the *Rule 1-084 Notice of Bankruptcy Proceedings by Defendants Numale Corporation and Numale New Mexico S.C. Corp. d/b/a Numale Medical Center* filed on February 20, 2025 to inform the Court and parties in this matter of those Defendants' filings of voluntary bankruptcy petitions on January 22, 2025 (as indicated in Exhibit A thereto), and to the parties' post-trial motion practice in this court.

On March 25, 2025, the following two matters were filed by Michael E. Sanchez as a Creditor in the United States Bankruptcy Court for the District of Nevada:

1. A filing in the matter of *In re Numale Corporation, Debtor,* Case No. 25-10341-nmc, titled *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(D)(1) as to New Mexico State Court Post-Trial Proceedings to Judgment Only, Not Enforcement, as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(A)(3)* [Doc No. 98, without Exhibits], ***attached hereto as*** **Exhibit 1**; and

2. An identical filing in the matter of *In re Numale New Mexico S.C. Corp., Debtor*, Case No. 25-10347-nmc, also titled *Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(D)(1) as to New Mexico State Court Post-Trial Proceedings to Judgment Only, Not Enforcement, as to Numale New Mexico S.C. Corp. and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(A)(3)* [Doc No. 77]. This filing is not attached as an Exhibit because it is a mirror pleading filed in the companion bankruptcy action and does not differ in substance.

These filings were stipulated to by Debtors Numale Corporation and Numale N.M. S.C. See Plaintiff's Notice of Relevant Bankruptcy Filings-Stipulations for Entry of Order on March 18, 2025, filed concurrently with this filing and incorporated as if set forth herein pursuant to Rule 1-10C NMRA.

Respectfully Submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */s/ Lori M. Bencoe*
Lori M. Bencoe NM Bar ID 7525
Cherie L. LaCour NM Bar ID 9526
9201 Montgomery Blvd NE #404
Albuquerque, NM 87111
(505) 247-8800 ~ (505) 247-8801
lori@bencoelaw.com / cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley NM Bar ID 159410
421 W. Water Street, Third Floor
Decorah, IA 52101
(866) 854-5529
NR@TL4J.com

**BOWEN HATCH LAW, P.C.**
Theresa Bowen Hatch NM Bar ID 160899
1902 Wright Place Suite 200
Carlsbad, CA 92008

(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine, CA 92612
(310) 745-7811
keith@brunonalu.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2025, I caused this document to be submitted for electronic filing in the Second Judicial District Court's electronic filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I also hereby certify a true and correct copy of same was electronically mailed to all parties entitled to notice.

By: *_/s/ Lori M. Bencoe_*
Lori M. Bencoe

NVB 4001 (Rev. 09/20)

motion starts on next page

## * * § 362 INFORMATION SHEET * *

Numale Corporation
DEBTOR

25-10341-nmc
BK-

MOTION #:

Michael E. Sanchez
MOVANT

CHAPTER: 11

***Certification of Attempt to Resolve the Matter Without Court Action:***

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date:* March 25, 2025 *Signature:* /s/ Ogonna M. Brown

*Attorney for Movant*

Note for parties not represented by an attorney: Information about motions for relief from the automatic stay is available at the U.S. Bankruptcy Court's website: https://www.nvb.uscourts.gov/filing/filing-pro-se/legal-services/.

PROPERTY INVOLVED IN THIS MOTION: ______

NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ✓ ;

DATE OF SERVICE: March 25, 2025

MOVING PARTY'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st Stay termination to obtain post-trial
2nd rulings and final judgment on jury
3rd verdict in New Mexico state court
4th ______
Other: ______
Total Encumbrances: ______

APPRAISAL of OPINION as to VALUE:

DEBTOR'S CONTENTIONS:

The EXTENT and PRIORITY of LIENS:

1st ______
2nd ______
3rd ______
4th ______
Other: ______
Total Encumbrances: ______

APPRAISAL of OPINION as to VALUE:

TERMS of MOVANT'S CONTRACT with the DEBTOR(S)::

Amount of Note: ______
Interest Rate: ______
Duration: ______
Payment per Month: ______
Date of Default: ______
Amount in Arrears: ______
Date of Notice of Default: ______
SPECIAL CIRCUMSTANCES:

SUBMITTED BY: Ogonna M. Brown

______

DEBTOR'S OFFER of "ADEQUATE PROTECTION"for MOVANT :

.
.
.
.
.
.
.

SPECIAL CIRCUMSTANCES:

SUBMITTED BY: ______

SIGNATURE: ______

EXHIBIT 1

Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Creditor Michael E. Sanchez*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtor. | Case No. 25-10341-nmc<br>Chapter 11<br><br>**MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(A)(3)**<br><br>**REMOTE: (833) 435-1820**<br>**MEETING ID: 161 166 2815**<br>**Passcode: 115788#**<br><br>Hearing Date: OST REQUESTED<br>Hearing Time: OST REQUESTED<br><br>Judge: Hon. Natalie M. Cox |

Michael E. Sanchez ("Mr. Sanchez", or alternatively, "Movant"), creditor, by and through his counsel, Ogonna M. Brown, Esq. of the law firm of Womble Bond Dickinson (US), LLP, hereby files this Motion to Terminate Automatic Stay Under 11 U.S.C. §362(d)(1) as to New Mexico State Court Post-Trial Proceedings, to Judgment Only, Not Enforcement, as to Numale Corporation ("Debtor") and Comfort Order for Stay Termination as to Non-Debtors and Waiver of the 14-Day Stay Under FRBP 4001(a)(3) (the "Motion").



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

This Motion is based upon the following grounds and the following reasons: (1) the Debtor and Numale New Mexico S.C. Corporation (hereinafter "Numale NM SC") filed for bankruptcy after a jury verdict in the amount of $412 million was entered against them, jointly and severally with other non-debtor defendants, but before orders on post-trial motions or a final appealable judgment was entered by the New Mexico trial court (*See* ECF No. 1)[1]; (2) cause exists to terminate the automatic stay to allow the post-trial motions to be adjudicated and for a final appealable judgment to be entered against the Debtor to judgment only, not enforcement; (3) Mr. Sanchez also seeks a comfort order from this Court to proceed against the non-debtors to enforce the imminent final appealable judgment, and to avoid piecemeal post-trial motions and appeals; (4) the Debtor has previously stipulated to the relief requested in the Stipulation filed with this Court on March 18, 2025 (ECF No. 70); (5) cause exists to terminate the stay under the *Curtis* factors, given that the Debtor has previously stipulated to terminate the automatic stay (ECF No. 70), and judicial efficiency will be fostered by allowing the New Mexico State Court to decide post-trial motions as to all Defendants and to reduce the jury verdict to a final appealable judgment. The interests of other parties would not be prejudiced by terminating the stay to allow the New Mexico State Court to reduce the jury verdict to a judgment, which will avoid piecemeal post-trial motion practice and appeals; (6) after convincing Mr. Sanchez to voluntarily stay post-trial motions until March 15, 2025, to attempt settlement, Debtor filed for bankruptcy and then Beazley Insurance sued Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., along with nondebtor Defendants Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, in the New Mexico Case, seeking declaratory relief from Beazley's duties owed to each of them under the policies that insured them in the New Mexico Case brought by Mr. Sanchez. Beazley's declaratory relief action directly impacts the Debtor's rights and interests, further militating in favor of immediate stay termination to avoid piecemeal litigation, which judicial efficiency will benefit

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-25-10341-nmc as it relates to Debtor's Chapter 11 case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure.

all parties, including interested parties such as Beazley; and (7) Movant seeks a comfort order terminating the stay as to the Non-Debtors (defined below) to proceed in state court.

Mr. Sanchez requests that pursuant to FRE 201(b), this Court take judicial notice of all materials appearing on the docket in the above-captioned Chapter 11 proceeding and in the New Mexico State Court matters currently pending.[2]

This Motion is supported by the Declaration of Lori Bencoe, Esq. ("Bencoe Decl."), state court counsel for Mr. Sanchez, filed separately and concurrently herewith pursuant to Rule 9014(c) of the Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada. This Motion is also supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument this Court may entertain regarding the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), 11 U.S.C. § 1112, 11 U.S.C. § 362, 11 U.S.C. § 305(a)(1), and LR 1001(b)(1). Venue is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.2(b), Creditor consents to the entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

[2] This Court may take judicial notice pursuant to FRE 201(b), of all materials appearing on the New Mexico Case court docket. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar claims); *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015), *aff'd sub nom. OMS, LLC v. Bank of America, N.A.*, 2015 WL 1271307 (C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

## II. FACTUAL BACKGROUND

Movant incorporates by reference the Bencoe Declaration, filed concurrently herewith.

**SANCHEZ V. NUMALE LITIGATION IN NEW MEXICO**

**A. LITIGATION AND TRIAL OF THE NEW MEXICO CASE:**

1. In 2020, Mr. Sanchez commenced litigation against debtors-in-possession Numale Corporation, Numale N.M. S.C. Corp., Numale Corporation's wholly owned subsidiary Numale Albuquerque LLC, and their owners and officers, including Numale Corp. President Brad Palubicki, in state court in New Mexico for ordinary and medical negligence, battery, unfair and unconscionable trade practices, fraud and civil conspiracy, in the civil case of *Michael E. Sanchez v. Numale Corporation, Numale Albuquerque LLC d/b/a Numale Medical Center, Numale New Mexico S. C. Corp., Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam*, No. D-202-CV-2020-06336 (Hon. Beatrice Brickhouse) in the Second Judicial District Court in Bernalillo County, Albuquerque New Mexico (hereinafter "New Mexico Case"). *See* Bencoe Decl.

2. The Defendants in the New Mexico Case were insured and provided a legal defense by Certain Underwriters at Lloyd's, London Syndicates 2623/623 (hereinafter "Beazley"). *See* Bencoe Decl.

3. On November 25, 2024, Mr. Sanchez obtained a jury verdict against debtors-in-possession Numale Corporation (hereinafter "Numale Corp.") and Numale New Mexico S.C. Corporation (hereinafter "Numale NM SC") and its owners and officer co-defendants totaling $412,005,149.00 before applicable statutory interest and costs. A true and correct copy of the *Stipulated Special Verdict Form* returned by the jury (filed November 26, 2024) is attached to the Bencoe Decl. as **Exhibit "1"**.

4. Pursuant to the jury's verdict, Debtors Numale Corp. and Numale NM SC, along with non-debtors Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam (hereinafter "Non-Debtors") are jointly and severally liable as co-conspirators for

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

the entire verdict arising from fraud, unfair and unconscionable trade practices and negligence as a matter of New Mexico law. *See* Jury Verdict, p. 4, **Exhibit "1"** to Bencoe Decl.

**B. POST-TRIAL PROCEEDINGS IN THE NEW MEXICO CASE:**

5. After the jury verdict, Mr. Sanchez filed his *Motion for Prejudgment Interest* on December 9, 2024, seeking 10% simple interest per annum on the verdict, accruing at $112,878.12 per day, since December 31, 2020, through entry of a Judgment, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "10"**.

6. Mr. Sanchez filed his *Cost Bill and Motion for Award of Costs In the Court's Discretion* on December 23, 2024, seeking statutory taxable costs totaling $151,862.37 (or alternatively, for double costs pursuant to Rule 1-068 NMRA (Offer of Judgment) totaling an additional $124,074.06), a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "11"**.

7. After Mr. Sanchez initiated post-trial motions in the New Mexico Case that included but were not limited to **Exhibit "10"** and **Exhibit "11"**, at the request of counsel for Beazley Insurance, on December 23, 2024, the parties to the New Mexico Case notified the trial court that they were in discussion regarding resolution and asked the court to refrain from setting hearings or entering anything to prevent "the distractions or deadlines created by pending or expected post-trial proceedings." They memorialized this in a *Joint Stipulated Motion for Stay of Posttrial Proceedings* on January 6, 2025, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "12"**.

8. On January 10, 2025, the court in the New Mexico Case entered a *Stipulated Order Staying Post-Trial Proceedings until January 31, 2025*, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "13"**.

9. Next, and also at the request of counsel for Beazley Insurance, on January 30, 2025, the parties in the New Mexico Case submitted a *Joint Stipulated Motion to Extend Stay of Post-Trial Proceedings to March 15, 2025* ("State Court Stay Stipulation"), a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "14"**.

10. The *Joint Stipulated Motion to Extend Stay* cited the need for additional time "to continue their good faith discussions regarding resolution" and to "focus efforts on resolution", **Exhibit "14"** to the Bencoe Decl.

11. On February 12, 2025, the Court in the New Mexico Case entered a *Stipulated Order Extending Stay of Posttrial Proceedings until March 15, 2025*, a true and correct copy of which is attached hereto as **Exhibit "15"**.

12. Counsel for Mr. Sanchez had no idea that while posttrial proceedings were paused by the stay agreement entered into with Beazley Insurance purportedly to resolve the case, Numale Corp. and Numale NM SC were instituting bankruptcy proceedings in Nevada. *See infra* at ¶¶ 28-29 *and see* **Exhibit "16"** to Bencoe Decl. (Notice of Bankruptcy filed in New Mexico Case on 2/20/2025).

<u>BANKRUPTCY IN NEVADA</u>

13. On January 22, 2025, the debtor, Numale Corporation ("<u>Debtor</u>"), filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code (ECF No. 1).

14. That same day, after the Debtor filed its petition, six debtor-affiliates ("<u>Affiliates</u>") (collectively, with the Debtor, the "<u>Debtors</u>") filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code, which Affiliates include:

(a) *In re Feliciano NuMale Nevada PLLC*, Case No. 25-10342-NMC;
(b) *In re NuMedical SC*, Case No. 25-10343-NMC;
(c) *In re NuMale Colorado SC*, Case No. 25-10344-NMC;
(d) *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC;
(e) *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC; and
(f) *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

15. Nearly a month later, on February 20, 2025, Numale Corp. and Numale NM SC filed the *Notice of Bankruptcy Proceedings in the New Mexico Case*, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "16"**.

16. Debtor Numale Corp.'s Statements only disclosed the New Mexico Case as "Sanchez v. Numale etc.", a legal action "on appeal." *See* SOFA, Part 3, item 7.2 at p. 4 of 17 (Numale Corp. ECF No. 30).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
WOMBLE BOND DICKINSON

17. Debtor-Affiliate Numale NM SC's Statements do not disclose the New Mexico Case as a legal action involving Numale NM SC at all. *See* Numale NM SC SOFA, Part 3, at p. 3 of 15 (Numale NM SC ECF No. 25).

18. Debtor Numale Corp.'s Schedule E/F identifies Mr. Sanchez merely as an unsecured creditor with a contingent, unliquidated and disputed claim with an "unknown" amount. *See* Numale Corp. Schedule E/F, Item 3.8 at p. 13 of 22 (Numale Corp. ECF No. 31).

19. Debtor-Affiliate Numale NM SC's Schedule E/F does not disclose Mr. Sanchez as a Creditor at all. *See* Numale NM SC Schedule E/F, Parts 1-2 at pages 11-13 of 20 (Numale NM SC ECF Doc. No. 26).

20. However, Debtor Numale Corp. and Debtor-Affiliate Numale NM SC's Schedules A/B both identify a "claim for bad faith insurance and malpractice re Sanchez case" as an asset with an unknown value. *See* Numale Corp. Schedule A/B, Part 11, Item, 74, p. 8 of 22 (Numale Corp. ECF No. 31) *and see* Numale NM SC Schedule A/B, Part 11, Item 74, p. 8 of 20 (Numale NM SC ECF No. 26).

21. On Friday March 14, 2025, Beazley Insurance took a position clearly adverse to that of its insureds, including Debtor Numale Corp., by filing a *Civil Complaint for Declaratory Judgment* action against Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., and the nondebtor Defendants in the New Mexico Case, Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, a true and correct copy of which is attached to the Bencoe Decl. as **Exhibit "17"**.

22. The Civil Complaint that Beazley filed generally seeks judgment relief from Beazley's duties owed under the policies that insured the Numale Defendants in the New Mexico Case brought by Mr. Sanchez, and thus clearly affects the rights and interests of Debtors Numale Corp and Numale NM SC as well as Beazley's other insureds named in the Civil Complaint. *See* **Exhibit "17"** to Bencoe Decl.

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

**OUST's Motion to Dismiss/Convert or Appoint Trustee**

23. On March 17, 2025, the Office of the United States Trustee filed a Motion to Dismiss or Convert, or Appoint a Chapter 11 Trustee (ECF No. 58), which matter is currently set on shortened time on March 27, 2025.

**Debtor Agrees to Stipulation to Terminate Automatic Stay**

24. On March 18, 2025, the Debtor and Movant entered into the Stipulation to Terminate the Automatic Stay (ECF No. 70).

25. On March 19, 2025, this Court entered an Order Granting the Stipulation to terminate the automatic stay (ECF No. 76).

26. On March 20, 2025, Beazley[3] filed its *Ex Parte Motion to Reconsider Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings To Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 76] ("Beazley's Motion to Reconsider") (ECF No. 82).

27. On March 21, 2025, this Court entered an Order Granting Beazley's Motion to Reconsider and set aside the Order Terminating Stay (ECF No. 86).

## III. LEGAL ARGUMENT

### A. Cause Exists to Terminate the Stay Under Sections 362(d)(1)

Section 362(d)(1) requires a bankruptcy court to grant stay relief "for cause," stating in pertinent part as follows:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

[3] Beazley is a nonparty who did not participate in the New Mexico Case, was not present at trial, did not read the Trial Transcript or Stipulated Final Jury Instructions, and may not appreciate the precedent in New Mexico for holding civil co-conspirators jointly and severally liable for damages. *See, e.g.*, *Seeds v. Lucero*, 2005-NMCA-067 at ¶ 21; *Silva v. Town of Springer*, 1996-NMCA-022 at ¶ 25 (cited by Sanchez in *Plaintiff's Praecipe, Stock Stipulated and Plaintiff Requested Instructions* filed 11/8/2024 in the New Mexico Case).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
WOMBLE BOND DICKINSON

> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

**1. Cause Exists to Terminate the Stay for the Jury Verdict to be Reduced to a Judgment.**

"Cause" is determined on a case-by-case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted). The Ninth Circuit has recognized that "the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). The "Curtis factors," are as follows:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination;
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and
12. The impact of the stay and the "balance of hurt."

*In re Roger*, 539 B.R. 837, 844–45 (C.D. Cal. 2015) (citation omitted).

Here, the "Curtis Factors" weigh towards granting relief from the automatic stay to allow full and final trial court determination of post-trial matters so that the jury verdict can be reduced to a final judgment in the New Mexico State Court Action. **Under the first factor**, granting relief from stay and permitting Movant reduce the jury verdict to judgment only as to the Debtor, and enforcement as to the non-debtors only. A complete resolution of the State Court trial would be effectuated by reducing the jury verdict to a judgment. This is effectively a two-party dispute and

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Movant is effectively the only creditor. Immediate stay termination will prevent further delay or piecemeal litigation of matters as to all Defendants in the New Mexico Case, since either piecemeal litigation or further delay in fully and finally determining all post-trial matters up to entry of a judgment would be contrary to the interests of judicial economy, and detrimental to the interests of all parties in the New Mexico Case, including Debtors who are represented by the same attorneys as the nondebtor Defendants in the New Mexico Case, and will require a final, appealable Judgment in order to finalize any Chapter 11 Reorganization Plan anyway.

**Under the second factor**, there would be no interference with bankruptcy proceedings, because the New Mexico State Court is prepared to rule on the post-trial motions, which will inure to the benefit of the Debtor for administration of the bankruptcy case through a plan of reorganization.

Stay termination is also served by the **fourth factor**, as the New Mexico State Court is well-versed in the remaining post-trial legal questions, including (1) entry of orders on pre-judgment interest and taxable costs that must be determined prior to entry of a final judgment; (2) whether and to what extent New Mexico permits joint and several liability against the Numale Defendants the jury found were civil co-conspirators; (3) whether and to what extent the jury's finding of civil conspiracy by each and all of the *Sanchez v. Numale* codefendants will render them jointly and severally liable as a matter of New Mexico law, and for what damages; (4) whether Defendants in the New Mexico Case have a viable basis to obtain relief from the Verdict based on error in matters like the jury instructions, though they failed to preserve any objection to them; and (5) whether and when Plaintiff may elect alternate remedies such as trebled damages and attorney's fees consistent with the jury's verdict on unconscionable trade practices under New Mexico's Unfair Practices Act, §§57-12-1 et seq. NMSA 1978 ("UPA"). These are all post-trial legal questions for the trial court in the New Mexico Case to determine, not for the U.S. Bankruptcy Court presiding over

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Debtor Numale Corp. and Debtor Affiliates' bankruptcy proceedings to decide here. *See* Bencoe Decl. No further delay in the entry of final orders on the very matters Beazley now complains their insureds should not be bound to by the jury's verdict. *See* Beazley Declaratory Complaint, **Exhibit "17"** to Bencoe Decl. Movant is seeking prompt relief from the Stay for the New Mexico State Court that presided over the jury trial, to obtain final post-trial Orders and a final, appealable judgment as expeditiously as possible.

**Under the seventh factor,** litigation in another forum (before the New Mexico State Court) would *not* prejudice the interests of other creditors, the creditor's committee and other interested parties, because the jury trial has concluded, a jury verdict has been issued, and the state court is positioned to rule on the post-trial motions and for appeals to proceed after the judgment is entered. If the stay is not terminated for this purpose, all parties would be prejudiced by the delay and increased costs attendant with piecemeal litigation and inability to reduce the jury verdict to a final appealable judgment.

**The tenth factor**—the interests of judicial economy and the expeditious and economical determination of litigation for the parties—also militates towards relief from stay. The State Court Action has been pending for five (5) years since 2020, and the only procedural hurdle toward a final judgment is the adjudication of the post-trial motions. Interests in judicial economy support allowing the New Mexico State Court to reduce the jury verdict to a final appealable judgment. *In re Tucson Ests., Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990).

Relatedly, under **the eleventh factor**, the State Court Action had progressed to the point where the parties had concluded a jury trial and the jury had issued a verdict, leaving only the entry of a final appealable judgment after the post-trial motions are heard. "[C]ourts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for

trial." *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004) (citing *Tucson Estates*, 912 F.2d at 1166); *see also In re Curtis,* 40 B.R. 795, 805 (Bankr. D. Utah 1984) ("[A] desire to permit an action to proceed to completion in another tribunal. . . contemplates the situation in which the debtor is a party to a prepetition action that has progressed to the point where it would be a waste of the parties' and the court's resources to begin anew in the bankruptcy court."). The post-trial motions should be heard at the same time before the New Mexico State Court familiar with all of the issues relating to the case for the last five years for the Debtor and non-debtors, not the in Bankruptcy Court.

Finally, under **the twelfth factor**, Movant stands to suffer more should relief from stay be denied. Movant would be unfairly prejudiced by delay in obtaining a final appealable judgment enforceable against the non-debtors. Mr. Sanchez's post-trial efforts to resolve the New Mexico Case failed after a mediation held on March 4, 2025, with Debtors' insurer, Beazley. *See* Bencoe Decl. Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case proceedings as to the Numale Debtors for the purpose of post-trial motions and entry of judgment only, not enforcement against the Numale Debtors. *See* Bencoe Decl. Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case in order to prevent further delay in proceeding to obtain post-trial rulings from the New Mexico trial court that are necessary for entry of a final, appealable Judgment as to all Defendants, including the Numale Debtors. *See* Bencoe Decl. In order to avoid piecemeal determination of post-trial matters and/or piecemeal appeals, Mr. Sanchez seeks a comfort order from the Bankruptcy Court to provide assurance that the New Mexico Court may proceed without further delay to adjudicate all post-trial matters as to all defendants, including the Debtors. This will facilitate entry of final orders applicable to all defendants and entry of a final appealable Judgment. *See* Bencoe Decl.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
WOMBLE BOND DICKINSON

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

On Friday March 14, 2025, one day before the Stipulated Stay between the parties to the New Mexico Case was to expire, Debtor agreed to stipulate to stay termination to obtain post-trial rulings up to entry of a Judgment, and Mr. Sanchez agreed not to seek enforcement of any Judgment entered against Debtors in the New Mexico Case, and that the adjudicated final Judgment would be included in the Debtors' Plan of Reorganization. *See* Bencoe Decl.; *see also* Stipulation to terminate the stay (ECF No. 70). This last factor, which considers the impact of the stay and the "balance of hurt," tips in favor of stay termination, given that the Debtor has already agreed to terminate the automatic stay. Thus, all of the applicable *Curtis* factors weigh heavily in favor of granting relief from stay.

**2. Comfort Order to Terminate the Stay as to Non-Debtors.**

Movant also seeks a comfort order terminating the stay as to the non-debtors, Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam ("Non-Debtors"), who are jointly and severally liable as co-conspirators for the entire verdict arising from fraud, unfair and unconscionable trade practices and negligence as a matter of New Mexico law. *See* Jury Verdict, **Exhibit "1"** to Bencoe Decl. *and see* Bencoe Decl. The Non-Debtors are not subject to the protections of the automatic stay under Section 362 of the Bankruptcy Code. None of the Non-Debtors have obtained an order from this Court extending the automatic stay under Section 105 of the Bankruptcy Code. To provide assurances to the New Mexico State Court as to the limited scope of the automatic stay, Movant seeks a comfort order from the Bankruptcy Court that Mr. Sanchez may proceed against the Non-Debtors in connection with the post-trial motions and the entry of a final appealable judgment, to be enforced by Movant pursuant to all applicable New Mexico state law rights and remedies.

Case 25-10341-nmc Doc 116-23 Entered 03/21/25 14:01:45 Page 19 of 26

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

**3. Waiver of 14-Day Stay Pursuant to FRBP 4001(a)(3) is Appropriate.**

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure governs the stay of orders, and provides as follows: "An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(l) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

Here, if the Court were to conclude that stay relief is appropriate, Movant further requests that the Court waive the 14-day stay of order pursuant to FRBP 4001(a)(3) to allow it to pursue its contractual and state law rights and remedies without further order of the Court. Any delay to the effectiveness of the stay order could be detrimental to Movant, as the State Court Action jury trial has concluded, leaving only post-trial motions and the entry of a final judgment. The waiver of the 14-day stay will eliminate further unnecessary delay, as the Debtor requires a final judgment in the New Mexico Case to complete any Plan of Reorganization. Every party in the New Mexico Case will require the same before any appeal or execution of judgment may be taken. Absent expedient stay termination, the parties will only suffer further expense, piecemeal litigation of post-trial matters already pending, and delay of post-trial proceedings in the New Mexico Case. Delay is detrimental, because the longer there is no final, appealable Judgment entered against all Defendants in the New Mexico Case, the longer it will be before Mr. Sanchez may claim pre-judgment statutory interest and costs, among other damages. Further delay before Mr. Sanchez may seek execution of a judgment will only further delay Mr. Sanchez's ability to start asserting 15% mandatory post-judgment interest of $169,361.94 per day if the Verdict is upheld and undisputed costs are taxed. *See* Bencoe Decl.

Delay in enforcement of the stay termination order will unnecessarily create a wider procedural gap between the Debtors and the non-debtors in the New Mexico Case, and it is in everyone's best interest to avoid piecemeal litigation and for the expeditious entry of a final

appealable Judgment, which will be included in Debtors' bankruptcy case and ultimately the Plan of Reorganization.

Under the circumstances presented above, and the Debtor's agreement to stipulate to stay termination, there is no reason to enforce the 14-day stay provision under Rule 4001, as it will only result in unwarranted delay. Therefore, waiver of the 14-day stay of the Order Terminating the Stay is appropriate in this case.

## IV. CONCLUSION

Based upon the foregoing, cause exists to terminate the automatic stay under Section 362(d)(1), and cause exists to waive the 14-day stay of the order terminating the stay. Movant also seeks a comfort order terminating the stay as to the non-debtors.

DATED this 25th day of March, 2025.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Ogonna M. Brown*
Ogonna M. Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel.: 702.949.8200
Fax: 702.949.8398

*Attorneys for Creditor Michael E. Sanchez*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
WOMBLE BOND DICKINSON

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 25th day of March, 2025, I caused to be served a true and correct copy of the **MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1) AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS, TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS AND WAIVER OF THE 14-DAY STAY UNDER FRBP 4001(a)(3)** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☒ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached Court's Creditors Matrix, with addition, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP

Label Matrix for local noticing
0978-2
Case 25-10341-nmc
District of Nevada
Las Vegas
Tue Mar 18 12:35:26 PDT 2025

CHAPTER 11 - LV
300 LAS VEGAS BLVD., SO. #4300
LAS VEGAS, NV 89101-5803

Ford Motor Credit Company, LLC, c/o AIS Port
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

NEWTEK SMALL BUSINESS FINANCE, LLC
STEPHENS LAW OFFICES
C/O DAVID A. STEPHENS
P.O. BOX 33130
LAS VEGAS, NV 89133-3130

NUMALE CORPORATION
6590 S RAINBOW BLVD
LAS VEGAS, NV 89118-3327

Prospect Rainbow, LLC
c/o JOHNSON & GUBLER, P.C.
Attn: Russell G. Gubler, Esq.
8831 W. Sahara Ave
Las Vegas, NV 89117-5865

United States Bankruptcy Court
300 Las Vegas Blvd., South
Las Vegas, NV 89101-5833

ARIZONA DEPARTMENT OF REVENUE
Office of the Arizona Attorney General -
c/o Tax, Bankruptcy and Collection Sct
2005 N Central Ave, Suite 100
Phoenix, AZ 85004-1546

Clark Co Assessor c/o Bankruptcy Clerk
500 S Grand Central Pkwy
Po Box 551401
Las Vegas, NV 89155-1401

Clark Co Treasurer c/o Bankruptcy Clerk
500 S Grand Central Pksy
Po Box 1220
Las Vegas, NV 89125-1220

Clark Co Treasurer c/o Bankruptcy Clerk
500 S Grand Central Pkwy
Po Box 1220
Las Vegas, NV 89125-1220

DLP Funding LLC
c/o/ Law Office of Jacob Z Weinstein
420 Central Ave Ste 301
Cedarhurst, NY 11516-1000

ELAVON
c/o TIMOTHY F. FROST, ESQ.
7300 CHAPMAN HIGHWAY
Knoxville, TN 37920-6612

FOX FUNDING GROUP LLC
c/o JOE LIEBERMAN, ESQ.
LIEBERMAN AND KLESTZICK
POB 356
Cedarhurst, NY 11516-0356

Ford Motor Credit Company, LLC c/o AIS Portf
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

INNOVATIVE REAL ESTATE STRATEGIES
2975 S RAINBOW BLVD STE J
Las Vegas, NV 89146-6598

Internal Revenue Service
ATTN: BANKRUPTCY DEPT
PO Box 7346
PHILADELPHIA, PA 19101-7346

KALAMATA CAPITAL GROUP, LLC
c/o STEVEN BERKOVITCH
BERKOVITCH & BOUSKILA, PLLC
1545 US 202 SUITE 101
Pomona, NY 10970-2951

KRAVIT HOVEL & KRAWCZYK
825 N JEFFERSON ST
Milwaukee, WI 53202-3737

MICHAEL E SANCHEZ
C/O NICHOLAS ROWLEY, ESQ
421 W Water St
Decorah, IA 52101-1731

NEWTEK LENDING
1981 MARCUS AVENUE STE 130
Lake Success, NY 11042-1046

NV Dept of Taxation
Bankruptcy Section
500 E Washington Ave Ste 13000
Las Vegas, NV 89101-1000

Nevada Dept of Empl Security
500 E 3rd St
Carson City, NV 89713-0001

Social Security Administration
Attn: Bankr Desk
Po Box 33021
Baltimore, MD 21290-3021

State of NV DMV
Attn: Legal Division
555 Wright Way
Carson City, NV 89711-0001

THE LCF GROUP
LEGAL DEPARTMENT
3000 MARCUS AVE SUITE 2W15
New Hyde Park, NY 11042-1005

U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101-5803

WFNZ-FM
c/o Szabo Associates, Inc
3355 Lenox Road NE, Suite 945
Atlanta, GA 30326-1357

Wyoming Office Park, LLC
P.O. Box 20718
P.O. Box 20718
Albuquerque, NM 87154-0718

DAVID A RIGGI
RIGGI LAW FIRM
7900 W SAHARA AVE
SUITE 100
LAS VEGAS, NV 89117-7921

Michael E. Sanchez
WOMBLE BOND DICKINSON (US) LLP
C/O OGONNA M. BROWN, ESQ.
3993 HOWARD HUGHES PKWY
SUITE 600
LAS VEGAS, NV 89169-5996

Ryan J. Works
McDonald Carano LLP
2300 W Sahara Avenue, Suite 1200
Las Vegas, NV 89102

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Prospect Rainbow, LLC
c/o JOHNSON & GUBLER, P.C.
Attn: Russell G. Gubler, Esq.
8831 W. Sahara Ave
Las Vegas, NV 89117-5865

End of Label Matrix
Mailable recipients 31
Bypassed recipients 1
Total 32

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing NTC: NOTICE, Envelope Number: 12303160
**Date:** Friday, March 28, 2025 10:01:44 AM

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12303160

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 3/26/2025 2:09 PM MST |
| **Filing Type** | NTC: NOTICE |
| **Filing Description** | Plaintiffs Notice Of Relevant Bankruptcy Filings Motion For Order Terminating Automatic Stay As To N.M. State Court Post-Trial Proceedings To Judgment Only, Not Enforcement, As To Numale Corp. & Numale Nm Sc And Comfort Order As To Non-Debtors Filed In U.S. Bankruptcy Court, District Of Nevada |
| **Filed By** | Randyl Sexton |
| | Michael E Sanchez:<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br>Nicholas Rowley (NR@TL4J.com) |

| | |
|---|---|
| **Service Contacts** | Keith Bruno (keith@brunonalu.com)<br><br>Elizabeth Martinez (elizabeth@brunonalu.com)<br><br>R Sexton (scott@bencoelaw.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Linda Lopez (linda.lopez@qpwblaw.com)<br><br>Kenneth Stalter (ken@stalterlaw.com)<br><br>Daisy Mora (karen.edwards@qpwblaw.com)<br><br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br><br><br>Numale Corporation:<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Jocelyn Drennan (jdrennan@rodey.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br><br>Stephen G Chapman PA-C: |

| | |
|---|---|
| | Teresa Montoya (admin@kerrykiernanpc.com)<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>John Klecan (jklecan@jshfirm.com)<br><br>Pam Pullem (ppullem@jshfirm.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |