# EXHIBIT 24

EXHIBIT 24

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/26/2025 2:09 PM
KATINA WATSON
CLERK OF THE COURT
Christopher Waites

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No: D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S NOTICE OF RELEVANT BANKRUPTCY FILINGS**
***DECLARATION OF LORI BENCOE IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY AS TO N.M. STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY, NOT ENFORCEMENT, AS TO NUMALE CORP. & NUMALE NM SC, AND COMFORT ORDER AS TO NON-DEBTORS FILED IN U.S. BANKRUPTCY COURT, DISTRICT OF NEVADA***

COMES NOW Plaintiff, through his undersigned counsel of record, and submits this Notice of documents relevant to this matter that he has filed in another jurisdiction. These matters are relevant to the *Rule 1-084 Notice of Bankruptcy Proceedings by Defendants Numale Corporation and Numale New Mexico S.C. Corp. d/b/a Numale Medical Center* filed on February 20, 2025 to inform the Court and parties in this matter of those Defendants' filings of voluntary bankruptcy petitions on January 22, 2025 (as indicated in Exhibit A thereto), and to the parties' post-trial motion practice in this court.

On March 25, 2025, the following two matters were filed by Michael E. Sanchez as a Creditor in the United States Bankruptcy Court for the District of Nevada:

1. A filing in the matter of *In re Numale Corporation, Debtor,* Case No. 25-10341-nmc, titled *Lori Bencoe Declaration in Support of Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(D)(1) as to New Mexico State Court Post-Trial Proceedings to Judgment Only, Not Enforcement, as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [Doc No. 100, without Exhibits], ***attached hereto as*** **Exhibit 1**; and

2. An identical filing in the matter of *In re Numale New Mexico S.C. Corp., Debtor*, Case No. 25-10347-nmc, also titled *Lori Bencoe Declaration in Support of Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362(D)(1) as to New Mexico State Court Post-Trial Proceedings to Judgment Only, Not Enforcement, as to Numale New Mexico S.C. Corp. and Comfort Order for Stay Termination as to Non-Debtors* [Doc No. 79]. This filing is not attached as an Exhibit because it is a mirror pleading filed in the companion bankruptcy action and does not differ in substance.

*See* Plaintiff's related Notices filed concurrently with this filing, providing his Motion for Order Terminating Automatic Stay filed on March 25, and providing Stipulations to the entry of Order filed on March 18, 2025. Plaintiff incorporates these as if set forth herein pursuant to Rule 1-10C NMRA.

Respectfully Submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */s/ Lori M. Bencoe*

Lori M. Bencoe NM Bar ID 7525
Cherie L. LaCour NM Bar ID 9526
9201 Montgomery Blvd NE #404
Albuquerque, NM 87111
(505) 247-8800 ~ (505) 247-8801
lori@bencoelaw.com / cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley NM Bar ID 159410
421 W. Water Street, Third Floor
Decorah, IA 52101
(866) 854-5529
NR@TL4J.com

**BOWEN HATCH LAW, P.C.**
Theresa Bowen Hatch NM Bar ID 160899
1902 Wright Place Suite 200
Carlsbad, CA 92008

(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine, CA 92612
(310) 745-7811
keith@brunonalu.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2025, I caused this document to be submitted for electronic filing in the Second Judicial District Court's electronic filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I also hereby certify a true and correct copy of same was electronically mailed to all parties entitled to notice.

By: */s/ Lori M. Bencoe*
Lori M. Bencoe

Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Creditor Michael E. Sanchez*

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Numale Corporation,<br><br>Debtor. | Case No. 25-10341-nmc<br>Chapter 11<br><br>**DECLARATION OF LORI BENCOE IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362 AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTORS**<br><br>**REMOTE: (833) 435-1820**<br>**MEETING ID: 161 166 2815**<br>**Passcode: 115788#**<br><br>Hearing Date: OST REQUESTED<br>Hearing Time: OST REQUESTED<br><br>Judge: Hon. Natalie M. Cox |

I, Lori Bencoe, Esq., declare the following under penalty of perjury of the laws of the United States:

1. I am a partner with the law firm of Bencoe & LaCour Law, P.C., co-counsel for Michael E. Sanchez ("Mr. Sanchez") in the New Mexico Case (defined below).

2. I am over the age of 18 and mentally competent. Except where stated on information and belief, I have personal knowledge of the facts in this Declaration, and if called upon to testify, I could and would competently testify thereto in a court of law.

3. I make this declaration in support of the Motion for Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings to Judgment



EXHIBIT 1

Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors ("Motion"), which Motion is filed concurrently herewith.

4. The exhibits to my declaration arise from the New Mexico State Court Case (defined below), of which this Court may take judicial notice pursuant to FRE 201(b), of all materials appearing on the New Mexico Case court docket. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *see also Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar claims); *Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015), *aff'd sub nom. OMS, LLC v. Bank of America, N.A.*, 2015 WL 1271307 (C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

## I. FACTUAL AND PROCEDURAL BACKGROUND

### SANCHEZ V. NUMALE LITIGATION IN NEW MEXICO

#### A. LITIGATION AND TRIAL OF THE NEW MEXICO CASE:

5. In 2020, Mr. Sanchez commenced litigation against debtors-in-possession Numale Corporation, Numale N.M. S.C. Corp., Numale Corporation's wholly owned subsidiary Numale Albuquerque LLC, and their owners and officers, including Numale Corp. President Brad Palubicki, in state court in New Mexico for ordinary and medical negligence, battery, unfair and unconscionable trade practices, fraud and civil conspiracy, in the civil case of *Michael E. Sanchez v. Numale Corporation, Numale Albuquerque LLC d/b/a Numale Medical Center, Numale New Mexico S. C. Corp., Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam*, No. D-202-CV-2020-06336 (Hon. Beatrice Brickhouse) in the Second Judicial District Court in Bernalillo County, Albuquerque New Mexico (hereinafter "New Mexico Case").

6. The Defendants in the New Mexico Case were insured and provided a legal defense by Certain Underwriters at Lloyd's, London Syndicates 2623/623 (hereinafter "Beazley").

7. On November 25, 2024, Mr. Sanchez obtained a jury verdict against debtors-in-possession Numale Corporation (hereinafter "Numale Corp.") and Numale New Mexico S.C. Corporation (hereinafter "Numale NM SC") and its owners and officer co-defendants totaling

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

$412,005,149.00 before applicable statutory interest and costs. A true and correct copy of the *Stipulated Special Verdict Form* returned by the jury (filed November 26, 2024) is attached hereto as **Exhibit 1**.

8. Pursuant to the jury's verdict, Debtors Numale Corp. and Numale NM SC, along with non-debtors Numale Albuquerque LLC d/b/a Numale Medical Center (a wholly owned subsidiary of Numale Corp.), Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam (hereinafter "Non-Debtors") are jointly and severally liable as co-conspirators for the entire verdict arising from fraud, unfair and unconscionable trade practices and negligence as a matter of New Mexico law. *See* **Exhibit 1** at page 4.

9. During trial in the New Mexico Case, the court admitted into evidence Trial Exhibit 182, the *Numale Albuquerque LLC Operating Agreement* a true and correct copy of the admitted into evidence in the New Mexico Case is attached hereto as **Exhibit 2**.[1]

10. The Operating Agreement between Debtor Numale Corp. and Non-Debtor Numale Albuquerque LLC d/b/a Numale Medical Center (hereinafter, "Numale Albuquerque LLC") was offered into evidence in the New Mexico Trial to prove that Debtor Numale Corp. operated "Non-debtor" Numale Albuquerque LLC as its wholly owned subsidiary, a contention that Numale Corp. did not dispute in the New Mexico Case. *See*, **Exhibit 2**.

11. In the New Mexico Case, the court granted Mr. Sanchez's Motion in equity pursuant to New Mexico law, to find that based on the evidence and testimony, Numale Corp. was liable for the acts and omissions of Numale Albuquerque LLC and Numale NM SC as a matter of law. *See* New Mexico Case Trial Nov. 22, 2024 Transcript excerpt (at pages 79-80 and 95), a true and correct copy of which is attached hereto as **Exhibit 5**.

12. The court and parties in the New Mexico Case were also provided with *Plaintiff's Trial Brief on Numale Corporation's Liability for the Conduct of Numale Albuquerque LLC and*

[1] The confidential designation of Trial Exhibit 182 was waived by Numale Defendants' attorneys in the New Mexico Case prior to trial pursuant to the terms of a *Stipulated Confidentiality Agreement and Protective Order* between the parties filed on February 6, 2024, a true and correct copy of which is attached hereto as **Exhibit 3**. As provided in paragraph 7 of the Order, Mr. Sanchez disputed the confidential status of Exhibit 182 in correspondence on August 26, 2024, a true and correct copy of which is attached hereto as **Exhibit 4**. Counsel for the New Mexico Defendants waived the confidential status of the document by failing to take action as required in ¶ 7 of the Order, **Exhibit 3**.



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

*Numale NM SC* (filed 11/25/2024), a true and correct copy of which is attached hereto as **Exhibit 6**.

13. In accordance with its ruling, the court in the New Mexico Case gave Jury Instruction No. 17, with Defendants' stipulation, stating that *"[t]he Court has found that at the time of the occurrence, Numale Albuquerque LLC and Numale New Mexico SC Corporation were subsidiaries of their parent company, Numale Corporation, and that Numale Corporation completely dominated its subsidiaries' finances, policy and business practices and used them for an improper purpose that was a cause of harm to Plaintiff Michael E. Sanchez."* A true and accurate copy of *Stipulated Final Jury Instruction No. 17* (filed 11/26/2024) is attached hereto as **Exhibit 7**.

14. The parties in the New Mexico Case also entered a *Stipulation of The Parties* (filed 11/22/2024), a true and correct copy of which is attached as **Exhibit 8**. The Stipulation confirmed that Numale Corp., Numale NM SC and Numale Albuquerque LLC each acted through their respective owners, officers and employees, identified as New Mexico Case codefendants Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki, and Jason Pulliam. *See* **Exhibit 8**.

15. The parties in the New Mexico Case also stipulated on the record that for purposes of the Stipulated Special Verdict Form that is attached hereto as **Exhibit 1**, "'Numale Defendants' for purposes of jurors' determination, judgment, et cetera, that NuMale defendants, when we're referring to NuMale defendants on the verdict form, that refers to all remaining defendants in the case." *See* New Mexico Case Trial Nov. 22, 2024, Transcript excerpt (pages 98-102), a true and correct copy of which is attached hereto as **Exhibit 9.**

**B. Post-Trial Proceedings In The New Mexico Case:**

16. After the jury verdict, Mr. Sanchez filed his *Motion for Prejudgment Interest* on December 9, 2024, seeking 10% simple interest per annum on the verdict, accruing at $112,878.12 per day, since December 31, 2020, through entry of a Judgment, a true and correct copy of which is attached as **Exhibit 10**.

17. Mr. Sanchez filed his *Cost Bill and Motion for Award of Costs In the Court's Discretion* on December 23, 2024, seeking statutory taxable costs totaling $151,862.37 (or



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

alternatively, for double costs pursuant to Rule 1-068 NMRA (Offer of Judgment) totaling an additional $124,074.06), a true and correct copy of which is attached hereto as **Exhibit 11.**

18. After Mr. Sanchez initiated post-trial motions in the New Mexico Case that included but were not limited to **Exhibit 10** and **Exhibit 11**, at the request of counsel for Beazley Insurance, on December 23, 2024, the parties to the New Mexico Case notified the trial court that they were in discussion regarding resolution and asked the court to refrain from setting hearings or entering anything to prevent "the distractions or deadlines created by pending or expected post-trial proceedings." They memorialized this in a *Joint Stipulated Motion for Stay of Posttrial Proceedings* on January 6, 2025, a true and correct copy of which is attached hereto as **Exhibit 12**.

19. On January 10, 2025, the court in the New Mexico Case entered a *Stipulated Order Staying Posttrial Proceedings until January 31, 2025*, a true and correct copy of which is attached hereto as **Exhibit 13**.

20. Next, and also at the request of counsel for Beazley Insurance, on January 30, 2025, the parties in the New Mexico Case submitted a *Joint Stipulated Motion to Extend Stay of Post-Trial Proceedings to March 15, 2025* ("State Court Stay Stipulation"), a true and correct copy of which is attached hereto as **Exhibit 14**.

21. The *Joint Stipulated Motion to Extend Stay* cited the need for additional time "to continue their good faith discussions regarding resolution" and to "focus efforts on resolution." *See* **Exhibit 14**.

22. On February 12, 2025, the Court in the New Mexico Case entered a *Stipulated Order Extending Stay of Posttrial Proceedings until March 15, 2025*, a true and correct copy of which is attached hereto as **Exhibit 15**.

23. I had no idea that while posttrial proceedings were paused by the stay agreement entered into with Beazley Insurance purportedly to resolve the case, Numale Corp. and Numale NM SC were instituting bankruptcy proceedings in Nevada. *See infra* at ¶¶ 28-29 *and see* **Exhibit 16** (Notice of Bankruptcy filed in New Mexico Case on 2/20/2025).

**<u>BANKRUPTCY IN NEVADA</u>**

24. On January 22, 2025, the debtor, Numale Corporation ("<u>Debtor</u>"), filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code (ECF No. 1).

25. The Debtor's President, Brad Palubicki ("<u>Debtor's Representative</u>"), signed the Petition (ECF No. 1, p. 4).[2]

26. That same day, after the Debtor filed its petition, six debtor-affiliates ("<u>Affiliates</u>") (collectively, with the Debtor, the "<u>Debtors</u>") filed voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code.

27. The Affiliates include *In re Feliciano NuMale Nevada PLLC*, Case No. 25-10342-NMC; *In re NuMedical SC*, Case No. 25-10343-NMC; *In re NuMale Colorado SC*, Case No. 25-10344-NMC, *In re NuMale Florida TB PLLC*, Case No. 25-10345-NMC, *In re NuMale Nebraska LLC*, Case No. 25-10346-NMC, and *In re NuMale New Mexico SC*, Case No. 25-10347-NMC.

28. Nearly a month later, on February 20, 2025, Numale Corp. and Numale NM SC filed the *Notice of Bankruptcy Proceedings in the New Mexico Case*, a true and correct copy of which is attached hereto as **Exhibit 16**.

29. The *Notice of Bankruptcy Proceedings* filed by Debtors in the New Mexico Case stated in part "PLEASE TAKE FURTHER NOTICE that pursuant to Bankruptcy Code section 362(a), the filing of the voluntary bankruptcy petition operates as an automatic stay, applicable to all entities . . . ." and concludes by stating "[a]ccordingly, no lawsuits may be prosecuted and no valid judgments may be entered or enforced against the Debtors." **Exhibit 16**.

30. Debtor Numale Corp. and Affiliate Debtor Numale NM SC did not file their respective Schedules and Statement of Financial Affairs ("<u>Statements</u>", or alternatively, "<u>SOFA</u>") until February 26, 2025 (Numale Corp. ECF Nos. 30-31 and Numale NM SC Corp ECF Nos. 25-26), over a month after the Debtors' voluntary petitions were filed.

---

[2] All references to "ECF No." are to the number assigned to the documents filed in this case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada.

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

31. Debtor Numale Corp. and Debtor-Affiliate Numale NM SC's Schedules and Statements were all signed by Brad Palubicki. *See*, Numale Corp. ECF No. 30 at page 15 of 17, Numale Corp. ECF No. 31 at page 22 of 22, Numale NM SC ECF No. 25 at page 12 of 15, and Numale NM SC ECF No. 26 at page 20 of 20.

32. Brad Palubicki was present in court for the trial of the New Mexico Case.

33. Debtor Numale Corp.'s Statements only disclosed the New Mexico Case as "Sanchez v. Numale etc.", a legal action "on appeal." *See* SOFA, Part 3, item 7.2 at p. 4 of 17 (Numale Corp. ECF No. 30).

34. Debtor-Affiliate Numale NM SC's Statements do not disclose the New Mexico Case as a legal action involving Numale NM SC at all. *See* Numale NM SC SOFA, Part 3, at p. 3 of 15 (Numale NM SC ECF No. 25).

35. Debtor Numale Corp.'s Schedule E/F identifies Mr. Sanchez merely as an unsecured creditor with a contingent, unliquidated and disputed claim with an "unknown" amount. *See* Numale Corp. Schedule E/F, Item 3.8 at p. 13 of 22 (Numale Corp. ECF No. 31).

36. Debtor-Affiliate Numale NM SC's Schedule E/F does not disclose Mr. Sanchez as a Creditor at all. *See* Numale NM SC Schedule E/F, Parts 1-2 at pages 11-13 of 20 (Numale NM SC ECF Doc. No. 26).

37. However, Debtor Numale Corp. and Debtor-Affiliate Numale NM SC's Schedules A/B both identify a "claim for bad faith insurance and malpractice re Sanchez case" as an asset with an unknown value. *See* Numale Corp. Schedule A/B, Part 11 Item 74 at page 8 of 22 (Numale Corp. ECF No. 31) *and see* Numale NM SC Schedule A/B, Part 11 Item 74 at page 8 of 20 (Numale NM SC ECF No. 26).

38. Mr. Sanchez's post-trial efforts to resolve the New Mexico Case failed after a mediation held on March 4, 2025, with Debtors' insurer, Beazley.

39. Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case proceedings as to the Numale Debtors for the purpose of post-trial motions and entry of judgment only, not enforcement against the Numale Debtors.

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Case 25-10341-nmc Doc 116-24 Entered 03/13/25 14:38:15 Page 8 of 21

40. Mr. Sanchez seeks to terminate the automatic stay of the New Mexico Case in order to prevent further delay in proceeding to obtain post-trial rulings from the New Mexico trial court that are necessary for entry of a final, appealable Judgment as to all Defendants, including the Numale Debtors.

41. In order to avoid piecemeal determination of post-trial matters and/or piecemeal appeals, Mr. Sanchez seeks a comfort order from the Bankruptcy Court to provide assurance that the New Mexico Court may proceed without further delay to adjudicate all post-trial matters as to all defendants, including the Debtors. This will facilitate entry of final orders applicable to all defendants and entry of a final appealable Judgment.

42. On Friday March 14, 2025, one day before the Stipulated Stay between the parties to the New Mexico Case was to expire, Debtors' attorney David Riggi represented to Mr. Sanchez's attorneys that his clients the Debtors did not oppose termination of the automatic stay imposed by the bankruptcy filing, for the limited purpose of obtaining post-trial rulings up to entry of a Judgment, and Mr. Sanchez agreed not to seek enforcement of any Judgment entered against Debtors in the New Mexico Case, and that the adjudicated final Judgment would be included in the Debtors' Plan of Reorganization.

43. On Friday March 14, 2025, Beazley Insurance took a position clearly adverse to that of its insureds, including Debtor Numale Corp., by filing a *Civil Complaint for Declaratory Judgment* action against Numale Albuquerque LLC, the wholly owned subsidiary of Debtor Numale Corp., and the nondebtor Defendants in the New Mexico Case, Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki and Justin Pulliam, a true and correct copy of which is attached hereto as **Exhibit 17**.

44. The Civil Complaint that Beazley filed generally seeks judgment relief from Beazley's duties owed under the policies that insured the Numale Defendants in the New Mexico Case brought by Mr. Sanchez, and thus clearly affects the rights and interests of Debtors Numale Corp and Numale NM SC as well as Beazley's other insureds named in the Civil Complaint. *See*, **Exhibit 17**.

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

45. It was in this procedural context that I received and reviewed Beazley's *Ex Parte Motion to Reconsider Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-Trial Proceedings To Judgment Only as to Numale Corporation and Comfort Order for Stay Termination as to Non-Debtors* [ECF No. 76] filed on Friday March 20, 2025 (ECF No. 82) (hereinafter, "Beazley's *Ex Parte* Motion").

46. To the extent that *Beazley's Ex Parte Motion* makes assertions or objections about the merits of the New Mexico Case, I question the relevance of such assertions or objections as a prerequisite to granting the limited procedural Stay Relief Mr. Sanchez and Debtors agreed to in the New Mexico Case, but address each such assertion that upon my information, belief or personal knowledge appears to be factually and/or legally incorrect:

a. In paragraph 2 on page 3 of *Beazley's Ex Parte Motion* (ECF No. 82), Beazley contends that "neither the New Mexico Debtor nor the Parent Debtor even filed a motion explaining the basis for lifting the automatic stay *for the benefit of Sanchez*." In point of fact, the purpose of lifting the automatic bankruptcy stay to the point of entering a Judgment was clearly explained in the Stipulation Creditor Sanchez and Debtors Numale Corp and Numale NM SC prepared instead of a "motion," was to prevent further delay or piecemeal litigation in the New Mexico Case, since either piecemeal litigation or further delay in fully and finally determining all post-trial matters up to entry of a judgment would be contrary to the interests of judicial economy, and detrimental to the interests of all parties in the New Mexico Case, including Debtors who are represented by the same attorneys as the nondebtor Defendants in the New Mexico Case, and will require a final, appealable Judgment in order to finalize any Chapter 11 Reorganization Plan anyway.

b. In paragraphs 4 and 5 of the *Ex Parte Motion* (ECF No. 82), Beazley contends by implication that David Riggi may not have actually had capacity as Debtor Numale Corp's attorney to enter into the Stipulation on their behalf or that they may not have authorized same. Beazley offers innuendo but no actual proof of this assertion. Moreover, the Statements completed by Mr. Palubicki clearly disclosed payment of a $7,500 "attorney retainer" to David Riggi on January 16, 2025, which evidences the

existence of an attorney-client relationship from that date. *See*, Numale Corp. Form 207 at Part 6, Section 11.1, page 6 of 17 (Numale Corp ECF No. 30).

c. In Paragraphs 5 and 10-11 of the *Ex Parte Motion* (ECF No. 82), Beazley contends it is "incorrect" that "certain non-debtors were found "jointly and severally liable" by the New Mexico Case jury verdict" per the Stipulation.[3] This is clearly just Beazley's erroneous interpretation of the Stipulated Special Verdict Form, from Beazley's position as a nonparty who did not participate in the New Mexico Case, was not present at trial, did not read the Trial Transcript or Stipulated Final Jury Instructions, and may not appreciate the precedent in New Mexico for holding civil co-conspirators jointly and severally liable for damages. *See, Seeds v. Lucero*, 2005-NMCA-067 at ¶ 21; *Silva v. Town of Springer*, 1996-NMCA-022 at ¶ 25 (cited by Sanchez in *Plaintiff's Praecipe, Stock Stipulated and Plaintiff Requested Instructions* filed 11/8/2024 in the New Mexico Case). From where it now sits, Beazley casts aspersions of questionable relevance on Mr. Sanchez and Debtor's representation that under the Special Verdict returned against Defendants in the New Mexico Case for civil conspiracy, each and all of them are jointly and severally liable for the verdict comprised of $37,005,149.00 in compensatory damages against the Numale Defendants and $375 million in punitive damages for "cumulative conduct" against Numale Corp. based on New Mexico law.

To support Beazley's position that the *Stipulated Special Verdict Form* somehow did not identify co-conspirator Defendants who would be jointly and severally liable for the verdict under New Mexico law, Beazley's *Ex Parte* Motion simply ignores Question No. 11:

> QUESTION 11: Was any wrongful conduct by two or more of the Numale Defendants a cause of harm to Michael E. Sanchez? Specifically did two or more of the Numale Defendants act together to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means?

[3] In Paragraph 10 of Beazley's *Ex Parte* Motion, Beazley goes so far as to state, without evidence, that the joint and several liability of the Numale Defendants was "a finding squarely inconsistent with the evidence provided to the Court by the stipulating parties."



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

*See* **Exhibit 1** at p. 4. The jury answered "YES". *Id.* The Stipulated Verdict Form then stated,

> "If your answer is "yes", place an "X" next to each of the Numale Defendants who acted together to accomplish an unlawful purpose or a lawful purpose by unlawful means:" and in response, the jury placed an "X" by each remaining codefendant's name on the Verdict, listed as follows:

- Numale Corporation
- Numale New Mexico S.C. Corp.
- Numale Albuquerque LLC
- Christopher Asandra MD
- Carlos Feliciano MD
- Brad Palubicki
- Justin Pulliam

*See* **Exhibit 1** at p. 4.

The question about joint and several liability is simply not relevant to this Court's decision at bar: whether to issue an Order permitting relief from the Bankruptcy Court's automatic stay for the purpose of the New Mexico Case post-trial proceedings. But in response to Beazley's vociferous objections, it is important to note that in the New Mexico Case, Defendants, including Debtor, **<u>stipulated</u>** to all the instructions the jury received pertaining to civil conspiracy, including Question 11 on the Special Verdict Form, and *Stipulated Instructions 13 and 56* contained in the *Final Stipulated Jury Instructions* submitted to the Court, a true and correct copy of which is attached hereto as **Exhibit 18**. *See also,* **Exhibit 1** at p. 4 (Special Verdict Form); *and see* **Exhibit 9** (Nov. 22, 2024 Trial Transcript at 98:20 to 99:20 and 100:20-101:6) (stipulating to jury instructions and verdict form on the record). Before completing the *Stipulated Special Verdict Form* in the New Mexico Case that nonparty Beazley now takes specific issue with, Defendants stipulated to it in the New Mexico Case, along with other Instructions the jury received on the elements

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

of each of Plaintiff Sanchez's legal contentions, *Instruction 13,* and *Instruction 56* on Civil Conspiracy, which read:

> To establish the claim that any of the defendants participated in a civil conspiracy, Plaintiff Michael Sanchez has the burden of proving that the was harmed by conduct of at least two of the defendants acting together to accomplish any one of the following unlawful purposes or lawful purposes for unlawful means:
>
> 1. Fraud
> 2. Negligent Misrepresentation;
> 3. Unconscionable violation of the Unfair Practices Act;
> 4. Unfair or deceptive violation of the Unfair Practices Act;
> 5. Negligent hiring, training or supervision;
> 6. Medical negligence;
> 7. Ordinary negligence;
> 8. Lack of informed consent

**Exhibit 18** (at Instruction 56). How can Beazley now say from the sidelines that there is no stipulation to this?

The legal questions of (1) whether and to what extent New Mexico permits joint and several liability against the Numale Defendants the jury found were civil co-conspirators; (2) whether and to what extent the jury's finding of civil conspiracy by each and all of the Sanchez v Numale codefendants will render them jointly and severally liable as a matter of New Mexico law; and (3) whether Defendants in the New Mexico Case have a viable basis to obtain relief from the Verdict based on error in matters like the jury instructions, though they failed to preserve any objection to them, are post-trial legal questions for the trial court in the New Mexico Case to determine, not for the U.S. Bankruptcy Court presiding over Debtor Numale Corp. and Debtor Affiliates' bankruptcy proceedings to decide here.

But as a practical matter, Beazley's "procedural" objection to Mr. Sanchez and Debtor's Stipulation and Order, peppered with irrelevant and uninformed challenges to the events in the underlying New Mexico Case, only operate to further delay the entry of final

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

orders on the very matters Beazley now complains their insureds should not be bound to by the jury's verdict. It seems curious that Beazley does not concur with the termination of the automatic stay for the limited purpose of seeking the New Mexico trial court's final decisions whether or not certain legal rulings were error or abuse of discretion, so their insureds could seek prompt relief from the effect of those rulings or at the very least preserve their rights to appeal same in a final, appealable judgment entered sooner, rather than later.

d. In Paragraph 5 of the *Ex Parte Motion* (ECF No. 82), Beazley seeks clarification as to the purpose and extent of the Stipulation Order's "key operative provision." Mr. Sanchez confirms that the intent of the Stipulation Order for Debtors is merely to terminate the automatic stay as to post-trial proceedings and entry of judgment only, NOT enforcement of the Judgment.

e. There is no dispute as to Beazley's status in this matter as a "real party in interest," who insured the Debtors in the New Mexico case. Delay of the order terminating the automatic stay does not inure to the benefit of Sanchez, the Debtor Numale Corp, its wholly owned subsidiaries or Beazley. To the contrary, Debtors and the U.S. Bankruptcy Court require a final judgment in the New Mexico Case to complete any Reorganization Plan, and every party in the New Mexico Case will require the same same before any appeal or execution of judgment may be taken.

Unfair prejudice and outright harm result from Beazley's own conduct in choosing to file a Declaratory Judgment lawsuit against its insureds on March 14, 2025, including Numale Albuquerque LLC, an undisputed wholly owned subsidiary of Numale Corp., who as a Debtor should presently be protected from "lawsuits against" it. *See* **Exhibit 16**, *Rule 1-084 Notice of Bankruptcy Proceeding and Stay* filed in the New Mexico Case on February 20, 2025; *and see*, **Exhibit 17**, *Beazley Complaint for Declaratory Judgment* filed 3/14/2025; *and see*, **Exhibit 2**, *NM Case Trial Exhibit 182-Numale Albuquerque LLC Operating Agreement,* **Exhibit 5**, *Nov. 22 2024 Trial Transcript of Ruling on Numale Corp Subsidiaries,* and **Exhibit 7**, *Stipulated Final Jury Instruction 17* ; and see *also supra* at ¶¶ 9-13 (facts re. Numale Abq. LLC as wholly subsidiary of Numale Corp.), *supra* at ¶¶ 28-

29 (facts re. Notice of Bankruptcy filing in NM Case), and *supra* at ¶¶ 43-44 (facts re. Beazley Complaint for Dec. Judgment).

Absent expedient stay termination, the parties will only suffer further expense, piecemeal litigation of post-trial matters already pending, and delay of post-trial proceedings in the New Mexico Case. Delay is designed to further Beazley's interests, because the longer there is no final, appealable Judgment entered against all Defendants in the New Mexico Case, the longer it will be before Mr. Sanchez may claim 10% discretionary pre-judgment interest per annum under §56-8-4 (B) NMSA and interpretive caselaw dating from December 31, 2020,[4] or his costs totaling $151,862.37 and potentially more,[5] the longer before Mr. Sanchez may seek execution of a judgment entered against any of the New Mexico Case defendants Beazley insured that could exceed $585,000,000.00 if the Verdict is upheld and prejudgment interest is awarded,[6] and the longer before Sanchez may start to claim 15% mandatory post-judgment interest of $169,361.94 per day if the Verdict is upheld and undisputed costs are taxed.[7]

Paragraphs 5 and 10-11 of Beazley's *Ex Parte* Motion also fail to take into account that under the Stipulated Special Verdict Form, **Exhibit 1**, even if the $375 million punitive damages award is not upheld, and/or if it is not finally determined that each of the seven Defendant co-conspirators is jointly and severally liable for same, the Verdict Form also provides Sanchez an alternate remedy under New Mexico's Unfair Practices Act, §§57-12-

---

[4] *See, supra at* ¶ 16 *and* **Exhibit 10**, *Sanchez Motion for Prejudgment Interest*, filed 12/9/2024 and still pending, seeking simple prejudgment interest of $112,878.12 per day since December 31, 2020, which on $412,005,149.00 is $41,200,515 per year, $164,802,060 for four years, and from December 31, 2020 to Friday March 21, 2025 (when Beazley's *Ex Parte* Motion was filed), would be $173,719,41.40 (for four years and 79 days).

[5] *See, supra at* ¶ 17 *and* **Exhibit 11**, *Sanchez Cost Bill and Motion for Costs,* filed 12/23/2024 and still pending, seeking costs totaling $151,862.37, $108,908.47 of which Defendants did not contest.

[6] Verdict of $412,005,149.00 plus prejudgment interest of $173,719,431.40 plus $151,862.37 totals exposure of up to $585,876,442.70 before post-judgment interest and appeal.

[7] *See*, § 56-8-4(A)(2) N.M.S.A. 1978 (basis of computing interest on judgment based on negligence, tortious or intentional or willful conduct); *Weststar Mortg. Corp. v. Jackson*, 2002-NMCA-009, 131 N.M. 493, 39 P.3d 710, *rev'd on other grounds*, 2003-NMSC-002, 133 N.M. 114, 61 P.3d 823 (post judgment interest on punitive damages is mandatory in New Mexico); *and see, Aquifer Science, LLC v. Verhines*, 2023-NMCA-020, cert denied, No. S-1-SC-39734 (Jan. 30, 2023) (holding that § 56-8-4(A) NMSA 1978 authorizes post judgment interest on an award of costs). Postjudgment on the verdict of $412,005,149.00 plus $108,908.47 in costs not disputed by Defendants is $412,114,057.40. $412,114,057.40 X 15% per annum = $61,817,108.61 per annum. $61,817,108.61per annum ÷ 365 = $169,361.94 per day.

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

1 et seq. NMSA 1978 ("UPA") that he may elect for the trial court to enter.[8] The jury answered questions 5 and 6 on the Special Verdict Form in the affirmative, finding that conduct "by any Numale Defendant" was "an unconscionable trade practice in violation of the Unfair Trade Practices Act" and was a cause of Plaintiff's damages. *See,* **Exhibit 1** at page 2. This finding on the Special Verdict Form supports entry of a final judgment for joint and several liability against each of the "Numale Defendants" for unconscionable UPA violations (in addition to negligence). *See* **Exhibit 1** at p. 2, Exhibit 9 (trial Stipulation that "Numale Defendants" means all remaining defendants) and see **Exhibit 19** (posttrial motion to preserve right to elect UPA remedy if needed). If Sanchez elected to recover UPA damages instead of the $375 million in punitive damages, his trebled compensatory damages would still total $111 million, plus 10% prejudgment interest of $46,802,465.05 (from December 31, 2020 to March 21, 2025), accruing at $30,410.95 per day,[9] plus costs of at least $151,862.37, and attorney fees to be awarded by the trial court. *See* NMSA 1978, § 57-12-10(D) (mandating attorney fees to prevailing party). Sanchez's alternate remedy for damages caused by "Numale Defendants" from unconscionable UPA violations and negligence could exceed $157,802,465 before attorney fees. Based on the Stipulations in open court and the Stipulated Special Verdict Form, entry of a final Judgment against each co-conspirator for these damages would be likely.

Unless Beazley succeeds in obtaining a Declaratory Judgment in the lawsuit filed against its insureds, at the point when a Judgment is entered against any or all of its insureds in the New Mexico Case, Beazley will still be contractually obligated to defend each of them who may appeal from the Judgment, and to post a *supersedeas bond* to secure the Judgment against them for the pendency of any appeal. This will be necessary for any

[8] See, **Exhibit 19,** *Plaintiff's Motion to Preserve Statutory Remedies Under the Unfair Practices Act, §§57-12-1 et seq. NMSA 1978, and for Time To Elect Remedies Before Entry of the Final Judgment*, filed 12/23/2024, setting out the statutory and legal precedent in support of Sanchez's right to elect treble damages for unconscionable conduct by Numale Defendants under the UPA, and in support of his right to make that election knowingly, after a final determination of the amount of damages available under each remedy.

[9] Ten percent simple prejudgment interest on $111 million is $11,100,000 per annum or $30,410.95 per day. Prejudgment interest from December 31, 2020 to Friday March 21, 2025 (when Beazley's *Ex Parte* Motion was filed), or four years and 79 days, totals $46,802,465.05 ($11,100,00 X 4 years = $44,400,000) plus ($30,410.95 X 79 days = $2,402,465.05).



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Defendant to obtain a stay from execution of the Judgment against him during appeal. See Rule 1-062(D) NMRA; § 39-3-22(A) NMSA.

The New Mexico Supreme Court requires that the bond amount be sufficient to cover the judgment "plus costs, interest and damages for delay." Rule 1-062(D). The New Mexico legislature also requires that such bonds "shall be conditioned for the payment of the judgment and all costs that may be finally adjudged against the appellant . . . if the appeal . . . is dismissed or the judgment or decision of the district court is affirmed." § 39-3-22(A) NMSA. **Finally, the statute requires execution of the bond to Plaintiff "in double the amount of the judgment complained of, with sufficient sureties, and approved by the clerk of the district court…."** *Id*. These requirements exist to maintain the status quo during the pendency of the appeal. *See, Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 1, 144 N.M. 241. It can take as long as two-and-one-half (2½) years for the New Mexico Court of Appeals to decide an appeal. https://coa.nmcourts.gov/about/frequently-asked-questions/ (accessed 2/17/2025). If a writ of certiorari to the New Mexico Supreme Court follows and review is accepted, the appellate process could possibly be extended for another one to two years.

Mr. Sanchez is seeking stay terminationto obtain a Final Judgment by the end of April, 2025 (five months post- verdict), after which statute and court rule would then require the trial Judge to approve a bond sufficient to maintain the status quo of such Judgment, including costs and interest rights, for the pendency of any appeal. If the Verdict is upheld and interest granted, a reasonable bond could be based on the following numbers:

Compensatory Damages: $ 37,005,149.00
Punitive Damages: $375,000,000.00
Undisputed Taxable Costs: $ 108,908.47
Prejudgment Interest: $178,460,307.70[10].
Postjudgment Interest: $278,261,667.40[11]

**TOTAL: $868,836,032.50**

10 $112,878.12 per day from 12/31/2020-4/30/2025
1111 $169,361.94 per day for 4.5 years or 1,643 days



WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

If Sanchez elected the alternate remedy of trebled damages under the UPA, 15% postjudgment interest would accrue on the $111 million damages verdict at $45,616.44 per day from date of entry.[12] Before attorney fees, the bond for appeal of the jury's UPA verdict would be approximately $232,859,184.30[13]

Beazley appears to have an interest in avoiding the expense of fulfilling its potential contractual obligations to the Defendants it insured in the New Mexico Case, but Beazley was not a party in the New Mexico Case and presently has no standing.

## II. RELIEF REQUESTED

47. Mr. Sanchez and Debtor previously stipulated that the automatic stay pursuant to 11 U.S.C. § 362 shall be terminated as to the Debtor in the New Mexico Case, to allow all Parties to proceed with post-trial proceedings in the New Mexico Case as necessary for entry of a final, appealable judgment without further delay.

48. The Debtor stipulated that the automatic stay shall be terminated to allow the New Mexico Court to enter a final Judgment that shall not be enforced as to the Debtor, but may be enforced against the non-debtors.

49. The Debtor also stipulated to terminate the automatic stay to allow the Debtor to pursue any appeal related to the New Mexico Case.

50. To the extent the Debtor files a Chapter 11 Plan, the Judgment shall be included in the Plan, which makes it vitally important to this Court for the amount of the Judgment be reduced to a final Judgment as quickly as possible to avoid any delay with the Debtor's future Plan.

51. The entry of a final Judgment as expeditiously as possible is just as important to avoid delays, should the Debtor's case be dismissed in connection with the Office of the US Trustee's pending Motion to Dismiss or Convert, or should the Court appoint a Chapter 11 Trustee (ECF No. 58).

---

[12] $111 million X 15% = $16,650.00 per year. $16,650.00 ÷ 365 = $45,616.44/day. $45,616.44 per day for 4.5 years or 1,643 days during appeal = $74,947,810.92.

[13] Verdict damages of $111 million + prejudgment interest of $46,802,465 + undisputed taxable costs of $108,908.47 + postjudgment interest of $74,947,810.92 = **$232,859,184.30** before attorney fees.

52. The Debtor also stipulated that the automatic stay under Section 362 of the Bankruptcy Code does not apply or extend to the non-Debtors in the New Mexico case based on the Stipulation and ensuing Order, who were found jointly and severally liable by the jury's civil conspiracy verdict, and to inform the New Mexico Court of this fact, the Debtor agreed to the entry of a comfort order from this Court as to the non-debtors.

53. At Debtor's request, Mr. Sanchez also agreed that he would not take action to obtain entry of a Final Judgment in the New Mexico Case until after April 1, 2025.

54. Lastly, the Debtor agreed to waive the 14-day stay of the order terminating the automatic stay under FRBP 4001(a)(3), as there is no reason for further delay of the New Mexico State Court post-trial proceedings for the entry of a final Judgment.

55. Delay in enforcement of the stay termination order will create a wider procedural gap between the Debtors and the non-debtors in the New Mexico Case, and it is in everyone's best interest to avoid piecemeal litigation and for the expeditious entry of a final appealable Judgment, which will be included in Debtors' bankruptcy case and ultimately the Plan of Reorganization.

56. When Mr. Sanchez was injured by the conduct of the Defendants in 2017, he was 65. His lawsuit filed in 2020 was contested and extensively litigated through trial. Now aged 72, Mr. Sanchez has obtained a jury verdict. Justice and interests of judicial economy require prompt and reasonable efforts to prevent all further delays in permitting the New Mexico Court to finalize its determination of legal matters in Mr. Sanchez's case, so a final, appealable Judgment can be entered.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: March 24, 2025

*/s/ Lori M. Bencoe*

Lori Bencoe, J.D.
NM Bar ID No. 7525
lori@bencoelaw.com
Bencoe & LaCour Law P.C.
9201 Montgomery Blvd. NE, Suite 404
Albuquerque NM 87111
Phone: (505) 247-8800
Fax: (505) 247-8801

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 25th day of March, 2025, I caused to be served a true and correct copy of **DECLARATION OF LORI BENCOE IN SUPPORT OF MOTION FOR ORDER TERMINATING AUTOMATIC STAY UNDER 11 U.S.C. § 362 AS TO NEW MEXICO STATE COURT POST-TRIAL PROCEEDINGS TO JUDGMENT ONLY AS TO NUMALE CORPORATION AND COMFORT ORDER FOR STAY TERMINATION AS TO NON-DEBTOR** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☒ (UNITED STATES MAIL) By depositing a copy of the above-referenced document (without exhibits, but exhibits are available upon request to: Ogonna.Brown@wbd-us.com, Caitlin.Halm@wbd.us.com, or Renee.Creswell@wbd-us.com) for mailing in the United States Mail, first class postage prepaid, at Tucson, Arizona, to the parties listed on the attached Court's Creditors Matrix, with addition, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing NTC: NOTICE OF BANKRUPTCY, Envelope Number: 12303160
**Date:** Friday, March 28, 2025 10:01:42 AM

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12303160

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 3/26/2025 2:09 PM MST |
| **Filing Type** | NTC: NOTICE OF BANKRUPTCY |
| **Filing Description** | Plaintiffs Notice Of Relevant Bankruptcy Filings Declaration Of Lori Bencoe In Support Of Motion For Order Terminating Automatic Stay As To N.M. State Court Post-Trial Proceedings To Judgment Only, Not Enforcement, As To Numale Corp. & Numale Nm Sc, And Comfort Order As To Non-Debtors Filed In U.S. Bankruptcy Court, District Of Nevada |
| **Filed By** | Randyl Sexton |
| | Numale Corporation:<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>John Robertson (andrew.robertson@qpwblaw.com) |

| | |
|---|---|
| **Service Contacts** | Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>Jocelyn Drennan (jdrennan@rodey.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br><br>Michael E Sanchez:<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>R Sexton (scott@bencoelaw.com)<br><br>Elizabeth Martinez (elizabeth@brunonalu.com)<br><br>Keith Bruno (keith@brunonalu.com)<br><br>Nicholas Rowley (NR@TL4J.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Linda Lopez (linda.lopez@qpwblaw.com)<br><br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br><br>Daisy Mora (karen.edwards@qpwblaw.com)<br><br>Kenneth Stalter (ken@stalterlaw.com)<br><br><br>Stephen G Chapman PA-C: |

| | |
|---|---|
| | John Klecan (jklecan@jshfirm.com)<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>Teresa Montoya (admin@kerrykiernanpc.com)<br><br>Pam Pullem (ppullem@jshfirm.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |