# EXHIBIT 29

EXHIBIT 29

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/4/2025 10:28 AM
KATINA WATSON
CLERK OF THE COURT
Sydney R Garcia

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No. D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY EXECUTION OF THE JUDGMENT WITHOUT BOND DURING THE PENDENCY OF THE POST-TRIAL MOTION PROCEEDINGS**

Defendants' Motion to Stay Execution of the Judgment Without Bond During the Pendency of the Post-Trial Motions Proceedings, filed March 20, 2025 ("Motion"), should be denied for three fundamental reasons: (1) the motion is premature as no judgment has yet been entered; (2) Defendants propose no security whatsoever to protect Plaintiff's interests as required by Rule 1-062(B) NMRA; and (3) Defendants have failed to meet their burden to "demonstrate objectively" that posting a bond is impossible or impractical. Most troublingly, Defendants have omitted critical information concerning their insurance carrier's recent lawsuit seeking to deny coverage—a fact that exacerbates the risk to Plaintiff and highlights the necessity for adequate security.[1]

[1]Plaintiff submits this filing as to all Defendants **except for** Numale Corp. and Numale N.M. S.C. Corp., as to whom an automatic stay under 11 U.S.C. § 362 is currently in place due to their status as Debtors in Chapter 11 voluntary bankruptcy cases filed on January 22, 2025 and pending in the U.S. Bankruptcy Court, District of Nevada, before the Honorable Natalie Cox, Cases No. 25-10341 and 25-10347. Out of abundance of caution, Plaintiff also

## LEGAL STANDARD

Rule 1-062(B) NMRA states, "In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment[.]" Thus, while this Court has discretion to stay execution of a judgment pending motions directed at the judgment, there must be a plan for adequate security for the prevailing party.

## ARGUMENT

### I. Defendants' Motion Is Premature As No Judgment Has Been Entered

Defendants' motion fails at the threshold because this Court has not yet entered any judgment. A stay of execution is a procedural mechanism to suspend enforcement of a judgment—not a verdict. Under New Mexico law, a jury verdict is not self-executing and has no independent legal effect until the court signs and files a written judgment under Rule 1-058 NMRA. Until that occurs, there is no judgment to enforce, and thus no judgment to stay.

As the New Mexico Supreme Court and Court of Appeals have recognized, "there is nothing upon which a supersedeas bond could operate" and "nothing to stay" unless and until a final judgment is entered. *See Quintana v. Knowles*, 1992-NMSC-016, ¶ 13, 113 N.M. 382; *Salas v. Bolagh*, 1987-NMCA-138, ¶ 14, 106 N.M. 613. A stay, whether under Rule 1-062 NMRA or

---

does not submit this filing against Numale Albuquerque LLC d/b/a Numale Medical Center, which was determined by the Court in equity at trial to be a wholly owned subsidiary of Debtor Numale Corp. based on evidence and testimony including but not limited to Stipulated Trial Ex. 182 (Numale Abq. LLC Operating Agreement), *and see*, *Plaintiff's Trial Brief on Numale Corp.'s Liability for Conduct of Numale Albq. LLC and Numale NM SC Corp*. (filed 11/25/2024), *and see* ***Exhibit 1 to Ntcs. of Completion*** (Trial TS excerpt from 11/22/2024 at P95:L9-19 granting Plaintiff's Motion) and ***Exhibit 2 to Ntcs. Of Completion*** (*Stipulated Final Jury Inst. No. 17*; Numale Abq LLC and Numale NM SC subsidiaries of Numale Corp).

Plaintiff further states that on March 18, 2025 a *Stipulation for Entry of Order Terminating Automatic Stay as to New Mexico State Court Post-Trial Proceedings to Judgment Only and Comfort Order As to Non-Debtors* was filed in both Debtors' Bankruptcy Cases [Numale Corp. ECF Doc. No. 70; Numale NM SC ECF Doc. No. 64], on March 20, 2025, nonparty Beazley Insurance filed an *Ex Parte Motion* Objecting to same [Numale Corp. ECF Doc. No. 82], and on March 25, 2025 Sanchez filed a Motion in U.S. Bankruptcy Court to lift the Stay in light of Debtors' stipulation. Plaintiff has filed notices of these matters. There is no reason to further delay post-trial proceedings as to Non-Debtors at this time.

NMSA 1978, § 39-3-22 (2007), presupposes the existence of a signed judgment that is otherwise enforceable. Although these authorities discuss the need for a judgment in the context of an appeal, they logically apply with equal force to a requested stay pending post-trial motions under Rule 1-062(B).

Accordingly, Defendants' request for stay following the return of a verdict, but before judgment has been entered, is not ripe. It seeks relief from an enforcement mechanism that does not yet exist. If enforcement is a concern, the appropriate course is to raise that issue after judgment is entered or to seek a delay in entry of judgment based on pending post-verdict motions or equitable considerations—not a stay.

Until the Court reduces the verdict to a written and entered judgment, a stay is procedurally premature and legally unavailable.

**II. Defendants Propose No Security For Protection Of Plaintiff As The Prevailing Party**

Even if Defendants' motion were brought at the proper time, it must fail because Defendants propose no security whatsoever for protection of Plaintiff as the prevailing party. Rule 1-062(B) expressly conditions the Court's discretion to grant a stay on "such conditions for the security of the adverse party as are proper." *See also Segal v. Goodman*, 1993-NMSC-018, ¶ 29, 115 N.M. 349 (emphasizing that protecting the judgment creditor's interests is a critical factor).

Defendants' motion does not propose any alternative security, collateral, or protection for Plaintiff. Rather, Defendants ask this Court to leave Plaintiff entirely unsecured for the duration of post-trial proceedings. This complete absence of security falls far short of what Rule 1-062(B) contemplates.

**III. Defendants Mischaracterize Case Law And Fail To Meet Their Burden**

Invoking *Miami Int'l Realty Co. v. Paynter*, Defendants assert, "Staying execution of the judgment absent a bond is particularly appropriate when 'posting a full bond is impossible or

impractical.'" *Motion, at 2* (citing 807 F.2d 871, 873-74 (10th Cir. 1986)). In making that assertion, Defendants omit critical context from the sentence they quote, which in full reads: "[I]t is [defendant]'s burden to demonstrate objectively that posting a full bond is impossible or impractical and to propose a plan that will provide adequate (or as adequate as possible) security for the" prevailing party. *Id*. (internal quotation marks omitted).

Defendants fail to meet this burden in two crucial respects:

First, Defendants have not "demonstrate[d] objectively that posting a full bond is impossible or impractical." *Id*. They offer only conclusory statements that the bond "would likely exceed $1 million" and that this cost "would be difficult, if not impossible, for Defendants to bear." *Motion, at 4*. Defendants provide no financial statements, affidavits, denial letters from bonding companies, or any other objective evidence to support these claims. Without such evidence, Defendants' bare assertions about financial hardship fail to satisfy their burden. *See Grassie v. Roswell Hosp. Corp*., 2008-NMCA-076, ¶¶ 14-16, 144 N.M. 241 (holding that "as the party seeking the stay, it was incumbent upon [the defendant] as judgment debtor to satisfy the court that the amount of the bond would be sufficient").

Second, Defendants have not "propose[d] a plan that will provide adequate... security" for Plaintiff. *Miami Int'l*, 807 F.2d at 873-74. Defendants do not offer any security whatsoever—not even partial bonding, collateral, or asset restrictions—leaving Plaintiff with no protection during the stay.

## IV. Defendants Fail To Disclose Critical Facts That May Jeopardize Plaintiff's Ability To Collect

Defendants fail to show that a stay of execution of the judgment—without any security to protect Plaintiff—is in the interests of justice. At the same time, Defendants fail to inform the

Court of important facts—of which Defendants are aware—that would jeopardize or could significantly delay Plaintiff's ability to collect on the judgment.

Most significantly, Defendants failed to disclose to the Court that on March 14, 2025 (six days before the filing of the instant Motion and one day before the expiration of the parties' voluntary stay order requested by Defendants' insurer), Defendants' insurance carrier sued the Non-Debtor Defendants  in the Ninth Judicial District Court, seeking to deny coverage or any duty to indemnity them in this matter. *See 3-26-2025 Plaintiff's Notice of Relevant State Court Filing and Exhibit 1 thereto*. That action, if successful, would materially affect Plaintiff's ability to collect on any judgment. Yet Defendants failed to even acknowledge this important fact in their motion, let alone propose any plan for protecting Plaintiff should their the carrier succeed in disavowing its insurance duties. coverage. *Id*.

This omission is particularly troubling because it fundamentally alters the risk to Plaintiff if execution is stayed without security. The pending insurance coverage dispute creates substantial uncertainty about whether Defendants' insurers will make insurance available to satisfy the judgment, which makes adequate security all the more necessary to protect Plaintiff's interests.

## V. Defendants' Arguments For A Stay Without Bond Are Unpersuasive

Defendants offer two general grounds for their position that the Court should permit a stay without protecting Plaintiff's judgment, neither of which is persuasive.

First, Defendants argue that the damages in this case are "shocking" and have drawn "media attention." *Motion, at 3*. Defendants provide no authority for their implication that media coverage should influence this Court's decision making. Instead, Defendants argue that the large award is an "unusual circumstance" under *Miami Int'l*, that allegedly justifies dispensing with protections for Plaintiff. *Motion, at 3*. But again, Defendants omit the critical language from the quoted case. The sentence at issue states that "no bond or a reduced bond would suffice when the

creditor's interest, due to unusual circumstances, would not be unduly endangered[.]" *Miami Int'l*, 807 F.2d at 873. Relevant "unusual circumstances" are those that reduce or eliminate the danger to the "creditor's interest[.]" *Id*. Defendants fail to show that a large verdict or "media attention" somehow reduces the danger to the creditor's interest. To the contrary, the verdict has ignited a frenzy of activity by Defendants and their insurers to evade responsibility for paying the judgment.

Without providing any upport—such as a quote from a bonding company or other objective information—Defendants speculate about the potential cost of obtaining a bond and argue that this cost will somehow harm Plaintiff by driving Defendants into bankruptcy. *Motion, 4*. Defendants provide no factual information about their financial condition or ability to pay. The notion that requiring security for Plaintiff will somehow harm Plaintiff is unsupported.

Defendant's conclusory presentation falls far short of the requirement—established in *Miami Int'l*, the case on which Defendants themselves rely—that Defendants must "demonstrate objectively" that providing security is impossible or impractical. *Miami Int'l*, 807 F.2d at 873-74.

Next, Defendants argue that furnishing security for Plaintiff would be "unjust" because "Defendants anticipate moving for post-trial relief[.]" *Motion, at 4*. But that's not the standard. Defendants' hope that they might obtain remittitur or new trial has no bearing on whether Plaintiff is adequately protected should Defendants' hopes fail to materialize. *See* Rule 1-062(B) (requiring "such conditions for the security of the adverse party as are proper").

**VI. The Bankruptcy Proceedings Increase The Need For Protection**

While Defendants, in a footnote, acknowledge the pending bankruptcy of the non-moving debtor defendants, movant Defendants fail to discuss the implications of the bankruptcy proceedings on their motion. *Motion, at 1 n. 1*. The jury found the moving, non-debtor Defendants and the non-moving debtor Defendants to have engaged in a civil conspiracy, making the members

of the conspiracy jointly and severally liable. *Seeds v. Lucero*, 2005-NMCA-067, ¶ 12, 137 N.M. 589. This also increases the need for protection for Plaintiff.

The bankruptcy proceedings of some defendants, combined with theirinsurers' recent decision to dispute coverage and indemnity, create a perfect storm of risk for Plaintiff's ability to collect the judgment. These factors underscore the need to require adequate security as a condition of any stay, rather than requiring none while simultaneously giving Nondebtor Defendants an inexplicable, indefinite "safe harbor" on execution of the judgment resulting from the unanimous jury verdict entered against them in this case.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants' motion to stay execution of the judgment without bond should be denied. At a minimum, if the Court is inclined to grant any stay once judgment is entered, it should require Defendants to provide substantial security to protect Plaintiff's interests as required by Rule 1-062(B).[2]

Respectfully submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */ s / Lori M. Bencoe*
Lori M. Bencoe
Cherie LaCour
Bencoe & LaCour Law, PC
9201 Montgomery Blvd. NE #404
Albuquerque, NM 87111
(505) 247-8800 / (505) 247-8801
lori@bencoelaw.com
cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley
421 W Water Street Third Floor

[2] See Plaintiff's Cross Motion for Order Requiring Non-=Debtor Defendants to Post Bond Pending Any Stay of Execution, filed on or about Monday April 7, 2025 and incorporated fully into this Response as if set forth fully herein pursuant to Rule 1-010C NMRA.

Decorah, IA 52101
(866) 854-5529 / (888) 801-3616
NR@TL4J.COM

**BOWEN HATCH LAW PC**
Theresa Bowen Hatch
1902 Wright Place Suite 200
Carlsbad, CA 92008
(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine CA 92612
(310) 745-7811
keith@brunoal.com
*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on April 4, 2025, this response was served on counsel of record via the Court's efiling system.

By: */ s / Lori M. Bencoe*
Lori M. Bencoe

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing RESPONSE, Envelope Number: 12354172
**Date:** Tuesday, April 8, 2025 1:41:21 PM

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12354172

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 4/4/2025 10:28 AM MST |
| **Filing Type** | RESPONSE |
| **Filing Description** | In Opposition to Defendants Motion to Stay Execution of The Judgment Without Bond During The Pendency of The Post-Trial Motion Proceedings |
| **Filed By** | Randyl Sexton |
| | Michael E Sanchez:<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br>Nicholas Rowley (NR@TL4J.com)<br><br>Keith Bruno (keith@brunonalu.com)<br><br>R Sexton (scott@bencoelaw.com) |

| | |
|---|---|
| **Service Contacts** | Elizabeth Martinez (elizabeth@brunonalu.com)<br><br>Numale Corporation:<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br><br>Jocelyn Drennan (jdrennan@rodey.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>Other Service Contacts not associated with a party on the case:<br><br>Linda Lopez (linda.lopez@qpwblaw.com)<br><br>Kenneth Stalter (ken@stalterlaw.com)<br><br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br><br>Daisy Mora (karen.edwards@qpwblaw.com)<br><br>Stephen G Chapman PA-C:<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>Teresa Montoya (admin@kerrykiernanpc.com) |

| | |
|---|---|
| | John Klecan (jklecan@jshfirm.com)<br><br>Pam Pullem (ppullem@jshfirm.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |