# EXHIBIT 31

EXHIBIT 31

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
4/9/2025 11:28 AM
KATINA WATSON
CLERK OF THE COURT
Marissa Marquez

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No. D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S CROSS-MOTION TO (NONDEBTOR) DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT BOND DURING THE PENDENCY OF THE POST-TRIAL MOTION PROCEEDINGS (*filed March 20, 2025*)**

COMES NOW Plaintiff Michael E. Sanchez and submits this Cross-Motion for an Order Requiring Non-Debtor Defendants to post a bond upon entry of any Judgment to ensure that his interests are adequately protected as required by Rule 1-062(B) NMRA.[1] Plaintiff files this as a Cross-Motion to *Defendants' Motion to Stay Execution of Judgment Without Bond During the Pendency of the Post-Trial Motion Proceedings* (filed 3/20/2025), and hereby incorporates his Response in Opposition into this

[1] Plaintiff submits this cross-motion as to all Defendants **except for** Numale Corp. and Numale N.M. S.C. Corp., as to whom an automatic stay under 11 U.S.C. § 362 is currently in place due to their status as Debtors in Chapter 11 voluntary bankruptcy cases filed on January 22, 2025 and pending in the U.S. Bankruptcy Court, District of Nevada, before the Honorable Natalie Cox, Cases No. 25-10341 and 25-10347. Out of abundance of caution, Plaintiff also does not submit this filing against Numale Albuquerque LLC d/b/a Numale Medical Center, which was determined by the Court in equity at trial to be a wholly owned subsidiary of Debtor Numale Corp. based on evidence and testimony including but not limited to Stipulated Trial Ex. 182 (Numale Abq. LLC Operating Agreement), *and see*, *Plaintiff's Trial Brief on Numale Corp.'s Liability for Conduct of Numale Albq. LLC and Numale NM SC Corp*. (filed 11/25/2024), *and see* ***Exhibit 1 to Ntcs. of Completion*** (Trial TS excerpt from 11/22/2024 at P95:L9-19 granting Plaintiff's Motion) and ***Exhibit 2 to Ntcs. Of Completion*** (*Stipulated Final Jury Inst. No. 17*; Numale Abq LLC and Numale NM SC subsidiaries of Numale Corp).

Plaintiff further states that on March 18, 2025 a *Stipulation for Entry of Order Terminating Automatic Stay as to New Mexico State Court Post-Trial Proceedings to Judgment Only and Comfort Order As to Non-Debtors* was filed in both Debtors' Bankruptcy Cases [Numale Corp. ECF Doc. No. 70; Numale NM SC ECF Doc. No. 64], on March 20, 2025, nonparty Beazley Insurance filed an *Ex Parte Motion* Objecting to same [Numale Corp. ECF Doc. No. 82], and on March 25, 2025 Sanchez filed a Motion in U.S. Bankruptcy Court to lift the Stay in light of Debtors' stipulation. Plaintiff has filed notices of these matters. There is no reason to further delay post-trial proceedings as to Non-Debtors at this time.

Cross-Motion, and this Cross-Motion into that Response in Opposition, as if both are set forth fully herein and therein, pursuant to Rule 1-010(C) NMRA.

Nondebtor Defendants have asked this Court for extraordinary relief: (1) an order to prematurely stay Plaintiff Sanchez from executing on any judgment the Court may ultimately enter; and (2) an order denying Plaintiff Sanchez any bond or other protection for his interests in the $412 million unanimous jury verdict entered in his favor on November 26, 2024. Nondebtor Defendants' unusual request comes amid other events and delays that threaten the collectability of the jury verdict. Relief under Rule 1-062(B) NMRA is necessary without delay to protect the verdict.

Pursuant to Rule 1-007.1(C) NMRA, concurrence or opposition from opposing counsel was requested and this Motion is/ is not opposed.

## LEGAL STANDARD

Rule 1-062(B) NMRA provides that a court may stay execution of a judgment "in its discretion and on such conditions for the security of the adverse party as are proper." As detailed in *Plaintiff's Response in Opposition to Defendants' Motion to Stay Execution of the Judgment without Bond During the Pendency of the Post-Trial Motion Proceedings, filed April 4, 2025* (incorporated herein by reference pursuant to Rule 1-010C NMRA), New Mexico law requires courts to engage in a careful balancing of the interests of the judgment creditor and judgment debtor. *Segal v. Goodman*, 1993-NMSC-018, ¶ 29, 115 N.M. 349.

## ARGUMENT

### I. No Stay of Execution Is Available Until a Judgment Has Been Entered.

As set forth in Plaintiff's Response in Opposition, Defendants' request for a stay of execution is procedurally improper at this stage because no judgment has been entered. A jury verdict is not self-executing and has no independent legal effect until it is reduced to a written judgment under Rule 1-058 NMRA. *See Quintana v. Knowles*, 1992-NMSC-016, ¶ 10, 113 N.M. 382.

Having said this, in the event the Court were inclined to consider any stay of execution as to Defendants not in U.S. Bankruptcy Court once a judgment is entered, New Mexico law would require such a stay to be conditioned upon Defendants posting adequate security, as detailed below.

## II. If Any Stay Is Granted, Rule 1-062(B) Requires Adequate Security for the Plaintiff

In the event the Court grants any stay of execution pending post-trial motions, Rule 1-062(B) NMRA explicitly requires "such conditions for the security of the adverse party as are proper." This requirement exists to protect judgment creditors from the risk that they will be unable to collect on their judgment after a stay expires.

The need for security is particularly acute in this case for three critical reasons:

First, Defendants' insurance carrier has initiated litigation to deny coverage for this claim. On March 14, 2025, just six days before Defendants filed their motion (and one day before the stay between Plaintiff Sanchez and the Defendants in this court ended), the carrier sued Defendants in the Ninth Judicial District Court seeking a declaration that it does not have to pay any judgment here. That action is a substantial threat to Plaintiff's ability to collect on a judgment and underscores the need to require adequate security during any stay period.

Second, two of the defendants (NuMale Corporation and NuMale New Mexico S.C. Corp.) have already filed for bankruptcy protection, triggering an automatic stay as to them that likely extends to Numale Albuquerque LLC d/b/a Numale Medical Center, which was adjudicated during trial to be Numale Corporation's wholly owned subsidiary. Given that all defendants were found liable under a civil conspiracy theory making them jointly and severally liable, the bankruptcy of some defendants may have a detrimental impact on Plaintiff's ability to collect from remaining defendants. This also increases the importance of Sanchez securing his judgment against each of them.

Third, this case involves a substantial verdict that reflects the jury's assessment of the severe harm suffered by Plaintiff. The size of the verdict increases—rather than decreases—the importance of

adequate security, as Defendants may have heightened incentives to shield or dissipate assets during the pendency of post-trial proceedings.

**III. The Appropriate Form and Amount of Security**

To adequately protect Plaintiff's interests as required by Rule 1-062(B), any stay of execution should be conditioned upon (nondebtor) Defendants posting a bond in the full amount of the judgment at a minimum. In fact, Section 39-3-22(A) NMSA 1978 and Rule 1-062(D) inform the trial court that security requires a bond sufficient to secure the judgment "plus costs, interest and damages for delay" and requires consideration of payment of the judgment and all costs that may be finally adjudged "if the appeal is dismissed or the judgment or decision of the district court is affirmed." § 39-3-22(A) NMSA. Further, nondebtor Defendants are required to present sufficient proof of sureties for said bond. *Id*.

Thus, a proper bond should include:

1. The full amount of the jury verdict: $412,005,149.00 (consisting of $37,005,149 in compensatory damages and $375 million in punitive damages); and
2. Pre-judgment interest on compensatory damages at a minimum, or on full verdict, from November 16, 2020 when the Complaint was filed until entry of a Judgment or an Order on this Motion (either $10,138.40 per day on $37,005,149 or $112,878.12 per day on $412,005,149 per day); and
3. Taxable costs totaling $151,862.37; and
4. Mandatory statutory post-judgment interest of 15% from date of any judgment entered.

These totals represent the minimum security necessary to protect Plaintiff's interests during any stay period. Anything less would fail to provide the protection mandated by Rule 1-062(B) and would impermissibly shift the risk of non-collection from Defendants to Plaintiff. Rule 1-062(B) NMRA (requiring "conditions for the security of the adverse party as are proper"); *Grassie v. Roswell Hosp. Corp.,* 2008-NMCA-076, ¶ 11, 144 N.M. 241 (purpose of Rule 1-062 is "protecting the [judgment

creditor] from the risk of a later uncollectible judgment"). Alternative Forms of Security Are Inadequate

While courts occasionally accept alternative forms of security in lieu of a bond — such as deposits of cash or property, letters of credit, or other arrangements — several factors in this case make a traditional bond the only appropriate form of security here:

1. The pending insurance coverage dispute creates substantial uncertainty about whether or to what extent insurance proceeds will be available to satisfy the judgment;
2. The bankruptcy proceedings of the corporate defendants (and by extension, their wholly owned subsidiary company) suggest potential financial instability and raise questions as to whether that instability may extend to individual owner/officer defendants;
3. Defendants have offered no evidence to prove what assets they possess that could secure the judgment, which is their burden pursuant to *Grassie*, 2008-NMCA-076 ¶¶ 14-16; and
4. The significant size of the verdict requires a form of security that is liquid, reliable, and not unduly subject to valuation disputes or market fluctuations. *See Quintana*, 1992-NMSC-016, ¶ 3 (judgment creditor should be able to "recover the amount" to which they are entitled "without filing another lawsuit."); *Grassie*, 2008-NMCA-076, ¶ 16 (bond should provide "adequate cushion");

Given these circumstances, only a proper bond from a qualified surety can provide the reliable security required by Rule 1-062(B) and New Mexico case law.

## CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for stay of execution without bond as premature; in the alternative, order that such stay be conditioned upon Defendants posting a bond in the full amount of the judgment plus interest and costs as calculated above; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */ s / Lori M. Bencoe*
Lori M. Bencoe
Cherie LaCour
Bencoe & LaCour Law, PC
9201 Montgomery Blvd. NE #404
Albuquerque, NM 87111
(505) 247-8800 / (505) 247-8801
lori@bencoelaw.com
cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley
421 W Water Street Third Floor
Decorah, IA 52101
(866) 854-5529 / (888) 801-3616
NR@TL4J.COM

**BOWEN HATCH LAW PC**
Theresa Bowen Hatch
1902 Wright Place Suite 200
Carlsbad, CA 92008
(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine CA 92612
(310) 745-7811
keith@brunoal.com
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on April 9, 2025, I filed this Pleading electronically, and caused all parties through their counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*/ s / Lori M. Bencoe*
Lori M. Bencoe

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing MTN: MOTION, Envelope Number: 12377342
**Date:** Monday, April 14, 2025 7:57:35 AM

---

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12377342

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 4/9/2025 11:28 AM MST |
| **Filing Type** | MTN: MOTION |
| **Filing Description** | Plaintiffs Cross-Motion to (Nondebtor) Defendants Motion to Stay Execution of Judgment Without Bond During the Pendency of the Post-Trial Motion Proceedings (Filed March 20, 2025) |
| **Filed By** | Randyl Sexton |
| | Numale Corporation:<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com) |

| | |
|---|---|
| | Jocelyn Drennan (jdrennan@rodey.com) |
| | Edward Ricco (ericco@rodey.com) |
| | Charles Vigil (cvigil@rodey.com) |
| | Other Service Contacts not associated with a party on the case: |
| | Kenneth Stalter (ken@stalterlaw.com) |
| | Linda Lopez (linda.lopez@qpwblaw.com) |
| | Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com) |
| **Service Contacts** | Daisy Mora (karen.edwards@qpwblaw.com) |
| | Michael E Sanchez: |
| | Cherie LaCour (cherie@bencoelaw.com) |
| | Maggie Golike (maggie@bencoelaw.com) |
| | Lori Bencoe (lori@bencoelaw.com) |
| | Courtney Rowley (therowleylawfirm@gmail.com) |
| | Theresa Bowen-Hatch (theresa@bowenhatchlaw.com) |
| | Nicholas Rowley (NR@TL4J.com) |
| | Keith Bruno (keith@brunonalu.com) |
| | R Sexton (scott@bencoelaw.com) |
| | Elizabeth Martinez (elizabeth@brunonalu.com) |
| | Stephen G Chapman PA-C: |
| | Teresa Montoya (admin@kerrykiernanpc.com) |

| | |
|---|---|
| | John Klecan (jklecan@jshfirm.com)<br><br>Pam Pullem (ppullem@jshfirm.com)<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |