# EXHIBIT 36

EXHIBIT 36

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
5/1/2025 9:28 AM
KATINA WATSON
CLERK OF THE COURT
Jennie L Sotelo

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO (NONDEBTOR) DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT BOND DURING THE PENDENCY OF THE POST-TRIAL MOTION PROCEEDINGS (*filed March 20, 2025*)**

Plaintiff Michael E. Sanchez hereby replies in support of his cross motion (filed April 9, 2025) requesting that this Court require non-debtor Defendants to furnish adequate security to protect Plaintiff's interests as required by Rule 1-062(B) NMRA.[1] Non-debtor Defendants' motion should be denied, and Plaintiff's cross-motion should be granted for the reasons articulated in *Plaintiff's Response in Opposition to Defendants' Motion to Stay Execution of Judgment Without Bond During the Pendency*

[1] Plaintiff submits this reply as to all Defendants **except for** Numale Corp. and Numale N.M. S.C. Corp., as to whom an automatic stay under 11 U.S.C. § 362 is currently in place due to their status as Debtors in Chapter 11 voluntary bankruptcy cases filed on January 22, 2025 and pending in the U.S. Bankruptcy Court, District of Nevada, before the Honorable Natalie Cox, Cases No. 25-10341 and 25-10347. Out of abundance of caution, Plaintiff also does not submit this filing against Numale Albuquerque LLC d/b/a Numale Medical Center, which was determined by the Court in equity at trial to be a wholly owned subsidiary of Debtor Numale Corp. based on evidence and testimony including but not limited to Stipulated Trial Ex. 182 (Numale Abq. LLC Operating Agreement), *and see*, *Plaintiff's Trial Brief on Numale Corp.'s Liability for Conduct of Numale Albq. LLC and Numale NM SC Corp.* (filed 11/25/2024) and *see* ***Exhibit 1 to Ntcs. of Completion*** (Trial TS excerpt from 11/22/2024 at P95:L9-19 granting Plaintiff's Motion) and ***Exhibit 2 to Ntcs. of Completion*** (*Stipulated Final Jury Inst. No. 17*; Numale Abq LLC and Numale NM SC subsidiaries of Numale Corp).

Plaintiff further states that on March 18, 2025 a *Stipulation for Entry of Order Terminating Automatic Stay as to New Mexico State Court Post-Trial Proceedings to Judgment Only and Comfort Order As to Non-Debtors* was filed in both Debtors' Bankruptcy Cases [Numale Corp. ECF Doc. No. 70; Numale NM SC ECF Doc. No. 64], on March 20, 2025, nonparty Beazley Insurance filed an *Ex Parte Motion* Objecting to same [Numale Corp. ECF Doc. No. 82], and on March 25, 2025 Sanchez filed a Motion in U.S. Bankruptcy Court to lift the Stay in light of Debtors' stipulation. Plaintiff has filed notices of these matters. There is no reason to further delay post-trial proceedings as to Non-Debtors at this time.

*of the Post-Trial Motion Proceedings* (filed 3/20/2025), which is hereby incorporated by reference under Rule 1-010(C) NMRA. In brief, the jury's verdict has shifted the balance of equities and Plaintiff should not be forced to bear the risk that the verdict becomes uncollectable. Rather, Rule 1-062(B) requires that if non-debtor Defendants are to obtain a stay, the Court should require those "conditions for the security of the adverse party as are proper[.]" Rule 1-062(B) NMRA; *see also Quintana v. Knowles*, 1992-NMSC-016, ¶ 3, 113 N.M. 382 (judgment creditor should be able to "recover the amount" to which they are entitled "without filing another lawsuit."); *Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 11, 144 N.M. 241 (purpose of Rule 1-062 is "protecting the [judgment creditor] from the risk of a later uncollectible judgment").

Non-debtor Defendants' position—that Plaintiff Sanchez, despite prevailing at trial, should be left entirely without protection—runs afoul of these principles. Non-debtor Defendants' various attempts to support their position lack merit.

First, non-debtor Defendants argue that they "should not be required to shoulder the burden of paying or securing an excessive verdict that they are in the process of challenging." *See*, *Defendants' Reply In Support of Motion to Stay Execution of the Judgment Without Bond during the Pendency of the Post-Trial Motion Proceedings* (filed 4/21/2025) ("*Defendants' Reply*"), at page 3. This argument (for which non-debtor Defendants cite no authority) gets the rules completely backwards. The fact that non-debtor Defendants challenge the verdict, thereby delaying execution, is the very reason that Plaintiff is entitled to security. Supersedeas bonds and security under Rule 1-062(B) *always* involve a judgment debtor who is "in the process of challenging" the verdict or judgment. The purpose of the rules is to protect the creditor while the challenge is resolved by the courts. *Quintana*, 1992-NMSC-016, ¶ 3; *Grassie,* 2008-NMCA-076, ¶ 11. Non-debtor Defendants should "shoulder the burden" of securing the verdict because they are the ones delaying collection.

Second, non-debtor Defendants argue that the debtor's bankruptcy is somehow irrelevant to the analysis under Rule 1-062(B). *Defendants' Reply*, at 4. According to non-debtor Defendants, the "fact of the bankruptcy does nothing to change the assets available to satisfy the judgment against the debtor; indeed, it merely reflects that the debtor lacked sufficient assets to pay the judgment in the first instance." *Id*. But that argument misses the point. The judgment debtors were found to have engaged in a civil conspiracy and are therefore jointly and severally liable for the full verdict, including punitive damages.[2] The insolvency of one of those judgment debtors bears on the collectability of the award and must be weighed by the Court in fashioning proper "conditions for the security of the adverse party[.]" Rule 1-062(B). Put simply, the NuMale empire is collapsing after this case revealed its fraud and misconduct, and any delay increases the risk that the jury's award will become uncollectable. Plaintiff Sanchez is entitled to adequate security without further delay. Rule 1-062(B); *Quintana*, 1992-NMSC-016, ¶ 3; *Grassie,* 2008-NMCA-076, ¶ 11.

Third, non-debtor Defendants assert that the pending insurance coverage dispute is somehow irrelevant, stating: "A supersedeas bond is intended to provide an independent source of security regardless of whether there is insurance coverage, so whether there is need for a bond is logically independent of whether a coverage dispute exists." *Defendants' Response to Plaintiff's Cross-Motion to (Nondebtor) Defendants' Motion to Stay* (filed 4/24/2025) ("*Defendants' Response*"), at page 3. Non-debtor Defendants provide no authority for the notion that this Court should ignore the broader insurance landscape when fashioning protections under Rule 1-062(B). Although the coverage dispute suffers from several procedural and substantive defects,[3] the fact is that what once appeared to be protection for Plaintiff has now been called into doubt. That fact bears on the collectability of the verdict and is

[2] "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Ettenson v. Burke*, 2001-NMCA-003, ¶ 12, 130 N.M. 67, 17 P.3d 440.

[3] Among other things, the declaratory judgment action regarding coverage should have been brought "in the primary action," which would be this matter, not a separate action in different district. *E.g., D.R. Horton, Inc. v. Trinity Universal Ins. Co.*, 2024-NMCA-054, ¶ 13, 553 P.3d 463.

therefore proper for this Court's consideration. Rule 1-062(B); *Quintana*, 1992-NMSC-016, ¶ 3; *Grassie,* 2008-NMCA-076, ¶ 11.

## CONCLUSION

WHEREFORE, for all these reasons, Plaintiff respectfully requests that the Court deny non-debtor Defendants' motion for stay of execution without bond as premature and in the alternative, enter an Order without further delay requiring that such stay be conditioned upon non-debtor Defendants posting a bond in the full amount of the verdict plus interest and costs as calculated in the cross-motion, and further pray for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BENCOE & LACOUR LAW, P.C.**

By: */ s / Lori M. Bencoe*
Lori M. Bencoe
Cherie LaCour
Bencoe & LaCour Law, PC
9201 Montgomery Blvd. NE #404
Albuquerque, NM 87111
(505) 247-8800 / (505) 247-8801
lori@bencoelaw.com
cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley
421 W Water Street Third Floor
Decorah, IA 52101
(866) 854-5529 / (888) 801-3616
NR@TL4J.COM

**BOWEN HATCH LAW PC**
Theresa Bowen Hatch
1902 Wright Place Suite 200
Carlsbad, CA 92008
(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine CA 92612

(310) 745-7811
keith@bnuoal.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2025 I caused this filing to be submitted for filing with the Second Judicial District Court's electronic filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By: */ s / Lori M. Bencoe*
Lori M. Bencoe

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing REPLY, Envelope Number: 12477777
**Date:** Wednesday, May 7, 2025 8:10:47 AM

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12477777

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 5/1/2025 9:28 AM MST |
| **Filing Type** | REPLY |
| **Filing Description** | in Support of Plaintiffs Cross-Motion to (Nondebtor) Defendants Motion to Stay Execution of Judgment Without Bond During the Pendency of the Post-Trial Motion Proceedings |
| **Filed By** | Randyl Sexton |
| | Michael E Sanchez:<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br>Nicholas Rowley (NR@TL4J.com)<br><br>Keith Bruno (keith@brunonalu.com) |

| | |
|---|---|
| Service Contacts | R Sexton (scott@bencoelaw.com)<br><br>Elizabeth Martinez (elizabeth@brunonalu.com)<br><br><br>Numale Corporation:<br><br>John Robertson (andrew.robertson@qpwblaw.com)<br><br>Erin Chavez (erin.chavez@qpwblaw.com)<br><br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br><br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br><br>Jocelyn Drennan (jdrennan@rodey.com)<br><br>Edward Ricco (ericco@rodey.com)<br><br>Charles Vigil (cvigil@rodey.com)<br><br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br><br>Sharon Walker (sywalker@btblaw.com)<br><br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br><br>Daisy Mora (karen.edwards@qpwblaw.com)<br><br>BHFS ABQ Docket (bhfs-abq-docket@bhfs.com)<br><br>Linda Lopez (linda.lopez@qpwblaw.com)<br><br>Eric Burris (eburris@bhfs.com)<br><br>Kenneth Stalter (ken@stalterlaw.com)<br><br>Julieta Fackelman (jfackelman@bhfs.com) |

| | |
|---|---|
| | Stephen G Chapman PA-C:<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>Teresa Montoya (admin@kerrykiernanpc.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |