# EXHIBIT 42

EXHIBIT 42

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
7/7/2025 5:20 PM
KATINA WATSON
CLERK OF THE COURT
Marilyn D Crane

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**MICHAEL E. SANCHEZ,**

**Plaintiff,**

**v.** **No: D-202-CV-2020-06336**

**NUMALE CORPORATION (a Nevada Corp.), NUMALE ALBUQUERQUE L.L.C. d/b/a NuMale Medical Center (a Wisconsin Corp.), NUMALE NEW MEXICO S.C. CORP. d/b/a NuMale Medical Center (a Wisconsin Corp.), CHRISTOPHER ASANDRA M.D., CARLOS FELICIANO M.D., BRAD PALUBICKI, and JUSTIN PULLIAM,**

**Defendants.**

**PLAINTIFF'S JULY 7, 2025 NOTICE OF RELEVANT BANKRUPTCY FILINGS**
***Approving Employment of Special Counsel & Thus Validating the U.S. Bankruptcy Court's Order Terminating Automatic Stay as to N.M. State Court Post-Trial Proceedings To Judgment Only As To Numale Corp. and Numale N.M. S.C. and Comfort Order As To Non-Debtors (filed on May 20, 2025)***

COMES NOW Plaintiff, through undersigned counsel of record, and submits this Notice of Relevant Bankruptcy Filings relating to the *Rule 1-084 Notice of Bankruptcy Proceedings by Defendants Numale Corporation and Numale New Mexico S.C. Corp. d/b/a Numale Medical Center* (hereinafter, "Debtors" or "Bankruptcy Estate") and specifically to notify this Court that all prerequisites have now been met to render the U.S. Bankruptcy Court's Order Terminating the Automatic Stay as to Debtors/the Bankruptcy Estate pursuant to 11 U.S.C. § 362 effective. For abundance of caution, this Court is now able without further delay, to conduct post-trial motion practice in this matter with participation of all parties including the Bankruptcy Estate for Debtor-Defendants.

Plaintiff Sanchez respectfully reminds the Court that in his last Notice filed on May 20,

2025, he informed this Court of the U.S. Bankruptcy Court's entry of the following relevant items that were attached as Exhibits:

(1) Entry of an Order on April 7, 2025 appointing a Chapter 11 Trustee *(see, Exhibit 1* to May 20, 2025 Notice [*filed 5/20/2025*]); and

(2) Entry of a Stipulation on May 15, 2025 in which all parties with interests in the bankruptcy proceeding approved entry of an Order Terminating the Stay of New Mexico posttrial matters, subject only to the U.S. Bankruptcy Court's approval of an application the Trustee had filed seeking to employ "special counsel" Rodey and Paul, Weiss to represent the Estate's interests in same *(see, Exhibit 2* to May 20, 2025 Notice *[filed 5/20/2025*]); and

(3) Notice of Entry of an Order filed on May 20, 2025 by the U.S. Bankruptcy Court, after a hearing Judge Cox had held on that date, approving an *Order Approving Stipulation for Entry of Order Terminating Automatic Stay Under 11 U.S.C. § 362 as to New Mexico State Court Post-trial Proceedings to Judgment Only as to Numale Corporation and Numale New Mexico SC And Comfort order for Stay Termination as to Non-Debtors* [Doc No. 276-1] (*see, Exhibit 3* to May 20, 2025 Notice *[filed 5/20/2025*]). *See excerpted citation, infra pages 3-4*.

Additionally, Plaintiff's May 20, 2025, Notice listed various U.S. Bankruptcy Court filings he did not attach as exhibits, to inform the New Mexico Court of the near-complete status of the only remaining prerequisite to the Order Lifting Stay as to New Mexico State Court Post-Trial Proceedings – the formal approval of the Trustee's act of hiring Rodey Law Firm and Paul, Weiss law firm for [continued] representation of the Numale Corp. Defendants, including:

- Trustee's *Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP As Special Litigation Counsel to the Chapter 11 Estates* with Declarations by lawyer and Trustee and Proposed Order [Docs No. 269, 269-1, 270, 270-1, 271]; and

- Trustee's *Application to Employ Rodey, Dickason, Sloan, Akin & Robb, P.A. As Special Litigation Counsel To The Chapter 11 Estates* with Declarations by lawyer Ricco and Trustee and Proposed Order [Docs. No. 272, 272-1, 273, 273-1, 274].

At the May 22, 2025 hearing set to decide certain post-trial matters, Defendants in the New Mexico litigation were all represented by Rodey Law Firm (Mr. Ricco),1 and the Trustee's attorney Greg Garman appeared as a guest to explain the single remaining issue that prevented progress on the merits of posttrial motions that day – entry of a formal Order of the U.S. Bankruptcy Court approving Rodey and Paul, Weiss for (continued) representation of the Trustee/Debtor Defendants (the corporations).

There was discussion at the May 22, 2025 hearing about the Notice and Order entered by the U.S. Bankruptcy Court just two days earlier, that Plaintiff Sanchez had cited explicitly in his May 20, 2025 Notice filed with the Court:

> **IT IS HEREBY ORDERED** that the automatic stay is modified for the sole purpose of allowing the New Mexico Court in the State Court Litigation to resolve all pending post-trial Motions, and will be granted conditioned upon Estate Special Counsel's employment being approved by this Court.
>
> **IT IS FURTHER ORDERED** that any order granting the Motion not be entered until after entry of the order approving the Trustee's retention of Estate Special Counsel, Paul, Weiss.
>
> **IT IS FURTHER ORDERED** that to the extent the automatic stay is modified as to the Debtor Defendants, it shall be modified solely to the extent of the entry of a judgment only, and not to enforcement of any judgment.
>
> **IT IS FURTHER ORDERED** that the automatic stay under Section 362 of the Bankruptcy Code does not apply or extend as a result of the Stipulation and this order, to the non-debtors in the New Mexico Case, Numale Albuquerque LLC d/b/a Numale Medical Center, Christopher Asandra MD, Carlos Feliciano MD, Brad Palubicki, and Justin Pulliam.

1 Rodey has represented Defendants' interests since entering appearance for motions filed in December 2024.

> **IT IS FURTHER ORDERED** that the New Mexico State Court may proceed to adjudicate the pending post-trial motions and to the entry of a final judgment as to all parties to the New Mexico litigation, but not to enforcement of the Judgment as to the Debtors.
>
> **IT IS FURTHER ORDERED** that Mr. Sanchez may proceed against any of the non-debtors as to enforcement of any Judgment entered against any of them, and that such a Judgment is not subject to the automatic stay under 11 U.S.C. § 362, except to the extent it impacts property of the estate, for which all Parties reserve their rights.
>
> **IT IS FURTHER ORDERED** that the 14-day stay of this order under FRBP 4001(a)(3) is waived, conditioned upon the approval of the employment Paul. Weiss.
>
> **IT IS SO ORDERED.**

Unable to proceed on May 22, 2025, the Court directed the parties to submit an Amended Request for Hearing upon approval of the employment applications. There was no doubt this would occur, and as the U.S. Bankruptcy Court's Order was clear, the New Mexico Court did not state a need for any further Order entered in New Mexico to lift the stay and proceed.

On June 10, 2025, the following two Orders were entered by Nevada Bankruptcy Judge in *In Re NuMale Corporation, No. 25-10341 nmc Chapter 11* etal that Plaintiff Sanchez now notifies this Court of:

1. On June 10, 2025, at 9:04:19 am, a filing titled *Order Approving the Appointment of Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates was entered* [DOC No. 335], a copy of which is ***attached hereto as Exhibit 1***; and

2. On June 10, 2025, at 9:09:45 am, a filing titled *Order Approving the Appointment of Rodey, Dickason, Sloan, Akin & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates was entered* [DOC No. 336], a copy of which is ***attached hereto as Exhibit 2.***

Both Orders Approving Appointment state that the Trustee became authorized to retain the firms effective back on May 1, 2025. **See Exhibits 1 and 2 at page 2.**

Both Orders Approving Appointment state that the firms appointed "shall be paid exclusively by Beazley and not from estate funds." **See Exhibits 1 and 2 at page 3.**

Since June 10, 2025 and continuing to date, despite Plaintiff's inquiries, neither of the Special Litigation firms now appointed has entered appearance in the New Mexico case in any new capacity, and no *pro hac vice* filings have been submitted for any lawyer with Paul, Weiss. Plaintiff has raised these concerns with Defendants' lawyers (Rodey), and pointed out that without an entry of appearance, he is unable to submit a customary Request for Hearing/Notice of Hearing Form listing all parties entitled to notice. Despite this, no further filings by the Special Litigation Firms the Trustee was permitted to retain for the Chapter 11 Estates back on May 1, 2025 has been forthcoming.

Respectfully Submitted,

**BENCOE & LACOUR LAW, P.C.**

By: *_/s/ Lori M. Bencoe_*
Lori M. Bencoe NM Bar ID 7525
Cherie L. LaCour NM Bar ID 9526
9201 Montgomery Blvd NE #404
Albuquerque, NM 87111
(505) 247-8800 ~ (505) 247-8801
lori@bencoelaw.com; cherie@bencoelaw.com

**TRIAL LAWYERS FOR JUSTICE**
Nicholas Rowley NM Bar ID 159410
421 W. Water Street, Third Floor
Decorah, IA 52101
(866) 854-5529
NR@TL4J.com

**BOWEN HATCH LAW, P.C.**
Theresa Bowen Hatch NM Bar ID 160899
1902 Wright Place Suite 200

Carlsbad, CA 92008
(760) 539-7603
Theresa@bowenhatchlaw.com

**BRUNO NALU**
Keith J. Bruno, *Pro Hac Vice*
18201 Von Karman Ave, Suite 1180
Irvine, CA 92612
(310) 745-7811
keith@brunonalu.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2025, I caused this document to be submitted for electronic filing in the Second Judicial District Court's electronic filing system, which caused all parties of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. I also hereby certify a true and correct copy of same was electronically mailed to all parties entitled to notice, and to Gregory Garman, Attorney for Michael Carmel, the Trustee for the Chapter 11 Estates of Debtors Numale Corporation and Numale New Mexico SC, as follows:

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
ggarman@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000

By: *<u>/s/ Lori M. Bencoe</u>*
Lori M. Bencoe

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
June 10, 2025

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Chapter 11 Trustee*

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☒<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☐<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: June 6, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER APPROVING THE EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, filed his *Application to Employ Paul, Weiss, Rifkind, Wharton & Garrison LLP as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 269] (the "Application"),[1] which came on for hearing before the above-captioned Court on June 6, 2025, at 9:30 a.m. All appearances were duly noted on the record at the hearing on the Application.

The Court having reviewed the Application, the supporting declarations of Michael Carmel and Kannon K. Shanmugam, and all matters submitted therewith; no oppositions having been filed; notice of the Application having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. The Application is GRANTED.

2. The Trustee is hereby authorized to employ Paul, Weiss effective May 1, 2025, pursuant to section 327(e) of the Bankruptcy Code and pursuant to the terms of the Engagement Agreement attached as Exhibit A to the Shanmugam Decl. [ECF No. 270] and Supplements [ECF Nos. 271, 328, 329], as special litigation counsel, to perform the services set forth in the Application as modified by this Order.

3. For clarity and the avoidance of doubt, Paul, Weiss's Application is not seeking relief under 11 U.S.C. § 328, nor is such relief approved by this Order.

4. Paul, Weiss is authorized to render professional services to the Debtors Numale Corporation and NuMale New Mexico SC, as described in the Application and the Engagement

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Application.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

Agreement. Notwithstanding any language in the Engagement Agreement to the contrary, including the third paragraph of Section 1 of the Engagement Agreement, the Trustee is in control of, and is the decisionmaker on behalf of, the Debtor Defendants. However, for purposes of the third paragraph of Section 1 of the Engagement Agreement, Paul, Weiss acknowledges that the Trustee is in control of, and is the decisionmaker on behalf of, the Debtor Defendants and Section 1 of the Engagement Agreement only applies to any future acquisitions or change in control.

5. Paul, Weiss shall provide at least 10 business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these chapter 11 cases before any increases (other than Step Increases) in the rates set forth in the Shanmugam Decl. are implemented, and shall file such notice with this Court.

6. Paul, Weiss shall be compensated for the services described in the Application in accordance with the procedures set forth in Sections 330 and 331, and any other applicable procedures and orders of the Court, and shall be paid exclusively by Beazley and not from estate funds.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Order shall govern in the event of any inconsistency between the Application, Engagement Agreement, and this Order.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters

. . .

. . .

. . .

. . .

. . .

. . .

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: /s/ *Mary Langsner*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*

**LR 9021 CERTIFICATION:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Justin C. Valencia, Esq. APPROVED
*Attorneys for Office of the United States Trustee for Region 17*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
June 10, 2025

GARMAN TURNER GORDON LLP
GREGORY GARMAN, ESQ.
Nevada Bar No. 6654
Email: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
Email: tgray@gtg.legal
MARY LANGSNER, Ph.D
Nevada Bar No. 13707
mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: 725.777.3000
*Attorneys for Michael Carmel, Chapter 11 Trustee*

EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☒<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☒<br><br>NUMALE ALL DEBTORS, ☐<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC,<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC,<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC,<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br>NuMale New Mexico SC<br>Case No. 25-10347-nmc<br><br>Hearing Date: June 6, 2025<br>Hearing Time: 9:30 a.m. |

**ORDER APPROVING THE EMPLOYMENT OF RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A. AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 11 ESTATES**

Michael Carmel, as the Chapter 11 trustee ("Trustee") of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC, filed his *Application to Employ Rodey, Dickason, Sloan, Akin, & Robb, P.A. as Special Litigation Counsel to the Chapter 11 Estates* [ECF No. 272] (the "Application"),[1] which came on for hearing before the above-captioned Court on June 6, 2025, at 9:30 a.m. All appearances were duly noted on the record at the hearing on the Application.

The Court having reviewed the Application, the supporting declarations of Michael Carmel and Edward Ricco and all matters submitted therewith; no oppositions having been filed; notice of the Application having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. The Application is GRANTED.

2. The Trustee is hereby authorized to employ Rodey Law effective May 1, 2025, pursuant to Section 327(e) and pursuant to the terms of the Engagement Agreement attached as Exhibit 1 to the Edward Ricco Declaration [ECF No. 273] and Supplements [ECF Nos. 274, 330, 331], as special litigation counsel, to perform the services set forth in the Application as modified by this Order.

3. For clarity and the avoidance of doubt, Rodey Law's Application is not seeking relief under 11 U.S.C. § 328, nor is such relief approved by this Order.

4. Rodey Law shall be compensated for the services described in the Application in accordance with the procedures set forth in Sections 330 and 331, and any other applicable

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Application.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

procedures and orders of the Court, and shall be paid exclusively by Beazley and not from estate funds.

5. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Order shall govern in the event of any inconsistency between the Application, Engagement Agreement, and this Order.

8. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: *___/s/ Mary Langsner__________*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Chapter 11 Trustee*



**Garman Turner Gordon**
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

**LR 9021 CERTIFICATION:**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Justin C. Valencia, Esq. APPROVED
*Attorneys for Office of the*
*United States Trustee for Region 17*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

**From:** no-reply@efilingmail.tylertech.cloud
**To:** Frank Alvarez
**Subject:** Notification of Service for Case: D-202-CV-2020-06336, Michael E Sanchez v.Numale Medical Center LLC, et al. for filing NTC: NOTICE OF BANKRUPTCY, Envelope Number: 12809816
**Date:** Tuesday, July 8, 2025 7:46:32 AM

---

# Notification of Service

Case Number: D-202-CV-2020-06336
Case Style: Michael E Sanchez v.Numale Medical Center LLC, et al.
Envelope Number: 12809816

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-202-CV-2020-06336 |
| **Case Style** | Michael E Sanchez v.Numale Medical Center LLC, et al. |
| **Date/Time Submitted** | 7/7/2025 5:20 PM MST |
| **Filing Type** | NTC: NOTICE OF BANKRUPTCY |
| **Filing Description** | Plaintiff's July 7, 2025 Notice of Relevant Bankruptcy Filings as to Numale corporation and Numale New Mexico SC Corp dba Numale Medical Center |
| **Filed By** | Maggie Golike |
| | Michael E Sanchez:<br><br>Cherie LaCour (cherie@bencoelaw.com)<br><br>Maggie Golike (maggie@bencoelaw.com)<br><br>Lori Bencoe (lori@bencoelaw.com)<br><br>Courtney Rowley (therowleylawfirm@gmail.com)<br><br>Theresa Bowen-Hatch (theresa@bowenhatchlaw.com)<br><br>Nicholas Rowley (NR@TL4J.com)<br><br>Keith Bruno (keith@brunonalu.com)<br><br>R Sexton (scott@bencoelaw.com) |

| | |
|---|---|
| **Service Contacts** | Elizabeth Martinez (elizabeth@brunonalu.com)<br><br>Numale Corporation:<br>John Robertson (andrew.robertson@qpwblaw.com)<br>Erin Chavez (erin.chavez@qpwblaw.com)<br>Dianna Saxton (dianna.saxton@qpwblaw.com)<br>Dominique Barrett (dominique.barrett@qpwblaw.com)<br>Jocelyn Drennan (jdrennan@rodey.com)<br>Edward Ricco (ericco@rodey.com)<br>Charles Vigil (cvigil@rodey.com)<br>Frank Alvarez (frank.alvarez@qpwblaw.com)<br>Sharon Walker (sywalker@btblaw.com)<br>Lillian Favela (lillian.favela@qpwblaw.com)<br><br>Other Service Contacts not associated with a party on the case:<br>Linda Lopez (linda.lopez@qpwblaw.com)<br>Eric Burris (eburris@bhfs.com)<br>Kenneth Stalter (ken@stalterlaw.com)<br>BHFS ABQ Docket (bhfs-abq-docket@bhfs.com)<br>Souhaila Sonnenberg (souhaila.sonnenberg@qpwblaw.com)<br>Daisy Mora (karen.edwards@qpwblaw.com)<br>Julieta Fackelman (jfackelman@bhfs.com) |

| | |
|---|---|
| | Stephen G Chapman PA-C:<br><br>M. Clea Gutterson (mcg@kerrykiernanpc.com)<br><br>Teresa Montoya (admin@kerrykiernanpc.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 90 days. To access this document, you will be required to enter your email address. Click here for more information. | |