# EXHIBIT 54

EXHIBIT 54

**Candace Atherton**

| | |
|---|---|
| **From:** | Michael Carmel <michael@mcarmellaw.com> |
| **Sent:** | Monday, October 6, 2025 2:11 PM |
| **To:** | frank.alvarez@qpwblaw.com |
| **Cc:** | Gregory Garman; Talitha Gray; Mary Langsner |
| **Subject:** | Numale Corporation, et al. |
| **Attachments:** | Demand for Immediate Transfer of Client File.pdf; Litigation Hold Notice.pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Alvarez:

Please see the attached correspondence. Originals are being sent via Federal Express.

Michael W. Carmel, Esq.
Law Offices of Michael W. Carmel, Ltd.
80 E. Columbus Avenue
Phoenix, Arizona 85012

*Also admitted in New York

Ph. (602) 264-4965
Mobile: (602) 206-7900
Fax: (602) 277-0144

Law Offices Of Michael W. Carmel, Ltd.

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information that is protected from disclosure under applicable law. If it has been sent to you in error, you are hereby notified that any dissemination, distribution, or copying of this transmission is strictly prohibited. Please contact the sender for instructions concerning return or destruction by replying to Michael@mcarmellaw.com, and do not use or disclose the contents to others.

Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334

Telephone: (602) 264-4965
Facsimile: (602) 277-0144
E-mail: michael@mcarmellaw.com
Also Admitted in New York

October 6, 2025

***Via E-mail and Federal Express***
Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110
frank.alvarez@qpwblaw.com

***Re: NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC – Demand for Immediate Transfer of Entire Client File***

Dear Mr. Alvarez:

I am the Court appointed Chapter 11 Trustee over the Bankruptcy Estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"). For your convenience I enclose a copy of the order pursuant to which I was appointed. You firm previously represented, *inter alia*, NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC (collectively, the "Client"). Such representation is hereby terminated.

In my capacity as the Chapter 11 Trustee I am the sole holder of the attorney-client privilege. Accordingly, by way of this letter, pursuant to Rules 16-116(D) NMRA and 16-115(D) NMRA, I hereby direct you to transfer the ***entire client file*** for the Client, including but not limited to all materials for, relating to, regarding, concerning, pertinent, and in connection with the New Mexico State Court Case No. D-202-CV-202006336, to my counsel, immediately, at the address below:

Garman Turner Gordon LLP
c/o Gregory Garman, Esq.
7251 Amigo Street, Suite 210
Las Vegas, NV 89119

For the avoidance of doubt, the complete file for the Client includes but is not limited to:

- Pleadings, motions, briefs, discovery responses and requests (including all drafts), deposition/ hearing transcripts, exhibits, demonstratives, and all correspondence (letters and email with attachments) with the Client, co-counsel, opposing counsel, courts, the insurer, and third parties.
- Attorney work product and notes (handwritten or electronic), research, research memos, strategy memos, all memoranda, outlines, witness interview notes, and investigator reports. As you are aware, New Mexico recognizes the client's entitlement to attorney work product.
- ESI and messages: text/iMessage/WhatsApp/SMS with any party (including internal) about the representation, the Client, and/or the matter; internal firm messaging (*e.g.*, Teams/Slack) relating to the representation, the Client, and/or the matter; voicemail audio and call/phone logs; calendar/docket entries; contact records; and all metadata associated with such items.
- Engagement documents: signed engagement/retainer agreement(s), conflicts waivers, scope amendments, and termination notices.
- Billing and accounting: invoices, time entries, expense backup, trust account ledgers, and balance detail for this matter and the Client, payments/credits, and any third party vendor bills charged to or for or on behalf of the Client.
- Case administration: docketing/tickler reports, task lists, litigation calendar, hearing notices, trial settings, and any case-management orders or scheduling orders.
- Third party materials: expert/consultant engagement letters, drafts, work papers, and correspondence; all records obtained by subpoena or other discovery or authorization; and any imagery, databases, or native data sets.

Please confirm by email within three (3) business days of this Letter that you intend to comply with the transfer and produce the Client file no later than fourteen (14) calendar days from the date of this Letter. Failure to promptly transfer the Client file within fourteen (14) days is a violation of Rule 16-116(D) NMRA.

You are obligated to produce ESI in reasonably usable form: emails as a PST (or MBOX) with attachments; documents as text-searchable PDFs with original foldering preserved; spreadsheets in native format; and text messages as exported transcripts (CSV/PDF) with device/time metadata. If you cannot export in these formats, please propose a comparably usable alternative.

Providing my counsel with a secure download link is acceptable; otherwise please ship an encrypted USB to the address above.

If you intend to withhold any item, (i) produce the remainder without delay, and (ii) provide a withholding log by the deadline that identifies each withheld item with its date, author, recipient(s), a brief description, and the asserted basis for withholding. *See* the "orderly termination" requirement of Rule 16-116(D) NMRA.

I appreciate your prompt response. Should you have any questions please reach out to me.

Sincerely,

Michael W. Carmel, Esq.
*Chapter 11 Trustee*

Encl.: (as noted)
Cc: Garman Turner Gordon LLP
Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
Mary Langsner, Ph.D.

Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334

Telephone: (602) 264-4965
Facsimile: (602) 277-0144
E-mail: michael@mcarmellaw.com
Also Admitted in New York

October 6, 2025

***Via E-mail and Federal Express***
Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110
frank.alvarez@qpwblaw.com

***Re: NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC — Litigation Hold Notice Regarding Potential Estate Claims***

Dear Mr. Alvarez:

I am the Court-appointed Chapter 11 Trustee ("Trustee") over the Bankruptcy Estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"). Your firm previously represented, *inter alia*, NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC (collectively, the "Client"). Although there is no presently filed lawsuit against Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), the Debtors' bankruptcy Estates are actively investigating potential claims arising from QPWB's prior representation of the Client. Accordingly, litigation is reasonably anticipated, and this correspondence serves as a litigation hold notice and demand that QPWB immediately preserve all potentially relevant information and tangible items relating to the Client and the representation.

The duty to preserve evidence arises when litigation is reasonably anticipated and extends to documents, tangible things, and electronically stored information ("ESI"). *See, e.g., Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006), *superseded by rule as stated in Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 353 n.16 (D. Ariz. 2022); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997), *abrogated on other grounds as noted in Nguyen v. Gambro BCT, Inc.*, 242 Fed. App'x 483, 488 (10th Cir. 2007); *Oracle Am., Inc. v. Hewlett Packard Enterprise Co.*, 328 F.R.D. 543, 551-52 (N.D. Cal. 2018). In any adversary proceeding in the Bankruptcy Court, sanctions for failure to preserve relevant ESI are

governed by Fed. R. Civ. P. 37(e), made applicable by Fed. R. Bankr. P. 7037. I also have statutory duties to investigate potential estate claims. 11 U.S.C. §§ 1106(a)(3), 704(a).

You must preserve all materials for, relating to, regarding, concerning, pertinent to, and in connection with the Client and QPWB's representation of the Client—including but not limited to the New Mexico State Court Case No. D-202-CV-202006336—regardless of where located (including but not limited to firm systems, personal devices used for firm work, cloud accounts, third-party vendors, and off-site storage).

**Electronically Stored Information (ESI).** ESI must be afforded the broadest reasonable definition and preserved whether "active," archived, on backup media, or deleted but recoverable. Without limitation, ESI includes:

- Digital communications (*e.g.*, email, voice mail, instant messaging, SMS/iMessage/WhatsApp/Teams/Slack).
- Word-processed documents and drafts (*e.g.*, Microsoft Word).
- Spreadsheets and tables (*e.g.*, Microsoft Excel).
- Accounting application data (*e.g.*, QuickBooks) and billing/time-entry systems.
- Image and facsimile files (*e.g.*, PDF, TIFF, JPG, GIF).
- Audio and video (*e.g.*, WAV, MP3, AVI, MOV).
- Databases (*e.g.*, Access, SQL Server, document management systems, matter/case management).
- Contact, calendar, and docketing/tickler data (*e.g.*, Outlook, Exchange, Google Workspace, litigation calendars).
- Online access data (*e.g.*, temporary Internet files, history, cookies).
- Presentations (*e.g.*, PowerPoint).
- Network/server activity logs and audit trails.
- Project management and E-discovery hosting platforms.
- Backup and archival files (*e.g.*, ZIP, system images, on-premise and cloud backups).

**Immediate Intervention.** Preservation requires more than refraining from deletion. QPWB must immediately identify, collect, and preserve potentially relevant ESI and hard copy materials and prevent loss from routine operations.

**Suspend Routine Destruction.** Immediately disable or modify features that could delete or alter relevant information, including:

- Auto-deletion/purging of emails, chats, voicemails, and logs by age, capacity, or other criteria.
- Media wiping, erasure, or encryption utilities that overwrite recoverable data.
- Overwriting, erasing, or discarding backup media or snapshots.
- Reassigning, re-imaging, or disposing of systems, servers, devices, or media used by custodians.
- Utilities that alter metadata wholesale (*e.g.*, antivirus, de-duplication, or migration tools).

- Disabling or purging server or instant-message logging, releasing cloud storage repositories, or defragmentation/compression jobs that rewrite files.

**Preserve in Native Form and Maintain Metadata.** Preserve ESI in the form(s) in which it is ordinarily maintained. Do not take actions that remove, alter, or degrade system or application metadata, or that shift ESI to less accessible media/forms.

**Servers and Cloud Systems.** Preserve complete contents of relevant users' email accounts, network shares, document management/matter systems, and collaboration platforms. If systems must remain online 24/7, implement snapshots or other forensically sound methods.

**Ancillary Preservation.** Preserve passwords, keys, authenticators, logs, control sheets, indices, naming protocols, network diagrams, and any hardware/software necessary to access encrypted or legacy media.

**Preservation Protocol and Custodians.** Within three (3) business days, please confirm that this litigation hold has been implemented, identify the preservation manager/liaison, list the initial custodians and systems subject to hold, and describe the steps taken to suspend routine destruction. I and my counsel are available to confer on a reasonable, forensically sound protocol.

**Duration of Hold.** This hold remains in effect until I confirm in writing that it may be lifted. Do not delay preservation steps pending discussions, if any risk of loss exists.

Thank you for your prompt attention to this matter. Should you have any questions please reach out to me. Also, please direct confirmations and any questions to my counsel Garman Turner Gordon LLP (attention: Gregory E. Garman, Esq.).

Sincerely,

Michael W. Carmel, Esq.
*Chapter 11 Trustee*

cc: Garman Turner Gordon LLP
Gregory E. Garman, Esq.
Talitha Gray Kozlowski, Esq.
Mary Langsner, Ph.D.