# EXHIBIT 56

EXHIBIT 56

GARMAN
TURNER
GORDON

7251 AMIGO STREET
SUITE 210
LAS VEGAS, NV 89119
WWW.GTG.LEGAL
PHONE: 725 777 3000
FAX: 725 777 3112

FIRST-CLASS
US POSTAGE IMI PITNEY BOWES
ZIP 89119
02 7H
0006240864
$ 000.74$^{0}$
DEC 17 2025

Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110

GARMAN
TURNER
GORDON

7251 AMIGO STREET
SUITE 210
LAS VEGAS, NV 89119
WWW.GTG.LEGAL
PHONE: 725 777 3000
FAX: 725 777 3112

December 17, 2025

Gregory Garman, Esq.
ggarman@gtg.legal

**VIA EMAIL: Frank.alvarez@qpwblaw.com**
Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110

Re: *NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC – Second Demand for Immediate Transfer of Entire Client File*

Dear Mr. Alvarez:

We represent Michael W. Carmel, Esq., the former Court appointed Chapter 11 Trustee (the "Trustee") over the Bankruptcy Estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") and the current Liquidation Trustee for the NuMale Liquidation Trust. Your firm previously represented, *inter alia*, NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC (collectively, the "Client"). This letter follows up on the Trustee's letter dated October 6, 2025 (the "October 6 Letter").

As explained in the October 6 Letter, the Trustee is the sole holder of the attorney-client privilege with respect to the Client. Accordingly, by way of the October 6 Letter, the Trustee directed you to transfer the *entire* client file, pursuant to Rules 16-116(D) NMRA and 16-115(D) NMRA. Such request included, but was not limited to, all materials for, relating to, regarding, concerning, pertinent, and in connection with the New Mexico State Court Case No. D-202-CV-202006336 — a case on which you were an attorney of record.

Under New Mexico law, you are required to produce *all* documents relevant to the representation, including work product. Failure to promptly transfer the client file within fourteen (14) days is a violation of Rule 16-116(D) NMRA. *See In re Carlton*, 2000-NMSC-001, 128 N.M. 419, 421–22, 993 P.2d 736, 738–39 (finding the attorney, *inter alia*, violated Rule 16-116(D) by failing to timely surrender papers and property to which a client was entitled and ordering the attorney to "relinquish the entire file" to his former client); *Matter of Darnell*, 1997-NMSC-025, 123 N.M. 323, 326, 940 P.2d 171, 174 (finding an attorney violated "Rule 16–116(D) by failing to take necessary steps in order to protect the clients' interests, by failing to promptly surrender papers and property which the clients, or third persons, were entitled to receive."). You have failed to so comply. A failure to produce documents as detailed below will be deemed an admission that no such documents exist, and we will take all appropriate action based on that admission.

While we received certain documents from you in response to the October 6 Letter, you clearly did not produce the *entire* client file. Entire categories of documents that were specifically requested are wholly absent from your production, such as:

- Engagement documents: signed engagement/retainer agreement(s), conflicts waivers, scope amendments, and termination notices.

- Attorney work product and notes (handwritten or electronic), research, research memos, strategy memos, all memoranda, outlines, witness interview notes, and investigator reports.

- ESI and messages: text/iMessage/WhatsApp/SMS with any party (including internal) about the representation, the Client, and/or the matter; internal firm messaging (e.g., Teams/Slack) relating to the representation, the Client, and/or the matter; voicemail audio and call/phone logs; calendar/docket entries; contact records; and all metadata associated with such items.

- Billing and accounting: invoices, time entries, expense backup, trust account ledgers, and balance detail for this matter and the Client, payments/credits, and any third party vendor bills charged to or for or on behalf of the Client.

Additionally, while you provided some email communications between attorneys employed at your firm and external parties, the production was deficient in several ways. First, while PDFs of some internal emails forwarding Client communications to an associate at Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos") were produced, such emails did not include the attachments to the emails.[1] Moreover, it appears no additional internal emails among or between attorneys or staff employed at Quintairos were produced. For avoidance of doubt, we demand all communications relating to, regarding, concerning, referring to, and in connection with the New Mexico State Court Case No. D-202-CV-202006336, in any form. This request includes attachments to such communications.

You also provided documents with a number of technical problems, including a document titled, "Exhibit E1 attachment to email," which indicates it includes an audio file, but there is no audio file. Additionally, documents titled "Sanchez v. NuMale 000380-000384 - Testimony History - MBarisa - 02-06-24 - P.pdf," "Sanchez v. NuMale 000385-000400 - Current-CV - MBarisa - 03-08-24 - Office.pdf," and "Sanchez v. NuMale 000374-000376 - Michael Sanchez - Psychology Expert Consul.pdf," all open as blank documents. We request that you re-produce these documents in a format that can be opened.

---

[1] The produced file names include: 01.02.24 CRS 5.pdf; 01.03.24 CRS 2.pdf; 01.03.24 CRS.pdf; 05.22.24 CRS.pdf; 05.24.24 CRS.pdf; 06.25.24 CRS.pdf; 10.02.23 CRS.pdf; 12.11.23 CRS 2.pdf; and 12.11.23 CRS.pdf.

Further, the document you produced titled "Exhibits 5-15.pdf" states "Exhibits 5-15 withheld due to format[.] These exhibits will be provided upon request." We are requesting you to produce these exhibits.

By way of this letter, I reiterate that we are requesting a copy of the *entire* client file for the Client on behalf of the Trustee, immediately, at the address below:

Garman Turner Gordon LLP
c/o Gregory Garman, Esq.
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
ggarman@gtg.legal

Please confirm by email within two (2) business days of this Letter that you intend to comply with the transfer and produce the *entire* Client file no later than seven (7) calendar days from the date of this Letter. I reiterate that a failure to produce such documents will be deemed an admission that no such documents exist, and we will take all appropriate action based on that admission.

You are obligated to produce ESI in reasonably usable form: emails as a PST (or MBOX) with attachments; documents as text searchable PDFs with original foldering preserved; spreadsheets in native format; and text messages as exported transcripts (CSV/PDF) with device/time metadata. If you cannot export in these formats, please propose a comparably usable alternative.

If you intend to withhold any item, you must (i) produce the remainder without delay, and (ii) provide a withholding log by the deadline that identifies each withheld item with its date, author, recipient(s), a brief description, and the asserted basis for withholding.

I appreciate your prompt response. Should you have any questions, please contact me.

Sincerely,

GARMAN TURNER GORDON

/s/ *Gregory E. Garman*
GREGORY E. GARMAN, ESQ.

cc: Michael W. Carmel, Esq., Trustee