# EXHIBIT 57

EXHIBIT 57

GARMAN
TURNER
GORDON

7251 AMIGO STREET
SUITE 210
LAS VEGAS, NV 89119
WWW.GTG.LEGAL

PHONE: 725 777 3000

FAX: 725 777 3112

January 7, 2026

Gregory Garman, Esq.
ggarman@gtg.legal

**VIA EMAIL: Frank.alvarez@qpwblaw.com**
Frank Alvarez, Esq., Managing Partner
Quintairos, Prieto, Wood & Boyer, P.A.
6565 Americas Parkway NE, Suite 200
Albuquerque, New Mexico 87110

Re: *NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC* —
**THIRD AND FINAL DEMAND for Immediate Transfer of Entire Client File**

Dear Mr. Alvarez:

We represent Michael W. Carmel, Esq., the former Court appointed Chapter 11 Trustee (the "Trustee") over the Bankruptcy Estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors") and the current Liquidation Trustee for the NuMale Liquidation Trust. Your firm previously represented, *inter alia*, NuMale Corporation, NuMale New Mexico SC, and NuMale Albuquerque, LLC (collectively, the "Client"). This letter follows up on the Trustee's letters dated October 6, 2025 (the "October 6 Letter"), and December 17, 2025 (the "December 17 Letter") (collectively, the "Demand Letters").

**Despite two prior demands, you have failed to comply with your obligations under New Mexico law.** As explained in the Demand Letters, the Trustee is the sole holder of the attorney-client privilege with respect to the Client. Your continued refusal or failure to produce the *entire* Client file, including work product, constitutes a clear and ongoing violation of Rules 16-116(D) NMRA and 16-115(D) NMRA. *See In re Carlton*, 2000-NMSC-001, 128 N.M. 419, 421–22, 993 P.2d 736, 738–39 (finding the attorney, *inter alia*, violated Rule 16-116(D) by failing to timely surrender papers and property to which a client was entitled and ordering the attorney to "relinquish the entire file" to his former client); *Matter of Darnell*, 1997-NMSC-025, 123 N.M. 323, 326, 940 P.2d 171, 174 (finding an attorney violated "Rule 16–116(D) by failing to take necessary steps in order to protect the clients' interests, by failing to promptly surrender papers and property which the clients, or third persons, were entitled to receive.")

**You have now been provided three opportunities to comply with these ethical and legal obligations. Your continued failure to do so is unacceptable and actionable.**

To reiterate, while we received certain documents from you in response to the October 6 Letter, your production remains grossly deficient. As previously specified in the December 17 Letter — to which you failed to respond in any way — *entire categories of documents that were*

*expressly requested are wholly absent from your production*. These critical missing categories include, without limitation:

- **Engagement documents**: signed engagement/retainer agreement(s), conflicts waivers, scope amendments, and termination notices.

- **Attorney work product and notes**: (handwritten or electronic), research, research memos, strategy memos, all memoranda, outlines, witness interview notes, and investigator reports.

- **ESI and messages**: text/iMessage/WhatsApp/SMS with any party (including internal) about the representation, the Client, and/or the matter; internal firm messaging (e.g., Teams/Slack) relating to the representation, the Client, and/or the matter; voicemail audio and call/phone logs; calendar/docket entries; contact records; and all metadata associated with such items.

- **Billing and accounting**: invoices, time entries, expense backup, trust account ledgers, and balance detail for this matter and the Client, payments/credits, and any third party vendor bills charged to or for or on behalf of the Client.

Additionally, email communications you provided were materially deficient. Such deficiencies include: (1) PDFs of internal emails forwarding Client communications failed to include attachments referenced in those emails;[1] and (2) no additional internal emails among or between Quintairos attorneys or staff were produced. **For avoidance of doubt, we demand <u>all communications</u> relating to, regarding, concerning, referring to, and/or in connection with the New Mexico State Court Case No. D-202-CV-202006336, in any form, including attachments.**[2]

---

[1] The produced file names include: 01.02.24 CRS 5.pdf; 01.03.24 CRS 2.pdf; 01.03.24 CRS.pdf; 05.22.24 CRS.pdf; 05.24.24 CRS.pdf; 06.25.24 CRS.pdf; 10.02.23 CRS.pdf; 12.11.23 CRS 2.pdf; and 12.11.23 CRS.pdf.

[2] I further note that on November 27, 2024, a co-defendant's counsel expressly demanded, in an email sent to two of your partners:

> Concerning this matter as to Beazely and defense counsel, it is hereby demanded you preserve all evidence, written, electronic, oral or other, as to this matter and all parties. This includes but is not limited to all correspondence (whether hardcopy or digital), letters, emails, memos, messages, etc) related to this matter. Nothing, absolutely nothing is to be destroyed, modified, altered, tampered with, etc. This also includes all billings by the defense firm regardless of the entity defendant or individual defendant represented or insured.

**You have been on direct notice for more than a year that you are required to preserve the entirety of the case file.**

Furthermore, numerous documents you provided contain technical problems that render them unusable:

- A document titled, "Exhibit E1 attachment to email," indicates it includes an audio file, but there is no audio file;

- Multiple documents open as blank files, including: "Sanchez v. NuMale 000380-000384 - Testimony History - MBarisa - 02-06-24 - P.pdf," "Sanchez v. NuMale 000385-000400 - Current-CV - MBarisa - 03-08-24 - Office.pdf," and "Sanchez v. NuMale 000374-000376 - Michael Sanchez - Psychology Expert Consul.pdf"; and

- The document titled "Exhibits 5-15.pdf" states "Exhibits 5-15 withheld due to format[.] These exhibits will be provided upon request," but they do not appear to be included in the production.

We formally demand production of these documents in a useable format.

**FINAL DEMAND AND DEADLINE**

**This is our third and final demand. You must immediately produce the entire client file to the address below:**

Garman Turner Gordon LLP
c/o Gregory Garman, Esq.
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
ggarman@gtg.legal

**You must confirm by email within forty-eight (48) hours of receipt of this Letter that you will comply and produce the *entire* Client file no later than seven (7) calendar days from the date of this Letter.** Failure to provide such written confirmation, or failure to produce the complete client file by the deadline, will be deemed:

1. An admission that any documents not produced do not exist;

2. Willful non-compliance with your ethical and legal obligations under New Mexico law; and

3. Grounds for immediate referral to the New Mexico Disciplinary Board and the filing of appropriate legal action, including but not limited to seeking sanctions and attorney's fees.

**We will take all appropriate legal action — including filing a motion to compel and seeking sanctions — based on your continued non-compliance.**

**PRODUCTION REQUIREMENTS**

You are obligated to produce ESI in reasonably usable form: emails as a PST (or MBOX) with attachments; documents as text searchable PDFs with original foldering preserved; spreadsheets in native format; and text messages as exported transcripts (CSV/PDF) with device/time metadata. If you cannot export in these formats, please propose a comparably usable alternative.

If you intend to withhold any item, you must (i) produce the remainder without delay, and (ii) provide a withholding log by the deadline that identifies each withheld item with its date, author, recipient(s), a brief description, and the asserted basis for withholding.

We trust you will comply with your ethical and legal obligations in response to this third demand. Should you have any questions, contact me immediately.

Sincerely,

GARMAN TURNER GORDON

/s/ *Greg E. Garman*
GREGORY E. GARMAN, ESQ.

cc: Michael W. Carmel, Esq., Trustee

**From:** J Parrett <prj16@cox.net>
**Sent:** Wednesday, November 27, 2024 2:55 PM PST
**To:** J. Andrew Robertson <andrew.robertson@qpwblaw.com>; Dominique Barrett <dominique.barrett@qpwblaw.com>; Erin L. Chavez <erin.chavez@qpwblaw.com>; adam.moser@beazley.com <adam.moser@beazley.com>; Dr. Christopher Asandra <drchris@asandramd.com>
**Subject:** Sanchez

To the defense team (including and especially the insurance carrier):

Given the nuclear verdict and events during trial coupled with your refusal on multiple occasions to get Dr. Asandra out of this matter either by settlement or outright dismissal when presented with those opportunities, it is hereby demanded that you engage for Dr. Asandra, and Dr. Asandra alone, the highest level of experienced and competent defense counsel specialized in post trial motions and appeals. If it is necessary to engage more than one firm or attorney to accomplish this you must do so and you must do so immediately. Time is of the essence and any delay adversely impacts Dr. Asandra and therefore has even more ramifications. There can be no delay in this. The deadline for compliance with this is 5 pm pst Monday, December, 2, 2024. In the interim, the current defense firm is to take all action necessary to protect all interests, both personal and professional, of Dr. Asandra. Such obligation will be continuing henceforth regardless of the engagement of specialized counsel.

Concerning this matter as to Beazely and defense counsel, it is hereby demanded you preserve all evidence, written, electronic, oral or other, as to this matter and all parties. This includes but is not limited to all correspondence (whether hard copy or digital), letters, emails, memos, messages, etc) related to this matter. Nothing, absolutely nothing is to be destroyed, modified, altered, tampered with, etc. This also includes all billings by the defense firm regardless of the entity defendant or individual defendant represented or insured.

Jim Parrett