GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

***EX PARTE* MOTION TO SEAL CERTAIN EXHIBITS TO THE OMNIBUS DECLARATION OF TALITHA GRAY KOZLOWSKI FILED IN SUPPORT OF THE TRUSTEE'S OPPOSITIONS FILED AT ECF NOS. 1123 AND 1125, AND FOR ORDER UNDER FED. R. EVID. 502(d)**



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

Michael Carmel (the "Trustee"), the Liquidation Trustee of the NuMale Liquidation Trust (the "Trust") and the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel, Garman Turner Gordon LLP, which also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam, hereby move the Court for an order: (i) sealing Exhibits Numbers 1, 3-7, 9-17, 39-41, 44, 48, 49, and 58 (the "Protected Exhibits") to the Omnibus Declaration of Talitha Gray Kozlowski, Esq. [ECF No. 1126] (the "Gray Kozlowski Declaration"); and (ii) providing, pursuant to Fed. R. Evid. 502(d), that the submission of the Protected Exhibits in the Chapter 11 Cases does not waive any attorney-client privilege or work-product protection. This *Ex Parte* Motion is made and based upon the following Memorandum of Points and Authorities and the pleadings, papers, and other records on file with the Clerk of the above-captioned Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1).[1] Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought are Section 107(b), Bankruptcy Rules 9017 and 9018, Local Rule 9018, and Fed. R. Evid. 502(d). Pursuant to LR 9014.2, the Trustee consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the U.S. Constitution.

. . .

[1] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

## II. BACKGROUND

1. Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") represented the defendant Debtors, non-debtor NuMale Albuquerque LLC, and the Individuals in *Michael E. Sanchez v. NuMale Corporation, et al.*, Case No. D-202-CV-2020-06336 (N.M. 2d Jud. Dist.) (the "Sanchez Action"). The confirmed *Joint Plan of Reorganization* [ECF No. 434] (as confirmed, the "Plan") preserved claims against QPWB for prosecution by the Trust. QPWB has filed two motions in the Chapter 11 Cases [ECF Nos. 1007 and 1010] (together, the "QPWB Motions"). The Trustee has opposed the QPWB Motions [ECF Nos. 1123 and 1125] (together, the "Oppositions"), and the Gray Kozlowski Declaration is filed in support of the Oppositions.

2. On November 3, 2026, the Court entered the *Stipulated Protective Order*, which requires certain documents to be filed under seal. ECF No. 1122. QPWB made a sizeable document production on October 30, 2026, which included numerous documents contained within QPWB's client file for the Sanchez Action. While the Trustee has not yet had an opportunity to undertake a thorough review, it is probable that certain of the Protected Exhibits have been marked confidential and must be filed under seal.

3. The Protected Exhibits include communications obtained from the Debtors' client file produced by QPWB earlier this year. Some communications may include legal advice, requests for advice, attorney analysis, or materials prepared in anticipation of litigation. The Trustee holds the Debtors' privileges. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985). QPWB authored, received, or produced each of the Protected Exhibits, and each is already in QPWB's possession.

4. The Trustee submits the Protected Exhibits solely to respond to the factual assertions in the QPWB Motions. The Oppositions, the Gray Kozlowski Declaration, and the remaining exhibits are filed on the public docket.

5. To ensure compliance with the *Stipulated Protective Order* and to preserve any privileges contained within the Protected Exhibits, the Trustee seeks to file the Protected Exhibits under seal.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

## III. LEGAL ARGUMENT

Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 implements Section 107(b) and authorizes the Court, with or without notice, to issue any order that justice requires to protect such information. Fed. R. Bankr. P. 9018(a). Local Rule 9018 governs the sealed filing of confidential matter within the meaning of Bankruptcy Rule 9018. LR 9018(a)(2).

The Protected Exhibits: (i) may have subsequently been marked confidential in the October 30 production that is subject to the *Stipulated Protective Order*, and (ii) may include confidential or privileged communications concerning the defense of the Sanchez Action, the litigation from which the claims against QPWB preserved under the Plan arise. Those claims are among the Trust's principal assets, and public disclosure of the Protected Exhibits would expose the Trust's confidential legal information concerning those assets to third parties. The request is also narrow: only the Protected Exhibits will be sealed.

Additionally, Federal Rule of Evidence 502(d) provides: "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). The rule extends to attorney-client privilege and work-product protection and applies even when state law supplies the rule of decision. Fed. R. Evid. 502(f)–(g). It authorizes the Court to give certainty to the consequences of this proposed litigation-connected disclosure without first deciding that each item meets the substantive privilege elements.

The Trustee requests an order providing that the submission of the Protected Exhibits to the Court, their filing under seal, their delivery to QPWB and to the United States Trustee (if requested), and the description or quotation of their contents in the Oppositions and supporting papers do not waive any attorney-client privilege or work-product protection—as to the Protected Exhibits or any other communication or information concerning the same subject matter—in the Chapter 11 Cases or in any other federal or state proceeding. The United States Trustee is included



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

because it has full access by statute to all information contained in papers filed in a case. 11 U.S.C. § 107(c)(3)(A).

The requested relief is limited. The disclosure is to the Court, under seal, and to QPWB, which authored, received, or produced each Protected Exhibit. The requested order does not determine whether any Protected Exhibit is privileged or protected, and it does not affect any right, claim, or defense concerning alleged privilege or work-product protection as between the Trustee, the Trust, or the Individuals, on the one hand, and QPWB or any of its current or former attorneys, on the other hand. It addresses only whether this disclosure may be asserted by anyone else as a waiver.

In compliance with LR 9018(b), the Trustee has not filed the Protected Exhibits on the Court's electronic docket. Instead, the Gray Kozlowski Declaration includes placeholder slip sheets identifying the Protected Exhibits as submitted under seal pending the Court's ruling on this Motion. The Trustee will deliver to chambers a paper copy of the Protected Exhibits for *in camera* inspection, identified as confidential in their entirety and accompanied by a captioned cover sheet complying with Local Rule 9004, an envelope large enough to hold the paper copy without folding, and a paper copy of a proposed order granting this Motion. The Trustee will also provide a paper copy and an electronic copy of the Gray Kozlowski Declaration and all exhibits to chambers for ease of review in its entirety.

## IV. CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1**, granting this Motion.

Dated this 3rd day of November, 2026.

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000

*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725)-777-3000