GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Michael Carmel,*
*Trustee of the NuMale Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>AFFECTS THIS DEBTOR, ☐<br><br>AFFECTS FELICIANO NUMALE NEVADA PLLC, ☐<br><br>NUMEDICAL SC, ☐<br><br>NUMALE COLORADO SC, ☐<br><br>NUMALE FLORIDA TB PLLC, ☐<br><br>NUMALE NEBRASKA LLC, ☐<br><br>NUMALE NEW MEXICO SC, ☐<br><br>NUMALE ALL DEBTORS, ☒<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br><br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

**AMENDED *EX PARTE* MOTION TO EXCEED PAGE LIMIT ON OPPOSITION TO THE MOTION OF QUINTAIROS, PRIETO, WOOD & BOYER, P.A. (I) FOR RELIEF FROM THE CONFIRMATION ORDER AND RELATED ORDERS UNDER FED. R. CIV. P. 60(B), MADE APPLICABLE BY FED. R. BANKR. P. 9024, AS APPLIED TO QPWB, (II) TO REMOVE MICHAEL W. CARMEL AS LIQUIDATION TRUSTEE, (III) TO DISQUALIFY GARMAN TURNER GORDON LLP AS COUNSEL TO THE LIQUIDATION TRUSTEE, AND (IV) FOR RELATED RELIEF; AND MEMORANDUM OF POINTS AND AUTHORITIES**

Michael Carmel (the "Trustee"), the Liquidation Trustee of the NuMale Liquidation Trust (the "Trust") and the former Chapter 11 trustee of the bankruptcy estates of NuMale Corporation, Feliciano NuMale Nevada PLLC, NuMedical SC, NuMale Colorado SC, NuMale Florida TB PLLC, NuMale Nebraska LLC, and NuMale New Mexico SC (collectively, the "Debtors"), by and through his counsel, Garman Turner Gordon LLP ("GTG"), which also represents Christopher Asandra, M.D., Carlos Feliciano, M.D., Brad Palubicki, and Justin Pulliam, hereby submits this *Ex Parte M*otion (the "Page Limit Motion") seeking an extension of the applicable page limit for the *Trustee's Opposition to the Motion of Quintairos, Prieto, Wood & Boyer, P.A. (I) for Relief from the Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(b), Made Applicable by Fed. R. Bankr. P. 9024, As Applied to QPWB; (II) to Remove Michael W. Carmel as Liquidation Trustee; (III) to Disqualify Garman Turner Gordon LLP as Counsel to the Liquidation Trustee; and (IV) for Related Relief; and Memorandum of Points and Authorities* (the "Opposition")[1] to the *Motion of Quintairos, Prieto, Wood & Boyer, P.A. (I) for Relief from the Confirmation Order and Related Orders Under Fed. R. Civ. P. 60(b), Made Applicable by Fed. R. Bankr. P. 9024, As Applied to QPWB; (II) to Remove Michael W. Carmel as Liquidation Trustee; (III) to Disqualify Garman Turner Gordon LLP as Counsel to the Liquidation Trustee; and (IV) for Related Relief; and Memorandum of Points and Authorities* (the "Removal Motion").

Good cause exists to extend the applicable page limitation for the Opposition because of the extraordinary breadth of the relief sought by Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"), the significance of the issues presented, and the extensive factual and legal misrepresentations that must be addressed to provide the Court with an accurate record upon which to adjudicate the Removal Motion. QPWB does not seek a single form of relief presenting a discrete legal issue. Instead, QPWB seeks an extraordinary assortment of distinct and far-reaching remedies, including: (i) relief from the Confirmation Order, the order approving the Global Settlement Agreement, and other final orders of this Court pursuant to Federal Rule of Civil

[1] Unless otherwise stated, all undefined, capitalized terms shall have the meanings ascribed to them in the Opposition.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Procedure 60(b); (ii) removal of Michael Carmel as the Liquidation Trustee of the NuMale Liquidation Trust; (iii) disqualification of GTG as counsel to the Trustee; (iv) appointment of a replacement fiduciary; (v) disgorgement of court-approved professional compensation; (vi) authorization to pursue personal claims against the Trustee and his counsel; (vii) injunctive relief prohibiting the Trustee from prosecuting claims against QPWB and its principals; and (viii) various declarations concerning the effect of the confirmed Plan and other orders of this Court. Each of these requests implicates distinct legal standards, procedural requirements, and factual considerations. Indeed, several of these requests, standing alone, could reasonably warrant a separate motion and a full 20-page opposition. QPWB's decision to combine these disparate requests into a single omnibus Removal Motion should not deprive the Trustee of a fair opportunity to address each on its merits.

The issues presented are also of exceptional importance to the administration of the NuMale Liquidation Trust and the rights of its beneficiaries. QPWB seeks to disturb final orders entered in connection with the confirmation and substantial consummation of a Chapter 11 Plan under which more than $100 million has already been distributed to creditors. It further seeks to remove the fiduciary charged with administering the Trust, disqualify the counsel retained to represent him, and prevent the prosecution of substantial malpractice, fraudulent transfer, and related claims expressly preserved under the confirmed Plan for the benefit of the Trust and its beneficiaries. Those claims arise from QPWB's representation of the Debtors and other defendants in litigation that resulted in a verdict exceeding $412 million and may involve hundreds of millions of dollars in potential recoveries. The consequences of the relief requested extend well beyond an ordinary contested matter and directly implicate the finality of this Court's orders, the integrity of the confirmed Plan, the administration of the Trust, and the ability of its beneficiaries to realize the benefits of the Plan. These matters warrant careful and complete briefing commensurate with their significance.

Moreover, a meaningful portion of the Opposition is necessarily devoted to correcting and refuting QPWB's numerous materially false factual allegations, unsupported accusations, and



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

mischaracterizations of the record. Among other things, QPWB predicates its attack on the Trustee, GTG, and this Court's orders upon allegations that it lacked notice of the bankruptcy proceedings and the operative orders, that material relationships and compensation arrangements were improperly concealed, and that the Trustee and GTG engaged in misconduct warranting their removal or disqualification. As demonstrated in the Opposition, these allegations are directly contradicted by contemporaneous documentary evidence, including QPWB's own emails, billing records, court filings, and client files, as well as the extensive record of these Chapter 11 Cases. Addressing these allegations requires substantially more than simply denying them. The Trustee must identify the relevant documents, establish the chronology of material events, explain the applicable legal significance of those events, and demonstrate precisely how the documentary record contradicts the allegations upon which QPWB relies. The Trustee should not be compelled to leave serious and demonstrably false allegations unanswered merely to comply with a page limitation designed for substantially narrower disputes.

The Opposition must also address numerous independent and complex legal issues that cannot reasonably be consolidated into a cursory response. These include, among others, QPWB's standing to seek the requested relief; the legal standards governing removal of a post-confirmation liquidation trustee; the requirements for disqualification of counsel; the finality of confirmed Chapter 11 plans and orders approving settlements; the applicability and limitations of Rule 60(b); the constitutional requirements of due process and notice; the prohibition against improper advisory opinions; the procedural and substantive requirements for injunctive relief; and the application of the *Barton* doctrine. Many of these issues independently dispose of particular requests for relief, while others require separate analysis of alternative legal theories advanced by QPWB. The Trustee's Opposition therefore necessarily addresses both the threshold procedural defects and the substantive deficiencies of QPWB's various demands. Meaningfully addressing these separate questions of law, including the controlling authorities and their application to the extensive factual record, cannot reasonably be accomplished within the ordinary 20-page limitation.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

The Trustee has endeavored to present that record in an organized and efficient manner, including through comprehensive timelines attached as exhibits to the Opposition, rather than unnecessarily reproducing every supporting document in the body of the brief. Nevertheless, the factual discussion necessary to place the evidence in context, and the corresponding legal analysis, require substantial additional pages. The Opposition's length reflects the complexity and breadth of the matters QPWB has placed before the Court, not unnecessary repetition or an attempt to circumvent the applicable page limitation.

Finally, the Trustee recognizes that the requested enlargement is substantial and does not seek it lightly. However, the ordinary 20-page limitation is inadequate to respond meaningfully to the Removal Motion that effectively combines numerous independent requests for extraordinary relief, challenges multiple final orders, seeks to remove and disqualify the professionals responsible for administering the Trust, and advances serious factual accusations that are contradicted by the documentary record. Requiring the Trustee to reduce the Opposition to 20 pages would materially impair his ability to defend the integrity of the confirmed Plan, the administration of the Trust, and the interests of its beneficiaries, while effectively rewarding QPWB for combining an extraordinary number of requests and allegations into a single filing. Under these circumstances, permitting the Trustee to file the Opposition in its present form will assist the Court in resolving all of the issues raised on a complete and accurate factual and legal record. Accordingly, good cause exists under LR 9014(e)(1) to extend the applicable page limitation to 51 pages, exclusive of exhibits, cover sheets, and tables of contents and authorities.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the Trustee leave pursuant to LR 9014(e)(1) to file the Opposition up to and including 51 pages in length, exclusive of exhibits, cover sheets, and tables of contents and authorities. The Trustee also requests other and further relief as is just and proper.

Dated this 5th day of November, 2026.



Garman Turner Gordon, LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

GARMAN TURNER GORDON LLP

By: /s/Talitha Gray Kozlowski
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Michael Carmel, Trustee of the NuMale Liquidation Trust*