Richard F. Holley, Esq.
Nevada Bar No. 3077
R. McKay Holley, Esq.
Nevada Bar No. 15934
SPENCER FANE, LLP
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone (702) 408-3400
Facsimile (702) 408-3401
Email: rholley@spencerfane.com
mholley@spencerfane.com

*Attorneys for John Doe 1, John Doe 2 and Jane Doe*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>☒ NUMALE CORPORATION,<br>☒ FELICIANO NUMALE NEVADA PLLC,<br>☒ NUMEDICAL SC,<br>☒ NUMALE COLORADO SC,<br>☒ NUMALE FLORIDA TB PLLC.<br>☒ NUMALE NEBRASKA LLC,<br>☒ NUMALE NEW MEXICO SC,<br><br>Debtors. | Lead Case No.: 25-10341-nmc<br>Chapter 11<br>Jointly Administered with:<br>Case No.: 25-10342-nmc<br>Case No.: 25-10343-nmc<br>Case No.: 25-10344-nmc<br>Case No.: 25-10345-nmc<br>Case No.: 25-10346-nmc<br>Case No.: 25-10347-nmc<br><br>Judge: Hon. Natalie M. Cox |

**INTERESTED PARTIES DOES' MOTION FOR LEAVE TO APPEAL**
**<u>THE ORDER COMPELLING DISCLOSURE OF ANONYMIZED IDENTITIES</u>**

Pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy 8004, interested parties John Doe 1, John Doe 2 and Jane Doe (the "Doe Parties" or "Movants"), non-party, non-equity attorney-employees of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") by and through counsel, respectfully move this Court for leave to appeal the Bankruptcy Court's oral order given at the hearing on November 5, 2026, compelling disclosure on November 6, 2026 of the anonymized identities of the Movants subject to the Modified Nevada Subpoena (the "Disclosure Order"). The Disclosure Order has not yet been entered. This Motion is filed with the clerk of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 8004(a) and is directed to the United States District Court for the District of Nevada, to which the Does have elected to have their appeal heard.

This Motion is supported by the Memorandum of Points and Authorities herein filed concurrently herewith pursuant to Local Rule of Bankruptcy Practice of the United States District Court for the District of Nevada ("LR") 9014(c); the papers and pleadings on file in this Case, judicial notice of which is respectfully requested pursuant to Fed. R. Evid. 201(b) and (c)(2) and 1101(1) and (b); and any argument and evidence the Court may entertain at a hearing on the Motion.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. PRELIMINARY STATEMENT**

Movants seek leave to appeal the Disclosure Order. The Disclosure Order is immediately appealable under the collateral order doctrine, which permits review of an order entered in an ongoing proceeding that "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *In re Blixseth*, 112 F.4th 837, 843 (9th Cir. 2024). Each condition is satisfied here. First, the Disclosure Order conclusively determines the single question the Bankruptcy Court expressly reserved for decision: Whether the Movants' anonymized identities must be disclosed to the Trustee. Second, that question is completely separate from the merits of the Trustee's underlying legal malpractice and fraudulent-transfer and distribution investigation. Third, the order is effectively unreviewable after final judgment: once the names are disclosed, the Movants' personal confidential financial information and privacy rights are irretrievably lost, and no later appeal can restore it.

Importantly, *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009) does not remove the Disclosure Order from the doctrine. *Mohawk* concerned the disclosure of privileged material—

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules". All references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case identified in the caption above ("Case") as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada. Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the Subpoena.

an interest the Supreme Court held could be vindicated after final judgment—and the "other means" of review on which it relied are unavailable to these non-party objectors. The interest here is the irreversible loss of state constitutional privacy protections and anonymity, which the Ninth Circuit has recognized as a paradigmatic collateral-order injury. The Disclosure Order thus presents a clean, controlling question this Circuit has not resolved: whether a Rule 2004 examination may compel a law firm to unmask the identities of non-party, non-equity attorney-employees who never received notice of the 2004 subpoena when the firm has already produced their compensation agreements and figures in anonymized form that satisfies the Trustee's stated investigative need. For these reasons, the Court should grant leave to appeal.

## II. RELEVANT FACTUAL BACKGROUND

1. The Movants are non-party, non-equity salaried attorney-employees of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"). They have no ownership interest in the firm, no entitlement to any share of its profits, and no control over its financial or business affairs. They are not parties to these jointly administered bankruptcy cases, were never individually named in or served with the subpoena at issue, and reside in California (John Doe 1), Florida (Jane Doe), and Arizona (John Doe 2). ECF No. 1080 at 3, 6.

2. This dispute arises out of the Trustee's investigation of threatened legal-malpractice and fraudulent-transfer claims against QPWB stemming from the firm's representation of certain Debtors in the New Mexico litigation styled the *Sanchez* Action, which resulted in a November 25, 2024 verdict imposing $412 million in joint-and-several liability. ECF No. 1093 at 4. The confirmed plan preserved the estates' claims against QPWB and its attorneys for the NuMale Liquidation Trust. ECF No. 1080 at 3. The fraudulent-transfer theory the Trustee advances would seek to claw back the salaried, W-2 compensation these attorneys earned as though it were a distribution of firm profits, and, as to the firm's employees, depends on first establishing QPWB's malpractice liability as a condition precedent. The Movants have no alleged connection to the *Sanchez* Action or to any identified transfer by the Debtors.

The Trustee is investigating potential fraudulent-transfer and improper-distribution claims against QPWB attorneys who received compensation while the firm was on notice of its exposure.

ECF 1015 at 12. The Movants are current, non-equity attorney-employees of QPWB with no ownership interest, profit share, or control over the firm. ECF No. 1080 at 3. QPWB has only two equity shareholders. *Id.* at 6. John Doe 1 is a citizen of California, John Doe 2 of Arizona, and Jane Doe of Florida. *Id.* at 6.

3. On September 28, 2026, the Trustee served a subpoena on QPWB's Nevada office under Bankruptcy Rules 2004 and 9016 (the "Nevada Subpoena"). As narrowed by the Trustee's October 7, 2026 letter, the operative "Rainmaker Request" seeks, for the approximately 80 to 100 attorneys QPWB describes as "rainmakers" or heads of "business units," the agreements governing their compensation and documents sufficient to identify their aggregate compensation for 2024, 2025, and year-to-date 2026. ECF No. 1015 at 10. The Nevada Subpoena was directed only to QPWB; it was never served on the Movants or the other affected employees, and they were afforded no notice or opportunity to be heard before their identities and compensation were placed at issue. ECF No. 1080 at 5.

4. The Movants moved to quash or, in the alternative, for a protective order, objecting that compelled disclosure of their identities and confidential compensation violates their rights to privacy under the constitutions of California, Florida, and Arizona, deprives them of a protected interest without due process, and is neither proportional to the Trustee's claims nor supported by the good cause Rule 2004 requires. ECF No. 1080 at 2. The Trustee opposed, contending that only the person subject to the subpoena may move to quash and that the Movants could not proceed anonymously. ECF No. 1093.

5. The Bankruptcy Court initially protected the Movants' privacy. On November 3, 2026, following an agreement placed on the record, the Court entered an order ECF No. 1120 directing QPWB to produce the rainmakers' compensation agreements and figures "with the lawyer's name replaced by an anonymized numerical identifier," with the 30(b)(6) examination to proceed using those identifiers. ECF No. 1120. The order expressly preserved the right of QPWB "as well as its impacted employees and lawyers . . . to object to the disclosure of . . . identifying information," and reserved for a November 5, 2026 status conference the single remaining "dispute regarding the disclosure of the names previously anonymized."

6. The anonymized production gave the Trustee everything he had represented he needed. Trustee's counsel stated on the record that the QPWB 30(b)(6) deposition and 2004 examinations could proceed using the anonymized compensation information, and the Trustee had offered to accept that same anonymized data in exchange for a tolling agreement rather than the names. QPWB produced the compensation agreements and figures under anonymized numerical identifiers in accordance with the November 3 Order.

7. At the November 5, 2026 status conference, the Trustee nonetheless demanded a subset of the attorneys' names. Without any service of process on, or notice to, the affected attorneys, the Bankruptcy Court resolved the reserved question against the Movants and orally ordered QPWB to disclose to the Trustee the names tied to the previously anonymized compensation information by 4:00 p.m. on November 6, 2026 (the "Disclosure Order"). The Trustee requested that the relief be entered without prejudice to his seeking disclosure of additional names, leaving the anonymization protection the Court had ordered on the verge of being eliminated.

8. The Movants file this Motion and a concurrent Notice of Appeal (ECF No. 1134) within the time allowed by Bankruptcy Rule 8002. *See* Fed. R. Bankr. P. 8002.

## III. QUESTIONS PRESENTED AND RELIEF SOUGHT

The Does' appeal would present the following question: Whether the Bankruptcy Court erred in ordering disclosure, under Rule 2004, of the identities of unserved non-party attorney-employees — whose compensation data was already produced anonymously — where the order overrode their fundamental state constitutional privacy rights without the notice, opportunity to be heard, or compelling-need showing that due process requires.

By this Motion, Movants respectfully request that the Court grant leave to appeal the Disclosure Order. As set forth herein, the Movants have satisfied the requirements for interlocutory review under the collateral order doctrine, and reversal of the Disclosure Order would avoid an irreparable disclosure that no later appeal could cure. The Movants seek entry of an order, pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3), granting leave to appeal the Disclosure Order. Fed. R. Bankr. P. 8004.

## IV. JURISDICTION AND TIMELINESS

The Bankruptcy Court made its Disclosure Order orally on November 5, 2026. That order has not yet been entered. The Does filed their Notice of Appeal on November 5, 2026, and file this Motion on November 6, 2026, well within fourteen days of entry of the Order. *See* Fed. R. Bankr. P. 8002(a)(1).

The District Court has jurisdiction under 28 U.S.C. § 158 as set forth below. Section 158(a) of Title 28 grants district courts jurisdiction to hear appeals, with leave, from interlocutory orders of a bankruptcy court. 28 U.S.C.A. § 158. A denial of a motion to quash a Rule 2004 examination is ordinarily interlocutory: the Ninth Circuit Bankruptcy Appellate Panel has taken such appeals by granting leave under § 158(a)(3), observing that "a Rule 2004 examination decision may be interlocutory" *In re Mastro*, 585 B.R. 587, 591 (B.A.P. 9th Cir. 2018) (emphasis added), while discovery rulings are generally non-final. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009). The Movants therefore properly seek leave under Bankruptcy Rule 8004, which requires that the notice of appeal be accompanied by a motion for leave. Fed. R. Bankr. P. 8004.

## V. ARGUMENT

### A. The Collateral Order Doctrine Applies.

The Movants seek leave to appeal the Disclosure Order under the collateral order doctrine, which permits immediate appeal from orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Mont. Dep't of Revenue v. Blixseth (In re Blixseth)*, 112 F.4th 837, 842–43 (9th Cir. 2024). Under this doctrine, an appellate court may hear a collateral order in an ongoing proceeding, but the collateral order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Id.* at 843 (internal citation omitted). The Disclosure Order satisfies each of these conditions and the Court should grant leave to appeal.

**1. The Disclosure Order Conclusively Determines the Disputed Question.**

The Disclosure Order conclusively determines the disputed question. *See Blixseth*, 112 F.4th at 843. The November 3, 2026 Order resolved every aspect of the Trustee's examination except one, which it expressly reserved: "the dispute regarding the disclosure of the names previously anonymized." At the November 5, 2026 status conference, the Court resolved that reserved question against the Movants and ordered the names disclosed. Nothing further remains for the Bankruptcy Court to decide on the question of whether the Movants' identities must be revealed; the Disclosure Order is the final word on that subject.[2]

**2. The Disclosure Order Resolves an Important Issue Completely Separate From the Merits.**

The Disclosure Order resolves an important issue separate from the merits of the action. *See Blixseth*, 112 F.4th at 843. Whether the Movants' identities must be disclosed is distinct from the merits of the Trustee's underlying investigation into alleged fraudulent transfers and improper distributions; it turns instead on the Movants being deprived of the state privacy interests without due process and not on whether any transfer is avoidable. The Ninth Circuit has confirmed, in the closely analogous context of a ruling on anonymity, that the question whether a party may proceed anonymously is separate from the merits of the underlying dispute for purposes of the collateral order doctrine. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000).

**3. The Disclosure Order Is Effectively Unreviewable on Appeal From a Final Judgment.**

The Disclosure Order is effectively unreviewable on appeal from a final judgment as this ends the discrete issue in this bankruptcy case where the Court has already confirmed the Debtor's

[2] Movants recognize that the Trustee requested a subset of the 80 to 100 rainmakers or heads of business units (44 names) and that the relief granted was without prejudice to request additional names if the need arose. While the Trustee has not disclosed the list of names to be disclosed, John Doe 2 believes that his name is on the list of the original 44. Additionally, the Trustee was granted leave to seek additional names of attorneys, which will involve John Doe 1 and Jane Doe. As such, there is no further word on that issue.

SPENCER FANE LLP
Attorneys at Law
Las Vegas



LV 10039841.2

chapter 11 plan. *See Blixseth*, 112 F.4th at 843. Once the Movants' identities are disclosed, the disclosure cannot be undone, and the privacy interests the appeal seeks to protect is irretrievably lost. The Ninth Circuit has recognized precisely this point in the anonymity context, holding that a ruling bearing on a party's anonymity is effectively unreviewable after final judgment because the legal and practical value of permission to proceed anonymously will be destroyed if not vindicated before the disclosure occurs. *See Advanced Textile*, 214 F.3d at 1066. Because the information, once produced and unutilized by the Trustee, cannot be clawed back, no later appeal can restore the Movants' anonymity.

The Movants are directly and adversely affected by the Disclosure Order within the meaning of the "person aggrieved" standard governing bankruptcy appeals, because the order detrimentally affects their own rights rather than exposing them merely to speculative future litigation. *See Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 442-43 (9th Cir. 1983). A non-party whose own concrete interests are directly affected by a bankruptcy order may appeal it. *See Duckor Spradling & Metzger v. Baum Tr.* (*In re P.R.T.C., Inc.*), 177 F.3d 774, 777-78 (9th Cir. 1999); *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012). Because each element of the collateral order doctrine is satisfied and the Movants are aggrieved non-parties, the Court should grant leave to appeal the Disclosure Order.

## VI. CONCLUSION

For the reasons stated, Movants have satisfied the factors for granting leave to appeal and, for the reasons set forth herein, respectfully request that this Court enter an order granting leave to appeal the Disclosure Order and granting such other and further relief as is just and proper.

Dated this 6th day of November 2026.

SPENCER FANE LLP

/s/ Richard F. Holley

Richard F. Holley, Esq. (NBN 3077)
R. McKay Holley, Esq. (NBN 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Phone: (702) 408-3400 | Fax: (702) 408-3401
Email: rholley@spencerfane.com
mholley@spencerfane.com
*Attorneys for John 1 Doe, John 2 Doe and Jane Doe*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 6th day of November 2026, I caused to be served a true and correct copy of INTERESTED PARTIES DOES' MOTION FOR LEAVE TO APPEAL THE ORDER COMPELLING DISCLOSURE OF ANONYMIZED IDENTITIES in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Spencer Fane LLP