**ANDERSEN BEEDE WEISENMILLER**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
Email: *ryan@abwfirm.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax: 702-825-2824

*Counsel for Interested Party Justin Pulliam*

ANDERSEN BEEDE WEISENMILLER

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re

NUMALE CORPORATION,

AFFECTS THIS DEBTOR, ☐

FELICIANO NUMALE NEVADA PLLC, ☐

NUMEDICAL SC, ☐

NUMALE COLORADO SC, ☐

NUMALE FLORIDA TB PLLC, ☐

NUMALE NEBRASKA LLC, ☐

NUMALE NEW MEXICO SC, ☐

NUMALE ALL DEBTORS, ☒

Debtors.

Case No.: 25-10341-NMC **(Lead Case)**
Chapter 11

**Jointly administered with:**

Case No. BK-S-25-10342-NMC
Case No. BK-S-25-10343-NMC
Case No. BK-S-25-10344-NMC
Case No. BK-S-25-10345-NMC
Case No. BK-S-25-10346-NMC
Case No. BK-S-25-10347-NMC

Hearing Date: November 10, 2026
Hearing Time: 2:00 p.m.

**JUSTIN PULLIAM'S JOINDER TO TRUSTEE'S OPPOSITION TO MOTION OF JOHN DOE 1, JOHN DOE 2, AND JANE DOE TO AMEND STIPULATED PROTECTIVE ORDER [ECF NO. 1148]**

Justin Pulliam ("Mr. Pulliam"), a party in interest, by and through his counsel, Andersen Beede Weisenmiller ("ABW"), hereby joins in (this "Joinder") the Trustee's Opposition to Motion of John Doe 1, John Doe 2, and Jane Doe to Amend Stipulated Protective Order [ECF No. 1159] (the "Opposition"), filed by Michael Carmel, Trustee of the NuMale Liquidation Trust (the "Trustee"), in response to the Motion of John Doe 1, John Doe 2, and Jane Doe to Amend Stipulated Protective Order [ECF No. 1148] (the "Motion") filed on November 6, 2026 by three attorneys of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB") who improperly only identify themselves as John Doe 1, John Doe 2, and Jane Doe (the "Does").

This Joinder is supported by the Opposition, which Mr. Pulliam adopts and incorporates by reference as though fully set forth herein; the Declaration of Talitha Gray Kozlowski filed in support of the Opposition; the following Memorandum of Points and Authorities; the papers and pleadings on file in the above-captioned jointly administered cases; and any arguments of counsel offered at any hearing on the Motion.

ABW ANDERSEN BEEDE WEISENMILLER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Jurisdiction

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion seeks to amend the Stipulated Protective Order entered by this Court [ECF No. 1122] (the "Protective Order") and is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, Mr. Pulliam consents to the entry of final orders or judgment by this Court on the Motion only, subject to and without waiver of the reservation of rights set forth in Section IV below.

### II. Nature and Effect of This Joinder

Mr. Pulliam joins in and adopts each argument set forth in the Opposition, including that: (a) sealing the Does' names in every pleading, in any court, would violate the public's right of access and Section 107 of the Bankruptcy Code; (b) the Does cannot meet the standard for proceeding under fictitious names, and as potential defendants their claim to anonymity is weaker, not stronger; (c) the

ABW ANDERSEN BEEDE WEISENMILLER

proposed amendment would prevent the Trustee from deciding whom to sue and from meaningfully participating in discovery; (d) it would prevent the Trustee from naming malpractice defendants; (e) it would inevitably be extended to every partner in the QPWB compensation pool; (f) the proposed reservation of rights would invite suits against the Trustee and his counsel for complying with this Court's orders; and (g) the existing Protective Order already protects every legitimate interest the Does have. Mr. Pulliam does not repeat those arguments here. He writes to address matters specific to him.

Mr. Pulliam files this Joinder as his own timely opposition to the Motion and incorporates the Opposition's points and authorities by reference. The Order Shortening Time on the Motion provides that any opposition may be presented at the hearing. ECF No. 1151 at 2. Should the Opposition be withdrawn, or should the Trustee otherwise resolve the Motion with the Does before it is heard, Mr. Pulliam requests, in the interests of judicial economy, that this Joinder be treated as his stand-alone opposition to the Motion and that the Court consider the points and authorities incorporated herein in conjunction with those set forth in this Joinder.

**III. Mr. Pulliam's Interest in the Trust Claims**

Under the Trustee's Joint Plan of Reorganization [ECF No. 434] (together with all exhibits and the Plan Supplement filed at ECF No. 595, and as modified by the Court's Findings of Fact and Conclusions of Law [ECF No. 726], the "Plan"), which this Court confirmed on October 7, 2025 [ECF No. 727], Mr. Pulliam is one of the "NuMale Settling Defendants." ECF No. 434 at 17. The Plan provides that the Liquidation Trust and the NuMale Settling Defendants jointly prosecute their respective claims against QPWB and its attorneys, employees, Insiders, and Affiliates under the sole direction and control of the Trustee, and that any monetary recovery on those claims is to be allocated among the Trustee, the NuMale Settling Defendants, and the other holders of such claims. Id. at 19; ECF No. 726 ¶ 76, at 21-22 (replacing Plan § 5.12). The Protective Order defines the "Trust Claims" as the claims and causes of action "held by or investigated and prosecuted by the Trustee . . . against QPWB and its attorneys, employees, Insiders, and Affiliates." ECF No. 1122 ¶ K. Mr. Pulliam therefore holds an interest in the recovery on the Trust Claims, including the malpractice claims against QPWB and its attorneys. The proposed amendment would impair the Trustee's ability to identify, name, and

ANDERSEN BEEDE WEISENMILLER

pursue the persons responsible for the conduct underlying the Trust Claims, and it therefore bears directly on Mr. Pulliam's recovery. Mr. Pulliam has a direct interest in seeing that the Trust Claims are investigated and prosecuted on the terms this Court has already approved in the Protective Order.

## IV. Reservation of Rights

Mr. Pulliam opposes the Motion. Nothing in this Joinder is, or may be construed as, a waiver of any right, claim, objection, or defense of Mr. Pulliam, including without limitation any right with respect to the Trust Claims or the allocation or distribution of any recovery thereon. Mr. Pulliam expressly reserves the right to supplement this Joinder and to respond to any argument or evidence the Does advance for the first time in reply or at the hearing.

## V. Conclusion

For the reasons set forth in the Opposition and herein, Mr. Pulliam respectfully requests that the Court enter an order: (i) denying the Motion in its entirety; (ii) in the alternative, limiting any relief to that described in Section V of the Opposition; (iii) to the extent the Opposition is withdrawn or otherwise not considered, treating this Joinder as Mr. Pulliam's stand-alone opposition to the Motion and considering the points and authorities incorporated herein in conjunction with those set forth in this Joinder; and (iv) granting such other and further relief as the Court deems just and proper.

Dated this 10th day of November, 2026.

Respectfully submitted by:

**ANDERSEN BEEDE WEISENMILLER**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120

*Counsel for Interested Party Justin Pulliam*