Honorable Natalie M. Cox
United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| In re:<br><br>NUMALE CORPORATION,<br><br>Debtors.<br>AFFECTS FELICIANO ☐<br>NUMALE NEVADA PLLC, ☐<br>NUMEDICAL SC, ☐<br>NUMALE COLORADO SC, ☐<br>NUMALE FLORIDA TB PLLC, ☐<br>NUMALE NEBRASKA LLC, ☐<br>NUMALE NEW MEXICO SC, ☐<br>NUMALE ALL DEBTORS, ☒ | Chapter: 11<br><br>Lead Case No. 25-10341-nmc<br><br>Jointly administered with:<br>Feliciano NuMale Nevada PLLC<br>Case No. 25-10342-nmc<br><br>NuMedical SC<br>Case No. 25-10343-nmc<br><br>NuMale Colorado SC<br>Case No. 25-10344-nmc<br><br>NuMale Florida TB PLLC<br>Case No. 25-10345-nmc<br><br>NuMale Nebraska LLC<br>Case No. 25-10346-nmc<br><br>NuMale New Mexico SC<br>Case No. 25-10347-nmc |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND STIPULATED PROTECTIVE ORDER

Before the Court is the motion to amend the stipulated protective order filed by John Doe 1, John Doe 2, and Jane Doe (collectively, the "Does"), who describe themselves as nonparty, non-equity employees of Quintairos, Prieto, Wood & Boyer, P.A. ("QPWB"). ECF No. 1148. The Court has considered the motion, the proposed amendment attached as Exhibit 1, the Trustee's opposition (ECF No. 1159), and the Does' revised proposed amendment filed after the November 10, 2026, hearing (ECF No. 1163). For the reasons stated below, the motion is granted to include the Does' counsel within the protective order and otherwise denied without prejudice.

### LEGAL STANDARD

The Court has authority to modify a protective order even without the parties' agreement. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473, 475–76 (9th Cir. 1992). The existing protective order also permits modification by the Court and allows individuals whose financial information is produced to request additional protection. ECF No. 1122 at 16, ¶ 24; at 18, ¶ 30.

To obtain additional protection for discovery materials, the Does must identify specific harm that would result without that protection. Their status as nonparties does not relieve them of that burden. If specific harm is shown, the Court must weigh the competing interests and consider whether redaction would provide sufficient protection. See In re Roman Catholic Archbishop of Portland in Or., 661 F.3d 417, 424–26 (9th Cir. 2011).

### ANALYSIS

The existing protective order already protects covered financial information concerning QPWB employees, including the Does. It requires protective measures for exact payment amounts,

account numbers, compensation agreements, and detailed payment records. It also permits the Trustee to investigate claims, identify potential defendants, and publicly state basic information necessary to pursue those claims. ECF No. 1122 at 5, ¶ M; at 18–19, ¶ 31.

The Doe's revised proposal retains the provisions broadly designating personal information concerning the Does as attorneys' eyes only. ECF No. 1163 at 6, ¶¶ 2–3. It replaces the original blanket sealing requirement and restriction on disclosure of the Does' identities with a requirement that the Trustee give Doe counsel at least two business days' advance notice before filing the contemplated fraudulent-transfer complaint, including identification of the court and jurisdiction. It also requires the Trustee not to oppose any resulting motion to seal. Id. at 6, ¶ 5.

The Does assert that they received wages and bonuses and may suffer financial, reputational, or business harm if publicly identified. ECF No. 1148 at 2–3. The Court recognizes those concerns. The Does, however, have not identified specific facts showing why the existing protections are inadequate or why the proposed broad "attorneys' eyes only" designation is necessary. General concerns about possible harm do not provide the specific showing needed to assess the requested additional protection. See Roman Catholic Archbishop, 661 F.3d at 424–28.

Protecting information exchanged in discovery is different from sealing documents filed with the Court. Section 107 governs public access to documents filed in a bankruptcy case, and a party seeking protection must establish that the information falls within a statutory exception. Id. at 429–31.

The existing order generally requires seven days' written notice to the party that produced protected information before it is filed or disclosed in another court. But paragraph 31 allows the Trustee to publicly file basic pleading information, including a potential defendant's name, without

advance notice or a sealing order. ECF No. 1122 at 5, ¶ M; at 16, ¶ 25; at 18–19, ¶ 31. The revised proposal would require the Trustee to notify Doe counsel before filing the planned complaint so the Does could seek to seal information the existing order allows to be public. ECF No. 1163 at 6, ¶ 5. The Does have not adequately shown specific facts why this additional protection is needed.

Under the existing protective order, the parties agree not to oppose sealing designated protected information in this Court unless they previously objected to the designation. ECF No. 1122 at 12–13, ¶ 15. The revised proposal would prohibit the Trustee from opposing a motion to seal the Does' names in the contemplated complaint, even though the existing order permits those names to be publicly filed. ECF No. 1163 at 6, ¶ 5; ECF No. 1122 at 5, ¶ M; at 18–19, ¶ 31. The Does have not adequately explained why this broader restriction is needed or why the Trustee should be prevented from presenting grounds for opposing sealing. The Court therefore declines to impose the proposed notice and nonopposition requirements on the present record.

The Court also declines to adopt the proposed reservation of damages claims, which remains in the revised proposal. ECF No. 1163 at 6–7, ¶ 6. Although the motion states that the Does seek to preserve claims for violations of the protective order, the proposed language is not limited to unauthorized disclosures. The language could include claims arising from disclosures that the existing protective order allows. ECF No. 1148 at 3; ECF No. 1163 at 6–7, ¶ 6; ECF No. 1122 at 18–19, ¶ 31. The existing order already provides for enforcement and retains this Court's jurisdiction over disputes concerning protected information. ECF No. 1122 at 15–16, ¶¶ 21, 23.

The Does also request that their counsel, Richard F. Holley, Esq., and Spencer Fane LLP, be included in the protective order's definition of counsel. ECF No. 1163 at 6, ¶ 4. At the November 10, 2026, hearing, counsel confirmed that at least one of the Does is among the attorneys whose names were ordered to be produced. Including the Does' separate counsel will allow counsel to

review protected information concerning their clients while remaining bound by the existing order's restrictions. The Court therefore grants this limited request.

**IT IS THEREFORE ORDERED:**

1. The Does' motion to amend the stipulated protective order (ECF No. 1148), including the revisions proposed at ECF No. 1163, is **GRANTED IN PART AND DENIED IN PART**.

2. The definition of "Outside Counsel" in paragraph F of the stipulated protective order (ECF No. 1122) is expanded to include Spencer Fane LLP, including Richard F. Holley, Esq., and the firm's attorneys and support staff assisting in the representation of the Does. Such counsel and staff may receive and review PROTECTED INFORMATION concerning the Does, subject to the terms and restrictions of the stipulated protective order.

3. The remaining requests are **DENIED**, without prejudice to a request for narrower protection supported by specific facts.

4. Except as modified above, the stipulated protective order at ECF No. 1122 remains in full force and effect.

**IT IS SO ORDERED**.

Copy sent via CM/ECF ELECTRONIC NOTICE

# # #